FILED

2003 OCT 29 P 3: 16

U.S. DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WASLEY PRODUCTS, INCORPORATED, ET AL. | ) | CIVIL ACTION NO.: 3:03CV383 (DJS) |
| | ) | |
| vs. | ) | |
| | ) | |
| BARRY LEONARD BULAKITES, ET AL. | ) | OCTOBER 29, 2003 |

### MOTION TO QUASH SUBPOENA SERVED UPON
### NON-PARTY MICHAEL F. MULPETER, ESQ.

Pursuant to Fed. R. Civ. P. 45(c)(3), the Plaintiffs in the above-captioned action and non-party Michael F. Mulpeter together move to quash the subpoena served upon "Michael F. Mulpeter, Esq." on October 14, 2003 (the "Subpoena"). A copy of the Subpoena is attached hereto as Exhibit "A". Mr. Mulpeter files this motion on his own behalf. To the extent that the Subpoena seeks documents in which the Plaintiffs have a personal right or privilege, they join in this motion. The Subpoena commands the production on November 10, 2003 (27 days after service) of four broad categories of documents relating to both of the Plaintiff corporations generally and to the Plaintiffs' employee benefit plans over a thirteen year period of time.

The Subpoena should be quashed for the following reasons: (1) the Subpoena is

**ORAL ARGUMENT REQUESTED**

**COHN BIRNBAUM & SHEA P.C.** • *ATTORNEYS AT LAW* • 100 PEARL STREET • HARTFORD, CT 06103-4500 • (860) 493-2200 • JURIS NO. 10163

premature until the proceedings before the Special Master have concluded and the Subpoena has been issued in violation of the informal stay, which was agreed upon by the Parties and the Court on April 10, 2003; (2) the Subpoena seeks documents which are protected by the attorney-client privilege and the attorney work product doctrine; (3) the Subpoena will subject Mr. Mulpeter to undue burden; (4) the Subpoena seeks documents that contain confidential business records and/or commercial information of the Plaintiffs; (5) the Subpoena is so overly broad as to seek documents which are clearly irrelevant to this action; and (6) the Defendants issuing the subpoena failed to provide prior notice to all parties to the litigation as is required by Fed. R. Civ. P. 45(b)(1).

The Federal Rules of Civil Procedure and related caselaw provide authority for this Motion to Quash. Rule 45(b)(1) states that "Prior notice of any commanded production of documents and things . . . before trial shall be served on each party in the manner prescribed by Rule 5(b)." In addition, Rule 45(c)(3)(A) provides, in relevant part: "On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it (i) fails to allow reasonable time for compliance . . . (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (iv) subjects a person to undue burden." And Rule 45(c)(3)(B) further provides, in relevant part: "If a subpoena (i) requires disclosure of a trade secret or other confidential research, development, or commercial information . . . (iii) . . . the court may order . . . production only upon specified conditions."

2

Based upon the foregoing and a supporting Memorandum of Law, which is submitted herewith, the Plaintiffs and non-party Michael F. Mulpeter respectfully request that the Subpoena be quashed until the proceedings before the Special Master have concluded, and only then permitted to the extent that the Subpoena does not seek confidential, privileged or other protected or clearly irrelevant matter.

      WASLEY PRODUCTS, INCORPORATED
and PRECISION MOLDING COMPANY, INC.,
THE PLAINTIFFS

MICHAEL F. MULPETER,
NON-PARTY AND MOVANT

By: _____
Mary E.R. Bartholic (ct17518)
Cohn Birnbaum & Shea P.C.
100 Pearl Street
Hartford, Connecticut 06103
Telephone: 860/493-2200
Facsimile: 860/727-0361
Email: mbartholic@cb-shea.com

3

## CERTIFICATION

I hereby certify that on October 29, 2003, copies of the foregoing Motion to Quash were sent by First Class mail, postage prepaid, to:

Maurice T. FitzMaurice, Esq.
Peter K. Rydel, Esq.
Reid & Riege, P.C.
One Financial Plaza
Hartford, CT 06103-3185

Deborah S. Freeman, Esq.
Bryan D. Short, Esq.
Bingham McCutchen LLP
One State Street
Hartford, CT 06103-3178

Albert Zakarian, Esq.
Eric L. Sussman, Esq.
Day, Berry & Howard
CityPlace
Hartford, CT 06103-3499

_____
Mary E.R. Bartholic

MERB 121242v1   67783-009

# Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF

| | |
|---|---|
| Wasley Products, Inc., et al.<br>V.<br>Barry L. Bulakites, et al. | **SUBPOENA IN A CIVIL CASE**<br>CASE NUMBER: [1] 03-CV-383 (DJS) |

TO: Michael F. Mulpeter, Esq.
Cohn, Birnbaum & Shea, P.C.
100 Pearl Street, Hartford, CT 06103-4500

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| ATTEST: A TRUE COPY *under request* Nicole Hellquist *An indifferent person* | |
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached document request

| PLACE | DATE AND TIME |
|---|---|
| Reid and Riege, P.C., One Financial Plaza, 21st Floor, Hartford, CT 06103 | 11/10/03 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Peter K. Rydel* - Attorney for Defendants | 10/10/03 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER Peter K. Rydel, Esq., Reid and Riege, P.C., One Financial Plaza, Hartford, CT 06103   (860) 278-1150 | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
             DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## **DEFINITIONS**

The following definitions pertain to this Subpoena:

1.  The terms "document," "communication," "concerning," "relating to," "referring to," "and," and "or" shall be construed in accordance with Local Rule of Civil Procedure 26 and Federal Rule of Civil Procedure 34.

