FILED
2003 NOV 26 P 1: 23
US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WASLEY PRODUCTS, INCORPORATED, ET AL. | ) | CIVIL ACTION NO.: 3:03CV383 (DJS) |
| | ) | |
| vs. | ) | |
| | ) | |
| BARRY LEONARD BULAKITES, ET AL. | ) | NOVEMBER 25, 2003 |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO QUASH SUBPOENA SERVED UPON
NON-PARTY MICHAEL F. MULPETER, ESQ.**

Pursuant to Fed. R. Civ. P. 45(c)(3), the Plaintiffs in the above-captioned action and non-party Michael F. Mulpeter together have moved to quash the subpoena served upon Mr. Mulpeter on November 24, 2003 (the "Subpoena"). A copy of the Subpoena is appended to the Motion to Quash, which is submitted herewith. Mr. Mulpeter files this motion on his own behalf. To the extent that the Subpoena seeks documents in which the Plaintiffs have a personal right or privilege, they join in this motion. The basis for the Motion to Quash is set forth as follows:

1.   **The Subpoena Is Premature.**

On April 10, 2003, during the hearing on the Plaintiffs' Application for Preliminary Injunction, which was converted to a Status Conference, the Parties agreed, and the Court consented, to both the appointment of a Special Master to perform an accounting on the Plaintiffs' three employee pension plans, which are the subject of this ERISA action, and (during the pendency of the proceedings before that Special Master) an informal stay in which the parties

would not propound discovery. The only exception to this agreement was to allow the Plaintiffs to subpoena bank documents, which the Defendants had failed to turn over. Accordingly, the only discovery propounded by the Parties[1] since April 10, 2003 has been a series of subpoenas to third-party financial institutions seeking relevant banking records and, by agreement, a set of discovery propounded to Defendant Nationwide Life Insurance Company of America f/k/a Provident Mutual Life Insurance Co.

The agreement to an informal stay of proceedings was sound, logical and should be enforced. The purpose of the informal stay was to avoid the unnecessary expenditure of Court time and Parties' funds in litigation over issues of liability until an accounting of the relevant employee pension plans could be obtained. If the Defendants are now permitted to engage in general discovery, all Parties will, presumably, do likewise. The Defendants should not now be permitted, unilaterally, to avoid a reasonable litigation plan to which they agreed and upon which all other Parties relied.

Finally, the Special Master's Order of Reference provides that "the master may require the production of evidence upon all matters embraced in the accounting, including, without limitation, the production of all books, records, papers, vouchers, documents and writings connected thereto." June 24, 2003 Order of Reference at IV.b. Thus, the Special Master has been specifically authorized to obtain the production of documents to which he requires access. In fact, the Special Master has on two occasions already made such a request for production from

---

[1] The Special Master has also issued interrogatories and requests for production directed to the Parties.

2

the Parties. It is evident that he is both authorized to do so and aware of his authority to do so. Therefore, even if the Subpoena is intended by the Defendants to assist the Special Master, it is unnecessary and improper in view of the Special Master's authority to command the production of documents as well as the Parties' previous agreement to the informal stay.

## 2. The Subpoena Seeks Documents Protected By The Attorney Client Privilege And The Attorney Work Product Doctrine.

Each of the Subpoena's four categories of requests seeks documents or communications "concerning, relating to, or referring to" both the Plaintiff corporations generally and the Plaintiffs' employee benefit plans. Pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iii), to the extent that the Subpoena calls for the production of privileged or other protected matter, it should be quashed.

Mr. Mulpeter and the law firm of Cohn Birnbaum & Shea P.C. ("CB&S") have served as corporate counsel to the Plaintiffs since 1996. In addition, both Mr. Mulpeter and CB&S have served as counsel to individual officers and directors of both Wasley Products and Precision Molding. To the extent that the Subpoena is determined to reach records maintained by CB&S, the vast majority of responsive documents will pertain to legal services rendered by Mr. Mulpeter and CB&S as counsel for the Plaintiffs and their officers and directors. Most of these documents have no bearing on the subject matter of this litigation and, of the documents which may be relevant, most either contain attorney client privileged material or material prepared in anticipation of this litigation, which is thus protected by the attorney work product doctrine.

3

### 3. The Subpoena Is Unduly Burdensome.

It should not be surprising that the Subpoena will subject Mr. Mulpeter to undue burden. In order to comply with the Subpoena, Mr. Mulpeter will first need to review the documents contained in more than twenty separate matters, some of which have been archived off-site from CB&S premises (including the voluminous files comprising this matter), to identify privileged material. In addition, because the majority of the documents are privileged, in order to comply with Rule 26(b)(5), Mr. Mulpeter will then be required to prepare a detailed privilege log.

