UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GREGORY T. PRENTISS, <br> JOHN RIZZI, RICHARD SEICH, <br> and DOROTHY BROWN each individually <br> and on behalf of the Wasley Products, Inc. <br> 401(K) Profit Sharing Plan, <br><br> Plaintiffs <br><br> v. <br><br> WASLEY PRODUCTS, INC., <br> ALAN A. WASLEY, ANDREW BRADY, <br> SANDI DUMAS-LAFERRIERE <br> BARRY CONNELL, BARRY L. <br> BULAKITES, JAMES A. WINSLOW, <br> JOSHUA ADAMS CORPORATION. | CIVIL ACTION NO. <br> 3:03 CV 1790 (DJS) <br> 03CV383 DJS <br><br><br><br><br><br><br><br><br><br><br><br><br> JANUARY 9, 2004 |

### OBJECTION TO MOTION TO STAY DISCOVERY
### PENDING COMPLETION OF SPECIAL MASTER'S REPORT

Plaintiffs in the above-captioned matter hereby respectfully object to the motion filed by defendants Wasley Products, Inc., Alan Wasley, Andrew Brady, Sandi Dumas-Laferriere, and Barry Connell to stay plaintiffs' discovery pending completion of the special master's report in Wasley Products, Inc. and Precision Molding Co., Inc. v Bulakites, et al., No. 3:03 CV 0383 (DJS)(Wasley I). In support hereof plaintiffs respectfully represent as follows:

1. Wasley Products, Inc. is the plaintiff in Wasley I and the defendant in the present case.

2. Plaintiffs in this action allege they are the victims of fiduciary breaches by defendant Wasley Products, Inc. and its plan trustees Alan Wasley, Andrew Brady, Sandi Dumas-Laferriere, and Barry Connell (collectively "Wasley Defendants").

3. Plaintiffs have a vital interest in securing and preserving evidence concerning Wasley Defendants' alleged misconduct, some of which involves courses of conduct that began ten years ago.

4. Wasley Defendants' conduct is not at issue in <u>Wasley</u> I, but is at issue in this action.

5. While Wasley Defendants argue plaintiffs' discovery should be stayed pending the results of the <u>Wasley</u> I Special Masters' report, this Court's Order of Reference to the Special Master includes no mandate for the Special Master to consider the conduct of the Wasley Defendants but is limited solely to the Special Master's mandate of rendering an accounting for the purpose of reconstructing what happened to plan investments. <u>Order of Reference</u> (June 25, 2003) at 2 ("The master shall perform an accounting with respect to each of the following employee pension plans (the "Plans") for the period from November 1990 to present").[1]

6. In light of the Special Master's mandate, Plaintiffs do not desire to use discovery to perform an accounting or seek the evidence necessary to perform an accounting.

7. Plaintiffs desire instead to conduct discovery concerning the steps taken by Wasley Defendants to fulfill their fiduciary duties in selecting and monitoring the third party

---

[1] Despite Wasley Defendants' suggestion to the contrary, neither Wasley Defendants' motion nor the Court's docket in <u>Wasley</u> I reflect any prohibition in <u>Wasley</u> I on the type of discovery plaintiffs seek here.

administrators Wasley Defendants chose to assist them in carrying out the duties they owed to the employee benefit plans at issue in this action.

8. The discovery plaintiffs seek is not at issue in <u>Wasley</u> I and will not duplicate or interfere in any way with the work or the report of the Special Master.

9. Plaintiffs will also not gain additional knowledge that will shape their discovery requests by waiting for the Special Master's report reconstructing the disputed accounts. Plaintiffs' discovery seeks to establish responsibility for the losses; the Special Master is attempting to measure the amount of those losses. Learning the extent of their losses will not help plaintiffs establish who is responsible for their losses.

10. The only effect of delaying plaintiffs' proposed discovery would be to prejudice the efforts of the ultimate victims as they endeavor to establish Wasley Defendants' liability for the loss of their retirement money.

WHEREFORE, Wasley Defendants' motion to stay should be denied to the extent it seeks to stay plaintiffs' discovery concerning the steps taken by Wasley Defendants to fulfill their fiduciary duties in selecting and monitoring third party administrators.

THE PLAINTIFFS

By_____
Thomas G. Moukasher (ct08940)
Ian O. Smith (ct24135)
Moukawsher & Walsh, LLC
Capitol Place
21 Oak Street
Hartford, CT 06106
(860) 278-7000

## CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed on this date to the defendant at:

Peter K. Rydel, Esq.
Maurice T. Fitzmaurice, Esq.
Reid & Riege, PC
One Financial Plaza
Hartford, CT 06103-3185

Theodore J. Tucci, Esq.
Robinson & Cole
280 Trumbull Street
Hartford, CT 06103-3597

Dated this 9th day of January, 2003.

_____
Thomas G. Moukawsher