UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GREGORY PRENTISS, JOHN RIZZI, RICHARD SEICH, and DOROTHY BROWN, individually and on behalf of the Wasley Products Inc. 401(k) Profit Sharing Plan,<br><br>Plaintiffs,<br>V.<br><br>WASLEY PRODUCTS, INC., ALAN A. WASLEY, ANDREW BRADY, SANDI DUMAS-LAFERRIERE, BARRY CONNELL, BARRY L. BULAKITES, JAMES A. WINSLOW, JOSHUA ADAMS CORP.,<br><br>Defendants. | CIVIL NO. ~~3:03 CV 1790 (DJS)~~<br>3:03CV383 (DJS)<br><br><br><br><br><br>JANUARY 21, 2004 |

## DEFENDANTS' REPLY TO PLAINTIFFS' OBJECTION TO MOTION TO STAY

Pursuant to D. Conn. L. Civ. R. 7(d), defendants Wasley Products, Inc., Alan Wasley, Andrew Brady, Sandi Dumas-LaFerriere, and Barry Connell (the "Wasley Defendants") submit this reply to plaintiffs' Objection to Defendants' Motion to Stay Discovery. The Wasley Defendants seek a stay of discovery pending completion of the Special Master's report in the related case, *Wasley Products, Inc. and Precision Molding Co., Inc. v. Bulakites, et al.*, No. 3:03 CV 0383 (DJS) ("Wasley I"). Because the entry of a temporary stay of discovery will promote efficiency and coordination of the discovery process in both this case and Wasley I, the Court should grant the Wasley Defendants' motion.

**I. ARGUMENT**

Contrary to plaintiffs' assertions, a stay of the proceedings is necessary to ensure the effective and efficient conduct of discovery in both cases. The claims asserted against

HART1-1143438-1

defendants Barry Bulakites, James Winslow and the Joshua Adams Corporation ("JAC") are virtually identical in <u>Wasley I</u> and this action. Further, both cases arise from the same facts and circumstances relating to the administration of retirement plans over the period of more than a decade. At the least, the plaintiffs in both cases will be seeking substantially similar discovery concerning their claims against defendants Bulakites, Winslow and JAC. A stay will avoid duplication of these efforts while awaiting completion of the Special Master's report. By contrast, allowing discovery to proceed in an uncoordinated fashion raises the specter of overlapping interrogatories, multiple document productions and duplicate depositions, including, but certainly not limited to, the depositions of defendants Bulakites and Winslow.

Plaintiffs claim that the Special Master's report will not provide any additional information to shape their discovery requests. (Pls.' Obj. to Mot. to Stay, ¶ 9) ("Pls.' Obj."). Plaintiffs assert that they only seek discovery to review the steps taken by the Wasley Defendants in monitoring the third-party administrators, defendants Bulakites, Winslow and JAC. (Pls.' Obj., ¶ 7). Plaintiffs' narrow characterization of the scope of discovery in <u>Wasley II</u> ignores two fundamental realities. First, plaintiffs have also sued Bulakites, Winslow and JAC and presumably will want to take discovery regarding their alleged fiduciary breaches – the same discovery that will be needed in <u>Wasley I</u>. Second, in order to take discovery of the "monitoring" of the third-party administrators (e.g. Bulakites, Winslow and JAC), plaintiffs will need to discover what the third-party administrators actually did or failed to do – the very same discovery that will be needed in <u>Wasley I</u>. Further, the Special Master's report regarding the relevant payments and withdrawals made to and from the plans would assist in determining responsibility in both cases. Such information is imperative to understanding, in particular, plaintiffs' claims in regard to the involvement of defendants Bulakites, Winslow and JAC with

2

the Wasley 401(k) Plan.

The legitimate needs of all the parties must be considered in assessing the impact of allowing uncontrolled discovery prior to the issuance of the Special Master's report. The Special Master's report will be critical in understanding the complex issues involved in the plans' administration. At the least, such information will significantly impact the Wasley Defendants' response to plaintiffs' discovery and the conduct of their own discovery.

Aside from the benefit of instituting a stay while the Special Master's report is finalized, a stay will also facilitate the consolidation process. A motion to consolidate both cases for discovery is pending with the Court. Plaintiffs have not opposed the consolidation of Wasley I and Wasley II (Pls.' Resp. to Mot. to Consolidate, ¶ 1) and the effect of consolidation would be undermined by allowing conflicting scheduling orders and discovery deadlines in the two cases rather than requiring discovery in both cases to be conducted on a parallel track.

Lastly, plaintiffs claim that a stay will only serve to delay their proposed discovery. (Pls.' Obj., ¶ 10). "Delay" is, of course, relative. In fact, in a recent status report submitted in Wasley I, Special Master Alan Mandell indicated that he expects to have a preliminary report completed by February. Therefore, to the extent it is granted, the stay will be of limited duration and the short wait to commence discovery will produce beneficial results for the overall administration of these cases. During this relatively brief period, defendants would be willing to make relevant documents in their possession available on an informal basis to plaintiffs in order to get a head start on what will surely be voluminous formal document production.

## II. CONCLUSION

For the reasons stated above and in their initial motion, the Wasley Defendants request that this Court stay the commencement of discovery proceedings until 30 days after the Special

Master has submitted his report.

DEFENDANTS
WASLEY PRODUCTS, INC., ALAN A.
WASLEY, ANDREW BRADY, SANDI
DUMAS-LAFERRIERE, AND BARRY
CONNELL

By: /s/ Jean E. Tomasco
Theodore J. Tucci (ct05249)
ttucci@rc.com
Jean E. Tomasco (ct09635)
jtomasco@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax: (860) 275-8299

4

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, first class postage prepaid, on this 21st day of January 2004 to the following:

Thomas G. Moukawsher, Esq.
Ian O. Smith, Esq.
Moukawsher & Walsh
21 Oak Street, Suite 209
Hartford, CT  06106

Maurice T. Fitzmaurice, Esq.
Peter K. Rydel, Esq.
Reid & Riege, P.C.
One Financial Plaza
Hartford, CT  06103-3185

Jean E. Tomasco