UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GREGORY PRENTISS, JOHN RIZZI, RICHARD SEICH, and DOROTHY BROWN, individually and on behalf of the Wasley Products Inc. 401(k) Profit Sharing Plan,<br><br>    Plaintiffs,<br>V.<br><br>WASLEY PRODUCTS, INC., ALAN A. WASLEY, ANDREW BRADY, SANDI DUMAS-LAFERRIERE, BARRY CONNELL, BARRY L. BULAKITES, JAMES A. WINSLOW, JOSHUA ADAMS CORP.,<br><br>    Defendants. | **MASTER CONSOLIDATED CASE**<br>**CIVIL NO. 3:03 CV 383 (DJS)**<br><br>THIS PLEADING PERTAINS TO:<br>CIVIL NO. 3:03 CV 1790 (DJS)<br><br><br><br><br><br>FEBRUARY 23, 2004 |

**ANSWER, AFFIRMATIVE DEFENSES, AND CROSSCLAIMS OF DEFENDANTS WASLEY PRODUCTS, INC., ALAN A. WASLEY, ANDREW BRADY, SANDI DUMAS-LAFERRIERE, AND BARRY CONNELL**

Defendants, Wasley Products, Inc., Alan A. Wasley, Andrew Brady, Sandi Dumas-LaFerriere, and Barry Connell (the "Wasley Defendants"), hereby answer the plaintiffs' complaint as follows:

**Summary of the Action**

To the extent that the statements made in the "Summary of the Action" portion of the complaint are construed to constitute factual allegations, the Wasley Defendants admit that the named plaintiffs are either present or former employees of Wasley

Products and participants in the Wasley Products, Inc. 401(k) Profit Sharing Plan (hereinafter referred to as the "Wasley 401(k) Plan"). The Wasley Defendants deny the remainder of the allegations in the summary and expressly deny that they in any way breached any fiduciary duties or otherwise acted unlawfully with respect to the Wasley 401(k) Plan.

### Jurisdiction

1.  The allegations of paragraph 1 constitute conclusions of law as to which no response is required by the Wasley Defendants.

### Venue

1.  As to the allegations of paragraph 1 [sic], the first sentence constitutes a conclusion of law as to which no response is required by the Wasley Defendants. As to the second sentence, the Wasley Defendants admit that the Wasley 401(k) Plan is administered in this district. The remainder of the allegations of paragraph 1 are denied.

### The Parties

1.  As to the allegations of paragraph 1 [sic], the Wasley Defendants admit that plaintiff Prentiss is an employee of Wasley Products, Inc. and a participant in the Wasley 401(k) Plan. The Wasley Defendants deny that plaintiff Prentiss was an employee "at all relevant times." The remainder of the allegations of paragraph 1 constitute conclusions of law as to which no response is required by the Wasley Defendants.

2.  As to the allegations of paragraph 2, the Wasley Defendants admit that plaintiff Rizzi is a retired employee of Wasley Products, Inc. and a participant in the

Wasley 401(k) Plan. The Wasley Defendants deny that plaintiff Rizzi was an employee or retired employee "at all relevant times." The remainder of the allegations of paragraph 2 constitute conclusions of law as to which no response is required by the Wasley Defendants.

3. As to the allegations of paragraph 3, the Wasley Defendants admit that plaintiff Seich is an employee of Wasley Products, Inc. and a participant in the Wasley 401(k) Plan. The Wasley Defendants deny that plaintiff Seich was an employee "at all relevant times." The remainder of the allegations of paragraph 3 constitute conclusions of law as to which no response is required by the Wasley Defendants.

4. As to the allegations of paragraph 4, the Wasley Defendants admit that plaintiff Brown is an employee of Wasley Products, Inc. and a participant in the Wasley 401(k) Plan. The Wasley Defendants deny that plaintiff Brown was an employee "at all relevant times." The remainder of the allegations of paragraph 4 constitute conclusions of law as to which no response is required by the Wasley Defendants.

