(k)     failure to deposit 401(k) Plan assets into accounts with Provident Mutual;

(l)     diversion of contributions to the Wasley 401(k) Plan into one or more bank accounts which were not disclosed to Wasley Products, Inc. or the Plan trustees;

(m)    otherwise mismanaging or converting assets of the Wasley 401(k) Plan for their own interest or in their own account.

33.    Bulakites, Winslow and JAC intentionally or negligently misrepresented and concealed material information about the Wasley 401(k) Plan in communications with Wasley Products, Inc., the Plan trustees and also the Plan participants.

## FIRST COUNT (ERISA: Indemnification for Breach of Fiduciary Duty)

1. - 33.   The allegations in paragraphs 1 through 33 of the cross-complaint are incorporated by reference as paragraphs 1 through 33 of the First Count.

34.    Crossclaim defendants Bulakites, Winslow, and JAC, acting in the course and scope of their employment or agency relationship with Provident Mutual and/or Lincoln, are "fiduciaries" of the Wasley 401(k) Plan as that term is defined in ERISA, 29 U.S.C. § 1002(21)(A)).

35.    Each of the crossclaim defendants, acting in the course and scope of their employment or agency relationship with Provident Mutual and/or Lincoln, performed

21

third party administration services on behalf of Wasley Products and the Wasley 401(k) Plan and they were compensated for such services.

36. Each of the crossclaim defendants, acting in the course and scope of their employment or agency relationship with Provident Mutual and/or Lincoln, rendered investment advice for a fee or other compensation, direct and indirect, with respect to the assets of the Wasley 401(k) Plan and had authority and responsibility to do so.

37. Through regular and ongoing contact, crossclaim defendants, acting in the course and scope of their employment or agency relationship with Provident Mutual and/or Lincoln, held themselves out as experts in pension and benefit matters and offered professional advice to Wasley Products and the Wasley 401(k) Plan trustees regarding the establishment, structure, investment and administration of the Wasley 401(k) Plan.

38. As fiduciaries of the Wasley 401(k) Plan, crossclaim defendants, acting in the course and scope of their employment or agency relationship with Provident Mutual and/or Lincoln, were legally required to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries.

39. As fiduciaries of the Wasley 401(k) Plan, crossclaim defendants, acting in the course and scope of their employment or agency relationship with Provident Mutual and/or Lincoln, were legally required to discharge their duties with respect to the Plan for the exclusive purpose of providing benefits to participants and beneficiaries.

40. As fiduciaries of the Wasley 401(k) Plan, crossclaim defendants, acting in the course and scope of their employment or agency relationship with Provident Mutual and/or Lincoln, were legally required to discharge their duties with respect to the Plan with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

41. As fiduciaries of the Wasley 401(k) Plan, crossclaim defendants were legally required to adequately diversify the investments of the Plan.

42. The crossclaim defendants, through their wrongful acts or omissions as alleged above, breached their fiduciary duties in violation of ERISA, including 29 U.S.C. § 1104 and 29 U.S.C. § 1106.

43. To the extent that crossclaim plaintiffs may be exposed to liability arising out of the fiduciary breaches of crossclaim defendants, crossclaim defendants are obligated to fully indemnify and hold harmless crossclaim plaintiffs from any such liability, defense costs, or damages assessed against them arising out of plaintiff's complaint including, but not limited to, any such liability, defense costs, or damages assessed against them pursuant to 29 U.S.C. § 1132(a)(2) for civil relief under 29 U.S.C. § 1109 or for equitable relief under 29 U.S.C. § 1132(a)(3).

## SECOND COUNT (ERISA: Contribution for Breach of Fiduciary Duty)

1. – 42.  The allegations of paragraphs 1 through 42 of the First Count of the cross-complaint are incorporated by reference as paragraphs 1 through 42 of this Second Count as if fully set forth herein.

43.  Crossclaim defendants engaged in the wrongful acts or omissions as alleged above without the knowledge of or consent of Wasley Products, Inc. or the Wasley 401(k) Plan trustees.

