UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GREGORY PRENTISS, JOHN RIZZI, RICHARD SEICH, and DOROTHY BROWN, individually and on behalf of the Wasley Products Inc. 401(k) Profit Sharing Plan, | : MASTER CONSOLIDATED CASE<br>: CIVIL NO. 3:03 CV 383 (DJS)<br>:<br>:<br>: |
| Plaintiffs, | : ALL CASES<br>: |
| V. | : |
| WASLEY PRODUCTS, INC., ALAN A. WASLEY, ANDREW BRADY, SANDI DUMAS-LAFERRIERE, BARRY CONNELL, BARRY L. BULAKITES, JAMES A. WINSLOW, JOSHUA ADAMS CORP., | :<br>:<br>:<br>:<br>:<br>: |
| Defendants. | : MARCH 2, 2004 |

**WASLEY DEFENDANTS' RESPONSE TO MOTION
FOR LEAVE TO WITHDRAW APPEARANCE**

Defendants, Wasley Products, Inc., Alan A. Wasley, Andrew Brady, Sandi Dumas-LaFerriere, and Barry Connell (the "Wasley Defendants"), hereby respond to the Motion for Leave to Withdraw Appearance (hereinafter, "Motion to Withdraw") submitted by the attorneys for defendants Bulakites, Winslow and Joshua Adams Corporation ("JAC").

### I. PROCEDURAL BACKGROUND

In March 2003, Wasley Products Inc. and a related company, Precision Molding Co. (collectively, the "Companies"), filed suit against Bulakites, Winslow, and JAC, as well as Provident Mutual Insurance Co. (now known as Nationwide Life Insurance

Company of America) and Lincoln National Insurance Co. That case has docket number Civil No. 3:03 CV 0383 (DJS), and hereinafter is referred to as "Wasley I." Wasley I involves claims under ERISA arising out of alleged misconduct by Bulakites, Winslow, JAC, Provident Mutual, and Lincoln National in their administration and investment management of the Wasley Products, Inc. 401(k) Plan and other pension plans of the Companies. Attorneys Maurice T. Fitzmaurice and Peter K. Rydel of Reid and Riege, P.C. filed appearances on behalf of Bulakites, Winslow, and JAC and actively participated in Wasley I.

In October 2003, certain participants in the Wasley Products 401(k) Plan brought suit against the trustees and plan sponsor of the Wasley 401(k) Plan as well as Bulakites, Winslow and JAC. That case has docket number Civil No. 3:03 CV 1790 (DJS) and hereinafter is referred to as "Wasley II." Wasley II involves various claims arising out of alleged misconduct by Bulakites, Winslow and JAC, including cross-claims by the Wasley Defendants against Bulakites, Winslow and JAC. The Reid and Riege attorneys accepted service of process and have also filed motions in Wasley II on behalf of their clients, Bulakites, Winslow, and JAC.[1]

---

[1] The docket sheet indicates that the attorneys at Reid and Riege have not yet filed an appearance for their clients in Wasley II. The Wasley Defendants understand that the Reid and Riege attorneys are representing Bulakites, Winslow and JAC in Wasley II.

2

By order dated January 22, 2004, the Court consolidated <u>Wasley I</u> and <u>Wasley II</u>. By motion dated January 23, 2004, Reid and Riege[2] moved the court for leave to withdraw its appearance for counsel for defendants Bulakites, Winslow, and JAC. The Motion to Withdraw was filed in <u>Wasley I</u>; at the time, it was not sent to counsel for the Wasley Defendants in <u>Wasley II</u>.[3]

From recent conversations with the attorneys at Reid and Riege, as well as recent rulings by the court, it is the understanding of counsel for the Wasley Defendants that Reid and Riege intends its Motion to Withdraw to apply to both cases, <u>Wasley I</u> and <u>Wasley II</u>. A copy of Reid and Riege's Motion to Withdraw and Motion for Order Permitting the Motion for Leave to Withdraw Appearance to be Filed under Seal was sent to the undersigned counsel by letter dated February 27, 2004. The Wasley Defendants therefore submit this response.

## II.   APPLICABLE LEGAL STANDARD

The court has a great deal of discretion in deciding a motion for withdrawal of counsel. <u>Vachula v. General Elec. Capital Corp.</u>, 199 F.R.D. 454, 457 (D. Conn. 2000); *see also* <u>Whiting v. Lacara</u>, 187 F.3d 317, 320-21 (2d Cir. 1999). According to Rule 7(e) of the Local Rules of Civil Procedure for this district, a motion for withdrawal of counsel generally shall <u>not</u> be granted unless other counsel has appeared (or the party has elected to proceed pro se) or—in cases where the party has failed to engage other counsel or file

---

[2] The motion is brought by the firm Reid and Riege as movant; as counsel subsequently clarified, the proper movants are the individual counsel Maurice T. Fitzmaurice and Peter K. Rydel. For ease of reference, however, the Wasley Defendants will refer to the movant as "Reid and Riege."

[3] A copy of the motion was recently mailed to counsel for the Wasley Defendants.

a pro se appearance—where good cause exists for permitting the withdrawal by the appearing counsel. Local R. Civ. Proc. 7(e). Further, in deciding whether an attorney should be granted permission to withdraw, the court should also consider whether the prosecution of the suit is likely to be disrupted by the withdrawal, and whether the other parties would be prejudiced. Vachula, 199 F.R.D. at 458.

