**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| GREGORY PRENTISS, et al.,<br>          Plaintiffs,<br><br>v.<br><br>WASLEY PRODUCTS, INC, et al.,<br><br>          Defendants/Third Party Plaintiffs,<br><br>v.<br><br>PROVIDENT MUTUAL LIFE INSURANCE<br>COMPANY, et al.,<br><br>          Third Party Defendants. | MASTER CIVIL ACTION<br>NO. 3:03CV0383 (DJS)<br><br>THIS PLEADING PERTAINS TO<br>CIVIL ACTION NO. 3:03 CV 1790 (DJS)<br><br><br><br><br>APRIL 19, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**
**THIRD-PARTY PLAINTIFFS' COMPLAINT AS IT APPLIES TO THIRD PARTY**
**DEFENDANT NATIONWIDE LIFE INSURANCE COMPANY OF AMERICA**
**(F/K/A PROVIDENT MUTUAL LIFE INSURANCE COMPANY)**

Pursuant to Fed. R. Civ. P. 12(b)(6), Third-Party Defendant Nationwide Life Insurance

Company of America f/k/a Provident Mutual Life Insurance Company ("Provident Mutual")

submits this memorandum in support of its motion to dismiss the claims asserted against it by

Third-Party Plaintiffs Wasley Products, Inc. ("Walsey Products") and Trustees Alan Wasley,

Andrew Brady, Sandi Dumas-Laferriere and Barry Connell ("Trustees" and, collectively with

Walsey Products, "TP Plaintiffs") in their Third Party Complaint ("Walsey TP Complaint")

dated March 3, 2004.

As more fully shown below, TP Plaintiffs seek, under various theories, to hold Provident

Mutual liable for, *inter alia*, misadministration of a certain 401(k) benefit plan within the

**ORAL ARGUMENT REQUESTED**
**TESTIMONY NOT REQUIRED**
CTDOCS:1585338.1

purview of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et.

seq.  TP Plaintiffs' ERISA claims against Provident Mutual are properly dismissed because the

courts have repeatedly rejected attempts to interject common law doctrines to expand liability

under ERISA.  TP Plaintiffs' state law claims against Provident fail because they relate to an

ERISA plan and are, therefore, preempted by ERISA.  For these reasons, Provident's Motion to

Dismiss should be granted.

I.      **Background and Allegations of the TP Complaint**

This consolidated proceeding commenced with a complaint dated March 4, 2003

("Walsey First Complaint") brought by Walsley Products and its affiliated entity, Precision

Molding, Inc., against Provident Mutual and others alleging, *inter alia,* misconduct with respect

to certain benefit plans within the purview of ERISA.  *Walsley Products, Inc., et al. v. Bulatkites,*

*et al*, No. 3:03 CV 0383 (DJS).  Thereafter, employees of Walsey Products brought complaint

dated October 16, 2003 (the "Employees' Action") against TP Plaintiffs and Barry L. Bulakites,

James A. Winslow and Joshua Adams Corporation ("JAC") for, *inter alia*, breach of fiduciary

duties in the administration of the ERISA plans.  *Prentiss, et al v. Walsey Products, Inc., et al,*

No. 3:03 CV 1790 (DJS).  This Court consolidated the two actions by Order dated January 16,

2004.  On March 3, 2004, TP Plaintiffs filed the TP Complaint against Provident Mutual and

Lincoln National Life Insurance Company ("Lincoln") in the Employee's Action.  The Walsey

TP Complaint alleges the following.

Prior to 1989, Wasley Products established and maintained two separate defined benefit

plans for its employees – (1) the Walsey Products, Inc. Retirement Plan which was available to

its office staff;  ("Staff Benefit Plan") and (2) the Walsey Products, Inc. UAW Local 376

Retirement Plan which was available to its union employees (the "Union Benefit Plan").  *Walsey*

*TP Complaint*, ¶ 10.  Pursuant to discussions occurring in 1990 and 1991, Walsey Products

entered into an agreement "to retain Provident Mutual, acting through Bulakites, Winslow, and

other employees and/or agents" for various services with respect to the Staff Benefit Plan and the

Union Benefit Plan, including the restructuring of the Plans to eventually establish a 401(k) plan.

