UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GREGORY PRENTISS, et al., | ) | **MASTER CONSOLIDATED CASE** |
| | ) | **CIVIL NO.: 3:03 CV 383 (DJS)** |
| Plaintiffs, | ) | |
| | ) | **THIS PLEADING PERTAINS TO** |
| v. | ) | **CIVIL NO.: 3:03 CV 1790 (DJS)** |
| | ) | |
| WASLEY PRODUCTS, INC., | ) | |
| ET AL., | ) | |
| | ) | |
| Defendants. | ) | **MAY 27, 2004** |

<u>**ANSWER, AFFIRMATIVE DEFENSES, AND CROSSCLAIMS OF
DEFENDANTS BARRY BULAKITES, JAMES WINSLOW, AND
JOSHUA ADAMS CORPORATION**</u>

Defendants Barry Bulakites, James Winslow, and Joshua Adams Corporation

(hereinafter the "Crossclaim Defendants") hereby answer the Crossclaims of

Defendants Wasley Products, Inc., Alan A. Wasley, Andrew Brady, Sandi Dumas-

Laferriere, and Barry Connell (hereinafter "Crossclaim Plaintiffs") as follows:

**<u>Factual Allegations</u>**

1.      As to the allegations in Paragraph 1, Crossclaim Defendants lack

sufficient information or knowledge upon which to base a belief and leave Crossclaim

Plaintiffs to their proof.

2.      As to the allegations in Paragraph 2, Crossclaim Defendants lack sufficient information or knowledge upon which to base a belief and leave Crossclaim Plaintiffs to their proof.

3.      Crossclaim Defendants admit the allegations in the first sentence of Paragraph 3. Crossclaim Defendants deny the remaining allegations of Paragraph 3.

4.      Crossclaim Defendants admit the allegations in the first sentence of Paragraph 4. Crossclaim Defendants deny the remaining allegations of Paragraph 4.

5.      As to the first sentence of Paragraph 5, Crossclaim Defendants lack sufficient information or knowledge upon which to base a belief and leave Crossclaim Plaintiffs to their proof.  Crossclaim Defendants deny the remaining allegations of Paragraph 5.

6.      As to the allegations in Paragraph 6, Crossclaim Defendants lack sufficient information or knowledge upon which to base a belief and leave Crossclaim Plaintiffs to their proof.

7.      As to the allegations in Paragraph 7, Crossclaim Defendants lack sufficient information or knowledge upon which to base a belief and leave Crossclaim Plaintiffs to their proof.

8.    As to the allegations in Paragraph 8, Crossclaim Defendants lack sufficient information or knowledge upon which to base a belief and leave Crossclaim Plaintiffs to their proof.

9.    As to the allegations in Paragraph 9, Crossclaim Defendants lack sufficient information or knowledge upon which to base a belief and leave Crossclaim Plaintiffs to their proof.

10.    The letter speaks for itself.

11.    As to the allegations in Paragraph 11, Crossclaim Defendants lack sufficient information or knowledge upon which to base a belief and leave Crossclaim Plaintiffs to their proof.

12.    As to the allegations in Paragraph 12, Crossclaim Defendants lack sufficient information or knowledge upon which to base a belief and leave Crossclaim Plaintiffs to their proof.

13.    Denied.

14.    As to the allegations in Paragraph 14, Crossclaim Defendants lack sufficient information or knowledge upon which to base a belief and leave Crossclaim Plaintiffs to their proof.

15.     As to the allegations in Paragraph 15, Crossclaim Defendants lack sufficient information or knowledge upon which to base a belief and leave Crossclaim Plaintiffs to their proof.

16.     As to the allegations in Paragraph 16, Crossclaim Defendants lack sufficient information or knowledge upon which to base a belief and leave Crossclaim Plaintiffs to their proof.

17.     As to the allegations in Paragraph 17, Crossclaim Defendants lack sufficient information or knowledge upon which to base a belief and leave Crossclaim Plaintiffs to their proof.

18.     As to the allegations in Paragraph 18, Crossclaim Defendants lack sufficient information or knowledge upon which to base a belief and leave Crossclaim Plaintiffs to their proof.

