UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GREGORY PRENTISS, et al.,<br><br>    Plaintiffs<br><br>vs.<br><br>WASLEY PRODUCTS, INC, et al.,<br><br>    Defendants/Third Party Plaintiffs<br><br><br>vs.<br>PROVIDENT MUTUAL LIFE INSURANCE COMPANY, et al.,<br><br>    Third Party Defendants | MASTER CIVIL ACTION<br>NO. 3:03CV0383 (DJS)<br><br>THIS PLEADING PERTAINS TO<br>CIVIL NO. 3:03 CV 1790 (DJS)<br><br><br><br>JUNE 25, 2004 |

**THIRD-PARTY DEFENDANT NATIONWIDE LIFE INSURANCE COMPANY OF AMERICA'S F/K/A PROVIDENT MUTUAL LIFE INSURANCE COMPANY REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THIRD-PARTY PLAINTIFFS' COMPLAINT AS IT APPLIES TO <u>NATIONWIDE LIFE INSURANCE COMPANY OF AMERICA</u>**

Third-Party Defendant Nationwide Life Insurance Company of America f/k/a Provident Mutual Life Insurance Company ("**Nationwide**" or "**Provident Mutual**"), by its Motion (the "Motion") and accompanying brief ("Moving Brief ") dated April 19, 2004, moved to dismiss the Complaint filed with this Court on March 8, 2004 (the "**Complaint**"). Third Party Plaintiffs Wasley Products, Inc and Trustees Alan Wasley, Andrew Brady, Sandi Dumas-Laferriere and Berry Connell (collectively referred to as the "**TP Plaintiffs**") as the Complaint applies to Nationwide. TP Plaintiffs opposed

**ORAL ARGUMENT REQUESTED**
**TESTIMONY NOT REQUIRED**
CTDOCS/1593375.2

Nationwide's Motion in their Memorandum in Opposition to Third-Party Defendant's Motion to Dismiss dated June 9, 2004 (the "Opposition Brief"). Nationwide submits this Memorandum in reply to the Opposition Brief and in further support of Nationwide's Motion.

## I) INTRODUCTION

The Opposition Brief fails to rectify the fundamental defect in the Complaint's ERISA claims: the Second Circuit does not (and will not) recognize an ERISA claim predicated upon some federal common law theory of vicarious liability. Indeed, TP Plaintiffs ignore this Circuit's prevailing law and attempt to argue that this Court must adopt the contrary reasoning of foreign jurisdictions. In addition to failing to assert any cognizable cause of action for vicarious liability, TP Plaintiffs do not present a single factual allegation to support the Complaint's bald legal conclusions that Nationwide is somehow directly liable under ERISA as a corporate entity. It is the absence of factual allegations that guts any viable claim of direct liability.

As far as the state law claims asserted in the Complaint, TP Plaintiffs' arguments are equally unavailing. ERISA preemption is absolute and applies regardless of whether ERISA remedies are available. Thus, TP Plaintiffs' attempt to plead state law claims as an alternative to ERISA claims is impermissible and requires dismissal.

**ARGUMENTS IN REPLY**

II). **The First and Third Counts for Indemnification/Contribution are Properly Dismissed because they do not Sufficiently Plead Claims under ERISA**

A.   The Second Circuit does not Recognize an ERISA Claim Based on the Theory of Vicarious Liability

Simply put, TP Plaintiffs have no right to contribution and/or indemnification under ERISA because ERISA does not permit TP Plaintiffs' vicarious liability claim. *Sunderlin v. First Reliance Standard Life Ins. Co.*, 235 F. Supp. 2d 222, 237 (W.D. NY) (Dismissing a request for contribution and indemnification because plaintiff failed to plead an ERISA cause of action sufficiently.); *See, Chemung Canal Trust Co. v. Sovran Bank/Maryland*, 939 F.2d 12, 15 (2d. Cir. 1991)(Indemnification and contribution are not "right[s] of action" under ERISA, but merely a "procedural device[s] for equitably distributing responsibility for plaintiff's losses"). Specifically, TP Plaintiffs seek to have this Court to adopt some form of federal common law to recognize a vicarious liability claim under ERISA. Opposition Brief p. 17. As authoritative law, TP Plaintiffs rely solely on cases from outside this Circuit for the claim that "[m]any courts have recognized that federal common law of agency and respondeat superior apply to ERISA." Opposition Brief at 16-17

