UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GREGORY PRENTISS, JOHN RIZZI, RICHARD SEICH, and DOROTHY BROWN, individually and on behalf of the Wasley Products Inc. 401(k) Profit Sharing Plan, | : : : : : | MASTER CONSOLIDATED CASE CIVIL NO. 3:03 CV 383 (DJS) |
| Plaintiffs, | : : | THIS PLEADING PERTAINS TO: CIVIL NO. 3:03 CV 1790 (DJS) |
| V. | : : | |
| BARRY CONNELL, BARRY L. BULAKITES, JAMES A. WINSLOW, JOSHUA ADAMS CORP., | : : : : | |
| Defendants and Crossclaim Plaintiffs, | : : | |
| V. | : : | JULY 21, 2004 |
| WASLEY PRODUCTS, INC., ALAN A. WASLEY, ANDREW BRADY, SANDI DUMAS-LAFERRIERE, BARRY CONNELL, | : : : : | |
| Defendants and Crossclaim Defendants. | : | |

**WASLEY DEFENDANTS'
MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS THE CROSSCLAIMS
ASSERTED BY THE BULAKITES DEFENDANTS**

I.  **INTRODUCTION**

In their Answer, Affirmative Defenses, and Crossclaims dated May 27, 2004, co-defendants Barry Bulakites, James Winslow, and Joshua Adams Corp. (collectively, the "Bulakites Defendants") assert a four-count cross-complaint against defendants Wasley Products, Inc., Alan Wasley, Andrew Brady, Sandi Dumas-Laferriere and Barry Connell (collectively, the "Wasley Defendants"). The first two counts of the cross-complaint purport to

allege claims for indemnification and contribution under the Employee Retirement Income Security Act ("ERISA"). The remaining two counts purport to allege claims for common law indemnification or contribution and indemnification under a theory of negligence.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Wasley Defendants now move to dismiss all of the counts of the cross-complaint on the grounds that (1) the Bulakites Defendants have failed to allege any facts concerning their fiduciary status and therefore cannot assert claims under ERISA and (2) the Bulakites Defendants have not, and cannot, plead the required elements of a common law indemnity claim. For the reasons set forth herein, the Wasley Defendants' motion to dismiss should be granted.

## II. APPLICABLE LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure involves a determination of whether the plaintiff has stated a claim upon which relief can be granted. Fischman v. Blue Cross Blue Shield of Conn., 755 F. Supp. 528, 530 (D. Conn. 1990). In evaluating a motion to dismiss, the court must consider all well-pleaded material allegations in the complaint as true, and must draw reasonable inferences in favor of the non-moving party. McDonald v. Timex Corp., 9 F. Supp. 2d 120, 122 (D. Conn. 1998); BRM Industries, Inc. v. Mazak Corp., 54 F. Supp. 2d 131, 132 (D. Conn. 1999). However, where a plaintiff fails to set forth factual allegations regarding each material element necessary to sustain recovery under an actionable legal theory, the claims should be dismissed. Remco Distributors v. Oreck Corp., 814 F. Supp. 171, 174 (D. Mass. 1992); Procopio v. Johnson, 785 F. Supp. 1317, 1318 (N.D. Ill. 1992) (same), aff'd 994 F.2d 325 (7th Cir. 1993); Titan Sports v. Hellwig, 1999 WL 301695 * 5 (D. Conn. 1999) ("To withstand a motion to dismiss, a complaint must allege facts setting forth all of the essential elements of a viable legal theory."). Similarly, where a plaintiff fails to allege

all of the necessary elements of a valid common law indemnification claim, the claim must be dismissed.  Am. Nat'l Fire Ins. Co. v. A. Secondino & Sons, 1995 WL 253085, *5-*6 (D. Conn. April 28, 1995) (copy attached as Ex. A) (dismissing third-party claim for indemnification where plaintiff did not allege facts to support the essential elements of such a claim).  The cross-complaint of the Bulakites Defendants, even if viewed in a light most favorable to them, fails to state claims upon which relief can be granted and therefore must be dismissed in its entirety.

