

Not Reported in F.Supp.
(Cite as: 1995 WL 253085 (D.Conn.))

Page 1

Only the Westlaw citation is currently available.

United States District Court, D. Connecticut.

AMERICAN NATIONAL FIRE INSURANCE CO., Plaintiff,
v.
A. SECONDINO & SONS, Defendant and Third-Party Plaintiff.
L & D LAND CO., Defendant,
v.
GERBER & HURLEY, INC., Third-Party Defendant.

Civ. A. No. 3:92-629 (JAC).

April 28, 1995.

Brian W. Smith, McGrail, Carroll & Sheedy, New Haven, CT, for defendant/third-party plaintiff.

Eileen McCarthy Geel, Gordon, Muir & Foley, Hartford, CT, for third-party defendant.

*RULING ON THIRD-PARTY DEFENDANT GERBER & HURLEY, INC.'S MOTION FOR SUMMARY JUDGMENT ON THE THIRD-PARTY CLAIMS OF A. SECONDINO & SONS.*

JOSÉ A. CABRANES, Circuit Judge [FN*]:

*1 Pending before this court is the third-party defendant Gerber & Hurley, Inc.'s motion for summary judgment on the claims of the third-party plaintiff, A. Secondino & Sons.

*Background*

This action arose from a flood that occurred on December 28, 1990 at certain premises located at 674 Foxon Road, Route 80, East Haven, Connecticut ("premises"), which were leased to a computer retail company, Turbo Computer Corporation ("Turbo"). The plaintiff, American National Fire Insurance Co. ("American National"), is an insurance company that--it claims--is subrogated to rights of Turbo against L & D Land Co. ("L & D"), the landlord of the premises. According to the plaintiff, it paid for extensive damage that the flood caused to Turbo's property and business.

The plaintiff alleges that the flood was caused by a defective roof and various roofing products sold, supplied, designed and installed by A. Secondino & Sons ("Secondino"), and by Secondino's subsequent negligent service and repair to the roof. The plaintiff's claims against Secondino are based on both the Connecticut Product Liability Act, Conn.Gen.Stat. §§ 52-572m, *et seq.* ("CPLA"), and common law negligence.

The plaintiff further alleges that the landlord of the premises, defendant L & D, breached its duty to use reasonable care and keep the premises reasonably safe and its duty to maintain and repair the premises.

The plaintiff initially had named as a defendant the American Roofing Company. The claims against American Roofing, however, were dismissed pursuant to a Stipulation of Dismissal (filed Sept. 10, 1993), which was approved by the court, absent objection, on September 20, 1993.

On December 13, 1993, Secondino filed a third-party complaint against Gerber & Hurley, Inc. ("G & H"), alleging that G & H sold, distributed and supplied the membrane roofing system that allegedly failed. On March 21, 1994, plaintiff American National filed a cross-complaint against G & H.

Summary judgment motions submitted by L & D and Secondino against American National were denied by this court, as was G & H's motion to dismiss American National's claims against it. *See* Ruling on Dispositive Motions (filed Apr. 10, 1995, Doc. # 59).

This ruling considers the summary judgment

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp. Page 2
(Cite as: 1995 WL 253085 (D.Conn.))

motion of G & H against Secondino. In an order entered on April 10, 1995, the court ordered supplemental briefing on the following two questions:

1. Is paragraph 6 of the third-party plaintiff's complaint sufficient to state a cause of action for contribution where the complaint never clearly states that G & H is liable to the third-party plaintiff? See Comm'n v. Lake Phipps Land Owners Corp., 3 Conn.App. 100, 101 (1985).

2. What authority exists for and against the proposition, put forth by Gerber & Hurley, Inc., that the "reimbursement" that A. Secondino & Sons seeks is not recoverable because the loss alleged does not constitute "harm" as contemplated by Conn.Gen.Stat. § 52-572m(d) [the CPLA]?

*Discussion*

*2 G & H argues that summary judgment is appropriate for essentially four reasons. First, the third-party claims are barred by the statute of limitations. Second, Secondino does not properly allege a third-party claim against G & H. Third, G & H cannot be held liable as a third-party defendant under the CPLA. Finally, Secondino has not set forth an appropriate prayer for relief under Connecticut law. [FN2]

After reviewing the standard for summary judgment, the court will consider these contentions in turn.

