Source: Legal > Cases - U.S. > All Courts - By State > CT Federal & State Cases, Combined
Terms: "common law" /5 contribution (Edit Search)

✔ Select for FOCUS™ or Delivery
☐

*1998 Conn. Super. LEXIS 749, **

Diane Sheehan et al. v. Superior Ambulance et al.

CV 9559460S

SUPERIOR COURT OF CONNECTICUT, JUDICIAL DISTRICT OF TOLLAND, AT ROCKVILLE

1998 Conn. Super. LEXIS 749

March 18, 1998, Decided
March 18, 1998, Filed

**NOTICE:** [*1] THIS DECISION IS UNREPORTED AND MAY BE SUBJECT TO FURTHER APPELLATE REVIEW. COUNSEL IS CAUTIONED TO MAKE AN INDEPENDENT DETERMINATION OF THE STATUS OF THIS CASE.

**DISPOSITION:** Motion to strike the third count of the third-party complaint granted. Motion to strike the fourth count of the third-party complaint denied.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Third-party defendant moved to strike the third and fourth counts of the third-party complaint filed against it, claiming **contribution** and indemnity, respectively, in the original plaintiff's action for damages due to the original defendant/third-party plaintiff's negligence.

**OVERVIEW:** Plaintiff brought an action sounding in negligence against the third-party plaintiff. The third-party plaintiff brought an action against the third-party defendant, seeking **contribution** and indemnity. Thereafter, the plaintiff impleaded the third-party defendant as a co-defendant to the original action. The court granted the motion to strike the claim for **contribution,** but denied the claim for indemnity. The court held that the right of **contribution** amongst joint tortfeasors existed only pursuant to Conn. Gen. Stat. § 52-572h(c), which provided that a paying defendant could seek **contribution** from a non-paying defendant, post-judgment. The court also clarified that apportionment of damages took place at the time of judgment against each party who was liable to plaintiff, which was different than **contribution** for non-tort actions. Because Conn. Gen. Stat. § 52-102b allowed plaintiff to implead the third-party defendant as a defendant for apportionment, the original defendant/third-party plaintiff could not maintain an action for **contribution,** until post-judgment. The court denied the motion to strike the claim for indemnity, because that was a valid claim in the negligence action.

**OUTCOME:** The court granted third-party defendant's motion to strike third-party plaintiff's claim for **contribution,** but denied it's claim to strike the claim for indemnity.

**CORE TERMS:** third-party, apportionment, tortfeasor, common law, paying, amongst, indemnity, product liability, proportionate share, motion to strike, impleaded, cause of action, joint and several, direct action, return date, reimbursement, non-economic, apportioned,

recoverable, equitably, claimant, obligors, pleaded, amend

## LexisNexis(R) Headnotes ♦ Hide Headnotes

Torts > Multiple Defendants > Apportionment of Damages
Torts > Multiple Defendants > Contribution & Indemnity

**HN1** At **common law** there is no **contribution** allowed between joint tortfeasors. Hence a direct action for **contribution** amongst co-defendant tortfeasors is not permitted at **common law**. "Apportionment," a direct division of the damages between joint tortfeasors for a limited amount as to each defendant, exists solely by virtue of Conn. Gen. Stat. § 52-572h(c). The liability of a defendant is specifically limited to only for his proportionate share of the recoverable economic damages and recoverable non-economic damages, except as provided in Conn. Gen. Stat. § 52-572h(g). Conn. Gen. Stat. § 52-572h(c). Section 52-572h(c) provides for a "re-allocation" of economic (not non-economic) damages amongst paying defendants and grants to the paying defendant who post judgment has to pay a portion of the judgment of another defendant a right to then bring an action for "**contribution**" as against the non-paying defendant. Conn. Gen. Stat. § 52-572h(g)(h). More Like This Headnote

Torts > Multiple Defendants > Apportionment of Damages
Torts > Multiple Defendants > Contribution & Indemnity

**HN2** "Apportionment" of liability takes place at the time of judgment. Each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share. Conn. Gen. Stat. § 52-572h(c). This is contrasted to **common law "contribution**," allowed in non-tort actions, whereby each of the obligors is jointly and severally liable for the entire debt (for example the co-makers of a promissory note), but where equitably the obligation is to be shared amongst joint obligors. Succinctly, at **common law** there is no **contribution** amongst joint tortfeasors. More Like This Headnote

Torts > Multiple Defendants > Joint & Several Liability
Torts > Products Liability

**HN3** In a product liability action the judgment against each defendant is joint and several for the entire amount of the judgment, regardless of the percentage of fault of the respective defendants. The court shall enter judgment against the parties liable on the basis of the **common law** joint and several liability of joint tortfeasors. Conn. Gen. Stat. § 52-572o(d). More Like This Headnote

Torts > Multiple Defendants > Apportionment of Damages
Torts > Multiple Defendants > Contribution & Indemnity
Torts > Multiple Defendants > Joint & Several Liability

