FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2004 SEP 15 A 11: 03

U.S. DISTRICT COURT
HARTFORD, CT.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

WASLEY PRODUCTS INCORPORATED, *
ET AL                          *
                               *       Civil No. 3:03CV383 (DJS)
        Plaintiffs             *
                               *
V.                             *
                               *
BARRY LEONARD BULAKITES, ET AL *
                               *
        Defendants             *       SEPTEMBER 13, 2004
                               *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFFS' RESPONSE TO SPECIAL MASTER'S REPORT

The plaintiff hereby submits the following response to the Special Master's report dated July 31, 2004.

**1.   Regarding Special Master's Report Exhibit J (Additional Unaccounted Funds) and Page 8 (Reconciliation of Wasley Pension Funds)-Use of Funds**

Exhibit J does not include the income for Mamerow. Page 8 of the Reconciliation indicates $50,000 death benefit paid. Wasley maintains by the attached documentation that this "expense" was funded and that the income was not taken into consideration again the disbursement. This would have the effect of increasing the "Total source of funds" category by $50,000. (see Exhibit A attached)

**2.   Regarding Page 8 Reconciliation of Wasley Pension Funds - Corbel payments totaling $1,701.37**

With respect to the four payments to "Corbel" appearing under Use of Funds Wasley has no knowledge of Corbel or the purpose of the payments. Payee still unknown

CRANMORE, FITZGERALD & MEANEY   •   ATTORNEYS AT LAW
49 WETHERSFIELD AVENUE   •   HARTFORD, CONNECTICUT 06114-1102   •   (860) 522-9100

and not recognized by Wasley. Payee should have support documents for services. Barry Bulakites, et al has not shown that evidence to date.

3. **Regarding the Wiblyi matter**

As previously brought forth, it appears that all funds for "Wiblyi" have not been included. In addition, Wasley still has not received an explanation regarding why the policy was terminated and what happened to the cash value in the policy. Moreover, the full monetary loss due to impact of the policy termination has not yet been realized by Wasley.(see Exhibit B attached)

4. **Regarding Transfer of funds from Defined Benefit Plan to 401k Plan(s).**

Issues remain regarding the now known underfunding of both Wasley 401k and Precision Molding 401k Plans from inception. Wasley was unaware that the 401k Plans were initiated in an underfunded status. For example, rollovers for three participants under Precision Moldings 401k Plan were not actually performed. Participant statements indicated funds were in their accounts, when in reality the funds were not transferred from the Defined Benefit Plan(s).

PLAINTIFFS

By: _____
Joseph V. Meaney, Jr.
Cranmore, FitzGerald & Meaney
49 Wethersfield Avenue
Hartford, CT 06114
Phone: (860) 522-9100
Connecticut Federal Bar No. CT 04315