UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GREGORY PRENTISS, JOHN RIZZI, RICHARD SEICH, and DOROTHY BROWN, individually and on behalf of the Wasley Products Inc. 401(k) Profit Sharing Plan, <br><br> Plaintiffs, <br><br> V. <br><br> BARRY CONNELL, BARRY L. BULAKITES, JAMES A. WINSLOW, JOSHUA ADAMS CORP., <br><br> Defendants and Crossclaim Plaintiffs, <br><br> V. <br><br> WASLEY PRODUCTS, INC., ALAN A. WASLEY, ANDREW BRADY, SANDI DUMAS-LAFERRIERE, BARRY CONNELL, <br><br> Defendants and Crossclaim Defendants. | MASTER CONSOLIDATED CASE <br> CIVIL NO. 3:03 CV 383 (DJS) <br><br><br> THIS PLEADING PERTAINS TO: <br> CIVIL NO. 3:03 CV 1790 (DJS) <br><br><br><br><br><br><br><br><br> OCTOBER 4, 2004 |

**WASLEY DEFENDANTS' REQUEST FOR RULING
ON MOTION TO DISMISS CROSSCLAIMS
ASSERTED BY BULAKITES DEFENDANTS**

**I.   INTRODUCTION**

On July 21, 2004, defendants/crossclaim defendants Wasley Products, Inc., Alan Wasley, Andrew Brady, Sandi Dumas-Laferriere and Barry Connell (collectively, the "Wasley Defendants") moved the court to dismiss the four-count cross-complaint brought against them by co-defendants Barry Bulakites, James Winslow, and Joshua Adams Corp. (collectively, the "Bulakites Defendants") in their Answer, Affirmative Defenses, and Crossclaims dated May 27, 2004.  The first two counts of the cross-complaint purported to allege claims for indemnification

and contribution under the Employee Retirement Income Security Act ("ERISA"). The remaining two counts purported to allege claims for common law indemnification or contribution and indemnification under a theory of negligence. The Wasley Defendants moved to dismiss all four counts of the cross-complaint.

The Bulakites Defendants did not file an opposition to the motion to dismiss, but instead twice amended their Answer, Affirmative Defenses and Crossclaims.[1] In their amended answers, the Bulakites Defendants withdrew the third and fourth counts of their cross-complaint (the common law indemnification/negligence claims). However, they retained the first and second counts (the ERISA counts) of their cross-complaint without revising them in any respect. The Wasley Defendants therefore respectfully request that the court rule on the motion to dismiss those two counts.

## II.  ARGUMENT

### A.  It is Appropriate for the Court to Apply the Existing Motion to Dismiss to the Remaining ERISA Counts.

Although an amendment supersedes the pleading it modifies, "[d]efendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading." Wright, Miller & Kane, Federal Practice & Procedure Civil 2d § 1476 (1990 & 2004 Supp.)  In the present case, as noted, the Wasley Defendants moved to dismiss all of the counts of the original cross-complaint, including the two ERISA counts. Although the Bulakites Defendants subsequently filed two amended answers, they did not withdraw or revise the ERISA counts of

---

[1] The Bulakites' Defendants first Amended Answer, Affirmative Defenses and Crossclaims is dated September 13, 2004; they filed a Second Amended Answer, Affirmative Defenses and Crossclaims dated September 16, 2004 (hereinafter referred to as the "Second Amended Answer"). This request is directed to the Second Amended Answer.

their cross-complaint in either amendment.  The two ERISA counts remain unchanged from the initial pleading and, as discussed below, retain the same defects that were addressed in the Wasley Defendants' motion to dismiss.  Therefore, even though the motion to dismiss predates the filing of the amended cross-complaint, it is entirely appropriate for the court to treat the motion as directed to the amended cross-complaint.  *See, e.g.,* Holmes v. National Football League, 939 F. Supp. 517, 522 n. 7 (N.D. Tex. 1996); Datastorm Technologies, Inc. v. Excalibur Communications, Inc., 888 F. Supp. 112, 114 (N.D. Cal. 1995); Patton Electric Co. v. Rampart Air, 777 F. Supp. 704, 713 (N.D. Ind. 1991).

