UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GREGORY PRENTISS, JOHN RIZZI, RICHARD SEICH, and DOROTHY BROWN, individually and on behalf of the Wasley Products Inc. 401(k) Profit Sharing Plan, | : **MASTER CONSOLIDATED CASE** :  **CIVIL NO. 3:03 CV 383 (DJS)** : |
| Plaintiffs, | : |
| V. | : THIS PLEADING PERTAINS TO: : CIVIL NO. 3:03 CV 1790 (DJS) |
| BARRY CONNELL, BARRY L. BULAKITES, JAMES A. WINSLOW, JOSHUA ADAMS CORP., | : : : |
| Defendants and Crossclaim Plaintiffs, | : |
| V. | : |
| WASLEY PRODUCTS, INC., ALAN A. WASLEY, ANDREW BRADY, SANDI DUMAS-LAFERRIERE, BARRY CONNELL, | : OCTOBER 26, 2004 : : : |
| Defendants and Crossclaim Defendants. | : |

**WASLEY DEFENDANTS' REPLY
TO BULAKITES DEFENDANTS' OPPOSITION TO
MOTION TO DISMISS CROSSCLAIMS**

Pursuant to Local Rule 7(d) of the Local Rules of Civil Procedure, the Wasley Defendants briefly reply to the Bulakites Defendants' Memorandum of Law in Support of Objection to Wasley Defendants' Motion to Dismiss Crossclaims dated October 13, 2004 (hereinafter, "10/13/04 Opp. Mem."). For the reasons forth in the Wasley Defendants' previous briefs in support of their motion to dismiss, the two remaining counts of the Bulakites Defendants' cross-complaint, which purport to state claims for indemnification and contribution for breach of fiduciary duty under ERISA, must be dismissed because the Bulakites Defendants have failed to

assert even a single fact establishing their status as plan fiduciaries, a critical element to the assertion of properly pled ERISA indemnification and contribution claims.

## I. ARGUMENT

In their opposition brief, the Bulakites Defendants claim that fiduciary status can be implied as part of their cross-complaint. In support of this argument, they refer to a single allegation of their cross-complaint that is barren of any facts and which simply states that, to the extent that they may be subject to liability arising out of the alleged actions of the Wasley Defendants, the Wasley Defendants are obligated to indemnify them. (10/13/04 Opp. Mem., pp. 4-5). The Bulakites Defendants contend that the separate claims asserted against them by the plaintiffs and the Wasley Defendants require proof of their fiduciary status and that the requisite assertion of facts to support fiduciary status therefore can be implied or inferred from the conclusory allegation that they may be found liable. (Id.)

The court should reject the Bulakites Defendants' argument that they are entitled to assert legal claims without pleading the actual factual and legal elements of those claims. First, the Wasley Defendants have stated numerous alternative non-ERISA claims against the Bulakites Defendants that do not require a finding of fiduciary status. Moreover, the plaintiffs have asserted that the Bulakites Defendants engaged in transactions prohibited by ERISA § 406(b)(1) (Complaint, ¶¶ 23, 26), and fiduciary status is not a prerequisite for a determination of liability under this section of ERISA. Harris Trust & Savings Bank v. Salomon Smith Barney Inc., 120 S. Ct. 2180 (2000) (non-fiduciary could be liable for engaging in prohibited transaction). In short, the Bulakites Defendants could be subject to liability even if they are not fiduciaries. Thus, the Bulakites Defendants' sketchy allegation of contingent liability is not an affirmative pleading of fiduciary status, a critical element of an indemnification or contribution claim under ERISA.

2

Further, the pleading requirements of the Federal Rules of Civil Procedure—however liberal—do not relieve the Bulakites Defendants of setting forth the most basic necessary elements of a claim for indemnification or contribution under ERISA. As previously stated, even if the Bulakites Defendants could assert the ERISA claims in the alternative (notwithstanding their express denial of fiduciary status in their answer), they still must set forth some type of factual allegations regarding each material element necessary to sustain recovery under these claims. (*See* Wasley Def. Mem., p. 2, and cases cited therein). They have failed to do so. Their cross-claims do not include any facts to establish their fiduciary status, whether in the alternative or hypothetically. The Bulakites Defendants' failure to plead factual allegations in support of their cross-claims is even more disturbing given that the Bulakites Defendants make detailed allegations concerning the purported actions of the Wasley Defendants yet claim to have no recollection concerning their own involvement with the Wasley 401(k) Plan.

In addition, as noted in the Wasley Defendants most recent brief, even if the Bulakites Defendants' vague allegations are sufficient to establish that they were fiduciaries of the Wasley 401(k) Plan at one point, it is undisputed that their services were terminated in November 2002. (Request for Ruling on Motion to Dismiss, 10/04/04, p. 4, n. 2). Thus, the Bulakites Defendants have no standing to assert claims for recovery on behalf of the plan. They offer no arguments in opposition to this point. The portion of their request for relief in which they seek an order that the Wasley Defendants fund the Wasley 401(k) Plan to its full actuarial status (plus interest) therefore should be dismissed.

**II.  CONCLUSION**

The court should not allow the Bulakites Defendants to plead "copycat" ERISA fiduciary breach claims when they have utterly failed to satisfy even the most rudimentary pleading requirements to set forth a cause of action.  The court should not condone this type of pleading gamesmanship, which only serves to obscure the real issues in the case.  For the reasons set forth herein and in the Wasley Defendants' previous briefs, the motion to dismiss the crossclaims should be granted.

DEFENDANTS and CROSSCLAIM DEFENDANTS
WASLEY PRODUCTS, INC., ALAN A. WASLEY,
ANDREW BRADY, SANDI DUMAS-LAFERRIERE,
AND BARRY CONNELL

By: /s/ Jean E. Tomasco
Theodore J. Tucci (ct05249)
ttucci@rc.com
Jean E. Tomasco (ct09635)
jtomasco@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax: (860) 275-8299

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, first class postage prepaid on the 26th day of October, 2004 to the following:

Maurice T. Fitzmaurice, Esq.
Peter K. Rydel, Esq.
Reid & Riege, P.C.
One Financial Plaza
Hartford, CT  06103-3185

Deborah S. Freeman, Esq.
Bryan D. Short, Esq.
Bingham McCutchen
One State Street
Hartford, CT  06103-3178

Albert Zakarian, Esq.
Victoria Woodin Chavey, Esq.
Eric L. Sussman, Esq.
Day, Berry & Howard
CityPlace
Hartford, CT  06103-3499

Thomas G. Moukawsher, Esq.
Ian O. Smith, Esq.
Moukawsher & Walsh
21 Oak Street, Suite 209
Hartford, CT  06106

Joseph V. Meaney, Jr., Esq.
Cranmore, Fitzgerald & Meaney
49 Wethersfield Ave.
Hartford, CT  06114-1102

_____
Jean E. Tomasco