```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


GREGORY PRENTISS, JOHN RIZZI,      :
RICHARD SEICH, and DOROTHY         :
BROWN, individually and on         :
behalf of the Wasley Products,     :
Inc. 401(k) Profit Sharing         :
Plan,                              :
                                   :
      Plaintiffs,                  :
                                   :
v.                                 :   MASTER CONSOLIDATED CASE
                                   :   3:03CV383(DJS)
WASLEY PRODUCTS, INC., ALAN A.     :
WASLEY, ANDREW BRADY, SANDI        :   THIS PLEADING PERTAINS
DUMAS-LAFERRIERE, BARRY            :   TO:
CONNELL, BARRY L. BULAKITES,       :   3:03CV1790(DJS)
JAMES A. WINSLOW, JOSHUA ADAMS     :
CORPORATION,                       :
                                   :
      Defendants,                  :
                                   :
WASLEY PRODUCTS, INC., ALAN A.     :
WASLEY, ANDREW BRADY, SANDI        :
DUMAS-LAFERRIERE, BARRY            :
CONNELL,                           :
                                   :
      Third-Party Plaintiffs,      :
                                   :
v.                                 :
                                   :
NATIONWIDE LIFE INSURANCE          :
COMPANY OF AMERICA f/k/a           :
PROVIDENT MUTUAL LIFE              :
INSURANCE COMPANY and LINCOLN      :
NATIONAL LIFE INSURANCE            :
COMPANY,                           :

      Third-Party Defendants.
```

## MEMORANDUM OF DECISION

Third-party defendants Nationwide Life Insurance Company of America f/k/a Provident Mutual Life Insurance Company ("Provident

Mutual") and Lincoln National Life Insurance Company ("Lincoln") have filed motions to dismiss (dkt. #s 91 & 94) the complaint filed against them by third-party plaintiffs Wasley Products, Inc., Alan Wasley, Andrew Brady, Sandi Dumas-LaFerriere, and Barry Connell (hereinafter "Trustees"). The Trustees have filed a motion to dismiss (dkt. # 107) the cross-claims brought against them by Barry Bulakites, James Winslow, and the Joshua Adams Corporation.  For the reasons set forth herein, these motions to dismiss are **DENIED**.

## I. BACKGROUND

Two lawsuits, which have been consolidated under Docket Number 3:03CV383(DJS), have arisen from the alleged mismanagement of pension plans and the possible conversion of funds from the pension plans for the period of 1991 through 2003 by the plans' third-party administrators.  In the first action, Wasley Products, Inc. ("Wasley Products") and Precision Molding Company, Inc., who are the employers and plan sponsors, have sued Barry Bulakites, James Winslow, and the Joshua Adams Corporation ("JAC"), who served as the plan-third party administrators; and Provident Mutual and Lincoln, who had business relations concerning the plans with Bulakites, Winslow and JAC at various times during the period in question; for relief under the Employee Retirement Income Security Act ("ERISA").  In the second action, the plan participants have sued Wasley Products and the

Trustees and Bulakites, Winslow, and JAC alleging breach of fiduciary duty under ERISA.  Wasley Products has cross-claimed against Bulakites, Winslow, and JAC, for indemnity, contribution, breach of fiduciary duty, negligence, misrepresentation, breach of contract, and unfair trade practices.  Bulakites, Winslow, and JAC have cross-claimed against Wasley and the Trustees for indemnification for breach of fiduciary duty under ERISA (Count I) and contribution for breach of fiduciary duty under ERISA (Count II).

In the second action, Wasley Products and the plan trustees have filed a third-party complaint against Provident Mutual and Lincoln asserting the following claims: indemnification for breach of fiduciary duty by Provident Mutual (First Count), indemnification for breach of fiduciary duty by Lincoln (Second Count); contribution for breach of fiduciary duty by Provident Mutual (Third Count); contribution for breach of fiduciary duty by Lincoln (Fourth Count); common law breach of fiduciary duty by Provident Mutual (Fifth Count); common law breach of fiduciary duty by Lincoln (Sixth Count); professional negligence/malpractice by Provident Mutual (Seventh Count); professional negligence/malpractice by Lincoln (Eighth Count); intentional misrepresentation by Provident Mutual (Ninth Count); negligent misrepresentation by Provident Mutual (Tenth Count); and unfair trade practices against Provident Mutual (Eleventh

Count).

## II. DISCUSSION

Each moving party relies upon Rule 12(b)(6) of the Federal Rules of Civil Procedure in arguing that the non-moving party has failed to state a claim upon which relief may be granted.

### A. STANDARD

When considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996). Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. See Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." United States v. Yale New Haven Hosp., 727 F. Supp. 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S. at 232). In its review of a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transport Local 504, 992 F.2d 12,

15 (2d Cir. 1993).

