UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WASLEY PRODUCTS, INC., ET AL., | MASTER CONSOLIDATED CASE CIVIL NO. 3:03 CV 383 (MRK) |
| Plaintiffs, | |
| | THIS PLEADING PERTAINS TO: CIVIL NO. 3:03 CV 1790 (MRK) |
| V. | (<u>Prentiss et al. v. Wasley Products, Inc. et al.</u>) |
| BARRY BULAKITES, ET AL., | |
| Defendants. | APRIL 13, 2005 |

### ANSWER AND AFFIRMATIVE DEFENSES TO CROSSCLAIMS

Defendants Wasley Products, Inc., Alan Wasley, Andrew Brady, Sandi Dumas-Laferriere and Barry Connell (collectively, the "Wasley Defendants") hereby respond to the cross-complaint filed by Defendants Barry Bulakites, James Winslow and Joshua Adams Corporation (collectively the "Bulakites Defendants") in their Second Amended Answer, Affirmative Defenses and Crossclaims dated September 16, 2004 in the matter of <u>Prentiss et al v. Wasley Products, Inc. et al.</u>, 3:03-cv-1790 (MRK).

1.  The allegations of paragraph 1 are admitted.

2.  As to the allegations of paragraph 2, because the time period is not specified, the Wasley Defendants deny so much of paragraph 2 as alleges "at all relevant times herein." The remainder of the allegations are admitted.

3.  As to the allegations of paragraph 3, because the time period is not specified, the Wasley Defendants deny so much of paragraph 3 as alleges "at all relevant times herein." The remainder of the allegations are admitted.

4. As to the allegations of paragraph 4, because the time period is not specified, the Wasley Defendants deny so much of paragraph 4 as alleges "at all relevant times herein." The remainder of the allegations are admitted.

5. As to the allegations of paragraph 5, the Wasley Defendants admit that defendant Connell formerly held the position of President of Wasley Products and that he is a resident of Connecticut.

6. The allegations of paragraph 6 are admitted upon information and belief.

7. As to the allegations of paragraph 7, the Wasley Defendants have insufficient knowledge or information upon which to base a reply and therefore leave the Bulakites Defendants to their proof.

8. The allegations of paragraph 8 are admitted upon information and belief.

9. As to the allegations of paragraph 9, the Wasley Defendants state that, prior to 1989, Wasley Products established and maintained two separate defined benefit plans for its employees, the funds of which were commingled (collectively referred to as the "Wasley DBP"). To the extent the allegations of paragraph 9 are inconsistent with the foregoing response, they are denied.

10. As to the allegations of paragraph 10, the Wasley Defendants state that the two separate defined benefit plans that comprised the Wasley DBP were known as (1) "Wasley Products, Inc. Retirement Plan," which was available to office staff, and (2) "Wasley Products, Inc, UAW Local 376 Retirement Plan," which was available to union employees. To the extent the allegations of paragraph 10 are inconsistent with the foregoing response, they are denied.

11. As to the allegations of paragraph 11, the Wasley Defendants admit that Wasley Products, Inc. was the plan sponsor and plan administrator of the two defined benefit plans that

comprised the Wasley DBP. Because the time period is not specified, the Wasley Defendants deny so much of paragraph 11 as alleges "at all relevant times herein." The last sentence of paragraph 11 states a legal conclusion to which no response is required.

12.     As to the allegations of paragraph 12, the Wasley Defendants admit that Alan Wasley was the trustee of the two defined benefit plans that comprised the Wasley DBP. Because the time period is not specified, the Wasley Defendants deny so much of paragraph 12 as alleges "at all times relevant herein." Further, to the extent paragraph 12 alleges Alan Wasley's status as a fiduciary of the Wasley DBP, such allegation states a legal conclusion as to which no response is required.

13.     The allegations of paragraph 13 are denied.

14.     The allegations of paragraph 14 are denied.

15.     As to the allegations of paragraph 15, the Wasley Defendants admit that, in or around 1991, Wasley Products retained Provident Mutual and its employees/agents Bulakites and Winslow to perform various management, administration and investment services for Wasley Products' pension plans. To the extent the allegations of paragraph 15 are inconsistent with the foregoing response, they are denied.

16.     The allegations of paragraph 16 are denied.

17.     As to the allegations of paragraph 17, the Wasley Defendants admit that, acting upon the advice and recommendations of Provident Mutual and its agents/employees Bulakites and Winslow, Wasley Products terminated the Wasley DBP in or around October 1991.

18.     As to the allegations of paragraph 18, the Wasley Defendants admit that, acting upon the advice and recommendations of Provident Mutual and its agents/employees Bulakites and Winslow, at the time the Wasley DBP was terminated, the benefits under the Wasley DBP

were frozen. To the extent the allegations of paragraph 18 are inconsistent with the foregoing response, they are denied.

19. The allegations of paragraph 19 are denied.

20. The allegations of paragraph 20 are denied.

21. As to the allegations of paragraph 21, the Wasley Defendants admit that, acting upon the advice and recommendations of Provident Mutual and its agents/employees Bulakites, Winslow, and JAC, a 401(k) Plan was established for the benefit of Wasley Products' salaried employees and was known as the Wasley Products, Inc. 401(k) Plan (the "Wasley 401(k) Plan"). The remaining allegations of paragraph 21 are denied.

22. As to the allegations of paragraph 22, the Wasley Defendants admit that Wasley Products, Inc. is the plan sponsor and plan administrator of the Wasley 401(k) Plan and, as such, a fiduciary of the Wasley 401(k) Plan. The Wasley Defendants deny so much of paragraph 22 as alleges that Wasley Products, Inc. was the plan sponsor and plan administrator and, as such, a fiduciary "at all relevant times."

23. As to the allegations of paragraph 22, the Wasley Defendants admit that Alan Wasley is a trustee of the Wasley 401(k) Plan and, as such, a fiduciary of the Wasley 401(k) Plan. The Wasley Defendants deny so much of paragraph 23 as alleges that Wasley was a trustee and, as such, a fiduciary "at all relevant times."

24. As to the allegations of paragraph 24, the Wasley Defendants admit that Andrew Brady is a trustee of the Wasley 401(k) Plan and, as such, a fiduciary of the Wasley 401(k) Plan. The Wasley Defendants deny so much of paragraph 24 as alleges that Brady was a trustee and, as such, a fiduciary "at all relevant times."

25. As to the allegations of paragraph 25, the Wasley Defendants admit that Sandi Dumas-Laferriere is a trustee of the Wasley 401(k) Plan and, as such, a fiduciary of the Wasley 401(k) Plan. The Wasley Defendants deny so much of paragraph 25 as alleges that Dumas-Laferriere was a trustee and, as such, a fiduciary "at all relevant times."

26. As to the allegations of paragraph 26, Wasley Defendants admit that Barry Connell was a trustee of the Wasley 401(k) Plan for a certain period of time and, as such, a fiduciary of the Wasley 401(k) Plan. The Wasley Defendants deny so much of paragraph 26 as alleges that Connell was a trustee and, as such a fiduciary "at all relevant times."

27. As to the allegations of paragraph 27, because the Bulakites Defendants have failed to turn over all relevant records with respect to the Wasley pension plans, Wasley Defendants have insufficient knowledge upon which to or information upon which to base a reply and therefore leave the Bulakites Defendants to their proof.

28. The allegations of paragraph 28 are denied.

29. The allegations of paragraph 29 are denied.

30. The allegations of paragraph 30 are denied.

31. The allegations of paragraph 31 are denied.

32. The allegations of paragraph 32 state a legal conclusion to which no response is required. To the extent that the allegations of paragraph 32 state or imply any facts alleging wrongdoing on the part of the Wasley Defendants, the allegations are denied.

33. The allegations of paragraph 33 are denied.

34. The allegations of paragraph 34 are denied.

35. The allegations of paragraph 35 are denied.

36. The allegations of paragraph 36 are denied.

**COUNT I:** **INDEMNIFICATION FOR BREACH OF FIDUCIARY DUTY UNDER ERISA**

1.-36.   The responses to the allegations of Paragraphs 1 through 36 are hereby incorporated by reference as the responses to Paragraph 1 through 36 of Count I as if fully set forth herein.

37.   The allegations of paragraph 37 are denied.

38.   The allegations of paragraph 38 are denied.

**COUNT II:** **CONTRIBUTION FOR BREACH OF FIDUCIARY DUTY UNDER ERISA**

1.-37.   The responses to the allegations of Paragraphs 1 through 37 of Count I are hereby incorporated by reference as the responses to Paragraph 1 through 37 of Count II as if fully set forth herein.

38.   The allegations of paragraph 38 are denied.

**PRAYER FOR RELIEF**

The Prayer for Relief does not set forth factual allegations to which a response is required. However, to the extent that the Bulakites Defendants seek relief or damages from the Wasley Defendants, the Wasley Defendants deny that the Bulakites Defendants are entitled to any such relief or damages. The Wasley Defendants further state that the Bulakites Defendants lack standing to seek damages on behalf of the Wasley 401(k) Plan or its participants and that certain damages sought by the Bulakites Defendants are unavailable under ERISA.

Any other allegations of the Cross-Complaint that are not specifically admitted or addressed above are denied.

## AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE**

The Wasley Defendants reasonably relied on the expertise, services, data, and information provided by defendants Bulakites, Winslow, Joshua Adams Corp., and Provident Mutual and Lincoln National Life Insurance Company and thus are not liable for any claimed breaches of fiduciary duty.

**SECOND AFFIRMATIVE DEFENSE**

As more fully set forth in the various complaints filed by the Wasley Defendants in this action, Prentiss et al. v. Wasley Products, Inc. et al., 3:03-cv-1790 (MRK), and in the case entitled Wasley Products, Inc. et al. v Bulakites, et al., 3:03-cv-00383 (MRK), any alleged damages or losses to the Wasley 401(k) Plan and/or its participants are due to the wrongdoing of the Bulakites Defendants and other entities and for which the Wasley Defendants are not liable.

**THIRD AFFIRMATIVE DEFENSE**

Defendants Dumas-LaFerriere, Brady, and Connell were not trustees or fiduciaries of the Wasley DBP and cannot be liable for any alleged wrongdoing pertaining to the Wasley DBP. Further, with respect to the Wasley 401(k) Plan, the Wasley Defendants, as individual trustees, served as trustees for different time periods. Each trustee is not liable with respect to any claimed breaches of fiduciary duty that are alleged to have been committed either before he or she became a trustee or after he or she ceased to be a trustee.

**FOURTH AFFIRMATIVE DEFENSE**

As former fiduciaries of the Wasley 401(k) Plan, the Bulakites Defendants lack standing to seek damages on behalf of the Plan or its participants.

**FIFTH AFFIRMATIVE DEFENSE**

The Bulakites Defendants' claims are barred, in whole or in part, by the doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE**

The Bulakites Defendants' claims are barred, in whole or in part, by the applicable statute of limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

The Bulakites' Defendants' claims are barred, in whole or in part, by the doctrine of unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

Certain damages sought by the Bulakites Defendants, such as incidental and consequential damages, are unavailable under ERISA.

**NINTH AFFIRMATIVE DEFENSE**

As the Bulakites Defendants represented that they properly established, administered, and managed the Wasley 401(k) Plan, upon which representations the Wasley Defendants relied in good faith, the Bulakites Defendants are estopped from now claiming that that there were problems concerning the establishment, administration and/or management of the Plan.

**TENTH AFFIRMATIVE DEFENSE**

The Wasley Defendants acted in good faith and are not liable for attorneys' fees and costs.

                DEFENDANTS and CROSSCLAIM DEFENDANTS

                WASLEY PRODUCTS, INC., ALAN A. WASLEY,
                ANDREW BRADY, SANDI DUMAS-LAFERRIERE,
                AND BARRY CONNELL

By: /s/ Jean E. Tomasco
              Theodore J. Tucci (ct05249)
              ttucci@rc.com
              Jean E. Tomasco (ct09635)
              jtomasco@rc.com
              Robinson & Cole LLP
              280 Trumbull Street
              Hartford, CT 06103-3597
              Tel. No.: (860) 275-8200
              Fax: (860) 275-8299

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, first class postage prepaid on the 13th day of April, 2005 to the following:

Barry Bulakites
558 Castle Pines Parkway Unit B4 #401
Castle Rock, CO 80108

James Albert Winslow
45 Sagamore Terrace South
Westbrook, CT 06498

Sara R. Simeonidis, Esq.
Deborah S. Freeman, Esq.
Bryan D. Short, Esq.
Bingham McCutchen
One State Street
Hartford, CT 06103-3178

Albert Zakarian, Esq.
Victoria Woodin Chavey, Esq.
Eric L. Sussman, Esq.
Day, Berry & Howard
CityPlace
Hartford, CT 06103-3499

Thomas G. Moukawsher, Esq.
Ian O. Smith, Esq.
Moukawsher & Walsh
21 Oak Street, Suite 209
Hartford, CT 06106

Joseph V. Meaney, Jr., Esq.
Cranmore, Fitzgerald & Meaney
49 Wethersfield Ave.
Hartford, CT 06114-1102

                                                                         /s/ Jean E. Tomasco
                                                                         Jean E. Tomasco