FILED

2005 APR 19 A 11: 27

DISTRICT COURT
...TFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GREGORY PRENTISS, JOHN RIZZI, RICHARD SEICH, and DOROTHY BROWN, individually and on behalf of the Wasley Products Inc. 401(k) Profit Sharing Plan, Plaintiffs, | : : : : : : | MASTER CONSOLIDATED CASE CIVIL NO. 3:03CV383 (DJS) |
| V. | : : | |
| WASLEY PRODUCTS, INC., ALAN A. WASLEY, ANDREW BRADY, SANDI DUMAS-LAFERRIERE, BARRY CONNELL, Defendants and Third Party Plaintiffs, V. | : : : : : : | THIS PLEADING PERTAINS TO: CIVIL NO. 3:03-CV-1790 (DJS) |
| PROVIDENT MUTUAL LIFE INSURANCE COMPANY and LINCOLN NATIONAL LIFE INSURANCE COMPANY, Third Party Defendants. | : : : : : | APRIL 18, 2005 |

## ANSWER AND AFFIRMATIVE DEFENSES TO THIRD-PARTY COMPLAINT

The defendant, Lincoln National Life Insurance Company ("Defendant" or "Lincoln National"), by and through its counsel, Day, Berry & Howard LLP, hereby Answers Third Party Plaintiffs' Complaint dated March 3, 2004.[1] Any allegations not specifically addressed herein are denied.

---

[1] References to "plaintiffs" contained herein refer to Third Party Plaintiffs. References to the "Complaint" contained herein refer to the Third Party Complaint.

1. As to the allegations in paragraph 1 of plaintiffs' Complaint, the defendant has insufficient information or knowledge upon which to respond, and therefore leaves the plaintiffs to their proof.

2. As to the allegations in paragraph 2 of plaintiffs' Complaint, the defendant has insufficient information or knowledge upon which to respond, and therefore leaves the plaintiffs to their proof.

3. As to the allegations in paragraph 3 of plaintiffs' Complaint, the defendant has insufficient information or knowledge upon which to respond, and therefore leaves the plaintiffs to their proof.

4. The defendant admits the allegations in paragraph 4 of plaintiffs' Complaint.

5. As to the allegations in paragraph 5 of plaintiffs' Complaint, the defendant has insufficient information or knowledge upon which to respond, and therefore leaves the plaintiffs to their proof.

6. As to the allegations in paragraph 6 of plaintiffs' Complaint, the defendant has insufficient information or knowledge upon which to respond, and therefore leaves the plaintiffs to their proof.

7. As to the allegations in paragraph 7 of plaintiffs' Complaint, the defendant has insufficient information or knowledge upon which to respond, and therefore leaves the plaintiffs to their proof.

8.  The allegations in paragraph 8 of plaintiffs' Complaint assert a legal conclusion as to which no response is required.

9.  The allegations in paragraph 9 of plaintiffs' Complaint assert a legal conclusion as to which no response is required.

10-28.  As to the allegations in paragraphs 10 through 28 of plaintiffs' Complaint, the defendant has insufficient information or knowledge upon which to respond, and therefore leaves the plaintiffs to their proof.

29.  The defendant admits that Bulakites formerly held a position as Regional Chief Executive Officer. The defendant has insufficient information or knowledge upon which to respond to plaintiffs' allegation concerning representations made to plaintiffs by Bulakites, Winslow and/or JAC, and therefore leaves plaintiffs to their proof. The defendant denies any remaining allegations in paragraph 29.

30.  The defendant denies that Bulakites, Winslow or JAC acted as employees or agents of Lincoln. As to the remaining allegations in paragraph 30, the defendant has insufficient information or knowledge upon which to respond, and therefore leaves the plaintiffs to their proof.

31.  The defendant denies the allegations in paragraph 31 of plaintiffs' Complaint.

32.  The defendant denies that Bulakites, Winslow or JAC acted as employees or agents of Lincoln. As to the remaining allegations in paragraph 32, the defendant has insufficient information or knowledge upon which to respond, and therefore leaves the plaintiffs to their proof.

33. The defendant denies that Bulakites, Winslow or JAC acted as employees or agents of Lincoln. As to the remaining allegations in paragraph 33, the defendant has insufficient information or knowledge upon which to respond, and therefore leaves the plaintiffs to their proof.

34. As to the allegations in paragraph 34 of plaintiffs' Complaint, the defendant has insufficient information or knowledge upon which to respond, and therefore leaves the plaintiffs to their proof.

35. The defendant denies that Bulakites, Winslow or JAC engaged in any misconduct as employees or agents of Lincoln. As to the remaining allegations in paragraph 35, the defendant has insufficient information or knowledge upon which to respond, and therefore leaves the plaintiffs to their proof.

36. The defendant denies that Bulakites, Winslow or JAC acted as employees or agents of Lincoln. As to the remaining allegations in paragraph 36, the defendant has insufficient information or knowledge upon which to respond, and therefore leaves the plaintiffs to their proof.

37. The defendant denies that Bulakites, Winslow or JAC acted as employees or agents of Lincoln. As to the remaining allegations in paragraph 37, the defendant has insufficient information or knowledge upon which to respond, and therefore leaves the plaintiffs to their proof.

38. The defendant denies the allegations in paragraph 38 of plaintiffs' Complaint

### FIRST COUNT

1-38. The defendant incorporates its responses to paragraphs 1-38 as its responses to paragraphs 1-38 of the First Count as if fully set forth herein.

39-48. As to the allegations in paragraphs 39 through 48 of plaintiffs' Complaint, the defendant has insufficient information or knowledge upon which to respond, and therefore leaves the plaintiffs to their proof.

### SECOND COUNT

1-38. The defendant incorporates its responses to paragraphs 1-38 as its responses to paragraphs 1-38 of the Second Count as if fully set forth herein.

39-48. The defendant denies the allegations in paragraphs 39 through 48 of plaintiffs' Complaint.

### THIRD COUNT

1-46. The defendant incorporates its responses to paragraphs 1-46 as its responses to paragraphs 1-46 of the Third Count as if fully set forth herein.

47-49. As to the allegations in paragraphs 47 through 49 of plaintiffs' Complaint, the defendant has insufficient information or knowledge upon which to respond, and therefore leaves the plaintiffs to their proof.

### FOURTH COUNT

1-46.   The defendant incorporates its responses to paragraphs 1-46 as its responses to paragraphs 1-46 of the Second Count as if fully set forth herein.

47-49.   The defendant denies the allegations in paragraphs 47 through 49 of plaintiffs' Complaint.

**FIFTH COUNT**

1-38.   The defendant incorporates its responses to paragraphs 1-38 as its responses to paragraphs 1-38 of the Fifth Count as if fully set forth herein.

39-44.   As to the allegations in paragraphs 39 through 43 of plaintiffs' Complaint, the defendant has insufficient information or knowledge upon which to respond, and therefore leaves the plaintiffs to their proof.

**SIXTH COUNT**

1-38.   The defendant incorporates its responses to paragraphs 1-38 as its responses to paragraphs 1-38 of the Sixth Count as if fully set forth herein.

39-43.   The defendant denies the allegations in paragraphs 39 through 43 of plaintiffs' Complaint.

**SEVENTH COUNT**

1-38.   The defendant incorporates its responses to paragraphs 1-38 as its responses to paragraphs 1-38 of the Seventh Count as if fully set forth herein.

39-41.   As to the allegations in paragraphs 39 through 41 of plaintiffs' Complaint, the defendant has insufficient information or knowledge upon which to respond, and therefore leaves the plaintiffs to their proof.

### EIGHTH COUNT

1-38.   The defendant incorporates its responses to paragraphs 1-38 as its responses to paragraphs 1-38 of the Eighth Count as if fully set forth herein.

39-41.   The defendant denies the allegations in paragraphs 39 through 41 of plaintiffs' Complaint.

### NINTH COUNT

1-38.   The defendant incorporates its responses to paragraphs 1-38 as its responses to paragraphs 1-38 of the Ninth Count as if fully set forth herein.

42-48.   As to the allegations in paragraphs 42 through 48 of plaintiffs' Complaint, the defendant has insufficient information or knowledge upon which to respond, and therefore leaves the plaintiffs to their proof.

### TENTH COUNT

1-38.   The defendant incorporates its responses to paragraphs 1-38 as its responses to paragraphs 1-38 of the Tenth Count as if fully set forth herein.

49-53. As to the allegations in paragraphs 49 through 53 of plaintiffs' Complaint, the defendant has insufficient information or knowledge upon which to respond, and therefore leaves the plaintiffs to their proof.

### ELEVENTH COUNT

1-47. The defendant incorporates its responses to paragraphs 1-47 as its responses to paragraphs 1-47 of the Eleventh Count as if fully set forth herein.

48-51. As to the allegations in paragraphs 48 through 51 of plaintiffs' Complaint, the defendant has insufficient information or knowledge upon which to respond, and therefore leaves the plaintiffs to their proof.

### TWELFTH COUNT

1-52. The defendant incorporates its responses to paragraphs 1-52 as its responses to paragraphs 1-52 of the Twelfth Count as if fully set forth herein.

53-54. As to the allegations in paragraphs 53 through 54 of plaintiffs' Complaint, the defendant has insufficient information or knowledge upon which to respond, and therefore leaves the plaintiffs to their proof.

### THIRTEENTH COUNT

1-38. The defendant incorporates its responses to paragraphs 1-38 as its responses to paragraphs 1-38 of the Thirteenth Count as if fully set forth herein.

39-40. The defendant denies the allegations in paragraphs 39 through 40 of plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

The defendant asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

As to each count, the plaintiffs have failed to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The plaintiffs' Complaint, to the extent that it seeks punitive damages, violates the defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and violates defendant's right to due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution.

### THIRD AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred by the applicable statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

Count Thirteen of plaintiff's Complaint is barred by the statute of frauds.

The defendant hereby respectfully reserves its right to identify other defenses that may apply based on facts developed during the course of the litigation.

                                          THE DEFENDANT,
                                          LINCOLN NATIONAL LIFE
                                          INSURANCE COMPANY,

By: _____
                                          Albert Zakarian (ct04201)
                                          Eric L. Sussman (ct19723)
For:   Day, Berry & Howard LLP
        CityPlace I
        Hartford, Connecticut 06103-3499
        (860) 275-0100
        Its Attorneys

## **CERTIFICATE OF SERVICE**

      THIS IS TO CERTIFY that a copy of the foregoing was mailed this date, postage prepaid, to:

Thomas G. Moukawsher, Esq.
Ian O. Smith, Esq.
Moukawsher & Walsh
21 Oak Street, Suite 209
Hartford, CT 06106

Barry Leonard Bulakites
558 Castle Pines Parkway, Unit B4 #401
Castle Rock, CO 80108

James Albert Winslow
45 Sagamore Terrace South
Westbrook, CT 06498

Joshua Adams Corporation
149 Durham Road, Suite 25
Madison, CT 06443

Deborah S. Freeman, Esq.
Sara R. Simeonidis, Esq.
Bingham McCutchen LLP
One State Street
Hartford, CT 06103-3178

Theodore J. Tucci, Esq.
Jean E. Tomasco, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

Joseph V. Meany, Jr.
Cranmore, Fitzgerald & Meany
49 Wethersfield Avenue
Hartford, CT 06103

                                             Eric L. Sussman