UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **GREGORY PRENTISS, JOHN RIZZI, RICHARD SEICH, and DOROTHY BROWN,** individually and on behalf of the Wasley Products Inc. 401(k) Profit Sharing Plan<br>    Plaintiffs, | :<br>:<br>:<br>:<br>:<br>: |
| V. | : **MASTER CONSOLIDATED CASE**<br>: **3:03 CV 0383 (MRK)** |
| **WASLEY PRODUCTS, INC., ALAN A. WASLEY, ANDREW BRADY, SANDI DUMAS-LAFERRIERE, BARRY CONNELL, BARRY L. BULAKITES, JAMES A. WINSLOW, and JOSHUA ADAMS CORP.**<br>    Defendants | :<br>:<br>: **THIS PLEADING PERTAINS TO:**<br>: **3:03 CV 01790 (MRK)**<br>:<br>: |
| **WASLEY PRODUCTS, INC., ALAN A. WASLEY, ANDREW BRADY, SANDI DUMAS-LAFERRIERE, and BARRY CONNEL**<br>    Third Party Plaintiffs | :<br>:<br>:<br>: |
| V. | : |
| **NATIONWIDE LIFE INSURANCE CO. OF AMERICA f/k/a PROVIDENT MUTUAL LIFE INSURANCE CO. and LINCOLN NATIONAL LIFE INSURANCE CO.**<br>    Third Party Defendants | :<br>:<br>:<br>:<br>: APRIL 29, 2005 |

**ANSWER AND AFFIRMATIVE DEFENSES OF NATIONWIDE LIFE INSURANCE COMPANY OF AMERICA TO THIRD PARTY COMPLAINT**

The defendant Nationwide Life Insurance Company of America f/k/a Provident Mutual Life Insurance Company ("Nationwide") hereby respectfully submits the following Answer and Affirmative Defenses to the Third Party Complaint dated March 3, 2004 brought by Wasley

Products, Inc., Alan A. Wasley, Andrew Brady, Sandi Dumas-Laferriere and Barry Connell (collectively the "Third Party Plaintiffs").  Any allegations not specifically addressed herein are denied.

1. Nationwide admits that Wasley Products is the sponsor and plan administrator of the Wasley Products employee pension plans, including the Wasley Products, Inc. 401(k) and Profit Sharing Plan (the "Wasley 401(k) Plan") that is the subject of the First Party Complaint and this Third Party Complaint.  Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 1 and therefore leaves the Third Party Plaintiffs to their proof.

2. Nationwide is without information sufficient to form a belief as to the averments of paragraph 2 and therefore leaves the Third Party Plaintiffs to their proof.

3. Nationwide admits that Provident Mutual Life Insurance Company of America changed its name to Nationwide Life Insurance Company of America effective October 1, 2002 and that Nationwide is organized and exists under the laws of the Commonwealth of Pennsylvania with a principal place of business in Berwyn, Pennsylvania.  Nationwide denies the remaining averments of paragraph 3.

4. Nationwide is without information sufficient to form a belief as to the averments of paragraph 4 and therefore leaves the Third Party Plaintiffs to their proof.

5. The averments of paragraph 5 purport to establish jurisdiction and are legal conclusions to which no response is required.  To the extent that the averments in paragraph 5

call for factual conclusions, Nationwide is without information sufficient to form a belief and therefore leaves the Third Party Plaintiffs to their proof.

6. Nationwide admits that both the First Party Complaint and this Third Party Complaint purport to state claims under ERISA and that both Complaints invoke this court's jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f) as well as this court's supplemental jurisdiction over state law claims pled against the Third Party Defendants. However, the averments in paragraph 6 are legal conclusions to which no response is required.

7. The averments in paragraph 7 purport to establish venue and are legal conclusions to which no response is required.

8. The averments in paragraph 8 purport to establish personal jurisdiction and are legal conclusions to which no response is required.

9. Nationwide admits that the Third Party Plaintiffs seek to invoke this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). However, the averments in paragraph 9 are legal conclusions to which no responsive pleading are required.

10. Nationwide is without information sufficient to form a belief as to the averments of paragraph 10 and therefore leaves the Third Party Plaintiffs to their proof.

11. Nationwide admits so much of the first sentence of paragraph 11 which alleges that Barry L. Bulakites and James A. Winslow are defendants in the First Party Complaint. Nationwide is without information sufficient to form a belief as to the remaining averments of the first sentence of paragraph 11 and therefore leaves the Third Party Plaintiffs to their proof. Nationwide admits that from February 5, 1990 through approximately January 1, 1995, Winslow

acted under a Special Agent's Career Agreement. Nationwide admits that from approximately January 1, 1995 through his termination April 30, 1995, Winslow acted under a Special Agent's Agreement. Nationwide admits that from approximately August 7, 1989 through approximately September 1, 1992, Bulakites acted under a Manager's Agreement. Nationwide admits that from approximately September 1, 1992 through his termination effective October 29, 1993, Bulakites acted under a subsequent Manager's Agreement. Nationwide further admits that from approximately October 24, 1989 through his termination effective October 29, 1993, Bulakites acted under a Special Agent's Career Agreement. Nationwide denies all remaining averments of paragraph 11.

   12. Nationwide denies so much of paragraph 12 which alleges that Provident Mutual sought to replace Wasley Products' then-existing Third Party Administrator and assume the role of Third Party Administrator and investment advisor for the Wasley Products employee pension plans. Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 12 and therefore leaves the Third Party Plaintiffs to their proof.

   13. Nationwide denies the averments of paragraph 13.

   14. Nationwide neither admits nor denies the averments in paragraph 14 and states that the letters speak for themselves. Any averments in paragraph 14 that are inconsistent with these writings are denied.

   15. Nationwide neither admits nor denies the averments in paragraph 15 and states that the letter speaks for itself. Any averments in paragraph 15 that are inconsistent with this writing are denied.

16. Nationwide denies that Provident Mutual, through its employees or agents, made the multiple recommendations as averred in paragraph 16. Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 16 and therefore leaves the Third Party Plaintiffs to their proof.

17. Nationwide denies so much of paragraph 17 which alleges that Wasley Products reached an agreement to retain Provident Mutual to perform various Third Party Administration services and investment services for the Wasley Products pension plans, including the restructuring of the existing plans to eventually establish a 401(k) plan. To the extent the Third Party Plaintiffs refer to a writing between the Third Party Plaintiffs and Provident Mutual, Nationwide states that the writing speaks for itself and any averments in paragraph 17 that are inconsistent with that writing are denied. Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 17 and therefore leaves the Third Party Plaintiffs to their proof.

18. Nationwide neither admits nor denies the averments in paragraph 18 and states that the letter speaks for itself. Any averments in paragraph 18 that are inconsistent with this writing are denied.

19. Nationwide is without information sufficient to form a belief as to the averments of paragraph 19 and therefore leaves the Third Party Plaintiffs to their proof.

20. Nationwide admits that PML Securities Company was a wholly-owned subsidiary of Provident Mutual Life Insurance Company and was a registered broker-dealer/registered investment advisor. Nationwide admits that PML Securities Company changed its name to 1717

Capital Management Company, effective February 2, 1996, but that its corporate structure did not change. Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 20 and therefore leaves the Third Party Plaintiffs to their proof. To the extent the averments of paragraph 20 refer to writings, those writings speak for themselves and any averments inconsistent with the writings are denied.

      21.    Nationwide denies that Bulakites provided any of the information or forms for the Wasley 401(k) Plan as averred in paragraph 21 while an employee or agent of Provident Mutual. Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 21 concerning what information and forms Bulakites did provide and therefore leaves the Third Party Plaintiffs to their proof.

      22.    Nationwide admits that Joshua Adams Corporation is named as a defendant in the First Party Complaint. Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 22 and therefore leaves the Third Party Plaintiffs to their proof.

      23.    Nationwide is without information sufficient to form a belief as to the averments of paragraph 23 and therefore leaves the Third Party Plaintiffs to their proof.

      24.    As drafted, Nationwide is without information sufficient to form a belief as to the averments of paragraph 24 and therefore leaves the Third Party Plaintiffs to their proof.

      25.    Nationwide admits only that in 1995 Wasley Products established the Wasley Products 401(k) and Profit Sharing Plan. To the extent the averments of paragraph 25 refer to a writing, that writing speaks for itself and any averments inconsistent with the writing are denied.

Nationwide denies that Bulakites, Winslow or JAC were employees or agents of Provident Mutual at the time the Wasley Products 401(k) and Profit Sharing Plan was established. Nationwide is without information sufficient to form a belief as to all remaining averments of paragraph 25 and therefore leaves the Third Party Plaintiffs to their proof.

      26-27.  Nationwide denies that JAC was an employee or agent of Provident Mutual. Since no time period is specified in paragraphs 26 and 27, to the extent the averments refer to any time period after JAC was formed and after the Wasley 401(k) Plan was executed, Nationwide denies any such averments because neither Bulakites or Winslow were employees or agents of Provident Mutual after such time. As drafted, Nationwide is without information sufficient to form a belief as to the averments of paragraphs 26 and 27 and therefore leaves the Third Party Plaintiffs to their proof.

      28.  Nationwide denies that JAC was an employee or agent of Provident Mutual. Nationwide denies that Bulakites or Winslow acted as employees or agents of Provident Mutual as of the date of the formation of the Wasley 401(k) Plan. Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 28 and therefore leaves the Third Party Plaintiffs to their proof.

      29-32.  Nationwide makes no reply to paragraphs 29 through 32 because these paragraphs are directed solely at the defendant Lincoln National.

      33.  Nationwide denies that JAC was an employee or agent of Provident Mutual. Nationwide denies that Bulakites or Winslow were employees or agents of Provident Mutual as of the date of formation of the Wasley 401(k) Plan. As drafted, Nationwide is without

information sufficient to form a belief as to the remaining averments of paragraph 33 and therefore leaves the Third Party Plaintiffs to their proof.

34-35.   Nationwide is without information sufficient to form a belief as to the averments of paragraphs 34 and 35 and therefore leaves the Third Party Plaintiffs to their proof.

36.   Nationwide denies that JAC was an employee or agent of Provident Mutual. Nationwide denies that Provident Mutual engaged in any of the acts or omissions as averred in paragraph 36 and subparagraphs (a) through (m).  Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 36 and subparagraphs (a) through (m) and therefore leaves the Third Party Plaintiffs to their proof.

37.   Nationwide denies that JAC was an employee or agent of Provident Mutual. Nationwide denies that Bulakites or Winslow were employees or agents of Provident Mutual as of the date of formation of the Wasley 401(k) Plan.  Nationwide denies that Bulakites, Winslow or JAC were acting as agents or employees of Provident Mutual at the time of any of the acts or omissions averred in paragraph 37.

38.   Nationwide denies the averments of paragraph 38.

FIRST COUNT

1-38.   Nationwide's responses to paragraphs 1 through 38 are hereby incorporated by reference and made paragraphs 1 through 38 of the First Count as if fully set forth herein.

39.   The averments of paragraph 39 call for a legal conclusion regarding the definition of "fiduciary" which is a legal term of art and no responsive pleading is required.  To the extent paragraph 39 calls for a factual conclusion it is denied.

40.	Nationwide admits so much of paragraph 40 which alleges that Provident Mutual received compensation for the ministerial services it provided to Wasley Products and the Wasley 401(k) plan.  Nationwide denies that Provident Mutual performed third party administration and investment services on behalf of Wasley Products and the Wasley 401(k) plan.  Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 40 and therefore leaves the Third Party Plaintiffs to their proof.

41.	Nationwide denies the averments in paragraph 41.

42.	Nationwide is without information sufficient to form a belief as to the averments of paragraph 42 and therefore leaves the Third Party Plaintiffs to their proof.

43-46.	The averments of paragraphs 43 through 46 call for legal conclusions regarding Provident Mutual's status as a fiduciary and no responsive pleading is required.  To the extent paragraphs 43 through 46 call for factual conclusions, they are denied.

47.	The averments of paragraph 47 call for legal conclusions regarding Provident Mutual's status as a fiduciary and exposure for vicarious liability and no responsive pleading is required.  To the extent paragraph 47 calls for a factual conclusion it is denied.

48.	The averments of paragraph 48 call for legal conclusions and no responsive pleading is required.  To the extent paragraph 48 calls for a factual conclusion it is denied.

SECOND COUNT

1-38.	Nationwide's responses to paragraphs 1 through 38 of the First Count are hereby incorporated by reference and made its responses to paragraphs 1 through 38 of the Second Count as if fully set forth herein.

39-48.  Nationwide makes no reply to paragraphs 39 through 48 because these paragraphs are directed solely at the defendant Lincoln National.

THIRD COUNT

1-46.  Nationwide's responses to paragraphs 1 through 46 of the First Count are hereby incorporated by reference and made its responses to paragraphs 1 through 46 of the Third Count as if fully set forth herein.

47.  Nationwide denies that Provident Mutual engaged in any wrongful acts or omissions.  Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 47 and therefore leaves the Third Party Plaintiffs to their proof.

48.  The averments of paragraph 48 call for legal conclusions regarding Provident Mutual's status as a fiduciary and exposure for vicarious liability and no responsive pleading is required.  To the extent paragraph 48 calls for a factual conclusion it is denied.

49.  The averments of paragraph 49 call for legal conclusions and no responsive pleading is required.  To the extent paragraph 49 calls for a factual conclusion it is denied.

FOURTH COUNT

1-46.  Nationwide's responses to paragraphs 1 through 46 of the Second Count are hereby incorporated by reference and made its responses to paragraphs 1 through 46 of the Fourth Count as if fully set forth herein.

47-49.  Nationwide makes no reply to paragraphs 47 through 49 because these paragraphs are directed solely at the defendant Lincoln National.

FIFTH COUNT

1-38. Nationwide's responses to paragraphs 1 through 38 of the First Count are hereby incorporated by reference and made its responses to paragraphs 1 through 38 of the Fifth Count as if fully set forth herein.

39-43. The averments of paragraphs 39 through 43 call for legal conclusions to which no responsive pleading is required. To the extent paragraphs 39 through 43 call for factual conclusions, they are denied.

SIXTH COUNT

1-38. Nationwide's responses to paragraphs 1 through 38 of the Second Count are hereby incorporated by reference and made its responses to paragraphs 1 through 38 of the Sixth Count as if fully set forth herein.

39-43. Nationwide makes no reply to paragraphs 39 through 43 because these paragraphs are directed solely at the defendant Lincoln National.

SEVENTH COUNT

1-38. Nationwide's responses to paragraphs 1 through 38 of the First Count are hereby incorporated by reference and made its responses to paragraphs 1 through 38 of the Seventh Count as if fully set forth herein.

39-41. The averments of paragraph 40 and 41 call for legal conclusions and no responsive pleading is required. To the extent paragraphs 40 and 41 call for factual conclusions, they are denied.

EIGHTH COUNT

1-38.    Nationwide's responses to paragraphs 1 through 38 of the Second Count are hereby incorporated by reference and made its responses to paragraphs 1 through 38 of the Eighth Count as if fully set forth herein.

39-41.    Nationwide makes no reply to paragraphs 39 through 41 because these paragraphs are directed solely at the defendant Lincoln National.

NINTH COUNT

1-38.    Nationwide's responses to paragraphs 1 through 38 of the First Count are hereby incorporated by reference and made its responses to paragraphs 1 through 38 of the Ninth Count as if fully set forth herein.

39-41.    Nationwide makes no reply to paragraphs 39 through 41 of the Ninth Count as there are no such numbered paragraphs in the Ninth Count.

42.    Nationwide denies that Provident Mutual engaged in any act of misconduct concerning the administration and management of the Wasley 401(k) Plan as averred in paragraph 42 and subparagraphs (a) through (g).  Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 42 and therefore leaves the Third Party Plaintiffs to their proof.

43.    Nationwide denies that Provident Mutual knew that any representations were false when made or made any representations recklessly with regard for the truth.  Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 43 and therefore leaves the Third Party Plaintiffs to their proof.

12

44. Nationwide denies that Provident Mutual made false representations to induce Wasley Products, Inc. and the Wasley 401(k) Plan trustees to rely upon such representations and to continue to utilize the services of Provident Mutual, its employees or agents to administer and manage the Wasley 401(k) Plan. Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 44 and therefore leaves the Third Party Plaintiffs to their proof.

45. Nationwide denies that Provident Mutual intentionally withheld material information from Wasley Products, Inc. and the Wasley 401(k) Plan trustees concerning the management and administration of the Wasley 401(k) Plan. Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 45 and therefore leaves the Third Party Plaintiffs to their proof.

46. Nationwide denies that Provident Mutual withheld material information in order to induce Wasley Products, Inc. and the Wasley 401(k) Plan trustees to continue to utilize the services of Provident Mutual, its employees or agents to administer and manage the Wasley 401(k) Plan. Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 46 and therefore leaves the Third Party Plaintiffs to their proof.

47. Nationwide denies that Provident Mutual made any misrepresentations. Nationwide is without information sufficient to form a belief as to the averments of paragraph 47 and therefore leaves the Third Party Plaintiffs to their proof.

48. The averments of paragraph 48 call for a legal conclusion and no responsive pleading is required. To the extent paragraph 48 calls for a factual conclusion, it is denied.

TENTH COUNT

     1-38.    Nationwide's responses to paragraphs 1 through 38 of the First Count are hereby incorporated by reference and made its responses to paragraphs 1 through 38 of the Tenth Count as if fully set forth herein.

     39-48.    Nationwide makes no reply to paragraphs 39 through 41 of the Tenth Count as there are no such numbered paragraphs in the Tenth Count.

     49.    Nationwide denies that Provident Mutual engaged in any act of misconduct concerning the administration and management of the Wasley 401(k) Plan or made any misstatements as averred in paragraph 49 and subparagraphs (a) through (g). Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 49 and therefore leaves the Third Party Plaintiffs to their proof.

     50.    Nationwide denies that Provident Mutual engaged in any acts of misconduct as and denies that Provident Mutual made any of the statements as averred by the Third Party Plaintiffs in the Tenth Count. Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 50 and therefore leaves the Third Party Plaintiffs to their proof.

     51.    The averments of paragraph 51 call for a legal conclusion and no responsive pleading is required. To the extent paragraph 51 calls for a factual conclusion, it is denied.

     52.    Nationwide denies that Provident Mutual provided misinformation to Wasley Products, Inc. and the Wasley 401(k) Plan trustees. To the extent paragraph 52 avers that Wasley Products, Inc. and the Wasley Products 401(k) Plan trustees justifiably relied, to their

detriment on such misinformation, paragraph 52 calls for a legal conclusion to which no response is required and if it calls for a factual conclusion it is denied.  Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 52 and therefore leaves the Third Party Plaintiffs to their proof.

53. The averments of paragraph 53 call for a legal conclusion and no responsive pleading is required.  To the extent paragraph 53 calls for a factual conclusion, it is denied.

ELEVENTH COUNT

1-47. Nationwide's responses to paragraphs 1 through 47 of the Ninth Count are hereby incorporated by reference and made its responses to paragraphs 1 through 47 of the Eleventh Count as if fully set forth herein.

48. As drafted, because paragraph 48 does not define "all relevant times," Nationwide is without information sufficient to form a belief and therefore leaves the Third Party Plaintiffs to their proof.  Nationwide admits that either Provident Mutual or Nationwide has done business in the State of Connecticut from as early as 1990 through the present.

49. The averments of paragraph 49 call for a legal conclusion to which no response is required.

50. Nationwide denies that Provident Mutual engaged in any act of misconduct concerning the administration and management of the Wasley 401(k) Plan.  Nationwide is without information sufficient to form a belief as to the remaining averments in paragraph 50 and therefore leaves the Third Party Plaintiffs to their proof.

51.	The averments in paragraphs 51 call for a legal conclusion to which no response is required. To the extent paragraph 51 calls for a factual conclusion it is denied.

TWELFTH COUNT

1-52.	Nationwide's responses to paragraphs 1 through 52 of the Tenth Count are hereby incorporated by reference and made its responses to paragraphs 1 through 52 of the Twelfth Count as if fully set forth herein.

53-54.	The averments of paragraphs 53 and 54 call for legal conclusions and no responsive pleading is required. To the extent paragraphs 53 and 54 call for factual conclusions, they are denied.

THIRTEENTH COUNT

1-38.	Nationwide's responses to paragraphs 1 through 38 of the Second Count are hereby incorporated by reference and made its responses to paragraphs 1 through 38 of the Thirteenth Count as if fully set forth herein.

39-40.	Nationwide makes no reply to paragraphs 39 and 40 because these paragraphs are directed solely at the defendant Lincoln National.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As to each count, the Third Party Plaintiffs have failed to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

As to each count, the Third Party Plaintiffs' claims are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

As to each count, the Third Party Plaintiffs' claims are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

As to the First, Third, Fifth, Seventh, Ninth, Tenth and Twelfth Counts, the Third Party Plaintiffs' claims are barred by the Statute of Frauds.

### FIFTH AFFIRMATIVE DEFENSE

As to the Fifth, Seventh, Ninth, Tenth, Eleventh and Twelfth Counts, the Third Party Plaintiffs' claims are preempted by ERISA, 29 U.S.C. § 1144(a).

### SIXTH AFFIRMATIVE DEFENSE

To the extent the Third Party Plaintiffs seek punitive damages, the Third Party Complaint violates Nationwide's right to protection from excessive fines as provided in the Eighth Amendment of the United States Constitution and violates Nationwide's right to due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution.

**SEVENTH AFFIRMATIVE DEFENSE**

As to each count, to the extent the Third Party Plaintiffs were damaged in any way, they were damaged by their own actions in failing to properly administer and manage the Wasley 401(k) Plan.

**EIGHTH AFFIRMATIVE DEFENSE**

As to each count, to the extent the Third Party Plaintiffs were damaged in any way, they were damaged by the actions of third parties over which Nationwide had no control.

Nationwide respectfully reserves its right to identify and assert other defenses that may apply based on facts that develop during the course of litigation.

        **DEFENDANT,**
        **NATIONWIDE LIFE INSURANCE**
        **COMPANY OF AMERICA**

By: _____//S//_____
        Deborah S. Freeman [ct05257]
        Sara R. Simeonidis [ct25566]
        BINGHAM MCCUTCHEN LLP
        One State Street
        Hartford, CT 06103
        (860) 240-2700
        (860) 240-2800 (fax)
        Its Attorneys

## **CERTIFICATION**

This is to certify that a copy of the foregoing Appearance has been served this 29th day of April, 2005, via first class mail, postage prepaid, to all counsel and pro se parties of record in these consolidated actions as follows:

Thomas G. Moukawsher, Esq.
Ian O. Smith, Esq.
Moukawsher & Walsh
21 Oak Street, Suite 209
Hartford, CT 06106

Theodore J. Tucci, Esq.
Jean E. Tomasco, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

Steven J. Errante, Esq.
Lynch, Traub, Keefe & Errante, P.C.
52 Trumbull Street
P.O. Box 1612
New Haven, CT  06506-1612

Joseph V. Meany, Jr.
Cranmore, Fitzgerald & Meany
49 Wethersfield Avenue
Hartford, CT 06114-1102

Albert Zakarian, Esq.
Victoria Woodin Chavey, Esq.
Eric Sussman, Esq.
Day, Berry & Howard LLP
CityPlace I
Hartford, CT 06103

                                                  //S//
                                           Sara R. Simeonidis

CTDOCS/1626040.1