## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WASLEY PRODUCTS, INC. AND PRECISION MOLDING COMPANY, INC. | : : | |
|     Plaintiffs, | : : | MASTER CONSOLIDATED CASE 3:03 CV 0383 (MRK) |
| V. | : | |
| BARRY BULAKITES, JAMES WINSLOW, JOSHUA ADAMS CORP., NATIONWIDE INS. CO. OF AMERICA f/k/a PROVIDENT. MUT. INS. CO., LINCOLN NAT. LIFE INS. CO. | : : : : | |
|     Defendants | : : | |
| GREGORY PRENTISS, JOHN RIZZI, RICHARD SEICH, and DOROTHY BROWN, individually and on behalf of the Wasley Products Inc. 401(k) Profit Sharing Plan | : : : : | THIS PLEADING PERTAINS TO BOTH CASES |
|     Plaintiffs, | : : | |
| V. | : | |
| WASLEY PRODUCTS, INC., ALAN A. WASLEY, ANDREW BRADY, SANDI DUMAS-LAFERRIERE, BARRY CONNELL, BARRY L. BULAKITES, JAMES A. WINSLOW, and JOSHUA ADAMS CORP. | : : : : : | |
|     Defendants | : : | |
| WASLEY PRODUCTS, INC., ALAN A. WASLEY, ANDREW BRADY, SANDI DUMAS-LAFERRIERE, and BARRY CONNEL | : : : | |
|     Third Party Plaintiffs | : : | |
| V. | : | |
| NATIONWIDE LIFE INS. CO. OF AMERICA AMERICA f/k/a PROVIDENT MUT. LIFE INS. CO. and LINCOLN NAT. LIFE INS. CO. | : : : | |
|     Third Party Defendants | : | JUNE 6, 2005 |

**NATIONWIDE LIFE INSURANCE COMPANY OF AMERICA f/k/a PROVIDENT MUTUAL LIFE INSURANCE CO.'S MOTION FOR PHASED DISCOVERY**

CTDOCS/1630379.1

The defendant Nationwide Life Insurance Company of America f/k/a Provident Mutual Life Insurance Company ("Nationwide") hereby respectfully objects to Section V.E.3 of the parties' proposed Case Management Plan (Rule 26(f) Report) and asks this Court to enter an order that the parties conduct discovery in phases in both <u>Wasley Products, Inc. v. Bulakites, et al</u> ("*Wasley I*") and <u>Prentiss, et al v. Wasley Products, Inc., et al</u>; <u>Wasley Products, Inc., et al v. Nationwide, et al</u> ("*Wasley II*") pursuant to the proposal set forth by Nationwide herein.

Specifically, Nationwide requests this Court order that discovery be conducted in phases as follows:

Phase One:  Discovery on any party's claimed "fiduciary" status under ERISA and any related claims in *Wasley I* or *Wasley II* including (1) written discovery and (2) oral discovery.

Phase Two:  Discovery, including (1) written discovery and (2) oral discovery on all other issues raised in the complaints in *Wasley I* and *Wasley II*, including but not limited to the management and disposition of the Plans' funds by all the defendants.

Nationwide requests that discovery in Phase One be propounded and completed before discovery under Phase Two commences.

Nationwide has otherwise participated in the preparation of the parties' proposed Case Management Plan in a good faith effort to move this case forward.  The current discovery schedule, as proposed by the parties, will however cause Nationwide to continue to engage in

timely and costly discovery on all issues[1] when its very status as a "fiduciary" remains in dispute and unresolved.  Allowing the parties to first conduct discovery on the issue of the "fiduciary" status of all defendants in *Wasley I* and *Wasley II*[2] before exploring all other issues raised in the various complaints will allow any party to move for summary judgment at the close of Phase One of discovery, earlier in the discovery process and before incurring additional expenses that may be avoided if successful in its motion.  This will streamline the discovery process for all parties in the litigation with the result that unnecessary discovery will not be conducted.

For all of the aforementioned reasons, Nationwide respectfully requests this Court order discovery be conducted in phases with Phase One exclusively focusing on "fiduciary" status and any related claims and Phase Two focusing on all other claims raised in the parties' complaints in *Wasley I* and *Wasley II*.

---

[1] While the parties have agreed to make a good faith effort to schedule depositions on the issues of "fiduciary" status before undertaking depositions on other issues, the Case Management Plan submitted by some of the more involved parties would require Nationwide to respond to interrogatories and document requests on all issues, including those unrelated to "fiduciary" status, before depositions on "fiduciary" status under ERISA ever proceed.  This would include responding to likely voluminous production requests regarding the management and disposition of the Plans' funds.  As of the last interim report issued by the Special Master, there is no evidence that Nationwide mishandled any funds which were *received by Nationwide from Wasley*.  Nationwide has already spent a great deal of time and resources responding to the Special Masters' requests.  It would be now unjust to require Nationwide to respond again to discovery aimed at the disposition of Plans' funds before Nationwide has an opportunity to complete discovery on the issue of its status as a fiduciary and use that discovery material to attempt to remove itself from these matters.  A finding by this Court that Nationwide is not a "fiduciary" and owes no duties to the various plaintiffs in *Wasley I* or *Wasley II* would negate the need for any further discovery as described by the parties in the proposed Case Management Plan as to Nationwide.

[2] Including first party claims and third party claims in *Wasley II*.

DEFENDANT,
NATIONWIDE LIFE INSURANCE
COMPANY OF AMERICA

By: _____//S//_____
      Deborah S. Freeman [ct05257]
      Sara R. Simeonidis [ct25566]
      BINGHAM MCCUTCHEN LLP
      One State Street
      Hartford, CT 06103
      (860) 240-2700
      (860) 240-2800 (fax)
      Its Attorneys

## **CERTIFICATION**

       This is to certify that a copy of the foregoing Appearance has been served this 6th day of June, 2005, via first class mail, postage prepaid, to all counsel and pro se parties of record in these consolidated actions as follows:

Thomas G. Moukawsher, Esq.
Ian O. Smith, Esq.
Moukawsher & Walsh
21 Oak Street, Suite 209
Hartford, CT 06106

Theodore J. Tucci, Esq.
Jean E. Tomasco, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

Steven J. Errante, Esq.
Eric P. Smith, Esq.
Lynch, Traub, Keefe & Errante, P.C.
52 Trumbull Street
P.O. Box 1612
New Haven, CT  06506-1612

Joseph V. Meany, Jr.
Cranmore, Fitzgerald & Meany
49 Wethersfield Avenue
Hartford, CT 06114-1102

Albert Zakarian, Esq.
Victoria Woodin Chavey, Esq.
Eric Sussman, Esq.
Day, Berry & Howard LLP
CityPlace I
Hartford, CT 06103

                                                //S//
                                          Sara R. Simeonidis