UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WASLEY PRODUCTS, INC., ET AL., | MASTER CONSOLIDATED CASE CIVIL NO. 3:03 CV 383 (MRK) |
| Plaintiffs, | |
| | THIS REPORT PERTAINS TO ALL CASES |
| V. | |
| BARRY BULAKITES, ET AL., | JUNE 6, 2005 |
| Defendants. | |

**PROPOSED CASE MANAGEMENT SCHEDULE**
**(RULE 26(f) REPORT)**

Pursuant to the court's order of May 6, 2005, the parties hereby submit this proposed case management schedule. This proposed case management schedule pertains to both of the consolidated cases – Wasley Products, Inc. et al. v. Bulakites, et al., Civ. No. 3:03 CV 383 (MRK) ("Wasley I") and Prentiss et al. v. Wasley Products, Inc. et al., Civ. No. 3:03 CV 1790 (MRK) ("Wasley II").

Pursuant to Fed.R.Civ.P. 16(b), 26(f) and D.Conn.L.Civ.R.38, a conference was held on June 6, 2005. The participants were:

**Joseph V. Meaney, Jr. Esq.** for Wasley Products, Inc. and Precision Molding, Inc., the Plaintiffs in Wasley I;

**Eric Smith, Esq.** for Barry L. Bulakites, James A. Winslow, and Joshua Adams Corporation, Defendants in <u>Wasley I</u> and <u>Wasley II</u> (as well as Crossclaim Defendants and Crossclaim Plaintiffs in <u>Wasley II</u>);

**Sara Simeonidis, Esq** for Nationwide Life Insurance Company of America, formerly known as Provident Mutual Insurance Co., a Defendant in <u>Wasley I</u> and Third-Party Defendant in <u>Wasley II</u>;

**Eric Sussman, Esq.** for Lincoln National Insurance Co., a Defendant in <u>Wasley I</u> and Third-Party Defendant in <u>Wasley II</u>;

**Thomas Moukawsher, Esq.** for Gregory Prentiss, John Rizzi, Richard Seich, and Dorothy Brown, Plaintiffs in <u>Wasley II</u>;

**Jean Tomasco, Esq.** for Wasley Products, Inc., Alan A. Wasley, Andrew Brady, Sandi Dumas-LaFerriere, and Barry Connell, Defendants and Third-Party Plaintiffs in <u>Wasley II</u> (as well as Crossclaim Plaintiffs and Crossclaim Defendants in <u>Wasley II</u>).

I.  **Certification.**  Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management

2

plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II.     Jurisdiction.

A.     *Subject Matter Jurisdiction:*   Jurisdiction of this Court for both cases exists pursuant to 28 U.S.C. §1331 and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. The Court may exercise supplemental jurisdiction over any state law claims.

B.     *Personal Jurisdiction:* No defendants contest personal jurisdiction in Wasley I and Wasley II

## III.    Brief Description of Cases.

Wasley Products, Inc., et al. v. Bulakites et al.,   ("Wasley I")

A.     *Claims of Plaintiffs:*

Wasley I involves various claims under ERISA, brought by the Plaintiffs Wasley Products, Inc. (Wasley) and Precision Molding Company Inc (Precision Molding), pertaining to the administration and investment management of various pension benefit plans and pension contribution plans. The complaint by Plaintiffs are brought pursuant to 29 U.S.C. § 1132(a)(2) and 29 U.S.C. § 1132(a)(3) regarding several of the pension benefit and contribution plans the defendants were hired to act as Third Party

3

Administrators for. These plans include: (1) the Wasley UAW Pension plan; (2) the Wasley 401(K) contribution plan; and (3) the Precision Molding 401(k) contribution plan.

The Plaintiffs reasonably relied on the expertise, services, data, and information provided by Bulakites, Winslow, and Joshua Adams Corp. (JAC) (The "Bulakites Defendants") as well as Provident Mutual and Lincoln National Life Insurance Company, both of whom provided administrative services and investment advice for the various Wasley pension plans. The Bulakites Defendants acted within the scope of their employment and/or as agents of Provident Mutual and Lincoln National. While in control of the profile and direction of various pension benefit and contribution plans listed above, the Defendants engaged in numerous acts of misconduct in the administration and management of these funds, breaching their fiduciary duty in violation of ERISA. All Defendants had been paid both commission and fees despite their misconduct in handling the various contribution and pension plans.

Upon the Wasley Plaintiffs termination of the Bulakites Defendants services, the Bulakites Defendants refused to turn over documents critical to the administration of the various plans. The Wasley Plaintiffs' efforts to obtain these documents from other sources resulted in an investigation which revealed the extensive misconduct in the administration

and handling of the funds. The investigation has led to the discovery of the conversion of at least $ 755,000 from the Plans' investment accounts. This is the amount of unaccounted for funds belonging to the plans identified by the Special Master in his Interim Report on the 31st of July, 2004. This amount is subject to possible revision once the Special Master completes his work. The Wasley Plaintiffs pray for relief in the form of: restoration of all losses (both principle and interest) to all of the Plaintiffs' contribution and benefit plans Defendants acted as third party administrators for, all profits made through illegal use of these funds by the Defendants, all documents relating to the plans, a judgment in the amount equal to all charges or penalties against the Wasley Plaintiffs due to Defendants' violations of reporting and disclosure provisions under ERISA, reasonable attorneys' fees, and any other relief the court deems proper.

B.   *Defenses and Claims (Counterclaims, Third Party Claims, Cross-Claims) of Defendants:*

Defendant Nationwide Life Insurance Company of America f/k/a Provident Mutual ("Nationwide") denies any wrongdoing because Nationwide is not an ERISA fiduciary as alleged by the Plaintiffs and because Nationwide is not responsible for any of the acts or omissions complained of by the Plaintiffs.

Defendant Lincoln National Life Insurance Company ("Lincoln National") denies any wrongdoing and maintains that: (1) it is not an ERISA fiduciary as alleged by the

5

plaintiffs; and (2) it did not render any services to the plaintiffs, and had no involvement in or even knowledge regarding the Wasley Pension Plans at issue.

The Bulakites Defendants deny that they breached any fiduciary duty or otherwise acted unlawfully or improperly with respect to the various parties and various pension plans recited in the pleadings. The Bulakites Defendants also deny that any losses that may have been sustained by the Plaintiffs were caused by anything that the Bulakites Defendants did or may have failed to do. To the extent that the Plaintiffs suffered any losses, such losses were caused by acts an/or omission of individuals and entities other than the Bulakites Defendants. The Bulakites Defendants seek indemnification and contribution from the Wasley parties by way of cross claim.

    C.    *Defenses and Claims of Third Party Defendant(s):* Not applicable in Wasley I as there are no third-party claims.

Prentiss et al. v. Wasley Products, Inc. et al. (Wasley II)

    A.    *Claims of Plaintiffs:*

The Plaintiffs are all employees of the Defendant, Wasley Products, Inc. and participants in the Wasley Products, Inc. 401(k) Profit Sharing Plan. They bring this action against the Plan sponsor of the Wasley Products, Inc. 401(k) Profit Sharing Plan and its trustees and third party administrators for breaches of

**CRANMORE, FITZGERALD & MEANEY** • *ATTORNEYS AT LAW*
49 WETHERSFIELD AVENUE • HARTFORD, CONNECTICUT 06114-1102 • (860) 522-9100

fiduciary duties in administering and overseeing the administration of the Plan that resulted in substantial Plan losses through the conversion and mismanagement of Plan assets.

B. *Defenses and Claims (Counterclaims, Third Party Claims, Cross-Claims) of Defendants:*

1. *Defenses and Claims of Defendants Wasley Products, Inc., Alan A. Wasley, Andrew Brady, Sandi Dumas-LaFerriere, and Barry Connell (the "Wasley Defendants")*

Wasley II involves various claims under ERISA, brought by certain participants in the Wasley Products, Inc. 401(k) Plan (the "401(k) Plan"), pertaining to the administration and investment management of the 401(k) Plan. Wasley Products, Inc., is the sponsor of the 401(k) Plan; Alan Wasley, Andrew Brady, Sandi Dumas-LaFerriere, and Barry Connell are or were trustees of the 401(k) Plan.

The Wasley Defendants reasonably relied on the expertise, services, data, and information provided by Bulakites, Winslow, and Joshua Adams Corp. (JAC) (the "Bulakites Defendants"), as well as Provident Mutual and Lincoln National Life Insurance Company, who provided administration services and investment advice for the various Wasley pension plans, including the 401(k) Plan. The Bulakites Defendants acted within the scope of their employment and/or as the agents of Provident Mutual and Lincoln National. The Bulakites Defendants engaged in extensive misconduct

7

concerning the administration and management of the Wasley Products pension plans, including the 401(k) Plan. Any alleged damages or losses to the 401(k) Plan and/or its participants are due to the wrongdoing of the Bulakites Defendants and other entities and for which the Wasley Defendants are not liable to the plaintiffs. The Wasley Defendants have also raised various other defenses to the claims against them, including that the claims are barred in whole or in part by the statute of limitations and the doctrine of laches.

The Wasley Defendants have filed cross-claims against the Bulakites Defendants, alleging various claims pertaining to the Bulakites Defendants' misconduct and mismanagement of the 401(k) Plan. The cross-claims include claims for contribution and indemnification under ERISA, as well as state law claims for common law breach of fiduciary duty, professional negligence/malpractice, misrepresentation, unfair trade practices, and breach of implied-in-fact contract. In turn, the Bulakites Defendants filed cross-claims against the Wasley Defendants, seeking indemnification and contribution under ERISA. With respect to the cross-claims asserted against them, it is the Wasley Defendants' position, as stated above, that any alleged damages or losses to the 401(k) Plan and/or its participants are due to the wrongdoing of the Bulakites Defendants and other entities and for which the Wasley Defendants are not liable.

CRANMORE, FITZGERALD & MEANEY  •  ATTORNEYS AT LAW
49 WETHERSFIELD AVENUE  •  HARTFORD, CONNECTICUT 06114-1102  •  (860) 522-9100

The Wasley Defendants also have filed a third-party complaint against Nationwide Life Insurance Company (f/k/a Provident Mutual) and Lincoln National Life Insurance Company. The third-party complaint alleges that Provident Mutual and Lincoln National, through their employees and agents, performed third party administration and investment services on behalf of Wasley Products and the 401(k) Plan and rendered investment advice with respect to the assets of the 401(k) Plan. Moreover, through regular and ongoing contact and actions by their employees and agents (including but not limited to Bulakites, Winslow and JAC), the Third-Party Defendants held themselves out as having the necessary skill, experience, resources and expertise to properly administer and manage the Wasley Products pension plans, to provide advice concerning the restructuring of the plans, and to manage and invest plan assets. The Third-Party Defendants therefore are liable for the misconduct of the Bulakites Defendants in their administration and management of the 401(k) Plan. The third-party complaint includes claims under ERISA for indemnification and contribution for breach of fiduciary duty as well as common-law claims, in the alternative, for common-law breach of fiduciary duty, professional malpractice/negligence, misrepresentation, unfair trade practices, and breach of implied-in-fact contract.

CRANMORE, FITZGERALD & MEANEY • ATTORNEYS AT LAW
49 WETHERSFIELD AVENUE • HARTFORD, CONNECTICUT 06114-1102 • (860) 522-9100

   2. *Defenses and Claims of Defendants Barry L. Bulakites, James A. Winslow, and Joshua Adams Corp. (the "Bulakites Defendants")*

  The Bulakites Defendants deny that they breached any fiduciary duty or otherwise acted unlawfully or improperly with respect to the various parties and various pension plans recited in the pleadings. The Bulakites Defendants also deny that any losses that may have been sustained by the Plaintiffs were caused by anything that the Bulakites Defendants did or may have failed to do. To the extent that the Plaintiffs suffered any losses, such losses were caused by acts an/or omission of individuals and entities other than the Bulakites Defendants. The Bulakites Defendants seek indemnification and contribution from the Wasley parties by way of cross claim.

  C. *Defenses and Claims of Third Party Defendants:*

  Defendant Nationwide Life Insurance Company of America f/k/a Provident Mutual ("Nationwide") denies any wrongdoing because Nationwide is not an ERISA fiduciary as alleged by the Plaintiffs and because Nationwide is not responsible for any of the acts or omissions complained of by the Plaintiffs.

  Defendant Lincoln National Life Insurance Company ("Lincoln National") denies any wrongdoing and maintains that: (1) it is not an ERISA fiduciary as alleged by the

10

plaintiffs; and (2) it did not render any services to the plaintiffs, and had no involvement in or even knowledge regarding the Wasley Pension Plans at issue.

### IV.     Statement of Undisputed Facts:

Counsel have made a good faith attempt to determine whether there are any material facts that are not in dispute and have concluded that they are unable to identify those facts at this time.

### V.     Case Management Plan.

A.     *Standing Order on Scheduling in Civil Cases:*  The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as described below.

B.     *Scheduling Conference with the Court:*  The parties do request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed.R.Civ.P. 16(b).

C.     *Early Settlement Conference:*

1.     The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

11

        2.       The parties do not request an early settlement conference at this time, but request that a conference be scheduled after Special Master's report is finalized.

        3.       If a settlement conference is scheduled, the parties prefer a settlement conference before a Magistrate Judge.

        4.       At this time, the parties do not request a referral to alternative dispute resolution pursuant to D.Conn.L.Civ.R. 36.

    D.    *Joinder of Parties, Responsive Pleadings and Amendment of Pleadings:*

        1.       Plaintiffs (including third-party plaintiffs) in both cases should be allowed until September 30, 2005 to file motions to join additional parties and to file motions to amend the pleadings.

        2.       Defendants (including third-party defendants) in both cases should be allowed until November 30, 2005 to file motions to join additional parties and until July 1, 2005 to file a response to the complaint if they have not already done so.

        3.       The Bulakites Defendants in both cases are allowed until June 10, 2005 to inform all other parties of their intent to file a Motion to Disqualify Day, Berry & Howard as attorneys for Lincoln National and until June 30, 2005 to actually file said Motion.

CRANMORE, FITZGERALD & MEANEY • ATTORNEYS AT LAW
49 WETHERSFIELD AVENUE • HARTFORD, CONNECTICUT 06114-1102 • (860) 522-9100

E.   *Discovery:*

1.   Subjects for Discovery:

The parties in Wasley I anticipate that discovery will be needed on the following subjects: The management and disposition of the plans' funds by all the defendants. The relationship of the individual defendants and the corporate defendants as they relate to the allegations in the Plaintiff's Complaint. The subjects reasonably identified by the parties' pleadings, the management status, funding and disposition of the various plans preceding any involvement by the Bulakites Defendants.

*The parties in Wasley II anticipate that discovery will be needed on the following subjects:*

The Defendants' administration and oversight of the plan trust. The management and disposition of the plan's funds by all the defendants. The relationship of the individual defendants and all the corporate defendants during the entire course of dealings between the plaintiffs and the subject plans and the individual defendants. Discovery will be conducted on the fiduciary status of the parties, communications to and from plan participants and beneficiaries concerning the plans and plaintiff's participation in the plans, the employment history of the individual Bulakites Defendants, including

13

discovery concerning any businesses established, controlled, or managed by them. The subjects reasonably identified by the parties' pleadings, the management status, funding and disposition of the various plans preceding any involvement by the Bulakites Defendants.

2. All discovery in both cases, including depositions of expert witnesses pursuant to Fed.R.Civ.P. 26(b)(4), will be commenced on or after June 6, 2005 and will be completed (not propounded) by June 30, 2006.

3. Discovery will be conducted in phases, with written discovery and document production occurring in advance of depositions. Initial disclosures under Rule 26(a)(1) will be provided by all parties by July 31, 2005. Interrogatories and Requests for Production will be commenced on or after June 6, 2005 and completed (not propounded) by October 6, 2005 (except for the production of documents identified for the first time during a deposition in these cases.) Depositions will be commenced no sooner than September 30, 2005 and completed by the close of discovery.

4. The plaintiffs in <u>Wasley I</u> anticipate that they will require approximately 10 depositions of fact witnesses and the defendants in <u>Wasley I</u> anticipate that they will require up to 25-27 depositions of fact witnesses combined. The plaintiffs in <u>Wasley II</u> anticipate that they will require approximately 10 depositions of fact witnesses. The

14

Wasley Defendants in <u>Wasley II</u> anticipate that they will require approximately 12 depositions of fact witnesses and the Bulakites Defendants in <u>Wasley II</u> anticipate that they will require approximately 10 depositions of fact witnesses. The Third-Party Defendants in <u>Wasley II</u> anticipate that they will require approximately 5-7 depositions of fact witnesses.

The parties note that many witnesses will have information relevant to both <u>Wasley I</u> and <u>Wasley II</u> and counsel will strive to coordinate and consolidate depositions to the extent possible to minimize the need for repeated depositions of the same witnesses. The parties will make a good faith effort to schedule depositions related to issues of fiduciary status of the parties before conducting depositions relating to other issues.

6. The parties request the court's permission to serve 40 interrogatories.

7. <u>Expert Witnesses:</u>

*Plaintiffs:*

Plaintiffs in <u>Wasley I</u> intend to call expert witnesses at trial. The plaintiffs in <u>Wasley II</u> may call expert witnesses at trial. Plaintiffs in both cases will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to

15

Fed.R.Civ.P. 26(a)(2) by December 31, 2005. Depositions of any such experts will be completed by February 28, 2006.

*Defendants:*

The defendants in Wasley I intend to call expert witnesses at trial. Defendants Nationwide, Lincoln National, and Bulakites reserves the right to declare and possibly call expert witnesses to rebut testimony offered by Plaintiffs and Third Party Plaintiffs in Wasley I and Wasley II. The defendants in Wasley II intend to call expert witnesses at trial. Defendants in both cases will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.R.Civ.P. 26(a)(2) by April 30, 2006. Depositions of any such experts will be completed by the close of discovery.

10. A damages analysis will be provided by any party who has a claim or counterclaim for damages by December 6, 2005.

F. *Dispositive Motions:* Dispositive motions will be filed on or before August 7, 2006, or 60 days after the close of discovery should the discovery period be extended.

G. *Joint Trial Memorandum:* The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within 60 days after the close of discovery or the Court's decision on any dispositive motion pending at the close

CRANMORE, FITZGERALD & MEANEY  •  ATTORNEYS AT LAW
49 WETHERSFIELD AVENUE  •  HARTFORD, CONNECTICUT 06114-1102  •  (860) 522-9100

of discovery or filed thereafter in accordance with Paragraph V(F), <u>supra</u>, whichever is later.

**VI.   Trial Readiness.**  The case will be ready for trial within 60 days of the filing of the joint trial memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

DATED: June 6, 2005

(Joseph V. Meaney, Jr., Esq. has received the authority to be the sole signatory on this 26(f) Report by all counsel of record, except Sara Simeonidis, Esq.)

Wasley I Plaintiffs

By: Joseph V. Meaney, Jr. Esq.
Cranmore, FitzGerald, & Meaney
49 Wethersfield Avenue
Hartford, CT 06114

Wasley I Defendant and Wasley II Third-party
Defendant, Lincoln National Insurance Co.

By:  Eric Sussman, Esq.
Day, Berry & Howard, LLP
City Place I
Hartford, CT 06103-3499

17

Wasley I and Wasley II Defendants, and Wasley II
Cross-claim Defendants and Cross-claim Plaintiffs,
Barry Bulakites, James Winslow and Joshua Adams
Corporation

By: Eric Smith, Esq.
Lynch, Traub, Keefe, and Errante, LLP
52 Trumbull Street
P.O. Box 1612
New Haven, CT 06506-1612

Wasley II Plaintiffs

By: Thomas Moukawsher, Esq.
Moukawasher & Walsh, LLC
21 Oak Street, Suite 209
Hartford, CT 06106

Wasley II, Defendants, Third Party Plaintiffs,
Cross-claim Plaintiffs and Cross-claim Defendants

By: Jean Tomasco, Esq.
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT 06103-3597

CERTIFICATION

I hereby certify that a copy of the forgoing was mailed, postage prepaid, 1st class, on this 6th day of June, 2005 to the following:

Sara Simeonidis, Esq.
Bingham McCutchen, LLP
1 State Street
Hartford, CT 06103-3178

Eric Sussman, Esq.
Day, Berry & Howard, LLP
City Place I
Hartford, CT 06103-3499

Eric Smith, Esq.
Lynch, Traub, Keefe, and Errante, LLP
52 Trumbull Street
P.O. Box 1612
New Haven, CT 06506-1612

Thomas Moukawsher, Esq.
Moukawasher & Walsh, LLC
21 Oak Street, Suite 209
Hartford, CT 06106

Jean Tomasco, Esq.
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT 06103-3597

By: Joseph V. Meaney, Jr. Esq.
Cranmore, FitzGerald, & Meaney

CRANMORE, FITZGERALD & MEANEY • ATTORNEYS AT LAW
49 WETHERSFIELD AVENUE • HARTFORD, CONNECTICUT 06114-1102 • (860) 522-9100