UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WASLEY PRODUCTS, INC., ET AL., | MASTER CONSOLIDATED CASE<br>CIVIL NO. 3:03 CV 383 (MRK) |
| Plaintiffs, | |
| | THIS PLEADING PERTAINS TO ALL CASES |
| V. | |
| BARRY BULAKITES, ET AL., | JUNE 10, 2005 |
| Defendants. | |

### THE WASLEY DEFENDANTS' OBJECTION
### TO NATIONWIDE'S MOTION FOR PHASED DISCOVERY

Defendants and third-party plaintiffs in the Prentiss case, Wasley Products, Inc., Alan Wasley, Andrew Brady, Sandi Dumas-Laferriere and Barry Connell (collectively, the "Wasley Defendants"), hereby object to Nationwide Life Insurance Co. f/k/a Provident Mutual Life Insurance Company's ("Nationwide") Motion for Phased Discovery dated June 6, 2005. For the reasons set forth herein, the interests of judicial economy will not be promoted by phased discovery. In fact, as this memorandum demonstrates, the attempt to conduct phased discovery relies on a distinction that is largely artificial and which will result in confusion and duplication in the discovery process.

Conducting discovery in two phases, as Nationwide requests, is neither practical nor efficient. First, many of the key witnesses that would be deposed on the fiduciary issues—such as defendants Bulakites and Winslow as well as other employees of Nationwide/Provident Mutual—must also be deposed on the other issues in the two cases. If the initial phase of discovery were limited only to discovery concerning fiduciary status, it is likely that many of the

1

same witnesses would be deposed twice, which would be both time consuming and expensive (particularly as some of the witnesses live out of state). Second, the parties have already proposed a carefully thought out discovery plan, allowing for written discovery in advance of depositions and allowing time for depositions of fact witnesses in advance of discovery concerning expert witnesses. Attempting to break the discovery schedule into phases by topic would disrupt the plan. Further, in the event that scheduling conflicts or other issues resulted in delay of discovery in the first phase, it could delay of discovery in the second phase and delay the ultimate resolution of the cases.

Third, and most importantly, the legal issue of fiduciary status is inextricably intertwined with a myriad of factual issues in the two cases such as the management and disposition of the plans' assets. Among other things, the Wasley Defendants allege that Nationwide and Lincoln National, through their employees and agents, performed third party administration and investment services on behalf of Wasley Products and the Wasley benefit plans and rendered investment advice with respect to the assets of the plans. Moreover, through regular and ongoing contact and actions by their employees and agents (including but not limited to Bulakites, Winslow and JAC), Nationwide and Lincoln National held themselves out as having the necessary skill, experience, resources and expertise to properly administer and manage the Wasley Products pension plans, to provide advice concerning the restructuring of the plans, and to manage and invest plan assets. Whether or not an individual or entity is an ERISA fiduciary must be determined by looking at the totality of the relationship and the inquiry focuses on the functions performed, rather than on the title or position held. Courts routinely determine that persons or entities who carry out the basic fiduciary functions relating to asset management, plan administration, and provision of investment advice for a fee—as Nationwide and Lincoln

National are alleged to have done through their employees and/or agents—are routinely determined to be plan fiduciaries. Issues such as the relationship between the individual defendants and the corporate defendants and their actions with respect to the establishment and management of the various Wasley plans cannot be neatly divided into "fiduciary" and "other" topics, as Nationwide suggests.[1]

In addition, Nationwide's concern that it will be required to respond to interrogatories and document requests on all issues, including those unrelated to "fiduciary" issues, does not support the granting of Nationwide's motion. Indeed, if Nationwide has information relevant to other issues in the case, it should be required to participate in discovery and respond to such discovery requests, regardless of its alleged lack of status as a fiduciary. If it believes that certain requests are inapplicable or otherwise objectionable, it can so state in its discovery responses.

Even if it were somehow possible to resolve the issue of fiduciary status early in discovery, this would not resolve all of the issues in the cases as to Nationwide and Lincoln National. For example, in their Third-Party Complaint, the Wasley Defendants have pled various state and common law claims against Nationwide (and Lincoln National) in the alternative to their claims for fiduciary liability under ERISA. As the court noted in its decision denying Nationwide's and Lincoln National's earlier motions to dismiss, if Nationwide and Lincoln National cannot be held liable as fiduciaries, then the Wasley Defendants may be able to assert common law causes of action against them because the common law causes of action do not affect any core ERISA relationship. (Mem. of Decision, 3/9/05, p. 8). Therefore, Nationwide and Lincoln National could still face liability under state and common law for the

---

[1] Further, given the overlap among issues, attempting to conduct discovery in two phases would likely lead to numerous objections and disputes regarding whether a particular discovery request falls within the scope of the particular phase.

3

acts of their employees and/or agents.

Finally, the Wasley Defendants note that the issue of phased discovery as proposed by Nationwide was discussed during the parties' case management conference. At that time, counsel for the Wasley Defendants, as well as counsel for the plaintiffs in both cases, voiced their objections and concerns about the proposal for phased discovery. As Nationwide acknowledges, and as set forth in the proposed case management report, the parties agreed to make good faith efforts to schedule depositions on the issues of fiduciary status before undertaking depositions on the other issues. This was an appropriate compromise to address all parties' concerns and should be upheld.

For all of these reasons, Nationwide's motion for phased discovery should be denied.

DEFENDANTS and THIRD-PARTY PLAINTIFFS

WASLEY PRODUCTS, INC., ALAN A. WASLEY, ANDREW BRADY, SANDI DUMAS-LAFERRIERE, AND BARRY CONNELL

By /s/ Theodore E. Tomasco
Theodore J. Tucci (ct05249)
ttucci@rc.com
Jean E. Tomasco (ct09635)
jtomasco@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax: (860) 275-8299

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, first class postage prepaid, on the 10th day of June, 2005 to the following:

Thomas G. Moukawsher, Esq.
Ian O. Smith, Esq.
Moukawsher & Walsh
21 Oak Street, Suite 209
Hartford, CT  06106

Steven J. Errante, Esq.
Eric P. Smith, Esq.
Lynch, Traub, Keefe and Errante, P.C.
52 Trumbull Street
P. O. Box 1612
New Haven, CT  06506

Sara R. Simeonidis, Esq.
Deborah S. Freeman, Esq.
Bryan D. Short, Esq.
Bingham McCutchen
One State Street
Hartford, CT  06103-3178

Albert Zakarian, Esq.
Victoria Woodin Chavey, Esq.
Eric L. Sussman, Esq.
Day, Berry & Howard
CityPlace
Hartford, CT  06103-3499

Joseph V. Meaney, Jr., Esq.
Cranmore, Fitzgerald & Meaney
49 Wethersfield Ave.
Hartford, CT  06114-1102

Jean E. Tomasco