UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| WASLEY PRODUCTS, INC., ET AL.,<br>      Plaintiffs<br>V.<br><br>BARRY BULAKITES, ET AL.,<br>      Defendants. | MASTER CONSOLIDATED CASE<br>CIVIL NO. 3:03 CV 383 (MRK)<br><br>THIS PLEADING PERTAINS TO<br>ALL CASES<br><br>JUNE 15, 2005 |

**MEMORANDUM IN OPPOSTION TO DEFENDANT'S
MOTION FOR PHASED DISCOVERY**

The Plaintiffs, WASLEY PRODUCTS, INC. and PRECISION MOLDING COMPANY, INC., in *Wasley Products, Inc. et al. v. Bulakites, et al.*, Civ. No. 3:03 CV 383 (MRK) ("Wasley I") hereby object to Nationwide Life Insurance Company's ("Nationwide") Motion for Phased Discovery dated June 6, 2005. For the reasons set forth herein, the interests of efficiency and economy will be undermined by phased discovery. Phased discovery will result in added burden, cost, and time for all parties involved.

The goal of phased discovery is to maximize the efficiency of discovery in cases where the production of large numbers of documents or depositions is required. It also prevents unnecessary discovery in cases where one issue may preclude the necessity of another. In other words, it is often utilized in cases where discovery on

1

the first issue dictates the relevancy and outcome of the second. When one considers the goals of phased discovery in the shadow of the circumstances surrounding this case, it is clear that phased discovery is inappropriate and Nationwide's motion should therefore, be denied.

Phased discovery should attempt to achieve case management efficiency or to minimize costly and time-consuming discovery disputes. *In re Pabst Licensing GmbH Patent Litigation* 2001 WL 797315, *2 (E.D.La.) (E.D.La., 2001). "It can serve to permit an informed determination as to whether there is a factual basis for permitting more sweeping additional discovery." *Chambers v. Capital Cities/ABC,* 159 F.R.D. 429 (S.D.N.Y., 1995). You cannot assume in advance of the event that it will have that effect, though. *Chambers v. Capital Cities/ABC, Burke, Callahan,* 154 F.R.D. 63, *65 (S.D.N.Y., 1994). There must be a showing of need for phased discovery. "Phased discovery, under which discovery that involves entities not directly involved in the case, and which requires production of large numbers of persons or documents, is allowed only where more directly relevant and less burdensome discovery suggests the need to go further, permits necessary information to be obtained if need is established, without allowing mere filing of lawsuit to trigger unduly burdensome discovery.*"* *Chambers v. Capital Cities/ABC,* 159 F.R.D. 429 (S.D.N.Y., 1995).

In the instant case, the number of anticipated persons or documents required for discovery is not so large as to necessitate the splitting of issues for discovery into two phases. The plaintiffs in <u>Wasley I</u> anticipate that they will require approximately 10 depositions of fact witnesses and the defendants in <u>Wasley I</u> anticipate that they will require up to 25-27 depositions of fact witnesses combined. The plaintiffs in <u>Wasley II</u> anticipate that they will require approximately 10 depositions of fact witnesses while the defendants in <u>Wasley II</u> anticipate that they will require approximately 22 depositions of fact witnesses combined. The third party defendants in <u>Wasley II</u> anticipate requiring only 5-7 depositions of fact witnesses. (Rule 26(f) Report pg. 14-15).

Moreover, phased discovery will force witnesses to be recalled for different issues of discovery leading to added time, cost, and confusion. Many of the key witnesses that need to be deposed for the fiduciary issue must also be deposed on the other issues in this case. Further, many of these key witnesses are located outside the state of Connecticut making their repeated presence burdensome and costly. This potential problem was recognized and addressed when both parties developed a plan for discovery: "Parties note that many witnesses will have information relevant to both <u>Wasley I</u> and <u>Wasley II</u> and counsel will strive to coordinate and consolidate depositions to the extent possible to minimize the need for repeated depositions of the

same witnesses." (Rule 26 (f) Report pg. 15). Interestingly, the movant's attorney participated in the Rule 26(f) conference call and approved this insertion.

The aforementioned plan for discovery also includes a detailed schedule for written discovery in advance of depositions and a schedule for the deposition of fact witnesses prior to discovery concerning expert witnesses. Any disruption of this plan would not only increase the burden on individuals needed for deposition, but also create confusion and add cost.

When the circumstances surrounding these cases are examined, it is clear that any split of the issues for discovery would be unreasonable. The dynamics of the relationships and continuous contact between the agents and employees of Nationwide and Lincoln National and the Wasley defendants, with regard to the various services and administration performed, make it nearly impossible to divide the issues of discovery into "fiduciary issues" and "other issues."

Splitting up the issues does not achieve the goal of preventing future unnecessary discovery because the outcome of discovery on the first issue does not dictate the outcome of further issues for discovery. The Court noted in its decision denying Nationwide's and Lincoln National's earlier motions to dismiss, even if Nationwide and Lincoln National are not held as fiduciaries, the Wasley Defendants are still afforded the opportunity to assert common law causes of action as they do not

impact any core ERISA relationship. (Mem. of Decision, 3/9/05, p. 8). In other words, even if discovery were phased so as to separate the issues of "fiduciary" and "other issues," the outcome of discovery of the initial phase would have no bearing on the relevancy or necessity of future discovery, as is one of the fundamental purposes of phased discovery.

     For all these reasons, the purposes or goals of phased discovery are undermined by the circumstances surrounding this case. Discovery would likely be less costly, less burdensome, and more efficient if the documents and witnesses concerning all relevant issues for discovery were dealt with at one time. Therefore, the Defendant's motion for phased discovery should be denied.

                          PLAINTIFFS,
                          WASLEY PRODUCTS, INC., & PRECISION
                          MOLDING COMPANY

                          By:_____
                              Joseph V. Meaney, Jr.
                              Cranmore, FitzGerald & Meaney
                              49 Wethersfield Avenue
                              Hartford, CT 06114-1102
                              Tel: (860) 522-9100
                              Federal Bar No. CT 04315

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, via First Class mail, on June 15, 2005, 2005 to:

Sara Simeonidis, Esq.
Bingham McCutchen, LLP
1 State Street
Hartford, CT 06103-3178

Eric Sussman, Esq.
Day, Berry & Howard, LLP
City Place I
Hartford, CT 06103-3499

Steven Errante, Esq.
Lynch, Traub, Keefe, and Errante, LLP
52 Trumbull Street
P.O. Box 1612
New Haven, CT 06506-1612

Thomas Moukasher, Esq.
Moukawasher & Walsh, LLC
21 Oak Street, Suite 209
Hartford, CT 06106

Theodore Tucci, Esq
Jean Tomasco, Esq.
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT 06103-3597

BY: _____
Joseph V. Meaney, Jr.