UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **WASLEY PRODUCTS, INC. AND** | : | |
| **PRECISION MOLDING COMPANY, INC.** | : | |
| Plaintiffs, | : | **MASTER CONSOLIDATED CASE** |
| | : | **3:03 CV 0383 (MRK)** |
| V. | : | |
| **BARRY BULAKITES, JAMES WINSLOW,** | : | |
| **JOSHUA ADAMS CORP., NATIONWIDE** | : | |
| **INS. CO. OF AMERICA f/k/a PROVIDENT.** | : | |
| **MUT. INS. CO., LINCOLN NAT. LIFE INS. CO.**: | | |
| Defendants | : | |
| | : | |
| **GREGORY PRENTISS, JOHN RIZZI,** | : | |
| **RICHARD SEICH, and DOROTHY BROWN,** | : | **THIS PLEADING PERTAINS TO** |
| individually and on behalf of the Wasley | : | **BOTH CASES** |
| Products Inc. 401(k) Profit Sharing Plan | : | |
| Plaintiffs, | : | |
| | : | |
| V. | : | |
| **WASLEY PRODUCTS, INC., ALAN A.** | : | |
| **WASLEY, ANDREW BRADY, SANDI** | : | |
| **DUMAS-LAFERRIERE, BARRY CONNELL,** | : | |
| **BARRY L. BULAKITES, JAMES A.** | : | |
| **WINSLOW, and JOSHUA ADAMS CORP.** | : | |
| Defendants | : | |
| | : | |
| **WASLEY PRODUCTS, INC., ALAN A.** | : | |
| **WASLEY, ANDREW BRADY, SANDI** | : | |
| **DUMAS-LAFERRIERE, and BARRY CONNEL**: | | |
| Third Party Plaintiffs | : | |
| | : | |
| V. | : | |
| **NATIONWIDE LIFE INS. CO. OF AMERICA** | : | |
| **AMERICA f/k/a PROVIDENT MUT. LIFE** | : | |
| **INS. CO. and LINCOLN NAT. LIFE INS. CO.** | : | |
| Third Party Defendants | : | **JUNE 20, 2005** |

**REPLY TO OBJECTIONS TO NATIONWIDE MUTUAL LIFE INSURANCE COMPANY OF AMERICA F/K/A PROVIDENT MUTUAL LIFE INSURANCE COMPANY'S MOTION FOR PHASED DISCOVERY**

Nationwide Mutual Life Insurance Company of America f/k/a Provident Mutual Life Insurance Company ("***Nationwide***") hereby respectfully replies to the objections to its motion for phased discovery (the "***Discovery Motion***") filed by Wasley Products, Inc. and Prentiss Molding Company, Inc., Plaintiffs in *Wasley I* (the "***Wasley Plaintiffs***"), and Wasley Products, Inc., Alan Wasley, Andrew Brady, Sandi Dumas-Laferriere and Barry Connell, Defendants and Third-Party Plaintiffs in *Wasley II* (the "***Wasley Defendants***") (collectively, their pleadings the "***Objections***").  Contrary to the assertions made in the Objections, phased discovery neither relies on a largely artificial distinction, nor will it undermine the interests of efficiency and economy. For the reasons set forth in Nationwide's Discovery Motion, and as more fully set forth herein, Nationwide requests that this Court order discovery to be conducted in phases pursuant to its proposal in its Discovery Motion.

**I.    ARGUMENT**

    **A.    A Finding That Nationwide Is Not An ERISA Fiduciary Would Eliminate The Need For Extensive And Costly Discovery On The Handling Of The Various Plans' Assets By Nationwide.**

As The Wasley Plaintiffs agree, the purpose of phased discovery is, in part, to prevent unnecessary discovery in cases where the disposition of one issue may preclude the necessity of taking discovery on another. (Wasley Plaintiffs' Objection at 1.) In these consolidated cases, a finding by this Court on summary judgment that there is no genuine issue of material fact that

Nationwide[1] did not act as an ERISA "fiduciary" with respect to any of the pension plans at issue would absolutely preclude the necessity of additional discovery as to Nationwide's potential liability under ERISA as to that plan.[2]

### B. Judge Squatrito's Ruling On Nationwide's Motion To Dismiss Does Not Preclude Nationwide From Establishing On Summary Judgment That The Common Law Claims Against It Are Preempted By ERISA Or Otherwise Properly Disposed Of On Summary Judgment.

Both the Wasley Plaintiffs and the Wasley Defendants place undue weight on Judge Squatrito's Memorandum of Decision denying Nationwide's motion to dismiss the third-party claims asserted against it in *Wasley II* (the "***Ruling***") as a basis for this Court to deny Nationwide's Discovery Motion now. As an initial matter, Judge Squatrito's Ruling simply suggested that the Wasley Defendants, as third parties in *Wasley II*, *may be able* to assert common law claims against Nationwide and that dismissal was not warranted at the motion to dismiss stage. (*See* Ruling at 8, docketed at 138 (emphasis added)). Judge Squatrito based his decision to deny Nationwide's motion to dismiss the common law claims asserted against it in *Wasley II* on the Second Circuit's decision in *Gerosa v. Savasta & Co., Inc.*, 329 F.3d 317 (2d Cir. 2003). The *Gerosa* Court, while purporting to embrace a less expansive view on ERISA preemption of common law claims, merely held that Gerosa's state law claims, all of which were premised on professional negligence against the plan's actuaries, were not preempted by ERISA. *Gerosa*, 329 F.3d at 330. In fact, the Second Circuit specifically noted that Gerosa made no claim, under ERISA or otherwise, that Savasta acted as a fiduciary to the plan. *Id.* at 321, n. 3.

---

[1] This analysis would apply to any party against whom a claim under ERISA has been made.

[2] Including first party and third party claims in *Wasley I* and *II*.

*Gerosa* is not analogous to the claims asserted against Nationwide in *Wasley II*. At best for the Wasley Defendants, *Gerosa* lends support for the position that the professional negligence claim against Nationwide *might not be preempted by ERISA* under Second Circuit precedent. However, *Gerosa's* limited holding does not require, as the Wasley Plaintiffs and the Wasley Defendants suggest in the Objections, that if this Court finds Nationwide is not an ERISA fiduciary, all common law claims must automatically be permitted to proceed against Nationwide and are not preempted by ERISA.

Assuming arguendo that this Court were to find that the common law claims are not preempted by ERISA as a matter of law, the claims asserted by the Wasley Defendants in counts 5 and 7 of the third-party complaint against Nationwide in *Wasley II*, for breach of fiduciary duty and professional negligence/malpractice respectively, nevertheless rely in the first instance on the Wasley Defendants' establishing that Nationwide owed certain duties to them. Many of the facts to be discovered with regard to whether Nationwide is an ERISA fiduciary will also apply to the analyses of whether Nationwide owed the Wasley Defendants any duties as alleged. Furthermore, the same witnesses would be asked to give deposition testimony regarding Nationwide's status as a fiduciary under ERISA and under state law as well as to establish that Nationwide owed the Wasley Defendants a certain duty of professional care based on their relationship. If the Wasley Defendants are unable to establish that Nationwide owed them the common law duties claimed, then Nationwide will not be liable to them, thus making additional discovery unnecessary.

### C.     It Is Not Inefficient To Conduct Discovery In Phases In This Case.

This litigation has been pending for over two years.[3] For the past two years, the parties have been engaged in discovery with the Special Master, focused on tracing the funds intended for the Wasley UAW Local 376 Retirement Plan, the Precision Molding Company 401(k) Plan and the Wasley Products 401(k) Plan (collectively the "***Plans***"). Discovery before the Special Master has been occasioned by countless delays, of no fault of Nationwide which has turned over all requested information to the Special Master. To date, Nationwide has already expended considerable costs in legal fees, fees to the Special Master, and time to engage in discovery before the Special Master. As of the last interim report, the Special Master specifically found no evidence that Nationwide had mishandled any funds relating to the Plans which were received by Nationwide from Wasley.

Nationwide has disclosed all the documentary evidence requested by the Special Master. All parties to this litigation have had access to the financial analyses prepared by the Special Master, which include and rely on, in part, the information disclosed by Nationwide. Paper discovery on issues relating to the handling of funds received by Nationwide would be largely duplicative of the discovery already conducted before the Special Master. Oral discovery on these topics would also likely lead to the same result.

If this Court determines, however, that Nationwide is not a fiduciary, either under ERISA or the common law, and owed the Wasley Defendants no duties that would expose Nationwide to liability for professional negligence/malpractice, then further discovery regarding the handling of

---

[3] The complaint in *Wasley I* was filed on March 3, 2003. The first-party complaint in *Wasley II* was filed on October 16, 2003. The third-party complaint in *Wasley II* was filed on March 3, 2004.

funds by Nationwide or Nationwide's liability for how funds targeted for the Plans were handled by other defendants in these combined cases becomes unnecessary under these theories.[4]

By conducting discovery on the issues of Nationwide's duties, if any, to the Wasley parties first, Nationwide may then file any appropriate dispositive motion earlier in the course of this litigation before any of the parties embark on costly and potentially unnecessary discovery on issues that need not be reached if this Court should grant Nationwide summary judgment in whole or in part.

Contrary to the claims asserted in the Objections, conducting discovery in this manner is both practical and efficient. All parties will benefit from *not* conducting unnecessary paper and oral discovery, especially when they anticipate conducting upwards of 20 depositions in each Wasley case. Moreover, with three operative complaints, six law firms representing at least twelve parties with various interests in these combined actions, it is impracticable to believe that any key witness could be deposed on all relevant issues to these combined cases in just one session, especially in light of scheduling issues. No hardship will be imposed on the parties to dedicate the witnesses' first deposition session to issues bearing solely on fiduciary status and common law claims requiring the existence of a duty owed by Nationwide.

---

[4] Or, if this Court further finds that the *Gerosa* holding is limited to professional malpractice claims and that ERISA preempts common law claims plead in the alternative, then discovery on all of the third-party claims in *Wasley II* would become unnecessary.

## II.     CONCLUSION

For the foregoing reasons, and the reasons set forth in the Discovery Motion, Nationwide requests this Court order phased discovery consistent with the proposal set forth in its Discovery Motion.

**DEFENDANT,**
**NATIONWIDE LIFE INSURANCE**
**COMPANY OF AMERICA**

By:_____//S//_____
Deborah S. Freeman [ct05257]
Sara R. Simeonidis [ct25566]
BINGHAM MCCUTCHEN LLP
One State Street
Hartford, CT 06103
(860) 240-2700
(860) 240-2800 (fax)
Its Attorneys

## CERTIFICATION

This is to certify that a copy of the foregoing Reply has been served this 20th day of June, 2005, via first class mail, postage prepaid, to all counsel and pro se parties of record in these consolidated actions as follows:

Thomas G. Moukawsher, Esq.
Ian O. Smith, Esq.
Moukawsher & Walsh
21 Oak Street, Suite 209
Hartford, CT 06106

Theodore J. Tucci, Esq.
Jean E. Tomasco, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

Steven J. Errante, Esq.
Eric P. Smith, Esq.
Lynch, Traub, Keefe & Errante, P.C.
52 Trumbull Street
P.O. Box 1612
New Haven, CT 06506-1612

Joseph V. Meany, Jr.
Cranmore, Fitzgerald & Meany
49 Wethersfield Avenue
Hartford, CT 06114-1102

Albert Zakarian, Esq.
Victoria Woodin Chavey, Esq.
Eric Sussman, Esq.
Day, Berry & Howard LLP
CityPlace I
Hartford, CT 06103

                                                          //S//
                                                    Sara R. Simeonidis