UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

WASLEY PRODUCTS, INC., ET AL. :
                             :
          *Plaintiffs*,      :    CASE NO. 3:03-cv-383(MRK)
                             :
V.                           :
                             :
BARRY LEONARD BULAKITES,     :
ET AL.                       :
                             :
          *Defendants*.      :    JUNE 30, 2005
_____:

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION
TO DISQUALIFY DAY, BERRY & HOWARD, LLP
AND ITS ASSOCIATED ATTOREYS**

I.    **FACTS.**

In these consolidated cases, the plaintiffs allege that
defendants Barry L. Bulakites, James A. Winslow and Joshua Adams
Corporation (collectively the "Bulakites Defendants"), as third
party administrators, negligently administered and/or mismanaged
certain pension plans.  One of their co-defendants, Lincoln
National Insurance Company (hereinafter "Lincoln National"), is
represented by attorneys from the law firm of Day, Berry &
Howard, LLP.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\11000-11999\11437 B. BULAKITES\013 COMMERCIAL LITAGATION - SJE\PLEADINGS\2005\MEMO OF LAW RE MOTION TO DISQUALIFY DBH.DOC

In February 2003, upon being served with the original
lawsuit in these consolidated cases, the Bulakites Defendants,
through Barry Bulakites, consulted the law firm of Day, Berry &
Howard and two of its attorneys[1] for purposes of seeking legal
representation and a defense.  During the course of numerous
telephonic consultations, Mr. Bulakites shared confidential
information relating to the allegations in the complaint.  In
addition, Mr. Bulakites forwarded to Day, Berry & Howard a
detailed written synopsis of facts, events and opinions, which
he prepared, and other related documents.  Shortly thereafter,
the Bulakites Defendants received a proposed retainer agreement
from Day, Berry & Howard.  In or around late March 2003, Day,
Berry & Howard forwarded another letter, stating that it was
unable to represent the Bulakites Defendants due to a perceived
conflict between the Bulakites Defendants and Lincoln National.

---

[1]  Attorney Glenn Dowd and Attorney Sarah Moore Fass.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\11000-11999\11437 B. BULAKITES\013 COMMERCIAL LITAGATION - SJE\PLEADINGS\2005\MEMO OF LAW RE MOTION TO DISQUALIFY DBH.DOC

## II.   LEGAL ARGUMENT

### A.   Standard for Disqualification.

In the District of Connecticut, the standard for attorney

conduct is set by the Rules of Professional Conduct. <u>Prisco v.</u>

<u>Westgate Entertainment, Inc.</u>, 799 F. Supp. 266, 268 (D. Conn.

1992).  Rule 1.9 of the Rules of Professional Conduct states

that:

> [a] lawyer who has formerly represented a client in a
> matter shall not thereafter: (1) Represent another
> person in the same or a substantially related matter
> in which that person's interests are materially
> adverse to the interests of the former client unless
> the former client consents after consultation; or (2)
> Use information relating to the representation to the
> disadvantage of the former client except as Rule 1.6
> would permit with respect to a client or when the
> information has become generally known.

The moving party's burden is to show that: 1) there was in fact

a prior attorney-client relationship; 2) the interests of the

current client are adverse to those of the previous client; and

3) the matters involved in the instant case are the same or

substantially related to the matters for which the previous

client sought representation. <u>Prisco</u>, 799 F. Supp. at 269

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\11000-11999\11437 B. BULAKITES\013 COMMERCIAL LITAGATION - SJE\PLEADINGS\2005\MEMO OF LAW RE MOTION TO DISQUALIFY DBH.DOC

(citing <u>Evans v. Artek Sys. Corp.</u>, 715 F.2d 788, 791 (2d Cir.

1983)).  Once a court has determined that the matters involved

in the instant case are the same or substantially related to the

matters for which the previous client sought representation, "an

irrebuttable presumption [arises] that the former client

revealed facts requiring the attorney's disqualification." <u>Id.</u>

at 271.  "Information acquired by the lawyer in the course of

representing a client may not be subsequently used by the lawyer

to the disadvantage of the client." Conn. R. Prof. Conduct 1.9

Commentary (West 2000).  "Disqualification of counsel is a

remedy that serves to enforce the lawyer's duty of absolute

fidelity and to guard against the danger of inadvertent use of

confidential information." <u>Silver Chrysler Plymouth, Inc. v.</u>

<u>Chrysler Motors Corp.</u>, 518 F.2d 751, 754 (2d Cir. 1975).

> **B.    An attorney-client relationship existed between Day,
>          Berry & Howard and the Bulakites Defendants.**

For purposes of disqualifying motions, "[a]n attorney-

client relationship is said to exist when the party divulging

confidences and secrets to an attorney believes that he is

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\11000-11999\11437 B. BULAKITES\013 COMMERCIAL LITIGATION - SJE\PLEADINGS\2005\MEMO OF LAW RE MOTION TO DISQUALIFY DBH.DOC

approaching the attorney in a professional capacity with the intent to secure legal advice." <u>Trinity Ambulance Service, Inc. v. G & L Ambulance Services, Inc.</u>, 578 F. Supp. 1280, 1283 (D. Conn. 1984)(citation omitted).  Furthermore, the Second Circuit has recognized that the court need not necessarily find that an attorney-client relationship existed in a "traditional sense" if "there exist[s] sufficient aspects of an attorney-client relationship for purposes of triggering inquiry into the potential conflict involved in [the attorney's] role as...counsel in [the present] action." <u>Glueck v. Jonathan Logan, Inc.</u>, 653 F.2d 746, 748-49 (2d Cir. 1981).  "The key, of course, to whether an attorney/client relationship existed is the intent of the client and whether he reasonably understood the conference to be confidential." <u>U.S. v. Dennis</u>, 843 F.2d 652, 657 (2d Cir. 1988).

In connection with this very action, Mr. Bulakites, on behalf of the Bulakites Defendants, consulted with, and sought to be represented by, Day, Berry & Howard.  He divulged confidential information during a series of telephone

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\11000-11999\11437 B. BULAKITES\013 COMMERCIAL LITAGATION - SJE\PLEADINGS\2005\MEMO OF LAW RE MOTION TO DISQUALIFY DBH.DOC

consultations and written communications with the intent of

securing legal advice and with the intent that the

communications were confidential and protected by the attorney-

client relationship.  For purposes of this motion, there can be

no serious question that sufficient aspects of an attorney-

client relationship existed between the Bulakites Defendants and

Day, Berry & Howard.

     **C.**    **The interests of Lincoln National are materially adverse to those of the Bulakites Defendants.**

Rule 1.9 does not require parties to be strict opponents in

order for them to have adverse interests. See Conn. R. Prof.

Conduct 1.9. See also Rella v. North Atlantic Marine, Ltd., No.

2CV8573, 2004 WL 2480409 (S.D.N.Y. Nov. 3, 2004)(where the

interests of co-defendants were necessarily found adverse for

purposes of disqualifying a law firm based on a conflict of

interest); and In re Chan, 271 F. Supp. 2d 539, 543 n.4

(S.D.N.Y. June 19, 2003)(where after the court found that a

criminal defense attorney's conduct in communicating with a

represented co-defendant warranted censure, the court noted that

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\11000-11999\11437 B. BULAKITES\013 COMMERCIAL LITAGATION - SJE\PLEADINGS\2005\MEMO OF LAW RE MOTION TO DISQUALIFY DBH.DOC

◇ "co-defendants often (perhaps more often than not) have adverse

interests").  All that is required is that the interests of the

current client be materially adverse to those of the previous

client. Prisco, 799 F. Supp. at 269.

In Rella, different counsel was representing two co-

defendants in a property damage action. 2004 WL 2480409 at *1.

The co-defendants did not have a joint defense agreement,

presented independent defenses, and brought counterclaims

against each other. Id.  A member of the law firm representing

one of the co-defendants left that office to begin working for

the law firm representing the other co-defendant. Id.  Counsel

filed a motion to disqualify that firm on the grounds that since

their former attorney worked on the same matter concerning

discovery and strategic decisions about the strengths and

weaknesses of their client's case, a conflict of interest

existed. Id. at *2.  The court granted the motion, necessarily

finding that the co-defendants were adverse parties, and stated

that "disqualification will be ordered when the attorney is

potentially in a position to use client confidences to the
◇

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\11000-11999\11437 B. BULAKITES\013 COMMERCIAL LITAGATION - SJE\PLEADINGS\2005\MEMO OF LAW RE MOTION TO DISQUALIFY DBH.DOC

advantage of the present client." Id. at *7-8 (internal

quotation marks omitted; citation omitted).

In the present cases, the commonality of interests between

the Bulakites Defendants and Lincoln National ends with their

respective labels as "defendants."  Each party has a distinct

interest at stake.  They are not cooperating in any joint

defense effort, they are presenting defenses independent from

one another, and they could, at any time, attempt to thrust

liability onto the other in efforts to avoid or minimize their

own liability.  At a minimum, Day, Berry & Howard is in the

unworkable position of having former client confidences to the

advantage of its present client. See Rella, 2004 WL 2480409 at

*7-8.  The Bulakites Defendants and Lincoln National, therefore,

have interests which are materially adverse to one another.

**D.    Day, Berry & Howard's current representation of
        Lincoln National involves the same matter for which
        the Bulakites Defendants sought representation.**

Rule 1.9 of the Rules of Professional Conduct states that

counsel should be disqualified if the representation of an

adverse party is in "the same or a substantially related matter"

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\11000-11999\11437 B. BULAKITES\013 COMMERCIAL LITAGATION - SJE\PLEADINGS\2005\MEMO OF LAW RE MOTION TO DISQUALIFY DBH.DOC

as that of the prior representation.  In this case, Day, Berry &
Howard's confidential communications and relationship with the
Bulakites Defendants involved the very lawsuit in which its
current client, Lincoln National, is being represented.  Thus,
there is an irrebuttable presumption that the Bulakites
Defendants revealed facts requiring Day, Berry & Howard's
disqualification. See Prisco, 799 F. Supp at 271.  "There is no
need to show that the former client actually did reveal any
confidences, or whether the attorney indeed will use such
information to the former client's disadvantage." Id.  The firm
and all of its attorneys are presumed to have gained
confidential information potentially adverse to the defendants.
See Conn. R. Prof. Conduct 1.10 (imputes disqualification of one
member of a law firm to all other lawyers in the firm).

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\11000-11999\11437 B. BULAKITES\013 COMMERCIAL LITAGATION - SJE\PLEADINGS\2005\MEMO OF LAW RE MOTION TO DISQUALIFY DBH.DOC

## III.  <u>CONCLUSION.</u>

Based on the foregoing, the Bulakites Defendants respectfully request that their <u>Motion to Disqualify Day, Berry & Howard, LLP and its Associated Attorneys</u> be granted.

Respectfully submitted,

THE "BULAKITES DEFENDANTS"


BY: _____
      STEVEN J. ERRANTE, ESQ.
      Fed. Bar No. ct04292

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\11000-11999\11437 B. BULAKITES\013 COMMERCIAL LITAGATION - SJE\PLEADINGS\2005\MEMO OF LAW RE MOTION TO DISQUALIFY DBH.DOC

## CERTIFICATION

   I hereby certify that a copy of the foregoing was mailed on June 30, 2005 to all counsel and *pro se* parties of record via the United States Postal Service, postage prepaid, as follows:

Joseph V. Meaney, Jr., Esq.
Cranmore, Fitzgerald & Meaney
49 Wethersfield Avenue
Hartford, CT 06114
Telephone: 860-522-9100
Facsimile: 860-522-3379

Ian O. Smith, Esq.
Thomas G. Moukawsher, Esq.
Moukawsher & Walsh
Capitol Place
21 Oak Street, Ste. 209
Hartford, CT 06106
Telephone: 860-278-7000
Facsimile: 860-548-1740

Bryan D. Short, Esq.
Deborah S. Freeman
Sara Simeonidies, Esq.
Bingham & McCutchen
One State Street
Hartford, CT 06103
Telephone: 860-240-2972
Facsimile: 860-240-2818

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\11000-11999\11437 B. BULAKITES\013 COMMERCIAL LITAGATION - SJE\PLEADINGS\2005\MEMO OF LAW RE MOTION TO DISQUALIFY DBH.DOC

Albert Zakarian, Esq.
Eric L. Sussman, Esq.
Victoria Woodin Chavey, Esq.
Day, Berry & Howard
CityPlace
185 Asylum Street
Hartford, CT 06103
Telephone: 860-275-0290
Facsimile: 860-275-0343

Jean Elizabeth Tomasco, Esq.
Theodore J. Tucci, Esq.
Robinson & Cole
280 Trumbull Street
Hartford, CT 06103
Telephone: 860-275-8323
Facsimile: 860-275-8299

_____
Steven J. Errante, Esq.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\11000-11999\11437 B. BULAKITES\013 COMMERCIAL LITAGATION - SJE\PLEADINGS\2005\MEMO OF LAW RE MOTION TO DISQUALIFY DBH.DOC