UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WASLEY PRODUCTS, INC., ET AL., | MASTER CONSOLIDATED CASE<br>CIVIL NO. 3:03 CV 383 (MRK) |
| Plaintiffs, | |
| | THIS PERTAINS TO:<br>CIVIL NO. 3:03 CV 1790 (MRK) |
| V. | (Prentiss et al. v. Wasley Products, Inc. et al.) |
| BARRY BULAKITES, ET AL., | |
| Defendants. | AUGUST 15, 2005 |

**WASLEY DEFENDANTS' OBJECTION TO NATIONWIDE'S SECOND
MOTION FOR EXTENSION OF TIME TO RESPOND TO DISCOVERY**

Defendants Wasley Products, Inc., Alan Wasley, Andrew Brady, Sandi Dumas-Laferriere and Barry Connell (the "Wasley Defendants") hereby object to the second motion for extension of time filed by defendant Nationwide Life Insurance Company of America f/k/a Provident Mutual Life Insurance Company ("Nationwide") to respond to the Wasley Defendants' discovery requests, which were served in mid-June.

As grounds for this objection, the Wasley Defendants state as follows: The sole reason for the requested extension is so that Nationwide can continue to confer with counsel for the Bulakites Defendants to determine whether the Bulakites Defendants will provide written authorization, pursuant to Connecticut's Personnel Files Act (the "Act"), for Nationwide to release their personnel information. Nationwide claims that it is unable to respond to "nearly 50%" of the Wasley Defendants' discovery requests without this written authorization. Nationwide further states that, if the written authorization is not forthcoming, it will seek a court order.

First, as Nationwide admits, over half of the information sought by the Wasley Defendants' discovery requests is not covered by the Act. Therefore, there is no reason why Nationwide cannot provide that information. It is unfair to the Wasley Defendants, who promptly issued discovery requests and who have already waited 60 days for responses, to wait another 30 days to receive the information requested when it is clear that there is no impediment to partial compliance by Nationwide.

Second, the Wasley Defendants have been reasonable and have tried to resolve this issue in good faith without the court's intervention. The Wasley Defendants note that they consented to an initial 30-day extension. Nationwide therefore had 60 days to obtain any authorizations it felt were necessary; if the authorizations were not forthcoming, the matter should have been addressed much earlier than a few days before Nationwide's responses were due. Nevertheless, the Wasley Defendants were willing to consent to an extension of an additional 7-10 days for Nationwide to obtain the authorizations. The Wasley Defendants, however, did not agree to extend the time period for all of the discovery responses by another 30 days based on Nationwide's speculation that a court order might be needed as to some of the information requested. *See* correspondence with Nationwide's counsel, attached hereto as Exhibit A.

Third, the Wasley Defendants note that the Act, Conn. Gen. Stat. § 31-128f, includes various exceptions to the requirement of written authorization. Certain information—such as dates of employment, title or position held, and wage or salary—can be disclosed without written authorization, and this type of information was requested in the Wasley Defendants' discovery requests. Further, written authorization of the employee is not required where personnel information is disclosed "pursuant to a lawfully issued administrative summons or judicial order,

2

including a search warrant or subpoena, or in response to a government audit or the investigation or defense of personnel-related complaints against the employer." Conn. Gen. Stat. § 31-128f(2). As a party to an action is required to respond to discovery requests (similar to a non-party's obligation to respond to a subpoena), it is not at all clear that the Act prohibits Nationwide from simply responding to the Wasley Defendants' discovery demands without written authorization. In any event, an extension of time for an additional 30 days is not necessary because the matter can be simply resolved by a court order to Nationwide compelling production of the requested information. *See, e.g.,* Culkin v. Pitney Bowes, Inc., 2004 WL 2792463 (D. Conn. 2004) (noting that personnel information requested in discovery would be subject to the judicial exception to the personnel files act and ordering its production). (Exhibit B)

For all of these reasons, and in the interest of moving this case forward, the Wasley Defendants object to Nationwide's second motion for extension of time and ask that the court order Nationwide to respond to all of the Wasley Defendants' discovery requests.

                                                DEFENDANTS

                                                WASLEY PRODUCTS, INC., ALAN A.
WASLEY, ANDREW BRADY, SANDI DUMAS-
LAFERRIERE, AND BARRY CONNELL

By: _____
     Theodore J. Tucci (ct05249)
     ttucci@rc.com
     Jean E. Tomasco (ct09635)
     jtomasco@rc.com
     Robinson & Cole LLP
     280 Trumbull Street
     Hartford, CT 06103-3597
     Tel. No.: (860) 275-8200
     Fax: (860) 275-8299

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, first class postage prepaid, on the 15th day of August, 2005 to the following:

Thomas G. Moukawsher, Esq.
Ian O. Smith, Esq.
Moukawsher & Walsh
21 Oak Street, Suite 209
Hartford, CT 06106

Steven J. Errante, Esq.
Eric P. Smith, Esq.
Nancy A. Fitzpatrick, Esq.
Lynch, Traub, Keefe and Errante, P.C.
52 Trumbull Street
P. O. Box 1612
New Haven, CT 06506

Sara R. Simeonidis, Esq.
Deborah S. Freeman, Esq.
Bryan D. Short, Esq.
Bingham McCutchen
One State Street
Hartford, CT 06103-3178

Albert Zakarian, Esq.
Victoria Woodin Chavey, Esq.
Eric L. Sussman, Esq.
Douglas W. Bartinik, Esq.
Day, Berry & Howard
CityPlace
Hartford, CT 06103-3499

Joseph V. Meaney, Jr., Esq.
Cranmore, Fitzgerald & Meaney
49 Wethersfield Ave.
Hartford, CT 06114-1102

_____
Theodore J. Tucci

**Exhibit A**

## Tomasco, Jean

| | |
|---|---|
| **From:** | Tomasco, Jean |
| **Sent:** | Friday, August 12, 2005 11:41 AM |
| **To:** | 'Simeonidis, Sara R.' |
| **Cc:** | Joseph Meaney |
| **Subject:** | RE: Wasley - Request re extension of time |

Dear Sara,

Thank you for your explanation; however, it does not change my position. If Attorney Errante has not yet provided you with the authorizations thus far, knowing that you have a response deadline of Monday, I fail to see how consenting to another 30-day extension for responses will expedite matters. I disagree with your interpretation of the personnel files statute but note that there is certain information Nationwide can release even without the written consent of the employee, including dates of employment, positions held, and wages or salary. In addition, there is other information we have requested that does not fall within the personnel files act. I do not think it is reasonable to extend the discovery response period for an additional 30 days on the grounds that a court order might be needed concerning a portion of the information requested.

As stated previously, I am willing to consent to an additional extension of time of up to ten days, which should be adequate time for you to resolve the authorization issue with Attorney Errante. Per the court's order concerning discovery disputes, I am also willing to participate in a telephonic conference with the court next week to discuss this matter and, if need be, obtain a court order concerning production of the personnel information. Further, as you note, there is an exception to the personnel files act for subpoenas. While I would prefer not to have to go through the extra step of subpoenaing information from a party when that information has already been requested through discovery, I am willing to subpoena the records if necessary.

If there is anything further you wish to discuss, please contact me. I will be out of the office the remainder of the day but will check E-mails periodically, or you can reach me at the office Monday morning. Thank you.

Very truly yours,

Jean E. Tomasco

Robinson & Cole LLP
280 Trumbull Street
Hartford, CT  06103-3597
Direct (860) 275-8323  |  Fax (860) 275-8299
jtomasco@rc.com | www.rc.com

Boston   New London   Hartford   Stamford   White Plains   New York   Sarasota


-----Original Message-----
From: Simeonidis, Sara R. [mailto:sara.simeonidis@bingham.com]
Sent: Friday, August 12, 2005 9:12 AM
To: Tomasco, Jean
Cc: Joseph Meaney
Subject: Re: Wasley - Request re extension of time


Jean,

Thank you for your reply. I believe if you read the text of Conn. Gen. Stat. §31-128f you will see that discovery requests do not fall within any of the enumerated exceptions to disclosing personnel information absent written authorization from the employee. A general obligation to comply with discovery is not akin to a subpoena or judicial order to release such records in the absence of written authorization.

1

I have been in continuous contact with Mr. Errante who first wanted to obtain authorizations from his clients allowing him to review these records so that he could determine whether they would ultimately authorize Nationwide to release the records in the course of discovery. We could not start this process until Nationwide was first able to obtain these records to determine what records were in its possession in the first instance so that appropriate authorizations could be drafted. The process has been frustratingly slow to Nationwide as well. I have explained to Mr. Errante that time is of the essence and that we will have no choice but to seek a court-order if we are unable to obtain written authorizations from his clients.

My concern with such a limited extension of time is that if Bulakites and Winslow choose not to give Nationwide authorizations for some reason, and Nationwide must seek a court-order to release these records next week, Nationwide will still not be in a position to fully respond to your requests in 7-10 days. Undoubtedly the court will entertain any objection by Mr. Errante and a ruling will take some time. For that reason, Nationwide requested your consent to a 30 day extension of time with the thought that it more accurately reflected the amount of time that it might take to respond to the discovery requests if resort to a court-order became necessary.

As for your second point, regarding our failure to address Mr. Gianelli in requesting this extension, it is my understanding that Nationwide's investigation undertaken to respond to discovery has revealed that Mr. Gianelli never had a work-relationship with Provident Mutual/Nationwide and they do not have personnel records for him.

Please let me know if this adequately addresses your concerns. Should Mr. Errante fail to provide Nationwide with authorizations from Bulakites and Winslow within one week we will to seek an order from Judge Kravitz to release this information and documents in response to the discovery served upon Nationwide by the Wasley Defendants and Wasley Plaintiffs.

Best Regards,

Sara R. Simeonidis, Esq.
Bingham McCutchen
One State Street
Hartford, CT   06103
860.240.2760 t
860.240.2585 f
sara.simeonidis@bingham.com
www.bingham.com

The information in this transmittal (including attachments, if any) is privileged and confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

Circular 230 Disclosure:  Internal Revenue Service regulations provide that, for the purpose of avoiding certain penalties under the Internal Revenue Code, taxpayers may rely only on opinions of counsel that meet specific requirements set forth in the regulations, including a requirement that such opinions contain extensive factual and legal discussion and analysis. Any tax advice that may be contained in this message does not constitute an opinion that meets the requirements of the regulations. Any such tax advice therefore cannot be used, and was not intended or written to be used, for the purpose of avoiding any federal tax penalties that the Internal Revenue Service may attempt to impose. The legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be made available to or relied upon by any other person or entity or used for any other purpose without our prior written consent.

-----Original Message-----
From: Tomasco, Jean [mailto:JTomasco@RC.com]
Sent: Thursday, August 11, 2005 5:07 PM
To: Simeonidis, Sara R.
Cc: Joseph Meaney
Subject: Wasley - Request re extension of time

2

Dear Sara,

I am receipt of your fax requesting our consent to an additional 30 day extension of time to respond to discovery. I cannot consent to that request. You indicate in your letter that Nationwide has already compiled the responsive documents but is concerned about the application of the Connecticut Personnel Files Act. You further indicate that you have requested the consent of Bulakites and Winslow to release the documents and expect to receive their authorizations in the "near future." (You did not address the issue of Gianelli's records, which we had also requested.)

As we discussed a few weeks ago, it appears that discovery requests fall within the judicial exception to the personnel files act as there is a court-imposed duty to comply (similar to a subpoena), and that written consent of the employees is not necessary. I understand that you nevertheless wanted to obtain written consent. At least with respect to our discovery requests, Nationwide already has had 60 days in which to obtain the authorizations. If, as you indicate, you expect to receive them shortly, I do not understand why an additional 30 days' extension is required. I am willing to agree to a brief extension of 7-10 days, which should provide adequate time to obtain the authorizations. If you cannot obtain the authorizations within that time frame, we can seek an order from the court as such an order clearly would fall within the personnel files act exception.

Very truly yours,


Jean E. Tomasco

   Robinson  <http://www.rc.com/> & Cole LLP
   280 Trumbull Street
   Hartford, CT   06103-3597
   Direct (860) 275-8323 | Fax (860) 275-8299
   jtomasco@rc.com | www.rc.com <http://www.rc.com/>
   Bio <http://www.rc.com/BioTOMAS.htm>  | Contact
<http://www.rc.com/documents/peopleVcard/TOMAS.vcf> Card


Boston   New London   Hartford   Stamford   White Plains   New York   Sarasota

This transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential. If it is not clear that you are the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is strictly prohibited. If you suspect that you have received this communication in error, please notify us immediately by telephone at 1-860-275-8200, or e-mail at it@rc.com and immediately delete this message and all its attachments.

This email has been scanned by the MessageLabs Email Security System.

**BINGHAM McCUTCHEN**

Sara R. Simeonidis
Direct Phone: (860) 240-2760
Direct Fax:   (860) 240-2585
sara.simeonidis@bingham.com

August 11, 2005

**Via Facsimile and First Class Mail**

Bingham McCutchen LLP
One State Street
Hartford, CT
06103-3178

860.240.2700
860.240.2800 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

Jean Tomasco, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06106

Joseph V. Meaney, Jr., Esq.
Cranmore, Fitzgerald & Meaney
49 Wethersfield Avenue
Hartford, CT 06114-1102

Re:  Wasley Products, Inc. v. Bulakites, et al (Wasley I)
     Prentiss v. Wasley Products, Inc., et al v. Bulakites, et al
     (Wasley II)
     03 CV 383 (MRK)

Dear Jean and Joe:

Discovery has been served upon Nationwide by Wasley Products, Inc., Alan Wasley, Andrew Brady, Sandi Dumas-Laferriere and Barry Connell, (the "Wasley Defendants"), in *Wasley II*, as well as Wasley Products, Inc. and Precision Molding Company, Inc., (the "Wasley Plaintiffs"), in *Wasley I*. Currently, Nationwide's responses to both sets of discovery requests are due on August 15, 2005.

Nationwide is prepared to respond to the discovery requests served upon it by both the Wasley Defendants and the Wasley Plaintiffs. In addition, Nationwide has prepared responsive documents that are within its possession, custody and control to produce in response to these discovery requests. At this time, however, Nationwide is precluded from responding to the majority of the discovery requests by both the Wasley Defendants and the Wasley Plaintiffs because those requests call for the production of information and documents protected by the Connecticut Personnel Files Act, Conn. Gen. Stat. 31-128a, *et seq*.

Nationwide has requested written authorizations from Barry Bulakites ("Bulakites") and James Winslow ("Winslow") to release this information and documents. We anticipate receiving those authorizations in the near future. Accordingly, Nationwide would like your consent for a thirty-day extension of time, up through and including September 14, 2005, to respond to both sets of discovery requests. Logistically it makes more sense for Nationwide to respond to these requests in their entirety rather than making a limited initial response and disclosure of documents and subsequently supplementing the

Jean Tomasco, Esq.
Joseph V. Meany, Jr., Esq.
August 11, 2005
Page 2

majority of its responses once it has authority to release the personnel information of Bulakites and Winslow.

In the interim, Nationwide will file its objections to the Wasley Plaintiffs' discovery requests by August 15, 2005. Joe please note, as I recently told Jean during a telephone conference, Nationwide intends to produce all responsive documents within its possession, custody. The purpose of its objections is to preserve them.

Please let me know whether you consent to this extension of time so that I may advise the court in Nationwide's motion for extension of time. Thank you.

Sincerely yours,

*Sara R. Simeonidis*

Sara R. Simeonidis

cc:   Debby Freeman, Esq.

Bingham McCutchen LLP
bingham.com

**Exhibit B**

Westlaw.

225 F.R.D. 69                                                                                                                    Page 1
225 F.R.D. 69, 2004 WL 2792463 (D.Conn.)
(Cite as: 225 F.R.D. 69, 2004 WL 2792463 (D.Conn.))

C

**Motions, Pleadings and Filings**

United States District Court,
D. Connecticut.
Michael CULKIN, Plaintiff
v.
PITNEY BOWES, INC., Defendant.
**No. 3:03CV1865(CFD)(TPS).**

Dec. 6, 2004.

**Background:** Terminated employee sued former employer under Family and Medical Leave Act (FMLA), alleging harassment, discrimination and retaliation. Employee moved to compel production of documents related to other FMLA claims against employer.

**Holdings:** The District Court, Smith, United States Magistrate Judge, held that:
(1) employee was entitled to discovery concerning FMLA claims against employer filed in same state by other employees, and
(2) employee was also entitled to discovery concerning identity of other employees in same office in which plaintiff had worked who had taken leaves of absence followed by performance warnings.
Motion granted.

West Headnotes

**[1] Federal Civil Procedure** 1271
170Ak1271 Most Cited Cases
Party objecting to discovery request on grounds of overbreadth or undue burden bears burden of supporting objection via affidavits or evidence. Fed.Rules Civ.Proc.Rule 26(b)(1), 28 U.S.C.A.

**[2] Federal Civil Procedure** 1591
170Ak1591 Most Cited Cases
Former employee bringing FMLA discrimination and retaliation claims against employer, a large corporation, was entitled to discovery concerning FMLA claims against employer filed in same state, by other employees, in previous four years; request was relevant to show patterns of discrimination, and was not overly broad nor unduly burdensome. Family and Medical Leave Act of 1993, § 2 et seq.,

29 U.S.C.A. § 2601 et seq.; Fed.Rules Civ.Proc.Rules 26(b)(1), 37, 28 U.S.C.A.

**[3] Federal Civil Procedure** 1591
170Ak1591 Most Cited Cases
Former employee who had been terminated following FMLA leave and probationary period was entitled, in his FMLA discrimination and retaliation action against employer, to discovery concerning identity of other employees in same office in which plaintiff had worked who, within previous four years, had taken leaves of absence and subsequently had been given performance warnings or placed on probation; material sought was relevant to claims asserted, was not unduly burdensome or oppressive, and was within judicial exception to state statute proscribing disclosure of employee personnel files to third party without employee's authorization. Family and Medical Leave Act of 1993, § 2 et seq., 29 U.S.C.A. § 2601 et seq.; Fed.Rules Civ.Proc.Rules 26(b)(1), 37, 28 U.S.C.A.; C.G.S.A. § 31-128f(2).

*69 Mary Alice S. Canaday, Michel Bayonne, Scott R. Lucas, Martin, Lucas & Chioffi, Stamford, CT, for Plaintiff.

John Gerard Stretton, Edwards & Angell, Stamford, CT, for Defendant.

### RULING ON PLAINTIFF'S MOTION TO COMPEL

SMITH, United States Magistrate Judge.

**\*\*1** The plaintiff, Michael Culkin ("Culkin"), commenced this action against the defendant, Pitney Bowes, Inc. ("Pitney Bowes"), seeking damages arising out of the defendant's alleged harassment, discrimination, and retaliation during his employment in violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C § 2601, et seq., and Connecticut State Law. (Compl.). Pending before the court is the Plaintiff's Motion to Compel and for Attorneys' Fees and Costs (Dkt.# 40) brought pursuant to Rule 37 of the Federal Rules of Civil Procedure. As explained below, that motion is **GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART.**

The relevant facts are as follows. The plaintiff started working as a senior analyst *70 with Pitney Bowes at its worldwide headquarters in July of 2001.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:03-cv-00383-WIG   Document 195   Filed 08/16/2005   Page 13 of 16

225 F.R.D. 69                                                                                           Page 2
225 F.R.D. 69, 2004 WL 2792463 (D.Conn.)
(Cite as: 225 F.R.D. 69, 2004 WL 2792463 (D.Conn.))

(Compl.¶ 6). He had received positive performance reviews until he had to work fewer hours and take periodic leave to attend to his ailing wife and daughter. (Id. ¶ ¶ 8-10, 20). After a period of probation, his employment was terminated. (Id. ¶ 24). Subsequently, he filed this complaint.

Pitney Bowes objects to two [FN1] of the plaintiff's document requests. The relevant document requests and objections are as follows:

> FN1. Culkin's brief cites four document requests that were originally objected to by the defendant. However, Pitney Bowes represents that they have subsequently complied with two: Document Request Nos. 5 and 22. (D.'s Mem. Opp. Mot., 10/19/04, at 1). As such, the court will confine its review to Document Requests 14 and 24.

*Document Request No. 14*
A copy of any and all documents in which defendant is a party and/or named in any administrative action or lawsuit in Connecticut involving a claim of FMLA discrimination or retaliation from 2001 to present
*Objection to Request No. 14*
Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Information regarding litigation unrelated to Plaintiff, regardless of whether or not it may exist, is not likely to lead to the discovery of admissible evidence.
*Document Request No. 24*
A copy of any and all documents concerning or related to complaints of FMLA discrimination or harassment by anyone in plaintiff's department from 2001 to present.
*Objection to Request No. 24*
Defendant objects to the request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Information concerning leave requests by other employees and subsequent performance issues associated with these employees, issues which are unrelated to Plaintiff's claim, is not likely to lead to the discovery of admissible evidence. Moreover, because Plaintiff was stationed at Defendant's world headquarters, the laborious search Plaintiff requests would require that Defendant review, for a period of four years, each and every employee's file to determine whether that employee took "a leave of absence" and, if so, whether that employee was then subjected to performance warnings and/or a performance plan at some unspecified time in the future. Such a laborious task, given the size of Defendant's world headquarters and the lack of probative value associated with the information requested, renders this request overly burdensome and overly broad.
**2 (Pl.'s Mem. Supp. Mot., 9/20/04, at 6-7). With this motion, Culkin seeks to compel responses to these requests.

*Standard of Review*
Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery. It sets forth that
> [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

Fed.R.Civ.P. 26(b)(1). Information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery. See *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir.1991); *Morse/Diesel, Inc. v. Fidelity & Deposit Co.*, 122 F.R.D. 447, 449 (S.D.N.Y.1988).

[1] A party may object to a request if it is "overly broad" or "unduly burdensome." 8A Charles A. Wright, Arthur R. Miller, Richard L. Marcus, Federal Practice & Procedure § 2174, at 297 (2d ed.1994). To assert a proper objection on this basis, however, one must do more than "simply intone *71 [the] familiar litany that the interrogatories are burdensome, oppressive or overly broad." *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 42 (S.D.N.Y.1984). Instead, the objecting party bears the burden of demonstrating "specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Id.* (internal citations and quotation marks omitted). See also *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947)(stating that "the deposition-discovery rules are to be accorded a broad and liberal treatment").

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:03-cv-00383-WIG    Document 195    Filed 08/16/2005    Page 14 of 16

225 F.R.D. 69                                                                                                          Page 3
225 F.R.D. 69, 2004 WL 2792463 (D.Conn.)
(Cite as: 225 F.R.D. 69, 2004 WL 2792463 (D.Conn.))

If a party resists or objects to discovery, Rule 37(a) of the Federal Rules of Civil Procedure provides that the other party, "upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery...." Fed.R.Civ.P. 37. The defendant, as the objecting party, bears the burden of showing why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.1975). Moreover, the court is afforded broad discretion in deciding discovery issues. *See Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir.2004).

### *Document Request No. 14*

[2] Through Document Request No. 14, the plaintiff seeks "[a] copy of any and all documents in which defendant is a party and/or named in any administrative action or lawsuit in Connecticut involving a claim of FMLA discrimination or retaliation from 2001 to present." (Pl.'s Mem. Supp. Mot., 9/20/04, at 6). The defendant objects to this request on the grounds that it is "overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence." (*Id.*). It explains that "[i]nformation regarding complaints made by other employees unrelated to Plaintiff is not likely to lead to the discovery of admissible evidence." (*Id.*).

**\*\*3** The court finds that the request is relevant to the plaintiff's claim of discrimination. "Evidence of general patterns of discrimination by an employer is clearly relevant in an individual disparate treatment case, and is therefore discoverable pursuant to Fed.R.Civ.P. 26(b)(1)." *Flanagan v. Travelers Ins. Co.*, 111 F.R.D. 42, 48 (W.D.N.Y.1986) (*citing Zahorik v. Cornell University*, 98 F.R.D. 27, 31 (N.D.N.Y.1983)); *Lieberman v. Gant*, 630 F.2d 60, 68 (2d Cir.1980).

Moreover, the court finds that the request is not overly broad nor unduly burdensome. The defendant cites *Scales v. J.C. Bradford & Co.*, 925 F.2d 901, 906 (6th Cir.1991) to support the proposition that "[d]iscovery requests related to discrimination *must* be limited to Plaintiff's department or employment unit." (D.'s Mem. Opp. Mot., 10/19/04, at 5)(emphasis added). However, the *Scales* Court makes no such mandate, finding only that "*where ... employment decisions were made locally,* discovery *may* be properly limited to the employing unit." 925 F.2d at 907 (emphasis added). [FN2] The most one may garner from *Scales* is that, subject to a specific condition, a court is permitted, but not required, to limit discovery in such a manner.

FN2. In so limiting discovery in *Scales,* the district noted that, because the plaintiff's husband worked for a competitor of the defendant and had attempted hire personnel away from the defendant, "discovery on a company-wide basis could cause [the defendant] substantial injury." *Id.* No such concerns exist here.

Other courts have not limited discovery in this manner. In *Flanagan,* the district court directed the defendant, Travelers Insurance Company, to provide the plaintiff with information regarding any civil action filed against it alleging age discrimination in its entire northeast region. 111 F.R.D. at 48-49. Similarly, in *Whalen v. McLean Trucking Co.*, No. C82-1249A, 1983 WL 30311, at \*----, 1983 U.S. Dist. LEXIS 20186, at \*4-5 (N.D.Ga. Jan.7, 1983), the court concluded that the plaintiff was entitled to copies of any and all complaints, lawsuits, or charges filed against the defendants relating to age discrimination of similarly situated employees "without regard to any geographic restriction, said scope of discovery being limited to \*72 the last five years immediately preceding the plaintiff's discharge."

Document Request No. 14 is much more narrowly tailored than the one in *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1084 (11th Cir.1990)(internal quotation marks omitted), where the plaintiffs were denied "nationwide discovery about the identification of each person responsible for [the defendant's] operation, the identification and function of each department, and the number and type of employees in each department and in the Company as a whole, by age...." It is limited to *actions claiming discrimination* in *Connecticut* within *the five years preceding his termination.* Unlike in *Earley,* the request here is not "loose and sweeping" nor is it made as a mere fishing expedition. *See id.* Document Request No. 14 seeks only the comparative information necessary to afford the plaintiff a fair opportunity to develop his case and may be relevant to establish the pretextual nature of the defendant's conduct. *See Flanagan,* 111 F.R.D. at 47 (citations omitted). As such, the motion, to the extent that it seeks to compel the production of Document Request No. 14, is **GRANTED**.

### *Document Request No. 24*

**\*\*4** [3] Through Document Request No. 24, the plaintiff seeks "[a] copy of any and all documents identifying employees in the office in which plaintiff

225 F.R.D. 69
225 F.R.D. 69, 2004 WL 2792463 (D.Conn.)
(Cite as: 225 F.R.D. 69, 2004 WL 2792463 (D.Conn.))

Page 4

was employed who within the last four years have taken a leave of absence and have subsequently been given performance warnings or placed on a performance plan." (Pl.'s Mem. Supp. Mot., 9/20/04, at 6). The defendant objects to the request on the grounds that it is "overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence." (*Id.*). It explains that

> [i]nformation concerning leave requests by other employees and subsequent performance issues associated with these employees, issues which are unrelated to Plaintiff's claim, is not likely to lead to the discovery of admissible evidence. Moreover, because Plaintiff was stationed at Defendant's world headquarters, the laborious search Plaintiff requests would require that Defendant review, for a period of four years, each and every employee's file to determine whether that employee took "a leave of absence" and, if so, whether that employee was then subjected to performance warnings and/or a performance plan at some unspecified time in the future. Such a laborious task, given the size of Defendant's world headquarters and the lack of probative value associated with the information requested, renders this request overly burdensome and overly broad.
>
> (*Id.*).

The court finds that the request is relevant to the plaintiff's claim. *See Morales v. Zondo, Inc.*, 204 F.R.D. 50, 51 (S.D.N.Y. May 4, 2001). Moreover, the court finds that the request is not overly broad nor unduly burdensome. Indeed, in *Hollander v. American Cyanamid Co.*, 895 F.2d 80 (2d Cir.1990), a case alleging age discrimination, the Court of Appeals for the Second Circuit reversed a district court's denial of a motion to compel under similar circumstances. [FN3]

> FN3. In *Hollander,* the plaintiff requested that the defendant "[i]dentify each management level employee who has terminated employment with since January 1, 1983 and who at the time of the termination of his employment was over the age of 40, stating as to each the reason or reasons for the termination of employment." 895 F.2d at 84. The defendant objected on the grounds, and the district court agreed, that "the term 'management employee' was vague and that the request was overbroad, seeking information pertaining to management employees throughout the company, and not merely those working in the [plaintiff's] facility...." *Id.* The Second Circuit reversed this holding as an abuse of discretion finding that this restriction "unduly limited his ability to establish his argument that [the defendant's] discharge of him was pretextual...." *Id.* Discovery thereafter ensued against Cyanamid on a company-wide basis. This request was equally, if not more, burdensome than that in the present case.

The question here is not whether such a production would be burdensome to defendant. Clearly, responding to *any* document is burdensome to one degree or another. The question, for these purposes, is whether responding to Request No. 24 would be *unduly* burdensome. The court finds that it would not.

The defendant describes *73*Coleman v. American Red Cross*, 23 F.3d 1091, 1098 (6th Cir.1994) as having precluded the discovery of documents at a defendant's national headquarters because it would be overly burdensome. (D.'s Mem. Opp. Mot., 10/19/04, at 6). While true, *Coleman* involved a negligence claim, not a claim of discrimination; it did not involve an employee at national headquarters, but a woman who had contracted the HIV virus through a blood transfusion whose requests "would have required the Red Cross to search every file that exists at National Headquarters for any document that might be of any relevance to any matter in the case." 23 F.3d at 1098. As such, it is distinguishable.

Pitney Bowes also relies on *Hylton v. United Jersey Bank*, Civ. A. No. 83- 3677, 1985 WL 5973 (D.N.J. Apr.25, 1985) for the proposition that "[d]iscovery of employee evaluations is overly oppressive and burdensome where such documents are not related to a party's claims." (D.'s Mem. Opp. Mot., 10/19/04, at 7). In *Hylton,* the plaintiff sought discovery related to employees at 118 separate banking units spanning some fifteen years. 1985 WL 5973, at *3. The plaintiff here has limited his request to the employees *in the office in which the plaintiff was employed* for a period of only *four* years. (Pl.'s Mem. Supp. Mot., 9/20/04, at 6). Such a request is sufficiently narrowly tailored and, as such, not *unduly* burdensome nor *overly* oppressive. These documents, unlike in *Hylton, are* related to the plaintiff's claims.

**5 Finally, the defendant cites section 31-128f of the Connecticut General Statutes as a prohibition of the disclosure if an employee's personnel files by an employer to a third party without the written authorization of the employee. (D.'s Mem. Opp.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

225 F.R.D. 69 Page 5
225 F.R.D. 69, 2004 WL 2792463 (D.Conn.)
**(Cite as: 225 F.R.D. 69, 2004 WL 2792463 (D.Conn.))**

Mot., 10/19/04, at 8). Surely, however, the defendant is aware of the attendant exceptions to this rule; most pertinently, that pursuant to a lawfully issued judicial order, an employer need not obtain the employee's authorization. Conn. Gen.Stat. § 31-128ff(2)(2004). As such, to the extent that this motion seeks to compel a response to Document Request No. 24, it is **GRANTED.**

To the extent that this motion seeks costs and attorneys' fees, it is **DENIED WITHOUT PREJUDICE.** At the conclusion of all proceedings, on application, the court will consider the amount of attorneys' fees, if any, that should be awarded in connection with this motion. Loc. R. Civ. P. 37(a)(4).

For the foregoing reasons, the plaintiff's motion is **GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART.** This is not a recommended ruling. This is a discovery ruling and order reviewable pursuant to the "clearly erroneous" standard of review. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 6(a), (e) and 72(a); and Rule 2 of the Local Rules for U.S. Magistrate Judges. As such, it is an order of the court unless modified by the district judge upon motion timely made. *See* 28 U.S.C. § 636(b)(written objections to ruling must be filed within ten days after service of same).

**SO ORDERED** at Hartford, Connecticut this 6th day of December, 2004.

225 F.R.D. 69, 2004 WL 2792463 (D.Conn.)

**Motions, Pleadings and Filings (Back to top)**

- 3:03cv01865 (Docket) (Oct. 30, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.