## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **WASLEY PRODUCTS, INC. AND,** | : | |
| **PRECISION MOLDING COMPANY, INC.,** | : | |
| **Plaintiffs,** | : | |
| | : | |
| | : | |
| | : | |
| **V.** | : | **MASTER CONSOLIDATED CASE** |
| | : | **3:03 CV 0383 (MRK)** |
| **BARRY L. BULAKITES, JAMES A. WINSLOW** | : | |
| **JOSHUA ADAMS CORPORATION,** | : | |
| **NATIONWIDE LIFE INSURANCE CO.** | : | **THIS PLEADING PERTAINS TO:** |
| **OF AMERICA AND LINCOLN NATIONAL** | : | **3:03 CV 0383 (MRK)** |
| **LIFE INSURANCE CO.** | : | |
| **Defendants** | : | |
| | : | **AUGUST 19, 2005** |

## ANSWER AND AFFIRMATIVE DEFENSES OF NATIONWIDE LIFE INSURANCE COMPANY OF AMERICA TO COMPLAINT

The defendant Nationwide Life Insurance Company of America f/k/a Provident Mutual Life Insurance Company ("Nationwide") hereby respectfully submits the following Answer and Affirmative Defenses to the Complaint dated March 4, 2003 brought by Wasley Products, Inc. and Precision Molding Company, Inc. (collectively the "Plaintiffs"). Any allegations not specifically addressed herein are denied.

1.     The averments of paragraph 1 purport to establish jurisdiction and are legal conclusions to which no response is required. To the extent that the averments in paragraph 1

call for factual conclusions, Nationwide is without information sufficient to form a belief and therefore leaves the Plaintiffs to their proof.

2.    The averments in paragraph 2 purport to establish venue and are legal conclusions to which no response is required.

3.    The averments in paragraph 3 purport to establish personal jurisdiction and are legal conclusions to which no response is required.

4.    Nationwide admits that Wasley Products is the contract holder for group annuity contracts for the "Wasley Products - UAW Local 376 Retirement Plan" (the "Wasley UAW Plan") and the "Wasley Products 401(k) Plan" (the "Wasley 401(k) Plan") (collectively, the "Wasley Plans") and further states that these writings speak for themselves.  So much of paragraph 4 which avers that: (a) the Wasley UAW Plan is an employee pension defined benefit plan; (b) the Wasley 401(k) Plan is an employee pension defined contribution plan; and (c) both of the employee pension plans are subject to the Employee Retirement Income Security Act ("ERISA"), calls for legal conclusions to which no responsive pleading is required.  Nationwide is without sufficient information to form a belief as to the remaining averments of paragraph 4 and therefore leaves the Plaintiffs to their proof.

5.    Nationwide admits that Precision Molding is the contract holder for a group annuity contract for the Precision Molding 401(k) Plan (the "Precision 401(k) Plan," together with the Wasley Plans "the Plans") and further states that this writing speaks for itself.  So much of paragraph 5 which avers that the Precision 401(k) Plan is an employee pension defined contribution plan, subject to ERISA calls for a legal conclusion to which no responsive pleading

CTDOCS/1636143.1

in required.  Nationwide is without sufficient information to form a belief as to the remaining averments of paragraph 5 and therefore leaves the Plaintiffs to their proof.

6-8.    Nationwide is without sufficient information to form a belief as to the averments of paragraphs 6 through 8 and therefore leaves the Plaintiffs to their proof.

9.    Nationwide admits that Provident Mutual Life Insurance Company of America changed its name to Nationwide Life Insurance Company of America effective October 1, 2002 and that Nationwide is organized and exists under the laws of the Commonwealth of Pennsylvania with a principal place of business in Berwyn, Pennsylvania.  Nationwide denies the remaining averments of paragraph 9.

10-14.    Nationwide is without sufficient information to form a belief as to the averments of paragraphs 10 through 14 and therefore leaves the Plaintiffs to their proof.

15.    Nationwide denies so much of paragraph 15 which alleges that Provident Mutual sought to replace Wasley Products' then-existing Third Party Administrator for the Wasley Products, Inc. Retirement Plan and Wasley Products, Inc. UAW Local 379 Retirement Plan (collectively, the "Wasley Plans").  Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 15 and therefore leaves the Plaintiffs to their proof.

16.    Nationwide neither admits nor denies the averments in paragraph 16 and states that the letters speaks for themselves.  Any averments in paragraph 16 that are inconsistent with these writings are denied.

17.    Nationwide neither admits nor denies the averments in paragraph 17, including subparagraphs (a) through (d), and states that the letter speaks for itself.  Any averments in

paragraph 17, including subparagraphs (a) through (d), that are inconsistent with this writing are denied.

18.     Nationwide denies so much of paragraph 18 which alleges that Wasley Products retained Provident Mutual to perform various Third Party Administration services for the Wasley Products DBP.  To the extent the Plaintiffs refer to a writing between Wasley Products and Provident Mutual, Nationwide states that the writing speaks for itself and any averments in paragraph 18 that are inconsistent with that writing are denied.  Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 18 and therefore leaves the Plaintiffs to their proof.

19.     Nationwide admits that from approximately August 7, 1989 through approximately September 1, 1992, Bulakites acted under a Manager's Agreement.  Nationwide admits that from approximately September 1, 1992 through his termination effective October 29, 1993, Bulakites acted under a subsequent Manager's Agreement.  Nationwide further admits that from approximately October 24, 1989 through his termination effective October 29, 1993, Bulakites acted under a Special Agent's Career Agreement.  Nationwide denies all remaining averments of paragraph 19.

20.     Nationwide admits that from February 5, 1990 through approximately January 1, 1995, Winslow acted under a Special Agent's Career Agreement.  Nationwide admits that from approximately January 1, 1995 through his termination April 30, 1995, Winslow acted under a Special Agent's Agreement.  Nationwide denies all remaining averments of paragraph 20.

CTDOCS/1636143.1

21.     Nationwide is without sufficient information to form a belief as to the averments of paragraph 21 and therefore leaves the Plaintiffs to their proof.

22.     Nationwide is without sufficient information to form a belief as to the averments of paragraph 22 and therefore leaves the Plaintiffs to their proof.  To the extent the Plaintiffs refer to a writing between Wasley Products and Provident Mutual, Nationwide states that the writing speaks for itself and any averments in paragraph 18 that are inconsistent with that writing are denied.

23.     Nationwide admits that on or about March 8, 1991 funds were deposited with Provident Mutual in the name of "Wasley Products, Inc." with Winslow designated as the account's agent.  Nationwide denies the remaining averments of paragraph 23.

24.     Nationwide admits so much of paragraph 24 which alleges that on or about March 6, 1991 the Group Annuity Contract No. GR 3094-201 establishing what was called the "Wasley Products Pension Plan" was fully executed.  Nationwide denies that the UAW Plan was established with the three investment funds as alleged in paragraph 24.  Nationwide is without sufficient information to form a belief as to the remaining averments of paragraph 24 and therefore leaves the Plaintiffs to their proof.

25.     Nationwide admits the averments of paragraph 25.

26.     Nationwide admits the averments of paragraph 26.

27.     Nationwide is without sufficient information to form a belief as to the averments of paragraph 27 and therefore leaves the Plaintiffs to their proof.

28.     Nationwide is without sufficient information to form a belief as to the averments of paragraph 28 and therefore leaves the Plaintiffs to their proof.

29.     Nationwide is without sufficient information to form a belief as to the averments of paragraph 29 and therefore leaves the Plaintiffs to their proof.

30.     Nationwide is without sufficient information to form a belief as to the averments of paragraph 30 and therefore leaves the Plaintiffs to their proof.

31.     Nationwide admits so much of paragraph 31 which alleges that on or about May 9, 1995 the Group Annuity Contract No. GR 3094-101 establishing the Wasley Products, Inc. 401(k) Plan was fully executed.  Nationwide admits that the Wasley 401(k) was established with three investment funds: Value Equity, Balanced Fund and Fixed Account.  Nationwide is without sufficient information to form a belief as to the remaining averments of paragraph 31 and therefore leaves the Plaintiffs to their proof.

32.     Nationwide admits the averments of paragraph 32.

33.     Nationwide admits the averments of paragraph 33.

34.     Nationwide admits so much of paragraph 34 which alleges that on or about December 19, 1994 the Group Annuity Contract No. GR 3094-102 establishing the Precision Molding 401(k) Plan was fully executed.  Nationwide denies that the Precision 401(k) was establish with the three investment funds as alleged in paragraph 34.  Nationwide is without sufficient information to form a belief as to the remaining averments of paragraph 34 and therefore leaves the Plaintiffs to their proof.

6

35.    Nationwide is without sufficient information to form a belief as to the averments of paragraph 35 and therefore leaves the Plaintiffs to their proof.

36.    Nationwide neither admits nor denies the averments in paragraph 36 and states that the letter speaks for itself.  Any averments in paragraph 36 that are inconsistent with this writing are denied.

37-38.  Nationwide is without sufficient information to form a belief as to the averments of paragraphs 37 through 38 and therefore leaves the Plaintiffs to their proof.

39.    Nationwide admits only that Provident Mutual was directed by Wasley Products to transfer $100,000 from the Wasley UAW Plan from Provident Mutual to Wasley Pension Account at New Haven Savings Bank.  Nationwide is without sufficient information to form a belief as to the remaining averments of paragraph 39 and therefore leaves the Plaintiffs to their proof.

40.    Nationwide is without sufficient information to form a belief as to the averments of paragraph 40 and therefore leaves the Plaintiffs to their proof.

41.    Nationwide admits that Winslow received commissions associated with the Plans through the termination of his Special Agent's Career Agreement effective April 30, 1995. Nationwide admits that consistent with his Manager's Agreement, Bulakites was eligible for certain compensation as an override on the commissions received by Winslow associated with the Plans, through the termination of his Manager's Agreement effective October 29, 1993. Nationwide is without sufficient information to form a belief as to the remaining averments of paragraph 41 and therefore leaves the Plaintiffs to their proof.

7

42.     Nationwide admits so much of paragraph 42 which alleges that Provident Mutual received contract charges for holding investments provided to it by the Plans.

43-47.  Nationwide is without sufficient information to form a belief as to the averments of paragraphs 43 through 47 and therefore leaves the Plaintiffs to their proof.

48.     Nationwide is without sufficient information to form a belief as to the averments of paragraph 48, including subparagraphs (a) through (i), and therefore leaves the Plaintiffs to their proof.

49.     Nationwide denies that Provident Mutual engaged in any wrongful acts or omissions as averred in paragraph 49, including subparagraphs (a) through (j).  Nationwide is without sufficient information to form a belief as to the remaining averments of paragraph 49 and therefore leaves the Plaintiffs to their proof.

50.     Nationwide denies that Provident Mutual engaged in any wrongful acts or omissions as averred in paragraph 50.  Nationwide is without sufficient information to form a belief as to the remaining averments of paragraph 50 and therefore leaves the Plaintiffs to their proof.

**Count One**

51.     Nationwide's responses to paragraphs 1 through 50 above are hereby incorporated by reference and made its responses to paragraph 51 of Count One as if fully set forth herein.

52.     The averments of paragraph 52 call for a legal conclusion regarding the definition of "fiduciary" which is a legal term of art and no responsive pleading is required.  To the extent paragraph 52 calls for a factual conclusion, Nationwide denies it was an ERISA "fiduciary."

Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 52 and therefore leaves the Plaintiffs to their proof.

53.     Nationwide admits so much of paragraph 53 which alleges that it received contract charges for holding investments provided to it by Wasley Products and the Wasley UAW Plan.  Nationwide denies that it performed any third party administrative services on behalf Wasley Products and the Wasley UAW Plan.  Nationwide is without sufficient information to form a belief as to the remaining averments of paragraph 53, including subparagraphs (a) through (c) and (e), and therefore leaves the Plaintiffs to their proof.

54.     Nationwide admits so much of paragraph 54 which alleges that it received contract charges for holding investments provided to it by Wasley Products and the Wasley UAW Plan.  Nationwide denies that it rendered investment advice on behalf of Wasley Products and the Wasley UAW Plan.  Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 54 and therefore leaves the Plaintiffs to their proof.

55.     Nationwide denies that it counseled Wasley Products regarding the structure, investment and administration of the Wasley UAW Plan.  Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 55 and therefore leaves the Plaintiffs to their proof.

56.     The averments of paragraph 56 call for a legal conclusion and no responsive pleading is required.  To the extent paragraph 56 calls for a factual conclusion, Nationwide denies it had any such duties.  Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 56 and therefore leaves the Plaintiffs to their proof.

9

57.     The averments of paragraph 57 call for a legal conclusion, and no responsive pleading is required.  To the extent paragraph 57 calls for a factual conclusion Nationwide denies it had any such duties.  Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 57 and therefore leaves the Plaintiffs to their proof.

58.     The averments of paragraph 58 call for a legal conclusion and no responsive pleading is required.  To the extent paragraph 58 calls for a factual conclusion, Nationwide denies that it engaged in any wrongful acts or omissions concerning the administration or management of the Wasley UAW Plan.  Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 58 and therefore leaves the Plaintiffs to their proof.

59.     The averments of paragraph 59 call for a legal conclusion and no responsive pleading is required.  To the extent paragraph 59 calls for a factual conclusion, Nationwide denies that it engaged in any wrongful acts or omissions concerning the administration and management of the Wasley UAW Plan.  Nationwide further denies that any act or omission by Nationwide caused the losses complained of.  Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 59 and therefore leaves the Plaintiffs to their proof.

**Count Two**

60.     Nationwide's responses to paragraphs 1 through 50 above are hereby incorporated by reference and made its responses to paragraph 60 of Count Two as if fully set forth herein.

61.    The averments of paragraph 61 call for a legal conclusion regarding the definition of "fiduciary" which is a legal term of art and no responsive pleading is required.  To the extent paragraph 61 calls for a factual conclusion, Nationwide denies that it was an ERISA "fiduciary." Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 61 and therefore leaves the Plaintiffs to their proof.

62.    Nationwide admits so much of paragraph 62 which alleges that Provident Mutual received contract charges for holding investments provided to it by Wasley Products and the Wasley UAW Plan.  Nationwide denies that it performed any third party administrative services on behalf Wasley Products and the Wasley UAW Plan.  Nationwide is without sufficient information to form a belief as to the remaining averments of paragraph 62, including subparagraphs (a) through (c) and (e), and therefore leaves the Plaintiffs to their proof.

63.    Nationwide admits so much of paragraph 63 which alleges that it received contract charges for holding investments provided to it by Wasley Products and the Wasley UAW Plan.  Nationwide denies that it rendered investment advice on behalf of Wasley Products and the Wasley UAW Plan.  Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 63 and therefore leaves the Plaintiffs to their proof.

64.    Nationwide denies that it counseled Wasley Products regarding the structure, investment and administration of the Wasley UAW Plan.  Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 64 and therefore leaves the Plaintiffs to their proof.

CTDOCS/1636143.1

65.    The averments of paragraph 65 call for a legal conclusion and no responsive pleading is required.  To the extent paragraph 65 calls for a factual conclusion, Nationwide denies that it had any such duties.  Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 65 and therefore leaves the Plaintiffs to their proof.

66.    The averments of paragraph 66 call for a legal conclusion and no responsive pleading is required.  To the extent paragraph 66 calls for a factual conclusion, Nationwide denies that it had any such duty.  Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 66 and therefore leaves the Plaintiffs to their proof.

67.    The averments of paragraph 67 call for a legal conclusion and no responsive pleading is required.  To the extent paragraph 67 calls for a factual conclusion, Nationwide denies that it engaged in any wrongful acts or omissions concerning the administration and management of the Wasley UAW Plan.  Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 67 and therefore leaves the Plaintiffs to their proof.

68.    The averments of paragraph 68 call for a legal conclusion and no responsive pleading is required.  To the extent paragraph 68 calls for a factual conclusion, Nationwide denies that it engaged in any wrongful acts or omissions concerning the administration and management of the Wasley UAW Plan.  Nationwide further denies that any act or omission by Nationwide caused the losses complained of.  Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 68 and therefore leaves the Plaintiffs to their proof.

**Count Three**

69.     Nationwide's responses to paragraphs 1 through 50 above are hereby incorporated by reference and made its responses to paragraph 69 of Count Three as if fully set forth herein.

70.     The averments of paragraph 70 call for a legal conclusion regarding the definition of "fiduciary" which is a legal term of art and no responsive pleading is required.  To the extent paragraph 70 calls for a factual conclusion, Nationwide denies that it is an ERISA "fiduciary." Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 70 and therefore leaves the Plaintiffs to their proof.

71.     Nationwide does not respond to paragraph 71 as the averments of this paragraph are not directed to it.

72.     Nationwide admits so much of paragraph 72 which alleges that it received contract charges for holding investments provided to it by Wasley Products.  Nationwide denies that it rendered investment advice on behalf of Wasley Products and the Wasley 401(k) Plan. Nationwide is without information sufficient to forma  belief as to the remaining averments of paragraph 72 and therefore leaves the Plaintiffs to their proof.

73.     Nationwide denies that it counseled Wasley Products regarding the structure, investment and administration of the Wasley 401(k) Plan.  Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 73 and therefore leaves the Plaintiffs to their proof.

74.     The averments of paragraph 74 call for a legal conclusion and no responsive pleading is required.  To the extent paragraph 74 calls for a factual conclusion, Nationwide

denies that it had any such duties.  Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 74 and therefore leaves the Plaintiffs to their proof.

75.    The averments of paragraph 75 call for a legal conclusion and no responsive pleading is required.  To the extent paragraph 75 calls for a factual conclusion, Nationwide denies that it had any such duties  Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 75 and therefore leaves the Plaintiffs to their proof.

76.    The averments of paragraph 76 call for a legal conclusion and no responsive pleading is required.  To the extent paragraph 76 calls for a factual conclusion, Nationwide denies that it engaged in any wrongful acts or omissions concerning the administration and management of the Wasley 401(k) Plan.  Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 76 and therefore leaves the Plaintiffs to their proof.

77.    The Averments of paragraph 77 are legal conclusions and no responsive pleading is required.  To the extent paragraph 77 calls for a factual conclusion, Nationwide denies that it engaged in any wrongful acts or omissions concerning the administration and management of the Wasley 401(k) Plan.  Nationwide further denies that any act or omission by Nationwide caused the losses complained of.  Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 77 and therefore leaves the Plaintiffs to their proof.

**Count Four**

78.    Nationwide's responses to paragraphs 1 through 50 above are hereby incorporated by reference and made its responses to paragraph 78 of Count Four as if fully set forth herein.

14

79.    The averments of paragraph 79 call for a legal conclusion regarding the definition of "fiduciary" which is a legal term of art and no responsive pleading is required.  To the extent paragraph 79 calls for a factual conclusion, Nationwide denies that it was an ERISA "fiduciary." Nationwide is without information sufficient to form a belief as to the remaining averment of paragraph 79 and therefore leaves the Plaintiffs to their proof.

80.    Nationwide does not respond to paragraph 80 as the averments of this paragraph are not directed to it.

81.    Nationwide admits so much of paragraph 81 which alleges that it received contract charges for holding investments provided to it by Wasley Products.  Nationwide denies that it rendered investment advice on behalf of Wasley Products and the Wasley 401(k) Plan. Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 81 and therefore leaves the Plaintiffs to their proof.

82.    Nationwide denies that it counseled Wasley Products regarding the structure, investment and administration of the Wasley 401(k) Plan.  Nationwide is without information sufficient to forma belief as to the remaining averments of paragraph 82 and therefore leaves the Plaintiffs to their proof.

83.    The averments of paragraph 83 call for a legal conclusion and no responsive pleading is required.  To the extent paragraph 83 calls for a factual conclusion, Nationwide denies that it had any such duties.  Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 83 and therefore leaves the Plaintiffs to their proof..

84.     The averments of paragraph 84 call for a legal conclusion and no responsive pleading is required.  To the extent paragraph 84 calls for a factual conclusion, Nationwide denies that it had any such duties.  Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 84 and therefore leaves the Plaintiffs to their proof.

85.     The averments of paragraph 85 call for a legal conclusion and no responsive pleading is required.  To the extent paragraph 85 calls for a factual conclusion, Nationwide denies that it engaged in any wrongful acts or omissions concerning the administration and management of the Wasley 401(k) Plan.    Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 85 and therefore leaves the Plaintiffs to their proof.

86.     The averments of paragraph 86 are legal conclusions and no responsive pleading is required.  To the extent paragraph 86 calls for a factual conclusion, Nationwide denies that it engaged in any wrongful acts or omissions concerning the administration and management of the Wasley 401(k) Plan.  Nationwide further denies that any act or omission by Nationwide caused the losses complained of.  Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 86 and therefore leaves the Plaintiffs to their proof.

### Count Five

87.     Nationwide's responses to paragraphs 1 through 50 above are hereby incorporated by reference and made its responses to paragraph 87 of Count Five as if fully set forth herein.

88.     The averments of paragraph 88 call for a legal conclusion regarding the definition of "fiduciary" which is a legal term of art and no responsive pleading is required.  To the extent

CTDOCS/1636143.1

paragraph 88 calls for a factual conclusion, Nationwide denies that it was an ERISA "fiduciary." Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 88 and therefore leaves the Plaintiffs to their proof.

89.    Nationwide does not respond to paragraph 89 as the averments of this paragraph are not directed to it.

90.    Nationwide admits so much of paragraph 90 which alleges that it received contract charges for holding investments provided to it by Precision Molding.  Nationwide denies that it rendered investment advice on behalf of Precision Molding & the Precision 401(k) Plan.  Nationwide is without information sufficient to form a belief as to the remaining averments and therefore leaves the Plaintiffs to their proof.

91.    Nationwide denies that it counseled Precision Molding regarding the structure, investment and administration of the Precision 401(k) Plan.  Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 91 and therefore leaves the Plaintiffs to their proof.

92.    The averments of paragraph 92 call for a legal conclusion and no responsive pleading is required.  To the extent paragraph 92 calls for a factual conclusion, Nationwide denies that it had any such duties.  Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 92 and therefore leaves the Plaintiffs to their proof.

93    The averments of paragraph 93 call for a legal conclusion and no responsive pleading is required.  To the extent paragraph 93 calls for a factual conclusion, Nationwide

CTDOCS/1636143.1

denies that it had any such duties.  Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 93 and therefore leaves the Plaintiffs to their proof.

94.     The averments of paragraph 94 call for a legal conclusion and no responsive pleading is required.  To the extent paragraph 94 calls for a factual conclusion, Nationwide denies that it engaged in any wrongful acts or omissions concerning the administration of the Precision 401(k) Plan.    Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 94 and therefore leaves the Plaintiffs to their proof.

95.     The averments of paragraph 95 are legal conclusions and no responsive pleading is required.  To the extent paragraph 95 calls for a factual conclusion, Nationwide denies that it engaged in any wrongful acts or omissions concerning the administration and management of the Precision 401(k) Plan.  Nationwide further denies that any act or omission by Nationwide caused the losses complained of.  Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 95 and therefore leaves the Plaintiffs to their proof.

**Count Six**

96.     Nationwide's responses to paragraphs 1 through 50 above are hereby incorporated by reference and made its responses to paragraph 96 of Count Six as if fully set forth herein.

97.     The averments of paragraph 97 call for a legal conclusion regarding the definition of "fiduciary" which is a legal term of art and no responsive pleading is required.  To the extent paragraph 97 calls for a factual conclusion, Nationwide denies that it was an ERISA "fiduciary." Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 97 and therefore leaves the Plaintiffs to their proof.

CTDOCS/1636143.1

98.    Nationwide does not respond to paragraph 98 as the averments of this paragraph are not directed to it.

99.    Nationwide admits so much of paragraph 99 which alleges that it received contract charges for holding investments provided to it by Precision Molding.  Nationwide denies that it rendered investment advice on behalf of Precision Molding & the Precision 401(k) Plan.  Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 99 and therefore leaves the Plaintiffs to their proof.

100.    Nationwide denies that it counseled Precision Molding regarding the structure, investment and administration of the Precision 401(k) Plan.  Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 100 and therefore leaves the Plaintiffs to their proof.

101.    The averments of paragraph 101 call for a legal conclusion and no responsive pleading is required.  To the extent paragraph 101 calls for a factual conclusion, Nationwide denies that it had any such duties.    Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 101 and therefore leaves the Plaintiffs to their proof.

102.    The averments of paragraph 102 call for a legal conclusion and no responsive pleading is required.  To the extent paragraph 102 calls for a factual conclusion, Nationwide denies that it had any such duties.    Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 102 and therefore leaves the Plaintiffs to their proof.

103.    The averments of paragraph 103 call for a legal conclusion and no responsive pleading is required.  To the extent paragraph 103 calls for a factual conclusion, Nationwide

CTDOCS/1636143.1

denies it engaged in any wrongful acts or omissions concerning the administration and management of the Precision 401(k) Plan.  Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 103 and therefore leaves the Plaintiffs to their proof.

104.     The averments of paragraph 104 are legal conclusions and no responsive pleading is required.  To the extent paragraph 104 calls for a factual conclusion, Nationwide denies that it engaged in any wrongful acts or omissions concerning the administration and management of the Precision 401(k) Plan.  Nationwide further denies that any act or omission by Nationwide caused the losses complained of.  Nationwide is without information sufficient to form a belief as to the remaining averments of paragraph 104 and therefore leaves the Plaintiffs to their proof.

CTDOCS/1636143.1

<u>**AFFIRMATIVE DEFENSES**</u>

<u>**FIRST AFFIRMATIVE DEFENSE**</u>

As to each count, the Plaintiffs have failed to state a cause of action upon which relief may be granted.

<u>**SECOND AFFIRMATIVE DEFENSE**</u>

As to each count, the Plaintiffs' claims are barred by the applicable statute of limitations.

<u>**THIRD AFFIRMATIVE DEFENSE**</u>

As to each count, the Plaintiffs' claims are barred by the doctrine of laches.

<u>**FOURTH AFFIRMATIVE DEFENSE**</u>

As to each count, the Plaintiffs' claims are barred by the Statute of Frauds.

<u>**FIFTH AFFIRMATIVE DEFENSE**</u>

To the extent the Plaintiffs seek punitive damages, the Complaint violates Nationwide's right to protection from excessive fines as provided in the Eighth Amendment of the United States Constitution and violates Nationwide's right to due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution.

<u>**SIXTH AFFIRMATIVE DEFENSE**</u>

As to each count, to the extent the Plaintiffs were damaged in any way alleged, they were damaged by their own acts or omissions in failing to properly administer and manage the Plans.

<u>**SEVENTH AFFIRMATIVE DEFENSE**</u>

As to each count, to the extent the Plaintiffs were damaged in any way alleged, they were damaged by the actions of third parties over which Nationwide had no control.

CTDOCS/1636143.1

Nationwide respectfully reserves its right to identify and assert other defenses that may apply based on facts that develop during the course of litigation.


**DEFENDANT,
NATIONWIDE LIFE INSURANCE
COMPANY OF AMERICA**

By:_____//S//_____
                Deborah S. Freeman [ct05257]
                Sara R. Simeonidis [ct25566]
                BINGHAM MCCUTCHEN LLP
                One State Street
                Hartford, CT 06103
                (860) 240-2700
                (860) 240-2800 (fax)
                Its Attorneys

CTDOCS/1636143.1

## **CERTIFICATION**

This is to certify that a copy of the foregoing Answer has been served this 19th day of August, 2005, via first class mail, postage prepaid, to all counsel and pro se parties of record in these consolidated actions as follows:

Thomas G. Moukawsher, Esq.
Ian O. Smith, Esq.
Moukawsher & Walsh
21 Oak Street, Suite 209
Hartford, CT 06106

Theodore J. Tucci, Esq.
Jean E. Tomasco, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

Steven J. Errante, Esq.
Lynch, Traub, Keefe & Errante, P.C.
52 Trumbull Street
P.O. Box 1612
New Haven, CT  06506-1612

Joseph V. Meany, Jr.
Cranmore, Fitzgerald & Meany
49 Wethersfield Avenue
Hartford, CT 06114-1102

Albert Zakarian, Esq.
Victoria Woodin Chavey, Esq.
Eric Sussman, Esq.
Day, Berry & Howard LLP
CityPlace I
Hartford, CT 06103

//S//
Sara R. Simeonidis

CTDOCS/1636143.1