2005 AUG 30 P 2: 18

| | |
|---|---|
| WASLEY PRODUCTS, INC. ET AL., | MASTER CONSOLIDATED CASE |
| Plaintiffs, | CIVIL NO. 3:03 CV 383 (MRK) |
| | THIS PERTAINS TO: |
| V. | CIVIL NO. 3:03 CV 383 (MRK) |
| | (Wasley Products, Inc., et al v. Bulakites, et al) |
| BULAKITES, ET AL., | |
| Defendants | AUGUST 29, 2005 |

**WASLEY PLANITIFFS' OBJECTION TO NATIONWIDE'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DISCOVERY**

Plaintiffs Wasley Products, Inc. and Precision Molding Company, (the "Wasely Plaintiffs") hereby object to the motion for extension of time filed by Defendant Nationwide Life Insurance Company of America f/k/a Provident Mutual Life Insurance Company ("Nationwide") to respond to the Wasley Plaintiffs' first set of Interrogatories and Requests for Production dated July 15, 2005.

The Wasley Plaintiffs object to this motion for various reasons. First, Nationwide cites solely their inability to receive written authorization from the Bulakites Defendants as reason for an extension of time. Nationwide claims that it requires written authorization from the Bulakites Defendants pursuant to Connecticut's Personnel Files Act (the "Act"), for "nearly 50%" of the Wasley Plaintiff's first set of Interrogatories and Requests for Production. Furthermore, Nationwide claims it will seek a court order if the written authorization is not acquired by a certain date. Even if

seek a court order if the written authorization is not acquired by a certain date. Even if the Wasley Plaintiffs were to admit the claims paraphrased above, it does not explain Nationwide's inability or unwillingness to comply with the discovery requests that do not fall in the "nearly 50%" Nationwide claim to require written authorization. In other words, there is no argument made as to why Nationwide is unable to comply with the other half of discovery requests as they are clearly able to do so.

Second, *Conn. Gen. Stat. Sec.* 31-128f gives various exceptions to the requirement for written authorization that Nationwide relies on in their motion. Certain information including but not limited to wages or salary, dates of employment, and titles or positions held can be disclosed without written authorization. Still, written authorization is not needed when personnel information is disclosed "pursuant to a lawfully issued administrative summons or judicial order including a search warrant or subpoena, or in response to a government audit or the investigation or defense of personnel-related complaints against the employer." *Conn. Gen. Stat. Sec.* 31-128f(2). Furthermore, in *Culkin v. Pitney Bowes, Inc.*, 2004 WL 2792463 (D. Conn. 2004), Judge Smith interprets the judicial exceptions to the personnel files act to include personnel information requested in discovery. As a result, it is not at all clear that Nationwide is precluded from obtaining answers to nearly 50% of the discovery requests without first obtaining written authorization from the Bulakites Defendants.

Finally, it is clear that Nationwide is able to partially comply with the Wasley Plaintiff's first set of Interrogatories and Requests for Production as at least half of the discovery requests do not require any written authorization. Furthermore, it is not at all evident that written authorization is required in the first place as several exceptions to the written authorization act are outlined in Conn. Gen. Stat. Sec. 31-128f. And finally, if a court order cures Nationwide's inability to comply with discovery requests, an extension of time in the amount of thirty days is greatly unnecessary.

                **PLAINTIFFS**

                **WASLEY PRODUCTS, INC. ET AL**

By: _____
      Joseph V. Meaney, Jr.
      Cranmore, FitzGerald & Meaney
      49 Wethersfield Avenue
      Hartford, CT 06114

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent via first class mail, postage prepaid this 29th day of August, 2005 to all counsel and pro se parties of record, as follows:

Steven J. Errante, Esq.
Eric P. Smith, Esq.
Lynch, Traub, Keefe and Errante, PC
52 Trumbull Street
P.O. Box 1612
New Haven, CT 06506

Thomas G. Moukawsher, Esq.
Ian O. Smith, Esq.
Moukawsher & Walsh
21 Oak Street, Suite 209
Hartford, CT 06106

Sara R. Simeonidis, Esq.
Deborah S. Freeman, Esq.
Bryan D. Short, Esq.
Bingham McCutchen
One State Street
Hartford, CT 06103-3178

Albert Zakarian, Esq.
Victoria Woodin Chavey, Esq.
Eric L. Sussman, Esq.
Day, Berry & Howard
CityPlace

Hartford, CT 06103-3499

Jean E. Tomasco, Esq.
Theodore J. Tucci, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

By: _____
Joseph V. Meaney, Jr.

Cranmore, FitzGerald & Meaney