# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GREGORY T. PRENTISS, | : | CIVIL ACTION NO. |
| JOHN RIZZI, RICHARD SEICH, | : | 3:03 CV 00383 (MRK)(LEAD) |
| and DOROTHY BROWN each individually | : | |
| and on behalf of the Wasley Products, Inc. | : | |
| 401(K) Profit Sharing Plan, and the Wasley | : | |
| Products, Inc. Retirement Plan and JOHN | : | |
| M.WIBLYI, individually and on behalf of | : | |
| the Wasley Products, Inc. Retirement Plan | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| WASLEY PRODUCTS, INC., | : | |
| ALAN A. WASLEY, ANDREW BRADY, | : | |
| SANDI DUMAS-LAFERRIERE | : | |
| BARRY CONNELL, BARRY L. | : | |
| BULAKITES, JAMES A. WINSLOW, | : | |
| JOSHUA ADAMS CORPORATION, | : | |
| THE WASLEY PRODUCTS | : | |
| RETIREMENT PLAN, NATIONWIDE | : | |
| LIFE INSURANCE CO., and LINCOLN | : | |
| NATIONAL LIFE INSURANCE CO., | : | |
| | : | |
| Defendants. | : | SEPTEMBER 16, 2005 |

## FIRST AMENDED COMPLAINT

## SUMMARY OF THE ACTION

The Plaintiffs are all employees of the Defendant, Wasley Products, Inc. and participants in the Wasley Products, Inc. 401(k) Profit Sharing Plan or the Wasley Products, Inc. Retirement Plan. They bring this action against the Plan sponsor of the Wasley Products, Inc. 401(k) Profit Sharing Plan and the Wasley Products Retirement Plan along with its trustees and third party administrators, concerning breaches of fiduciary duties they committed while administering and overseeing the administration of the plans that caused the plans substantial losses through the conversion and mismanagement of the Plan assets.

## JURISDICTION

1.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132 (e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA").

## VENUE

2.    Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and 29 U.S.C. §1132(e)(2).  The Defendants administered the employee benefit plans at issue in the District of Connecticut and the acts complained of occurred in this District.

## THE PARTIES

### Plaintiffs

3.    The Plaintiff, Gregory T. Prentiss, at all relevant times, was an employee of Defendant Wasley Products, Inc. within the meaning of 29 U.S.C. §1002(6) and a participant in the Wasley Products, Inc. 401 (k) Profit Sharing Plan and the Wasley Products, Inc. Retirement Plan, on whose behalf he also brings this action, within the meaning of 29 U.S.C. §1002(7).

4.    The Plaintiff, John Rizzi, at all relevant times, was an employee or a retired employee of Defendant Wasley Products, Inc. within the meaning of 29 U.S.C. §1002(6) and a participant in the Wasley Products, Inc. 401 (k) Profit Sharing Plan and the Wasley Products, Inc. Retirement Plan, on whose behalf he also brings this action, within the meaning of 29 U.S.C. §1002(7).

5.    The Plaintiff, Richard Seich, at all relevant times, was an employee of Defendant Wasley Products, Inc. within the meaning of 29 U.S.C. §1002(6) and a participant in the Wasley

Products, Inc. 401 (k) Profit Sharing Plan and the Wasley Products, Inc. Retirement Plan, on whose behalf he also brings this action, within the meaning of 29 U.S.C. §1002(7).

6.     The Plaintiff, Dorothy Brown, at all relevant times, was an employee of Defendant Wasley Products, Inc. within the meaning of 29 U.S.C. §1002(6) and a participant in the Wasley Products, Inc. 401 (k) Profit Sharing Plan and the Wasley Products, Inc. Retirement Plan, on whose behalf she also brings this action, within the meaning of 29 U.S.C. §1002(7).

7.     The Plaintiff, John M. Wiblyi, at all relevant times, was an employee or a retired employee of Defendant Wasley Products, Inc. within the meaning of 29 U.S.C. §1002(6) and a participant in the Wasley Products, Inc. Retirement Plan, on whose behalf he also brings this action, within the meaning of 29 U.S.C. §1002(7).

**Defendants**

8.     The Defendant, Wasley Products, Inc., at all relevant times herein, was the plan sponsor and plan administrator of the Wasley Products, Inc. 401 (k) Profit Sharing Plan and the Wasley Products, Inc. Retirement Plan and a fiduciary within the meaning of 29 U.S.C. §1002(21)(A).

9.     The Defendant, Alan A. Wasley ("Wasley"), at all relevant times herein, was the chairman and chief executive officer of the Defendant Wasley Products, Inc., a trustee of the Wasley Products, Inc. 401 (k) Profit Sharing Plan, and a fiduciary of that plan and of  the Wasley Products, Inc. Retirement Plan within the meaning of 29 U.S.C. §1002(21)(A).

10.     The Defendant, Andrew Brady ("Brady"), at all relevant times herein, was an employee of the Defendant Wasley Products, Inc., a trustee of the Wasley Products, Inc. 401 (k) Profit Sharing Plan, and a fiduciary of that plan within the meaning of 29 U.S.C. §1002(21)(A).

11.     The Defendant, Sandi Dumas-Laferriere ("Dumas-Laferriere"), at all relevant times herein, was an employee of the Defendant Wasley Products, Inc., a trustee of the Wasley Products, Inc. 401 (k) Profit Sharing Plan, and a fiduciary of that plan and the Wasley Products, Inc. Retirement Plan within the meaning of 29 U.S.C. §1002(21)(A).

12.     The Defendant, Barry Connell ("Connell"), at all relevant times herein, was an employee of the Defendant Wasley Products, Inc., a trustee of the Wasley Products, Inc. 401 (k) Profit Sharing Plan, and a fiduciary of that plan  within the meaning of 29 U.S.C. §1002(21)(A).

13.     The Defendant, Barry L. Bulakites ("Bulakites"), was, from November 1990 until November 2002, a third party administrator of the Wasley Products, Inc. 401 (k) Profit Sharing Plan, and a fiduciary of that plan and the Wasley Products, Inc. Retirement Plan within the meaning of 29 U.S.C. §1002(21)(A).

14.     The Defendant, James A. Winslow ("Winslow"), was, from November 1990 until November 2002, a third party administrator of the Wasley Products, Inc. 401 (k) Profit Sharing Plan, and a fiduciary of that plan and the Wasley Products, Inc. Retirement Plan within the meaning of 29 U.S.C. §1002(21)(A).

15.     The Defendant, Joshua Adams Corporation ("JAC"), was, from December 1993 until November 2002, a third party administrator of the Wasley Products, Inc. 401 (k) Profit Sharing Plan, and a fiduciary of that plan and the Wasley Products, Inc. Retirement Plan within the meaning of 29 U.S.C. §1002(21)(A).

16     The Defendant, the Wasley Products, Inc. Retirement Plan ("Retirement Plan"), at all relevant times herein, was a pension plan within the meaning of 29 U.S.C. §1002(2).

17.    The Defendant, the Wasley Products, Inc. 401(k) Profit Sharing Plan ("401(k) Plan"), at all relevant times herein, was a pension plan within the meaning of 29 U.S.C. §1002(2).

18.    The Defendant, Nationwide Life Insurance Company of America ("Nationwide"), is the successor in interest to Provident Mutual Life Insurance Company ("Provident Mutual") and is organized and exists under the law of the Commonwealth of Pennsylvania. Nationwide/Provident Mutual has its principal place of business in Valley Forge, Pennsylvania.

19.    The Defendant, Lincoln National Life Insurance Company ("Lincoln"), was organized and exists under the laws of the State of Indiana; its principal place of business is in Fort Wayne, Indiana.

## FACTUAL ALLEGATIONS

20.    Wasley Products, Inc. ("Wasley Products") established the Wasley Products, Inc. 401 (k) Profit Sharing Plan (the "401 (k) Plan" or "the Plan") in August 1994 for the benefit of Wasley Products office staff employees, including Plaintiffs herein.

21.    At all times during the Plan's existence, Wasley Products was the Plan administrator and, on the date the Plan was established, its chief executive officer, Wasley, was the sole trustee of the Plan.

22.    On or about the date the Plan was established, Wasley Products and Wasley retained Bulakites, Winslow, and later retained JAC as agents employed to assist in carrying out Plan administrative and trust duties.  Upon information and belief, at the time Wasley products hired them, Bulakites and Winslow worked for the defendant Provident Mutual and were acting within the scope of their employment in contracting with Wasley Products.

23.    In around May of 1995, Bulakites, Winslow and JAC announced that they were affiliated with the defendant Lincoln.  Bulakites assumed the position of Regional Chief Executive Officer for Lincoln and Winslow joined his staff as Vice President of Agency Development.  After this time, upon information and belief, Bulakites, Winslow, and JAC worked for Lincoln and were acting within the scope of their employment in their dealings with Wasley Products.

24.    Upon information and belief, during the approximately twelve-year period that, individually or collectively, Bulakites, Winslow, and JAC were delegated the Trustee and Administrator duties under the Plan, Bulakites, Winslow, and JAC committed the following acts of misconduct:

a. intentional conversion of Plan assets to their own use;

b. intentional, reckless, or negligent failure to adequately diversify Plan assets;

c. intentional, reckless, or negligent failure to prudently select Plan investments;

d. intentional, reckless, or negligent misrepresentation of the value of Plan assets to Wasley and Wasley Products in regular periodic reports mailed to Wasley Products and the Plan Trustees;

e. intentional, reckless, or negligent misrepresentation of the value of Plan assets to Plan participants;

25.    Upon information and belief, Wasley and Wasley Products' decision to delegate Wasley Products' 401 (k) Plan duties to Bulakites, Winslow, and JAC was made negligently, without using the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in like capacity and familiar with such matters would use in the

conduct of an enterprise of a like character and with like aims, and specifically by the following acts or omissions which are alleged upon information and belief:

a.    Prior to engaging Bulakites, Winslow, and JAC, Wasley and Wasley Products made inadequate inquiry into their qualifications, experience, education, securities registration, and record of past performance with investments of the type contemplated.

b.    Prior to engaging Bulakites, Winslow, and JAC, Wasley and Wasley Products sought no independent assessment of Bulakites, Winslow, and JAC's qualifications or only made cursory assessment of their qualifications by means of examining their business reputations in the community, client references, and/or the opinion of a professional third party consultant.

26.    On September 24, 1994 Defendants Connell, Dumas-Laferriere and Brady were added as Trustees of the 401(k), but Bulakites, Winslow, and JAC continued to be delegated the Trustee duties of the Plan.

27.    Upon information and belief, during the approximately 12 year period during which Bulakites, Winslow, and JAC were delegated trustee and administrator duties under the Plan, Wasley, Wasley Products, Connell, Dumas-Laferriere and Brady failed to appropriately monitor the activities of Bulakites, Winslow, and JAC and instead performed their duties as plan fiduciaries negligently, without using the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, and specifically by the following acts or omissions which are alleged upon information and belief:

a.  Wasley, Wasley Products, Connell, Dumas-Laferriere and Brady failed to require Bulakites, Winslow, and JAC to provide a bond or maintain liability insurance covering the performance of their duties;

b.   Wasley, Wasley Products, Connell, Dumas-Laferriere and Brady failed to require Bulakites, Winslow, and JAC to submit to regular audits of their work;

c.   Wasley, Wasley Products, Connell, Dumas-Laferriere and Brady failed to investigate representations made to them by Bulakites, Winslow, and JAC concerning the disposition and management of plan assets;

d.   Wasley, Wasley Products, Connell, Dumas-Laferriere and Brady failed to investigate representations made to plan participants by Bulakites, Winslow, and JAC concerning the value of the Plan assets, contributions made to Plan assets, and investment return realized on Plan assets;

e.   Wasley, Wasley Products, Connell, Dumas-Laferriere and Brady failed to investigate investment strategies employed or claimed to be employed by Bulakites, Winslow, and JAC to ensure that such strategies yielded investments that were suitable and adequately diversified;

f.   Wasley, Wasley Products, Connell, Dumas-Laferriere and Brady failed to make sufficient and/or any inquiry concerning Bulakites, Winslow, and JAC's compliance with pension plan reporting requirements imposed by the Internal Revenue Service and the U.S. Department of Labor.

28.    On June 24, 2003 and June 26, 2003, Attorney Thomas G. Moukawsher wrote a letter to Thomas W. Witherington and Mary E.R. Bartholic of the law firm of Cohn Birnbaum & Shea P.C., 100 Pearl Street, attorneys for Wasley Products, Inc., the 401(k) Plan administrator. Moukawsher claimed that Wasley had breached fiduciary duties it owed to plaintiffs Prentiss, Rizzi, Seich, and Brown and demanded relief.   This suit was filed when, after 90 days, Wasley had failed to act in response to the demand.

29.     Prentiss, Rizzi, Seich, and Brown bring this action of their own accord; it is not a collusive action to confer jurisdiction on the Court where it otherwise wouldn't have it.

**COUNT I: Mismanagement of Plan Assets**

30.     By the conduct described in paragraphs 24 through 27 above, Defendants Bulakites, Winslow, JAC, Wasley, Wasley Products, Connell, Dumas-Laferriere and Brady failed to discharge their fiduciary duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants of the Plans and their beneficiaries and defraying reasonable expenses of administering the Plans in violation of ERISA §404 (a)(1)(A)(i), 29 U.S.C. §1104 (a)(1)(A)(i).

31.     By the conduct described in paragraphs 24 through 27 above, Defendants Bulakites, Winslow, JAC, Wasley, Wasley Products, Connell, Dumas-Laferriere and Brady failed to discharge their fiduciary duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent person acting in like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA §404(a)(1)(B), 29 U.S.C. §1104(a)(1)(B).

32.     By the conduct described in paragraphs 24 through 27 above, Defendants Bulakites, Winslow, JAC, Wasley, Wasley Products, Connell, Dumas-Laferriere and Brady caused the Plan to engage in a transaction or transactions which they knew or should have known constituted direct or indirect transfers of assets of the Plan to, or the use of assets of the Plan by, or for the benefit of, a party in interest, in violation of ERISA §406 (a) (1) (D), 29 U.S.C. §1106 (a) (1) (D).

33.      By the conduct described in paragraph 24 above, Bulakites, Winslow, and JAC, acting as agents of Wasley, Wasley Products, Connell, Dumas-Laferriere and Brady dealt with assets of  the Plan in their own interest or for their own account, in violation of ERISA § 406 (b)(1), 29 U.S.C. § 1106 (b) (1).

34.      By the conduct described in paragraphs 24 through 27 above, Defendants Bulakites, Winslow, JAC, Wasley, Wasley Products, Connell, Dumas-Laferriere and Brady failed to ensure diversification of the investments of the Plan so as to minimize the risk of large losses and therefore violated ERISA § 404 (a) (1) (C), 29 U.S.C. § 1104 (a) (1) (C).

35.      By the conduct described in paragraphs 24 through 27 above, Defendants Bulakites, Winslow, JAC, Wasley, Wasley Products, Connell, Dumas-Laferriere and Brady failed to act in accordance with the documents and instruments governing the Plan insofar as such documents and instruments are consistent with the provisions of law, in violation of ERISA § 404 (a) (1) (D), 29 U.S.C. § 1104 (a) (1) (D).

36.      By the conduct described in paragraph 24, above, Bulakites, Winslow, and JAC, acting as agents of Wasley, Wasley Products, Connell, Dumas-Laferriere and Brady, acted in transactions involving the Plan on behalf of a party whose interests are adverse to the interests of the Plan and/or the interests of the Plan participants and beneficiaries, in violation of ERISA § 406 (b) (2), 29 U.S.C. § 1106 (b) (2).

37.      Because of their conduct described above, Wasley, Wasley Products, Connell, Dumas-Laferriere and Brady are liable to the 401(k) Plan and the Plaintiffs for breaches of fiduciary duty and for Bulakites, Winslow, and JAC's breaches of fiduciary duty under ERISA §§404 and 405 (a), 29 U.S.C. § 1104, 1105 (a).

38.     Provident Mutual or Lincoln are liable to the 401(k) Plan and the Plaintiffs for the misconduct of Bulakites, Winslow, and JAC because Bulakites, Winslow, and JAC were employees or agents of Provident Mutual or Lincoln.

39.     Defendants' breaches of fiduciary duty described above have caused the 401(k) Plan and Plaintiffs great financial loss and Defendants are liable pursuant to ERISA §502 (a)(2) for appropriate civil relief under ERISA §409, 29 U.S.C. §1109 or, in the alternative, for appropriate equitable relief under ERISA §502(a)(3), 29 U.S.C. §1132 (a)(3).

**COUNT II: Defined Benefit Pension Plan**

40.     In addition to its 401k Plan, as of July 1987, Wasley Products also sponsored a defined benefit pension plan known as the Wasley Products Retirement Plan ("Retirement Plan").

41.     During the times relevant to this Count of the First Amended Complaint, defendants Wasley Products Corp., Alan Wasley, Sandi Dumas-Laferriere, Barry Bulakites, James Winslow, and Joshua Adams Corporation were fiduciaries with respect to the Retirement Plan within the meaning of 29 U.S.C. §1002(21)(A) because they exercised discretion and control over its administration.

42.     In 1991 Wasley Products, with the advice and assistance of Bulakites and Winslow, froze (without terminating) the Retirement Plan and told the Plaintiffs that it had converted their accrued benefits into lump sums which it deposited into the 401(k) Plan.

43.     Upon information and belief, one or more of the Defendants or their agents negligently understated the plaintiffs' accrued benefits when converting them to lump sums and depositing them into the 401(k) Plan.  Accordingly, because of the defendants' breach of their fiduciary duties, the plaintiffs lost vested accrued benefits.

44.     Defendants' breaches of fiduciary duty described above have caused Plaintiffs a loss of benefits and Defendants are liable to the Retirement Plan or the Plaintiffs for the return of these losses under ERISA §502(a)(2) or they are liable for appropriate equitable relief under ERISA §502(a)(3).

45.     Provident Mutual is liable to the Retirement Plan or the Plaintiffs for the misconduct of Bulakites and Winslow because, upon information and belief, Bulakites and Winslow were employees or agents of Provident Mutual when they helped Wasley Products freeze the Retirement Plan.

46.     Plaintiffs have not made demand of Defendants for relief for these breaches because the Plaintiffs have only recently realized the losses occurred and because, in light of Defendants' responses to the Plaintiffs' other closely related demands, it would be futile for them to do so.

**COUNT III: John M. Wiblyi**

47.     In July 1987, John M. Wiblyi, a Wasley Products employee since 1954 and a participant in the Retirement Plan, decided to retire.  He asked the plan administrator, defendant Dumas-Laferriere, to give him his pension in a lump sum as provided under the terms of the Retirement Plan, but, in contravention of those terms, she refused to give it to him, falsely claiming she had discretion to do so under the terms of the Retirement Plan.

48.     Wrongly forced to accept an annuity, Wiblyi chose a normal retirement benefit that provided a 100% joint and survivor annuity for his wife, thus ensuring under the terms of the Retirement Plan that he would receive $1,388.93 monthly for his lifetime and that his wife would get the same amount for the remainder of her life if she survived him.

49.     Upon information and belief, Wiblyi is now one of just two surviving participants in the pension plan.

50.     In a letter dated March 9, 2005, defendant Alan A. Wasley told Wiblyi that defendants Bulakites, Winslow, and JAC had surrendered the annuity the Retirement Plan  had purchased to fund the benefits due to him and his wife.

51.     Upon information and belief, Wasley Products has taken no financial steps since this annuity was surrendered to ensure that the Retirement Plan has sufficient assets to pay Wiblyi the future benefits.

52.     Bulakites, Winslow and JAC breached their fiduciary duties by surrendering the annuity the Retirement Plan relied on to fund Wiblyi's benefits.

53.     Because of their misconduct described above, Wasley, Wasley Products, and Dumas-Laferriere are liable for breaches of fiduciary duty and for Bulakites, Winslow, and JAC's breaches of fiduciary duty under ERISA §§404 and 405 (a), 29 U.S.C. §1105 (a).

54.     Provident Mutual or Lincoln are liable to the Retirement Plan or Wiblyi for the misconduct of Bulakites, Winslow, and JAC because Bulakites, Winslow, and JAC were employees or agents of Provident Mutual or Lincoln when they surrendered the annuity policy the Retirement Plan had purchased to fund Wiblyi's benefits.

55.     Wasley Products has breached its obligation under the terms of the plan and ERISA §302, 29 U.S.C. §1082 to make payments to the Retirement Plan sufficient to pay all future benefits expected to become payable from it.

56.     Wasley Products has breached its obligation under the terms of the plan to pay Wiblyi his retirement benefits in a lump sum.

57.    Defendants' breaches of fiduciary duty described above have caused Wiblyi financial loss and Defendants are liable to him in one or more of the following ways: (a)  under ERISA §502 (a)(1)(B), 29 U.S.C. §1132 (a)(1)(B)  to pay  Wiblyi  lump sum retirement benefits and interest; (b) pursuant to ERISA §502 (a)(2) for appropriate civil relief under ERISA §409 including giving Wiblyi a lump sum and interest or ensuring the Retirement Plan is adequately funded or; (c) for appropriate equitable relief under ERISA §502(a)(3) including giving Wiblyi a lump sum and interest or ensuring the Retirement Plan is adequately funded.

58.    Wiblyi met with defendant Alan A. Wasley, Wasley's president on February 16, 2005 and demanded assurance that his pension and his wife's survivor's pension were secure. On March 9, 2005 Wasley wrote Wiblyi telling him Bulakites, Winslow, and JAC had surrendered the annuity policy the Retirement Plan had purchased to fund the benefits due to him and his wife, but providing him no assurance that the company had taken any other steps to ensure that the Retirement Plan had adequate assets to fund its obligations.

59.    Wiblyi brings this action of his own accord; it is not a collusive action to confer jurisdiction on the Court where it otherwise wouldn't have it.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs in their individual and representative capacities, pray for relief as follows:

1.    Damages and/or the restoration of losses to the plans and/or the participants and beneficiaries of the plans including Plaintiffs pursuant to ERISA §502(a)(2) and ERISA §409 (a).

2.    Restitution to the plans and/or or the participants and beneficiaries of the plans, including Plaintiffs pursuant to ERISA §502 (a)(2) and ERISA §409 (a).

14

3.     A constructive trust over and disgorgement of all profits Bulakites, Winslow, and JAC have made through their illegal use of plan assets pursuant to ERISA §502 (a)(2), ERISA §409 (a) or ERISA §502 (a)(3).

4.     Other appropriate equitable relief pursuant to ERISA §502 (a)(3) or ERISA §502(a)(2).

5.     Plan benefits under ERISA §502 (a)(1)(B).

6.     Interest.

7.     Attorney's fees pursuant to ERISA §502 (g)(1).

8.     Costs.

9.     Such other and further relief as the Court may deem just.


THE PLAINTIFFS


BY /s/ Thomas G. Moukawsher
   Thomas G. Moukawsher
   Federal Bar No. Ct08940
   Moukawsher & Walsh, LLC
   21 Oak Street; Suite 209
   Hartford, CT 06106
   (860) 278-7000

   Their Attorneys

## VERIFICATION OF COMPLAINT

I Gregory T. Prentiss swear under penalty of perjury that the facts I allege in the First Amended Complaint are true and correct to the best of my knowledge and belief, and that I made them in good faith.

Dated this 31st day of August, 2005.

/s/ Gregory Prentiss
Gregory Prentiss

**VERIFICATION OF COMPLAINT**

I John Rizzi swear under penalty of perjury that the facts I allege in the First Amended Complaint are true and correct to the best of my knowledge and belief, and that I made them in good faith.

Dated this 31st day of August, 2005.

/s/ John Rizzi
John Rizzi

## VERIFICATION OF COMPLAINT

I Richard Seich swear under penalty of perjury that the facts I allege in the First Amended Complaint are true and correct to the best of my knowledge and belief and I made them in good faith.

Dated this 31st day of August, 2005.


/s/ Richard Seich
              Richard Seich

**VERIFICATION OF COMPLAINT**

I Dorothy Brown swear under penalty of perjury that the facts I allege in the First Amended Complaint are true and correct to the best of my knowledge and belief, and that I made them in good faith.

Dated this 31st day of August, 2005.


/s/ Dorothy Brown
                Dorothy Brown

## VERIFICATION OF COMPLAINT

I John M. Wiblyi swear under penalty of perjury that the facts I allege in the First Amended Complaint are true and correct to the best of my knowledge and belief, and that I made them in good faith.

Dated this _____day of August, 2005.

/s/ John M. Wiblyi_____
             John M. Wiblyi

## CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed on this date to the defendant

at:

Theodore J. Tucci, Esq.
Jean Elizabeth Tomasco, Esq.
Robinson & Cole
280 Trumbull Street
Hartford, CT 06103-3597

Joseph V. Meaney, Jr., Esq.
Cranmore, Fitzgerald & Meaney
49 Wethersfield Ave.
Hartford, CT. 06114-1102

Marissa A. Bellair, Esq.
Steven Errante, Esq.
Eric P. Smith, Esq.
Nancy Fitzpatrick Myers
Lynch, Traub, Keefe, and Errante, LLP
52 Trumbull Street
P.O. Box 1612
New Haven, CT. 06506-1612

Sara Simeonidis, Esq.
Deborah S. Freeman, Esq.
Bryan D. Short, Esq.
Bringham McCutchen, LLP
1 State Street
Hartford, CT 06103-3178

Maurice T. Fitzmaurice
Reid & Riege, P.C.
One Financial Plaza
755 Main Street, 21st Floor
Hartford, CT 06103-3185

James J. Reardon, Jr.
Thomas G. Rohback
Doug Dubitsky
LeBoeuf, Lamb, Greene & MacRae
225 Asylum St.
Hartford, CT 06103

Dated this 16th day of September, 2005.

/s/ Thomas G. Moukawsher
Thomas G. Moukawsher