UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GREGORY T. PRENTISS, | : | CIVIL ACTION NO. |
| JOHN RIZZI, RICHARD SEICH, and | : | 3:03 CV 00383 (MRK) |
| DOROTHY BROWN each individually | : | |
| and on behalf of the Wasley Products, Inc. | : | |
| 401(K) Profit Sharing Plan, | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| WASLEY PRODUCTS, INC., | : | |
| ALAN A. WASLEY,      ANDREW | : | |
| BRADY, SANDI DUMAS-LAFERRIERE | : | |
| BARRY CONNELL, BARRY L. | : | |
| BULAKITES, JAMES A. WINSLOW, | : | |
| JOSHUA ADAMS CORPORATION. | : | SEPTEMBER 16, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAN PARTICIPANTS' MOTION FOR PERMISSION
TO JOIN ADDITIONAL PARTIES, TO AMEND COMPLAINT,
AND FOR CERTIFICATION OF
DERIVATIVE ACTION UNDER RULE 23.1**

**I. INTRODUCTION**

Plaintiffs Gregory T. Prentiss, John Rizzi, Richard Seich, and Dorothy Brown ("Plan Participants") ask the Court for permission to join three additional parties, supplement their claims with claims about the Wasley Products, Inc. Retirement Plan, and ask the Court to certify this as a derivative action under Rule 23.1.

1

## II. ADDITION OF JOHN WIBLYI AS A PARTY PLAINTIFF AND ALLEGATIONS CONCERNING THE DEFINED BENEFIT PLAN

**1. The Defined Benefit Plan and Wiblyi.**

In addition to its 401k Plan, for many years prior to its termination in 1991, Wasley Products also sponsored a defined benefit retirement plan known as the Wasley Products, Inc. Retirement Plan ("Retirement Plan"). In 1991, Bulakites and Winslow recommended that the Retirement Plan be frozen and that the employees' vested accrued benefits under the Retirement Plan be transferred to new 401(k) Plan accounts. Within the last several weeks plaintiff Rizzi has compared his opening 401(k) Plan account balance with the annual annuity Wasley Products owes to a 1987 Retirement Plan retiree, John Wiblyi. When Rizzi discovered how small his opening balance was when compared with Wiblyi's annuity, he came to believe for the first time that the company short changed employees when it converted the Retirement Plan benefits to 401(k) opening balances. In light of the information Rizzi obtained and the belief he came to because of it, Rizzi and the other plaintiffs now wish to join a claim about the accrued benefit calculations to their other claims.

In addition, John Wiblyi asks to join the lawsuit as a Plaintiff because the Retirement Plan fiduciaries have failed to protect his retirement income. In July 1987, Wiblyi, a Wasley Products employee since 1954 and a participant in the

Retirement Plan, decided to retire. He asked the plan administrator, defendant Dumas-Laferriere, to give him his pension in a lump sum as provided under the terms of the plan, but, he claims, that in contravention of those terms, she refused to give it to him, wrongly claiming she had discretion to do so under the terms of the Retirement Plan. Wrongly forced to accept an annuity, Wiblyi chose a normal retirement benefit that provided a 100% joint and survivor annuity for his wife, thus ensuring under the terms of the Retirement Plan that he would receive $1,388.93 monthly for his lifetime and that his wife would get the same amount for the remainder of her life if she survived him. Wiblyi believes he is now the only surviving participant in the Retirement Plan.

In a letter dated March 9, 2005, defendant Alan A. Wasley told Wiblyi that defendants Bulakites, Winslow, and JAC had surrendered the annuity the Retirement Plan had purchased to fund the benefits due to him and his wife. Wiblyi believes Wasley Products has taken no financial steps since this annuity was surrendered to ensure that the Retirement Plan has sufficient assets to pay Wiblyi the future benefits, leaving the plan underfunded. He wants to sue Bulakites, Winslow, and JAC and their employers for breach of fiduciary duty under ERISA §§404 and 405 (a), 29 U.S.C. §1105 (a) for surrendering the annuity and leaving the Retirement Plan underfunded. He wants to sue Wasley, Wasley Products, and Dumas-Laferriere for breaches of fiduciary duty under ERISA §§404

and 405 (a), 29 U.S.C. §1105 (a) to hold them liable for Bulakites, Winslow and JAC's breaches and to hold them liable for their own breaches of fiduciary duty in hiring and failing to monitor Bulakites et al.

**2. Provident Mutual and Lincoln Financial.**

The plaintiffs also want to add as defendants Nationwide Mutual Life Insurance Company, the successor in interest to Provident Mutual Life Insurance Company along with Lincoln National Life Insurance Company. The plaintiffs want to add these defendants because, upon information and belief, the defendants Bulakites, Winslow, and JAC acted as their agents or employees when they breached their duties to the Wasley plans. These proposed defendants weren't in the plaintiffs' original complaint because the plaintiffs did not then have sufficient information to form a reasonable belief about the role of the two companies. Pleadings and documents supplied by Wasley Products showing the two doing business under these company names have now given the plaintiffs sufficient grounds to reasonably believe these proposed defendants employed Bulakites, Winslow and JAC when some or all of the breaches occurred. Accordingly, the plaintiffs want to add them as defendants now.

**3. Applicable Law**

The addition of parties is governed by Fed. R.Civ.P. 21. It says:

**Rule 21. Misjoinder and Non-Joinder of Parties**

> Misjoinder of parties is not ground for dismissal of an action. *Parties may be* dropped or *added* by order of the court on motion of any party or of its own initiative *at any stage of the action* and on such terms as are just [. . . .]

(emphasis added). As the Southern District of New York said in *Kaminsky v. Abrams* in 1966, "the liberal standards upon which amendments are to be granted when leave of the Court is required under Rule 15(a) should guide the Court on motions to add parties under Rule 21."[1] Those liberal standards were explained by the Supreme Court as early as 1962 in *Foman v. Davis*:

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-- the leave should, as the rules require, 'be freely given.'[2]

The Southern District of New York echoed this in *Eickhorst v. E.F. Hutton Group* in 1990 when it observed, "[U]nless there is good reason to deny a motion to amend, failure to grant it is an abuse of discretion."[3] In cases such as *State Teachers Retirement Bd. v. Fluor Corp.*[4] and *MacDraw, Inc. v. CIT Equip. Fin., Inc.*,[5] the Second Circuit adopted the Supreme Court's liberal *Foman* view allowing amendments absent bad faith or "*undue* prejudice to the opposing party."[6] "Undue prejudice" means, according to the Second Circuit in its 1986 decision

---

[1] 41 F.R.D. 168, 170 (S.D.N.Y. 1966).
[2] 371 U.S. 178,182, 9 L.Ed. 2d 222, 83 S. Ct. 227 (1962).
[3] 763 F. Supp. 1196, 1203-1204 (S.D.N.Y. 1990).
[4] 654 F.2d 843, 856 (2d Cir. 1981).
[5] 157 F.3d 956, 962 (2d Cir. 1998).
[6] *Foman* at 182 (emphasis added).

5

*Tokio Marine & Fire Ins. Co. v. Employers Ins. of Wausau*,[7] forcing an opponent to spend time and money on additional discovery. Delay might also cause undue prejudice. The Second Circuit held in 1998 in *Krumme v. WestPoint Stevens Inc.* that a delay in the "final disposition of the action" caused by an amendment might be unduly prejudicial.[8] So might a moving party's "unexplained delay" in seeking to amend, as the Second Circuit held in *Evans v. Syracuse City Sch. Dist.*, in 1986.[9] But the Court also pointed out in *Fluor* that a movant's "delay [alone] absent a showing of bad faith" is not enough for a Court to deny the right to amend.[10]

The Court should let Wiblyi join the litigation and let the plaintiffs add Provident Mutual and Lincoln as defendants. It also should allow the plaintiffs to amend their complaint to allege violations related to the Wasley Products, Inc. Retirement Plan. Trying all these claims together would be economical for the parties and the Court, and the claims are brought in good faith.

### III. CERTIFICATION UNDER RULE 23.1

The plaintiffs ask the Court to certify this as a derivative action brought on behalf of the Wasley Products, Inc. Retirement Plan and the Wasley Products, Inc. 401(k) Profit Sharing Plan in compliance with Fed. R.Civ. P. Rule 23.1 in

---

[7] 786 F.2d 101, 103 (2d Cir. 1986).
[8] 143 F.3d 71, 88 (2d Cir. 1998).
[9] 704 F.2d 44, 47 (2d Cir. 1983).
[10] 654 F.2d 843, 856 (2d Cir. 1981).

accordance with this Court's 2004 decision in *Coan v. Kaufman*.[11]  In *Coan* the Court held that to protect absent plan participants in an ERISA derivative action brought under ERISA 502 (a)(2) a plaintiff must either comply with Fed. R.Civ. P. Rule 23.1 or take other steps such as joining all plan participants or seeking class action certification.

> Rule 23.1 says:
>
> In a derivative action brought by one or more shareholders or members to enforce a right of a corporation or of an unincorporated association, the corporation or association having failed to enforce a right which may properly be asserted by it, the complaint shall be verified and shall allege (1) that the plaintiff was a shareholder or member at the time of the transaction of which the plaintiff complains or that the plaintiff's share or membership thereafter devolved on the plaintiff by operation of law, and (2) that the action is not a collusive one to confer jurisdiction on a court of the United States which it would not otherwise have. The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for the plaintiff's failure to obtain the action or for not making the effort. The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association. The action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to shareholders or members in such manner as the court directs.

Here the plaintiffs meet the requirements of the rule.  The proposed First Amended Complaint accompanying this motion is verified. It alleges that the plaintiffs were participants in the 401k Plan.  It alleges this is not a collusive action to confer

---

[11] 349 F. Supp. 2d 271, 275-6 (D. Conn. 2004).

jurisdiction the court otherwise wouldn't have. The complaint further explains with particularity that on June 24, 2003 the plaintiffs unsuccessfully demanded action from the defendants but that the defendants failed to act.

The plaintiffs will fairly and adequately represent the interests of absent plan participants. In *In re Drexel Burnham Lambert Group* the Second Circuit in 1992, in the class certification context, said the adequacy of representation inquiry has two components: (1) whether there is a potential conflict between the named plaintiff and absent class members, and (2) whether class counsel is "qualified, experienced, and generally able to conduct the litigation."[12] To meet the lack of conflicts test, the named representatives must be part of the class and possess the same interests and suffer the same injuries as the other class members, as the Supreme Court described in its 1977 decision in *East Texas Motor Freight, Inc. v. Rodriguez*.[13] Certification is not defeated by "speculative" or "hypothetical" suggestions of potential conflicts; both the Second Circuit in *In re Visa Check/Mastermoney Antitrust Litig.* and the Southern District of New York in *Gruby v. Brady* emphasized this.[14]

As explained in the *Manual for Complex Litigation*, in addition to being free of conflicts, the named representatives should understand their responsibility to

---

[12] *Drexel, supra*, 960 F.2d at 291; *General Telephone*, 457 U.S. 147, 157-58.
[13] 431 U.S. 395, 403 (1977).
[14] 280 F.3d 124, 145 (2d Cir. 2001);838 F. Supp. 820, 828 (S.D.N.Y. 1993).

vigorously pursue the litigation in the interest of the class.[15] The same presumably should hold true for plaintiffs seeking to derivatively represent plans with multiple participants. This does not require the plaintiffs to be steeped in the intricacies of the litigation. More than 30 years ago, in the Supreme Court case of *Surowitz v. Hilton Hotels*, Hilton Hotels challenged whether a named representative in a shareholder derivative action could "fairly and adequately represent the interests" of all shareholders because she was a Polish immigrant with limited knowledge of English who relied on her son-in-law for explanations.[16] The Supreme Court ruled that the named representative was interested in her investment and reasonably relied on the investigation of others.[17] By the same token, this District, in its 2000 ruling in *Macarz v. Transworld Systems*, where the named plaintiff was an attorney, rejected arguments that named plaintiffs are unfit because they happen to be more sophisticated in some respects than the average class member.[18]

Here, none of the plaintiffs have financial interests in conflict with other plan participants or face unique defenses and they understand their duty to vigorously pursue the litigation in the interest of the plan and its participants.[19] The plaintiffs also have qualified counsel. They are represented by undersigned

---

[15] (3d ed. 1995), at 221.
[16] 383 U.S. 363 (1966).
[17] Id. at 371-73. *See also Koch v. Dwyer*, 2001 WL 289972, 2001 U.S. Dist. LEXIS 4085 (S.D.N.Y. March 23, 2001) (rejecting defense contention that plaintiff had an "alarming unfamiliarity with the facts").
[18] 193 F.R.D. 46, 51 (D. Conn. 2000).
[19] Exhibits 1-5 (Plan Participants' Declarations).

counsel, Thomas G. Moukawsher of Moukawsher & Walsh, LLC, Hartford, Connecticut. Undersigned counsel has represented plaintiffs in a number of single and multi-party ERISA actions, including *Caputo v. Pfizer*,[20] *Mullins v. Pfizer*,[21] and *Hudson v. General Dynamics*[22] in this jurisdiction along with *Bins v. Exxon*,[23] and *Mathews v. Chevron*,[24] in the Ninth Circuit and *Adamczyk v. Lever Brothers*,[25] and *Beach v. Commonwealth Edison*,[26] in the Northern District of Illinois. He is currently class counsel in certified class actions pending or recently resolved before the District of Connecticut in *Amara v. CIGNA*[27], *Parry v. SBC*[28], and *Cashman v. Dolce*.[29] Accordingly, the Court should certify the action brought by Prentiss, Rizzi, Seich, Brown, and proposed by Wiblyi as a derivative action under ERISA §502(a)(2) that complies with Fed. R. Civ. P. 23.1. The plaintiffs should be deemed to be suing on behalf of Wasley Products, Inc. Retirement Plan and the Wasley Products, Inc. 401(k) Profit Sharing Plan.

---

[20] 267 F.3d 181,188 (2d Cir. 2001).
[21] 23 F.3d 663 (2d Cir. 1994).
[22] 118 F.2d 226 (D.Conn 2000).
[23] 220 F.3d 1042 (9th Cir. 2000)(en banc).
[24] 773 U.S. Dist. Lexis (N.D. Cal. 2002).
[25] 991 F.Supp. 931 (N.D. Ill. 1997).
[26] 2002 U.S. District Lexis, 14663 (N.D. Ill. 2002).
[27] No. 3:01-CV-2361 (MRK).
[28] No. 3:04 CV 128 (JBA).
[29] No. 3:04CV00106(MRK).

## CONCLUSION

The plaintiffs ask the Court to grant their motion to amend, allow them to join additional parties and certify this action as a derivative lawsuit.

THE PLAINTIFFS

By /s/ Thomas G. Moukawsher
    Thomas G. Moukawsher ct08940
    Ian O. Smith ct24135
    Moukawsher & Walsh, LLC
    21 Oak Street
    Hartford, CT 06106
    (860) 278-7000
    tmoukawsher@mwlawgroup.com

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed on this date to the defendant at:

| | |
|---|---|
| Theodore J. Tucci, Esq.<br>Jean Elizabeth Tomasco, Esq.<br>Robinson & Cole<br>280 Trumbull Street<br>Hartford, CT 06103-3597 | Sara Simeonidis, Esq.<br>Deborah S. Freeman, Esq.<br>Bryan D. Short, Esq.<br>Bringham McCutchen, LLP<br>1 State Street<br>Hartford, CT 06103-3178 |
| Joseph V. Meaney, Jr., Esq.<br>Cranmore, Fitzgerald & Meaney<br>49 Wethersfield Ave.<br>Hartford, CT. 06114-1102 | Maurice T. Fitzmaurice<br>Reid & Riege, P.C.<br>One Financial Plaza<br>755 Main Street, 21st Floor<br>Hartford, CT 06103-3185 |
| Marissa A. Bellair, Esq.<br>Steven Errante, Esq.<br>Eric P. Smith, Esq.<br>Nancy Fitzpatrick Myers<br>Lynch, Traub, Keefe, and Errante, LLP<br>52 Trumbull Street<br>P.O. Box 1612<br>New Haven, CT. 06506-1612 | James J. Reardon, Jr.<br>Thomas G. Rohback<br>Doug Dubitsky<br>LeBoeuf, Lamb, Greene & MacRae<br>225 Asylum St.<br>Hartford, CT 06103 |

Dated this 16th day of September, 2005.

                                                /s/ Thomas G. Moukawsher
                                                Thomas G. Moukawsher