| | |
|---|---|
| WASLEY PRODUCTS, INCORPORATED, ) | MASTER CONSOLIDATED |
| PRECISION MOLDING COMPANY, INC., ) | CASE NO. 3:03 CV 383 |
| Individually and on behalf of WASLEY ) | (DJS) |
| PRODUCTS- UAW LOCAL 376 ) | |
| RETIREMENT PLAN, PRECISION MOLDING ) | |
| 401(K) PLAN, AND WASLEY ) | |
| PRODUCTS 401(K) PLAN ) | THIS PLEADING |
|     Plaintiffs ) | PERTAINS TO: CIVIL |
| ) | NO. 3:03 CV 1790 (DJS) |
| ) | |
| Vs. ) | |
| ) | |
| BARRY LEONARD BULAKITES, ) | |
| JAMES ALBERT WINSLOW, ) | |
| JOSHUA ADAMS CORPORATION, ) | |
| NATIONWIDE LIFE INSURANCE CO. OF ) | |
| AMERICA F/K/A/ PROVIDENT MUTUAL ) | |
| LIFE INSURANCE CO. AND LINCOLN ) | |
| NATIONAL LIFE INSURANCE CO. ) | |
|     Defendants ) | SEPTEMBER 23, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO JOIN ADDITIONAL PARTIES AND AMEND COMPLAINT**

**I. INTRODUCTION**

    The Plaintiffs, Wasley Products, Incorporated and Precision Molding Company, Incorporated hereby ask the Court for permission to include Wasley Products, Inc. and Precision Molding Company, Inc. as Plaintiffs individually and on

behalf of Wasley Products- UAW Local 376 Retirement Plan, Precision Molding 401(k) Plan, Wasley Products 401(k) Plan and, in doing so, amend their complaint.

**II. ADDITION OF WASLEY PRODUCTS- UAW LOCAL 376 RETIREMENT PLAN, PRECISION MOLDING 401(K) PLAN AND WASLEY PRODUCTS 401(K) PLAN AS PARTY PLAINTIFFS**

Prior to 1989, Wasley Products established and maintained two separate defined benefit plans, the funds of which were commingled (the "Wasley DBP"). Prior to 1989, Wasley Products had retained the services of a non-party, Pension Planning Concepts, Inc., as the Third Party Administrator for Wasley DBP. Alan Wasley, Chairman and President of Wasley Products, was the Trustee of the Wasley DBP.

The two separate defined benefit plans that comprised the Wasley DBP were known as: (1) "Wasley Inc. Retirement Plan," which was available to office staff; and (2) "Wasley Products, Inc. UAW Local 376 Retirement Plan," which was available to union employees.

Between 1990 and 1991, Wasley Products, through Alan Wasley and other employees, participated in numerous discussions with Bulakites and Winslow in which Bulakites, Winslow, and Provident Mutual sought to replace Pension Planning Concepts, Inc. as Wasley Products' Third Party Administrator for the Wasley DBP.

Prior to Wasley Products' retention of Bulakites and Winslow, in a September 20, 1990 letter, Winslow stated that he and his "Pension Team" would endeavor to "identify the profile and direction of the Wasley Product Pension fund." In an October 24, 1990 letter, Winslow further promised to "deal with alternatives to how [Wasley Products'] pension [was] presently structured."

By a letter dated November 20, 1990, Bulakites represented to Wasley Products that "[o]ur pension team has been providing service to our clients since 1865 and will provide the expertise needed to keep your plans worry free." In that same letter, Bulakites made multiple recommendations regarding the structure and investment of the Wasley Products DBP, including the following:

    i.    Split the assets of the Wasley DBP into two separately managed and controlled funds for staff employees and union employees;

    ii.    Purchase annuities for the employees who were already receiving benefits;

    iii.    Freeze the "Wasley 401(k) Plan" for office staff and transfer the assets from Union Trust to Provident Mutual; and

    iv.    Establish a new 401(k) plan for office staff.

On or about November 30, 1990, Wasley Products retained Provident Mutual, Bulakites, and Winslow to perform Third Party Administration services for the Wasley DBP.

On or about February 6, 1991, pursuant to a Limited Power of Attorney, Wasley Products, acting through its President, Alan Wasley, authorized Bulakites to receive information pertaining to the Wasley DBP.

Upon the suggestion and advice of Bulakites, on or about February 14, 1991, Wasley Products authorized the transfer to Provident Mutual of the Wasley DBP funds which had been held on deposit with Union Trust. Wasley Products' authorization directed Union Trust to liquidate the Wasley DBP and send a check made payable to "Provident Mutual" directly to Bulakites.

Thereafter, on March 8, 1991, the funds were deposited with Provident Mutual in a "Fixed Income Fund" investment account in the name of "Wasley Products, Inc.," with Winslow designated as the account's agent.

In March 1991, a defined benefit plan was established for Wasley Products-UAW Local 376 Retirement Plan" (the "UAW Pension"). Upon the suggestion and advice of Bulakites and Winslow, The UAW Pension assets were invested in three investment funds: "Fixed Account," "Balanced Account" and "Value Equity Account."

The UAW Pension designated Wasley Products as its Plan Administrator.

The UAW Pension designated Alan Wasley as its Trustee. On September 26, 1994, Barry Connell, Sandra Dumas- Laferriere and Andrew Brady were added as Trustees of the UAW Pension.

In August, 1994, upon suggestion and advice of Bulakites, Winslow and JAC, Wasley Products established a 401(k) plan for the Wasley office staff (the "Wasley 401(k) Plan"). Three investment accounts ("Diversified Equity," "Balanced Fund" and "Fixed Account") were to be established with Provident Mutual into which plan participants could elect to invest their 401(k) funds. The Wasley 401(k) Plan designated Wasley Products as the Plan Administrator and Alan Wasley as its Trustee. Furthermore, on or about September 26, 1994, Barry Connell, Sandra Dumas- Laferriere and Andrew Brady were added as Trustees of the Wasley 401(k) Plan.

In August 1994, upon the suggestion and advice of Bulakites, Winslow and JAC, Precision Molding established a 401(k) plan (the "Precision Molding 401(k)"). Precision Molding authorized Bulakites, Winslow and JAC to establish three separate investment accounts ("Diversified Equity Fund," "Balanced Fund" and "Fixed Account") with Provident Mutual into which plan participants could elect to invest their 401(k) funds.

**III. APPLICABLE LAW**

The addition of parties is governed by Fed.R.Civ.P.21 which says: "Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the Court on motion of any party or of its own initiative at any stage of the action and on such terms as just…"

Furthermore, the Supreme Court declared the following in *Foman v. Davis*, 371 U.S. 178, 182, 9 L.Ed. 2d 222, 83 S.Ct. 227 (1962):

> In the absence of any apparent or declared reason- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave should, as the rules require, 'be freely given.'

The Southern District of New York more simply reiterated the preceding in *Eickhorst v. E.F. Hutton Group,* 763 F. Supp. 1196, 1203-1204 (S.D.N.Y. 1990) when it said, "unless there is good reason to deny a motion to amend, failure to grant it is an abuse of discretion."

The addition of Wasley Products, Inc and Precision Molding Company, Inc. as Plaintiff Parties both individually and on behalf of the Wasley 401(k) Plan, the Precision Molding 401(k) Plan, and the Wasley Products- Local UAW 376 Retirement Plan should not delay these proceedings in any way. Their addition will not require additional expenditures of time or money in discovery. Extensive

discovery concerning the various 401(k) Plans has already commenced and trial should not, therefore, be delayed in any way. Similarly, the proposed amended complaint is brought in good faith by Plaintiffs and should not delay trial or discovery in any way.

In conclusion, the Court should permit the addition of Wasley Products, Inc. and Precision Molding Company, Inc. both individually and on behalf of Wasley Products 401(k), Precision Molding 401(k) and Wasley Products- Local UAW 376 Retirement Plan as Party Plaintiffs.

## IV. CONCLUSION

The Plaintiffs respectfully ask the Court to grant their motion to amend the complaint and to join additional parties.

**PLAINTIFFS**,

_____
Joseph V. Meaney, Jr.
Cranmore, FitzGerald & Meaney
49 Wethersfield Avenue
Hartford, CT 06114
Fed. Juris No. 04315

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was sent via first class mail, postage prepaid this 19th day of September 23, 2005 to all counsel and pro se parties of record, as follows:


Steven J. Errante, Esq.
Eric P. Smith, Esq.
Lynch, Traub, Keefe and Errante, PC
52 Trumbull Street
P.O. Box 1612
New Haven, CT 06506

Thomas G. Moukawsher, Esq.
Ian O. Smith, Esq.
Moukawsher & Walsh
21 Oak Street, Suite 209
Hartford, CT 06106

Sara R. Simeonidis, Esq.
Deborah S. Freeman, Esq.
Bryan D. Short, Esq.
Bingham McCutchen
One State Street
Hartford, CT 06103-3178

Albert Zakarian, Esq.
Victoria Woodin Chavey, Esq.
Eric L. Sussman, Esq.
Day, Berry & Howard
CityPlace
Hartford, CT 06103-3499

Jean E. Tomasco, Esq.
Theodore J. Tucci, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

By: _____

Joseph V. Meaney, Jr.

Cranmore, FitzGerald & Meaney