### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | |
|---|---|
| GREGORY PRENTISS, ET AL., | MASTER CONSOLIDATED CASE |
| | CIVIL NO. 3:03 CV 383 (MRK) |
| Plaintiffs, | |
| | THIS PERTAINS TO: |
| | 3:03 CV 1790 (MRK) |
| v. | (Prentiss, et al v. Wasley Products, Inc., et al) |
| WASLEY PRODUCTS, INC., ET AL., | |
| Defendants. | SEPTEMBER 30, 2005 |

### NATIONWIDE LIFE INSURANCE COMPANY OF AMERICA f/k/a PROVIDENT MUTUAL LIFE INSURANCE COMPANY'S OPPOSITION TO PLAN PARTICIPANTS' MOTION FOR PERMISSION TO JOIN ADDITIONAL PARTIES, TO AMEND COMPLAINT AND FOR CERTIFICATION OF DERIVATIVE ACTION UNDER RULE 23.1

Pursuant to Federal Rule of Civil Procedure ("Rule") 15(a), the Defendant Nationwide Life Insurance Company of America f/k/a Provident Mutual Life Insurance Company ("Nationwide") hereby respectfully objects to the Motion for Permission to Join Additional Parties, to Amend Complaint and for Certification of Derivative Action under Rule 23.1 (the "Motion") filed by the Plaintiffs Gregory T. Prentiss, John Rizzi, Richard Seich and Dorothy Brown, (collectively, the "Plan Participants"), as more fully discussed in the accompanying memorandum of law.

Specifically, Nationwide objects to the Plan Participants' request to amend their Complaint dated October 16, 2003 (the "Original Complaint") to (a) join Nationwide as a party defendant, (b) add John Wiblyi as a party plaintiff, and (c) supplement the Original Complaint with claims about the Wasley Products, Inc. Defined Benefit Plan (the "Objection").

For all of the reasons set forth in the accompanying memorandum of law, the Plan Participants' Motion should be denied consistent with Nationwide's Objection.

**DEFENDANT,**
**NATIONWIDE LIFE INSURANCE**
**COMPANY OF AMERICA**

By: _____ // S // _____

    Deborah S. Freeman [ct05257]
    Sara R. Simeonidis [ct25566]
    BINGHAM MCCUTCHEN LLP
    One State Street
    Hartford, CT 06103
    (860) 240-2700
    (860) 240-2800 (fax)
    Its Attorneys

## CERTIFICATION

This is to certify that a copy of the foregoing Opposition to Motion to Amend has been served this 30th day of September, 2005, via first class mail, postage prepaid, to all counsel and pro se parties of record in these consolidated actions as follows:

Theodore J. Tucci, Esq.
Jean E. Tomasco, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

Thomas G. Moukawsher, Esq.
Ian O. Smith, Esq.
Moukawsher & Walsh
21 Oak Street, Suite 209
Hartford, CT 06106

Joseph V. Meaney, Jr.
Cranmore, Fitzgerald & Meaney
49 Wethersfield Avenue
Hartford, CT 06114-1102

Steven J. Errante, Esq.
Eric P. Smith, Esq.
Nancy Fitzpatrick Myers, Esq.
Marisa A. Bellair, Esq.
Lynch, Traub, Keefe & Errante, P.C.
52 Trumbull Street
P.O. Box 1612
New Haven, CT 06506-1612

James J. Reardon, Jr., Esq.
Thomas G. Rhoback, Esq.
LeBouef, Lamb, Greene & MacRae
225 Asylum Street
Hartford, CT 06103

// S //
Sara R. Simeonidis

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

GREGORY PRENTISS, ET AL.,      MASTER CONSOLIDATED CASE
                                   CIVIL NO. 3:03 CV 383 (MRK)

       Plaintiffs,

                                   THIS PERTAINS TO:
                                   3:03 CV 383 (MRK)

     v.

WASLEY PRODUCTS, INC., ET AL.,
            Defendants.          SEPTEMBER 30, 2005

## NATIONWIDE LIFE INSURANCE COMPANY OF AMERICA f/k/a PROVIDENT MUTUAL LIFE INSURANCE COMPANY'S MEMORANDUM IN OPPOSITION TO PLAN PARTICIPANTS' MOTION FOR PERMISSION TO JOIN ADDITIONAL PARTIES, TO AMEND COMPLAINT AND FOR CERTIFICATION OF DERIVATIVE ACTION UNDER RULE 23.1

Pursuant to Federal Rule of Civil Procedure ("Rule") 15(a), the Defendant Nationwide Life Insurance Company of America f/k/a Provident Mutual Life Insurance Company ("Nationwide") respectfully objects to the Motion for Permission to Join Additional Parties, to Amend Complaint and for Certification of Derivative Action under Rule 23.1, (the "Motion"), filed by the Plaintiffs Gregory T. Prentiss, John Rizzi, Richard Seich and Dorothy Brown, (collectively, the "Plan Participants").

Specifically, Nationwide objects to the Plan Participants' request to amend their Complaint dated October 16, 2003 (the "Original Complaint") to (a) join Nationwide as a party defendant, (b) add John Wiblyi as a party plaintiff, and (c) supplement the Original Complaint with claims about the Wasley Products, Inc. Defined Benefit Plan ("DBP") (the "Objection").

For the reasons set forth more fully below, allowing the Plan Participants to amend the Original Complaint is futile. According to the allegations in the proposed Amended Complaint, the statute of limitations ran on any claims the Plan Participants may have had against Nationwide no later than 2001. Because the Original Complaint, filed October 16, 2003, is itself

beyond the statute of limitations as to Nationwide, the proposed Amended Complaint cannot

relate back to any complaint properly filed within the statute of limitations as to Nationwide.

Because it would be futile to allow the Plan Participants to amend the Original Complaint to

assert claims that are barred by the statute of limitations, their Motion should be denied.

## I.    BACKGROUND

On or about October 16, 2003, the Plan Participants brought the Original Complaint

against Wasley Products, Inc. ("Wasley"), Alan Wasley, Andrew Brady, Sandi Dumas-

LaFerriere, Barry Connell (collectively, the "Trustees"), Barry Bulakites ("Bulakites"), James

Winslow ("Winslow") and Joshua Adams Corporation ("JAC," collectively with Bulakites and

Winslow, the "Individual Defendants").  In the Original Complaint, the Plan Participants, all

employees of Wasley and participants in the Wasley 401(k) Profit Sharing Plan, (the "401(k)

Plan"), alleged that the Trustees and the Individual Defendants breached fiduciary duties owed to

them and the 401(k) Plan under the Employee Retirement Income Security Act of 1974

("ERISA").

Specifically, the Plan Participants alleged in the Original Complaint that the Individual

Defendants had been retained by the Trustees to assist in carrying out administrative and trust

duties.  Original Complaint ¶ 15.  The Plan Participants also alleged that for a period of twelve

(12) years the Individual Defendants had engaged in various acts of misconduct, including

conversion of 401(k) Plan assets, failure to diversify 401(k) Plan assets adequately, failure to

select 401(k) Plan investments prudently, misrepresentation of the value of 401(k) Plan assets in

periodic reports mailed to the Trustees, and misrepresentation of the value of 401(k) Plan assets

to 401(k) Plan participants.  Original Complaint ¶16.  The Plan Participants alleged that the

Trustees negligently delegated administrative duties to the Individual Defendants and failed to

monitor their activities appropriately.  Original Complaint ¶¶ 17, 19.  The Plan Participants

alleged that all of these activities by the Trustees and the Individual Defendants were in breach

of the fiduciary duties they owed to the Plan Participants and the 401(k) Plan under ERISA.

Original Complaint ¶¶ 20-29.[1]

   ***Seven months before*** the Plan Participants filed the Original Complaint, however,

Wasley and its subsidiary Precision Molding Company, ("Precision"), brought a Complaint (the

Complaint dated March 4, 2003, the "Wasley I Complaint") against the Individual Defendants as

well as Nationwide and Lincoln National Life Insurance Company ("Lincoln").  In the Wasley I

Complaint, Wasley and Precision asserted that the Individual Defendants, Lincoln ***and***

***Nationwide*** breached fiduciary duties owed to them under ERISA with respect to various

pension plans both companies had established, including a new Defined Benefit Plan for union

employees (the "Defined Benefit Plan"), the 401(k) Plan and a 401(k) Plan for Precision

Molding employees (the "Precision 401(k)," collectively, all three plans the "Pension Plans").

   Among the factual allegations made in the Wasley I Complaint were: (1) "From

November 1990 until at least as late as December 1993, [Nationwide] was a fiduciary and Third

Party Administrator for the Plans," Wasley I Complaint ¶ 9; (2) "Upon information and belief, at

the time Wasley [] retained Bulakites, he was employed by [Nationwide] and had been so

employed since 1989.  Bulakites' employment with [Nationwide] continued until 1993," *id*. ¶ 19;

and (3) "Upon information and belief, at the time Wasley [] retained Winslow, he was employed

by [Nationwide] and had been so employed since 1990.  Winslow's employment with

[Nationwide] continued until 1995," *Id*. ¶20.

---

[1]  The Plan Participants did not assert any claims against Nationwide in the Original Complaint.  Nor did the Plan Participants assert that any defendant was liable to them or the 401(k) Plan for any party's failure to convert accrued benefits properly when switching from a Defined Benefit Plan to the 401(k) Plan.

On June 24, 2003, this Court, Squatrito, J., referred these cases to Alan Mandell, Special Master, for a forensic accounting of the Pension Plans. Specifically, Mr. Mandell undertook to determine what monies went into and out of the Pension Plans and account for all funds that belonged in the Pension Plans.[2]

Most importantly, *more than eighteen months ago*, on February 23, 2004, when the Trustees answered the Original Complaint,[3] (the "Trustees' Answer"), they asserted several affirmative defenses. The first affirmative defense asserted in the Trustees' Answer was "Plaintiffs have failed to name as a defendant Nationwide…..and Lincoln….who are necessary parties to this action." Trustees' Answer, p. 8. In the Trustees' Answer, the Trustees also asserted a Cross-Complaint against the Individual Defendants, again alleging that Bulakites and Winslow were employed by Nationwide and were acting on behalf of or in the scope of their employment or agency relationship with Nationwide with respect to the 401(k) Plan. Trustees' Answer, at Cross-Complaint ¶¶ 8-10, 12, 19-21.

*Additionally*, on March 3, 2004, *just five months after* the Plan Participants brought suit against the Trustees and the Individual Defendants, the Trustees also brought a Third Party Complaint against Nationwide and Lincoln asserting various theories of liability under ERISA and state law (the "Third Party Complaint"). As Third Party Plaintiffs, the Trustees asserted theories of liability against Nationwide for, among other things, vicarious liability under ERISA for the actions of its alleged employees/agents Bulakites and Winslow with respect to the 401(k) Plan. As with the Wasley I Complaint, the Third Party Plaintiffs specifically alleged that

---

[2] The parties to both cases participated in discovery with the Special Master during this period, held two days of hearings, on October 27, 2004 and November 11, 2004, and provided voluminous documents to Mr. Mandell. On February 19, 2004, this Court, Squatrito, J., entered an order staying discovery. This stay was lifted by the Court, Kravitz, J., in approximately May, 2005.

[3] On January 27, 2004, the Court, Squatrito, J., consolidated the Wasley I litigation with the litigation brought by the Plan Participants (the "Wasley II litigation").

Bulakites and Winslow were employed by Nationwide and were acting "within the scope of their employment or as the agents of [Nationwide]." Third Party Complaint ¶ 11. Moreover, many of the factual allegations asserted by the Third Party Plaintiffs sought to establish a link between Bulakites, Winslow and Nationwide, to support the theory of vicarious liability.[4]

Nationwide filed its Answer and Affirmative Defenses to the Third Party Complaint on April 29, 2005 (the "Third Party Answer"). In the Third Party Answer, Nationwide admitted that both Bulakites and Winslow had employment and/or agent relationships with Nationwide, indicated the dates of any such relationships and specified the agreements under which Bulakites and Winslow acted. Nationwide filed its Answer and Affirmative Defenses to the Original Complaint on August 19, 2005.

On August 31, 2005, this Court held a scheduling conference to discuss the status of pleadings and other matters. At that time, counsel for the Plan Participants informed the Court and the parties for the first time that they would be seeking to amend the Original Complaint to, among other things, name Nationwide as a direct defendant in the Wasley II litigation. Thereafter, on September 8, 2005, Nationwide provided its documents and written responses to discovery requests in both the Wasley I and Wasley II litigation. On September 16, 2005, the Plan Participants filed the Motion to Amend which is the subject of this Objection.

On September 20, 2005, Magistrate Garfinkel held a settlement conference with all parties in these consolidated actions. At that conference, counsel for the Plan Participants indicated, consistent with the new theory of liability advanced in the proposed Amended Complaint, that settlement should be predicated on the amount that the Pension Plans were

---

[4] "For example, by letter to Wasley.....on [Nationwide] stationary, Winslow, in his capacity as an employee or agent of [Nationwide]....In an October 24, 1990 letter, also on [Nationwide] stationary, Winslow further promised that the [Nationwide] "Pension Team"...." Third Party Complaint, ¶ 14 "Similarly, by letter to Wasley [] dated November 20, 1990 on [Nationwide] stationary, Bulakites, as an employee or agent of [Nationwide] stated that '[Nationwide] can assist you....'" Third Party Complaint ¶ 15.

under-funded from their inception, plus any additional losses to the Pension Plans due to lost investment income from under-funding, improper investment, conversion, etc.  The Plan Participants, through counsel, asked that the other parties to the litigation agree to the retention of a second expert to ***calculate*** the losses to the Pension Plans under this new theory of liability.

## II.    ARGUMENT

### A.    Standard For Amending Complaint.

While the text of Rule 15(a) presents a liberal amendment policy, Rule 15(a) does not require that leave to amend automatically be granted in all cases.  Indeed, as the Rule's text makes clear, permission to amend is not to be given automatically, but only "when justice so requires."  Fed.R.Civ.P. 15(a); Wright, Miller and Kane, *Federal Practice and Procedure*; Civil 2d § 1487 (1990).  "As a general matter, '[t]he district court has discretion whether or not to grant leave to amend, and its decision is not subject to review on appeal except for abuse of discretion…."  *Ruffolo v. Oppenheimer & Co.*, 978 F.2d 129, 131 (2d Cir. 1993) (upholding district court's denial of leave to amend based on finding that no useful purpose would be served in granting opportunity to amend complaint) (*quoting* 3 *Moore's Federal Practice* ¶ 15.08[4], at 15-64 (2d ed. 1992) (footnotes omitted)).  Leave to amend is to be denied when "the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant."  *Wademan v. Concra*, 13 F.Supp.2d 295, 305 (N.D.N.Y. 1998) (*quoting Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 70 (2d Cir. 1990).  "Undue delay and futility of the of the amendment, among other factors, are reasons to deny leave."  *Id.* (*quoting Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995)).  "The party seeking leave has the burden of proving satisfactory reasons justifying amendment."  *Id.* (*quoting Cresswell*, 922 F.2d at 72).  "[T]he longer the period of an unexplained delay, the less will

required of the nonmoving party in terms of a showing of prejudice." *Block v. First Blood Assoc.*, 988 F.3d 344, 350 (2d Cir. 1993 (*quoting Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983) (internal citations omitted)).

The United States Supreme Court has enunciated a general standard to be employed under Rule 15(a) when considering a motion to amend.  In its opinion in *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962), the Court acknowledged under Rule 15(a) that "if the underlying facts or circumstances relied upon by the plaintiff *may be a proper subject for relief*, he ought to be afforded an opportunity to test his claim on the merits" (emphasis added). However, the Court recognized that was not the end of the inquiry for determining whether leave should be granted under Rule 15(a).  The Court noted that it was also necessary to determine if there was "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc…."  *Id.*  The Court held that *absent* any of these factors, it is appropriate to grant leave to amend.  *Id.*

**B.    Nationwide Should Not Be Added As A Party Defendant More Than Eighteen Months Into This Litigation When The Plaintiffs Have Given No Justification For Their Undue Delay And Adding Nationwide Would Be Futile.**

The Plan Participants have been on notice of Nationwide's *potential involvement* in the 401(k) Plan for at least eighteen months.  In February, 2004, the Trustees filed the Trustees' Answer to the Original Complaint.  In the Trustees' Answer, their First Affirmative Defense stated that Nationwide was a necessary party to the Wasley II litigation.  Moreover, one month later, in March, 2004, the Trustees filed the Third Party Complaint making direct allegations against Nationwide relating to the 401(k) Plan.

Rule 15 is the only vehicle available for the Plan Participants to amend the Original Complaint to add Nationwide as a defendant because, according to the allegations of the proposed Amended Complaint, the statute of limitations has already run as to Nationwide.  In the proposed Amended Complaint, the Plan Participants allege Bulakites and Winslow were employees of Nationwide from the time the 401(k) Plan was established in 1994 through around May, 1995, when Bulakites, Winslow and JAC announced their affiliation with Lincoln.  After this time, the Plan Participants allege that Bulakites and Winslow worked for Lincoln and were acting within the scope of Lincoln's employment in their dealings with Wasley.  Amended Complaint ¶ 20-23.  According to the allegations of the proposed Amended Complaint, the Plan Participants allege that Bulakites and Winslow were employees of Nationwide acting within the scope of their Lincoln employment with Nationwide in their dealings with Wasley <u>only through May, 1995</u>.  Any cause of action that the Plan Participants have as to Nationwide, based on the actions of Bulakites and Winslow, necessarily accrued in May, 1995.  The statute of limitations on the Plan Participants' claims against Nationwide ran, therefore, no later than **2001**.[5] Accordingly, the Plan Participants are restricted to using Rule 15 to request leave to amend to add Nationwide as a defendant herein.

For this Court to grant the Plan Participants' Motion to add Nationwide as a defendant, the following requirements must be satisfied:

- The claim asserted in the amendment must arise from the conduct, transaction or occurrence advanced in the Original Complaint;

- Nationwide must have received adequate notice so as not to be prejudiced;

---

[5]  (1) <u>six years after the date of the last action which constitutes a part of the breach or violation</u>, or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or  (2)  <u>three years after the earliest date on which the plaintiff had actual knowledge of the breach or violations</u>.  29 U.S.C. § 1113.

- Nationwide must have known or should have known that the action would have been brought against it but for the mistake; and

- The notice and "should have known" factors must be satisfied within the period prescribed for service of process.

Rule 15(c); *Moore's* ¶ 15.19[3][a], at 15-89.  The third and fourth factors are inter-related and together are fatal for the Plan Participants.[6]  The third factor, which requires that Nationwide knew or should have known it would have been sued but for a mistake, has two prongs both of which must be satisfied.  The Plan Participants must establish that: (1) there was a mistake of identity; and (2) Nationwide had knowledge or constructive knowledge that the action would have been brought but for the mistake.  *Moore's* ¶ 15.19[3][d], at 15-94.1; *Leonard v. Parry*, 219 F.3d 25, 28 (1st Cir. 2000) ("[t]o satisfy this criterion, the amendment's proponent must show not only that he made a mistake anent the proper party's identity, but also that the later-named party, within the prescribed time limit, knew or should have known that, but for this mistake, the action would have been brought against her").  A conscious choice to sue one party and not another *does not constitute a mistake and is not a basis for relation back.  Moore's* ¶ 1519[3][d], at 15-94.2.  "The plaintiff bears the burden of proving that the failure to name the new defendant in the original pleading was a 'mistake,' and not due to strategy, lack of knowledge, or some other reason." *Bass v. World Wrestling Federation Entertainment, Inc.*, 129 F.Supp.2d 491, 508 (*citing Barrow v. Wethersfield Police Dep't.*, 66 F.3d 466, 469-70 (2d Cir. 1995), *modified on other grounds*, 74 F.3d 1366 (1996)).  The Plan Participants have not established that they were mistaken about Nationwide's proper identity sufficient to support the Motion.  In fact, the Plan Participants do not argue that they were mistaken about Nationwide's identity, but instead state

---

[6] Nationwide assumes, without conceding, that this Court would find in the Plan Participants' favor for the other factors for the purpose of this Objection only.

that at the time of filing the Original Complaint they "did not then have sufficient information to form a reasonable belief about the role" of Nationwide.  Motion, at p. 4.[7]  This does not meet the standard required for adding Nationwide as a defendant.

More importantly, however, the Plan Participants cannot satisfy the fourth factor because Nationwide did not know of the Plan Participants' mistake in not naming it as a defendant *and* did not receive notice of the Original Complaint within the period prescribed for service of process.  Because the Original Complaint was brought on March 4, 2003, *nearly two years after* the statute of limitations ran in 2001[8] on the Plan Participants' claims, if any, against Nationwide, the Amended Complaint cannot relate back to add Nationwide as a party defendant.  *See* Fed.R.Civ.P. 15(c); *Moore's* ¶ 15.19[3][e].

Moreover, the Plan Participants' Motion is futile and should be denied.  Even if this Court were to find that relation back were proper, (which Nationwide does not concede), as to Nationwide, the proposed Amended Complaint does not relate back to any claim properly filed within the statute of limitations for Nationwide.  Therefore, the Plan Participants' Motion to add Nationwide as a defendant must independently be denied on that basis.  As indicated above, according to the allegations in the proposed Amended Complaint, Nationwide's liability, if any, ceased in May, 1995 when, according to the Plan Participants, Bulakites and Winslow began

---

[7]  The Plan Participants' statements in support of their Motion, that they have just uncovered information to form a *reasonable belief* about Nationwide's role including that Nationwide employed Bulakites and Winslow, are disingenuous in light of the pleadings in these consolidated matters.  The Plan Participants were put on notice of Nationwide's possible role in this litigation over eighteen months ago by the Trustees' Answer and Affirmative Defenses.  Moreover, there was a considerable volume of documents produced in the discovery conducted by the Special Master, many of which detailed money deposited into various accounts at Nationwide which were opened and maintained for the various Pension Plans.  Counsel for the Plan Participants participated in the Special Master proceedings.

[8]  This assumes, *arguendo*, that the Plan Participants are entitled to the more generous six year statute of limitations prescribed by ERISA § 1113 and that Nationwide received knowledge of the Original Complaint on the date that it was filed.  Nationwide assumes these points for the purposes of this Objection only, without conceding them.

working for Lincoln and were acting in the scope of Lincoln's employment in their dealings with Wasley Products.  Amended Complaint ¶ 23.

The statute of limitations period applied to actions for breach of fiduciary duty arising under ERISA § 1132(2) bars the Plan Participants' claims against Nationwide in the Proposed Amended Complaint.  *See* 29 U.S.C. § 1113; *see e.g. Calogero Carollo v. Cement and Concrete Workers District Counsel Pension Plan*, 964 F.Supp 677, 686-867 (E.D.N.Y 1997) (ERISA § 1113's "limitations period applied to fiduciary duty actions brought not only under § 1132(a)(2)…but also under § 1132(a)(3)").  Specifically, ERISA § 1113 precludes any party from commencing a cause of action for breach of fiduciary duty after the earlier of:

> (1) <u>six years after the date of the last action which constitutes a part of the breach or violation</u>, or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or
>
> (2) <u>three years after the earliest date on which the plaintiff had actual knowledge of the breach or violations</u>.
>
> <u>except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violations</u>.

29 U.S.C. § 1113 (emphasis added).  Courts in the Second Circuit practice "strict adherence" to ERISA's limitation statute as "the best guaranty of evenhanded administration of the law."  *Carey v. International Brotherhood of Electrical Workers Local*, 393, 201 F.3d 44, 47 (2d Cir. 1999).

The Plan Participants have premised Nationwide's alleged liability for breach of fiduciary duty on the acts and omissions of Bulakites and Winslow.  *See* Motion, at p. 4. In fact, the Plan Participants do not allege that Nationwide was itself a fiduciary to the 401(k) Plan.  *See* Amended Complaint ¶ 18; *compare* Amended Complaint ¶ 9-15.

Even under the more generous six year limitations period, according to the

allegations of the proposed Amended Complaint, the last action which constituted part of Nationwide's alleged breach of fiduciary duty occurred no later than May, 1995 when Bulakites and Winslow were no longer employed by Nationwide. After May, 1995 there is no allegation in the proposed Amended Complaint that Bulakites and Winslow continued to act within the scope of their employment with Nationwide in their dealings with Wasley. Accordingly, the Plan Participants' cause of action against Nationwide, if any, accrued in 1995 and ran no later than **2001**.[9] It would be futile to allow the Plan Participants to amend the Original Complaint to add Nationwide when any claims the Plan Participants might assert against Nationwide are barred by the statute of limitations. *See Bradley v. J.E. Val-Mejias, M.D.*, 379 F.3d 892 (10th Cir. 2004) (upholding district court's denial of motion on the ground that amendment would be futile because the claims would be barred by the statute of limitations). Accordingly, the Plan Participants' Motion, seeking to add Nationwide as a defendant, should be denied.

### C.     John Wiblyi Does Not Have Standing And Should Not Be Added As A Plaintiff Because It Would Be Futile.

The Plan Participants' Motion to add John Wiblyi ("Wiblyi") as a plaintiff should be denied because Mr. Wiblyi lacks standing. It is well-settled that Rule 15(c) can be used to name new plaintiffs, even though the text of Rule 15 does not expressly state that the Rule applies to adding plaintiffs. *Moore's* ¶ 15.19[3][a], at 15-88; *In re Integrated Res. Real Estate Ltd. P'ship Sec. Litig.*, 815 F. Supp. 620, 642 (S.D.N.Y. 1993) (advisory committee notes indicate that Rule 15(c) extends by analogy to plaintiffs as long as defendants are provided notice of existence of

---

[9] Please note that ERISA § 1113's fraud exception which tolls the limitation period under six years after discovery of the fraud is not applicable to Nationwide. Specifically, in multi-defendant litigation, ERISA's six-year fraud exception requires the Plan Participants to plead in the proposed Amended Complaint the particular and specific fraudulent actions undertaken by each individual defendant. *Gruby v. Brady*, 838 F.Supp. 820, 831 (S.D.N.Y. 1993) (When plaintiff seeks to toll the ERISA statute of limitations for fraud "the complaint should inform each defendant of the nature of his alleged participation in the fraud."). The Plan Participants here failed to allege any specific facts which would or could form the basis for any claimed fraudulent actions on Nationwide's part.

additional claim and mistake in naming proper party).  Before even reaching the Rule 15(c)

analysis, however, the proposed Amended Complaint adding Wiblyi fails because this Court

does not have subject matter jurisdiction over his proposed claim.

An element of subject matter jurisdiction is the party's standing to bring the claim in the

first instance.  *See Wademan v. Concra*, 13 F.Supp.2d 295, 300 (N.D.N.Y. 1998).  Federal courts

are required to address standing even if not raised by the parties, because they are only

empowered to hear *actual cases and controversies*.  *Lee v. Board of Governors of the Federal

Reserve System*, 118 F.3d 905, 910 (2d Cir. 1997) (*cited in Wademan*, 13 F.Supp.2d at 300)

(emphasis added).  "The doctrine of standing has developed to ensure the presence of 'that

concrete adverseness which sharpens the presentation of issues upon which the court so largely

depends.'"  *Lee*, 118 F.3d at 910 (*cited in Wademan*, 13 F.Supp.2d at 300).

In order to establish standing, the Plan Participants[10] must establish that Wiblyi:

> (1) suffered 'an injury in fact' -- an invasion of a judicially cognizable interest
> which is (a) concrete and particularized and (b) actual or imminent, not
> conjectural or hypothetical; (2) that there by a causal connection between the
> injury and the conduct complained of -- the injury must be fairly traceable to the
> challenged action of the defendant, and not some third party not before the court;
> and (3) that it be likely, as opposed to merely speculative, that the injury will be
> redressable by a favorable decision.

*Lee*, 118 F.3d at 910 (*quoting Bennett v. Spear*, 520 U.S. 154, 117 S.Ct. 1154, 1163 (1997)).

The Plan Participants have not established that Wiblyi has standing to assert the claims in

the proposed Amended Complaint.  Specifically, there is no allegation that Wiblyi has an "injury

in fact" which is actual or imminent.  *See Lee*, 118 F.3d. at 910.  There is no allegation that

Wiblyi has not received all payments owed to him under the terms of the Defined Benefit Plan.

Nor is there any allegation that Wasley has given any indication, let alone presented any

---

[10]  "As with questions of jurisdiction generally, the party invoking the authority of the court bears the burden of
proof on the issue of standing."  *Lee*, 118 F.3d at 910 (*cited in Wademan*, 13 F.Supp.2d at 300).

imminent threat, that it *will not* fulfill its obligations to Wiblyi under the terms of the Defined

Benefit Plan.  Wiblyi, therefore, is not suffering an "injury in fact," because he is not suffering

an actual or imminent injury.  At most, the Plan Participants allege that Wiblyi may have some

hypothetical injury based upon Wasley's failure to offer him assurances that it will continue to

fulfill its financial obligations to him in the future.  Wiblyi does not now have standing to assert

the claims he attempts to raise in the proposed Amended Complaint.  The Plan Participants'

Motion to add Wiblyi as a plaintiff, therefore, is futile.

        In addition, Wiblyi does not meet the standards set forth under Rule 15(c).  *See Moore's* ¶

15.19[3][b], at 15-90; *Martell v. Trilogy, Ltd.*, 872 F.2d 322, 324 (9th Cir. 1989) (the litigant

seeking to amend to change or add a party must satisfy more stringent requirements, including

the that the amendment arise out of the same transaction, greater notice requirements and a

showing of lack of prejudice).  As an initial matter, Wiblyi's claim does not arise from the same

conduct, transaction or occurrence as the claims previously asserted by the Plan Participants in

the Original Complaint.  Wiblyi's claims relate to exclusively to his own pension under the

Defined Benefit Plan.  The Plan Participants made no factual allegations with respect to the

Defined Benefit Plan in the Original Complaint.  The Original Complaint focused exclusively on

claimed breaches of fiduciary duty for the 401(k) Plan.  Wiblyi's claims, as alleged in the

proposed Amended Complaint, that (1) he was improperly denied a lump sum benefit payment in

1987, (2) his annuity was improperly allowed to lapse, (3) the Defined Benefit Plan is under-

funded, and (4) Wasley has taken no financial steps to ensure that the Defined Benefit Plan has

sufficient assets to pay his future benefits, do not relate to the same conduct, transaction or

occurrence raised in the Original Complaint.

Moreover, the defendants, including Nationwide (should it be added as a defendant herein, which it does not concede), would be prejudiced by the late addition of Wiblyi in this litigation. This consolidated litigation has been proceeding for over two years. While formal discovery has only recently begun, the parties have spent considerable time, effort and expense engaging in extensive discovery with the Special Master, and have planned their respective litigation strategies on the basis of the claims and parties as they currently exist. The addition of Wiblyi's claim, which does not arise from the same transaction or occurrence as alleged in the Original Complaint, would cause the parties prejudice. This would require the parties to conduct their own informal fact-finding before embarking on written discovery as to Wiblyi's claims, when at a point in litigation when depositions are imminent as to all the other claims. The Plan Participants, therefore, cannot amend the Original Complaint to add Wiblyi as a plaintiff under the standards set forth in Rule 15(c). The Plan Participants' Motion to add Wiblyi as a plaintiff should be denied for both reasons.

**D.    The Plaintiffs' New Cause of Action Relating To The Defined Benefit Plan (Count Two) Should Not be Added When Plaintiffs Have Given No Justification For Their Undue Delay And Adding This Count Would Be Futile.**

Finally, the Plan Participants' Motion to add an additional claim, asserting a new factual theory relating to the Defined Benefit Plan, should likewise be denied. As an initial matter, the Plan Participants have offered no reasonable justification for their undue delay in bringing the new claim. The parties have already expended extensive time, effort and expense in the discovery proceedings before the Special Master.[11] Because the Plan Participants, through counsel, have indicated their intent to seek yet another expert to analyze their damages under this new claim as well as their plan to seek to share that cost among the parties, Nationwide will

---

[11] The Special Master undertook to determine the losses to the Pension Plans, if any, under the Plaintiffs' then-existing theories of liability in Wasley I and Wasley II.

suffer prejudice if the Plan Participants are allowed to amend the Original Complaint to assert

this new claim some two years after bringing the action.  Had the Plan Participants brought this

Motion earlier, assuming *arguendo* that this claim were somehow proper for Amendment,

(which Nationwide does not concede), the previously retained Special Master might have been

able to address the actuarial issues that the Plan Participants intend to raise now.

In addition, the Plan Participants cannot bring this new claim because it is barred by the

statute of limitations, at least as to Nationwide.  Thus, it is futile.  While an amendment will

relate back to the filing of an original complaint for the purpose of the statute of limitations, the

amendment (a) must arise out of the same conduct, transaction or occurrence as alleged in the

original pleading, and (b) the original complaint must have been timely filed within the statute of

limitations.  *See Moore's* ¶ 15.19[1], at 15-82; ¶ 15.19[2], at 15-85.  The new claim asserted in

the proposed Amended Complaint fails for both of these reasons.

In the proposed Amended Complaint, the Plan Participants set forth a new set of

operative facts concerning alleged acts and omissions related to the Defined Benefit Plan.  The

Original Complaint dealt exclusively with alleged acts and omissions related to the 401(k) Plan.

The Plan Participants did not assert any factual allegations with respect to the Defined Benefit

Plan in the Original Complaint.  *See* Original Complaint.  The claims now being asserted

regarding the Defined Benefit Plan do not relate to the same transaction or occurrence as the

claims the Plan Participants have plead regarding the 401(k) Plan in the Original Complaint.

The focus of this Court's inquiry in determining whether the proposed new claim arises

from the same transaction or occurrence is whether the Original Complaint gave adequate notice

of the *facts* that form the basis of the new claim.  *See Unicare, Inc. v. Thurman*, 97 F.R.D. 1, 4

(W.D.N.Y. 1982) (*explained in Martell*, 872 F.2d at 326, n. 7).  The Original Complaint, devoid

of any factual allegation regarding the Defined Benefit Plan, failed to give notice of the facts which now form the basis of the Plan Participants' new cause of action relating to the Defined Benefit Plan. Accordingly, the new claim in the proposed Amended Complaint does not arise from the same transaction or occurrence as the claims set forth in the Original Complaint and does not relate back for purposes of the statute of limitations.

Additionally, an amended complaint only relates back to the date of the original complaint. Accordingly, if allowed, the new claim would only relate back to October 16, 2003. As indicated, *supra*, the Plan Participants' have only alleged that Nationwide is liable for the actions of Bulakites and Winslow inasmuch as they engaged in activities within the scope of Nationwide's employment in their dealings with Wasley. Amended Complaint ¶ 22. The Plan Participants have not alleged that Nationwide is, itself, a fiduciary for the Pension Plans. *See* Amended Complaint ¶ 18; *compare* Amended Complaint ¶¶ 9-15.

Even under the more generous six (6) year limitations period, according to the allegations of the proposed Amended Complaint, the last action which constituted part of Nationwide's alleged breach of fiduciary duty occurred no later than May, 1995 when Bulakites and Winslow were no longer employed by Nationwide and no longer acted within the scope of their claimed employment with Nationwide in their dealings with Wasley. The Plan Participants' cause of action against Nationwide, if any, accrued in 1995 and ran no later than **2001**.[12]  Therefore, the Original Complaint, brought in 2003, is

---

[12]  ERISA § 1113's fraud exception which tolls the limitation period under six years after discovery of the fraud is not applicable to Nationwide. Specifically, in multi-defendant litigation, ERISA's six-year fraud exception requires the Plan Participants to plead in the proposed Amended Complaint the particular and specific fraudulent actions undertaken by each individual defendant. *Gruby*, 838 F.Supp. at 831 (When plaintiff seeks to toll the ERISA statute of limitations for fraud "the complaint should inform each defendant of the nature of his alleged participation in the fraud."). The Plan Participants failed to allege any specific facts which would form the basis for any fraudulent actions on Nationwide's part.

beyond the statute of limitations, at least as to Nationwide. An amended complaint cannot relate back to an initial complaint which was itself not timely filed. *See Rayo v. New York*, 882 F.Supp. 37, 40 (N.D.N.Y. 1995) (amendment only relates back to initial pleading which was not timely filed). It would be futile to allow the Plan Participants to amend the Original Complaint to add this new claim, at least as to Nationwide, when it is barred by the statute of limitations. *See Bradley*, 379 F.3d 892 (upholding district court's denial of motion on the ground that amendment would be futile because the claims would be barred by the statute of limitations). Accordingly, the Plan Participants' Motion, seeking to add claims relating to the Defined Benefit Plan, should be denied.

## III.    CONCLUSION

For all of the aforementioned reasons, the Plan Participants' Motion to Amend should be denied inasmuch as it seeks to: (1) add Nationwide as a defendant, (2) add Wiblyi as a plaintiff, and (3) seeks to add a new claim relating to the Defined Benefit Plan, at least as to Nationwide.

**DEFENDANT,
NATIONWIDE LIFE INSURANCE
COMPANY OF AMERICA**

By:_____// S //_____
        Deborah S. Freeman [ct05257]
        Sara R. Simeonidis [ct25566]
        BINGHAM MCCUTCHEN LLP
        One State Street
        Hartford, CT 06103
        (860) 240-2700
        (860) 240-2800 (fax)
        Its Attorneys

## CERTIFICATION

This is to certify that a copy of the foregoing Memorandum in Opposition to Motion to Amend has been served this 30th day of September, 2005, via first class mail, postage prepaid, to all counsel and pro se parties of record in these consolidated actions as follows:

Theodore J. Tucci, Esq.
Jean E. Tomasco, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

Thomas G. Moukawsher, Esq.
Ian O. Smith, Esq.
Moukawsher & Walsh
21 Oak Street, Suite 209
Hartford, CT 06106

Joseph V. Meaney, Jr.
Cranmore, Fitzgerald & Meaney
49 Wethersfield Avenue
Hartford, CT 06114-1102

Steven J. Errante, Esq.
Eric P. Smith, Esq.
Nancy Fitzpatrick Myers, Esq.
Marisa A. Bellair, Esq.
Lynch, Traub, Keefe & Errante, P.C.
52 Trumbull Street
P.O. Box 1612
New Haven, CT  06506-1612

James J. Reardon, Jr., Esq.
Thomas G. Rhoback, Esq.
LeBouef, Lamb, Greene & MacRae
225 Asylum Street
Hartford, CT  06103

_____
// S //
Sara R. Simeonidis

CTDOCS/1640579.1