UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WASLEY PRODUCTS, INC., ET AL., | MASTER CONSOLIDATED CASE |
| | CIVIL NO. 3:03 CV 383 (MRK) |
| Plaintiffs, | |
| | THIS PERTAINS TO: |
| | 3:03 CV 1790 (MRK) |
| v. | (<u>Prentiss, et al v. Wasley Products, Inc., et al</u>) |
| BULAKITES, ET AL., | |
| Defendants. | OCTOBER 7, 2005 |

### NATIONWIDE LIFE INSURANCE COMPANY OF AMERICA f/k/a PROVIDENT MUTUAL LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION FOR PERMISSION TO JOIN ADDITIONAL PARTIES AND TO AMEND COMPLAINT

Pursuant to Federal Rule of Civil Procedure ("Rule") 15(a), the Defendant Nationwide Life Insurance Company of America f/k/a Provident Mutual Life Insurance Company ("Nationwide") hereby respectfully objects to the Plaintiffs' Motion for Permission to Join Additional Parties and to Amend Complaint (the "Motion") filed by the Plaintiffs Wasley Products, Inc. and Precision Molding Co., individually and behalf of Wasley Products UAW Local 376 Retirement Plan, Precision Molding 401(k) Plan and Wasley Products 401(k) Plan, (collectively, the "Plaintiffs"), as more fully discussed in the accompanying memorandum of law.

Specifically, Nationwide objects to the Plaintiffs' request to amend their Complaint dated March 4, 2003 (the "Original Complaint") to (a) join in the litigation brought by Gregory Prentiss, John Rizzi, Richard Seich and Dorothy Brown (collectively, the "Plan Participants"), brought individually and on behalf of the Wasley Products, Inc. 401(k) Profit Sharing Plan, (the action the "Wasley II litigation"), and (b) assert claims relating to the UAW Plan in the Wasley II litigation (the "Objection").

For all of the reasons set forth in the accompanying memorandum of law, the Plaintiffs' Motion should be denied consistent with Nationwide's Objection.

> **DEFENDANT,**
> **NATIONWIDE LIFE INSURANCE**
> **COMPANY OF AMERICA**
>
> By: _____// S //_____
> Deborah S. Freeman [ct05257]
> Sara R. Simeonidis [ct25566]
> BINGHAM MCCUTCHEN LLP
> One State Street
> Hartford, CT 06103
> (860) 240-2700
> (860) 240-2800 (fax)
> Its Attorneys

**CERTIFICATION**

  This is to certify that a copy of the foregoing Opposition to Motion to Amend has been served this 7th day of October, 2005, via first class mail, postage prepaid, to all counsel and pro se parties of record in these consolidated actions as follows:

Theodore J. Tucci, Esq.
Jean E. Tomasco, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

Thomas G. Moukawsher, Esq.
Ian O. Smith, Esq.
Moukawsher & Walsh
21 Oak Street, Suite 209
Hartford, CT 06106

Joseph V. Meaney, Jr.
Cranmore, Fitzgerald & Meaney
49 Wethersfield Avenue
Hartford, CT 06114-1102

Steven J. Errante, Esq.
Eric P. Smith, Esq.
Nancy Fitzpatrick Myers, Esq.
Marisa A. Bellair, Esq.
Lynch, Traub, Keefe & Errante, P.C.
52 Trumbull Street
P.O. Box 1612
New Haven, CT  06506-1612

James J. Reardon, Jr., Esq.
Thomas G. Rhoback, Esq.
LeBouef, Lamb, Greene & MacRae
225 Asylum Street
Hartford, CT  06103

                // S //
               Sara R. Simeonidis

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WASLEY PRODUCTS, INC., ET AL., | MASTER CONSOLIDATED CASE |
| | CIVIL NO. 3:03 CV 383 (MRK) |
| Plaintiffs, | |
| | THIS PERTAINS TO: |
| | 3:03 CV 1790 (MRK) |
| v. | (Prentiss, et al v. Wasley Products, Inc., et al) |
| BULAKITES, ET AL., | |
| Defendants. | OCTOBER 7, 2005 |

**NATIONWIDE LIFE INSURANCE COMPANY OF AMERICA f/k/a PROVIDENT MUTUAL LIFE INSURANCE COMPANY'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR PERMISSION TO JOIN ADDITIONAL PARTIES AND TO AMEND COMPLAINT**

Pursuant to Federal Rule of Civil Procedure ("Rule") 15(a), the Defendant Nationwide Life Insurance Company of America f/k/a Provident Mutual Life Insurance Company ("Nationwide") respectfully objects to the Motion for Permission to Join Additional Parties and to Amend Complaint, (the "Motion"), filed by the Plaintiffs Wasley Products, Inc. and Precision Molding Company, individually and behalf of Wasley Products UAW Local 376 Retirement Plan, (the "UAW Plan"), Precision Molding 401(k) Plan, ("Precision 401(k)"), and Wasley Products 401(k) Plan, ("Wasley 401(k)," collectively, the "Plaintiffs").

Specifically, Nationwide objects to the Plaintiffs' request to amend their Complaint dated March 4, 2003 (the "Original Complaint") to (a) join in the litigation brought by Gregory Prentiss, John Rizzi, Richard Seich and Dorothy Brown (collectively, the "Plan Participants"), individually and on behalf of the Wasley Products, Inc. 401(k) Profit Sharing Plan, (the action the "Wasley II litigation"), and (b) assert claims relating to the UAW Plan in the Wasley II litigation (the "Objection").

CTDOCS/1641416.1

For the reasons set forth more fully below, allowing the Plaintiffs to amend the Original Complaint is futile. According to the allegations in the proposed Amended Complaint, the statute of limitations ran on any claims the Plaintiffs may have had against Nationwide no later than 2001. Because the Original Complaint, filed March 4, 2003, is itself beyond the statute of limitations as to Nationwide, the proposed Amended Complaint cannot relate back to any complaint properly filed within the statute of limitations as to Nationwide. Because it would be futile to allow the Plaintiffs to amend the Original Complaint to assert claims that are barred by the statute of limitations, their Motion should be denied.

## I. BACKGROUND

On or about March 4, 2003, the Plaintiffs brought the Original Complaint (the action, the "Wasley I Litigation") against Barry Bulakites ("Bulakites"), James Winslow ("Winslow") and Joshua Adams Corporation ("JAC," collectively with Bulakites and Winslow, the "Individual Defendants"), Nationwide, and Lincoln National Life Insurance Company ("Lincoln"). In the Original Complaint, the Plaintiffs, alleged Defendants breached fiduciary duties owed to them under the Employee Retirement Income Security Act of 1974 ("ERISA").

The Original Complaint contains six counts and seeks damages against the Individual Defendants, Nationwide and Lincoln. Under Counts One and Two, the Plaintiffs claim that Nationwide, as well as the other defendants, engaged in a series of alleged bad acts which resulted in the conversion of funds from the Pension Plans. Original Complaint ¶ 50. However, in the Original Complaint, the Plaintiffs concede that Nationwide's alleged bad acts were "to a more limited extent" than the alleged "extensive misconduct" of the Individual Defendants. Original Complaint ¶ 49. Moreover, the Plaintiffs acknowledged that Nationwide terminated its

relationships with Bulakites and Winslow in 1993 and 1995 respectively. Original Complaint ¶¶ 19-20.

Furthermore, under the Original Complaint, the Plaintiffs expressly limited the time period for Nationwide's alleged liability. Specifically, the Plaintiffs' claims of *direct* liability against Nationwide are expressly limited to the time period of only "November 1990 until 1993." Original Complaint ¶¶ 53, 62. This time limitation *excludes* Nationwide from liability under the Original Complaint for all claims related to the Wasley and Precision 401(k) Plans. Indeed, the Plaintiffs do not seek relief against Nationwide related to these Plans. *See* Original Complaint, Counts Three, Four, Five, Six.

Thereafter, on October 16, 2003 the Plan Participants filed their complaint in the Wasley II litigiation. In the Wasley II litigation, the Plan Participants brought suit against Wasley Products, Inc., Precision Molding Company and the Plan Trustees of the Wasley and Precision 401(k) Plans for breach of fiduciary duties owed to them under ERISA.

On June 24, 2003, this Court, Squatrito, J., referred these cases to Alan Mandell, Special Master, for a forensic accounting of the Pension Plans. Specifically, Mr. Mandell undertook to determine what monies went into and out of the Pension Plans and account for all funds that belonged in the Pension Plans.[1]

On August 31, 2005, this Court held a scheduling conference to discuss the status of pleadings and other matters. At that time, *counsel for the Plan Participants* informed the Court and the parties for the first time that they would be seeking to amend the Complaint in the Wasley II Litigation. Counsel for the Plaintiffs in Wasley I did not inform the Court or the

---

[1] The parties to both cases participated in discovery with the Special Master during this period, held two days of hearings, on October 27, 2004 and November 11, 2004, and provided voluminous documents to Mr. Mandell. On February 19, 2004, this Court, Squatrito, J., entered an order staying discovery. This stay was lifted by the Court, Kravitz, J., in approximately May, 2005.

parties to these consolidated cases that the Plaintiffs would seek to join the Wasley II litigation. Thereafter, on September 23, 2005,[2] the Plaintiffs filed the Motion to Amend which is the subject of this Objection.

## II.    ARGUMENT

### A.    Standard For Amending Complaint.

While the text of Rule 15(a) presents a liberal amendment policy, Rule 15(a) does not require that leave to amend automatically be granted in all cases. Indeed, as the Rule's text makes clear, permission to amend is not to be given automatically, but only "when justice so requires." Fed.R.Civ.P. 15(a); Wright, Miller and Kane, *Federal Practice and Procedure*; Civil 2d § 1487 (1990). "As a general matter, '[t]he district court has discretion whether or not to grant leave to amend, and its decision is not subject to review on appeal except for abuse of discretion….'" *Ruffolo v. Oppenheimer & Co.*, 978 F.2d 129, 131 (2d Cir. 1993) (upholding district court's denial of leave to amend based on finding that no useful purpose would be served in granting opportunity to amend complaint) (*quoting* 3 *Moore's Federal Practice* ¶ 15.08[4], at 15-64 (2d ed. 1992) (footnotes omitted)). Leave to amend is to be denied when "the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant." *Wademan v. Concra*, 13 F.Supp.2d 295, 305 (N.D.N.Y. 1998) (*quoting Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 70 (2d Cir. 1990). "Undue delay and futility of the of the amendment, among other factors, are reasons to deny leave." *Id.* (*quoting Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995)). "The party seeking leave has the burden of proving satisfactory reasons justifying amendment." *Id.* (*quoting Cresswell*, 922 F.2d at 72). "[T]he longer the period of an unexplained delay, the less will

---

[2] On September 20, 2005, Magistrate Garfinkel held a settlement conference with all parties in these consolidated actions. The Plaintiffs did not inform the Court or the parties to these consolidated actions at that time that they intended to amend their complaint and seek to join the Wasley II litigation.

required of the nonmoving party in terms of a showing of prejudice." *Block v. First Blood Assoc.*, 988 F.3d 344, 350 (2d Cir. 1993 (*quoting Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983) (internal citations omitted)).

The United States Supreme Court has enunciated a general standard to be employed under Rule 15(a) when considering a motion to amend. In its opinion in *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962), the Court acknowledged under Rule 15(a) that "if the underlying facts or circumstances relied upon by the plaintiff *may be a proper subject for relief*, he ought to be afforded an opportunity to test his claim on the merits" (emphasis added). However, the Court recognized that was not the end of the inquiry for determining whether leave should be granted under Rule 15(a). The Court noted that it was also necessary to determine if there was "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc…." *Id.* The Court held that *absent* any of these factors, it is appropriate to grant leave to amend. *Id.*

> **B.     The Plaintiffs Should Not Be Added As Parties To The Wasley II Litigation More Than Two Years Into This Litigation When the Plaintiffs Have Given No Justification For Their Undue Delay, Have Made No Showing Why They Should Now Be Joined As Party Plaintiffs, And Amendment Would Be Futile.**

The Plaintiffs have identified no basis, and indeed there is none, for their delay in seeking to join as party plaintiffs in the Wasley II litigation. The Plaintiffs have been on notice of the scope of the potential claims against the Individual Defendants, Nationwide and Lincoln since they brought suit in March, 2003. Indeed, they filed the Original Complaint that instigated the Wasley I Litigation on March 4, 2003. Thereafter, the Plan Participants brought suit against the Individual Defendants and the Plan Trustees in the Wasley II litigation on October 16, 2003.

Rule 15 is the only vehicle available for the Plaintiffs to join the Wasley II litigation and to amend the Original Complaint because, according to the allegations of the proposed Amended Complaint, the statute of limitations has already run as to Nationwide. In the proposed Amended Complaint, the Plaintiffs allege that Nationwide was a fiduciary and third party administrator for the Pension Plan only through "as late as December 1993." Amended Complaint ¶ 12. Additionally, in the proposed Amended Complaint the Plaintiffs allege that Bulakites' employment with Nationwide ceased as of 1995. Amended Complaint ¶ 22. The Plaintiffs further allege that Winslow's employment with Nationwide ceased as of 1995. Amended Complaint ¶ 23. Therefore, any cause of action that the Plaintiff have as to Nationwide, based on their alleged direct participation as an alleged fiduciary *or* based on the actions of Bulakites and Winslow, necessarily accrued no later than May, 1995. The statute of limitations on the Plaintiffs' claims against Nationwide ran, therefore, no later than **2001**.[3] Accordingly, the Plaintiffs are restricted to using Rule 15 to request leave to amend to join the Wasley II litigation as a party plaintiffs herein.

Before courts will allow an amendment adding a plaintiff to relate back, they generally ask whether the defendant would be unfairly prejudiced in maintaining a defense against a new plaintiff, and whether the defendant knew or should have known that it would be called upon to defend against claims asserted by this new plaintiff. *Moore's* ¶ 15.19[3][a], at 15-89 note 21.1; *see* Fed.R.Civ.P. 15(c) advisory committee note of 1966 ("The relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier. Again *the chief consideration of policy is that of the statute of limitations*, and the

---

[3] (1) six years after the date of the last action which constitutes a part of the breach or violation, or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violations. 29 U.S.C. § 1113.

attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to changing plaintiffs") (emphasis added); *In re Integrated Res. Real Estate Ltd.P'ship Sec. Litig.*, 815 F. Supp. 620, 642 (S.D.N.Y. 1993) (advisory committee notes indicate that Rule 15(c) extends by analogy to plaintiffs as long as defendants are provided notice of existence of additional claim and mistake in naming proper party); *Martell v. Trilogy, Ltd.*, 872 F.2d 322, 324 (9th Cir. 1989) (the litigant seeking to amend to change or add a party must satisfy more stringent requirements, including the that the amendment arise out of the same transaction, greater notice requirements and a showing of lack of prejudice).

For this Court to grant the Plaintiffs' Motion to join the Wasley II litigation, the following requirements must be satisfied:

- The claim asserted in the amendment must arise from the conduct, transaction or occurrence advanced in the Original Complaint;

- Nationwide must have received adequate notice so as not to be prejudiced;

- Nationwide must have known or should have known that the action would have been brought against it but for the mistake; and

- The notice and "should have known" factors must be satisfied within the period prescribed for service of process.

Rule 15(c); *Moore's* ¶ 15.19[3][a], at 15-89. The third and fourth factors are inter-related and together are fatal for the Plaintiffs.[4] The third factor, which requires that Nationwide knew or should have known it would have been sued by these Plaintiffs in the Wasley II litigation but for a mistake, has two prongs both of which must be satisfied. The Plaintiffs must establish that: (1) there was a mistake of identity; and (2) Nationwide had knowledge or constructive knowledge

---

[4] Nationwide assumes, without conceding, that this Court would find in the Plaintiffs' favor for the first two factors for the purpose of this Objection only.

that these Plaintiffs would have brought this action but for the mistake. *Moore's* ¶ 15.19[3][d], at 15-94.1. The Plaintiffs have not identified any mistake which caused their previous failure to join as party Plaintiffs in the Wasley II litigation. Indeed, the Plaintiffs have not identified *any reason* for their previous failure to join as party Plaintiffs in the Wasley II litigation. This does not meet the pleading requirement for adding the Plaintiffs as parties.[5]

More importantly, however, the Plaintiffs cannot satisfy the fourth factor because Nationwide did not know of the Plaintiffs' "mistake" in failing to join themselves as party plaintiffs herein *and* did not receive notice of the Original Complaint within the period prescribed for service of process. Because the Original Complaint was brought on March 4, 2003, *nearly two years after* the statute of limitations ran in 2001[6] on the Plaintiffs' claims, if any, against Nationwide, the proposed Amended Complaint cannot relate back to add the Plaintiffs as party plaintiffs in the Wasley II litigation. *See* Fed.R.Civ.P. 15(c); *Moore's* ¶ 15.19[3][e].

Moreover, the Plaintiffs' Motion is futile and should be denied. Even if this Court were to find that relation back were proper, (which Nationwide does not concede), as to Nationwide, the proposed Amended Complaint does not relate back to any claim properly filed within the statute of limitations for Nationwide. Therefore, the Plaintiffs' Motion to join as party plaintiffs in the Wasley II litigation must independently be denied on that basis. As indicated above, according to the allegations in the proposed Amended Complaint, Nationwide's liability, if any,

---

[5] *See Moore's* ¶ 15.19 [3][d], at 15-94.2 (noting that when seeking to add a defendant, a conscious choice to sue one party and not another does not constitute a mistake and is not a basis for relation back); *see also Bass v. World Wrestling Federation Entertainment, Inc.*, 129 F. Supp. 2d 491, 508, *modified on other grounds*, 74 F.3d 1366 (2d Cir. 1996) ("The plaintiff bears the burden of proving that the failure to name the new defendant in the original pleading was a 'mistake,' and not due to strategy, lack of knowledge, or some other reason") (internal citations omitted).

[6] This assumes, *arguendo*, that the Plaintiffs are entitled to the more generous six year statute of limitations prescribed by ERISA § 1113 and that Nationwide received knowledge of the Original Complaint on the date that it was filed. Nationwide assumes these points for the purposes of this Objection only, without conceding them.

ceased in May, 1995 when, according to the Plaintiffs, Nationwide was no longer acting as a fiduciary or third party administrator, and Bulakites and Winslow were no longer employed by Nationwide.  Amended Complaint ¶ 12, 22-23.

The statute of limitations period applied to actions for breach of fiduciary duty arising under ERISA § 1132(2) bars the Plaintiffs' claims against Nationwide in the Proposed Amended Complaint.  *See* 29 U.S.C. § 1113; *see e.g. Calogero Carollo v. Cement and Concrete Workers District Counsel Pension Plan*, 964 F.Supp 677, 686-867 (E.D.N.Y 1997) (ERISA § 1113's "limitations period applied to fiduciary duty actions brought not only under § 1132(a)(2)…but also under § 1132(a)(3)").  Specifically, ERISA § 1113 precludes any party from commencing a cause of action for breach of fiduciary duty after the earlier of:

> (1) <u>six years after the date of the last action which constitutes a part of the breach or violation</u>, or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or
>
> (2) <u>three years after the earliest date on which the plaintiff had actual knowledge of the breach or violations</u>.
>
> <u>except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violations</u>.

29 U.S.C. § 1113 (emphasis added).  Courts in the Second Circuit practice "strict adherence" to ERISA's limitation statute as "the best guaranty of evenhanded administration of the law."  *Carey v. International Brotherhood of Electrical Workers Local*, 393, 201 F.3d 44, 47 (2d Cir. 1999).

The Plaintiffs have premised Nationwide's alleged liability for breach of fiduciary duty, both on its own alleged acts as a fiduciary and third party administrator and on the alleged acts and omissions of Bulakites and Winslow.  Even under the more generous six year limitations period, according to the allegations of the proposed Amended Complaint,

the last action which constituted part of Nationwide's alleged breach of fiduciary duty occurred no later than May, 1995 when Bulakites and Winslow were no longer employed by Nationwide. After May, 1995 there is no allegation in the proposed Amended Complaint that Bulakites and Winslow continued to act within the scope of their employment with Nationwide in their dealings with Wasley. Accordingly, the Plaintiffs' cause of action against Nationwide, if any, accrued in 1995 and ran no later than **2001**.[7]

It would be futile to allow the Plaintiffs to join the Wasley II litigation and assert these allegations as to Nationwide when any claims the Plaintiffs might assert against Nationwide are barred by the statute of limitations. *See Bradley v. J.E. Val-Mejias, M.D.*, 379 F.3d 892 (10th Cir. 2004) (upholding district court's denial of motion on the ground that amendment would be futile because the claims would be barred by the statute of limitations). Accordingly, the Plaintiffs' Motion, seeking to join as party plaintiffs should be denied as to Nationwide.

    **C.    The Plaintiffs' New Cause of Action Relating To The UAW Plan (Counts One and Two) Should Not be Added As to Nationwide When The Plaintiffs Have Given No Justification For Their Undue Delay And Adding These Counts Would Be Futile.**

Finally, the Plaintiffs' Motion to add additional claims to the Wasley II litigation, asserting claims relating to the UAW Plan as to Nationwide, should likewise be denied. As an initial matter, the Plaintiffs have offered no reasonable justification for their undue delay in bringing these new claim in the Wasley II litigation, which previously focused solely on the Wasley 401(k) Plan.

---

[7] Please note that ERISA § 1113's fraud exception which tolls the limitation period under six years after discovery of the fraud is not applicable to Nationwide. Specifically, in multi-defendant litigation, ERISA's six-year fraud exception requires the Plaintiffs plead in the proposed Amended Complaint the particular and specific fraudulent actions undertaken by each individual defendant. *Gruby v. Brady*, 838 F.Supp. 820, 831 (S.D.N.Y. 1993) (When plaintiff seeks to toll the ERISA statute of limitations for fraud "the complaint should inform each defendant of the nature of his alleged participation in the fraud."). The Plaintiffs here failed to allege any specific facts which would or could form the basis for any claimed fraudulent actions on Nationwide's part.

In addition, the Plaintiffs cannot bring this new claim relating to the UAW Plan in the Wasley II litigation because it is barred by the statute of limitations, at least as to Nationwide. Thus, it is futile. While an amendment will relate back to the filing of an original complaint for the purpose of the statute of limitations, the amendment (a) must arise out of the same conduct, transaction or occurrence as alleged in the original pleading, and (b) the original complaint must have been timely filed within the statute of limitations. *See Moore's* ¶ 15.19[1], at 15-82; ¶ 15.19[2], at 15-85. The new claim asserted in the proposed Amended Complaint fails because the Original Complaint was not timely filed within the statute of limitations.[8]

An amended complaint only relates back to the date of the original complaint. Accordingly, if allowed, the new claim would only relate back to March 4, 2003. As indicated, *supra*, the Plaintiffs have only alleged that Nationwide is liable for its actions through 1993 and for the actions of Bulakites and Winslow inasmuch as they engaged in activities within the scope of Nationwide's employment in their dealings with Wasley through 1995. Amended Complaint ¶ 22-23.

Even under the more generous six (6) year limitations period, according to the allegations of the proposed Amended Complaint, the last action which constituted part of Nationwide's alleged breach of fiduciary duty <u>occurred no later than May, 1995</u> when Bulakites and Winslow were no longer employed by Nationwide and no longer acted within the scope of their claimed employment with Nationwide in their dealings with Wasley. The Plaintiffs' cause of action against Nationwide, if any, accrued in 1995 and

---

[8] Nationwide assumes, without conceding, that this Court would find in the Plaintiffs' favor for the factor for the purpose of this Objection only.

ran no later than **2001**.[9]  Therefore, the Original Complaint, brought in 2003, is beyond the statute of limitations, at least as to Nationwide.  An amended complaint cannot relate back to an initial complaint which was itself not timely filed.  *See Rayo v. New York*, 882 F.Supp. 37, 40 (N.D.N.Y. 1995) (amendment only relates back to initial pleading which was not timely filed).  It would be futile to allow the Planitiffs to amend the Original Complaint join in the Wasley II litigation and to add these new claims relating to the UAW Plan to the Wasley II litigation, at least as to Nationwide, when it is barred by the statute of limitations.  *See Bradley*, 379 F.3d 892 (upholding district court's denial of motion on the ground that amendment would be futile because the claims would be barred by the statute of limitations).  Accordingly, the Plaintiffs' Motion, seeking to add claims relating to the UAW Plan, should be denied, at least as to Nationwide.

### III. CONCLUSION

For all of the aforementioned reasons, the Plaintiffs' Motion to Amend should be denied inasmuch as it seeks to: (1) join the Wasley II litigation as party plaintiffs, and (2) assert claims relating to the UAW Plan in the Wasley II Litigation.

---

[9] ERISA § 1113's fraud exception which tolls the limitation period under six years after discovery of the fraud is not applicable to Nationwide.  Specifically, in multi-defendant litigation, ERISA's six-year fraud exception requires the Plaintiffs to plead in the proposed Amended Complaint the particular and specific fraudulent actions undertaken by each individual defendant.  *Gruby*, 838 F.Supp. at 831 (When plaintiff seeks to toll the ERISA statute of limitations for fraud "the complaint should inform each defendant of the nature of his alleged participation in the fraud.").  The Plaintiffs failed to allege any specific facts which would form the basis for any fraudulent actions on Nationwide's part.

**DEFENDANT,**
**NATIONWIDE LIFE INSURANCE**
**COMPANY OF AMERICA**

By: _____// S //_____
        Deborah S. Freeman [ct05257]
        Sara R. Simeonidis [ct25566]
        BINGHAM MCCUTCHEN LLP
        One State Street
        Hartford, CT 06103
        (860) 240-2700
        (860) 240-2800 (fax)
        Its Attorneys

**CERTIFICATION**

      This is to certify that a copy of the foregoing Memorandum in Opposition to Motion to Amend has been served this 7th day of October, 2005, via first class mail, postage prepaid, to all counsel and pro se parties of record in these consolidated actions as follows:

Theodore J. Tucci, Esq.
Jean E. Tomasco, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

Thomas G. Moukawsher, Esq.
Ian O. Smith, Esq.
Moukawsher & Walsh
21 Oak Street, Suite 209
Hartford, CT 06106

Joseph V. Meaney, Jr.
Cranmore, Fitzgerald & Meaney
49 Wethersfield Avenue
Hartford, CT 06114-1102

Steven J. Errante, Esq.
Eric P. Smith, Esq.
Nancy Fitzpatrick Myers, Esq.
Marisa A. Bellair, Esq.
Lynch, Traub, Keefe & Errante, P.C.
52 Trumbull Street
P.O. Box 1612
New Haven, CT  06506-1612

James J. Reardon, Jr., Esq.
Thomas G. Rhoback, Esq.
LeBouef, Lamb, Greene & MacRae
225 Asylum Street
Hartford, CT  06103

                                                // S //
                                        Sara R. Simeonidis