## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

WASLEY PRODUCTS, INC., ET AL.,

        Plaintiffs,

V.

BARRY BULAKITES, ET AL.,

        Defendants.

**MASTER CONSOLIDATED CASE
CIVIL NO. 3:03 CV 383 (MRK/WIG)**

THIS PERTAINS TO:
CIVIL NO. 3:03 CV 1790 (MRK/WIG)
(Prentiss et al. v. Wasley Products, Inc. et al.)

OCTOBER 20, 2005

## WASLEY DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND THEIR COMPLAINT AND SEEK DERIVATIVE STATUS UNDER RULE 23.1

**I.    INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure ("Rule") 15(a), defendants Wasley Products, Inc., Alan Wasley, Andrew Brady, Sandi Dumas-Laferriere and Barry Connell (the "Wasley Defendants") hereby file this memorandum in opposition to the plaintiffs' Motion to Amend their Complaint and Motion for Certification of Derivative Status under Rule 23.1 in the case of Prentiss et al. v. Wasley Products, Inc. et al., Civ. No. 3:03 CV 1790 (MRK/WIG) ("Prentiss").

It should be noted at the outset that the Wasley Defendants do not object to plaintiffs' proposed amendment to the complaint to add Nationwide Life Insurance Co., f/k/a Provident Mutual Life Ins. Co. ("Provident Mutual") and Lincoln National Life Insurance Co. ("Lincoln National") as defendants in the Prentiss case. These parties are already involved in the Prentiss litigation as third-party defendants. Further, because they are also named as defendants in the lead case, they have been involved in the litigation since its inception and the addition of these two parties will not delay the proceedings.

The Wasley Defendants do object, however, to the <u>Prentiss</u> plaintiffs' motion to amend their complaint to add John Wiblyi and the Wasley Products, Inc. Retirement Plan (the "Retirement Plan") as parties. The Wasley Defendants also object to the plaintiffs' motion for certification of derivative status under Rule 23.1 of the Federal Rules of Civil Procedure. As discussed more fully below, Wiblyi's claims arise out an entirely different set of facts and circumstances and there are defenses unique to his claims. He cannot be joined as a party to the existing litigation; further, as his claims are untimely and/or not ripe for adjudication, the proposed amendment would be futile. He also lacks standing. Therefore, the motion to amend should be denied insofar as it pertains to the addition of these parties and Wiblyi's claims. In addition, given Wiblyi's claims and the fact that other plan participants may object to derivative representation by the <u>Prentiss</u> plaintiffs and their counsel, the plaintiffs' motion for certification under Rule 23.1 should also be denied. At a minimum, plaintiffs' motion for derivative status should be denied at this juncture as premature in the absence of any opportunity by the parties to conduct discovery as to the basis for Rule 23.1 certification in this case.

## II.    BACKGROUND

### A.    Procedural Background

The two cases in the present litigation, which have been consolidated by court order, stem from the mismanagement of the Wasley Products pension plans by its third-party administrators and investment advisors, Barry Bulakites ("Bulakites"), James Winslow ("Winslow") and Joshua Adams Corp. ("JAC") (collectively, the "Bulakites Defendants") and the insurance companies by which they were employed and/or affiliated, Provident Mutual and Lincoln National. The first suit, filed in March 2003, captioned <u>Wasley Products, Inc., et al. v. Bulakites, et al.</u>, Civil No. 3:03 CV 0383 (hereinafter referred to as "<u>Wasley I</u>"), was brought by Wasley Products and an

affiliated company, Precision Molding, against the Bulakites Defendants, Provident Mutual and

Lincoln National. It involves claims under ERISA[1] arising out of misconduct by these

defendants in their administration and investment management of the various pension plans of

the two companies, including but not limited to the Wasley Products, Inc. 401(k) and Profit

Sharing Plan (the "Wasley 401(k) Plan").

    The second suit, the Prentiss case, was filed in October 2003 by four participants in the

Wasley 401(k) Plan. The existing complaint in Prentiss (the "Original Complaint") involves

claims for breach of fiduciary duty against the Bulakites Defendants as well as the Wasley

Defendants pertaining to the administration and management of the Wasley 401(k) Plan. The

Wasley Defendants and the Bulakites Defendants have cross-claimed against each other and the

Wasley Defendants also filed a Third-Party Complaint against Provident Mutual and Lincoln

National.

    The Prentiss plaintiffs now have moved to amend their Original Complaint to (1) add

Provident Mutual and Lincoln as defendants; (2) add John Wiblyi as a plaintiff individually and

on behalf of the Retirement Plan and also to add the Retirement Plan as a defendant; (3) add a

second count alleging that plaintiffs' accrued benefits in the Retirement Plan (which was the

predecessor plan to the Wasley 401(k) Plan) were not properly calculated at the time the benefits

were transferred over to the Wasley 401(k) Plan; and (4) add a third count, pertaining solely to

Wiblyi, alleging that he was wrongfully forced to choose an annuity form of distribution and that

the defendants breached their fiduciary duties in surrendering an annuity that the Retirement Plan

had purchased to fund benefits for him and his wife. Plaintiffs also move for certification of

derivative status under Rule 23.1.

---

[1] The plaintiffs in Wasley I have moved to amend their complaint to include, among other things, state and common law claims in the alternative. That motion is still pending.

**B.    Factual Allegations Relevant to the Proposed Amendment**

To briefly summarize the factual allegations relevant to the proposed amendment and the

Wasley Defendants' opposition, the four existing plaintiffs in <u>Prentiss</u> are current or former

employees of Wasley Products and participants in the Wasley 401(k) Plan.  (Original Complaint,

¶¶ 1-4)  They also had participated in the predecessor defined benefit plan for office personnel,

the Retirement Plan; at some point after 1991, funds in the Retirement Plan were transferred over

to the 401(k) Plan. (*See* Proposed Amended Complaint, Count II, ¶ 42).  As noted, the plaintiffs'

existing claims as well as their proposed new claim pertain solely to the 401(k) Plan and to the

calculation of accrued benefits that were transferred from the Retirement Plan to the 401(k) Plan.

By contrast, Wiblyi was not a participant in the 401(k) Plan but was a participant only in

the Retirement Plan.  (Proposed Amended Complaint, ¶ 7).  Further, he had retired from Wasley

Products in or around July 1987 and elected to receive his pension benefits in the form of a

monthly payment with a 100% joint and survivor annuity for his wife.  (Proposed Amended

Complaint, Count III, ¶¶ 47-48.)   In support of his claims for breach of fiduciary duty as set

forth in Count III of the Proposed Amended Complaint, Wiblyi alleges that he was "wrongly

forced to accept an annuity" in lieu of a lump sum payment when he retired in 1987 and claims

that this was contrary to the terms of the Retirement Plan. (Proposed Amended Complaint, ¶¶ 47-

48).  He further alleges that, in a letter dated March 9, 2005, Alan Wasley informed him that the

Bulakites Defendants had surrendered the annuity the Retirement Plan had purchased to fund the

benefits due to him and his wife.  (Proposed Amended Complaint, Count III, ¶ 50).  He claims

that, upon information and belief, Wasley Products has "taken no financial steps since the

annuity was surrendered to ensure that the Retirement Plan has sufficient assets to pay Wiblyi

the future benefits." (Proposed Amended Complaint, Count III, ¶ 51).  Thus, Wiblyi's claims

pertain solely to the Retirement Plan and the payment of his pension from that plan and bear no relation to the existing claims in the Original Complaint.

## III.    ARGUMENT

### A.    Wiblyi Cannot be Joined as a Party in the Prentiss Case as His Claims Arise Out of Entirely Different Facts and Circumstances than those of the Existing Plaintiffs.

Plaintiffs' motion to add Wiblyi as a plaintiff in the Prentiss case, individually and on behalf of the Retirement Plan, must be denied. Even if his factual allegations are viewed in a light most favorable to him, it is clear that his claims arise out of entirely different facts and circumstances than those of the existing plaintiffs. He does not meet the requirements for either mandatory or permissive joinder under the Federal Rules of Civil Procedure[2] and cannot be added as a party to the Prentiss action.

Rule 19 of the Federal Rules of Civil Procedure governs the joinder of persons needed for just adjudication. This rule provides, in relevant part, that

> "[a] person...shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. Rule 19(a) (2005 Revised Ed.) As noted in the preceding sections, the claims of the existing plaintiffs in Prentiss pertain solely to the 401(k) Plan and the calculation of assets transferred from the Retirement Plan to the 401(k) Plan. By contrast, Wiblyi's proposed claims pertain solely to the method and funding of his benefit under the Retirement Plan and have nothing to do with the 401(k) Plan or the transfer of assets to the 401(k) Plan. Wiblyi was not a

---

[2] Indeed, plaintiffs do not make any attempt to satisfy the requirements for joinder required by these rules.

participant in the 401(k) Plan. As he had retired and started receiving his pension years before the 401(k) Plan was established, he did not have any funds in the Retirement Plan that were transferred to the 401(k) Plan. His claims and the relief he seeks pertain only to him and payment of his benefits under the Retirement Plan; the other plaintiffs are not named or involved in his claims in any way nor would they benefit from the relief he seeks. (Proposed Amended Complaint, Count III, esp. ¶ 57). There is no reason why the existing plaintiffs' claims pertaining to the 401(k) Plan cannot be completely resolved in Wiblyi's absence. Further, as Wiblyi was never a participant in the 401(k) Plan, he can claim no interest relating to the subject matter of the <u>Prentiss</u> action. He therefore does not meet the requirements for compulsory joinder under Rule 19.

Wiblyi likewise does not meet the standard for permissive joinder under Rule 20 of the Federal Rules of Civil Procedure. Rule 20 provides in relevant part that

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

Fed. R. Civ. P. Rule 20(a) (2005 Revised Ed.). The key to permissive joinder is that the claims must arise out of the same transaction or occurrences.[3] As set forth above, Wiblyi's claims pertain to alleged misrepresentations made to him in 1987 concerning his pension under the Retirement Plan and the wrongful surrender of an annuity allegedly intended to fund his pension. His claims do not arise out of the same transaction or occurrences as the <u>Prentiss</u> plaintiffs, whose claims pertain solely to the alleged mismanagement of the 401(k) Plan and the calculation

---

[3] This point also applies to Rule 15 of the Federal Rules of Civil Procedure concerning amendments. Courts have held that the "same transaction or occurrence" factor must be met for amendments made under Rule 15 to join a party to the action. *See, e.g.,* Moore's Federal Practice and Procedure ¶ 15.19[3][b] (3d Ed. 2005).

of funds transferred to that plan. Plaintiffs' requested amendment therefore must be denied as to Wiblyi's claims because he cannot be properly joined as a party to this action.

**B.**     **The Proposed Amendment Concerning Wiblyi Would be Futile As Wiblyi's Claims are Untimely and Not Ripe for Adjudication.**

Even assuming *arguendo* that Wibly could be joined as a party to the <u>Prentiss</u> action, plaintiffs' proposed amendment to add the claims concerning Wiblyi should be denied on grounds of futility. Although Rule 15 of the Federal Rules of Civil Procedure states that leave to amend is to be freely granted when justice so requires, leave to amend should not be granted when the proposed amendment would be futile. *See, e.g.,* <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). The proposed amendment concerning Wiblyi would be futile because Wiblyi's claims are barred as untimely. Even if some claims arguably were timely brought, they are not presently ripe for adjudication.

Wiblyi's claims are untimely because, to the extent he contends that he was wrongfully forced to choose an annuity form of benefit in lieu of a lump sum in alleged contravention of the terms of the Retirement Plan, any such claim arose when the election was made in 1987, well over 15 years ago. The statute of limitations for a breach of fiduciary duty claim under ERISA is (1) six years after the date of the last action which constitutes a part of the breach or violation or (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation, except in cases of fraud or concealment. 29 U.S.C. § 1133. Wiblyi had actual knowledge of the claimed breach or violation in 1987 when he allegedly was made to choose the annuity option, so the three-year limitations period applies. Because the decision concerning the method of payment and the basis for the decision was made known to him at that time, he cannot claim fraud or concealment. Therefore, to the extent the proposed breach of fiduciary duty

claims pertain to the election of the method of Wiblyi's pension payment, the limitations period on such a claim has long since run and the proposed amendment would be futile.

Further, to the extent Wiblyi claims that the annuity was wrongfully surrendered and that the Retirement Plan may not be able to fund his benefit in the future, his claim is unripe for adjudication. Wiblyi has not, and cannot, claim that he has not been paid his monthly pension benefit; in fact, he has been paid all of his pension benefits to date. Rather, he admits that his claim pertains to his future benefits and he speculates that the plan or its sponsor may not be able to fund his benefits at some undetermined point in the future. (Proposed Amended Complaint, Count III, ¶ 51). As Wiblyi has not suffered any actual loss of benefits, his claim is not ripe for adjudication.

Moreover, in reviewing a motion directed to a complaint, the court should consider only well-pleaded allegations. The factual allegations pertaining to Wiblyi are not well pleaded. The Proposed Amended Complaint references a letter to Wiblyi of March 9, 2005 as the basis of the allegations, but misstates the facts concerning the funding of his pension and the annuity. A copy of the letter is attached hereto as Exhibit A.[4] As the letter makes clear, from late 1991 to the present, Wiblyi's own retirement benefit has been funded through a single premium Life Annuity contract purchased in his name in 1991 with Provident Mutual Life Insurance Co. The contract is still effect; it has not been surrendered. The obligation to pay Wiblyi's future benefits

---

[4] Although Wiblyi refers to this letter at length in the proposed complaint, he does not include a copy. It is well settled that where, as here, a plaintiff chooses not to attach to his complaint or incorporate by reference documents that are integral to his complaint, a defendant may produce such documents in connection with motions addressed to the complaint. See, e.g., Chem-Tek v. General Motors Corp., 816 F. Supp. 123, 126 (D. Conn. 1993); Automated Salvage Transport, Inc. v. Wheelabrator Environmental Systems, Inc., 155 F.3d 59, 67 (2d Cir. 1998) (on motion to dismiss, court can consider documents incorporated into the complaint by reference as well as those of which judicial notice may be taken); Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir. 1991) (same); Cortec Ind., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991), cert. denied, 503 U.S. 960 (1992); see also Romea v. Heiberger & Assocs., 163 F.3d 111, 114 (2d Cir. 1998) (court may consider documents attached to or incorporated by reference in the complaint); see generally 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1327, at 438-39 (3d Ed. 2004).

remains with Provident Mutual (now Nationwide) under the terms of that contract. Apart from the Life Annuity policy, acting on the advice of the Bulakites Defendants, Wasley Products[5] purchased a life insurance policy through Provident Mutual as a funding mechanism within the plan for the potential future Joint & Survivor portion of Wiblyi's retirement benefit. (3/9/05 Letter, Ex. A). In other words, should Wiblyi's wife survive him, the plan could utilize the life insurance proceeds as a means to fund the wife's survivor benefit. Wasley Products and the plan trustees learned in 2003 that the insurance policy had been surrendered or allowed to lapse, apparently through the wrongful actions of the Bulakites Defendants, and so informed Wiblyi. (3/9/05 Letter, Ex. A).

These facts only serve to emphasize that the proposed claims concerning Wiblyi are unripe as Wiblyi's own benefits are fully funded. The insurance policy held by Wasley Products was intended as a funding mechanism for his wife's benefits in the event that she were to survive him. This contingency might never come to pass or the plan sponsor, Wasley Products, Inc., may be able to utilize other means to fund the survivor benefit if it ever becomes necessary to do so. Either way, it is clear that Wiblyi's claim is unripe for adjudication.[6] Therefore, the Prentiss plaintiffs' motion to amend must be denied insofar as it purports to add Wiblyi and the Retirement Plan as parties and to assert claims pertaining to Wiblyi's benefits.

---

[5] Although the letter states that the policy was owned by the Trustees of the Wasley Products, Inc. Pension Plan, it appears from documents provided in discovery that the policy was issued to Wasley Product, Inc., the plan sponsor.

[6] In addition to the ripeness issue, the claims pertaining to Wiblyi also are futile as it appears that Wiblyi lacks standing to pursue the claims. He was not the owner of the life insurance policy and cannot assert claims pertaining to the surrender or lapse of the policy. Further, his lack of actual or imminent injury in fact, particularly given that his own benefits remain fully funded, also deprives him of standing. This point has already been briefed by Nationwide (Provident Mutual) in Section II (C) of its brief in opposition to the Prentiss plaintiffs' proposed amendment and those arguments will not be repeated here.

### C. The Required Elements for Certification of Derivative Status Have Not Been Met.

The Wasley Defendants also object to the Prentiss plaintiffs' motion for certification of derivative action under Rule 23.1 of the Federal Rules of Civil Procedure. Plaintiffs have not met the essential elements for such certification to be approved. Their motion therefore must be denied.

A suit for unpaid contributions and/or breach of fiduciary duty can only be brought for or on behalf of a plan, as any recovery goes to the plan for the benefit of all participants and not to the individual participants. Lee v. Burkhart, 991 F.2d 1007, 1009 (2d Cir. 1993). Courts in this circuit have held that such actions may only be maintained by an individual beneficiary derivatively and that Rule 23.1 is applicable to derivative actions under ERISA. *See, e.g.*, Coan v. Kaufman, 333 F.Supp. 2d 14 (D. Conn. 2004), *reaffirmed on reconsideration* at 349 F.Supp. 2d 271 (D. Conn. 2004), *citing* Diduck v. Kaszycki & Sons Contractors, Inc., 974 F.2d 270 (2d Cir. 1992). The essential elements a plaintiff must meet for Rule 23.1 derivative status include the following:

(1)    a verified complaint;

(2)    the plaintiff must have been a member (i.e., a plan participant) at the time of the transaction of which he or she complains;

(3)    the action must not be a collusive one to confer jurisdiction where the court would not otherwise have it;

(4)    the plaintiff must state with particularity the efforts made to obtain the action the plaintiff desires from the director or comparable authority and, if necessary, from the members and the reasons for the failure to obtain the action or for not making the effort.

Fed. Rule Civ. P. Rule 23.1. Further, Rule 23.1 provides that the derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the members (participants) similarly situated in enforcing the right of the corporation or

association.  Moreover, the action itself may not be dismissed or compromised without the

approval of the court, and notice of the proposed dismissal or compromise shall be given to

members in such a manner as the court directs.  Id.

Plaintiffs' motion for certification of derivative status must fail because they have not

met these requirements.  First, to the extent plaintiffs' Proposed Amended includes Wiblyi and

his claim for benefits under the Retirement Plan, Wiblyi's presence defeats the motion.  The

Proposed Amended Complaint appears to include all proposed plaintiffs, including Wiblyi, in the

first two counts pertaining to the 401(k) Plan and transfer of assets; however, as set forth in

previous sections, Wiblyi was not a participant in the 401(k) Plan and cannot bring derivative

claims on its behalf.  In addition, with respect to Wiblyi's own claims pertaining to his benefits

under the Retirement Plan, there are no allegations that Wiblyi made a demand for the plan

sponsor or trustees to pursue the claims and, in fact, Wasley Products has brought suit against the

Bulakites Defendants and Provident Mutual in Wasley I for their wrongdoing concerning all of

the Wasley pension plans.  Further, contrary to Wiblyi's declaration in support of the motion,

there are defenses unique and specific to Wiblyi's claims.  These defenses include not only the

statute of limitations, ripeness, and standing defenses discussed in the previous section, but also

other potential defenses such as lack of fiduciary status of Sandi Dumas-Laferriere and factual

defenses to the mispresentation claim.  Therefore, the presence of Wiblyi's claims as part of the

Proposed Amended Complaint defeats the motion for certification of derivative status.

Further, even if the court denied the motion to amend insofar as it pertains to Wiblyi or

such claims are voluntarily withdrawn by the plaintiffs, a sufficient basis has not been

established that the requirements for derivative status have been met.  As this court and others

have noted, the procedural safeguards of either Rule 23 (class actions) or Rule 23.1 (derivative

suits) are applied to actions such as this one in order to protect the plan and absent participants during the course of litigation and settlement discussions. Coan, 349 F.Supp. at 275-76. This requires the court to make a determination of whether the Prentiss plaintiffs are adequate representatives of the plan or plan participants, and that the other participants have an opportunity to be heard. Id. at 276 n. 8-9. Although the Prentiss plaintiffs claim in their Original Complaint to bring suit on behalf of the 401(k) Plan, the relief requested is virtually identical to that of the plaintiff in Coan, which the court rejected on the grounds that it sought individualized recovery. Even if the court were inclined to permit certification of derivative status, it cannot do so without assessing the ability of the existing plaintiffs to represent the absent participants, which cannot be accomplished in the absence of an opportunity for discovery on the issue of certification. Absent this, plaintiffs' motion must be denied.

IV.    **CONCLUSION**

For all of the reasons set forth above, the Prentiss plaintiffs' motion to amend their complaint should be denied insofar as it pertains to the addition of Wiblyi and his claim for benefits under the Retirement Plan. Further, plaintiffs' motion for derivative status under Rule 23.1 should also be denied.

DEFENDANTS

WASLEY PRODUCTS, INC., ALAN A.
WASLEY, ANDREW BRADY, SANDI DUMAS-
LAFERRIERE, AND BARRY CONNELL

By: _____
     Theodore J. Tucci (ct05249)
     ttucci@rc.com
     Jean E. Tomasco (ct09635)
     jtomasco@rc.com
     Robinson & Cole LLP
     280 Trumbull Street
     Hartford, CT 06103-3597
     Tel. No.: (860) 275-8200
     Fax: (860) 275-8299

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, first class postage prepaid on this 20th day of October, 2005 to the following:

Steven J. Errante, Esq.
Nancy A. Fitzpatrick Myers, Esq.
Marisa A. Bellair, Esq.
Lynch, Traub, Keefe and Errante, P.C.
52 Trumbull Street
P. O. Box 1612
New Haven, CT  06506

Sara R. Simeonidis, Esq.
Deborah S. Freeman, Esq.
Bryan D. Short, Esq.
Bingham McCutchen
One State Street
Hartford, CT  06103-3178

Thomas G. Rohback, Esq.
Doug Dubistsky, Esq.
James J. Reardon, Jr., Esq.
LeBoeuf, Lamb, Greene & MacRae, LLP
225 Asylum Street
Hartford, CT  06103

Thomas G. Moukawsher, Esq.
Ian O. Smith, Esq.
Moukawsher & Walsh
21 Oak Street, Suite 209
Hartford, CT  06106

Joseph V. Meaney, Jr., Esq.
Cranmore, Fitzgerald & Meaney
49 Wethersfield Ave.
Hartford, CT  06114-1102

Theodore J. Tucci