**EXHIBIT 2**

et a Document - by Citation - 1988 U.S. Dist. LEXIS 11455    Page 1 of 11

Case 3:03-cv-00383-WIG    Document 249-3    Filed 10/21/2005    Page 2 of 16

Service: **Get by LEXSEE®**
Citation: **1988 U.S. Dist. LEXIS 11455**

*1988 U.S. Dist. LEXIS 11455, \**

PETER LEONELLI, Plaintiff, v. PENNWALT CORPORATION, MICHAEL YOUNG and T. CADDY, Defendants

No. 82-CV-221

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF NEW YORK

1988 U.S. Dist. LEXIS 11455

October 14, 1988, Decided; October 17, 1988, Filed; Affirmed in Part, Reversed in Part and Remanded by 1989 U.S. App. LEXIS 15881

## CASE SUMMARY

**PROCEDURAL POSTURE:** Defendants, a former employer and supervisors, filed a motion for summary judgment dismissing plaintiff former employee's amended complaint alleging that each of the common law claims contained therein were preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C.S. § 1001 et. seq. The former employee sought to amend his complaint to contain ERISA claims.

**OVERVIEW:** The former employee worked as a sales representative. The former employee was scheduled for major surgery. Immediately prior to his scheduled surgery, the supervisors informed him that his sales were not up to par and that he would be terminated unless he took an early retirement. Because the retirement option enabled the former employee to retain certain benefits, particularly medical benefits, he retired. The former employee filed five causes of action against defendants: three based upon negligence, one based upon intentional misconduct, and one based upon breach of contract. The case came to the court on motions for summary judgment. As there was no genuine issue as to any material fact and the former employee's common law claims regarding the pension and disability plans were preempted as a matter of law, defendants were entitled to summary judgment dismissing those claims. Although amendments were liberally allowed, the former employee's proposed amendment to add ERISA claims was futile, so it was not allowed. The former employee, because of offsets, was not eligible to participate in the plans. Therefore there could have been no ERISA violation.

**OUTCOME:** The court dismissed the former employee's common law claims with respect to the pension and long term disability plans. The court denied the former employee's motion to amend his complaint. The remaining common law claims in regard to the salary continuation plan were dismissed. The former employee's request for removal of the stay of this action was denied as moot.

**CORE TERMS:** common law, cause of action, preempted, misrepresentation, disabled, disability, summary judgment, futile, early retirement, amend, pension plan, termination, discretionary authority, administrator, vested, disability retirement, breach of contract, preemption, pension, totally, retire, failure to provide, beneficiary, entitlement, fiduciary, causes of action, continuation, salary, summary judgment motion, statute of limitations

**LexisNexis(R) Headnotes** ✦ Hide Headnotes

Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Federal Preemption
HN1 Section 514(a), 29 U.S.C.S. § 1144(a) provides that the Employee Retirement Income Security Act of 1974 shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan. The Supreme Court has interpreted this section expansively. ERISA preempts not only state laws directly covering subject matter included in ERISA, but also any laws which have a reference to or connection with an employee benefit plan. More Like This Headnote

Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies
HN2± Claims of fraudulent inducement to resign, and misrepresentation regarding Employee Retirement Income Security Act of 1974 plan benefits, are within the ambit of ERISA law. More Like This Headnote

Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies
HN3± Courts have routinely permitted leave to amend where the common law claims in a plaintiff's complaint are preempted by the Employee Retirement Income Security Act of 1974. Nevertheless, leave to amend should be denied upon a showing of delay or substantial prejudice to the opposing party. Leave should also be denied where the amendment would be futile. More Like This Headnote

Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies
HN4± See 29 U.S.C.S. § 1140.

Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies
HN5± An action under the Employee Retirement Income Security Act of 1974 should not be entertained until plaintiff has exhausted his administrative remedies. More Like This Headnote

Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies
HN6± 29 U.S.C.S. § 1140 protects only non-vested employees from being discharged prior to vesting for the purpose of interfering with their pension "potential." Section 1140 does not apply to the discharge of any employee who is a fully vested participant in the plan. More Like This Headnote

Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities
HN7± See 29 U.S.C.S. § 1002(21)(A).

Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities
HN8± Department of Labor regulations, which are entitled to considerable deference, indicate that persons who have no discretion to make plan policy, but merely perform ministerial functions, are not fiduciaries. 29 C.F.R. § 2509.75-8(D-2). More Like This Headnote

Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies
Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Fiduciary Responsibilities
HN9± In a recovery of benefits claim, only the plan and administrators and trustees of the plan in their capacity as such, can be held liable. More Like This Headnote

Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Reporting, Disclosure & Notice
HN10± See 29 U.S.C.S. § 1132(c).

Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies
HN11± There is no specific limitations period associated with 29 U.S.C.S. § 1132(c) claims. More Like This Headnote

Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies
HN12± As 29 U.S.C.S. § 1132(c) liability is a creature of statute as opposed to liability based on tort or contract, the relevant statute of limitations is three years. More Like This Headnote |
Shepardize: Restrict By Headnote

Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings
HN13± Fed. R. Civ. P. 15(c) provides that an amendment to a pleading should relate back to the original pleading whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. Fed. R. Civ. P. 15(c). If the amendment seeks to change parties, additional requirements are imposed. More Like This Headnote

Civil Procedure > Pleading & Practice > Pleadings > Relation Back
HN14± The major consideration in deciding whether an amendment relates back is whether adequate

Get a Document by Citation - 1988 U.S. Dist. LEXIS 11455    Page 3 of 11

Case 3:03-cv-00883-WIG   Document 249-3    Filed 10/21/2005   Page 4 of 16

notice is given to the opposing party by the general fact situation alleged in the original pleading. The doctrine of relation back applies when an amendment adds a new theory of recovery based on the same transaction or occurrence as originally pleaded. However, an amendment will not relate back if it sets forth a new set of operational facts.   More Like This Headnote

Civil Procedure > Summary Judgment > Burdens of Production & Proof
HN15♦ The respective burdens upon the moving and responding parties on summary judgment motion are well established. Once the moving party has identified evidence which demonstrates the absence of a genuine issue of material fact, the non-moving party must make a sufficient showing to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. The relevant substantive law will identify which facts are material.   More Like This Headnote

Labor & Employment Law > Employment Relationships > At-Will Employment
HN16♦ Absent a constitutionally impermissible purpose, a statutory proscription, or an express limitation in the individual contract of employment, an employer's right at any time to terminate an employment at will remains unimpaired.   More Like This Headnote

**COUNSEL:** [*1]

HANCOCK & ESTABROOK, Attorneys for Plaintiff, Syracuse, NY, OF COUNSEL: JAMES P. BURNS, 3rd, ESQ. MARTHA L. BERRY, ESQ.

BOND SCHOENECK & KING, Attorneys for Defendant, Syracuse, NY, JOHN D. ALLEN ESQ.

**OPINIONBY:** McCURN

**OPINION:** MEMORANDUM-DECISION AND ORDER

NEAL P. McCURN, CHIEF UNITED STATES DISTRICT JUDGE

Plaintiff, Peter Leonelli, was employed as a sales representative by the defendant, Pennwalt Corporation (Pennwalt), a Pennsylvania corporation with offices in Philadelphia, Pennsylvania. Pennwalt was engaged in the manufacture and sale of chemicals. Leonelli serviced primarily Upstate New York from his home near Cortland by calling upon farmers and other individuals engaged in agribusiness.

The termination of Leonelli's employment with Pennwalt is the subject of this lawsuit. Leonelli was apparently scheduled for major surgery in early 1980. Leonelli claims that immediately prior to his scheduled surgery, defendant Pennwalt, through the individual defendants, Michael Young (Young) and Terrence Caddy (Caddy), n1 informed him that his sales were not up to par and that he would be terminated unless he took an early retirement. Because the retirement option enabled plaintiff to retain certain benefits, [*2] particularly medical benefits, plaintiff retired.

n1 Terrence Caddy was the department manager for Pennchem, the division of Pennwalt for which plaintiff worked. Although Caddy performed evaluations of plaintiff, he did not directly supervise him. Michael G. Young served as Pennwalt's Manager of Employee Benefits from March, 1972 through April, 1986, a period which included the time of plaintiff's termination. Both Caddy and Young are alleged to be Pennsylvania residents.

Plaintiff claims, however, that defendants misled him as to his benefit options. He argues that he should have been told that he could retire under Pennwalt's Pension Plan as a "disabled person." n2 Moreover, he argues that he might have been able to remain employed and incur benefits under a Long Term Disability Plan, n3 or under a Salary Continuation Plan. n4 Leonelli argues that defendants should have informed him of all of these options.

n2 Pennwalt's Pension plan is regulated by ERISA. It provides for the payment of pensions based on a normal, optional, early or disability retirement. The benefit is based upon a formula including age, years of service and average earnings. For an employee to retire under the disability option, he must demonstrate that he is both totally and permanently disabled. Leonelli claims that he was totally and permanently disabled by a work related accident at the time of his termination, and therefore that he was entitled to disability retirement. Disability retirement benefits are apparently calculated in a manner slightly different than early retirement. If plaintiff retired as disabled, his benefit level would be $ 22.42 more per month. [*3]

n3 Pennwalt's Long Term Disability Plan is also ERISA regulated. It is funded and controlled by the terms of a group policy of the Insurance Company of North America (INA). The benefit is 55% of base salary. All Pennwalt salaried employees are eligible to participate. The amount of benefit payments, however, depends upon the level of benefits being received from other programs such as social security and workers compensation. Any payments under these programs are offset against disability payments. Plaintiff claims that he was disabled, and entitled to participate in this plan.

n4 Pennwalt's Salary Continuation Plan is not regulated by ERISA. It is exempt as a payroll practice pursuant to U.S. Department of Labor regulation, 29 C.F.R. § 2510.3-1 (1987). The plan provides a disabled employee with up to 26 weeks of his base salary depending on years of service. Plaintiff claims that he was disabled and entitled to participate in this plan.

In order to redress these alleged wrongs, plaintiff filed a complaint with this court on March 5, 1982. Jurisdiction was based upon the diversity of parties, 28 U.S.C. 1332. In September of 1983, this court considered a partial summary judgment [*4] motion by defendants and denied that motion based on outstanding questions of fact. The court did, however, permit the plaintiff to amend his complaint. The amended complaint was filed on December 9, 1983. Defendants then filed a summary judgment motion to dismiss certain of plaintiff's claims as barred by the exclusive remedy of worker's compensation. The court denied that motion, but stayed the action to permit the plaintiff to file and process his worker's compensation claim. n5

n5 The court is not apprised of the present status of the workers compensation claim and/or appeals. Nevertheless, the present motions can be considered, as the issues presented here do not depend on the outcome of that claim.

Defendants now move for summary judgment dismissing the amended complaint alleging that each of the common law claims contained therein are preempted by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et. seq., and because the claim not preempted, that asserted under Pennwalt's Salary Continuation Plan, must fail as a matter of law. Plaintiff cross-moves to amend his complaint to contain ERISA claims, for partial summary judgment on those claims, [*5] and for removal of the stay of this action.

DISCUSSION

ERISA Preemption

The present complaint contains five causes of action: three based upon negligence, one based upon intentional misconduct, and one based upon breach of contract. The first three causes of action assert that defendants negligently and carelessly failed to inform plaintiff of his benefit options. The fourth cause of action asserts that such failure was intentional, rather that inadvertant. The fifth asserts that Pennwalt breached a contract with plaintiff by failing to pay him the benefits to which he was entitled. The claims refer to the Disability Plan, the Pension Plan, and the Salary Continuation Plan. n6 There is no dispute that the common law claims regarding the Salary Continuation Plan are not preempted by ERISA. Defendants argue, however, that the claims that relate to the Disability and Pension plans are so preempted.

n6 For a brief description of these plans, see supra notes 2, 3 & 4.

This court recently described ERISA preemption:

Section 514(a), 29 U.S.C. § 1144(a) HN1 provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any [*6] employee benefit plan (emphasis added)." The Supreme Court has interpreted this section expansively. ERISA preempts not only state laws directly covering subject matter included in ERISA, but also any laws which "have a reference to or connection with" an employee benefit plan.

Dumac Forestry Services, Inc. v. IBEW, 637 F.Supp. 529, 535 (N.D.N.Y. 1986) (citations omitted). In this case it is clear that, plaintiff's claims "have a connection with or reference to" Pennwalt's Pension and Disability Plans. The claims allege that Leonelli was eligible for and was refused benefits. Moreover, if successful, the claims would affect the administration of benefits. Plaintiff argues, however, that the relation to the ERISA plans is too tenuous and remote to require preemption. n7 Leonelli argues that while the remedy sought would, if granted, result in the payment of additional pension benefits, the gravamen of plaintiff's suit is unrelated to Pennwalt's pension plan and is based, instead, on the misrepresentations defendants made to plaintiff at the time of his employment termination. While superficially appealing, plaintiff's argument must be rejected. HN2 Claims of fraudulent inducement [*7] to resign, and misrepresentation regarding ERISA plan benefits, are within the ambit of ERISA law. See e.g. Boesel v. Suburban Trust & Savings Bank, 642 F.Supp. 1503 (N.D. Ill. 1986); 29 U.S.C. § 1140. As there is no genuine issue as to any material fact and plaintiff's common law claims regarding the Pension and Disability Plans of Pennwalt are preempted as a matter of law, defendants are entitled to summary judgment dismissing those claims. See Anderson v. Liberty Lobby, 106 S.Ct. 2505 (1986).

n7 Plaintiff also implies that defendants have waived their ability to assert preemption by waiting several years after the amended complaint was filed. The court rejects this argument. If the common law claims are preempted, they are done so at the will of Congress. The court is aware of no authority that permits private litigants to thwart the will of Congress in regard to preemption by waiver or otherwise.

Plaintiff's Cross-Motion to Amend the Complaint

Having recognized the strength of defendant's preemption argument, plaintiff moves to amend his complaint to include ERISA claims as follows:

(a) A cause of action arising under § 1140 of ERISA based upon Defendants' misrepresentations [*8] to Plaintiff about the benefits available to him and their failure to indicate to Plaintiff the alternatives actually available to Plaintiff as a disabled employee.

(b) A violation of Defendants' fiduciary duties to Plaintiff under 29 U.S.C. § 1004 based upon Defendant's misrepresentations to Plaintiff about the benefits actually available to him, their inducement of Plaintiff to take early retirement, Defendants' failure to provide Plaintiff with the information he requested about his benefits, Defendants' failure to provide Plaintiff with his monthly retirement checks for almost one year, and their failure to reconsider the benefits to which Plaintiff was entitled.

(c) A cause of action under 29 U.S.C. § 1053 based on Defendants' failure to provide Plaintiff with the benefits provided by Defendants' Long-Term Disability Plan and Disability Retirement Plan.

(d) A cause of action under 29 U.S.C. § 1132(c) based on Defendants' failure to provide Plaintiff with information he requested about his benefits.

HN3 Courts have routinely permitted leave to amend where, as here, the common law claims in a plaintiff's

complaint are preempted by ERISA. See e.g. Werner v. American Bakeries Co., [*9] 646 F.Supp. 1100, 1103 (M.D. Fla. 1986). Nevertheless, leave to amend should be denied upon a showing of delay or substantial prejudice to the opposing party. Foman v. Davis, 83 S.Ct. 227, 230 (1962). Leave should also be denied where the amendment would be futile. Id. Defendants argue here that the proposed ERISA amendments would be futile. The court agrees, and denies plaintiff's motion to add the ERISA claims. n8

n8 The court notes that the "futility" of the proposed claims is easier to determine in this case than in the normal situation. Here, the parties have engaged in considerable discovery. Usually, amendments are proposed much earlier in the history of the case. The court can utilize the results of that discovery to judge the "futility" of a proposed amendment.

Plaintiff's proposed amended complaint contains a claim under 29 U.S.C. § 1140. The applicable part of that section provides:

HN4 It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, this title, section 3001 [29 USCS § 1201], [*10] or the Welfare and Pension Plans Disclosure Act, or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this title, or the Welfare and Pension Plans Disclosure Act.

Plaintiff cannot make out a § 1140 claim under either of the ERISA plans. With respect to the Long Term Disability Plan, defendants claim, and the plaintiff does not dispute, that INA has determined plaintiff to be eligible for the Long Term Disability Plan, but that plaintiff is not entitled to benefits because of the offsets in the program. n9 Consequently, plaintiff cannot claim that any action of the defendants interfered with his ability to paritcipate in the Long Term Disability Plan.

n9 In an answer to interrogatory number 12 of defendants first set of interrogatories, plaintiff admitted that he was not entitled to benefits under the Long Term Disability Plan because of his receipt of funds from other sources.

With regard to the Pension Plan, Plaintiff cannot establish a § 1140 claim with respect to his entitlement to the disability option under said plan. To obtain disability retirement benefits, an employee must prove to an administrative [*11] committee that he is totally and permanently disabled. Defendants argue, and plaintiff does not dispute, that Leonelli has not attempted to prove this disability to the committee. It is well settled that HN5 an ERISA action should not be entertained until plaintiff has exhausted his administrative remedies. Kross v. Western Electric Co., Inc., 701 F.2d 1238, 1246 (7th Cir. 1983); Amato v. Bernard, 618 F.2d 559, 567 (9th Cir. 1980); Tiger v. AT&T Technologies, 633 F.Supp. 532, 534 (E.D.N.Y. 1986); Donohue v. Custom Management Corp., 634 F.Supp. 1190, 1198 (W.D.Pa. 1986). Since plaintiff has not sought to obtain disability retirement through the proper administrative channels, any § 1140 claims based upon plaintiff's entitlement to such benefits is barred.

In addition, § 1140 was enacted to HN6 protect only non-vested employees from being discharged prior to vesting for the purpose of interfering with their pension "potential." See, West v. Butler, 621 F.2d 240, 245 (6th Cir. 1980). Section 1140 does not apply to the discharge of any employee who is a fully vested participant in the plan. n10 Donohue, 634 F. Supp. at 1197; Corum v. Farm Credit Services, 628 F.Supp. [*12] 707, 717 (D.Minn. 1986); Baker v. Kaiser Aluminum & Chemical Corp., 608 F.Supp. 1315, 1318-19 (D.C.Cal. 1984). Here, plaintiff's proposed amended complaint alleges that he was fully vested in the pension plan as of 1970. Consequently, permitting an amendment to add a § 1140 claim in regard to plaintiff's entitlement to normal retirement benefits would be futile. n11

n10 A contrary conclusion does not make sense. New York and Pennsylvania, the only states with possible interests in this litigation, continue to adhere to the doctrine of employment at will, in the absence of an express contract provision to the contrary. See e.g. Murphy v. American Home Products Corp., 58 N.Y.2d

293 (1983); Fleming v. Mack Trucks, Inc., 508 F.Supp. 917, 920 (E.D.Pa. 1981). Permitting the type of claim asserted here on behalf of a vested pensioner would seriously erode that doctrine at least with respect to similarly situated employees. Discharges of vested employees prior to normal retirement inevitably have some effect on benefit levels. Every vested employee who is discharged prior to normal retirement would have a potential § 1140 claim. The court refrains from lightly concluding that Congress so intended to affect state policy. [*13]

n11 Plaintiff's heavy reliance on Folz v. Marriott Corp., 594 F.Supp. 1007 (W.D. Missouri 1984) is misplaced. While that case does present some factual similarities, it contains an important factual distinction. There, the plaintiff was terminated from his employment after he was diagnosed as having Multiple Sclerosis. The Court found a cognizable claim under 29 U.S.C. § 1140. Unlike here, however, the Folz plaintiff did not have vested rights in his pension. His termination could be seen as an effort to prevent vesting.

Permitting plaintiff to add his second proposed ERISA claim would also be futile. That claim alleges that defendants Caddy and Young breached their fiduciary duties to plaintiff as set forth in 29 U.S.C. § 1104. 29 U.S.C. § 1002(21) (A) defines fiduciary as follows:

(21) (A) HN7⚓Except as otherwise provided in subparagraph (B), a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or [*14] indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan. Such term includes any person designated under section 405(c) (1) (B) [29 U.S.C. § 1105(c) (1) (B)].

Moreover, HN8⚓Department of Labor regulations, which are entitled to considerable deference, see Schwartz v. Gordon, 761 F.2d 864, 868 (2d Cir. 1985), indicate that persons who have no discretion to make plan policy, but merely perform ministerial functions, are not fiduciaries. 29 C.F.R. § 2509.75-8(D-2) (1987). The proposed amended complaint does not allege that defendants Young and Caddy had any discretionary authority over the plans in question. Rather, defendant Caddy is alleged to be a fiduciary because he informed plaintiff of his benefit options. Complaint par. 34. Defendant Young is alleged to have "dealt with" plaintiff in regard to his benefits. Without a proper allegation that defendants Caddy and Young actually had discretionary authority, the breach of fiduciary duty claim would fail.n12

n12 Plaintiff's reliance on Monson v. Century Manufacturing Co. 739 F.2d 1293 (8th Cir. 1984); Genter v. Acme Scale & Supply Co., 776 F.2d 1180 (3d Cir. 1985); Local Union 2134 v. Powhatan Fuel Inc., 640 F.Supp. 731 (N.D. Ala. 1986), rev'd, 828 F.2d 710 (11th Cir. 1987); Gors v. Venoy Palmer Market, Inc., 578 F.Supp. 365 (E.D. Mich. 1984) is misplaced. All of those cases involved individuals who, unlike the present individual defendants, had discretionary authority with respect to the management of the plans. [*15]

The third ERISA cause of action in the proposed amended complaint is a claim that plaintiff is owed benefits under the Long Term Disability Plan and the disability retirement option of the Pension Plan. As noted previously, however, plaintiff cannot deny that if eligible for the Long Term Disability Plan, his benefit level would be zero because of offsets. Moreover, it is beyond dispute that plaintiff has not exhausted his administrative remedies with regard to the disability option of the Pension Plan. Finally, plaintiff has sued the wrong parties in respect to this claim. HN9⚓In a recovery of benefits claim, such as this one, only the plan and administrators and trustees of the plan in their capacity as such, can be held liable. Sheahan v. Leahy, 591 F.Supp. 629, 630 (E.D. Missouri 1984). Permitting plaintiff to amend his complaint to state a claim of entitlement to benefits under these plans would therefore be futile.

Plaintiff's fourth proposed ERISA cause of action is based upon 29 U.S.C. § 1132(c), which provides:

(c) Administrator's refusal to supply requested information. HN10⚓Any administrator who fails or refuses to

Get a Document - by Citation - 1995 U.S. Dist. LEXIS 11455    Page 8 of 11

Case 3:03-cv-10383-WJD    Document 249-3    Filed 10/21/2005    Page 9 of 16

comply with a request for any information which such administrator [*16] is required by this title to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $ 100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

Plaintiff asserts that defendants failed to respond to several requests for information. Those requests were submitted on or about April 7, 1980, April 29, 1980, and February 5, 1981.

Leave to amend this cause of action would also be futile in that it is barred by the statute of limitations. HN11 There is no specific limitations period associated with § 1132(c) claims. In such a case, the analogous state limitations period applies. Miles v. New York State Teamsters Conf., 698 F.2d 593, 598 (2d Cir. 1983). HN12 As § 1132(c) liability is a creature of statute as opposed to liability based on tort or contract, the relevant statute of limitations [*17] is three years. See N.Y. CPLR § 214(2); Hollander v. Brezenoff, 787 F.2d 834, 838 (2d Cir. 1986). Here, the last alleged failure to respond to information requests occurred in 1981. Unless the proposed complaint relates back to the original complaint, filed in 1982 and amended in 1983, the 1987 proposed amended complaint is barred.

Rule 15(c) of the Federal Rules of Civil Procedure HN13 provides that an amendment to a pleading should relate back to the original pleading "whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c). If the amendment seeks to change parties, additional requirements are imposed. Id. The proposed amendment adds allegations of a violation of 1132(c); it does not seek to change parties. In such a situation,

HN14 "[t]he major consideration in deciding whether an amendment relates back is whether adequate notice is given to the opposing party by the general fact situation alleged in the original pleading. The doctrine of relation back applies when an amendment adds a new theory of recovery based on the same transaction [*18] or occurrence as originally pleaded. . . However, an amendment will not relate back if it sets forth a new set of operational facts."

Holdridge v. Heyer-Schulte Corp., 440 F.Supp. 1088, 1093 (N.D.N.Y. 1977) (citations omitted).

A review of the original complaint, as amended, yields the conclusion that it does not give adequate notice of the general fact situation associated with the proposed 1132(c) claims. n13 The existing complaint concerns allegations of fact occurring through plaintiffs election of early retirement in March of 1980. It alleges that defendants intentionally or negligently misrepresented his benefit options and fraudulently induced him to retire, thereby depriving plaintiff of other possible benefits. The proposed 1132(c) claim alleges facts that occur after Leonelli's election of early retirement. Leonelli proposes to allege that defendants failed to provide information he requested in April of 1980 and February of 1981. The proposed allegations do not arise out of the same transaction or occurrence that was originally pleaded. See Marine Midland Bank v. Keplinger & Assoc., Inc., 94 F.R.D. 101, 104 (S.D.N.Y. 1982) (allegations of misrepresentations [*19] occurring after August 1977 did not relate back to original complaint which only alleged events through August 1977); Holdridge, supra (where original complaint alleged implantation of prosthesis in 1971, amended complaint, concerning 1972 implantation, did not relate back). Consequently, the 1132(c) claim does not relate back, and is barred by the statute of limitations. Permitting an amendment of a barred claim would be futile.

n13 Plaintiff argues that the court should not limit its inquiry to the complaint, but should determine whether proper notice was acquired through discovery. The case law and the text of rule 15(c), dictates, however, that notice must come from the original pleadings. See e.g. Holdridge, 440 F.Supp. 1088. Those cases cited by the plaintiff which are contrary concern an amendment which changes parties to the lawsuit. See e.g. Andujar v. Rogowski, 113 F.R.D. 151 (S.D.N.Y. 1986); Stoppelman v. Owens, 580 F.Supp. 944 (D.C.D.C. 1983); Employee Sav. Plan of Mobil Oil Corp. v. Vickery, 99 F.R.D. 138 (S.D.N.Y. 1983). Of course in those situations proper notice must come from outside the pleadings since the parties to be added are not privy to the pleadings prior to their addition. [*20]

In addition to the proposed ERISA claims discussed above, plaintiff also seeks to replead his common law claims with respect to the Salary Continuation Plan. While the present complaint addresses the plaintiff's claims with respect to the Salary Continuation Plan, it does not set forth separate causes of action in regard to those claims. The proposed amended complaint sets forth three common law claims with respect to the Salary Continuation Plan: the fifth, sixth, and seventh causes of action. n14 The fifth cause of action asserts that defendants negligently misrepresented to plaintiff that he only had two options regarding his employment: to be terminated and receive no benefits or to elect early retirement. Proposed Complaint, par. 54. The sixth cause of action asserts that such misrepresentations were intentional and malicious. The seventh cause of action asserts that the failure to pay Salary Continuation benefits was a breach of contract. While the proposed amendments more clearly set forth plaintiffs claims in regard to the Salary Continuation Plan, they are unnecessary. A claim for negligent misrepresentation in regard to the plan is contained in the first cause of action [*21] of the existing complaint A claim for intentional misrepresentation is contained in the fourth cause of action in the existing complaint. Finally, a claim for breach of contract is contained in the fifth cause of action of the present complaint. As the proposed Salary Continuation Plan claim amendments add nothing to the existing complaint, and would serve only to further delay these proceedings, plaintiff's motion to amend in this regard is also denied.

n14 The seventh cause of action also refers to the Disability and Pension Plans. Since these are ERISA plans, the common law claims in relation thereto are preempted. The court will consider the proposed common law claims only in relation to the Salary Continuation Plan.

Salary Continuation Plan

Before discussing the remaining summary judgment issues before the court, it is appropriate to summarize the court's rulings made to this point. The court has determined that those common law claims in the original complaint, as amended, which address Pennwalt's Disability and Pension Plans are preempted by ERISA. The common law claims regarding Pennwalt's Salary Continuation Plan are not preempted. The court has denied plaintiff's [*22] motion to amend his complaint Accordingly, the only claims remaining for the court's consideration are plaintiffs claims of negligent and intentional misrepresentation with respect to the salary continuation plan, and breach of contract with respect to the same plan.

Defendants move for summary judgment dismissing these claims. n15 Defendants' motion is based primarily on the following language in the Plan:

If you leave Pennwalt's employ for any reason, your participation in the Salary Continuation Plan ceases on your last day of work.

Salary Continuation Plan, Attachment 8 to the affidavit of Fred W Veil. Defendants argue that when plaintiff elected early retirement, he had no claim to the Salary Continuation Plan benefits pursuant to this language. Defendants further claim that under the undisputed facts there could be no misrepresentation Assuming that defendant Caddy did in fact inform Leonelli that he had only the option to retire or be fired, there is nothing untruthful or deceitful about that. Nothing in the Salary Continuation Plan, or any other document of Pennwalt, restricts Pennwalt's ability to discharge plaintiff. As an "at will" employee under New York law, defendants [*23] were entitled to give plaintiff only the two options stated above; and, under either of those options, plaintiff would no longer be employed or entitled to Salary Continuation benefits.

n15 Plaintiff has also moved for partial summary judgment. That motion, however, was based primarily on plaintiff's proposed ERISA claims. Since the court has refused to permit amendment to add ERISA claims, plaintiff's motion for summary judgment need not be considered.

Plaintiff argues, however, that it was company policy for individuals in the plaintiff's position to be placed on the Salary Continuation Plan for so long as the benefits under that plan were available to the particular

employee. Only then would the decision to fire be made. There is some support for plaintiff's contention in the record. Defendant Young testified in a deposition:

Q. So there's no misunderstanding, what I'm asking you is that on February 1st, let's say, of 1980 perhaps it was uncertain whether or not the Plaintiff was totally and Permanently disabled; that he was in fact totally and Permanently disabled became a fact subsequent to that date. Now, how did your procedures handle that type of situation? I assume [*24] there must be other employees in that type of situation.

A. Normally, the supervisor of an employee would advise us that the employee is disabled and unable to work, and we would then ask for medical documentation.

Q. Let me show you Exhibit S for identification. Is that the type of documentation you require?

A. No, not necessarily. this is a sickness and accident form for salary continuation.

Q. Well, anyway, to get back to what you were just saying, you say normally a supervisor would advise you that the employee was disabled and he'd discuss with you the various options available to that employee?

A. Yes.

Q. Do you know whether Mr. Caddy discussed Mr. Leonelli's situation with you in any way?

A. He did not.

Q. All right. Do I understand, then, that -- how would company policy normally have treated a person such as Leonelli who was home from work and scheduled for major surgery within a few weeks? I mean, how would -- would my understanding be correct that company policy would require salary continuation at that time?

A. That's right.

Q. For as long as 26 weeks?

A. Yes.

Q. And at the expiration of the 26 weeks, that some decision is made as to whether he should [*25] retire, and if so, what options are available?

A. That's right.

Q. Do I understand you to say, sir, that company policy may have been violated in this instance?

A. It may have been.

Q. Do you know whether it was or not?

A. I don't know.

Young Deposition at pp. 15-17. Thus, according to plaintiff, defendant Caddy's failure to inform the plaintiff of the availability of Salary Continuation benefits before his forced retirement or discharge constitutes misrepresentation. Moreover, the failure to pay such benefits constitutes breach of contract.

While superficially appealing, plaintiff's argument must fail. HN15 The respective burdens upon the moving and responding parties on this summary judgment motion are well established. Once the moving party has identified evidence which demonstrates the absence of a genuine issue of material fact, the non-moving party must make a sufficient showing to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552-53 (1986). The relevant substantive law will identify which facts are material. Anderson v. Liberty Lobby, [*26] Inc., 106 S.Ct. 2505, 2510 (1986). Here defendants have demonstrated, through the

language of the Salary Continuation Plan itself, that upon plaintiff's termination, whether voluntary or otherwise, he was ineligible to participate in the Salary Continuation Plan. Given that ineligibility, defendants have also demonstrated that defendant Caddy's failure to describe the Salary Continuation Plan as an "option" available to plaintiff cannot constitute misrepresentation, intentional or otherwise.

In response, plaintiff argues that defendants were contractually obligated by some "company policy" to first accord plaintiff salary continuation benefits prior to any decision on termination. Plaintiff's interpretation of the Salary Continuation Plan and "company policy" imposes a limitation upon the company's ability to terminate Leonelli. It is well settled in New York, however, that HN16⇥"absent a constitutionally impermissible purpose, a statutory proscription, or an express limitation in the individual contract of employment, an employer's right at any time to terminate an employment at will remains unimpaired." Murphy v. American Home Products Corp., 461 N.Y.S.2d 232, 237 (1983) [*27] (emphasis added). It is incumbent upon plaintiff to identify the express limitation upon which he relies. Id. While the Young deposition implies that such a limitation might exist, plaintiff has not identified any such express limitation. n16 Since Leonelli would have the burden of proof on this issue and he has not made a sufficient showing of the existence of an express limitation on Pennwalt's ability to terminate plaintiff, summary judgment in favor of the defendants is appropriate.

n16 In fact, plaintiff's counsel admits that their is no durational limitation on Pennwalt's right to terminate Leonelli. See plaintiff's memorandum of law at pp. 10-11.

CONCLUSION

For the foregoing reasons, plaintiff's common law claims with respect to Pennwalt's Pension and Long Term Disability Plans are dismissed as preempted by ERISA. Plaintiff's motion to amend his complaint is denied. The remaining common law claims in regard to Pennwalt's Salary Continuation Plan are dismissed. Plaintiff's request for removal of the stay of this action is denied as moot.

IT IS SO ORDERED.

Service: **Get by LEXSEE®**
Citation: **1988 U.S. Dist. LEXIS 11455**
View: Full
Date/Time: Friday, October 21, 2005 - 10:27 AM EDT

* Signal Legend:
● - Warning: Negative treatment is indicated
Q - Questioned: Validity questioned by citing refs
⚠ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
A - Citing Refs. With Analysis Available
i - Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Service: **Get by LEXSEE®**
Citation: **1999 U.S. Dist. LEXIS 8679**

*1999 U.S. Dist. LEXIS 8679, \*; 23 Employee Benefits Cas. (BNA) 1938*

CHAIM YORAN, M.D., Plaintiff, - against - THE BRONX-LEBANON HOSPITAL CENTER, PENSION PLAN AND TRUST FOR THE EMPLOYEES OF BRONX-LEBANON HOSPITAL CENTER, a/k/a PENSION PLAN OF THE BRONX-LEBANON HOSPITAL CENTER and JONATHON GOLD, M.D., Defendants.

96 Civ. 2179 (PKL)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

1999 U.S. Dist. LEXIS 8679; 23 Employee Benefits Cas. (BNA) 1938

June 10, 1999, Decided
June 10, 1999, Filed

**DISPOSITION:** [\*1] Defendants' motion for summary judgment GRANTED and action dismissed. Plaintiff's request for attorney's fees incurred in preparing opposition papers to this motion DENIED.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Defendant hospital filed a motion for summary judgment under Fed. R. Civ. P. 56, in plaintiff physician's suit asserting common-law claims of breach of contract and wrongful discharge, as well as claims of improper denial of benefits and wrongful discharge under the Employee Retirement Income Security Act of 1974, 29 U.S.C.S. § 1001 et seq.

**OVERVIEW:** Plaintiff physician sued defendants hospital, supervisor, and employee pension plan, challenging the denial of certain retirement benefits. Plaintiff asserted common-law claims of breach of contract and wrongful discharge, as well as claims of improper denial of benefits and wrongful discharge under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C.S. § 1001 et seq. Defendants filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56. The court granted defendants' motion and dismissed the action. The court found that plaintiff's common-law claims were preempted by § 514(a) of ERISA, 29 U.S.C.S. § 1144(a), and that his claims against defendants hospital and supervisor to recover benefits under § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), were not cognizable. With regard to plaintiff's claims against defendant plan, the court found the plan administrator's determination reasonable under the "arbitrary and capricious" standard of review. Lastly, the court found that plaintiff failed to make a prima facie wrongful discharge case against each defendant under § 510 of ERISA, 29 U.S.C.S. § 1140.

**OUTCOME:** The court granted defendants' motion for summary judgment, and dismissed plaintiff's action challenging the denial of retirement benefits because claims were not cognizable, plan administrator's determination was reasonable, and plaintiff failed to make a prima facie discharge case.

**CORE TERMS:** administrator, pension plan, summary judgment, preempted, retire, wrongful discharge, contract claim, matter of law, state-law, plan administrator, terminated, employee benefit plan, attending physician, preemption, estoppel, offering, arbitrary and capricious, promissory estoppel, breach of contract, nonmoving party, eligibility, preempts, prong, pension benefits, wrongful discharge claim, cardiology, eligible, payroll, limitations period, moving party

### LexisNexis(R) Headnotes  ✦ Hide Headnotes

Civil Procedure > Summary Judgment > Supporting Papers & Affidavits
*HN1* Local Rule 56.1(b) requires a party opposing a summary judgment motion to file a statement of material facts as to which there is a genuine issue for trial. More Like This Headnote

Civil Procedure > Summary Judgment > Burdens of Production & Proof

HN2⭐ Local Rule 56.1 provides that all material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party. Local Rule 56.1(c). More Like This Headnote |
*Shepardize:* Restrict By Headnote

Civil Procedure > Summary Judgment > Summary Judgment Standard
HN3⭐ A moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). More Like This Headnote

Civil Procedure > Summary Judgment > Burdens of Production & Proof
HN4⭐ The moving party bears the burden of showing no genuine issue of material fact exists. In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim. More Like This Headnote

Civil Procedure > Summary Judgment > Summary Judgment Standard
HN5⭐ The court's function in deciding summary judgment motions is not to try issues of fact, but instead to determine whether there are such issues to try. More Like This Headnote

Civil Procedure > Summary Judgment > Burdens of Production & Proof
HN6⭐ In determining whether genuine issues of material fact exist, the court must resolve all ambiguities and draw all justifiable inferences in favor of the non-moving party. More Like This Headnote

Civil Procedure > Summary Judgment > Summary Judgment Standard
HN7⭐ The substantive law governing the case will identify those facts that are material, and only disputes over facts that might affect the outcome of the suit under the governing law will preclude the entry of summary judgment. More Like This Headnote

Civil Procedure > Summary Judgment > Burdens of Production & Proof
HN8⭐ A "genuine" dispute over a material fact only arises if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts. He must present concrete evidence from which a reasonable juror could return a verdict in his favor. More Like This Headnote

Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Federal Preemption
HN9⭐ The Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C.S. § 1001 et seq., contains a preemption clause that, in relevant part, mandates that the provisions of ERISA shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan. Section § 514(a) of ERISA, 29 U.S.C.S. § 1144(a). More Like This Headnote |
*Shepardize:* Restrict By Headnote

Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Federal Preemption
HN10⭐ The preemption clause, 29 U.S.C.S. § 1144(a), is conspicuous for its breadth. It establishes as an area of exclusive federal concern the subject of every state law that "relates to" an employee benefit plan governed by Employee Retirement Income Security Act of 1974, 29 U.S.C.S. § 1001 et seq. More Like This Headnote | *Shepardize:* Restrict By Headnote

Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Federal Preemption
HN11⭐ With respect to common-law claims pertaining to employee benefit plans, a state common law action which merely amounts to an alternative theory of recovery for conduct actionable under Employee Retirement Income Security Act of 1974, 29 U.S.C.S. § 1001 et seq., is preempted. More Like This Headnote | *Shepardize:* Restrict By Headnote

Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Federal Preemption
HN12⭐ Whether the Employee Retirement Income Security Act of 1974, 29 U.S.C.S. § 1001 et seq.,

preempts a state law or portion thereof is a question of law. More Like This Headnote |
*Shepardize:* Restrict By Headnote

Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Federal Preemption
**HN13** The Employee Retirement Income Security Act of 1974, 29 U.S.C.S. § 1001 et seq., preempts a breach of contract claim arising from a failure to pay employee benefits. More Like This Headnote |
*Shepardize:* Restrict By Headnote

Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Affirmative Defenses
Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Federal Preemption
**HN14** Only in extraordinary circumstances can principles of estoppel apply in cases under the Employee Retirement Income Security Act of 1974, 29 U.S.C.S. § 1001 et seq. More Like This Headnote |
*Shepardize:* Restrict By Headnote

Contracts Law > Formation > Detrimental Reliance
Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Federal Preemption
**HN15** The elements of a promissory estoppel claim in an action under the Employee Retirement Income Security Act of 1974, 29 U.S.C.S. § 1001 et seq., are: (1) a promise, (2) reliance on the promise, (3) injury caused by the reliance, and (4) an injustice if the promise is not enforced. More Like This Headnote | *Shepardize:* Restrict By Headnote

Labor & Employment Law > Discrimination > Age Discrimination > Other Laws
**HN16** In New York, a plaintiff must file claims under the Age Discrimination in Employment Act, 29 U.S.C.S § 621 et seq., with the Equal Employment Opportunity Commission within 300 days of an allegedly unlawful employment practice. More Like This Headnote

Labor & Employment Law > Discrimination > Age Discrimination > Other Laws
**HN17** The 300-day limitations period on claims under the Age Discrimination in Employment Act, 29 U.S.C.S § 621 et seq., begins to run when the employee receives "definite notice" of the adverse employment action--the date the allegedly discriminatory action was made and communicated to the employee. More Like This Headnote

Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies
**HN18** Section 502 of Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C.S. § 1001 et seq., expressly empowers an employee benefit plan participant to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan. Section 502(a)(1)(B) of ERISA, 29 U.S.C.S. § 1132(a)(1)(B). More Like This Headnote | *Shepardize:* Restrict By Headnote

Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies
**HN19** Section 510 of Employee Retirement Income Security Act of 1974, 29 U.S.C.S. § 1001 et seq., makes it unlawful for an employer to terminate an employee with the purpose of interfering with his pension rights. More Like This Headnote | *Shepardize:* Restrict By Headnote

Administrative Law > Judicial Review > Reviewability > Exhaustion of Remedies
Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Procedures
**HN20** In seeking to redress a denial of benefits, claimants must first pursue any administrative means of redress provided by their benefit plans. This exhaustion requirement is a jurisdictional prerequisite to a suit for benefits under the Employee Retirement Income Security Act of 1974, 29 U.S.C.S. § 1001 et seq. More Like This Headnote | *Shepardize:* Restrict By Headnote

Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies
**HN21** When a summary plan description conflicts with the terms of the original operative plan documents, the terms of the summary control. More Like This Headnote

Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies
**HN22** The Employee Retirement Income Security Act of 1974, 29 U.S.C.S. § 1001 et seq., permits suits

to recover benefits only against the plan as an entity. More Like This Headnote |
*Shepardize:* Restrict By Headnote

Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies
*HN23* A denial of benefits is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan. If the plan does give the administrator such discretion, a denial of benefits is subjected to the "arbitrary and capricious" standard of administrative review. Under that deferential standard, a court may overturn a decision to deny benefits only if the decision was made without reason, was unsupported by substantial evidence, or was erroneous as a matter of law. Parties arguing for the arbitrary and capricious standard bear the burden of showing that the pension plan administrator had discretionary authority over benefits determinations. More Like This Headnote | *Shepardize:* Restrict By Headnote

Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies
*HN24* If an unauthorized party (i.e., one not given discretion under the terms of the plan) makes the benefit determination at issue, such determination must be reviewed under a de novo standard. More Like This Headnote

Civil Procedure > Summary Judgment > Burdens of Production & Proof
*HN25* While the nonmoving party to a summary judgment motion is entitled to every favorable inference, he must address the contentions of the movant in order to defeat judgment on an issue. More Like This Headnote

Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies
*HN26* The scope of arbitrary and capricious review is narrow; the court may not substitute its judgment for that of the plan administrator as if the question of eligibility were being considered anew. A court can reject the administrator's determination only if it was without reason, unsupported by substantial evidence, or erroneous as a matter of law. Under this highly deferential standard, a decision to deny benefits must be upheld if it was reasonable. Even if the parties set forth two competing yet reasonable interpretations of a pension plan, the court must accept that offered by the administrators of the plan. More Like This Headnote | *Shepardize:* Restrict By Headnote

Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Procedures
*HN27* Under the Employee Retirement Income Security Act of 1974, 29 U.S.C.S. § 1001 et seq., pension plan administrators are given broad latitude in making benefit determinations, which are to be based on their reasonable understanding of the plan documents. More Like This Headnote |
*Shepardize:* Restrict By Headnote

Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies
*HN28* See 29 U.S.C.S. § 1140.

Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies
*HN29* Wrongful discharge claims under the Employee Retirement Income Security Act of 1974, 29 U.S.C.S. § 1001 et seq., are subject to the same burden-shifting analysis courts apply to employment discrimination claims. Under that analysis plaintiff must first make a prima facie showing that the circumstances surrounding the non-renewal of his employment contract give rise to an inference of discrimination. If the plaintiff satisfies that threshold burden, then the burden of production shifts to defendant to proffer a legitimate, non-discriminatory reason for not renewing plaintiff's contract. If the defendant successfully proffers such a reason, then the burden of persuasion shifts back to the plaintiff to persuade the factfinder that the employer's explanation is but a pretext for discrimination. More Like This Headnote | *Shepardize:* Restrict By Headnote

Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies
*HN30* Section 510 of Employee Retirement Income Security Act of 1974, 29 U.S.C.S. § 1001 et seq., provides no cause of action where the loss of pension benefits was a mere consequence of, but not a motivating factor behind, a termination of employment. More Like This Headnote |
*Shepardize:* Restrict By Headnote