UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WASLEY PRODUCTS, INC., ET AL., | MASTER CONSOLIDATED CASE |
| Plaintiffs, | CIVIL NO. 3:03 CV 383 (MRK/WIG) |
| | THIS PERTAINS TO: |
| | CIVIL NO. 3:03 CV 1790 (MRK/WIG) |
| V. | (<u>Prentiss</u> et al. v. Wasley Products, Inc. et al.) |
| BARRY BULAKITES, ET AL., | |
| Defendants. | NOVEMBER 4, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>WASLEY DEFENDANTS' MOTION TO COMPEL</u>**

In accordance with Rules 7(a)(1) and 37 of the Local Rules of Civil Procedure, defendants and cross-claim plaintiffs Wasley Products, Inc., Alan Wasley, Andrew Brady, Sandi Dumas-Laferriere and Barry Connell (the "Wasley Defendants"), submit this memorandum in support of their Motion for Order to Compel Discovery from defendants and cross-claim defendants Barry Bulakites, James Winslow, and Joshua Adams Corp. (JAC) (collectively, the "Bulakites Defendants").

I.   **NATURE OF THE CASE**

The two cases in the present litigation, which have been consolidated by court order, stem from the mismanagement of the Wasley Products pension plans by its third-party administrators and investment advisors, the Bulakites Defendants, and the insurance companies by which they were employed and/or affiliated. The second of the two cases, the <u>Prentiss</u> case (to which this motion pertains), involves claims for breach of fiduciary duty against the Bulakites Defendants as well as the Wasley Defendants pertaining to the administration and management of the

Wasley 401(k) Plan. The Wasley Defendants and the Bulakites Defendants have cross-claimed against each other.

In their cross-claims, the Wasley Defendants allege that the Bulakites Defendants and their affiliated companies were responsible for providing administrative and investment services to the Wasley pension plans, including the 401(k) Plan. The Wasley Defendants allege that the Bulakites Defendants were fiduciaries of the 401(k) Plan and breached their fiduciary duties through various improper acts or omissions, including the following: undue delay in establishing the 401(k) Plan; failure to comply with ERISA's filing requirements; various misrepresentations about the plan, its assets, investments, and valuation; failure to properly forward and/or invest contributions; and mismanagement, diversion and/or conversion of plan assets. The Wasley Defendants assert claims under ERISA as well as various state and common law claims in the alternative.

## II.     DISCOVERY SOUGHT

On June 15, 2005, the Wasley Defendants served Interrogatories and Requests for Production upon each of the Bulakites Defendants. The Bulakites Defendants moved for an extension of time of 60 days, to and including September 15, 2005, to respond to the discovery requests. The court granted the 60-day extension for responding to the requests but ordered objections to be submitted by August 15, 2005. (See 7/23/05 Court Order, copy attached as Ex. A.) The Bulakites Defendants did not comply with this court order. Instead, on or about September 15, 2005, the Bulakites Defendants served their responses to the discovery requests, including 13 broad "General Objections" that were incorporated by reference in response to each request as well as additional specific objections to virtually all of the requests. Although the Bulakites Defendants answered in some cases notwithstanding their objections, they have

refused to respond to certain requests and/or have not provided all of the information requested. Copies of the discovery requests that remain at issue along with the Bulakites Defendants' objections and responses (including supplemental responses) are attached as Exhibits B (Bulakites), C (Winslow) and D (JAC).[1]

As set forth in more detail in the Affidavit of Counsel (attached hereto as Exhibit E), counsel for the Wasley Defendants communicated with counsel for the Bulakites Defendants on October 4, 2005 and again on October 14, 2005 in a good faith effort to resolve the outstanding discovery issues without the intervention of the court. Among other things, counsel for the Wasley Defendants noted that the objections were untimely and also noted their disagreement with the various objections. Although the Bulakites Defendants provided some supplemental responses on October 25, 2005, the Bulakites defendants maintained their objections as to the remainder of the requests that were discussed but not supplemented. (10/25/05 Letter from Attorney Bellair, Ex. F).

Because the Bulakites Defendants did not serve their objections by August 15, 2005 as ordered by the court, they have waived their right to object and the court should order them to answer all of the Wasley Defendants' discovery requests in full. See Fed. R. Civ. P. Rule 33(b)(4) (any ground for objection to an interrogatory that is not stated in a timely objection is waived); Fed. R. Civ. P. Rule 34(b) (requiring timely service of objections to production requests). Even if the Bulakites Defendants are permitted to object, however, their objections are without merit. Given information that has come to light through other proceedings and

---

[1] The discovery requests and responses are not produced in their entirety as they are quite voluminous. Instead, the Wasley Defendants have produced each of the Bulakites Defendants' general objections as well as their objections and responses to specific discovery requests that remain unresolved. From representations of counsel for the Bulakites Defendants, it is the understanding of the undersigned that the Bulakites Defendants have not provided a privilege log because they have not withheld any documents on the grounds of privilege and also that the Bulakites Defendants have not withheld any documents on the basis of partial objections (i.e., in cases where they objected but produced documents notwithstanding the objection).

discovery efforts in this case as well as the lead case, the Wasley Defendants believe that the information requested is not only relevant (and within the Bulakites Defendants' control or possession) but also is critical to their defense in this case.

The Wasley Defendants therefore move this court to compel the Bulakites Defendants to provide responses to the following discovery requests:

A.   **For Barry Bulakites and James Winslow:**[2]

**Interrogatory No. 6 (Bulakites)/Interrogatory No. 5 (Winslow): Compensation History and Employment Agreements**

This interrogatory asks for detailed information concerning Bulakites' and Winslow's employment history, including the basis and amount of their compensation and whether they had a written employment, agent, or contractor agreement. Initially, Bulakites and Winslow did not provide many of the details requested; after discussions with their counsel, they supplemented their responses. However, Bulakites and Winslow declined to provide information on their compensation or on employment-related agreements, claiming that the interrogatory is overly broad and unduly burdensome in that it is not limited to any specific time period and that it seeks information that is irrelevant and immaterial to this litigation.

One of the key issues in the litigation is the relationship between the Bulakites Defendants and the insurance company defendants, as well as the fiduciary status of the Bulakites Defendants. The source and amount of Bulakites' and Winslow's compensation and any agreements had with their various employers are relevant to this issue. Another key issue in the litigation, as indicated through the Special Master's report, is the location or ultimate disposition of the missing Wasley pension plan funds. Bulakites' and Winslow's compensation

---

[2] For the most part, the discovery requests to Bulakites and Winslow are the same and the same issues are in dispute. Therefore, for purposes of this memorandum, the Wasley Defendants have grouped Bulakites and Winslow together but have noted the relevant discovery request number for each and whether it pertains to Bulakites, Winslow, or both.

4

history, particularly during the years that they exercised control over the Wasley pension plans and plan assets, is critical to determining their financial status during those years and may shed light on what happened to the unaccounted funds.

The Wasley Defendants therefore request that the court order Bulakites and Winslow to supplement their responses to Interrogatory No. 6 (Bulakites) and Interrogatory No. 5 (Winslow) and provide information on their compensation and employment, agency, or contractor agreements.

**Interrogatory No. 21: Complaints and Investigations (Bulakites)**

Interrogatory No. 21 asks Bulakites to describe in detail any investigations, complaints or actions taken against him in connection with any professional licenses, certifications, affiliations or approvals held by him. Bulakites objected to the interrogatory on grounds that it is overly broad, unduly burdensome, and that the information sought is irrelevant to the litigation. He nevertheless answered notwithstanding the objection and identified two investigations by the NASD. He did not, however, provide any information to explain the nature of the investigations other than to state that they were closed without any action being taken by the NASD as NASD had determined that no rules or procedures had been violated.

Bulakites' counsel refused to provide additional information about the investigations, asserting that the details could be explored at his deposition rather than through an interrogatory. This is an invalid reason for Bulakites' failure to respond in full. It is appropriate to require Bulakites to provide a summary of the nature of the complaint(s) or investigations, the approximate date of each, and the proceedings involved. The information is relevant as Bulakites' work history and professional misconduct are critical to the Wasley Defendants' defense; they are entitled to information about any such complaints or investigations, especially

5

as it appears that they occurred during the time period that Bulakites was performing services for the Wasley plans. The court therefore should order that Bulakites supplement his response to this interrogatory.

**Interrogatory No. 22 (Bulakites)/Interrogatory No. 21 (Winslow): Identification of Bank Accounts**

These interrogatories seeks identification of any bank, financial institution, brokerage, or similar accounts maintained by Bulakites, his wife Debra Bulakites, Winslow, and/or any Business of Bulakites or Winslow during the time period 1990 to the present. Bulakites and Winslow objected to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks personal information unrelated to JAC or any of the plaintiffs. Although they each responded notwithstanding the objection, the responses were limited to accounts held by JAC and simply referenced the Special Master's report.

As the Special Master noted in his report, however, there is a significant amount of Wasley 401(k) and pension plan money provided by Wasley Products to the Bulakites Defendants for deposit in various investment accounts and which cannot now be accounted for. Despite the Special Master's repeated requests for bank and accounting records, the Bulakites Defendants have been unable or unwilling to provide all of the documents. It is clear, however, from the records produced so far, from Bulakites' testimony at the hearing, and from the Special Master's report, that Bulakites, his wife Debra, and Winslow had access to the Wasley pension plan account and freely moved their funds in and out of the account. They also moved the account to various financial institutions without ever notifying the Wasley Defendants and have failed to provide a complete accounting of the funds in the account. Therefore, identification of the Bulakites' and Winslow's bank and other financial accounts is critical to an issue at the heart of this case: the handling and disposition of Wasley pension funds. Given that they mingled

their own monies with that of JAC and the Wasley pension plan account, Bulakites and Winslow cannot now contend that their personal financial records are irrelevant or immaterial to the case. The court therefore should order that Bulakites and Winslow answer this interrogatory in full and also that they supplement any related production requests accordingly.

**Interrogatories 24 through 27 (Bulakites)/Interrogatories 23 through 26 (Winslow): Financial information concerning the Wasley 401(k) Plan:**

These interrogatories seek information concerning the Wasley 401(k) Plan, including contributions and deposits (Int. Nos. 24/23); payouts from plan assets (Int. Nos. 25/24); deposits and withdrawals from institutional accounts maintained or used in connection with the plan (Int. Nos. 26/25); and identification of all plan assets, including specific funds and accounts maintained by or for the benefit of the plan (Int. Nos. 27/26). Bulakites and Winslow objected to these interrogatories as overly broad and unduly burdensome in that they ask for detailed information over an undefined time period and seek information previously supplied to the Special Master and parties to the litigation. Bulakites and Winslow responded in most cases notwithstanding the objection by referring to the Special Master's reports and corresponding objections filed by the Bulakites Defendants.

There can be no question that the information sought is relevant to the litigation. It is insufficient for the Bulakites Defendants to simply refer to the Special Master's reports and their objections, especially since the Bulakites defendants failed or refused to provide much of the information requested by the Special Master such as a full accounting of deposits and withdrawals from the Wasley pension plan accounts. The information that the Bulakites Defendants did provide was provided in a piecemeal fashion and was not verified. Moreover, the limited responses to the interrogatories are provided subject to the objections and do not specify which information from the Special Master's reports is responsive. The Wasley

7

Defendants therefore have no way of knowing the information to which the Bulakites Defendants refer nor whether the responses regarding critical issues relating to the management of plan assets are complete. The court therefore should order Bulakites and Winslow to respond to Interrogatories 24 through 27 (Bulakites) and 23 through 26 (Winslow) in full with the responses verified under oath.

**Requests for Production No. 12 through No. 14 (Bulakites and Winslow): Documents Concerning Income and Taxes**

Request for Production No. 12 seeks documents concerning any income that Bulakites and Winslow received from any source during the time period January 1990 to the present, including but not limited to W-2 forms, 1099 forms, payroll records, commission statements, and the like. Requests for Production 13 and 14 seek complete signed copies of federal and state tax returns filed by Bulakites and Winslow, including any partnership returns. Bulakites objected to these requests on the ground that they are overly broad and unduly burdensome in that they are not limited to income earned in connection with the Wasley plans and that they seek personal information and filings unrelated to the pending lawsuits. Bulakites responded subject to the objection by stating that he has requested IRS filings and will produce copies of the same if they exist, but only insofar as they relate to JAC and/or its d/b/a, Adams Consulting. He responded to the request for state tax information by stating that he does not have the documents in his possession. Winslow made similar objections and responded notwithstanding the objections that he does not have any such documents in his possession.

To date, the Wasley Defendants have not received the documents that Bulakites purportedly requested from the IRS nor any indication as to when the request was made or when the documents might be made available. There is no indication that Winslow requested records from the IRS or that either Bulakites or Winslow has made any attempt to obtain state tax

records. Moreover, as noted in the discussion concerning Interrogatories Nos. 6/5 and 22/21, above, all of Bulakites' and Winslow's income and financial records—not just those pertaining to JAC—are relevant and critical to the Wasley Defendants, not only as evidence of Bulakites' and Winslow's status as an employee or agent of the various insurance companies and their fiduciary status with respect to the Wasley plans, but also because Bulakites and Winslow have made their personal financial information relevant by co-mingling their alleged "personal" funds with the Wasley pension plan account and failing to keep adequate records of that account or to otherwise provide a full accounting of the monies for the Wasley pension plans. Therefore, the court should order that Bulakites and Winslow provide the documents requested (not only as to JAC but also for themselves) or, in the alternative, to provide an appropriate authorization/ release form to allow the Wasley Defendants to obtain these records directly from the IRS and applicable state revenue agencies.

**Request for Production No. 20 (Bulakites): Diaries, Appointment Books, Calendars**

Request for Production No. 20 seeks all diaries, appointment books, calendars or like documents that Bulakites maintained during the time period January 1990 to the present. Bulakites objected to this request on the grounds that it is overly broad and burdensome in that it is not limited to the specific time frame at issue in the lawsuit and seeks to obtain irrelevant and personal information. He did not provide any response.

The objections are without merit. The time period specified begins with 1990, the year that Bulakites first met with the Wasley Defendants concerning their pension plans and recommended that Wasley establish a 401(k) Plan. The documents requested certainly are relevant to the litigation as they could contain a wealth of information concerning Bulakites activities and whereabouts during the time period, including such things as meetings with the

9

Wasley Defendants, appointments with the various service providers for the Wasley plans, filing deadlines, meetings with insurance company representatives, and the like. The court therefore should order Bulakites to respond to the production request in full.

**Request for Production No. 25 through 28, 31, and 33-34 (Bulakites and Winslow): (Plan Documents)**

These production requests seek all plan documents and summary plan descriptions for the Wasley 401(k) Plan for each plan year from 1990 through 2002 (RP No. 25), annual valuation reports for each plan year (RP No. 26), documents concerning payments for retired employees of the plan (RP No. 27), and quarterly statements for the plan (RP No. 28). In addition, the requests seek documents concerning communications with any of the Wasley Defendants relating to the Wasley plans (RP No. 31) and any and all documents concerning the Wasley plans (RP Nos. 33-34). Bulakites and Winslow object to the requests on the ground that the requests are overly broad, unduly burdensome, and (for some requests) seek to obtain irrelevant and confidential information. They each respond, notwithstanding the objections, that "a majority of [their] records have been destroyed" but that some documents are available for inspection and copying at their counsel's office.

Bulakites' and Winslow's objections to these requests are completely without merit. The Bulakites Defendants were responsible for producing the 401(k) Plan documents and for making such documents (such as SPDs) available upon request to plan participants. There is no question that the documents are relevant to the litigation; further, it is absurd for the Bulakites Defendants to claim that such things as plan documents are "confidential." Although they claim that the majority of their records have been destroyed, they provides no explanation as to the circumstances such as: which documents existed and may have been destroyed; where the documents were kept; when, how and why documents were destroyed and by whom; and what

attempts, if any, they made to locate the documents and/or cease their destruction, particularly once Bulakites and Winslow knew that litigation concerning the Wasley plans was imminent. The court therefore should order that Bulakites and Winslow respond in full to these production requests; if they continue to maintain that most of their documents have been destroyed, the court should order that they provide the details noted above.

**Remaining Requests for Production:**

With respect to the remaining requests for production, Bulakites Defendants' counsel indicated that responsive documents were available for inspection and copying at their office. Bulakites Defendants' counsel subsequently produced a list of the documents they believed to be responsive and agreed to provide copies of certain documents from the list as requested by Wasley Defendants' counsel. Wasley Defendants' counsel only recently received the documents and has not yet had an opportunity to fully review them. The Wasley Defendants therefore reserve the right to file additional motion(s), if necessary, if the documents produced do not appear to be responsive or complete.

**B.    For Joshua Adams Corp. (JAC):**

**Interrogatory No. 9: Records of JAC**

This interrogatory asks for the identity of the person or person(s) responsible for maintaining and keeping the records of JAC, identification of where such records are presently kept or stored, and details concerning the destruction of any records. JAC objected to the interrogatory in that it is overly broad and unduly burdensome in that it asks for detailed information over an undefined time period, but answered notwithstanding the objection. After discussions with counsel, JAC supplemented its answer but the answer is vague and incomplete.

First, with respect to the identity of person(s) responsible for maintaining and keeping the records of JAC, only Maxine Bruno and Sandra Ames Johnson are identified. In other responses, JAC identifies these two individuals as administrative assistants; Bruno left JAC in 1996 and Johnson in 1997. JAC purportedly continued operations until at least 2002 or 2003, yet JAC fails to identify the individual(s) with responsibility for maintaining and keeping the records of JAC for the time period subsequent to 1997. This information should be provided.

JAC also claims that "some" of its records were placed in a storage unit in Lansing, Michigan between 1997 through 2000, but claims that, unbeknownst at the time, the storage unit was "cleaned out" sometime in 2001 and the records were never returned. Conspicuously absent from the response is any information concerning who put the records into storage in Michigan and why (particularly given that JAC was located in Connecticut at the time), the name and address of the storage facility, the nature of the records stored there, who was responsible for paying the fees on the storage unit, why the storage unit was cleaned out, whether any of the Bulakites Defendants were notified at the time or, if not, when and how they ultimately found out about it, and whether any efforts were made to obtain the records from the storage facility. JAC also claims that certain other JAC records were kept by Winslow at his home but that these records allegedly were removed by his wife and children and have not been returned. Again, there is no explanation of which records were kept there, whether (and when) the records have been destroyed or whether they remain in the possession of relatives, and whether any efforts were made to obtain the records. Further, JAC claims that "prior to litigation" some records were destroyed in accordance with the ordinary course of business when the IRS holding period expired. Once again, JAC fails to provide any details concerning which records were destroyed, when they were destroyed, and who was responsible for their maintenance and ultimate

destruction. Lastly, in proceedings before the Special Master in October 2003, Bulakites testified not only that some records were stored in Michigan but also that some were stored at a storage facility in California. The JAC response makes no mention of the California storage facility, the nature of the documents stored there, or what happened to them. The locating and production of documents relating to the administration of the Wasley 401(k) plan is essential to this case. The Wasley Defendants therefore request that the court order JAC to further supplement its response to Interrogatory No. 9 and provide all relevant details concerning the maintenance, storage, and alleged destruction of its records.

**Interrogatory No. 10: JAC's Clients and Customers**

Interrogatory No. 10 asks for the identity of each and every customer of JAC, including the nature of services performed by JAC for each client so identified. JAC objected on a variety of grounds, including that the request is overbroad and unduly burdensome, but then responded notwithstanding the objection that it was unable to identify such without access to all of its records, most of which were unavailable or destroyed.

The Wasley Defendants note that, in response to production requests, Bulakites produced a copy of his resume (attached hereto as Exhibit G) in which he indicates that JAC had over $1 Billion in assets under management and had numerous high-profile clients, including such notables as United Technologies, the Cleveland Browns and Oprah Winfrey. It is difficult to fathom that JAC it cannot now identify any of its clients, particularly given that Bulakites himself verified the initial JAC responses. Indeed, when this was pointed out to Bulakites' counsel in discovery discussions, she stated after further consultation with her clients that JAC would not supplement its response on grounds that the information is confidential.

The objection is without merit. The identity of JAC's clients can hardly be confidential if Bulakites includes the information on his resume. Moreover, even if certain information is arguably confidential, JAC cannot simply withhold the information but must seek an appropriate confidentiality agreement or protective order. The Bulakites Defendants made repeated representations to the Wasley Defendants concerning the scope, size and expertise of JAC; they also made representations during the Special Master's proceedings concerning JAC's business and the manner in which they handled their clients. This information is necessary to understand JAC's relationship to Bulakites, Winslow and the insurance company defendants. The information sought is relevant to the Wasley Defendant's claims and the Wasley Defendants are entitled to a complete and verified response. Therefore, the court should order JAC to respond to this interrogatory in full.

**Interrogatory No. 15: Property of JAC**

This information requests information concerning the identity of any and all property owned by JAC and its location. Notwithstanding a general objection on various grounds, JAC responded that it had owned office equipment and computers but that the property was disposed of or sold; JAC supplemented its response by vaguely stating that the property was "sold in 1995." As set forth above, the existence and retention of JAC records (including any computer records) is essential to the legal and factual issues relating to plan administration. The Wasley Defendants therefore ask the court to order JAC to supplement its response with details concerning the sale of the property, especially the computers, particularly given that JAC allegedly continued in business for several more years thereafter.

**Request for Production Nos. 4, 5, 8 and 9: Corporate and tax records of JAC**

These requests seek documents filed with, submitted to, or received from the Secretary of State's office, insurance department, or other state agencies concerning JAC or its owners, employees, consultants or contractors (RP No. 4); documents filed with, submitted to, or received from the Securities and Exchange Commission, IRS, or other federal agencies or departments concerning JAC or its owners, employees, consultants or contractors (RP No. 5); complete signed state tax returns of JAC filed in Connecticut or elsewhere (RP No. 8); and complete signed federal tax returns of JAC filed with the IRS (RP No. 9). JAC objected to these requests on grounds of overbreadth, burden, and relevance but then responded notwithstanding the objections that it did not have any such documents in its possession.

In subsequent discussions, Bulakites Defendants' counsel indicated that the tax returns had been requested and would be supplied when received. (There was no indication that they had requested any documents from the Secretary of State's office, SEC, or other state or federal agencies.) To date, the Wasley Defendants have not received the documents nor any indication as to when the request was made or when the documents might be made available. Therefore, the Wasley Defendants ask the court to order that JAC provide the documents requested or, in the alternative, to sign an appropriate authorization/ release form to allow the Wasley Defendants to obtain these records directly from the relevant state and federal agencies.

**Other Requests for Production:**

For the majority of the remaining requests for production, JAC makes various objections but then answers notwithstanding the objections that the majority of its records are unavailable and/or have been destroyed, referring to its response to Interrogatory No. 9. As set forth above,

the court should require JAC to provide additional details concerning the maintenance, storage, and ultimate disposition of all of its corporate records.

Further, as previously stated, Bulakites Defendants' counsel indicated that a limited amount of responsive documents were available for inspection and copying at their office and subsequently agreed to provide copies of certain of the documents. Wasley Defendants' counsel only recently received the documents and has not yet had an opportunity to fully review them. The Wasley Defendants therefore reserve the right to file additional motion(s), if necessary, if the documents produced do not appear to be responsive or complete.

### III. CONCLUSION

For the foregoing reasons, the Wasley Defendants respectfully request that this court grant their motion to compel and enter an order requiring each of the Bulakites Defendants—Bulakites, Winslow and JAC—to fully respond to the discovery requests described above.

DEFENDANTS and CROSS-CLAIM
PLAINTIFFS

WASLEY PRODUCTS, INC., ALAN A.
WASLEY, ANDREW BRADY, SANDI DUMAS-
LAFERRIERE, AND BARRY CONNELL

By: _____
Theodore J. Tucci (ct05249)
ttucci@rc.com
Jean E. Tomasco (ct09635)
jtomasco@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax: (860) 275-8299

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, first class postage prepaid on this 4th day of November, 2005 to the following:

Steven J. Errante, Esq.
Nancy A. Fitzpatrick Myers, Esq.
Marisa A. Bellair, Esq.
Lynch, Traub, Keefe and Errante, P.C.
52 Trumbull Street
P. O. Box 1612
New Haven, CT  06506

Sara R. Simeonidis, Esq.
Deborah S. Freeman, Esq.
Bingham McCutchen
One State Street
Hartford, CT  06103-3178

Thomas G. Rohback, Esq.
Doug Dubitsky, Esq.
James J. Reardon, Jr., Esq.
LeBoeuf, Lamb, Greene & MacRae, LLP
225 Asylum Street
Hartford, CT  06103

Thomas G. Moukawsher, Esq.
Ian O. Smith, Esq.
Moukawsher & Walsh
21 Oak Street, Suite 209
Hartford, CT  06106

Joseph V. Meaney, Jr., Esq.
Cranmore, Fitzgerald & Meaney
49 Wethersfield Ave.
Hartford, CT  06114-1102

_____
Theodore J. Tucci