# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WASLEY PRODUCTS, INC., ET AL.   : | MASTER CONSOLIDATED CASE CIVIL NO. 3:03 CV-383(MRK) |
| *Plaintiffs,*       : | |
|   : | |
| V.   : | THIS PERTAINS TO: |
|   : | CIVIL NO. 3:03 CV 1790 (MRK) |
| BARRY LEONARD BULAKITES,   : ET AL. | <u>(Prentiss et al. v. Wasley Products, Inc., et al.)</u> |
|   : | |
| *Defendants.*   : | |
|   : | SEPTEMBER 15, 2005 |

### <u>BARRY L. BULAKITES' RESPONSES TO WASLEY DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION</u>

Pursuant to Federal Rule of Civil Procedure 33, the defendant, Barry L. Bulakites

("Bulakites") hereby objects and responds to Wasley Products, Inc., Alan A. Wasley,

Andrew Brady, Sandi Dumas-Laferriere and Barry Connell, Defendants and Third-Party

Plaintiffs in <u>Prentiss, et al v. Wasley Products, Inc., et al</u> ("Wasley II" or "this litigation")

(collectively, "Wasley Defendants"), First Set of Interrogatories and Requests for

Production dated June 15, 2005.

LYNCH, TRAUB, KEEFE AND ERRANTE, P.C.
ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06506-1612
(203) 787-0275 • JURIS NO. 34878

## GENERAL OBJECTIONS

The following General Objections apply to and are incorporated into each individual response, whether expressly incorporated by reference in the response or not.

1.     Bulakites objects to each and every interrogatory and request for production ("the Requests") requested by defendants and third party plaintiffs, Wasley Products, Inc., Alan Wasley, Andrew Brady, Sandi Dumas-Laferriere and Barry Connell (collectively, the "Wasley Defendants") to the extent that they seek discovery of information protected from disclosure by the attorney-client privilege doctrine or any other privilege or immunity under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the common law and/or applicable statutes.

2.     Bulakites objects to each and every Request to the extent that it seeks discovery of information obtained or prepared in anticipation of litigation or for trial.

3.     Bulakites objects to each and every Request to the extent that it seeks discovery of attorney work product or any information containing or reflecting the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative concerning this litigation.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.
ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06506-1612
(203) 787-0275 • JURIS NO. 34878

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.
ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06506-1612
(203) 787-0275 • JURIS NO. 34878

4.     Bulakites objects to the Requests to the extent that they are vague, ambiguous and overbroad and therefore requires Bulakites, to the best of his ability, to make a subjective determination as to what documents are being sought.

5.     Bulakites objects to the Requests to the extent that they call for the production of documents that are not relevant to the issues of law and fact involved in the claims and defenses in this litigation.

6.     Bulakites objects to each Request, including the "General Definitions" and "Instructions" contained herein, to the extent that they exceed the scope of permissible discovery as set forth in the Federal Rules of Civil Procedure, the Local Rules for the District Court for the District of Connecticut, or otherwise purport to impose upon Bulakites obligations that differ from or exceed the scope of its obligations under the Federal Rules of Civil Procedure or the Local Rules.

7.     Bulakites objects to each Request to the extent that they inquire about matters, the disclosure of which, is prohibited by statute, regulation, or other applicable laws.

8.      Bulakites objects to each and every Request to the extent that it purports to require Bulakites to disclose information that is not within his possession, custody or control.

9.      Bulakites objects to each Request to the extent that they purports to require Bulakites to disclose information that is more readily in the possession of or more easily disclosed by another party to this litigation.

10.      Bulakites objects to the disclosure of any information falling within any of the foregoing General Objections or the specific objections set forth below, and in the event any information falling within one or more of such objections is disclosed in any of the response to the Requests, such disclosure is inadvertent and shall not constitute a waiver of the objections and/or any applicable privilege.

11.      Bulakites' responses and objections to the Requests are not intended to be and shall not be deemed an admission of the matters stated, implied or assumed by any or all of the Requests.  In responding to the Requests, Bulakites neither waives nor intends to waive, but expressly reserves, any and all objections to the relevance, competence, materiality or admissibility of any information provided.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.
ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06508-1612
(203) 787-0275 • JURIS NO. 34978

12.    The absence of an objection shall not be deemed to be an acknowledgement that information exists or that the subject matter of the Request is relevant to this litigation.

13.    Bulakites reserves the right to supplement or modify its responses and objections to the Requests if and when it discovers any additional responsive information.

### BARRY L. BULAKITES'S OBJECTIONS
### AND RESPONSES TO INTERROGATORIES

1.    State your current home address, business address, personal and business telephone numbers (including cell phone numbers), facsimile numbers, and E-mail addresses.

**OBJECTION:**

Bulakites incorporates the aforesaid General Objections as though fully set forth herein.

**ANSWER:**

Notwithstanding and without waiving the foregoing General Objections, Bulakites states:

Home Address:      770 International Isle Dr.
                   Castle Rock, CO 80108
Business Address:  558 Castle Pines Parkway, Unit B4 #401
                   Castle Rock, CO 80108
Phone Numbers:     (303) 663-4339 (H)
                   (866) 834-0909 (O)

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.
ATTORNEYS AT LAW - P.O. BOX 1612 - NEW HAVEN, CT 06506-1612
(203) 787-0275 - JURIS NO. 34678

6.    Describe in detail your entire employment history (including self-employment) to the present. Your description should include but not be limited to the following: identification of each employer (name, address, and phone number); your job title, duties, and responsibilities; the dates you were employed by or rendered services for that employer, whether you acted as an employee or as an agent or independent contractor; the name and job title of your supervisor(s); the basis and amount of your compensation; your licensure history with respect to any such employment; whether you had a written employment, agent, or contractor agreement; and the reason(s) why you left such employment or discontinued the relationship with the employer. If your position, responsibilities, or compensation changed over time, your response should include the date and description of any such changes.

**OBJECTION:**

In addition to his General Objections, the defendant objects to the interrogatory on the ground that it is overly broad and unduly burdensome in that it is not limited to any specific time period. The defendant further objects to this interrogatory in that it seeks information that is irrelevant and immaterial to this litigation.

**ANSWER:**

Notwithstanding and without waiving the foregoing objections, Bulakites employment history is as follows:

(a)    Employer:                    Equitable Life Insurance Society of United States,

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.
ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06506-1612
(203) 787-0275 • JURIS NO. 34878

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.
ATTORNEYS AT LAW · P.O. BOX 1612 · NEW HAVEN, CT 06506-1612
(203) 787-0275 – JURIS NO. 34878

|       |                      | New York, NY (worked in various locations) |
|-------|----------------------|--------------------------------------------|
|       | Dates of Employment: | June 1977 – September 1985 |
|       | Positions Held:      | Agent, 1977-1978 |
|       |                      | District Assistant, 1978-1980 |
|       |                      | District Manager, 1980-1985 |
| (b)   | Employer:            | Mutual of New York, Darien, CT |
|       | Dates of Employment: | September 1985 – October 1987 |
|       | Positions Held:      | Agency Manager |
| (c)   | Employer:            | Mass Mutual Life Insurance Company, Shelton, CT, New York, NY |
|       | Dates of Employment: | October 1987 – July 1989 |
|       | Positions Held:      | General Agent |
| (d)   | Employer:            | Provident Mutual Life Insurance Company, New Haven, CT |
|       | Dates of Employment: | July 1989 – October 1993 |
|       | Positions Held:      | Agency Manager |
| (e)   | Employer:            | Joshua Adams Corporation, Madison, CT |
|       | Dates of Employment: | December 1993 – April 1995, Approximately 1996 – February 1997 |
|       | Positions Held:      | Vice-President, Sales |
| (f)   | Employer:            | Lincoln National Life, Darien, CT |
|       | Dates of Employment: | April 1995 – approximately May 1996 |
|       | Positions Held:      | Regional Chief Executive Officer |
| (g)   | Employer:            | Equitable Life Insurance Society of United States, New York, NY (worked in various locations) |
|       | Dates of Employment: | June 1977 – September 1985 |
|       | Positions Held:      | Agent, 1977-1978 |
|       |                      | District Assistant, 1978-1980 |
|       |                      | District Manager, 1980-1985 |
| (h)   | Employer:            | Jackson National Life Insurance Company |
|       | Dates of Employment: | 1997 - 2003 |
|       | Positions Held:      | Regional Vice President, Sales, Lansing, MI, 1997-1998 |
|       |                      | Vice President, Sales, Lansing, MI, 1998-1999 |

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.
ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06506-1612
(203) 787-0275 • JURIS NO. 34878

|      |                       | Vice Present, Resources Development, 1999-2001, Los Angeles, CA |
|------|-----------------------|--------------------------------------------------------------|
|      |                       | Senior Vice President, National Sales Development, 2001-2003, Denver, CO |
| (i)  | Employer:             | Montech Systems, Inc., Longwood, FL                          |
|      | Dates of Employment:  | September 1993 – May 2004                                     |
|      | Positions Held:       | President and CEO                                            |
| (j)  | Employer:             | Brokers International, Ltd., Castle Rock, CO                  |
|      | Dates of Employment:  | April 2004 – March 2005                                       |
|      | Positions Held:       | Senior Vice President of Sales                               |
| (k)  | Employer:             | Table Bay Financial Network, Inc., Castle Rock, CO           |
|      | Dates of Employment:  | March 2005 - Present                                         |
|      | Positions Held:       | Chief Sales and Marketing Officer                           |

7.      If you were prevented from working or from actively seeking employment at any

point, please state the reason(s) why and identify the time period involved.

**OBJECTION:**

In addition to his General Objections, the defendant objects to this interrogatory on the ground that it seeks information that is irrelevant and immaterial to this litigation.

**ANSWER:**

Notwithstanding and without waiving the foregoing objections, Bulakites states that at no time was he prevented from working or actively seeking employment.

8.      Identify each and every insurance, investment, financial services or management,

or other company with which you had any type of agent, sales, or broker contract or

agreement at any time during the time period January 1990 to the present and, for each,

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.
ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06506-1612
(203) 787-0275 • JURIS NO. 34878

## ANSWER:

Notwithstanding and without waiving the foregoing General Objections, the defendant is actively researching whether insurance coverage was applied for and obtained. Defendant will provide such information at a later date, to the extent that it exists and/or is obtainable.

20.    Identify by name of case, docket number, court, and nature of claim, any lawsuits (other than this litigation) in which you were or are a named party or a witness at any time during the time period January 1990 to the present.

## OBJECTION:

In addition to his General Objections, the defendant objects to this interrogatory on the grounds that this interrogatory is overly broad and unduly burdensome. In addition, the information sought is irrelevant and immaterial to this litigation.

## ANSWER:

Notwithstanding and without waiving the foregoing objections, the defendant states that he was involved in numerous cases during the time period specified, however, he is unable to recall the dates and names of each such proceeding, most of which were employment related.

21.    For the time period from January 1990 to the present, describe in detail any investigations, complaints or actions taken against you in connection with any professional licenses, certifications, affiliations or approvals held by you.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.
ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06506-1612
(203) 787-0275 • JURIS NO. 34878

## OBJECTION:

In addition to his General Objections, the defendant objects to this interrogatory on the grounds that this interrogatory is overly broad and unduly burdensome. In addition, the information sought is irrelevant and immaterial to this litigation. Moreover, the term "approvals" is vague and undefined.

## ANSWER:

Notwithstanding and without waiving the foregoing objections, the defendant states that he was investigated by the NASD on two separate occasions. In both cases, the investigations were closed without any action being taken as the NASD determined that no rules or procedures had been violated.

22.    Identify any and all banks, savings & loan companies, financial institutions, financial services companies, or investment brokerages with whom you, Debra A. Bulakites, and/or your Business has had any type of account, including but not limited to checking, savings, certificates of deposit, loans, and/or investment accounts, during the time period January 1990 to the present, identify the account number and type of account at each, and describe the purpose of each such account.

## OBJECTION:

In addition to his General Objections, the defendant objects to this interrogatory on the grounds that this interrogatory is overly broad and unduly burdensome. In addition, the information sought is irrelevant and immaterial to this litigation as it seeks personal

information regarding accounts unrelated to Joshua Adams Corporation or any of the plaintiffs.

**ANSWER:**

Notwithstanding and without waiving the foregoing objections, the defendant states that information related to accounts held by Joshua Adams Corporation can be found in the Special Masters report.

23.    Identify any information you or your Business has concerning any bank,

investment, or other accounts maintained by, for the benefit of, or in connection with, the

Wasley 401(k) Plan, including but not limited to any accounts which you opened, closed, or

made deposits, investments, or withdrawals of Wasley 401(k) Plan funds.

**OBJECTION:**

In addition to his General Objections, the defendant objects on the grounds that this interrogatory is overly broad and unduly burdensome in that it asks for detailed information over an undefined time period. In addition, the terms "maintained", "for the benefit of" and "in connection with" are vague and ambiguous.

**ANSWER:**

Notwithstanding and without waiving the foregoing objections, the defendant through Joshua Adams Corporation used the following accounts relative to the Wasley 401(k) plans:

(a)    Institution:    New Haven Savings Bank
       Account #:    571036437

(b)    Institution:    People's Bank

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.
ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06506-1612
(203) 787-0275 • JURIS NO. 34878

Account #:    081-7002846

(c)    Institution:    Bank One
       Account #:    275000634640

24.    Identify all contributions made to Wasley 401(k) Plan, including: (i) date and amount of contribution and identification of account number, title and institution into which deposited; and (ii) amount, date and number of the Wasley check corresponding with each such contribution.

**OBJECTION:**

In addition to his General Objections, the defendant objects on the grounds that this interrogatory is overly broad and unduly burdensome in that it asks for detailed information over an undefined time period and seeks information previously supplied to the special master and the parties to this litigation.

**ANSWER:**

Notwithstanding and without waiving the foregoing objections, please see the Special Master's reports and corresponding objections filed by the Bulakites' defendants.

25.    Identify all payouts from assets of Wasley 401(k) Plan, including: (i) identification of payouts by amount, payee and purpose (such as annuity purchase, distribution of benefits

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.
ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06506-1612
(203) 787-0275 • JURIS NO. 34678

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.
ATTORNEYS AT LAW · P.O. BOX 1612 · NEW HAVEN, CT 06506-1612
(203) 787-0275 · JURIS NO. 34676

to participants, transfer to other identified accounts, rollovers and any other use); and (ii)

identification of institution and account number into which any such funds were transferred.

**OBJECTION:**

In addition to his General Objections, the defendant objects on the grounds that this interrogatory is overly broad and unduly burdensome in that it asks for detailed information over an undefined time period and seeks information previously supplied to the special master and the parties to this litigation.

**ANSWER:**

Notwithstanding and without waiving the foregoing objections, please see the Special Master's reports and corresponding objections filed by the Bulakites' defendants.

26.    Identify deposits to and withdrawals from all accounts maintained by, or for the

benefit of, or for use in connection with, the Wasley 401(k) Plan at any institution, including

without limitation, Union Trust, Travelers, New Haven Savings Bank and People's Bank.

**OBJECTION:**

In addition to his General Objections, the defendant objects on the grounds that this interrogatory is overly broad and unduly burdensome in that it asks for detailed information over an undefined time period and seeks information previously supplied to the special master and the parties to this litigation.

◇ **ANSWER:**

Notwithstanding and without waiving the foregoing objections, please see the Special Master's reports and corresponding objections filed by the Bulakites' defendants.

27. Identify all Wasley 401(k) Plan assets, including specific identification of all individual funds and accounts maintained by, or for the benefit of, the Wasley 401 (k) Plan.

**OBJECTION:**

In addition to his General Objections, the defendant objects on the grounds that this interrogatory is not limited to any specific time period. In addition, this interrogatory is unduly burdensome as it requests information regarding assets that the defendant has no access to or control over.

28. Identify the location where any documents or records, including but not limited to, electronic records, computers, or databases, concerning the Wasley Benefit Plans may be stored or kept and the identity of any individual(s) who control or can access such documents or records.

**OBJECTION:**

In addition to his General Objections, the defendant objects on the grounds that this interrogatory is overly broad and unduly burdensome in that it is not limited to any specific time period and requests information regarding assets that the defendant has no access to or control over.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.
ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06506-1612
(203) 787-0275 • JURIS NO. 34878

## IV.  REQUESTS FOR PRODUCTION

### General Objections

In addition to the objections set forth herein, the following general objections (""General Objections"") apply to each and every production request contained in the Requests for Production.  No response to any production request is, or shall be deemed to be, a waiver of Bulakites' General Objections.

a)      Bulakites objects to the Requests for Production to the extent information sought was prepared in anticipation of litigation, constitutes attorney work product, discloses the mental impressions, conclusions, opinions or legal theories of any attorneys for the defendant, contains privileged attorney-client communications, or is otherwise protected from disclosure under applicable privileges, laws or rules.

b)      Bulakites objects to the production requests to the extent they seek to impose a burden beyond that permitted under the Federal Rules of Civil Procedure or other applicable rules.

1.      Any and all documents referenced or identified in your responses to the foregoing Interrogatories.

11.     Any and all documents pertaining to the cessation, dissolution, or

termination of JAC or any of its subsidiaries, affiliates or related companies.

**OBJECTION:**

In addition to his General Objections, the defendant objects to this Request on the grounds that this request is unduly burdensome in that it asks for detailed information over an undefined time period.

**ANSWER:**

Notwithstanding the foregoing objections, the defendant has no such documents in his possession related to Joshua Adams Corporation.


12.     Any and all documents concerning or evidencing any income which you received

from any source during the time period January 1990 to the present, including but not limited

to any W-2 forms, 1099 forms, payroll records, commission checks, shareholder distributions,

and retirement and benefit statements.

**OBJECTION:**

In addition to his General Objections, the defendant objects to this request on the grounds that it is overly broad and unduly burdensome in that it is not limited to income earned in connection with the Wasley plans.  In addition, the defendant also objects to this request to the extent that it seeks to obtain irrelevant and personal information and filings which are unrelated to the pending lawsuits.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.
ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06506-1612
(203) 787-0275 • JURIS NO. 34678

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.
ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06508-1612
(203) 787-0275 • JURIS NO. 34878

## ANSWER:

Notwithstanding the foregoing objections, the defendant has requested IRS filings and will produce copies of the same, to the extent they exist and can be produced, only insofar as they relate to Joshua Adams Corporation and/or Adams Consulting.

13.    Complete signed copies of any state tax returns you filed with the Connecticut Department of Revenue Services or with any other state or state agency for the years 1990 to the present, including all attachments, worksheets, schedules and related documentation. This includes but is not limited to individual income tax returns, whether filed jointly or otherwise, and partnership returns.

## OBJECTION:

In addition to his General Objections, the defendant objects to this request on the grounds that it is overly broad and unduly burdensome in that it is not limited to income earned in connection with the Wasley plans. In addition, the defendant also objects to this request to the extent that it seeks to obtain irrelevant and personal information and filings which are unrelated to the pending lawsuits.

## ANSWER:

Notwithstanding the foregoing objections, the defendant has requested IRS filings and will produce copies of the same, to the extent they exist and can be produced, only insofar as they relate to Joshua Adams Corporation and/or Adams Consulting.

14.     Complete signed copies of any federal tax returns you filed with the Internal Revenue Service for the years 1990 to the present, including all attachments, worksheets, schedules and related documentation. This includes but is not limited to individual income tax returns, whether filed jointly or otherwise, and partnership returns.

## OBJECTION:

In addition to his General Objections, the defendant objects to this request on the grounds that it is overly broad and unduly burdensome in that it is not limited to income earned in connection with the Wasley plans. In addition, the defendant also objects to this request to the extent that it seeks to obtain irrelevant and personal information and filings which are unrelated to the pending lawsuits.

## ANSWER:

Notwithstanding the foregoing objections, the defendant has requested IRS filings and will produce copies of the same, to the extent they exist and can be produced, only insofar as they relate to Joshua Adams Corporation and/or Adams Consulting.

15.     Complete signed copies of any state and federal tax returns filed on behalf of JAC or any other Business with the Connecticut Department of Revenue Services or with any other state or state agency and with the Internal Revenue Service, respectively, for the years 1990 to the present, including all attachments, worksheets, schedules and related documentation.

## OBJECTION:

In addition to his General Objections, the defendant objects to this request on the grounds that it seeks irrelevant information and documents.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.
ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06506-1612
(203) 787-0275 • JURIS NO. 24678

19.    Copies of complaints, answers, deposition transcripts, and court decisions or judgments evidencing or relating to any claim, court action or lawsuit, other than this one, that you have been a party or witness to during the time period 1990 to the present concerning either/or your employment, ability to work, Business, or financial condition, including, but not limited to, bankruptcy, collection, and tax actions.

**OBJECTION:**

In addition to his General Objections, the defendant objects to this request on the grounds that it is overly broad and unduly burdensome. In addition, the defendant also objects to this request to the extent that it seeks to obtain irrelevant and personal information which is unrelated to the pending lawsuits.

**ANSWER:**

Notwithstanding and without waiving the foregoing objections, the defendant does not have any documents responsive to this request in his possession.

20.    All diaries, appointment books, day books, calendars, or like documents you maintained during the time period January 1990 to the present.

**OBJECTION:**

In addition to his General Objections, the defendant objects to this request on the grounds that it is overly broad and unduly burdensome in that it is not limited to the specific time frame at issue in this lawsuit. In addition, the defendant also objects to this request to the extent that it seeks to obtain irrelevant and personal information.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.
ATTORNEYS AT LAW - P.O. BOX 1612 - NEW HAVEN, CT 06506-1612
(203) 787-0275 - JURIS NO. 34878

25.    All plan documents, amendments thereto, and summary plan descriptions for the

Wasley 401(k) Plan for each plan year from 1990 through 2002.

**OBJECTION:**

In addition to its General Objections, the defendant objects to the request on the grounds that it is overly broad and unduly burdensome. The defendant also objects to this request on the grounds that it seeks to obtain irrelevant and confidential information.

**ANSWER:**

Notwithstanding and without waiving the foregoing objections, the defendant states that a majority of his records have been destroyed. However, some documents responsive to this request are available for viewing, inspection and copying at the law offices of Lynch, Traub, Keefe & Errante.

26.    Annual valuation reports for the Wasley 401(k) Plan for each plan year, including

then current value for each employee with accrued benefits and then-deferred benefit value of

all terminated employees.

**OBJECTION:**

In addition to his General Objections, the defendant objects to this request on the grounds that it is overly broad and unduly burdensome. The defendant also objects to this request on the grounds that it seeks to obtain irrelevant information.

**ANSWER:**

Notwithstanding and without waiving the foregoing objections, the defendant states

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.
ATTORNEYS AT LAW - P.O. BOX 1612 - NEW HAVEN, CT 06506-1612
(203) 787-0275 - JURIS NO. 34878

that a majority of his records have been destroyed.  However, some documents responsive to this request are available for viewing, inspection and copying at the law offices of Lynch, Traub, Keefe & Errante.

27.    Documents concerning any retired employees who are or who have been at any time since 1994 in "in-pay" status (i.e., payout funded over time by Wasley 401(k) Plan), including for each such employee:

(i)    individual benefit calculations for each such "in-pay" status retired employee;

(ii)    illustration of gross and net (i.e. after income tax withholding) benefits for each such retired employee during each year;

(iii)    copies of tax withholding elections (W-4P) for each such retired employee;

(iv)    payment inception and, if applicable, termination dates for each such retired employee;

(v)    totals amounts paid by each retired employee, on an aggregate basis, through December, 2002;

(vi)    funding amount and source of funding for each retired employee;

(vii)    copies of Forms 1096 and 1099-R for years 1994-2001 (together with detailed descriptions of amount of federal and state income tax withholding for each retired employee);

LYNCH, TRAUB, KEEFE AND ERRANTE, P.C.
ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06506-1612
(203) 787-0275 • JURIS NO. 34676

LYNCH, TRAUB, KEEFE AND ERRANTE, P.C.
ATTORNEYS AT LAW - P.O. BOX 1612 - NEW HAVEN, CT 06506-1612
(203) 787-0275 - JURIS NO. 34878

(viii)   copies of all election forms as to normal or early retirement; and type of election and detail as to how/why each 401(k) participant was deemed payable under a self-funding basis;

(ix)   copies of all beneficiary election forms (designating payee of benefits upon death); and

(x)   disclosure as to all accounts in which retired employee's funds were held.

**OBJECTION:**

In addition to his General Objections, the defendant objects to the request on the grounds that it is overly broad and unduly burdensome. The defendant also objects to this request on the grounds that it seeks to obtain irrelevant information.

**ANSWER:**

Notwithstanding and without waiving the foregoing objections, the defendant states that a majority of his records have been destroyed. However, some documents responsive to this request are available for viewing, inspection and copying at the law offices of Lynch, Traub, Keefe & Errante.

28.    Wasley 401(k) Plan quarterly statements for all participants (active and inactive) for all quarters of all plan years since inception, showing both employer and employee contributions, any forfeitures and reconciliation thereof.

**OBJECTION:**

In addition to his General Objections, the defendant objects to this request on the grounds that it is overly broad and unduly burdensome.

◇ **ANSWER:**

Notwithstanding and without waiving the foregoing objections, the defendant states that a majority of his records have been destroyed. However, some documents responsive to this request are available for viewing, inspection and copying at the law offices of Lynch, Traub, Keefe & Errante.

29.    Any and all documents submitted to, filed with, or received from the U.S. Department of Labor or any other government agency or department concerning the Wasley Benefit Plans.

**OBJECTION:**

In addition to his General Objections, the defendant objects to the request on the grounds that it is overly broad and unduly burdensome.

**ANSWER:**

Notwithstanding and without waiving his objections, the defendant states that he has no such documents.

30.    Any and all documents concerning Wasley Products, Inc. or Precision Molding Company, Inc., including but not limited to any and all correspondence to or from either company, any correspondence or documents concerning the employees of either company, and any service agreements or contracts.

◇

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.
ATTORNEYS AT LAW - P.O. BOX 1612 - NEW HAVEN, CT 06506-1612
(203) 787-0275 - JURIS NO. 34878

**OBJECTION:**

In addition to his General Objections, the defendant objects to this request on the grounds that it is unduly burdensome in that it asks for detailed information over an undefined time period.

**ANSWER:**

Notwithstanding and without waiving the foregoing objections, documents responsive to this request are available for viewing, inspection and copying at the law office of Lynch, Traub, Keefe & Errante.

31.    Any and all documents concerning communications with any of the Wasley

Defendants relating to the Wasley Benefit Plans.

**OBJECTION:**

In addition to his General Objections, the defendant objects to this request on the grounds that it is overly broad and unduly burdensome.

**ANSWER:**

Notwithstanding and without waiving the foregoing objections, the defendant states that a majority of his records have been destroyed. However, some documents responsive to this request are available for viewing, inspection and copying at the law offices of Lynch, Traub, Keefe & Errante. In addition, the plaintiffs are in possession of this information.

32.    Any and all documents concerning or supporting the allegations of your cross-

complaint against the Wasley Defendants.

**OBJECTION:**

LYNCH, TRAUB, KEEFE AND ERRANTE, P.C.
ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06506-1612
(203) 787-0275 • JURIS NO. 34878

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.
ATTORNEYS AT LAW - P.O. BOX 1612 - NEW HAVEN, CT 06506-1612
(203) 787-0275 - JURIS NO. 34878

Bulakites incorporates the aforesaid General Objections as though fully set forth herein

**ANSWER:**

Notwithstanding and without waiving the foregoing objections, documents responsive to this request are available for viewing, inspection and copying at the law office of Lynch, Traub, Keefe & Errante.

33.    Any and all documents concerning the Wasley Benefit Plans, including but not limited to proposals, trust agreements, plan documents, summary plan descriptions, plan highlights brochures or summaries, Forms 5500, and communications with plan trustees, participants, beneficiaries, sponsors, or service providers or any of their representatives.

**OBJECTION:**

In addition to his General Objections, the defendant objects to this request on the grounds that it is overly broad and unduly burdensome in that it asks for detailed information concerning an undefined time period. The defendant also objects to this request on the grounds that it seeks to obtain irrelevant and confidential information.

**ANSWER:**

Notwithstanding and without waiving the foregoing objections, the defendant states that a majority of his records have been destroyed. However, some documents responsive to this request are available for viewing, inspection and copying at the law offices of Lynch, Traub, Keefe & Errante.

34.     To the extent not otherwise covered by the preceding requests for

production, any and all documents concerning the Wasley 401(k) Plan.

**OBJECTION:**

In addition to his General Objections, the defendant objects to the request on the grounds that it is overly broad and unduly burdensome in that it asks for detailed information concerning an undefined time period. The defendant also objects to this request on the grounds that it seeks to obtain irrelevant and confidential information.

**ANSWER:**

Notwithstanding and without waiving the foregoing objections, the defendant states that a majority of its records have been destroyed. However, some documents responsive to this request are available for viewing, inspection and copying at the law offices of Lynch, Traub, Keefe & Errante.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.
ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06506-1612
(203) 787-0275 • JURIS NO. 34878

## VERIFICATION

I, Barry L. Bulakites, being duly sworn, depose and say that I have read the

foregoing responses to the Interrogatories, and state that they are true, complete and

accurate to the best of my knowledge.



Barry L. Bulakites

Subscribed and sworn to
before me  this *15th* day of
*September,* 2005

Notary Public/ Commissioner of the Superior Court
My commission expires

YOUNG A. SHIN
Notary Public - Arizona
Maricopa County
My Comm. Expires Dec 3, 2007

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\LEE BULAKITES\MY DOCUMENTS\BULAKITESVERIFICATIONTODEFSREQUESTS\BULAKITESVERIFICATIONTODEFSREQUESTS.DOC

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WASLEY PRODUCTS, INC., ET AL. | : | MASTER CONSOLIDATED CASE |
| | : | CIVIL NO. 3:03 CV-383(MRK) |
| *Plaintiffs,* | : | |
| | : | |
| V. | : | THIS PERTAINS TO: |
| | : | CIVIL NO. 3:03 CV 1790 (MRK) |
| BARRY LEONARD BULAKITES, | : | (Prentiss et al. v. Wasley Products, Inc., et al.) |
| ET AL. | : | |
| | : | |
| *Defendants.* | : | |
| | : | OCTOBER 25, 2005 |

## BARRY L. BULAKITES' SUPPLEMENTAL RESPONSES TO
## WASLEY DEFENDANTS' FIRST SET OF INTERROGATORIES

The defendant, Barry L. Bulakites ("Bulakites") hereby supplements his

compliance dated September 15, 2005 to Wasley Products, Inc., Alan A. Wasley, Andrew

Brady, Sandi Dumas-Laferriere and Barry Connell, Defendants and Third-Party Plaintiffs

in Prentiss, et al v. Wasley Products, Inc., et al ("Wasley II" or "this litigation")

(collectively, "Wasley Defendants"), First Set of Interrogatories dated June 15, 2005.

LYNCH, TRAUB, KEEFE AND ERRANTE, P.C.
ATTORNEYS AT LAW - P.O. BOX 1612 - NEW HAVEN, CT 06506-1612
(203) 787-0275 - JURIS NO. 34878

## GENERAL OBJECTIONS

The following General Objections apply to and are incorporated into each individual response, whether expressly incorporated by reference in the response or not.

1.      Bulakites objects to each and every interrogatory and request for production ("the Requests") requested by defendants and third party plaintiffs, Wasley Products, Inc., Alan Wasley, Andrew Brady, Sandi Dumas-Laferriere and Barry Connell (collectively, the "Wasley Defendants") to the extent that they seek discovery of information protected from disclosure by the attorney-client privilege doctrine or any other privilege or immunity under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the common law and/or applicable statutes.

2.      Bulakites objects to each and every Request to the extent that it seeks discovery of information obtained or prepared in anticipation of litigation or for trial.

3.      Bulakites objects to each and every Request to the extent that it seeks discovery of attorney work product or any information containing or reflecting the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative concerning this litigation.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.
ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06505-1612
(203) 787-0275 • JURIS NO. 34678

4.    Bulakites objects to the Requests to the extent that they are vague, ambiguous and overbroad and therefore requires Bulakites, to the best of his ability, to make a subjective determination as to what documents are being sought.

5.    Bulakites objects to the Requests to the extent that they call for the production of documents that are not relevant to the issues of law and fact involved in the claims and defenses in this litigation.

6.    Bulakites objects to each Request, including the "General Definitions" and "Instructions" contained herein, to the extent that they exceed the scope of permissible discovery as set forth in the Federal Rules of Civil Procedure, the Local Rules for the District Court for the District of Connecticut, or otherwise purport to impose upon Bulakites obligations that differ from or exceed the scope of its obligations under the Federal Rules of Civil Procedure or the Local Rules.

7.    Bulakites objects to each Request to the extent that they inquire about matters, the disclosure of which, is prohibited by statute, regulation, or other applicable laws.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.
ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06509-1612
(203) 787-0275 • JURIS NO. 34878

8.    Bulakites objects to each and every Request to the extent that it purports to require Bulakites to disclose information that is not within his possession, custody or control.

9.    Bulakites objects to each Request to the extent that they purports to require Bulakites to disclose information that is more readily in the possession of or more easily disclosed by another party to this litigation.

10.    Bulakites objects to the disclosure of any information falling within any of the foregoing General Objections or the specific objections set forth below, and in the event any information falling within one or more of such objections is disclosed in any of the response to the Requests, such disclosure is inadvertent and shall not constitute a waiver of the objections and/or any applicable privilege.

11.    Bulakites' responses and objections to the Requests are not intended to be and shall not be deemed an admission of the matters stated, implied or assumed by any or all of the Requests.  In responding to the Requests, Bulakites neither waives nor intends to waive, but expressly reserves, any and all objections to the relevance, competence, materiality or admissibility of any information provided.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.
ATTORNEYS AT LAW - P.O. BOX 1612 - NEW HAVEN, CT 06506-1612
(203) 787-0275 - JURIS NO. 34878

12.    The absence of an objection shall not be deemed to be an acknowledgement that information exists or that the subject matter of the Request is relevant to this litigation.

13.    Bulakites reserves the right to supplement or modify its responses and objections to the Requests if and when it discovers any additional responsive information.

## BARRY L. BULAKITES'S OBJECTIONS
## AND SUPPLEMENTAL RESPONSES TO INTERROGATORIES

6.    Describe in detail your entire employment history (including self-employment) to the present.  Your description should include but not be limited to the following: identification of each employer (name, address, and phone number); your job title, duties, and responsibilities; the dates you were employed by or rendered services for that employer, whether you acted as an employee or as an agent or independent contractor; the name and job title of your supervisor(s); the basis and amount of your compensation; your licensure history with respect to any such employment; whether you had a written employment, agent, or contractor agreement; and the reason(s) why you left such employment or discontinued the relationship with the employer.  If your position, responsibilities, or compensation changed over time, your response should include the date and description of any such changes.

◇ **OBJECTION:**

In addition to his General Objections, the defendant objects to the interrogatory on the ground that it is overly broad and unduly burdensome in that it is not limited to any specific time period.  The defendant further objects to this interrogatory in that it seeks information that is irrelevant and immaterial to this litigation.

**ANSWER:**

Notwithstanding and without waiving the foregoing objections, Bulakites employment history is as follows:

<table>
<tr><td>(a)</td><td>Employer:</td><td>Equitable Life Insurance Society of United States, New York, NY (worked in various locations)</td></tr>
<tr><td></td><td>Dates of Employment:</td><td>June 1977 – September 1985</td></tr>
<tr><td></td><td>Positions Held/<br>Job Duties:</td><td>Agent, 1977-1978 – Sales of insurance related products<br>District Assistant, 1978-1980 – Responsible for the Management of sales force<br>District Manager, 1980-1985 – Responsible for the Management of sales force<br>I was promoted to each of the above positions after starting with Equitable as an agent.  Equitable sold a wide array of products including life insurance, pensions, disability, investments and group insurance, among other things.</td></tr>
<tr><td></td><td>Supervisors:</td><td>Joseph Miller, Robert Thompson</td></tr>
<tr><td></td><td>Reason for leaving:</td><td>I left Equitable in September of 1985 to take a more lucrative position with Mutual of New York (MONY); that of Agency Manager.</td></tr>
<tr><td>(b)</td><td>Employer:</td><td>Mutual of New York, Darien, CT</td></tr>
<tr><td></td><td>Dates of Employment:</td><td>September 1985 – October 1987</td></tr>
<tr><td></td><td>Positions Held/</td><td>Agency Manager – As Agency Manager, I was</td></tr>
</table>

LYNCH, TRAUB, KEEFE AND ERRANTE, P.C.
ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06506-1612
(203) 787-0275 • JURIS NO. 34878

LYNCH, TRAUB, KEEFE AND ERRANTE, P.C.
ATTORNEYS AT LAW · P.O. BOX 1612 · NEW HAVEN, CT 06508-1612
(203) 787-0275 · JURIS NO. 34878

|  |  |  |
|---|---|---|
| | Job Duties: | responsible for the recruitment, training, and management of the field sales agents within the Darien agency. |
| | Supervisor: | James Dwyer |
| | Reason for leaving: | I left MONY in order to take a position with Mass Mutual. I was recruited by Mass Mutual to join their company. |
| (c) | Employer: | Mass Mutual Life Insurance Company, Shelton, CT, New York, NY |
| | Dates of Employment: | October 1987 – July 1989 |
| | Positions Held/ Job Duties: | General Agent – General Agent is synonymous with Agency Manager. This position involved the recruitment, training and management of field sales agents for the Connecticut and New York offices. |
| | Supervisor: | Roger Daisley |
| | Reason for leaving: | I left Mass Mutual in order to take a position with Provident Mutual. |
| (d) | Employer: | Provident Mutual Life Insurance Company, New Haven, CT |
| | Dates of Employment: | July 1989 – October 1993 |
| | Positions Held/ Job Duties: | Agency Manager Same duties as described in (c) above. |
| | Supervisors: | Tom Hartman, Jim Craven, Robert Johnson, and Robert Gorman |
| | Reason for leaving: | I was terminated after refusing to terminate two staff members who violated a company policy. The termination was investigated by the NASD, who determined that I had done nothing wrong. |
| (e) | Employer: | Joshua Adams Corporation, Madison, CT |
| | Dates of Employment: | December 1993 – April 1995, Approximately 1996 – February 1997 |
| | Positions Held/ Job Duties: | Vice-President, Sales Primarily, I was responsible for sales and marketing. |

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.
ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06506-1612
(203) 787-0275 • JURIS NO. 34878

|  |  | In addition, each month I oversaw the mailing of benefit checks to pension beneficiaries. Although from time to time I would perform other tasks depending on the business needs of the company, at no time did I make investment decisions for any of the plans; those decisions were left to the plan trustees. |
| | Reason for leaving: | I left to take a position with Lincoln National as Regional CEO. However, after my departure, I continued to provide consulting services to JAC and a few of its clients. |
| (f) | Employer: | Lincoln National Life, Darien, CT |
| | Dates of Employment: | April 1995 – approximately May 1996 |
| | Positions Held/ | Regional Chief Executive Officer |
| | Job Duties: | Responsible for all sales, marketing and operational issues for Lincoln National in the State of Connecticut. |
| | Supervisor: | Jay Elliott, Carolyn Nightengale (*Note: Ms. Nightengale has since changed her surname. Her current surname is unknown). |
| | Reason for leaving: | I left the company over a dispute with management. Specifically, Lincoln and I perceived the future of the company in a different light and also had differing business philosophies. |
| (g) | Employer: | Equitable Life Insurance Society of United States, New York, NY (worked in various locations) |
| | Dates of Employment: | June 1977 – September 1985 |
| | Positions Held/ | Agent, 1977-1978 |
| | | District Assistant, 1978-1980 |
| | | District Manager, 1980-1985 |
| | *Duplicative of (a) above. | See previous response. |
| (h) | Employer: | Jackson National Life Insurance Company |
| | Dates of Employment: | 1997 - 2003 |

<table>
<tr><td>Positions Held/<br>Job Duties:</td><td>Regional Vice President, Sales, Lansing, MI, 1997-1998<br>Vice President, Sales, Lansing, MI, 1998-1999<br>Vice Present, Resources Development, 1999-2001, Los Angeles, CA<br>Senior Vice President, National Sales Development, 2001-2003, Denver, CO<br>In these positions, I was responsible for managing the sales force.  As Senior Vice President, I was responsible for managing 8 divisions of the company.</td></tr>
</table>

|  |  |  |
|---|---|---|
| | Supervisors: | Jay Elliott, Greg Salsbury |
| | Reason for leaving: | I left in a dispute with the President over the Direction of the company. |
| (i) | Employer: | Montech Systems, Inc., Longwood, FL |
| | Dates of Employment: | September 1993 – May 2004 |
| | Positions Held/<br>Job Duties: | President and CEO<br>Responsible for all aspects of business operations for this small manufacturer of 02 machines for medical applications. |
| | Supervisor: | Vern Kornelius |
| | Reason for leaving: | I left to take a job with Brokers International. |
| (j) | Employer: | Brokers International, Ltd., Castle Rock, CO |
| | Dates of Employment: | April 2004 – March 2005 |
| | Positions Held/<br>Job Duties: | Senior Vice President of Sales<br>Was hired to build a dedicated sales division, which became known as Table Bay Financial (See below). |
| | Supervisor: | Kelly McCarty |
| (k) | Employer: | Table Bay Financial Network, Inc., Castle Rock, CO |
| | Dates of Employment: | March 2005 - Present |
| | Positions Held/<br>Job Duties: | Chief Sales and Marketing Officer<br>Responsible for the management of the sales and marketing divisions of this national distributor of financial products. |
| | Supervisor: | Joseph Sulzinger |

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.
ATTORNEYS AT LAW · P.O. BOX 1612 · NEW HAVEN, CT 06508-1612
(203) 787-0275 · JURIS NO. 34878