2.  "Document" also means any written, recorded or graphic material, however produced or reproduced, whether or not in your possession, custody or control, or whether or not claimed to be privileged against discovery on any ground(s), including, but not limited to, reports, records, lists, memoranda (inter-office and out-of-office), correspondence, telegrams, schedules, photographs, films, print-outs or email or other computerized data or entries and drafts of any of the foregoing, whether signed or unsigned.

3.  "Communication" also means all written and oral communications, which include, but are not limited to, discussions, conversations, conferences, meetings, interviews, telephone calls, and items of correspondence (e.g., email, letters, and notes).

4.  "You," and "your" means Michael F. Mulpeter, Esq., and any of your partners, associates, and employees at Cohn Birnbaum & Shea, P.C. and any other law firm with which you were previously associated.

5.  "Wasley Plans" means any and all employee benefit plans maintained for the benefit of employees of Wasley Products, Inc., including, but not limited to, the "Wasley Products – UAW Local 376 Retirement Plan," the "Wasley Products 401(k) Plan," and the "Wasley Defined Benefit Plan," or any similarly named plan or account maintained for the benefit of employees of Wasley Products, Inc.

6.  "Precision Molding Plans" means any and all employee benefit plans maintained for the benefit of employees of Precision Molding, Inc., including, but not limited to, the "Precision Molding 401(k)" or any similarly named plan or account maintained for the benefit of employees of Precision Molding, Inc.

19410.000/342667.1

7.  If any documents or communications requested below have been destroyed: (i) identify the document or communication that has been destroyed; (ii) identify who ordered its destruction, and when the destruction was ordered; and (iii) identify who carried-out the destruction and when the destruction was carried-out.

8.  Grammar and syntax as used in these requests shall be construed and interpreted to give proper meaning and consistency to the context of each request and so as not to render any request or portion thereof meaningless or inoperative.

## **DOCUMENT REQUEST**

1.  All documents and/or communications concerning, relating to, or referring to, Wasley Products, Inc. between 1990 and the present, including, but not limited to:

    (a)  all documents and communications between you and Wasley and/or any of Wasley's officers, directors, employees, or agents;

    (b)  all documents and communications between you and any third-parties, including, but not limited to, any accountants, administrators of the Wasley Plans, outside consultants, and/or any state and federal governmental and/or quasi-governmental agencies; and

    (c)  all documents and communications between Wasley and any third-parties, including, but not limited to, any accountants, administrators of the Wasley Plans, auditors, actuaries, outside consultants, and/or any state and federal governmental and/or quasi-governmental agencies.

2.  All documents and/or communications concerning, relating to, or referring to, Precision Molding, Inc. between 1990 and the present, including, but not limited to:

    (a)  all documents and communications between you and Precision Molding and/or any of Precision Molding's officers, directors, employees, or agents;

(b) all documents and communications between you and any third-parties, including, but not limited to, any accountants, administrators of the Precision Molding Plans, auditors, actuaries, outside consultants, and/or any state and federal governmental and/or quasi-governmental agencies; and

(c) all documents and communications between Precision Molding and any third-parties, including, but not limited to, any accountants, administrators of the Precision Molding Plans, auditors, actuaries, outside consultants, and/or any state and federal governmental and/or quasi-governmental agencies.

3. All documents and/or communications concerning, relating to, or referring to, the Wasley Plans, between 1990 and the present, including, but not limited to:

(a) all documents and communications between you and Wasley and/or any of Wasley's officers, directors, employees, or agents;

(b) all documents and communications between you and any third-parties, including, but not limited to, any accountants, administrators of the Wasley Plans, auditors, actuaries, outside consultants, and/or any state and federal governmental and/or quasi-governmental agencies; and

(c) all documents and communications between Wasley and any third-parties, including, but not limited to, any accountants, administrators of the Wasley Plans, auditors, actuaries, outside consultants, and/or any state and federal governmental and/or quasi-governmental agencies.

4. All documents and/or communications concerning, relating to, or referring to, the Precision Molding Plans, between 1990 and the present, including, but not limited to:

(a) all documents and communications between you and Precision Molding and/or any of Precision Molding's officers, directors, employees, or agents;

19410.000/342667.1

  (b) all documents and communications between you and any third-parties, including, but not limited to, any accountants, administrators of the Precision Molding Plans, auditors, actuaries, outside consultants, and/or any state and federal governmental and/or quasi-governmental agencies; and

  (c) all documents and communications between Precision Molding and any third-parties, including, but not limited to, any accountants, administrators of the Precision Molding Plans, auditors, actuaries, outside consultants, and/or any state and federal governmental and/or quasi-governmental agencies.