The undue burden imposed by the Subpoena is even more unreasonable here, where the Defendants have not sought the production of these documents directly from the Plaintiffs. After the Special Master's final report has been submitted, and the informal stay is lifted, it would be more logical and efficient for the Defendants to seek the production of relevant documents directly from the Plaintiffs. The tactic of seeking such production from the Plaintiffs' counsel is not only untimely in view of the informal stay, but improper in view of the complete lack of discovery directed toward the Plaintiffs themselves.

### 4. The Subpoena Seeks Documents Containing Confidential Business Records And/Or Commercial Information.

Fed. R. Civ. P. 45(c)(3)(B) provides that "[i]f a subpoena (i) requires disclosure of a trade secret of other confidential research, development, or commercial information . . . (iii) . . . the court may order . . . production only upon specified conditions." In this instance, because the Subpoena is so overly broad, the responsive documents would include confidential business

COHN BIRNBAUM & SHEA P.C. • ATTORNEYS AT LAW • 100 PEARL STREET • HARTFORD, CT 06103-4500 • (860) 493-2200 • JURIS NO. 10163

records and/or commercial information of the Plaintiffs, which are completely irrelevant to this lawsuit or the Plaintiffs' pension plans.

As corporate counsel for the Plaintiffs, Mr. Mulpeter has counseled the Plaintiffs on a variety of confidential and commercially sensitive issues relating to marketing, business development, product development, employee matters, corporate organizational matters, shareholder relations, financing transactions, and customer relationships and agreements, such as supply agreements. Mr. Mulpeter has also counseled the Plaintiffs' boards of directors on strategic planning matters. To the extent that the Subpoena seeks such confidential documents, which are completely irrelevant to this lawsuit, the Subpoena should be quashed.

### 5. The Subpoena Is So Overly Broad As To Seek Documents Which Are Clearly Irrelevant To This Action.

A subpoena which demands the production of documents that are clearly irrelevant to the pending matter is properly quashed. See e.g. Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2, 197 F.3d 922 (8th Cir. 1999) (discovery was irrelevant and outweighed by potential embarrassment); Herron v. Blackford, 264 F.2d 723 (5th Cir. 1959) (irrelevant discovery not appropriate if it violates right to confidentiality). In this case, the Subpoena is so overly broad as to seek documents which are clearly irrelevant to this lawsuit and should, therefore, be quashed.

Of the Subpoena's four categories, the most problematic are the first two, which literally seek "all documents . . . concerning, relating to, or referring to" the Plaintiffs. These requests necessarily must include *each and every piece of paper contained in CB&S files pertaining to the*

5

*Plaintiffs, in every matter undertaken.* In addition, the third and fourth categories relate generally to "any and all employee benefit plans" maintained by the Plaintiffs; however, as defined by the Employee Retirement Income Security Act (ERISA), under which this lawsuit was commenced, an "employee benefit plan" includes both pension and welfare plans. See U.S.C. 29 § 1002(3). Thus, even documents relating to the Plaintiffs' health and welfare plans would be responsive to the Subpoena – documents which have no relevance whatsoever to this lawsuit.

Accordingly, based on the foregoing, the Plaintiffs in the above-captioned action and non-party Michael F. Mulpeter move the Court for an Order quashing the Subpoena.

        WASLEY PRODUCTS, INCORPORATED
        and PRECISION MOLDING COMPANY, INC.,
        THE PLAINTIFFS

        MICHAEL F. MULPETER,
        NON-PARTY AND MOVANT

By: _____
     Mary E.R. Bartholic (ct17518)
     Cohn Birnbaum & Shea P.C.
     100 Pearl Street
     Hartford, Connecticut 06103
     Telephone: 860/493-2200
     Facsimile: 860/727-0361
     Email: mbartholic@cb-shea.com

## CERTIFICATION

I hereby certify that on November 25, 2003, copies of the foregoing Memorandum of Law in Support of Motion to Quash Subpoena Served Upon Non-Party Michael F. Mulpeter, Esq. was sent by First Class mail, postage prepaid, to:

Maurice T. FitzMaurice, Esq.
Peter K. Rydel, Esq.
Reid & Riege, P.C.
One Financial Plaza
Hartford, CT 06103-3185

Deborah S. Freeman, Esq.
Bryan D. Short, Esq.
Bingham McCutchen LLP
One State Street
Hartford, CT 06103-3178

Albert Zakarian, Esq.
Eric L. Sussman, Esq.
Day, Berry & Howard
CityPlace
Hartford, CT 06103-3499

Mary E.R. Bartholic

MERB/121242v1   67783-009

7