5. As to the allegations of paragraph 5, the Wasley Defendants admit that Wasley Products, Inc. is the plan sponsor and plan administrator of the Wasley 401(k) Plan and, as such, a fiduciary of the Wasley 401(k) Plan. The Wasley Defendants deny so much of paragraph 5 as alleges that Wasley Products, Inc. was the plan sponsor and plan administrator and, as such, a fiduciary "at all relevant times."

3

6. As to the allegations of paragraph 6, the Wasley Defendants admit that Alan Wasley is the chairman of the board of Wasley Products, Inc. The Wasley Defendants further admit that Wasley is a trustee of the Wasley 401(k) Plan and, as such, a fiduciary of the Wasley 401(k) Plan. The Wasley Defendants deny so much of paragraph 6 as alleges that Wasley was a trustee and, as such, a fiduciary "at all relevant times."

7. As to the allegations of paragraph 7, the Wasley Defendants admit that Andrew Brady is an employee of Wasley Products, Inc. The Wasley Defendants further admit that Brady is a trustee of the Wasley 401(k) Plan and, as such, a fiduciary of the Wasley 401(k) Plan. The Wasley Defendants deny so much of paragraph 7 as alleges that Brady was a trustee and, as such, a fiduciary "at all relevant times."

8. As to the allegations of paragraph 8, the Wasley Defendants admit that Sandi Dumas-Laferriere is an employee of Wasley Products, Inc. Defendants further admit that Laferriere is a trustee of the Wasley 401(k) Plan and, as such, a fiduciary of the Wasley 401(k) Plan. The Wasley Defendants deny so much of paragraph 8 as alleges that Dumas-Laferriere was a trustee and, as such, a fiduciary "at all relevant times."

9. As to the allegations of paragraph 9, the Wasley Defendants admit that Barry Connell is a former employee of Wasley Products, Inc. Defendants further admit that Connell was a trustee of the Wasley 401(k) Plan for a certain period of time and, as such, a fiduciary of the Wasley 401(k) Plan. The Wasley Defendants deny so much of

paragraph 9 as alleges that Connell was a trustee and, as such a fiduciary "at all relevant times."

10. The allegations of paragraph 10 are directed to defendant Bulakites, and therefore no response is required by the Wasley Defendants.

11. The allegations of paragraph 11 are directed to defendant Winslow, and therefore no response is required by the Wasley Defendants.

12. The allegations of paragraph 12 are directed to defendant JAC, and therefore no response is required by the Wasley Defendants.

**Factual Allegations**

13. As to the allegations of paragraph 13, the Wasley Defendants admit that, upon the advice and with the involvement of Bulakites, Winslow, the Provident Mutual Life Insurance Company ("Provident Mutual", now known as Nationwide Life Insurance Co. of America ), and JAC, Wasley Products established a 401(k) Plan for its office staff employees. As to so much of paragraph 13 as alleges that the Wasley 401(k) Plan was "established" in August 1994, defendants have insufficient knowledge or information upon which to base a reply, and therefore leave plaintiffs to their proof.

14. The Wasley Defendants admit so much of paragraph 14 as alleges that Wasley Products was designated as the Wasley 401(k) Plan Administrator and that Wasley was the sole trustee for a period of time. The remainder of the allegations of paragraph 14 are denied.

15. The Wasley Defendants admit so much of paragraph 15 as alleges that Wasley Products and Wasley retained Provident Mutual, Bulakites, Winslow, and, subsequently, JAC to provide investment and administrative services to the Wasley pension plans, including the Wasley 401(k) Plan. The Wasley Defendants deny the remaining allegations of paragraph 15 that are inconsistent with the foregoing, and expressly deny that Bulakites, Winslow, or JAC were their "agents."

16. The Wasley Defendants admit only so much of paragraph 16 as alleges that at various points in time Bulakites, Winslow and JAC undertook to perform certain fiduciary functions and provide professional advice and assistance in connection with the operation of the Wasley 401(k) Plan. The Wasley Defendants admit further that, at various points in time, certain administrative duties and fiduciary functions were delegated to be performed by Bulakites, Winslow or JAC, individually or collectively. As to the remaining allegations of paragraph 16, those allegations are directed to the defendants Bulakites, Winslow, and JAC and therefore no response is required by the Wasley Defendants.

17. The Wasley Defendants deny the allegations of paragraph 17.

18. As to the allegations of paragraph 18, the Wasley Defendants admit only that defendants Connell, Dumas-Laferriere and Brady were added as Trustees of the Wasley 401(k) Plan in September 1994, and that Bulakites, Winslow, and JAC continued

to perform investment and administrative services to the Wasley 401(k) Plan. The remainder of the allegations of paragraph 18 are denied.

19. The Wasley Defendant deny the allegations of paragraph 19.

**Count I: ERISA Violations**

20. The Wasley Defendants deny the allegations of paragraph 20 directed to them.

21. The Wasley Defendants deny the allegations of paragraph 21 directed to them.

22. The Wasley Defendants deny the allegations of paragraph 22 directed to them.

23. The Wasley Defendants deny the allegations of paragraph 23, if any, directed to them and expressly deny that Bulakites, Winslow and/or JAC acted as their agents.

24. The Wasley Defendants deny the allegations of paragraph 24 directed to them.

25. The Wasley Defendants deny the allegations of paragraph 25 directed to them.

26. The Wasley Defendants deny the allegations of paragraph 26, if any, directed to them and expressly deny that Bulakites, Winslow and/or JAC acted as their agents.

27. The Wasley Defendants deny the allegations of paragraph 27 directed to them.

28. The Wasley Defendants deny the allegations of paragraph 28 directed to them.

29. The Wasley Defendants admit the allegations of paragraph 29.

**Prayer for Relief**

The Prayer for Relief does not set forth factual allegations to which a response is required. However, to the extent that plaintiffs seek relief or damages from the Wasley Defendants, the Wasley Defendants deny that plaintiffs are entitled to any such relief or damages.

Any other allegations of the Complaint that are not specifically admitted or addressed above are denied.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE:**

Plaintiffs have failed to name as a defendant Nationwide Life Insurance Company of America, the successor in interest to Provident Mutual Insurance Company ("Provident Mutual"), and Lincoln National Corporation ("Lincoln"), who are necessary parties to this action.

**SECOND AFFIRMATIVE DEFENSE**

The Wasley Defendants reasonably relied on the expertise, services, data, and information provided by defendants Bulakites, Winslow, Joshua Adams Corp., and Provident Mutual and Lincoln and thus are not liable for any claimed breaches of fiduciary duty.

**THIRD AFFIRMATIVE DEFENSE**

To the extent that plaintiffs have incurred loss or damage, if any, such loss or damage was caused by the acts of individuals or entities other than the Wasley Defendants and for which the Wasley Defendants are not liable to plaintiffs.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

The Wasley Defendants, as individual trustees, served as trustees for different time periods. Each trustee is not liable with respect to any claimed breaches of fiduciary duty that are alleged to have been committed either before he or she became a trustee or after he or she ceased to be a trustee.

### SEVENTH AFFIRMATIVE DEFENSE

The Wasley Defendants acted in good faith and plaintiffs are not entitled to recover attorneys' fees and costs from the Wasley Defendants.

## CROSS-COMPLAINT AGAINST DEFENDANTS BULAKITES, WINSLOW, AND JOSHUA ADAMS CORP.

**Factual Allegations**

1. Crossclaim plaintiff Wasley Products, Inc. ("Wasley Products") is a small manufacturing company organized and existing under the laws of the State of Connecticut, with its principal place of business in Plainville, Connecticut. It is the sponsor and the plan administrator of the Wasley Products employee pension plans, including the Wasley Products, Inc. 401(k) and Profit Sharing Plan (the "Wasley 401(k) Plan" or "Plan") that is the subject of this complaint.

2. Crossclaim plaintiffs Alan Wasley, Andrew Brady and Sandi Dumas-Laferriere are presently trustees of the Wasley Products 401(k) Plan. They are residents of the State of Connecticut. Crossclaim plaintiff Barry Connell is a former trustee of the Wasley 401(k) Plan and a resident of the State of Connecticut.

3. Crossclaim defendant Barry L. Bulakites is an individual who, upon information and belief, presently resides at 558 Castle Pines Parkway, Castle Pines, Colorado. From approximately November 1990 until November 2002, crossclaim defendant Bulakites provided third party administration and investment services for the Wasley Products employee pension plans.

4. Crossclaim defendant Winslow is an individual who, upon information and belief, presently resides at 134 Old Kelsey Point Road, Westbrook, Connecticut. From

approximately November 1990 until November 2002, crossclaim defendant Winslow provided third party administration and investment services for the Wasley Products employee pension plans.

5. Crossclaim defendant Joshua Adams Corporation (JAC) is a corporation organized and existing under the laws of the State of Connecticut. JAC maintains its principal place of business at 149 Durham Road, Suite 25, Madison, Connecticut 06443. From approximately December 1993 until November 2002, crossclaim defendant Joshua Adams Corporation (JAC) provided third party administration and investment services for the Wasley Products, Inc. employee pension plans.

6. Prior to 1989, Wasley Products established and maintained two separate defined benefit plans for its employees, the "Wasley Products, Inc. Retirement Plan," which was available to office staff, and the "Wasley Products, Inc. UAW Local 376 Retirement Plan," which was available to union employees.

7. Between 1990 and 1991, Wasley Products, through Alan Wasley and other employees, participated in numerous discussions with Bulakites and Winslow in which Bulakites, Winslow and Provident Mutual Life Insurance Company ("Provident Mutual") sought to replace the company's then-existing Third Party Administrator and assume the role of Third Party Administrator for the Wasley Products employee pension plans.

8.  Upon information and belief, at the time, crossclaim defendants Bulakites and Winslow were employed by Provident Mutual and acted at all times within the course and scope or their employment or as the agents of Provident Mutual.

9.  During the initial consultations with Wasley Products, crossclaim defendants Bulakites and Winslow represented that they and their team at Provident Mutual had the necessary training, skill, experience, resources, and expertise to properly administer and manage the company's pension plans, to provide advice concerning the restructuring of the plans, and to manage and invest the plan assets.

10. For example, by a letter to Wasley Products dated November 20, 1990, on Provident Mutual stationery, crossclaim defendant Bulakites stated that "Provident Mutual can assist you in handling the complex, time consuming and burdensome task associated with the proper administration of a pension plan. Our investment and administrative service will assure you that proper controls and systems are utilized." Bulakites further represented that "[o]ur pension team has been providing service to our clients since 1865 and will provide the necessary expertise needed to keep your plans worry free."

11. During the course of these initial consultations with Wasley Products, crossclaim defendant Bulakites made multiple recommendations regarding the structure and investment of the Wasley Products pension plans, including a recommendation that Wasley Products Inc. freeze the "Wasley Products Inc. Retirement Plan" for its office

13

staff and transfer the assets of that plan to Provident Mutual, and establish a new 401(k) plan for office staff.

12. During the course of these consultations, Wasley Products reached an agreement to retain Provident Mutual and crossclaim defendants Bulakites and Winslow to perform various Third Party Administration and investment services for the Wasley Products pension plans, including the restructuring of the existing plans to eventually establish a 401(k) plan.

13. In reliance upon representations made by crossclaim defendant Bulakites and/or Winslow, made in the course and scope of their employment or agency relationship with Provident Mutual, Wasley Products began allowing participants to make 401(k) contributions in late 1991. These contributions were sent to crossclaim defendants Bulakites or Winslow payable to Provident Mutual to be invested with Provident Mutual.

14. Over a period of several years in the early 1990s, crossclaim defendant Bulakites, acting in the course and scope of his employment or agency relationship with Provident Mutual, provided Wasley Products with information relevant to Form 5500s for the Wasley 401(k) Plan and represented that he would take responsibility for filing Form 5500s as required with the United States Department of Labor. Bulakites also provided Wasley Products 401(k) Plan participants with information on different investment options offered by Provident Mutual under the Wasley 401(k) Plan. The

majority of these communications were on Provident Mutual letterhead. Bulakites also provided Wasley Products with summaries of 401(k) plan quarterly statements and provided individual 401(k) statements to participants.

15.   Crossclaim defendant JAC was established by Bulakites and Winslow in or around December 1993. Upon information and belief, Bulakites and Winslow were the owners and principals of JAC. Winslow was the President, Treasurer, and a Director of JAC and Bulakites was its Vice President, Secretary, and a Director.

16.   After the formation of JAC, crossclaim defendants Bulakites, Winslow and JAC continued an affiliation with Provident Mutual and offered the capacity to sell securities through a registered representative of PML Securities Company, a registered broker-dealer/registered investment advisor. Upon information and belief, PML Securities Company was a subsidiary of Provident Mutual.

17.   Crossclaim defendants Bulakites, Winslow, and JAC continued to render Third Party Administrator and investment services to Wasley Products after December 1993.

18.   After the formation of JAC, upon the suggestion and advice of crossclaim defendants Bulakites, Winslow and JAC in the course and scope of their employment or agency relationship with Provident Mutual, Wasley Products established the Wasley Products, Inc. 401(k) Plan for its office staff by executing a group annuity contract with

Provident Mutual. Three investment accounts were to be established with Provident Mutual into which plan participants could elect to invest their 401(k) funds.

19. Winslow and Bulakites, continuing to act in the course and scope of their employment or agency relationship with Provident Mutual, represented to Wasley Products and the Wasley trustees that Winslow was an agent of record for Provident Mutual and that he and Bulakites, through JAC, would continue to work with Provident Mutual, receive 401(k) Plan contributions on behalf of Provident Mutual, and if necessary set up new investment options through Provident Mutual.

20. Continuing to act in the course and scope of their employment or agency relationship with Provident Mutual, crossclaim defendants Bulakites, Winslow, and JAC represented to the crossclaim plaintiffs and to the Wasley 401(k) Plan participants that they were "pension and retirement experts" who could "provide [participants] with retirement projections and answer any questions [they] have regarding the Wasley 401(k) Plan."

21. Throughout the course of their dealings with crossclaim plaintiffs and participants in the Wasley 401(k) Plan, crossclaim defendants Bulakites, Winslow and JAC, continuing to act in the course and scope of their employment or agency relationship with Provident Mutual, represented that they had the necessary training, skill, experience, resources, and expertise to properly administer the Wasley 401(k) Plan, to provide advice concerning the Plan, and to manage and invest the Plan assets.

22. In or around May 1995, crossclaim defendants Bulakites, Winslow, and JAC announced their affiliation with Lincoln National Corporation ("Lincoln"). Bulakites represented that he would be assuming the position of Regional Chief Executive Officer for Lincoln and that Winslow would be joining his staff as Vice President of Agency Development.

23. Acting in the course and scope of their employment or agency relationship with Lincoln, crossclaim defendants Bulakites, Winslow, and JAC represented to the crossclaim plaintiffs that their alliance with Lincoln created a greater depth of service, research and knowledge to serve the needs of crossclaim plaintiffs, and that the relationship with crossclaim defendant JAC would not be affected other than through expanded and improved ability to service Wasley Products and its pension plans.

24. Continuing to act in the course and scope of their employment or agency relationship with Lincoln, in or about August 1995, crossclaim defendants provided Wasley Products with written promotional materials and introduced Wasley Products to "[y]our benefit analysis team members," which included Bulakites as well as several other Lincoln employees and/or agents. Upon Lincoln's recommendation, Wasley Products agreed to a full evaluation of its benefits and compensation programs, including the Wasley Products 401(k) Plan. Crossclaim defendants Bulakites, Winslow and JAC, acting in the course and scope of their employment relationship with Lincoln, continued to render Third Party Administrator and investment services to Wasley Products.

25. Continuing to act in the course and scope of their employment or agency relationship with Lincoln, crossclaim defendants provided crossclaim plaintiffs with advice concerning the Wasley Products 401(k) Plan.

26. Continuing to act in the course and scope of their employment or agency relationship with Lincoln, crossclaim defendants met with Wasley 401(k) Plan participants in 1996 to discuss the Wasley 401(k) Plan, including enrollment and investment options, and provided participants with a "Retirement Planning Information Pack" that included a detailed profile of Lincoln.

27. From 1990 until November 2002, crossclaim defendants Bulakites and Winslow received compensation for their services in the form of commissions and fees.

28. From December 1993 until November 2002, crossclaim defendant JAC received compensation for its services in the form of commissions and fees.

29. On or about November 1, 2002, Wasley Products terminated the services of crossclaim defendants Bulakites, Winslow and JAC. In or about November 2002, Wasley Products further requested that Bulakites, Winslow and JAC turn over all plan documents and information and all account documents and information relating to the Wasley Products, Inc. pension plans, including the Wasley 401(k) plan, either to Wasley Products or the company's new Third Party Administrator.

30. After Wasley Products terminated their services, crossclaim defendants Bulakites, Winslow and JAC failed and/or refused to turn over all documents and

information relating to the Wasley Products pension plans, including the Wasley 401(k) Plan, and the accounts in which the plan assets were to have been invested.

31. Subsequent to the termination of crossclaim defendants Bulakites, Winslow and JAC, Wasley Products and the trustees of the Wasley pension plans discovered extensive misconduct by crossclaim defendants Bulakites, Winslow, and JAC, acting in the course and scope of their employment or agency relationship with Provident Mutual and/or Lincoln, concerning the administration and management of the Wasley Products pension plans, including the Wasley 401(k) Plan.

32. With respect to the Wasley 401(k) Plan, crossclaim defendants Bulakites, Winslow and JAC, acting in the course and scope of their employment or agency relationship with Provident Mutual and/or Lincoln, engaged in improper acts or omissions, including one or more of the following:

(a) undue delay in establishing the 401(k) Plan and misrepresentations concerning the status of the plan and preparation of Plan documents;

(b) misrepresentations regarding compliance with and the failure to comply with ERISA reporting requirements pertaining to the Plan and failure to submit timely reports to the appropriate government agencies;

(c) misrepresentations or failures to communicate with Wasley Products, Inc. and the Wasley 401(k) Plan trustees concerning the filing of Forms 5500;

(d)     misrepresentations or failures to communicate the accurate value of the Plan's assets on periodic reports provided to Wasley Products, Inc.;

(e)     misrepresentations or failures to communicate the accurate value of the 401(k) Plan and investments on quarterly statements provided to individual participants;

(f)     misrepresentations regarding the establishment of and failure to properly establish the Provident Mutual Diversified Equity account as an investment option under the 401(k) Plan;

(g)     misrepresentations or failures to communicate to the trustees and plan participants concerning the availability of the Diversified Equity account as an investment option under the 401(k) Plan;

(h)     misrepresentations regarding the allocation of or the failure to allocate 401(k) contributions to the Diversified Equity account as had been elected by Plan participants;

(i)     misrepresentations of 401(k) contributions to the Diversified Equity account on quarterly statement provided to individual participants and failures to allocate contributions to the Diversified Equity account;

(j)     failure to promptly forward 401(k) Plan contributions to Provident Mutual;