44.  To the extent that crossclaim plaintiffs may be exposed to liability arising out of fiduciary breaches of crossclaim defendants, crossclaim defendants are obligated to make contribution in an amount sufficient to account for the losses, costs, and damages attributable to the crossclaim defendants' wrongful acts or omissions arising out of plaintiff's complaint including, but not limited to, any such liability, defense costs or damages assessed pursuant to 29 U.S.C. § 1132(a)(2) for civil relief under 29 U.S.C. § 1109 or for equitable relief under 29 U.S.C. § 1132(1)(3).

## THIRD COUNT (Common Law Breach of Fiduciary Duty):

1. – 33.  The allegations of paragraphs 1 through 33 of the cross-complaint are incorporated by reference as paragraphs 1 through 33 of this Third Count as if fully set forth herein.

24

34. Crossclaim defendants Bulakites, Winslow and JAC were acting with respect to Wasley Products, Inc. and the trustees of the Wasley 401(k) Plan in a unique capacity with a degree of trust and confidence with superior knowledge, skill, and expertise, and under a duty to represent the interests of crossclaim plaintiffs and the interests of the Wasley 401(k) Plan participants in crossclaim defendants' capacity as Third-Party Administrators, investment advisors, and registered representatives of a broker-dealer.

35. Crossclaim defendants had a duty to act at all times in good faith and deal fairly with Wasley Products, Inc. and the trustees of the Wasley 401(k) Plan.

36. Crossclaim defendants, by their wrongful acts or omissions as described above, breached their common law fiduciary duties to Wasley Products Inc. and the trustees of the Wasley 401(k) Plan.

37. To the extent that counterclaim plaintiffs may be exposed to liability to plaintiffs for the claims alleged in plaintiffs' complaint, any such liability is due to the fiduciary duty breaches by crosssclaim defendants and thus crossclaim defendants are liable to crossclaim plaintiffs, in whole or in part, for any defense costs or liability arising out of plaintiffs' complaint.

## FOURTH COUNT (Professional Negligence/Malpractice):

1. – 33.   The allegations of paragraphs 1 through 33 of the cross-complaint are incorporated by reference as paragraphs 1 through 33 of this Fourth Count as if fully set forth herein.

34.   Crossclaim defendants at all times owed a duty of professional skill and care to Wasley Products, Inc. and the Wasley 401(k) Plan trustees to properly administer and manage the Wasley 401(k) Plan and its assets, to provide appropriate investment advice, and to provide accurate information and documentation concerning the plan and its assets.

35.   Crossclaim defendants, by their wrongful acts or omissions as described above, breached the applicable standard of professional care, skill and diligence in providing the services described above.

36.   To the extent that crossclaim plaintiffs may be found liable to plaintiffs for the claims alleged in the plaintiffs' complaint, any such liability is due to the crossclaim defendants' breaches of their duties of professional care, skill, and diligence, and thus crossclaim defendants are liable to crossclaim plaintiffs, in whole or in part, for any defense costs or liability arising out of plaintiffs' complaint.

## COUNT FIVE (Intentional Misrepresentation):

1. – 33.  The allegations of paragraphs 1 through 33 of the cross-complaint are incorporated by reference as paragraphs 1 through 33 of this Fifth Count as if fully set forth herein.

34.  As set forth in paragraph 32, crossclaim defendants engaged in various acts of misconduct concerning the administration and management of the Wasley 401(k) Plan. Crossclaim defendants also made misrepresentations to Wasley Products, Inc. and the Wasley 401(k) Plan trustees, including one or more of the following:

(a)  the level of training, skill, experience, resources, and expertise possessed by Provident Mutual, Bulakites, Winslow and JAC in the area of pension plan administration, management, and investment services;

(b)  the filing of Forms 5500 for the Plan;

(c)  the value of the Plan's assets on periodic reports provided to Wasley Products, Inc.;

(d)  the value of the 401(k) Plan and investments on quarterly statements provided to individual participants;

(e)  the availability of the Diversified Equity account as an investment option under the 401(k) Plan;

(f)  the allocation of 401(k) contributions to the Diversified Equity account as had been elected by Plan participants;

27

(g)   the 401(k) contributions to the Diversified Equity account on quarterly statement provided to individual participants.

35.   The crossclaim defendants knew these representations were false when made, or made the representations recklessly, without regard for the truth.

36.   Crossclaim defendants made the false representations in order to induce Wasley Products, Inc. and the Wasley 401(k) Plan trustees to rely upon such representations and to continue to utilize the services of crossclaim defendants to administer and manage the Wasley 401(k) Plan.

37.   In addition, the crossclaim defendants intentionally withheld material information from Wasley Products, Inc. and the Wasley 401(k) Plan trustees concerning the management and administration of the Wasley 401(k) Plan, including information relative to the status, operation, and funding of the Wasley 401(k) Plan.

38.   Crossclaim defendants withheld material information in order to induce Wasley Products, Inc. and the Wasley 401(k) Plan trustees to continue to utilize the services of crossclaim defendants to administer and manage the Wasley 401(k) Plan.

39.   Wasley Products, Inc. and the Wasley 401(k) Plan trustees relied to their detriment upon the misrepresentations and nondisclosures of crossclaim defendants.

40.   To the extent that crossclaim plaintiffs may be found liable to plaintiffs for the claims alleged in the plaintiffs' complaint, any such liability is due to the intentional misrepresentations by crossclaim defendants, and thus crossclaim defendants are liable to

crossclaim plaintiffs, in whole or in part, for any defense costs or liability arising out of plaintiffs' complaint.

**SIXTH COUNT (Negligent Misrepresentation):**

1. – 33.   The allegations of paragraphs 1 through 33 of the cross-complaint are incorporated by reference as paragraphs 1 through 33 of this Sixth Count as if fully set forth herein.

34.   Crossclaim defendants engaged in various acts of misconduct concerning the administration and management of the Wasley 401(k) Plan. Crossclaim defendants also negligently made misrepresentations to Wasley Products, Inc. and the Wasley 401(k) Plan trustees, including one or more of the following:

   (a)   the level of training, skill, experience, resources, and expertise possessed by Bulakites, Winslow and JAC in the area of pension plan administration, management, and investment services;

   (b)   the filing of Forms 5500 for the Plan;

   (c)   the value of the Plan's assets on periodic reports provided to Wasley Products, Inc.;

   (d)   the value of the 401(k) Plan and investments on quarterly statements provided to individual participants;

29

  (e) the availability of the Diversified Equity account as an investment option under the 401(k) Plan;

  (f) the allocation of 401(k) contributions to the Diversified Equity account as had been elected by Plan participants;

  (g) the 401(k) contributions to the Diversified Equity account on quarterly statement provided to individual participants.

35. The statements were made by crossclaim defendants in the course of their business or profession for the guidance of Wasley Products, Inc. and the Wasley 401(k) Plan trustees in their business decisions concerning the Wasley 401(k) Plan.

36. Crossclaim defendants failed to exercise reasonable care or competence in obtaining or communicating the information.

37. Wasley Products, Inc. and the Wasley 401(k) Plan trustees justifiably relied, to their detriment, upon the misinformation provided by crossclaim defendants.

38. To the extent that crossclaim plaintiffs may be found liable to plaintiffs for the claims alleged in the plaintiffs' complaint, any such liability is due to the negligent misrepresentations by crossclaim defendants, and thus crossclaim defendants are liable to crossclaim plaintiffs, in whole or in part, for any defense costs or liability arising out of plaintiffs' complaint.

## SEVENTH COUNT (Breach of Implied-in-Fact Contract):

1. – 37.  The allegations of paragraphs 1 through 37 of the Sixth Count of the cross-complaint are incorporated by reference as paragraphs 1-37 of this Seventh Count as if fully set forth herein.

38.  The facts and circumstances of the involvement of crossclaim defendants Bulakites, Winslow and JAC in the Wasley Products pension plans created a contract implied-in-fact in which crossclaim defendants agreed to perform various Third Party Administration and investment services for the Wasley Products pension plans in exchange for compensation.

39.  Crossclaim defendants were fully compensated for their services but failed to perform or improperly performed the required services for the Wasley Products pension plans in breach of the implied-in-fact contract.

## EIGHTH COUNT (Unfair Trade Practices):

1. – 39.  The allegations of paragraphs 1 through 39 of the Fifth Count of the cross-complaint are incorporated by reference as paragraphs 1 through 39 of this Eighth Count as if fully set forth herein.

40.  Crossclaim defendants, at all relevant times, were in the business of providing pension plan administration and management and investment services in the State of Connecticut.

31

41. As such, each of the crossclaim defendants is a "person" engaged in "trade or commerce," as defined by Connecticut General Statutes Section 42-110a.

42. Crossclaim defendants engaged in various acts of misconduct concerning the administration and management of the Wasley 401(k) Plan. Among other things, crossclaim defendants withheld material information from Wasley Products, Inc. and the Wasley 401(k) plan trustees concerning the Wasley 401(k) Plan and concerning the crossclaim defendants' administration and management of the Wasley 401(k) Plan and its assets. Crossclaim defendants also provided false or misleading information to Wasley Products, Inc. and the Wasley 401(k) plan trustees concerning the Wasley 401(k) Plan and concerning crossclaim defendants' administration and management of the Wasley 401(k) Plan and its assets.

43. The above-described acts of the crossclaim defendants had a tendency to deceive Wasley Products, Inc. and the Wasley 401(k) Plan trustees, and constitute unfair and/or deceptive acts or practices in the conduct of a trade or business, in violation of Connecticut General States Section 42-110a et seq.

**PRAYER FOR RELIEF:**

Wherefore, crossclaim plaintiffs Wasley Products, Wasley, Brady, Dumas-Laferriere, and Connell seek for the following relief:

(a) A judgment requiring the crossclaim defendants to restore to the Wasley 401(k) Plan the amount of losses (principal and interest) due to the crossclaim defendants breach of fiduciary duties;

(b) A judgment requiring the crossclaim defendants to disgorge all profits that crossclaim defendants have made through their improper use of the plan assets;

(c) A judgment against the crossclaim defendants in an amount equal to any and all charges and penalties against crossclaim plaintiffs resulting from crossclaim defendants' breach of fiduciary duties, including any violations of the reporting and disclosure provisions of ERISA;

(d) A judgment finding the crossclaim defendants liable for any losses or damages sought by plaintiffs and requiring the crossclaim defendants to contribute an amount equal to the amount of losses (principal and interest) or damages due to the plaintiffs;

(e) A judgment ordering the crossclaim defendants to indemnify the crossclaim plaintiffs for any losses or damages recovered by plaintiffs;

(f) A judgment ordering contribution in favor of crossclaim plaintiffs in an amount sufficient to account for the losses, costs, and damages attributable to the crossclaim defendants' wrongful acts or omissions;

(g) Restitution;

DEFENDANTS and CROSSCLAIM PLAINTIFFS

WASLEY PRODUCTS, INC., ALAN A. WASLEY, ANDREW BRADY, SANDI DUMAS-LAFERRIERE, AND BARRY CONNELL

By: _____
Theodore J. Tucci (ct05249)
ttucci@rc.com
Jean E. Tomasco (ct09635)
jtomasco@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax: (860) 275-8299

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, first class postage prepaid, on the 23rd day of February, 2004 to the following:

Thomas G. Moukawsher, Esq.
Ian O. Smith, Esq.
Moukawsher & Walsh
21 Oak Street, Suite 209
Hartford, CT  06106

Maurice T. Fitzmaurice, Esq.
Peter K. Rydel, Esq.
Reid & Riege, P.C.
One Financial Plaza
Hartford, CT  06103-3185

Thomas W. Witherington, Esq.
Mary E.R. Bartholic, Esq.
Cohn, Birnbaum & Shea
100 Pearl Street
Hartford, CT  06103-4500

Deborah S. Freeman, Esq.
Bryan D. Short, Esq.
Bingham McCutchen
One State Street
Hartford, CT  06103-3178

Albert Zakarian, Esq.
Victoria Woodin Chavey, Esq.
Eric L. Sussman, Esq.
Day, Berry & Howard
CityPlace
Hartford, CT  06103-3499

Theodore J. Tucci