In deciding a motion for withdrawal, the courts look to the Rules of Professional Conduct to determine whether withdrawal is mandatory or permissive and whether good cause exists for the granting of the motion. Vachula, 199 F.R.D. at 457. Rule 1.16(a) of the Rules of Professional Conduct provides that withdrawal is mandatory where (1) the representation will result in violation of the Rules of Professional Conduct or other law; (2) where the attorney's mental or physical condition materially impairs the lawyer's ability to represent his or her client; or (3) the lawyer is discharged. Rule 1.16(b) sets forth the grounds for permissive withdrawal, which include the following: (1) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent; (2) the client has used the lawyer's services to perpetuate a crime or fraud; (3) the client insists upon pursuing an objective that the lawyer considers repugnant or imprudent; (4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services; (5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or (6) other good cause for withdrawal exists. Id.

### III. THE MOTION TO WITHDRAW AS PRESENTED DEPRIVES THE WASLEY DEFENDANTS OF THE ABILITY TO PROTECT THEIR INTERESTS IN THIS CASE

In the present action, to date no other counsel has appeared for Bulakites, Winslow or JAC, nor has there been any indication that they intend to proceed pro se.[4] Thus, in order for the Motion to Withdraw to be granted, counsel must establish that good cause exists. On its face, the Motion to Withdraw does not meet this standard. It does not provide any indication at all of the grounds upon which the motion is based. Instead, the motion indicates that the grounds are set forth in an accompanying memorandum of law, which was filed under seal and therefore has not been made available to any other counsel in this case. In the accompanying motion for an order requesting that the Motion to Withdraw be filed under seal, Reid and Riege simply state that the papers filed in support of the motion "may contain information protected by the attorney-client and/or attorney work-product privileges." Reid and Riege also requests that any hearing held concerning the Motion to Withdraw be held in camera and ex parte, with only attorneys from Reid and Riege and their clients in attendance, to ensure that all privileged communications and documents in the hands of Reid and Riege and its attorneys are protected from disclosure. Thus, the other parties in this action are left completely in the dark as to the basis for the Motion to Withdraw, even on so fundamental a point as to whether the motion to withdraw is based on a claim that withdrawal is mandatory or

---

[4] As a corporation, JAC could not appear pro se but would need to retain counsel to appear on its behalf.

5

permissive. They are unable to determine whether prejudice exists and whether an opposition is warranted.

The Motion to Withdraw, with its accompanying request to file documents under seal on the vague assertion that they "may" contain privileged information, should not be granted. At a bare minimum, the Wasley Defendants are entitled to notice of the grounds for the motion. The various reasons that may support a finding of good cause for withdrawal are not in and of themselves privileged, nor do they necessarily require disclosure of privileged documents. In fact, in decisions on motions to withdraw, the courts routinely discuss the ground(s) for the motion, even in instances where certain documents or portions of the court's decision ultimately are not disclosed. *See, e.g.,* Vachula, 199 F.R.D. 454 (court discussed grounds for withdrawal at length, including attorney's assertions that client had failed to produce certain documentation and may not have filed federal income tax returns, even though a portion of the court's decision pertaining to potential violations of ethical rules was filed under seal); Whiting, 187 F.3d 317 (attorney moved to withdraw on ground that his client, among other things, had failed to follow legal advice, failed to adequately communicate with the attorney, was not thinking clearly, and had demanded that the attorney engage in frivolous arguments; all of these grounds were discussed in the court's decision).

Reid and Riege also fails to identify, even by a general description, the nature of the documents or information that may be privileged. By analogy, where a party seeks to withhold documents in discovery on grounds of privilege, the party must provide a privilege log so the opposing party and the court may determine whether the assertion of

6

privilege is appropriate and whether an opposition or other proceedings are warranted. Finally, a simple assertion that certain supporting documents may be privileged—without more—is insufficient to warrant sealing of the entire memorandum and is also inadequate to justify ex parte, in camera proceedings on the Motion to Withdraw. These points are briefed in the Plaintiffs' Opposition dated February 12, 2004 and the Wasley Defendants incorporate those arguments by reference.

The Wasley Defendants have no wish to invoke the legitimate assertion of attorney-client privilege. At the same time, the Wasley Defendants have basic rights that must be recognized and protected, including the basic right to notice and the ability to participate meaningfully in litigation as to which they are parties. The Wasley Defendants respectfully request that the Court deny Reid & Riege's request to file papers under seal and deny the request for an in camera, ex parte hearing on the Motion to Withdraw. The Wasley Defendants request further that the Court require Reid and Riege to set forth the ground(s) for their Motion to Withdraw and provide a list of claimed privileged documents or appropriately redacted documents so that all counsel may review them and formulate an additional response or opposition if one is warranted.

DEFENDANTS and CROSSCLAIM PLAINTIFFS

WASLEY PRODUCTS, INC., ALAN A. WASLEY, ANDREW BRADY, SANDI DUMAS-LAFERRIERE, AND BARRY CONNELL

By: _____
Theodore J. Tucci (ct05249)
ttucci@rc.com
Jean E. Tomasco (ct09635)
jtomasco@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax: (860) 275-8299

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, first class postage prepaid, on the 2nd day of March, 2004 to the following:

Thomas G. Moukawsher, Esq.
Ian O. Smith, Esq.
Moukawsher & Walsh
21 Oak Street, Suite 209
Hartford, CT  06106

Maurice T. Fitzmaurice, Esq.
Peter K. Rydel, Esq.
Reid & Riege, P.C.
One Financial Plaza
Hartford, CT  06103-3185

Thomas W. Witherington, Esq.
Mary E.R. Bartholic, Esq.
Cohn, Birnbaum & Shea
100 Pearl Street
Hartford, CT  06103-4500

Deborah S. Freeman, Esq.
Bryan D. Short, Esq.
Bingham McCutchen
One State Street
Hartford, CT  06103-3178

Albert Zakarian, Esq.
Victoria Woodin Chavey, Esq.
Eric L. Sussman, Esq.
Day, Berry & Howard
CityPlace
Hartford, CT  06103-3499

Theodore J. Tucci

9