*TP Complaint,* ¶¶s 11-19.  Participants employed by Walsey Products began to make 401(k)

contributions in late 1991 allegedly "[i]n reliance upon representations made by Bulakites and/or

Winslow, as employees or agents of Provident Mutual."  *Id*., ¶ 19.

Thereafter, in December 1993, Messrs. Bulakites and Winslow established JAC and, after

that time, Messrs. Bulakites and Winslow and JAC "continued to render Third Party

Administrator and investment services" to Walsey Products.  *Id.,* ¶¶s 22-23.

TP Plaintiffs allege that, upon advice of Bulakites, Winslow and JAC, Walsey Products

established the Walsey Products, Inc. 401(k) and Profit Sharing Plan (the "Walsey 401(k) Plan")

for its office staff and, in 1995, executed a group annuity contract with Provident Mutual.  *Id.*, ¶

25.  The Walsey 401(k) Plan designated Walsey Products as the Plan Administrator.  *Id.*, ¶ 1;

*Walsey First Complaint,* ¶ 32.  Alan Walsey was designated as the Plan Trustee and an or about

September 26, 1994, Barry Connell, Sandra Dumas-Laferriere and Andrew Brady were added as

Trustees.  *Walsey TP Complaint,* ¶ 2; *Walsey First Complaint,* ¶ 33.  Three investment accounts

were to be established with Provident Mutual into which Plan participants could elect to invest

their 401(k) funds.  *Id.* at 26.  TP Plaintiffs assert that, at all relevant times, Messrs. Bulakites

and Winslow and JAC continued to represent that they were, *inter alia*, agents/employees of

Provident Mutual until May of 1995, at which time they announced their affiliation with Lincoln.

*Walsey TP Complaint,* ¶¶s 29-32.

TP Plaintiffs continue to assert that Messrs. Bulakites and Winslow and JAC, "as the employees or agents of Provident Mutual and/or Lincoln" engaged in a series of improper acts or omissions with respect to the Walsey 401(k) Plan and misrepresented and concealed material information with respect to that Plan. *Id.*, ¶¶s 36-37. The misconduct alleged is:

(a) undue delay in establishing the 401(k) Plan and misrepresentations or failures to communicate properly the status of the Plan and preparation of Plan documents;

(b) misrepresentations regarding compliance with and the failure to comply with ERISA reporting requirements pertaining to the Plan and failure to submit timely reports to the appropriate government agencies;

(c) misrepresentations or failures to communicate to Walsey Products, Inc. and the Walsey 401(k) Plan trustees concerning the filing of Forms 5500;

(d) misrepresentations or failure to communicate the accurate value of the Plan's assets on periodic reports provided by Walsey Products, Inc.;

(e) misrepresentations regarding the establishment of and failure to properly establish the Provident Mutual Diversified Equity account;

(f) misrepresentations regarding the establishment of and failure to properly establish the Provident Mutual Diversified Equity account as an investment option under the 401(k) Plan;

(g) misrepresentations or failures to communicate to the trustees and plan participants concerning the availability of the Diversified Equity account as an investment option under the 401(k) Plan;

(h) misrepresentations regarding the allocation of or the failure to allocate Walsey 401(k) contributions to the Diversified Equity account as had been directed by Plan participants;

(i) misrepresentations of 401(k) contributions to the Diversified Equity account on quarterly statement provided to individual participants and failures to allocate contributions to the Diversified Equity account;

(j) failure to promptly forward 401(k) Plan contributions and misrepresentations regarding the forwarding of 401(k) contributions;

(k) failure to deposit 401(k) Plan assets and misrepresentations regarding deposit into accounts with Provident Mutual;

CTDOCS:1585338.1

(l)  diversion of contributions to the Walsey 401(k) Plan into one or more bank accounts which were not disclosed to Wasley Products, Inc. or the Plan trustees;

(m) otherwise mismanaging or converting assets of the Wasley 401(k) Plan for their own interest or in their own account.

*Id.,* ¶ 36.

Based on these allegations, the TP Plaintiffs assert, in their First Count, that Provident Mutual, "through the wrongful acts or omissions of its employees and agents" breached its fiduciary duties in violation of ERISA and/or "is vicariously liable for the breaches of fiduciary duties by its employees and agents." *Id.*, First Count ¶¶ 46, 47.  TP Plaintiffs claim that Provident Mutual is thus liable to indemnify them against the Employee Plaintiffs' claims (First Count, ¶ 43) or contribute to sums for which TP Plaintiffs may be liable to the Employee Plaintiffs. Third Court ¶¶s 47-49.  The TP Plaintiffs purport to assert claims against Provident Mutual under state law in their Fifth Count for common law breach of fiduciary duty (*id.*, pp. 16-17); their Seventh Court for professional negligence/malpractice (*id*., pp. 18); their Ninth Count for intentional misrepresentation (*id.*, p. 19), their Tenth Count for negligent misrepresentation (*id.*, pp. 21-23), their Eleventh Count under Connecticut Unfair Trade Practices Act ("CUTPA"), Conn.Gen.Stat. §§ 42-110b et seq. (*id.*, pp. 23-24), and their Twelfth Count for breach of implied in fact contract.  *Id.*, p. 24.

CTDOCS:1585338.1

## II.    Legal Standards

Provident Mutual seeks dismissal of TP Plaintiffs' claims against them pursuant to Rule 12(b)(6) for failure to state claims upon which relief may be granted.

"To withstand a motion to dismiss, a complaint must allege facts setting forth all the essential elements of a viable legal theory – the facts alleged must establish a prima facie case." *Titan Sports, Inc. v. Hellwig*, 1999 WL 10523 *6 (D.Conn. 1999).[1/]  "Dismissal may be based on either: (1) the lack of a cognizable legal theory; or (2) the absence of factual allegations to support a claim." *Id.*

When considering such a motion, the court "[a]ccepts as true the factual allegations of the complaint and draws inferences from these allegations in the light most favorable to the plaintiff." *Cole v. Travelers*, 208 F.Supp.2d 248, 251 (D.Conn. 2002).  The court, however, need not consider mere "legal conclusions," "unsupported conclusions," "unwarranted inferences," "footless conclusions of law," or "sweeping legal conclusions cast in the form of factual allegations."  Wright, Charles A. & Miller, Arthur R., Federal Practice and Procedure: Civil § 1357 (2d ed. 1997).  *See also Leeds v. Meltz,* 85 F.3d 51, 53 (2d Cir. 1996) ("While the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice"); *Fernandaz-Montes v. Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993) ("[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."); *Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997).  "Courts may not assume that a litigant can prove facts not alleged or that the defendant has violated laws in way that the litigant has not pleaded." *Titan, supra.*

---

[1/] Copies of all unofficially reported decisions cited herein are annexed to this Memorandum.

CTDOCS:1585338.1

In its review of a motion to dismiss, the court may consider (in additional to the facts alleged in the complaint), documents or exhibits incorporated by reference in the pleadings and matters of which judicial notice may be taken. *Samuels v. Air Transport Local 504,* 992 F.2d 12, 15 (2d Cir. 1993); *Cole*, *supra; Chem-Tek, Inc. v. Gen. Motors Corp.*, 816 F.Supp. 123, 126 (D. Conn. 1993). Provident Mutual, therefore, has submitted, as <u>Exhibit A</u> to its Motion, a copy of the Group Annuity Contract GR 3094-101 (the "GAC") issued by Provident Mutual to Trustees of the Walsley Products, Inc. 401(k) Plan referenced by TP Plaintiffs at paragraph 25 of their TP Complaint. *See Chambers v. Time Warner*, 282 F.3d 147, 152-54 (2d Cir. 2002) (plaintiff is not prejudiced by consideration of a document since he has notice of it and relied upon it in drafting his complaint); *Heretick v. Amberley Shipping Corp.,*227 F.Supp.2d 575, 576 (E.D.Va. 2002) (court can consider charter party contract referenced in the complaint, which was submitted on the motion to dismiss); *Gasner v. County of Dinwiddie*, 162 F.R.D. 280, 282 (E.D.Va. 1995) (holding "when a plaintiff fails to introduce a pertinent document as part of his complaint, the defendant may attach the document to his motion to dismiss.").

## III.   <u>Legal Argument</u>

All of TP Plaintiffs' claims against Provident Mutual are properly dismissed for failure to state claims upon which relief may be granted. The First and Third Counts fail to state legally cognizable claims against Provident Mutual under ERISA because the courts have repeatedly rejected attempts to interject common law agency theories in an attempt to hold a defendant vicariously liable for the alleged misconduct of another. TP Plaintiffs' remaining state and common law claims against Provident Mutual fail because they are clearly preempted by ERISA. For these reasons, the TP Complaint against Provident Mutual should be dismissed.

**A.      The First and Third Counts are properly dismissed
           because they do not state claims cognizable under ERISA**

As an initial proposition, the TP Plaintiffs have expressly alleged that Provident Mutual is

neither the Plan Administrator or the Plan Trustees.  *Wasley TP Complaint* ¶¶ 1-3.  The GAC

affirms this fact, expressly providing:  "Under no circumstances will PMLIC be deemed to be a

Trustee of this Contract's assets, a Trustee of the Plan, the Plan Administrator, or other fiduciary

of the Plan.  Neither the Contractholder, Plan Administrator, nor their designated agent will be

considered to be an agent of PMLIC for any purpose."  GAC, ¶ 10.03, p. 17.

TP Plaintiffs predicated their ERISA claims against Provident Mutual upon an alleged

principal-agent relationship between Provident Mutual and Bulakites, Winslow and JAC.  *See*

*e.g.,* ¶ 36 (specifications of misconduct by "Bulakites, Winslow and JAC, as the employees or

agents of Provident Mutual...");  ¶ 46 (alleging breach by Provident Mutual "through the

wrongful acts or omissions of its employees and agents") and ¶ 47 (alleging "Provident Mutual is

vicariously liable for the breaches of fiduciary duties by its employees and agents.").  The courts

have repeatedly eschewed TP Plaintiffs' attempt to expand liability under ERISA by engrafting it

with common law doctrines.

ERISA § 1132(a) only recognizes causes of action asserted against a "fiduciary" as

defined by ERISA.  29 U.S.C §§ 1109(a), 1132(a)**;** *See, e.g.*, *Pegram v. Hendrich*, 530 U.S. 211,

226 (2000)("[i]n every case charging breach of ERISA fiduciary duty, then, the threshold

question is… whether that person was acting as a fiduciary (that is, was performing a fiduciary

function);. when taking the action subject to complaint.");  *Geller v. Country Line Auto Sales*, 86

F.3d 18, 21 (2d. Cir. 1996) ("the plaintiffs are foreclosed from recovering under [ERISA Section

1132(a)] unless they can demonstrate that [Defendants] are fiduciaries.").  ERISA § 1002(21)(a)

limits "fiduciary" status to a person who exercises discretionary authority or control respecting

management or administration.  29 U.S.C. § 1002(21)(A).  ERISA's definition of "person" is

devoid of any reference to a principal of an agent and/or an employer of an employee; ERISA

defines a "person" to include only "an individual, partnership, joint venture, corporation, mutual

company, joint-stock company, trust, estate, unincorporated organization, association, or

employee organization."  29 U.S.C. § 1002(9).  As ERISA's statutory text makes clear, Congress

omitted any reference to either agent/principal or employee/employer relationships within

ERISA's definition of "fiduciary" and, thus, did <u>not</u> authorize ERISA causes of action premised

on such relationships.

Likewise, the United States Supreme Court has repeatedly declined to expand liability

under ERISA through incorporation of common or state law doctrines.  The Supreme Court

consistently recognized congress's intent to limit ERISA's causes of action to those expressly

enumerated in the statute and to foreclose expansion of ERISA § 1132(a) to encompass remedies

Congress did not include.  *See e.g., Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134,

146 (1983) 146 ("the six integrated civil enforcement provisions found in § [1132(a)] of the

statute as finally enacted, however, provide strong evidence that Congress did *not* intend to

authorize other remedies that it simply forgot to incorporate expressly.") (emphasis in original);

*Great-West Life & Annuity Insur. Co. v. Knudson*, 534 U.S. 204, 209 (2001) (ERISA § 1132(a)'s

"carefully crafted and detailed enforcement scheme provides 'strong evidence that Congress did

not intend to authorize other remedies that it simply forgot to incorporate expressly.'"); *Mertens

v. Hewitt Assoc.*, 508 U.S 248, 251 (1993) (refusing to expand ERISA's remedies and because

"ERISA is … a comprehensive and reticulated statute, the product of a decade of congressional

study and the Nation's private employee benefit system.").  Accordingly, the Court eliminated all

judicial discretion to interject new causes of action into ERISA's remedial framework.  *See e.g.*,

CTDOCS:1585338.1

*Russell*, 473 U.S. 134, 146 (1983) ("the federal judiciary will not engraft a remedy on [ERISA], no matter how salutary, that Congress did not intend to provide."); *Great-West*, 534 U.S. at 209 (stating that courts should not "tamper with [the] enforcement scheme embodied in [ERISA] by extending the remedies not specifically authorized by its text.").

The Second Circuit concurs, fully adopting the Supreme Court's strict textual interpretation of ERISA § 1132(a)'s remedial provisions. *Gerosa v. Savasta & Co.*, 329 F.3d 317, 317-323 (2d Cir. 2003). Reasoning the use of federal common law "has not survived subsequent Supreme Court determinations," the Second Circuit, in *Gerosa,* reversed its prior holding in *Diduck v. Kaszcki & Sons*, 974 F.2d 270 (2d Cir. 1992) which had permitted the use of trust law to create federal common law causes of action under ERISA. *Id.* at 320. The Second Circuit held "that it is not for [courts] to decide the best ERISA remedial scheme" or "to fill in unwritten gaps in ERISA's civil remedies." *Id*. at 322. The Second Circuit, therefore, adopted the Supreme Court's "strong presumption that creation of [ERISA's] express remedy clearly forecloses others" and concluded that "the limited text of ERISA's civil remedies is inconsistent with judicial discovery of new liabilities." *Id*.

Consistent with strict textual interpretation of ERISA's remedial provisions espoused by the Supreme Court and the Second Circuit, other courts have denied attempts to interject common and state law agency tenets to impose liability under ERISA. *See e.g., Tool v. Nat'l Employee Benefit Serv., Inc.*, 957 F.Supp. 1114, 1120-21 (N.D. Cal 1996) (concluding that "nothing in ERISA suggests that Congress intended the wholesale importation of the common law of agency and vicarious liability into the fiduciary provisions of [ERISA]."); *Nat'l Mgmt Assoc., Inc. v. Transamerica Fin. Res, Inc.*, 197 F.Supp.2d 1016, 1023-25 (S.D. Ohio 2002) (refusing to impute fiduciary status to an entity based on entity's relationship with agent).

In *Tool, supra*, the defendant Massachusetts Mutual Life Insurance Company ("MassMutual") created and marketed a pension plan through two co-defendants. Under the terms of the pension plan, the plaintiff delivered plan contributions to the co-defendants who subsequently remitted them to MassMutual for investment in various pension plan accounts. The plaintiff claimed that the co-defendants breached their fiduciary duty by failing to remit the contribution to MassMutual and converting such sums for their own benefit. Furthermore, plaintiff alleged that co-defendants were agents of MassMutual and sought to hold MassMutual liable under ERISA for the co-defendants' alleged misconduct. *Id.* at 1120. The court rejected the plaintiff's attempt. Citing *Russell, supra*, the court held that "nothing in ERISA suggests that Congress intended the wholesale importation of the common law of agency and vicarious liability into the fiduciary provisions of [ERISA]." *Id*. Accordingly, the court refused to expand ERISA's express enforcement remedies to include a claim under common law agency principles and summarily dismissed Plaintiff's claim against MassMutual. *Id*. at 1120-21.

TP Plaintiffs' First Count for indemnification and Third Court for contribution suffer from the same defect and should suffer the same fate. *Sunderlin v. First Reliance Standard Life Ins. Co.*, 235 F.Supp.2d 222, 237 (W.D. NY) (Dismissing a plan administrator's request for contribution and indemnification against third-party defendant since third-party defendant was not the plan administrator as defined by ERISA and, as such, was not responsible for plan administrator's duties.) Because well-established law precludes TP Plaintiff attempt to impose ERISA liability upon Provident Mutual without the use of ERISA's text by the importation of common law principles, the First and Third Counts are properly dismissed.

CTDOCS:1585338.1

**B.**      **TP Plaintiffs' State Law Causes of Action are Preempted by ERISA**

As previously noted, TP Plaintiffs have brought a state law claims against Provident Mutual for breach of fiduciary duty, negligent and intentional misrepresentation, professional malpractice, breach of implied contract and CUTPA.  These claims are all preempted under ERISA § 1144(a) and are properly dismissed.

Pursuant to ERISA § 1144(a)'s deliberately broad language, ERISA's remedial and administrative provisions "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a)…."  29 U.S.C. 1144(a).  A state law "relates to" an ERISA employee benefit plan when such law makes "reference to" or has a "connection with" such plan. *Egelhoff v. Egelhoff*, 532 U.S. 141, 147 (2001); *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139 (1990).  ERISA § 1144(c)(1) broadly defines "State law" as all "laws, decisions, rules, regulations, or other State action having the effect of law, of any State."  29 U.S.C 1144(c)(1).  *See also Ingersall*, *supra* at 138-139. ("to underscore its intent that [29 U.S.C. 1144(a)] be expansively applied, Congress used equally broad language in defining the "State law" that would be pre-empted.").

The Second Circuit similarly adopts an expansive view of "state law" for purpose of determining whether ERISA's preemption applies.  *See e.g., Bonnie Cicio v. Vytra Heathcare*, 321 F.3d 83, 96 (2d Cir. 2003) (stating that ERISA preempts common law claims when such claims "concern the existence or extent of benefits under an employee benefit plan."); *Derek J. Smith v. Dunham-Bush*, 959 F.2d 6, 11 (2d Cir. 1992) (preemption applies when a "cause of action makes specific references to, and indeed is premised on, the existence of a pension plan…. Because the court's inquiry must be directed to the plan, [the] judicially created cause of action "relates to" an ERISA plan" and is thereby, preempted); *Estate of Kolasinki v. Cigna Heathplan*

CTDOCS:1585338.1

*of Connecticut, Inc*, 1998 U.S. Dist. LEXIS 20661, \*7 (D.C. Conn. 1998) (applying ERISA

preemption to common law claims which "arise solely out of the existence of the plan and the

benefits the plan should provide.").

Moreover, ERISA's preemption applies even if the state law asserted is consistent or

beneficial to ERISA's purpose.  *See e.g Ingersoll-Rand Co.*, 498 U.S. at 483 ("Pre-emption is

also not precluded simply because a state law is consistent with ERISA's substantive

requirements."); *Plumbing Indust. Brd.*, 126 F.3d at 68 ("Simply put, [ERISA Section 1132(a)]

sets forth a comprehensive civil enforcement scheme that reflects the legislature's desire to

include certain remedies and exclude others, and States are not free to add or subtract addition

remedies to the mix…."); *Edger Romney v. Alan Lin*, 94 F.3d 74, 81 (2d Cir. 1996) ("the effect

of ERISA preemption is wholly to eliminate state law claims by plan participants and

beneficiaries, leaving them only the causes of action specifically provided in the statute's civil

enforcement provisions.").

Here, it is patent that all of the TP Plaintiffs' state law counts fall within the purview of

ERISA's preemption.  All of the TP Plaintiffs' state law claims against Provident Mutual rely

solely upon the allegations contained in their putative ERISA claims against Provident Mutual.

Addressing each of TP Plaintiffs' state law counts in turn:

Regarding TP Plaintiffs' Fifth Count, the courts have repeatedly held common law

breach of fiduciary duty claims are preempted by ERISA as inherently connected to a

defendant's ERISA fiduciary duty claim.  *See e.g., Mason Tenders Dist. Council Pension Fund*

*v. Messera*, 958 F. Supp. 869, 880 (S.D.N.Y 1997) (observing that "those courts that have

specifically addressed ERISA preemption of a breach of fiduciary duty claim have held…that

fiduciary duties traditionally recognized at common law are governed solely by ERISA."); *Pedre*

*Co. v. Robins*, 901 F.Supp. 660, 665 (S.D.N.Y 1995) (preempting a fiduciary duty claim because, "there can be no [common law] fiduciary duty unless defendants are found to be fiduciaries of the [ERISA] Plan."). Indeed, the mere existence of an ERISA employee benefit plan is sufficient to bring a common law fiduciary duty claim within ERISA § 1144(a)'s scope. *Mason Tenders*, 958 F. Supp. at 880 ("common law breach of fiduciary duty claims involving ERISA benefit plans, even when asserted against non-fiduciaries… have been held preempted by ERISA."); *Nealy v. U.S.HealthCare HMO*, 844 F.Supp 966, 974 (S.D. N.Y 1994).("preemption applies to because civil enforcement provision provide a specific remedy for beach of fiduciary duty once it is found that a plan is covered by ERISA."). The Fifth Count asserts that Provident Mutual, through its employees and agents, breached its (alleged) fiduciary duties to TP Plaintiffs and the Plan's participants in its (alleged capacity) as third-party administrator of the Plan. *Walsey TP Complaint,* Fifth Count ¶ 39. The Fifth Count is patently preempted by ERISA and is properly dismissed.

Regarding TP Plaintiffs' Seventh Count, state law malpractice claims are preempted when they seek to impose liability for the improper administration of an ERISA employee benefit plan. *See e.g., Brandon v. Aetna Services, Inc.*, 46 F.Supp.2d 110, 113 (D.Conn 1999). Here, TP Plaintiff's malpractice claim asserts that Provident Mutual breached an alleged "duty of professional skill and care to [the Third-Party Plaintiffs] to properly administer and manage the [§ 401(k) Retirement Plan] and its assets." *Walsey TP Complaint, Seventh Count,* ¶¶ 39, 40. TP Plaintiffs' Seventh Count is preempted by ERISA and is properly dismissed.

Regarding TP Plaintiffs' Ninth and Tenth Counts for intentional and negligent misrepresentation, ERISA § 1144(a) preempts misrepresentation claims when such "representations concern the existence or extent of benefits under an employee benefit plan."

*Bonnie Cicio v. Vytra Healthcare*, 321 F.3d 83, 96 (2d Cir. 2003).  Courts within the Second

Circuit readily dismiss misrepresentation claims under ERISA § 1144(a) because, similar to a

common law claim for breach of fiduciary duty, such claims inherently are premised upon the

existence of and/or benefits provided under an ERISA employee benefit plan.  *E.g., Zito v. SBC*

*Pension Benefit Plan*, 2002 U.S. Dist. Lexis 17616, *7 (D.Conn 2002) (reasoning that "the

existence of an [ERISA plan] is inseparably connected to any determination of liability under

state common law of misrepresentation.  There is simply no cause of action if there is no plan.")

(citing *Vartanian v. Monsanto Co.*, 14 F.3d 697, 700 (1st Cir. 1994)).  Here, it is clear that the

TP Plaintiffs' misrepresentation claim relate to the existence and/or extent of benefits under the

Plan and, further, necessitate examination of the Plan's terms. *See e.g.,* Complaint, Ninth Count ¶

42 and Tenth Count ¶ 49 (alleging misrepresentations relating to, *inter alia*, the value of

investments under the 401(k) Plan and the existence of a diversified equity account for plan

contribution).  The Ninth and Tenth Count are preempted by ERISA and are properly dismissed.

Regarding TP Plaintiffs' Eleventh Count, a CUTPA claim is related to an ERISA

employee benefit plan when (as here) the claimant fails to assert supporting factual allegations

independent of those which support claimant's ERISA cause of action.  *Degrooth v. Gen.*

*Dynamic Corp.*, 837 F.Supp.485, 490 (D.Conn. 1993).  *See also Martha Case v. Hospital of St.*

*Raphael*, 38 F.Supp.2d 207, 209 (D.Conn. 1999)  ("Courts have consistently held that ERISA

preempts state common law claims and statutory claims such as breach of contract or CUTPA.").

Here, the TP Plaintiffs allege that Provident Mutual violated CUTPA by reason of "various acts

of misconduct concerning the administration and management of the of the § 401(k) Retirement

Plan." *Walsey TP Complaint*, Eleventh Count, ¶ 50.  The Eleventh Count is preempted by

ERISA and is properly dismissed.

CTDOCS:1585338.1

Regarding TP Plaintiffs' Twelfth Count, the TP Plaintiffs reiterate all the allegations of their ERISA counts and conclude that Provident Mutual breached an alleged implied agreement to "to perform various Third Party Administration and investment services for the Wasley Products pension plans in exchange for compensation." *Walsey TP Complaint*, Twelfth Count, ¶ 53..  Again, the ERISA preemption applies when "cause of action makes specific references to, and indeed is premised on, the existence of a pension plan." *Derek J. Smith v. Dunham-Bush*, 959 F.2d 6, 11 (2d Cir. 1992).  The Twelfth Count falls within ERISA's preemption and is properly dismissed.

## IV.    <u>Conclusion</u>

For the foregoing reasons, Nationwide Life Insurance Company of America respectfully request this Court grant its Motion to Dismiss Third-party Plaintiffs' Complaint As It Applies to Third Party Defendant Nationwide Life Insurance Company of America (f/k/a Provident Mutual Life Insurance Company)

**NATIONWIDE LIFE INSURANCE COMPANY OF AMERICA f/k/a PROVIDENT MUTUAL LIFE INSURANCE COMPANY**

/s/ Bryan D. Short
Deborah S. Freeman [ct 05257]
Bryan D. Short        [ct 24374]
Bingham McCutchen LLP
One State Street
Hartford, CT 06103
Tel:  (860) 240-2700
Fax:  (860) 240-2818
deborah.freeman@bingham.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 19th date of April, 2004 a copy of the foregoing was sent by

first class mail, postage pre-paid, to the following counsel of record in this case:

Theodore J. Tucci
Jean E. Tomoasco
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

Thomas G. Moukawasher, Esq.
Ian O Smith, Esq.
Moukawsher & Walsh
21 Oak Street, Suite 209
Hartford, CT 06106

Maurice FitzMaurice, Esq.
Peter K. Rydel, Esq.
Reid and Riege, P.C.
One State Street
Hartford, CT 06103

Albert Zakarian, Esq.
Victoria Woodin Chavey, Esq.
Eric Sussman, Esq.
Day, Berry & Howard LLP
CityPlace I
Hartford, CT 06103

and a copy sent to the following:

Mary E.R. Bartholic, Esq.
Thomas W. Witherington, Esq.
Cohn Birnbaum & Shea P.C.
100 Pearl Street
Hartford, CT 06103

/s/ Bryan D. Short
Bryan D. Short

CTDOCS:1585338.1

18

CTDOCS:1585338.1