19.     As to the allegations in Paragraph 19, Crossclaim Defendants lack sufficient information or knowledge upon which to base a belief and leave Crossclaim Plaintiffs to their proof.

20.     As to the allegations in Paragraph 20, Crossclaim Defendants lack sufficient information or knowledge upon which to base a belief and leave Crossclaim Plaintiffs to their proof.

21.    As to the allegations in Paragraph 21, Crossclaim Defendants lack sufficient information or knowledge upon which to base a belief and leave Crossclaim Plaintiffs to their proof.

22.    As to the allegations in Paragraph 22, Crossclaim Defendants lack sufficient information or knowledge upon which to base a belief and leave Crossclaim Plaintiffs to their proof.

23.    As to the allegations in Paragraph 23, Crossclaim Defendants lack sufficient information or knowledge upon which to base a belief and leave Crossclaim Plaintiffs to their proof.

24.    As to the allegations in Paragraph 24, Crossclaim Defendants lack sufficient information or knowledge upon which to base a belief and leave Crossclaim Plaintiffs to their proof.

25.    As to the allegations in Paragraph 25, Crossclaim Defendants lack sufficient information or knowledge upon which to base a belief and leave Crossclaim Plaintiffs to their proof.

26.    As to the allegations in Paragraph 26, Crossclaim Defendants lack sufficient information or knowledge upon which to base a belief and leave Crossclaim Plaintiffs to their proof.

27.     As to the allegations in Paragraph 27, Crossclaim Defendants lack sufficient information or knowledge upon which to base a belief and leave Crossclaim Plaintiffs to their proof.

28.     As to the allegations in Paragraph 28, Crossclaim Defendants lack sufficient information or knowledge upon which to base a belief and leave Crossclaim Plaintiffs to their proof.

29.     As to the allegations in Paragraph 29, Crossclaim Defendants lack sufficient information or knowledge upon which to base a belief and leave Crossclaim Plaintiffs to their proof.

30.     As to the allegations in Paragraph 30, Crossclaim Defendants lack sufficient information or knowledge upon which to base a belief and leave Crossclaim Plaintiffs to their proof.

31.     Denied.

32.     Denied.

33.     Denied.

**FIRST COUNT (ERISA: Indemnification for Breach of Fiduciary Duty)**

1.-33.   Crossclaim Defendants' responses to Paragraphs 1 through 33 of the Cross-Complaint are hereby incorporated by reference as Paragraphs 1 through 33 of this, the First Count.

34.   Denied.

35.   As to the allegations in Paragraph 35, Crossclaim Defendants lack sufficient information or knowledge upon which to base a belief and leave Crossclaim Plaintiffs to their proof.

36.   As to the allegations in Paragraph 36, Crossclaim Defendants lack sufficient information or knowledge upon which to base a belief and leave Crossclaim Plaintiffs to their proof.

37.   As to the allegations in Paragraph 37, Crossclaim Defendants lack sufficient information or knowledge upon which to base a belief and leave Crossclaim Plaintiffs to their proof.

38.   As to the allegations in Paragraph 38, Crossclaim Defendants lack sufficient information or knowledge upon which to base a belief and leave Crossclaim Plaintiffs to their proof.

39.    As to the allegations in Paragraph 39, Crossclaim Defendants lack sufficient information or knowledge upon which to base a belief and leave Crossclaim Plaintiffs to their proof.

40.    As to the allegations in Paragraph 40, Crossclaim Defendants lack sufficient information or knowledge upon which to base a belief and leave Crossclaim Plaintiffs to their proof.

41.    As to the allegations in Paragraph 41, Crossclaim Defendants lack sufficient information or knowledge upon which to base a belief and leave Crossclaim Plaintiffs to their proof.

42.    Denied.

43.    Denied.

## SECOND COUNT (ERISA: Contribution for Breach of Fiduciary Duty)

1.-42.    Crossclaim Defendants' responses to Paragraphs 1 through 42 of the First Count to the Cross-Complaint are hereby incorporated by reference as Paragraphs 1 through 42 of this, the Second Count.

43.    Denied.

44.    Denied.

**THIRD COUNT (ERISA: Common Law Breach of Fiduciary Duty)**

1.-33.  Crossclaim Defendants' responses to Paragraphs 1 through 33 of the Cross-Complaint are hereby incorporated by reference as Paragraphs 1 through 33 of this, the Third Count.

34.    As to the allegations in Paragraph 34, Crossclaim Defendants lack sufficient information or knowledge upon which to base a belief and leave Crossclaim Plaintiffs to their proof.

35.    As to the allegations in Paragraph 35, Crossclaim Defendants lack sufficient information or knowledge upon which to base a belief and leave Crossclaim Plaintiffs to their proof.

36.    Denied.

37.    Denied.

**FOURTH COUNT (Professional Negligence/Malpractice)**

1.-33.  Crossclaim Defendants' responses to Paragraphs 1 through 33 of the Cross-Complaint are hereby incorporated by reference as Paragraphs 1 through 33 of this, the Fourth Count.

34.     As to the allegations in Paragraph 34, Crossclaim Defendants lack sufficient information or knowledge upon which to base a belief and leave Crossclaim Plaintiffs to their proof.

35.     Denied.

36.     Denied.

## COUNT FIVE (Intentional Misrepresentation)

1.-33.  Crossclaim Defendants' responses to Paragraphs 1 through 33 of the Cross-Complaint are hereby incorporated by reference as Paragraphs 1 through 33 of this, the Fourth Count.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

### SIXTH COUNT (Negligent Misrepresentation)

1.-33.  Crossclaim Defendants' responses to Paragraphs 1 through 33 of the Cross-Complaint are hereby incorporated by reference as Paragraphs 1 through 33 of this, the Sixth Count.

34.    Denied.

35.    Denied.

36.    Denied.

37.    Denied.

38.    Denied.

### SEVENTH COUNT (Breach of Implied-in-Fact Contract)

1.-37.  Crossclaim Defendants' responses to Paragraphs 1 through 37 of the Cross-Complaint are hereby incorporated by reference as Paragraphs 1 through 37 of this, the Seventh Count.

38.    Denied.

39.    Denied.

### EIGHTH COUNT (Unfair Trade Practices)

1.-39.  Crossclaim Defendants' responses to Paragraphs 1 through 39 of the Cross-Complaint are hereby incorporated by reference as Paragraphs 1 through 39 of this, the Eighth Count.

40.     As to the allegations in Paragraph 40, Crossclaim Defendants lack sufficient information or knowledge upon which to base a belief and leave Crossclaim Plaintiffs to their proof.

41.     Denied.

42.     Denied.

43.     Denied.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

To the extent that Crossclaim Plaintiffs have suffered loss or damage, all such loss or damage, if any, was caused by the acts and conduct of Crossclaim Plaintiffs, and not by the acts and conduct of Crossclaim Defendants.

## SECOND AFFIRMATIVE DEFENSE

Crossclaim Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitation.

## THIRD AFFIRMATIVE DEFENSE

Crossclaim Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

Crossclaim Defendants acted in good faith and Crossclaim Plaintiffs are not entitled to recover attorneys' fees and costs from Crossclaim Defendants.

## CROSS-COMPLAINT AGAINST
## WASLEY PRODUCTS, INC., ALAN A. WASLEY, ANDREW BRADY, SANDI DUMAS-LAFERRIERE, AND BARRY CONNELL

### Factual Allegations

1.     Upon information and belief, Crossclaim Defendant Wasley Products, Inc. ("Wasley") is a company organized and existing under and pursuant to the laws of the State of Connecticut, with its principal place of business in Plainville, Connecticut.

2.      Upon information and belief, at all relevant times herein, Crossclaim Defendant Alan Wasley was the chairman and chief executive officer of Crossclaim Defendant Wasley, and a resident of the State of Connecticut.

3.      Upon information and belief, at all relevant times herein, Crossclaim Defendant Andrew Brady was an employee of Crossclaim Defendant Wasley, and a resident of the State of Connecticut.

4.      Upon information and belief, at all relevant times herein, Crossclaim Defendant Sandi Dumas-Laferriere was an employee of Crossclaim Defendant Wasley, and a resident of the State of Connecticut.

5.      Crossclaim Defendant Barry Connell is the former president of Wasley and, upon information and belief, a resident of the State of Connecticut.

6.      Crossclaim Plaintiff Barry L. Bulakites is an individual residing at 558 Castle Pines Parkway, Castle Pines, Colorado.

7.      Crossclaim Plaintiff James Winslow is an individual residing at 134 Old Kelsey Point Road, Westbrook, Connecticut.

8.      Crossclaim Plaintiff Joshua Adams Corporation ("JAC") is a corporation organized and existing under and pursuant to the laws of the State of Connecticut.

9.    Prior to 1991, Wasley established and maintained a defined benefit plan for its employees, the funds of which were commingled (the "Wasley DBP").

10.    The Wasley DBP consisted of two separate defined benefit plans known as: (i) the Wasley Products, Inc. Retirement Plan, which was available to non-union office staff (hereinafter referred to as the "Salaried Plan"), and (ii) the Wasley Products, Inc. UAW Local 376 Retirement Plan, which was available to union employees (hereinafter referred to as the "Union Plan").

11.    At all relevant times herein, Crossclaim Defendant Wasley was the plan sponsor and plan administrator of the Wasley DBP. In that capacity, Wasley was a fiduciary of the Wasley DBP.

12.    At all relevant times herein, Crossclaim Defendant Alan Wasley was a trustee and fiduciary of the Wasley DBP.

13.    At all relevant times herein, Crossclaim Defendant Andrew Brady was a trustee and fiduciary of the Wasley DBP.

14.    At all relevant times herein, Crossclaim Defendant Sandi Dumas-Laferriere was a trustee and fiduciary of the Wasley DBP.

15.    In or around 1991, Wasley allegedly hired Crossclaim Plaintiffs to provide management and administrative services to the Wasley DBP.

16.    During the term of the Wasley DBP, as fiduciaries of the Wasley DBP, Crossclaim Defendants were legally required to fund the DBP by making timely contributions to the DBP.

17.    In or around October 1991, the Wasley DBP was terminated.

18.    At the time the Wasley DBP was terminated, the assets of the Wasley DBP were frozen.

19.    At the time that the assets of Wasley DBP were frozen, both the Salaried Plan and the Union Plan were severely underfunded because Crossclaim Defendants had failed to make all required contributions to the DBP.

20.    In their capacity as trustees and fiduciaries of the Wasley DBP, at the time that the assets of the Wasley DBP were frozen, Crossclaim Defendants knew, or had reason to know, that the Wasley DBP was underfunded.

21.    In or around May 1995, a 401(k) plan was established for the benefit of Wasley's salaried employees. This plan is known as the Wasley Products, Inc. 401(k) Profit Sharing Plan (the "401(k) Plan").

22.    At all relevant times herein, Crossclaim Defendant Wasley was the plan sponsor and plan administrator of the 401(k) Plan and a fiduciary of the 401(k) Plan.

23.    At all relevant times herein, Crossclaim Defendant Alan Wasley was a trustee and fiduciary of the 401(k) Plan.

24.    At all relevant times herein, Crossclaim Defendant Andrew Brady was a trustee and fiduciary of the 401(k) Plan.

25.    At all relevant times herein, Crossclaim Defendant Sandi Dumas-Laferreire was a trustee and fiduciary of the 401(k) Plan.

26.    At all relevant times herein, Crossclaim Defendant Barry Connell was a trustee and fiduciary of the 401(k) Plan.

27.    In or around May 1995, approximately $207,000 was transferred from the frozen Wasley DBP and was deposited into the 401(k) Plan.

28.    Between the time that the Salaried Plan was frozen in 1991, and the time that the 401(k) Plan was instituted in 1995 (hereinafter referred to as the "conversion period"), in their capacity as fiduciaries of the 401(k) Plan the Crossclaim Defendants were required to make contributions to the frozen Salaried Plan in order to bring that plan into fully funded status.

29.    During the conversion period, however, the Crossclaim Defendants failed to make all required contributions to the frozen Salaried Plan.

30.    Thus, from the inception of the 401(k) Plan in May 1995, the 401(k) Plan was severely underfunded both from the failure to make all required contributions prior to 1991 and to make all required contributions during the conversion period.

31.    In their capacity as trustees and/or fiduciaries of the 401(k) Plan, the Crossclaim Defendants knew, or had reason to know, that the 401(k) Plan was severely underfunded on the date of inception.

32.    Under the terms of the 401(k) Plan, and as fiduciaries of the 401(k) Plan, Crossclaim Defendants were legally required to withhold funds from salaried employees' paychecks and to forward such funds timely to the Crossclaim Plaintiffs for deposit into various investment accounts.

33.    Throughout the relevant term of the 401(k) Plan, however, the Crossclaim Defendants either: (i) failed to forward 401(k) funds to Crossclaim Plaintiffs in a timely manner; or (ii) failed to forward 401(k) funds to Crossclaim Plaintiffs at all.

34.    Crossclaim Defendants' acts and omissions as described above, resulted in a severe underfunding of the 401(k) Plan and a loss of interest.

35.    During the relevant term of the 401(k) Plan, Crossclaim Plaintiffs informed Crossclaim Defendants on numerous occasions that: (i) the 401(k) Plan was severely underfunded; (ii) Crossclaim Defendants had failed to forward timely payments of 401(k) withholding funds; and/or (iii) Crossclaim Defendants had failed to forward such funds at all.

36.    As a result of Crossclaim Defendants' acts and omissions, Plaintiffs' 401(k) accounts presently remain severely underfunded.

### COUNT I:    INDEMNIFICATION FOR BREACH OF FIDUCIARY DUTY UNDER ERISA

1.-36.    The allegations of Paragraphs 1 through 36 are hereby incorporated as corresponding Paragraphs 1 through 36 of this, Count I, as if fully set forth herein.

37.    Assuming: (i) that the Wasley DBP and the 401(k) Plan are subject to the Employee Retirement Income Security Act ("ERISA"); and (ii) that the Crossclaim Defendants were trustees and/or fiduciaries of the Wasley DBP, and are trustees and/or fiduciaries of the 401(k) Plan within the meaning of ERISA, the Crossclaim Defendants, through their wrongful acts or omissions as alleged above, breached their fiduciary duties in violation of ERISA, including, but not limited to, those duties enumerated in 29 U.S.C. § 1104 and 29 U.S.C. § 1106.

38.    By virtue of such conduct, to the extent that Crossclaim Plaintiffs may be subject to liability arising out of the actions and conduct of the Crossclaim Defendants, Crossclaim Defendants are obligated to indemnify fully and hold harmless Crossclaim Plaintiffs from any such liability, defenses costs, or damages assessed against them arising out of Plaintiffs' Complaint including, but not limited to, any such liability, defense costs, or damages assessed against them pursuant to 29 U.S.C. § 1132(a)(2) for civil relief under 29 U.S.C. § 1109 or for equitable relief under 29 U.S.C. § 1132(a)(3).

## COUNT II:   CONTRIBUTION FOR BREACH OF FIDUCIARY DUTY
## UNDER ERISA

1.-37.   The allegations of Paragraphs 1 through 37 of Count I are hereby incorporated as corresponding Paragraphs 1 through 37 of this, Count II, as if fully set forth herein.

38.    By virtue of such conduct, to the extent that Crossclaim Plaintiffs may be subject to liability arising out of the fiduciary breaches of the Crossclaim Defendants, Crossclaim Defendants are obligated to make contribution in an amount sufficient to account for the losses, costs, and damages attributable to the Crossclaim Defendants' wrongful acts or omissions arising out of Plaintiffs' Complaint including,

20

but not limited to, any such liability, defense costs, or damages assessed against them pursuant to 29 U.S.C. § 1132(a)(2) for civil relief under 29 U.S.C. § 1109 or for equitable relief under 29 U.S.C. § 1132(a)(3).

**COUNT III:  COMMON LAW INDEMNITY OR CONTRIBUTION**

1.-36.  The allegations of Paragraphs 1 through 36 of are hereby incorporated as corresponding Paragraphs 1 through 36 of this, Count III, as if fully set forth herein.

37.    At all relevant times herein, Crossclaim Defendants were in a fiduciary position of trust and confidence vis-à-vis the Plaintiffs and owed them a duty to act at all times in good faith and to deal fairly with them and with the assets of the Plaintiffs entrusted to their care.

38.    By the acts and conduct alleged above, Crossclaim Defendants breached their fiduciary duties to the Plaintiffs.

39.    By virtue of such conduct, to the extent that Crossclaim Plaintiffs may be exposed to liability to Plaintiffs for the claims alleged in Plaintiffs' Complaint, any such liability is due to the breaches of the fiduciary duties owed to the Plaintiffs by Crossclaim Defendants and thus Crossclaim Defendants are liable to Crossclaim

Plaintiffs, in whole or in part, for any defense costs or liability arising out of Plaintiff's Complaint.

## COUNT IV:  NEGLIGENCE

1.-36.  The allegations of Paragraphs 1 through 36 of are hereby incorporated as corresponding Paragraphs 1 through 36 of this, Count IV, as if fully set forth herein.

37.    At all relevant times herein, Crossclaim Defendants owed a duty of care to the Plaintiffs with respect to the funding of their retirement plans.

38.    By the acts and conduct described above, the Crossclaim Defendants breached their duty of care owed to the Plaintiffs.

39.    The harm to Plaintiffs as alleged in Plaintiffs' Complaint was caused-in-fact and proximately caused by Crossclaim Defendants' breach.

40.    By virtue of such conduct, to the extent that Crossclaim Plaintiffs may be exposed to liability to Plaintiffs for the claims alleged in Plaintiffs' Complaint, any such liability is due to the breach of the duty of care owed to the Plaintiffs by Crossclaim Defendants and thus Crossclaim Defendants are liable to Crossclaim Plaintiffs, in whole or in part, for any defense costs or liability arising out of Plaintiff's Complaint.

## PRAYER FOR RELIEF:

**WHEREFORE,** Crossclaim Plaintiffs Barry Bulakites, James Winslow, and Joshua Adams Corporation seek the following relief:

(a)     A judgment requiring Crossclaim Defendants to fund the Wasley Products, Inc. 401(k) Profit Sharing Plan to its full actuarial status, including any accumulated interest, from the time of the Wasley DBP;

(b)     A judgment against Crossclaim Defendants in an amount equal to any and all charges and penalties assessed against Crossclaim Plaintiffs by virtue of Crossclaim Defendants' breach of their fiduciary duties, either under ERISA or under the common law;

(c)     A judgment against Crossclaim Defendants in an amount equal to any and all charges and penalties assessed against Crossclaim Plaintiffs by virtue of Crossclaim Defendants' breach of their duty of care owed to the Plaintiffs;

(d)     A judgment ordering Crossclaim Defendants to indemnify Crossclaim Plaintiffs for any losses or damages recovered by Plaintiffs;

(e)     A judgment ordering contribution in favor of Crossclaim Plaintiffs in an amount sufficient to account for the losses, costs, and damages attributable to Crossclaim Defendants' wrongful acts or omissions;

(f)     Incidental and consequential damages;

(g)     Interest;

(h)     Reasonable attorneys' fees; and

(i)     Such further relief in law or in equity as the Court may deem just and appropriate.

DEFENDANTS
**BARRY LEONARD BULAKITES,**
**JAMES ALBERT WINSLOW &**
**JOSHUA ADAMS CORPORATION**

By _Peter K. Rydel_

Maurice T. FitzMaurice
Fed. #ct04302
Peter K. Rydel
Fed. #ct24793
REID AND RIEGE, P.C.
One Financial Plaza, 21st Flr.
Hartford, CT 06103
Tel. 860-278-1150

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of May, 2004, a copy of the foregoing was sent via first class mail, postage prepaid, to the following:

Mary E.R. Bartholic, Esq.
Cohn Birnbaum & Shea, P.C.
100 Pearl Street
Hartford, CT 06103

Deborah S. Freeman, Esq.
Bryan D. Short, Esq.
Bingham McCutchen
One State Street
Hartford, CT 06103

Eric L. Sussman, Esq.
Day, Berry & Howard, LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103

Theodore J. Tucci, Esq.
Robinson & Cole
280 Trumbull Street
Hartford, CT 06103-3597

Thomas G. Moukasher, Esq.
Moukasher & Walsh, LLC
Capitol Place
21 Oak Street
Hartford, CT 06106

_____
Peter K. Rydel