However, as fully explained in the Moving Brief, in overruling *Diduck v. Kaszycki & Sons*, our Second Circuit Court of Appeals expressly disavowed permitting the use of federal common law to create ERISA rights and adopted a strict textual interpretation of ERISA Section 1132's civil remedial provisions. *Gerosa v. Savasta & Co.*, 329 F.3d 317, 322 (2d Cir. 2003) (noting *Diduck's* central holding that "federal

common law right[s] of action" exist under ERISA "has <u>not</u> survived subsequent Supreme Court determinations."). Significantly and contrary to the cases cited in the Opposition Brief, the *Gerosa* Court when it overruled *Diduck,* soundly rejected employing federal common law as a mechanism for holding a corporate defendant liable under ERISA for the actions of an employee.

Specifically, the *Diduck* Court had adopted the concept of a federal common law of trust to find a corporate defendant, Trump Equitables, liable for the actions of its vice president who participated in a breach of fiduciary duty under ERISA. *Diduck*, at 281-82 ("the Trump defendants' liability under this theory turns on the conduct of [its vice president]"…who "as Trump Equitable's agent, knowingly participated in [the breach of fiduciary duty].") The Court did so notwithstanding the fact that "no implied right of action exists under ERISA in favor of a participant against a non-fiduciary." *Id*.

In abandoning the *Diduck* Court's "interstitial lawmaking", *Diduck*, 974 F.2d at 280, the Second Circuit later noted that there exists "strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate" and found that there was "little room in this framework for judicially created 'interstitial' remedies." *Gerosa*, 329 F.3d at 322. Accordingly, the Second Circuit unequivocally established that courts of its Circuit "were no longer free to fill in unwritten gaps in ERISA's civil remedies." *Gerosa*, 329 F.3d at 322-23. Furthermore, the Court adopted this strict textual interpretation for **all** ERISA Section 1132's civil remedies. *Id*. at 323 n. 6. (emphasizing that its holding applied "to ERISA's civil remedial provision, 29 U.S.C. §

1132.").[1]  Thus, TP Plaintiffs' ERISA claims predicated on vicarious liability are impermissible and warrant dismissal.

B)  TP Plaintiffs' Failure to Plead ERISA Liability Sufficiently against Nationwide as a Corporate Entity

In addition to their vicarious liability claims, TP Plaintiffs argue that the legal conclusions set forth in paragraphs 39-42 of the Complaint's First and Third Counts are sufficient to raise a proper ERISA claim of directly liability against Nationwide as a corporate entity. Opposition Brief p. 6-7. These paragraphs, however, merely recite the elements of "fiduciary" status as defined by ERISA Section 1002(21)(A), and nothing more, and in so doing are not sufficient to state an ERISA cause of action. Complaint ¶¶ 39-42; *Haber v. Arden Brown et al.*, 774 F. Supp 877, 879 (S.D.N.Y 1991) (plaintiff cannot survive a motion to dismiss ERISA claims "simply by incorporating terms directly from the statute."). Furthermore, TP Plaintiffs fail to present a single supporting factual allegation to evidence Nationwide's alleged bad acts as a corporate entity. *Id* at 879 (a "bare bones statement of [an ERISA] legal claim without any supporting facts warrants dismissal."). As such, the Complaint fails to give adequate notice of the claims asserted directly against Nationwide and warrants dismissal. *Id*. at 879 ("Allegations this bare fail to afford defendant adequate notice of the grounds underlying the claim against it.").

---

[1] TP Plaintiffs rely on this footnote to argue the Second Circuit did not abandon the use of federal common law in an ERISA context. Their reliance is misplaced. The footnote states "We emphasize that our holding is limited to ERISA's civil remedial provisions, 11 U.S.C. § 1132. *In other respects*, we continue to carry out Congress's intent that we develop a federal common law of ERISA based on principles developed in evolution of the law of trust." *Gerosa*, 329 F.3d at 323, n. 6.

Moreover, the Opposition Brief's attached exhibits do not command any contrary result.  Specifically, Exhibits F & G, the only correspondence which directly reference Provident Mutual as a corporate entity, do not set forth activities giving rise to fiduciary status under ERISA[2].  Under the Department of Labor's ERISA regulations, entities which perform "purely ministerial" functions are not classified as ERISA fiduciaries.  29 C.F.R. § 2509.75-8.  Examples of "purely ministerial" functions include, *inter alia:*  (i) calculation of benefits; (ii) collecting contributions and applying such contributions as provided in the plan; (iii) preparing reports concerning participants' benefits; (iv) processing of claims; and (v) prepare reports required by government agencies.  29 C.F.R. § 2509.75-8; *New York Teamsters Council Health and Hospital Fund v. Centrus Pharmacy Solutions*, 235 F. Supp. 2d 123, 126 (S.D.N.Y 2002).

Even a cursory examination of Exhibits F and G reveals that Nationwide performed purely ministerial duties with respect to the § 401(k) Retirement Plan.  As set forth in Exhibits F & G, Nationwide's alleged activities involved only collecting and processing contributions and preparing reports concerning benefits.  <u>Exhibit F</u> (responsible for collecting benefit checks); <u>Exhibit G</u> (preparing IRS 5500 forms which state the contribution levels within a given year.).  Such activities are ministerial in nature and cannot make Nationwide an ERISA fiduciary under the § 401(k) Retirement Plan.  *E.g.*, *New York Teamsters*, 235 F. Supp. 2d at 127 (Dismissing ERISA claims and

---

[2] TP Plaintiffs' reliance on Exhibit E, a March 29, 1991 "welcoming letter" from Provident Mutual, is also misplaced.  Complaint p. 13.  The letter, which refers to Wasley Products as a "contractholder," relates to the Defined Benefit Retirement Plan which TP Plaintiffs executed on March 6, 1991.  Neither the Defined Benefit Retirement Plan nor any action related to such plan are at issue in this litigation.

holding that defendant was not a fiduciary because defendant's obligation under the controlling agreements to, among other things, "provide various reports and process claims" were ministerial in nature.). As such, any claim of direct liability against Nationwide based on such conduct warrants dismissal.

III) **ERISA Preemption is Absolute and Prohibits Pleading State Law in the Alternative**

TP Plaintiffs' claim that ERISA preemption is somehow contingent on Nationwide's fiduciary status is without merit. ERISA preemption is absolute and applies whenever state law "relates to" an ERISA pension plan regardless of a defendant's fiduciary status or the availability of ERISA statutory remedies. *E.g.*, *Smith v. Dunham-Bush, Inc.*, 959 F.2d 6, 11 (2d Cir. 1992) ("Similarly unavailing is appellant's argument that ERISA preemption will leave him with no adequate remedy of the alleged breach of contract and misrepresentation by [defendant]. Other circuits addressing this issue have held that the preclusion of remedies does not bar the operation of ERISA preemption."); *Mason Tenders Dist. Council Pension Fund v. Messera*, 958 F. Supp. 869, 880 (S.D.N.Y 1997) ("common law breach of fiduciary duty claims involving ERISA benefit plans, even when asserted against non-fiduciaries… have been held preempted by ERISA."). As the Second Circuit has already long established, a state common law claim "relates to" an ERISA pension plan when such claim is premised or predicated on the existence of a pension plan. *E.g., Dunham-Bush*, 959 F.2d at 11 ("the [Connecticut] cause of action makes specific reference to, and indeed is premised on, the existence of a

pension plan… Because the court's inquiry must be directed at the plan, the judicially created clause of action 'relates to' an ERISA plan.").

In *Riverside Holdings*, plaintiffs attempted to assert claims under ERISA Section 1132(a)(2) and, in the alternative, state common law causes of action. *Riverside Holding, Inc., v. Arkansas Best Corp.*, 1996 U.S. Dist. LEXIS 5316, *32-36 (S.D.N.Y 1996). As in this proceeding, the plaintiffs' state law claims involved, *inter alia*, failure both to make required and timely contributions and failure to state the accurate value of plan assets. The court properly dismissed the ERISA claims for lack of standing, and, in turn, dismissed the state law claims as preempted under ERISA because "it is difficult to imagine a way in which these [state law claims] could be more interrelated and dependant upon the existence of the Plans." *Riverside Holdings*, 1996 U.S. Dist. LEXIS at * 33-36 ("it is unavailing that ERISA preemption might leave Plaintiffs with no alternative remedy for the alleged common law claims.").

Here, all of TP Plaintiffs' state law claims against Nationwide "relate to" the subject pension plan. First, it is patent that such claims rely solely upon the same factual allegations incorporated by reference into the Complaint's ERISA claims. Second, liability is wholly dependant upon the existence of alleged bad acts in administering the § 401(k) Retirement Plan. As such, to allow TP Plaintiffs to conduct an end-run around ERISA's exclusive remedial provisions by pleading state law in the alternative renders the ERISA preemption meaningless. *Plumbing Indust. Brd. v. E.W. Howell Co, Inc.*, 126 F.3d 61, 68 (2d Cir. 1997)(Recognizing Congress' intent "to eliminate alternative state law remedies" and concluding that "were states free to supplement [ERISA's] enforcement matrix at will, Congress' policy choices would be undermined."); *Riverside*

*Holdings*, 1996 U.S. Dist. LEXIS at *36 ("The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected under ERISA."). Here, TP Plaintiffs' state law claims warrant dismissal because they are preempted by ERISA.

## CONCLUSION

For the foregoing reasons, Nationwide respectfully request this Court grant its Motion to Dismiss the Complaint for Failure to State a Claim.

Dated this 25th day of June 2004.

        **NATIONWIDE LIFE INSURANCE COMPANY OF AMERICA F/K/A PROVIDENT MUTUAL LIFE INSURANCE COMPANY**

        /s/ Bryan D. Short
        Deborah S. Freeman [ct 05257]
        Bryan D. Short      [ct 24374]
        Bingham McCutchen LLP
        One State Street
        Hartford, CT 06103
        Tel:  (860) 240-2700
        Fax:  (860) 240-2818
        deborah.freeman@bingham.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2004 the original of the foregoing was served via First Class Mail on the following counsel of record:

Theodore J. Tucci
Jean E. Tomoasco
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

Thomas G. Moukawasher, Esq.
Ian O Smith, Esq.
Moukawsher & Walsh
21 Oak Street, Suite 209
Hartford, CT 06106

Maurice FitzMaurice, Esq.
Peter K. Rydel, Esq.
Reid and Riege, P.C.
One State Street
Hartford, CT 06103

and a copy sent to the following:

Mary E.R. Bartholic, Esq.
Thomas W. Witherington, Esq.
Cohn Birnbaum & Shea P.C.
100 Pearl Street
Hartford, CT 06103

Albert Zakarian, Esq.
Victoria Woodin Chavey, Esq.
Eric Sussman, Esq.
Day, Berry & Howard LLP
CityPlace I
Hartford, CT 06103

/s/ Bryan D. Short
Bryan D. Short