### III.     LEGAL ARGUMENT

**A.     The Bulakites Defendants Do Not Allege Fiduciary Status and Thus Have Failed to State Claims for Indemnification or Contribution Under ERISA.**

The first and second counts of the Bulakites Defendants' cross-complaint, which purport to state claims for indemnification and contribution for breach of fiduciary duty under ERISA, must be dismissed because the Bulakites Defendants have failed to assert any facts alleging their status as plan fiduciaries.  In the absence of such allegations, the Bulakites Defendants have failed to establish their standing to bring ERISA claims for contribution and indemnity against the Wasley Defendants.  There is no question that the Second Circuit Court of Appeals has expressly recognized claims for contribution and indemnity under ERISA.  However, it is equally clear that such claims can arise only among fiduciaries of an ERISA plan.  Chemung Canal Trust Co. v. Sovran Bank/Maryland, 939 F.2d 12, 15-18 (2d Cir. 1991), *see also* Smith v. Local 819 IBT Pension Plan, 291 F.3d 236, 241 (2d Cir. 2002) (holding that Congress intended the common law of trusts to apply to ERISA fiduciaries and that "courts have implied federal common law rights between defaulting fiduciaries"); Sunderlin v. First Reliance Std. Life Ins. Co., 235 F. Supp. 2d 222, 237 (W.D.N.Y. 2002) (same, citing Smith); Ulico Casualty Co. v. Clover Capital Mgmt., 146 F. Supp. 2d 163, 168 (N.D.N.Y. 2001); Harris Trust & Sav. Bank v. John Hancock Mut. Life

3

Ins. Co., 122 F. Supp. 2d 444, 464 (S.D.N.Y. 2000); Petrilli v. Gow, 957 F. Supp. 366, 372 (D. Conn. 1997).

Moreover, in its civil enforcement provisions, ERISA specifically defines the parties that have standing to bring suit.  Only fiduciaries, participants, beneficiaries, and the Secretary of Labor have standing to bring claims under ERISA for appropriate relief for liability stemming from a breach of fiduciary duties.  29 U.S.C. §1132(a)(2); 29 U.S.C. §1109.  Similarly, only fiduciaries, participants and beneficiaries have standing to bring suit to enjoin any act or practice that violates Title I of ERISA or the terms of the plan or to obtain appropriate equitable relief to redress such violations or to enforce the provisions.  29 U.S.C. §1132(a)(3).  Here, the Bulakites Defendants have alleged no facts that bring them within the scope of ERISA's civil enforcement provisions.

The Bulakites Defendants have not alleged, and clearly cannot contend, that they are participants or beneficiaries of the Wasley 401(k) Plan (the "Plan").  The Bulakites Defendants appear to be asserting that the Wasley Defendants breached certain fiduciary duties owing to Wasley 401(k) Plan participants and beneficiaries, but the Bulakites Defendants allege no facts that confer them with standing to raise such a claim.  Further, nowhere in their cross-complaint do the Bulakites Defendants allege that they are fiduciaries of the Wasley 401(k) Plan.  Again, the reason for this pleading deficiency is obvious.  The Bulakites Defendants have already taken the contrary position.  In their answer to the crossclaims against them, as well as in their answer to the Plaintiffs' complaint, the Bulakites Defendants expressly deny allegations that they were fiduciaries of the Plan. (Bulakites Def. 5/27/04 Answer, ¶ 34; see also Bulakites Def. 5/10/04 Answer, ¶¶ 10-12).

Where, as here, a party asserting an ERISA claim does not allege facts sufficient to qualify as a fiduciary, then the party cannot bring an action under ERISA and the claim must be dismissed. Lifeline Ltd. No. II v. Connecticut Gen'l Life Ins., 821 F. Supp. 1201, 1211 (E.D. Mich. 1993); Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930, 933 (9th Cir. 1994) (a federal court has no jurisdiction to hear a civil action under ERISA that is brought by a person who is not a "participant, beneficiary, or fiduciary" as defined in ERISA); *see also* Shawley v. Bethlehem Steel Corp., 989 F.2d 652, 657 n. 10 (3d Cir. 1993) (standing to sue is a question of law, requiring application of the statutory definitions under ERISA; a plaintiff must allege facts sufficient to satisfy a showing of his claimed status); Christensen v. Chesebrough-Ponds, Inc., 862 F. Supp. 22, 23 (D. Conn. 1994) ("standing is a jurisdictional prerequisite to a federal court's deliberations"). The Bulakites Defendants have already denied their fiduciary status and cannot now attempt to assert claims that require the pleading of facts to support fiduciary status as a prerequisite. The complete silence of the Bulakites Defendants' crossclaims speaks volumes. The Bulakites Defendants cannot make the fiduciary status pleading requirement go away by ignoring it. Because only a plan fiduciary has standing to bring a claim for contribution and indemnification under ERISA, the Bulakites Defendants' existing denial of fiduciary status in their earlier pleadings is fatal to the first two counts of their cross-complaint and these counts must be dismissed.[1]

---

[1] By filing this motion to dismiss, the Wasley Defendants do not in any way concede that the Bulakites Defendants were not fiduciaries of the Wasley pension plans, including the Wasley 401(k) Plan. To the contrary, as asserted in their crossclaims against the Bulakites Defendants (as well as in the complaint in the related case), the Wasley Defendants have alleged that the Bulakites Defendants were in fact fiduciaries of the Wasley pension plans. (See Answer, Affirmative Defenses and Crossclaims of the Wasley Defendants, 2/23/04, Crossclaim ¶¶ 3-5 and First and Second Counts, ¶ 34). The Bulakites Defendants, however, have committed to the opposite position, which now precludes them from rescuing their legally deficient crossclaims.

**B.     The Bulakites Defendants Do Not, and Cannot, Allege the Necessary Elements for a Common Law Indemnification Claim and the Third and Fourth Counts of the Cross-Complaint Therefore Must Be Dismissed.**

The third and fourth counts of the Bulakites Defendants' cross-complaint, which purport to allege claims for common law contribution or indemnification and negligence,[2] must be dismissed because the Bulakites Defendants do not, and cannot, allege the necessary elements to support such a claim. First, although the Bulakites Defendants caption their third count as a claim for "Common Law Indemnity Or Contribution" (emphasis added), a direct action for contribution among joint tortfeasors is not permitted at common law. *See, e.g.,* Cimino v. Yale Univ., 638 F.Supp. 952, 957 (D. Conn. 1986) ("It is well established under Connecticut law that there is no contribution among joint tortfeasors"); *see also* Sheehan v. Superior Ambulance, 1998 Conn. Super. LEXIS 749, *2 (Conn. Super. Ct. March 18, 1998) (copy attached as Exhibit B) (same). Because no common law claim for contribution exists, the Bulakites Defendants' contribution claim is improper.

As a general rule, there also is no right of indemnity between joint tortfeasors. The courts have recognized a narrow exception to this general rule against indemnification in situations where a secondarily negligent tortfeasor seeks indemnification from a primarily negligent tortfeasor. Fifield v. South Hill Ltd. Partnership, 20 F. Supp. 2d 366, 368 (D. Conn. 1998); Cimino, 638 F. Supp. at 957. In order to successfully bring a common law indemnification action, the party seeking indemnification must demonstrate: (1) that the other party was negligent; (2) that the other party's negligence (rather than that of the party seeking

---

[2] Although the Fourth Count of the cross-complaint is simply captioned as "negligence," the claim is in fact a claim for indemnification under a theory of negligence. The Bulakites Defendants allege that the Wasley Defendants breached a duty owed to Plaintiffs and seek indemnification from the Wasley Defendants should the Plaintiffs prevail.

indemnification) was the direct and immediate cause of injury; (3) that the other party had exclusive control of the situation; and (4) that it did not know of the other party's negligence, had no reason to anticipate that negligence, and could have reasonably relied on the other party to act without negligence. Kaplan v. Merberg Wrecking Corp., 152 Conn. 405, 416 (1965); Fifield, 20 F.Supp. at 368 (same, citing Kaplan). To survive a motion to dismiss, a claim seeking indemnification must sufficiently invoke the principles of the Kaplan test. Conn. Gen. Life Ins. Co. v. Grodsky Serv., Inc., 743 F.Supp. 107, 111 (D. Conn. 1990).

      The Bulakites Defendants do not, and cannot, meet this requirement. They have failed to allege facts sufficient to support all of the elements of a valid indemnification claim as set forth in Kaplan and their claims therefore must be dismissed. Notably, there are no allegations that the Wasley Defendants were in exclusive control of the situation at issue nor are there any allegations that the Bulakites Defendants were unaware of the Wasley Defendants' alleged actions. To the contrary, the cross-complaint includes assertions that the Bulakites Defendants were allegedly hired to provide investment and management services to the Wasley pension plans and that, at the very least, they were responsible for receiving contributions from the Wasley Defendants and depositing the contributions into various investment accounts. (Bulakites Def. Cross-Complaint, ¶¶ 15, 32). The cross-complaint also includes allegations that the Bulakites Defendants were fully aware of the purported actions of the Wasley Defendants. (Bulakites Def. Cross-Complaint, ¶¶ 29, 33, 35).[3] Given these allegations, the Bulakites Defendants cannot now try to claim that the Wasley Defendants had exclusive control or that the

---

[3] The Wasley Defendants refer to certain allegations of the cross-complaint merely to illustrate that the Bulakites Defendants have not, and cannot, meet the Kaplan requirements even if the allegations are viewed in a light most favorable to them, as required under the standard for evaluating a motion to dismiss. The Wasley Defendants expressly deny the allegations asserted against them in the cross-complaint.

Bulakites Defendants lacked knowledge of the alleged negligence. The Bulakites Defendants have not, and cannot, allege facts to support the elements necessary for an indemnification claim and their indemnification claims must be dismissed. *See, e.g.,* Am. Nat'l Fire Ins. Co. v. A. Secondino & Sons, 1995 WL 253085, *6 (D. Conn. April 28, 1995) (Ex. A) (dismissing claims for indemnification where did "not allege specific facts to support the [Kaplan] elements.").

In addition, the Bulakites Defendants' claims for indemnification must fail because any basis upon which the Bulakites Defendants could be held liable to the Plaintiffs precludes a finding of the elements essential to indemnity. The Bulakites Defendants' cross-complaint must be construed against the background of the original complaint, because only if the Plaintiffs prevail against the Bulakites Defendants would the Bulakites Defendants have any basis to seek indemnity against the Wasley Defendants. *See* Cimino v. Yale Univ., 638 F.Supp. 952, 958 (D. Conn. 1986). In the complaint, Plaintiffs allege that the Bulakites Defendants were delegated Trustee and Administrator duties of the Wasley 401(k) Plan. (Complaint, 10/16/03, ¶¶ 15-16). The Plaintiffs further assert that, in these roles, the Bulakites Defendants converted Plan assets to their own use, failed to adequately diversify the assets, failed to prudently select Plan investments, and misrepresented the value of Plan assets to the Plaintiffs as well as to the Wasley Defendants. (Id. at ¶ 16.) If the Plaintiffs prevail against the Bulakites Defendants on any of these claims, it would establish that the Bulakites Defendants exercised control over the Plan and its assets. Such a determination would preclude a finding that the Wasley Defendants were in exclusive control over the situation by which the Plaintiffs claim to have been harmed or that the Wasley Defendants' alleged actions were the direct, immediate cause of the Plaintiffs' claimed damages. In short, even if the Bulakites Defendants were to attempt to invoke the Kaplan

8

elements, any such allegation would be at odds with the underlying complaint by Plaintiffs and would fail as a matter of law. Cimino, 638 F. Supp. at 959 (dismissing a cross-claim for indemnification where the cross-claim invoked the Kaplan principles in a conclusory form at odds with the complaint against those seeking indemnity). For all of these reasons, the third and fourth counts of the Bulakites Defendants' cross-complaint should be dismissed.

## IV. CONCLUSION

The Bulakites Defendants have not alleged that they are fiduciaries of the Wasley 401(k) Plan. They therefore cannot assert claims under ERISA and the first two counts of their cross-complaint must be dismissed. Further, the remaining common-law claims also must be dismissed as the Bulakites Defendants do not, and cannot, plead the required elements of a common law indemnity claim. The court therefore should grant the Wasley Defendants' motion and dismiss the cross-complaint in its entirety.

DEFENDANTS and CROSSCLAIM DEFENDANTS

WASLEY PRODUCTS, INC., ALAN A. WASLEY, ANDREW BRADY, SANDI DUMAS-LAFERRIERE, AND BARRY CONNELL

By: _____
    Theodore J. Tucci (ct05249)
    ttucci@rc.com
    Jean E. Tomasco (ct09635)
    jtomasco@rc.com
    Robinson & Cole LLP
    280 Trumbull Street
    Hartford, CT 06103-3597
    Tel. No.: (860) 275-8200
    Fax: (860) 275-8299

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, first class postage prepaid on the 21st day of July, 2004 to the following:

Maurice T. Fitzmaurice, Esq.
Peter K. Rydel, Esq.
Reid & Riege, P.C.
One Financial Plaza
Hartford, CT  06103-3185

Deborah S. Freeman, Esq.
Bryan D. Short, Esq.
Bingham McCutchen
One State Street
Hartford, CT  06103-3178

Albert Zakarian, Esq.
Victoria Woodin Chavey, Esq.
Eric L. Sussman, Esq.
Day, Berry & Howard
CityPlace
Hartford, CT  06103-3499

Thomas G. Moukawsher, Esq.
Ian O. Smith, Esq.
Moukawsher & Walsh
21 Oak Street, Suite 209
Hartford, CT  06106

Thomas W. Witherington, Esq.
Mary E.R. Bartholic, Esq.
Cohn, Birnbaum & Shea
100 Pearl Street
Hartford, CT  06103-4500

_____
Jean E. Tomasco

11