*1. Standard for Summary Judgment*

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original). While the court must view the inferences to be drawn from the facts in the light most favorable to the party opposing the motion, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), a party may not "rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 12 (2d Cir.1986) (Feinberg, C.J.), cert. denied, 480 U.S. 932 (1987). The non-moving party may defeat the summary judgment motion by producing sufficient specific facts to establish that there is a genuine issue of material fact for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Finally, " 'mere conclusory allegations or denials' " in legal memoranda or oral argument are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist. Quinn v. Syracuse Model Neighborhood Corp., 613 F.2d 438, 445 (2d Cir.1980) (quoting SEC v. Research Automation Corp., 585 F.2d 31, 33 (2d Cir.1978)).

*2. Barred by the Statute of Limitations?*

G & H claims that Secondino's third-party claims against it were untimely filed. Connecticut law provides that in an action under § 52-572m:

... a product seller may implead any third party who is or may be liable for all or part of the claimant's claim, if such third party defendant is served with the third party complaint within one year from the date the cause of action ... is returned to court.

§ 52-577a(b). The parties do not dispute that Secondino had until December 23, 1993 to serve G & H. G & H claims that Secondino did not "obtain service" until January 1994. G & H offers no documents to support this contention. Secondino has submitted a copy of a signed return of service indicating that G & H was served on December 23, 1993.

*3 G & H contends further that Secondino's claims are barred because Secondino never completed service as required by Rule 7(a)2(e) of the Local Rules of Civil Procedure of the District of Connecticut. [FN3] But G & H offers no authority for the proposition that this provision could or does bear on statute of limitations questions. In these circumstances, Secondino's claims against G & H are not barred on statute of limitations grounds.

*3. Failure to allege third-party claims properly?*

G & H argues that Secondino has failed to plead

Not Reported in F.Supp.
(Cite as: 1995 WL 253085 (D.Conn.))

Page 3

properly any third-party claim that it might have. Secondino's third-party complaint states in pertinent part:

> 6. If the plaintiff was injured in the manner alleged in the Complaint, the third-party defendant, Gerber & Hurley, is liable to the plaintiff by virtue of Connecticut General Statutes Sec. 52-572m in that it
> a. Sold, distributed or supplied a roof system that was defective, substandard, or of inferior quality;
> b. Sold, distributed or supplied a roof system not fit for its intended use;
> c. Breached an implied warranty that the roofing system was of sufficient quality to last a minimum of ten years.
>
> WHEREFORE, the defendant/third-party plaintiff requests:
> a. An allocation of damages due and owing the plaintiff, if any, pursuant to Connecticut General Statute Sec. 52-572o;
> b. Indemnity for all sums for which A. Secondino & Sons may be liable; and
> c. Any other further relief as this court deems necessary and just.

Third-Party Pl.Compl. (filed Dec. 13, 1993, doc. # 35). Under both the Federal Rules of Civil Procedure concerning third-party practice, which govern here, and Connecticut procedural law, a third-party plaintiff seeking to implead a third party must allege that a third-party defendant is liable to the third-party plaintiff. *See* 6 Wright, Miller & Kane, Federal Practice and Procedure, § 1453, at 418-19 (1990) ("[I]t is not sufficient to allege that the third-party defendant is liable to plaintiff for all or part of plaintiff's claim.") (footnote omitted); *see also Kohn v. Teleprompter Corp.*, 22 F.R.D. 259, 260 (S.D.N.Y.1958) ("Rule 14(a) does not provide for impleading a party who is or may be liable to plaintiff directly."); *cf. Comm'n v. Lake Phipps Land Owners Corp.*, 3 Conn.App. 100, 101 (1985) (affirming dismissal of third-party complaint that failed to allege that third-party defendant was liable to third-party plaintiff for all or part of the plaintiff's claim against third-party plaintiff). Secondino's pleading is insufficient because it fails to state that G & H is liable to Secondino. This insufficiency warrants dismissal.

4. *G & H not liable for "commercial loss" under CPLA?*

Assuming, for the argument only, that Secondino had properly alleged third-party claims against G & H and thus avoided dismissal, *see* "3" *supra*, the court turns to the claims asserted by Secondino against G & H. G & H contends that Secondino cannot state a claim against it in a CPLA action because the "harm" that a plaintiff must allege to state a claim under § 52-572m explicitly excludes "commercial loss" when the parties involved are commercial parties. § 52-572m(d). The CPLA provides that:

> *4 "harm" includes damage to property, including the product itself, and personal injuries including wrongful death. As between commercial parties, "harm" does not include commercial loss.

§ 52-572m(d).

The statute further provides:

> As between commercial parties, commercial loss caused by a product is not harm and may not be recovered by a commercial claimant in a product liability claim. An action for commercial loss caused by a product may be brought only under, and shall be governed by, title 42a, the Uniform Commercial Code.

§ 52-572n(c).

Although neither the CPLA nor any of Connecticut's appellate courts have defined the term "commercial loss," it has been interpreted by several trial courts in Connecticut. While these courts have generally agreed that commercial loss includes "consequential economic losses," there has been less certainty regarding the term's applicability to "direct economic losses" and property damage. *Cf. Connecticut Gen. Life Ins. Co. v. Grodsky Serv. Inc.*, 781 F.Supp. 897, 901 (D.Conn.1991) (" '[C]ommercial loss' includes all economic loss, direct or consequential, though possibly not physical property damage and damage to the product itself."); *McKernan v. United Technologies Corp.*, 717 F.Supp. 60 (D.Conn.1989) (prohibiting recovery under PLA for lost profits (consequential damages) and reduced resale value of product based on defect (direct economic loss)); *American Mfgs. Mutual Ins. Co. v. Harrington Hoists, Inc.*, 4 C.S.C.R. 564 (Conn.Super.1989) (commercial loss includes only consequential economic loss and does not prevent recovery of property damage between commercial parties); *Producto Machine Co. v. Ajax Magnethermic Corp.*, 3 C.S.C.R. 66 (Conn.Super.1987) (commercial loss includes

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.
(Cite as: 1995 WL 253085 (D.Conn.))

Page 4

incidental or consequential economic injury, including property damage incurred by persons regularly engaged in business).

G & H argues that because Secondino requests "not recovery for damage it has sustained, but a reimbursement for its potential liability to a third party, [the insurer-plaintiff].... [I]t has alleged no recoverable 'harm'...." Third-Party Def.'s Mem. in Supp. of Mot. for Summ.J., at 8 (filed April 6, 1994, doc. # 47). Put another way, any damages for which Secondino is held liable to the plaintiff represent a commercial loss for which G & H cannot be liable to Secondino under the CPLA. At least two Connecticut superior courts appear to have struck third-party claims for indemnification explicitly brought under the CPLA on this rationale. *See Kofkoff Feed, Inc. v. Agway, Inc.*, 1995 WL 12529 (Conn.Super.1995); *Smith v. Yankee Motor Inn, Inc.*, 1994 WL 395641 (Conn.Super.1994).

Secondino does not dispute that any losses it sustains as a result of a judgment against it in this action are commercial, or that Secondino and G & H are commercial parties. Rather, the third-party plaintiff contends that because it is seeking reimbursement for non-commercial losses that the *plaintiff* sustained, the CPLA's limitation on recovery for commercial loss does not bar its third-party action. [FN4]

Although the third-party plaintiff does not provide any authority for its view, the position draws support from the fact that the CPLA permits contribution actions and indemnification actions under certain circumstances. *See Malerba v. Cessna Aircraft Co.*, 210 Conn. 189 (1989); *Maresca v. De Longhi S.P.A.*, 1994 WL 714420 (Conn.Super.1994); *Babcock v. New Haven Suzuki, Inc.*, 1990 WL 283744 (Conn.Super.1990). Moreover, third-party actions in CPLA cases are explicitly provided for by statute. *See* § 52-577a(b), *supra.* Were courts to adopt the third-party defendant's view--namely, that contribution and indemnification actions are actions for recovery of commercial loss for purposes of the CPLA, then such actions would essentially be abrogated, since the first- and third-party defendants in these actions are often commercial parties. Yet, contribution and indemnification actions in CPLA cases enjoy explicit support in Connecticut's statutes and Supreme Court case law. In light of this clear authority, the court declines to adopt the third-party defendant's position that contribution and indemnification claims in CPLA actions are unavailable as a matter of law between commercial parties. [FN5]

*5. Is Secondino entitled to contribution or indemnification?*

*5 Assuming, for the argument only, that Secondino had properly alleged third-party claims against G & H and thus avoided **dismissal**, *see* "3" *supra*, the court next turns to G & H's argument that there are no grounds for Secondino's request for "allocation of damages" or for **indemnification**, and that therefore its claims should be **dismissed**. The court agrees with respect to the indemnification claim.

G & H correctly points out that Conn.Gen.Stat. § 52-572h(c), which provides for proportional liability in negligence actions, does not apply in this case, in which a statutory product liability claim is asserted under § 52-572m. G & H, however, fails to address the provision that Secondino does cite in its complaint--§ 52-572o, which provides for joint and several liability under § 52-572m with a right of contribution based on comparative responsibility. *See Roma v. Daisy Mfg. Co., Inc.*, 775 F.Supp. 41, 42 (D.Conn.1991); *cf. Malerba*, 210 Conn. at 195 (noting right of defendant in § 52-572m action to implead prospectively liable third party for contribution).

With regard to indemnification, G & H correctly points out that Secondino fails to plead the essential elements of this claim. To establish that a party is liable under Connecticut law to indemnify another, a claimant must prove: "(1) the party must have been negligent; (2) its negligence rather than another's was the direct and immediate cause of injury; (3) it had exclusive control over the situation; and (4) the negligent party seeking indemnification did not know of the charged party's negligence, had no reason to anticipate it and could reasonably have relied on the charged party to act without negligence." *Atkinson v. Berloni*, 23 Conn.App. 325, 326-27 (1990) (internal quotations and citation omitted). Also, "the party seeking indemnification must establish that the alleged indemnitor owed that party a duty based on an independent legal relationship." *Id.* at 328.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp. Page 5
(Cite as: 1995 WL 253085 (D.Conn.))

*6 In its third-party complaint, Secondino does not allege specific facts to support the above-stated elements. In particular, the complaint does not suggest that G & H had exclusive control or in any other way could be said to be "primarily liable." *Id.* at 326. Moreover, while a contractual relationship between parties may in some circumstances satisfy the independent relationship necessary for indemnification, *see id.* at 328, Secondino does not allege any contractual relationship between itself and G & H. In its memorandum in opposition to G & H's summary judgment motion, Secondino does not address any of these arguments. Thus, Secondino has failed here to plead properly an indemnification claim, or to defend its failure to do so. This insufficiency provides an additional ground for dismissal of the indemnification claim.

*Summary*

By way of summary:

1. Secondino's third-party complaint against G & H is dismissed for failing to allege that G & H was liable to Secondino.

2. Assuming, *arguendo*, that Secondino had properly alleged third-party claims against G & H and thus avoided dismissal, third-party plaintiff Secondino's claim for contribution would not be barred as a matter of law by the CPLA's proscription of recovery under that statute for "commercial loss."

3. Assuming, *arguendo*, that Secondino had properly alleged third-party claims against G & H and thus avoided dismissal, third-party plaintiff Secondino's claim for indemnification would have to be dismissed for failure to state a claim on which relief can be granted.

Accordingly, judgment in favor of Gerber & Hurley, Inc. on the third-party complaint of A. Secondino & Sons shall enter.

It is so ordered.

FN* Of the United States Court of Appeals for the Second Circuit, sitting by designation.

FN2. Other contentions of G & H, such as the argument that Secondino's claims must fail because--as a matter of law--G & H is not a "product seller" within the meaning of the CPLA, lack merit and are not elaborated upon in this ruling.

FN3. Local Rule 7(a)2(e) provides:
Proof of service may be made be written acknowledgment of service by the party served, by a certificate of counsel for the party filing the pleading or papers, by a certificate of the *pro se* party filing the pleading or papers, or by affidavit of the person making the service. Where proof of service is made by certificate or by affidavit, the certificate or affidavit shall list the name and address of each person served.

FN4. No party to this litigation has yet contended that the loss claimed by the plaintiff is "commercial" and therefore is barred by the CPLA, and the court does not consider that question here.

FN5. The third-party defendant argues further that Secondino could possibly state a breach of warranty claim against G & H, but that Secondino fails to allege such a claim properly. In particular, paragraph 6.c. of the third-party plaintiff's complaint refers to a breach of an implied warranty. Claims of loss resulting from breach of warranty would be properly brought under the Uniform Commercial Code. *See* Conn.Gen.Stat. § 52-572n(c), *supra; see also Davis v. Acme Pest Control, Inc.*, 1994 WL 34243 (Conn.Super.1994); *Thivierge v. Fortress Scientific Ltd.*, 1993 WL 213891 (Conn.Super.1993). Because the third-party plaintiff does not seek relief under the Uniform Commercial Code, the court need not consider this question.

1995 WL 253085 (D.Conn.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works