**HN4** In a product liability action the right to **contribution** exists because the defendant who pays the entire judgment is paying his own obligation under the joint and several judgment. In negligence actions the paying defendant, by being required to pay a supplementary amount, is paying the judgment of another, not his own limited judgment. In essence, the postjudgment procedures under the Conn. Gen. Stat. § 52-572h(g) and (h), cause the paying defendant to be a statutory conditional guarantor for the judgment against another person, from which he is then entitled to full indemnity. Conn. Gen. Stat. §52-572h(h). More Like This Headnote

Torts > Multiple Defendants > Contribution & Indemnity

**HN5** Indemnity involves a claim for reimbursement in full from one or when a primary liability is claimed to rest while **contribution** involves a claim for reimbursement of

a share of a payment necessarily made by the claimant which equitably should have been paid in part by others. More Like This Headnote

Torts > Multiple Defendants > Contribution & Indemnity

**HN6** There is no **contribution** allowed between joint tortfeasors. One tortfeasor is simply not liable to another tortfeasor for "**contribution**." Any such liability for **contribution** does not arise out of the relationship of joint tortfeasors. Any such cause of action arises only post judgment, under a separate set of circumstances involving post judgment debtors and only to the limited extent and under the limited circumstances permitted by Conn. Gen. Stat. § 52-572h(g) and (h). More Like This Headnote

Torts > Multiple Defendants > Contribution & Indemnity

**HN7** The existence of a right of indemnity in negligence actions does not convert such claims into claims for **contribution**. More Like This Headnote

**JUDGES:** L. Paul Sullivan, J.

**OPINIONBY:** L. Paul Sullivan

**OPINION:** MEMORANDUM OF DECISION ON MOTION OF THE THIRD-PARTY DEFENDANT TO STRIKE THIRD-PARTY COMPLAINT

The third-party defendant moved to strike the third-party complaint filed against it. The motion filed December 9, 1996 sought to strike the third count, seeking **contribution**, and to strike the fourth count seeking indemnity.

The third count of the complaint seeks "**contribution** from the third-party defendant for their proportionate share of same." (15). "Same" refers to damages. This third-party complaint was dated June 7, 1996, served June 11, 1996 and filed in court June 19, 1996, pursuant to a motion for permission to implead third parties, granted by this court, Hammer, J. on June 10, 1996.

Thereafter the original plaintiff, on September 10, 1996 filed a request to amend her complaint to assert her claim for damages **[*2]** in negligence against the impleaded defendant North Central Mental Health, Inc. and filed an amended complaint. This court, Hammer, J. denied this third party's objection to the original plaintiff's request to amend, by decision of October 7, 1996.

Therefore, as the matter now stands this third-party defendant is a party to this action in the same fashion as if it had been an original defendant. Its liability, if any, will be apportioned by virtue of the provisions of General Statutes 52-572h, (c), (d) and (f).

I

The motion to strike the third count claiming "**contribution**."

**HN1** At **common law** there is no **contribution** allowed between joint tortfeasors. *Gomeau v. Forrest,* 176 Conn. 523, 524, 409 A.2d 1006 (1979). Hence a direct action for **contribution** amongst co-defendant tortfeasors is not permitted at **common law**. "Apportionment," a direct division of the damages between joint tortfeasors for a limited amount as to each defendant, exists solely by virtue of General Statutes 52-572h(c). The liability of a defendant is specifically limited to ". . . only for his proportionate share of the recoverable economic damages and recoverable non-economic damages, except as provided in **[*3]** subsection

Search - 66 Results - "common law" /5 contribution
Case 3:03-cv-00083-WIG   Document 107-4   Filed 07/21/2004   Page 4 of 5
Page 4 of 6

(g) of this Section" General Statutes 52-572h(c). Subsection (c) provides for a "re-allocation" of economic (not non-economic) damages amongst paying defendants and grants to the paying defendant who post judgment has to pay a portion of the judgment of another defendant a right to then bring an action for **"contribution"** as against the non-paying defendant. General Statutes 52-572h(g)(h).

HN2 "Apportionment" of liability takes place at the time of judgment. "Each party against whom recovery is allowed shall be *liable to the claimant only for his proportionate share . . .*" General Statutes 52-572h(c). This is contrasted to **common law "contribution,"** allowed in non-tort actions, whereby each of the obligors is jointly and severally liable for the entire debt (for example the co-makers of a promissory note), but where equitably the obligation is to be shared amongst joint obligors. Succinctly, at **common law** there is no **contribution** amongst joint tortfeasors.

General Statutes 52-102b has further altered the **common law** to apportion damages amongst persons who were not originally parties by allowing persons to be impleaded as a "defendant for apportionment." The original **[*4]** defendant is not, however, given a direct action for **"contribution"** against the impleaded party. He is merely given the opportunity to reduce his debt by virtue of an apportioned judgment. A right is given to the plaintiff to assert a claim against the impleaded defendant, so as to preclude "apportionment" as being nothing more than debt reduction under the guise of "apportionment."

There is no question, in the instant case, but that the defendant did not serve the third-party defendant with an "apportionment complaint" within the requisite 120 days from the return date. See General Statutes 52-102b(A). The return date was December 19, 1995. The third-party complaint was served June 11, 1996 hence the defendant cannot claim apportionment. The third-party complaint, third count, paragraph 15, therefore requests **"contribution** from third-party defendant for their proportionate share of same."

The defendant's brief, February 12, 1997 states "in the present case the defendant third-party plaintiff is not seeking apportionment of NCCHMS's liability to the plaintiff, but rather to determine NCCHMS's liability to the defendant third-party plaintiff Superior Ambulance." Properly, **[*5]** the defendant is not seeking apportionment against the third-party defendant, as a claim for such apportionment may be asserted by the defendant only under the auspices of General Statutes 52-102b.

The defendant is therefore left with a claim that it is entitled to **"contribution"** from the third-party defendant. The case of *Malerba v. Cessna Aircraft Co.*, 210 Conn. 189, 554 A.2d 287 (1989), does not serve the defendant's purposes. That was a product liability action, under General Statutes 52-572o. HN3 In a product liability action the judgment against each defendant is joint and several for the entire amount of the judgment, regardless of the percentage of fault of the respective defendants. "The court . . . shall enter judgment against the parties liable on the basis of the **common law** joint and several liability of joint tortfeasors." General Statutes 52-572o(d).

HN4 In a product liability action the right to **contribution** exists because the defendant who pays the entire judgment is paying his own obligation under the joint and several judgment. In negligence actions the paying defendant, by being required to pay a supplementary amount, is paying the judgment of another, not **[*6]** his own limited judgment. In essence, the postjudgment procedures under the negligence statute, 52-572h(g) and (h), cause the paying defendant to be a statutory conditional guarantor for the judgment against another person, from which he is then entitled to full indemnity. ( General Statutes 52-572h(h).) HN5 "Indemnity involves a claim for reimbursement in full from one or when a primary liability is claimed to rest while **contribution** involves a claim for reimbursement of a share of a payment necessarily made by the claimant which equitably should have been paid in part by

others." *Malerba v. Cessna Aircraft Co., supra, p. 195.*

The third count of the complaint sets forth no theory to support a claim that the third-party defendant is or may be liable *to the defendant* at the time of judgment. <sup>HN6</sup>There is no **contribution** allowed between joint tortfeasors. One tortfeasor is simply not liable to another tortfeasor for "**contribution.**" Any such liability for **contribution** does not arise out of the relationship of joint tortfeasors. Any such cause of action arises only post judgment, under a separate set of circumstances involving post judgment debtors and only to the limited extent [*7] and under the limited circumstances permitted by general statutes 52-572h(g) and (h). Any such potential cause of action has not yet accrued.

The court further notes that, in distinguishing between product liability claims and negligence actions, <sup>HN7</sup>the existence of a right of *indemnity* in negligence actions does not convert such claims into claims for **contribution**. See *Kyrtatas v. Stop & Shop, Inc.*, 205 Conn. 694, 702, 535 A.2d 357 (1988). Hence the existence of a potential right of indemnity, as pleaded in the fourth count of the complaint, does not support the defendant's claim for a right of **contribution** under the third count. See also General Statutes 52-572(j).

Finally, the remedy sought by the defendant in the third count of the third-party complaint, realistically apportionment, may from a practical standpoint be already applicable as the original plaintiff has amended the complaint to assert a direct claim against the third-party defendant, thereby invoking the automatic apportionment provisions of General Statutes 52-572h.

The defendant has not pleaded such facts as are necessary to set forth a cause of action for **contribution** against the third-party [*8] defendant. The motion to strike the third count of the third-party complaint is granted.

As to the fourth count of the third-party complaint, seeking **common law** indemnity, the third-party defendant has withdrawn the motion to strike that count (see supplemental memorandum February 18, 1988), and properly so. See *Skuzinski v. Bouchard Fuels Inc.*, 240 Conn. 694, 694 A.2d 788 (1997). Consequently the motion to strike the fourth count of the third-party complaint is denied.

L. Paul Sullivan, J.

Source:   Legal > Cases - U.S. > All Courts - By State > CT Federal & State Cases, Combined
Terms:   "common law" /5 contribution  (Edit Search)
View:   Full
Date/Time:   Wednesday, July 7, 2004 - 4:31 PM EDT

* Signal Legend:
● - Warning: Negative treatment is indicated
▲ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
Ⓐ - Citing Refs. With Analysis Available
ⓘ - Citation information available
* Click on any *Shepard's* signal to *Shepardize*® that case.

About LexisNexis | Terms and Conditions