**B.     The Bulakites Defendants Do Not Allege Any Facts Concerning Their Fiduciary Status and Thus Fail to State Claims for Indemnification or Contribution Under ERISA.**

The two remaining counts of the Bulakites Defendants' cross-complaint, which purport to state claims for indemnification and contribution for breach of fiduciary duty under ERISA, must be dismissed because the Bulakites Defendants have failed to assert any facts alleging their status as plan fiduciaries.  Indeed, the Bulakites Defendants expressly deny that they are fiduciaries of the Wasley 401(k) Plan.  In the absence of factual allegations concerning fiduciary status, the Bulakites Defendants have failed to establish their standing to bring ERISA claims for contribution and indemnity against the Wasley Defendants and their claims must be dismissed.  This argument is fully briefed on pages 3-5 of the memorandum of law in support of the Wasley Defendants' motion to dismiss.

Through informal communication from their counsel, the Bulakites Defendants have contended that Rule 8(e)(2) of the Federal Rules of Civil Procedure allows them to plead inconsistently.  However, although Rule 8(e)(2) permits a party to plead in the alternative, it does not relieve a party of the general requirement of setting forth all of the necessary elements of a

viable legal theory. The concept of notice pleading under the Federal Rules does not give a party the right to assert conclusory allegations with no factual underpinnings, but requires the complaint to include the operative facts upon which the plaintiff bases his claim. *See* In Re Allen, 150 B.R. 21, 22 (E.D. Va. 1993). Thus, even if the Bulakites Defendants could assert the ERISA claims in the alternative (notwithstanding their express denial of fiduciary status in their answer), they still must set forth factual allegations regarding each material element necessary to sustain recovery under these claims. (*See* Wasley Def. Mem., p. 2, and cases cited therein). This they have not done.

The omission of adequate factual allegations in support of their cross-claims is even more glaring when the Bulakites Defendants' answer and cross-claims are viewed as a whole. The Bulakites Defendants plead detailed allegations in the cross-claims concerning the status of the Wasley Defendants and their alleged acts concerning the Wasley 401(k) Plan. Yet, when it comes to their own involvement with the Wasley 401(k) Plan, the Bulakites Defendants cannot recall even the most basic facts, such as the nature of their business or the nature of the services they provided for the Wasley 401(k) Plan. (*See, e.g.,* Second Amended Answer ¶¶ 12, 17, 24 and Eighth Count ¶ 40.) Because the Bulakites Defendants have been unable to plead adequate factual allegations even after two amendments to their answer, the motion to dismiss should be granted without further leave to amend.[2]

---

[2] Even if the Bulakites Defendants were granted leave to amend their cross-complaint to include factual allegations concerning their fiduciary status, they have admitted that their services were terminated in November 2002. (Second Amended Answer, ¶ 29). They have no standing to assert claims for recovery on behalf of the plan. Chemung Canal Trust Co. v. Sovran Bank/Maryland, 939 F. 2d 12, 14-15 (2d Cir. 1991) (former fiduciary lacks standing to sue on behalf of the plan to recover for the plan's losses). Therefore, the portion of their request for relief in which they seek an order that the Wasley Defendants fund the Wasley 401(k) Plan to its full actuarial status (plus interest) should be stricken.

### III. CONCLUSION

For the reasons set forth herein and in the Wasley Defendants' original motion to dismiss, the remaining two counts of the Bulakites Defendants' cross-complaint should be dismissed.

DEFENDANTS and CROSSCLAIM DEFENDANTS

WASLEY PRODUCTS, INC., ALAN A. WASLEY, ANDREW BRADY, SANDI DUMAS-LAFERRIERE, AND BARRY CONNELL

By: _____
Theodore J. Tucci (ct05249)
ttucci@rc.com
Jean E. Tomasco (ct09635)
jtomasco@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax: (860) 275-8299

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, first class postage prepaid on the 4th day of October, 2004 to the following:

Maurice T. Fitzmaurice, Esq.
Peter K. Rydel, Esq.
Reid & Riege, P.C.
One Financial Plaza
Hartford, CT  06103-3185

Deborah S. Freeman, Esq.
Bryan D. Short, Esq.
Bingham McCutchen
One State Street
Hartford, CT  06103-3178

Albert Zakarian, Esq.
Victoria Woodin Chavey, Esq.
Eric L. Sussman, Esq.
Day, Berry & Howard
CityPlace
Hartford, CT  06103-3499

Thomas G. Moukawsher, Esq.
Ian O. Smith, Esq.
Moukawsher & Walsh
21 Oak Street, Suite 209
Hartford, CT  06106

Joseph V. Meaney, Jr., Esq.
Cranmore, Fitzgerald & Meaney
49 Wethersfield Ave.
Hartford, CT  06114-1102

_____
Jean E. Tomasco