## B. FIDUCIARY STATUS

The underlying question dispositive of each party's motion is when a party may be considered a fiduciary so that the party can either bring a claim for relief against another fiduciary or be held liable under ERISA to another fiduciary.  Pursuant to ERISA,

> a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan. Such term includes any person designated under section 1105(c)(1)(B) of this title.

29 U.S.C. § 1002(21).  ERISA imposes the following obligations upon fiduciaries:

> a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and--
>
> (A) for the exclusive purpose of:
>
> (i) providing benefits to participants and their beneficiaries; and
>
> (ii) defraying reasonable expenses of administering the plan;
>
> (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a

>    like character and with like aims;
>
>    (C) by diversifying the investments of the plan so as
>    to minimize the risk of large losses, unless under the
>    circumstances it is clearly prudent not to do so; and
>
>    (D) in accordance with the documents and instruments
>    governing the plan insofar as such documents and
>    instruments are consistent with the provisions of this
>    subchapter and subchapter III of this chapter.

29 U.S.C. § 1104(a)(1).  Further, a fiduciary can be liable for the actions of another fiduciary under the following circumstances:

>    (1) if he participates knowingly in, or knowingly
>    undertakes to conceal, an act or omission of such other
>    fiduciary, knowing such act or omission is a breach;
>
>    (2) if, by his failure to comply with section
>    1104(a)(1) of this title in the administration of his
>    specific responsibilities which give rise to his status
>    as a fiduciary, he has enabled such other fiduciary to
>    commit a breach; or
>
>    (3) if he has knowledge of a breach by such other
>    fiduciary, unless he makes reasonable efforts under the
>    circumstances to remedy the breach.

29 U.S.C. § 1105(a).  "Courts applying trust law principles have implied federal common law rights between defaulting fiduciaries," and these rights include indemnity and contribution.  Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 241 (2d Cir. 2002).

Each moving party asserts that the non-moving party has failed to properly plead that a party is a fiduciary.  Provident Mutual and Lincoln assert that the Trustees cannot bring ERISA indemnity and contribution claims against them because Provident

Mutual and Lincoln are not fiduciaries and because Provident Mutual and Lincoln cannot be held liable for the actions of alleged fiduciaries Bulakites, Winslow, and JAC under an agency theory.  The Trustees assert that Bulakites, Winslow, and JAC cannot bring ERISA indemnity and contribution claims against them because Bulakites, Winslow, and JAC do not allege that Bulakites, Winslow, and JAC were fiduciaries.

Each motion must be denied inasmuch as it seeks dismissal based upon a failure to plead fiduciary status.  With respect to Provident Mutual's and Lincoln's motions, the Trustees have expressly alleged that Provident Mutual and Lincoln, to some unspecified degree acting through Bulakites, Winslow, and JAC, acted as fiduciaries, (see dkt. # 26, First Count  ¶ 39 & Second Count ¶ 39), and have alleged the factual basis, in terms echoing ERISA's definition of fiduciary, for this conclusion.  Without a factual record, the court cannot determine the extent to which Provident Mutual and Lincoln may be held liable for the actions of Bulakites, Winslow, and JAC; the court cannot, at this juncture, categorically rule out this possibility.  Because the court must accept all well-pleaded allegations as true at this stage of the proceedings, Provident Mutual's and Lincoln's motions must be denied.  With respect to the Trustees' motion, Bulakites, Winslow, and JAC have adequately alleged that they may be found to have functioned as fiduciaries, despite the fact that

-7-

they deny they acted as fiduciaries. The Trustees' motion is therefore denied as well.

The remaining arguments raised by Provident Mutual and Lincoln concern the Trustees' right to plead in the alternative. The Court of Appeals for the Second Circuit has recently observed that "[c]ourts are reluctant to find that Congress intended to preempt state laws that do not affect the relationships" between "the core ERISA entities: beneficiaries, participants, administrators, employers, trustees and other fiduciaries, and the plan itself." Gerosa v. Savasta & Co., Inc., 329 F.3d 317, 324 (2d Cir. 2003). If, after the record has been fleshed out, Provident Mutual and Lincoln cannot be held liable as fiduciaries, then the Trustees may be able to assert common law causes of action against Provident Mutual and Lincoln because the common law causes of action do not affect any core ERISA relationship. Again, at this juncture, dismissal of the common law counts is not warranted.

### III. CONCLUSION

For the reasons set forth herein, third-party defendants Nationwide Life Insurance Company of America f/k/a Provident Mutual Life Insurance Company's and Lincoln National Life Insurance Company's motions to dismiss (dkt. #s 91 & 94) are **DENIED,** and the Trustees' motion to dismiss (dkt. # 107) the cross-claims brought against them by Barry Bulakites, James

Winslow, and the Joshua Adams Corporation is **DENIED**.

So ordered this 9th day of March, 2005.

/s/DJS
_____
**DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE**