# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WASLEY PRODUCTS, INC., ET AL. | : | MASTER CONSOLIDATED CASE |
| | | CIVIL NO. 3:03 CV-383(MRK) |
| *Plaintiffs,* | : | |
| | : | |
| V. | : | THIS PERTAINS TO: |
| | : | CIVIL NO. 3:03 CV 1790 (MRK) |
| BARRY LEONARD BULAKITES, | : | <u>(Prentiss et al. v. Wasley Products, Inc., et al.)</u> |
| ET AL. | : | |
| | : | |
| *Defendants.* | : | |
| | : | SEPTEMBER 15, 2005 |

### <u>JAMES A. WINSLOW'S RESPONSES TO WASLEY DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION</u>

Pursuant to Federal Rule of Civil Procedure 33, the defendant, James A. Winslow

("Winslow") hereby objects and responds to Wasley Products, Inc., Alan A. Wasley,

Andrew Brady, Sandi Dumas-Laferriere and Barry Connell, Defendants and Third-Party

Plaintiffs in <u>Prentiss, et al v. Wasley Products, Inc., et al</u> ("Wasley II" or "this litigation")

(collectively, "Wasley Defendants"), First Set of Interrogatories and Requests for

Production dated June 15, 2005.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.
ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06506-1612
(203) 787-0275 • JURIS NO. 34873

## **GENERAL OBJECTIONS**

The following General Objections apply to and are incorporated into each individual response, whether expressly incorporated by reference in the response or not.

1.      Winslow objects to each and every interrogatory and request for production ("the Requests") requested by defendants and third party plaintiffs, Wasley Products, Inc., Alan Wasley, Andrew Brady, Sandi Dumas-Laferriere and Barry Connell (collectively, the "Wasley Defendants") to the extent that they seek discovery of information protected from disclosure by the attorney-client privilege doctrine or any other privilege or immunity under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the common law and/or applicable statutes.

2.      Winslow objects to each and every Request to the extent that it seeks discovery of information obtained or prepared in anticipation of litigation or for trial.

3.      Winslow objects to each and every Request to the extent that it seeks discovery of attorney work product or any information containing or reflecting the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative concerning this litigation.

ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06508-1612
(203) 787-0275 • JURIS NO. 34878

4.     Winslow objects to the Requests to the extent that they are vague, ambiguous and overbroad and therefore requires him, to the best of its ability, to make a subjective determination as to what documents are being sought.

5.     Winslow objects to the Requests to the extent that they call for the production of documents that are not relevant to the issues of law and fact involved in the claims and defenses in this litigation.

6.     Winslow objects to each Request, including the "General Definitions" and "Instructions" contained herein, to the extent that it exceeds the scope of permissible discovery as set forth in the Federal Rules of Civil Procedure, the Local Rules for the District Court for the District of Connecticut, or otherwise purports to impose upon Winslow obligations that differ from or exceed the scope of his obligations under the Federal Rules of Civil Procedure or the Local Rules.

7.     Winslow objects to each Request to the extent that it inquires about matters, the disclosure of which, is prohibited by statute, regulation, or other applicable laws.

8.     Winslow objects to each and every Request to the extent that it purports to require Winslow to disclose information that is not within his possession, custody or control.

9.     Winslow objects to each Request to the extent that it purports to require Winslow to disclose information that is more readily in the possession of or more easily disclosed by another party to this litigation.

10.     Winslow objects to the disclosure of any information falling within any of the foregoing General Objections or the specific objections set forth below, and in the event any information falling within one or more of such objections is disclosed in any of the response to the Requests, such disclosure is inadvertent and shall not constitute a waiver of the objections and/or any applicable privilege.

11.     Winslow's responses and objections to the Requests are not intended to be and shall not be deemed an admission of the matters stated, implied or assumed by any or all of the Requests.  In responding to the Requests, Winslow neither waives nor intends to waive, but expressly reserves, any and all objections to the relevance, competence, materiality or admissibility of any information provided.

12.     The absence of an objection shall not be deemed to be an acknowledgement that information exists or that the subject matter of the Request is relevant to this litigation.

13.    Winslow reserves the right to supplement or modify its responses and objections to the Requests if and when it discovers any additional responsive information.

## JAMES A. WINSLOW'S OBJECTIONS
## AND RESPONSES TO INTERROGATORIES

1.    State your current home address, business address, personal and business telephone numbers (including cell phone numbers), facsimile numbers, and E-mail addresses.

**OBJECTION:**

Winslow incorporates the aforesaid General Objections as though fully set forth herein.

**ANSWER:**

Notwithstanding and without waiving the foregoing General Objections, Winslow states that his home address is 45 Sagamore Terrace South, Westbrook, CT 06498 and his telephone number is (860) 227-4539.  He is presently unemployed.  He does not have an e-mail address.

2. Identify each and every individual, other than your attorney(s), with whom you have discussed the claims brought against you in either the Wasley Products case or the Prentiss case and state the date and the substance of any such discussion that you had with any such person.

**OBJECTION:**

ATTORNEYS AT LAW - P.O. BOX 1612 - NEW HAVEN, CT 06506-1612
(203) 787-0275 - JURIS NO. 34678

(f)    Series 6, Registered Representative with National Association of Securities Dealers (NASD), 1991-present; and

(g)    State of Connecticut Certified Insurance Consultant, 1992-present.

5.    Describe in detail your entire employment history (including self-employment) to the present. Your description should include but not be limited to the following: identification of each employer (name, address, and phone number); your job title, duties, and responsibilities; the dates you were employed by or rendered services for that employer, whether you acted as an employee or as an agent or independent contractor; the name and job title of your supervisor(s); the basis and amount of your compensation; your licensure history with respect to any such employment; whether you had a written employment, agent, or contractor agreement; and the reason(s) why you left such employment or discontinued the relationship with the employer. If your position, responsibilities, or compensation changed over time, your response should include the date and description of any such changes.

**OBJECTION:**

In addition to his General Objections, the defendant objects to this interrogatory on the ground that it is overly broad and unduly burdensome in that it is not limited to any specific time period. The defendant further objects to this interrogatory in that it seeks information that is irrelevant and immaterial to this litigation.

**ANSWER:**

Notwithstanding and without waiving the foregoing objections, Winslow's employment history is as follows:

| | | |
|---|---|---|
| (a) | Employer: | Prudential Life Insurance Company |
| | Dates of Employment: | Approximately 1981-1983 |
| | Positions Held: | Life Insurance Agent |
| (b) | Employer: | White House Restaurant |
| | Dates of Employment: | 1984-1985 |
| | Positions Held: | Waiter/Bartender |
| | Supervisor: | Steve Hollisi |
| (c) | Employer: | American National Insurance Company (Essex, CT) |
| | Dates of Employment: | Approximately 1985-1987 |
| | Positions Held: | Life and Health Insurance Agent |
| | Supervisor: | Ron Burgess |
| (d) | Employer: | Mutual Benefit Insurance Company |
| | Dates of Employment: | Approximately 1987-1988 |
| | Positions Held: | Life and Health Insurance Agent |
| | Supervisor: | Ray Herz |
| (e) | Employer: | Travelers Insurance Company |
| | Dates of Employment: | Approximately 1988-1999 |
| | Positions Held: | Independent Agent |
| | Supervisor: | Gerry Como |
| (f) | Employer: | Provident Mutual Insurance Company |
| | Dates of Employment: | Approximately 1989-1995 |
| | Positions Held: | Life Insurance Agent, Approximately 1989-1995 Registered Representative for NASD/Securities Sales, Approximately 1991-1995 |
| | Supervisor: | Barry Bulakites, Mike Rosenbloom |
| (g) | Employer: | Joshua Adams Corporation, Madison, CT |
| | Dates of Employment: | Approximately 1993-until dissolution of corporation |
| | Positions Held: | President |
| (h) | Employer: | Lincoln National Life, Darien, CT |
| | Dates of Employment: | Approximately 1995- September 1997 |
| | Positions Held: | Agent and Sales Manager |
| | Supervisor: | Barry Bulakites, Gary Katz |

ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06508-1612
(203) 787-0275 • JURIS NO. 34678

| (i) | Employer: | Jackson National Life Insurance Company |
| | Dates of Employment: | Approximately September 1997- July 7, 2003 |
| | Positions Held: | Annuity Wholesaler for Jackson National Life of New York, 1997-2000 |
| | | Senior Sales Consultant, 2000-July 7, 2003 |
| | Supervisor: | Jay Elliott, Peter Radloff |
| (k) | Employer: | James A. Winslow Agency |
| | Dates of Employment: | Approximately 1985-Approximately 2001 |
| | Position: | Broker/Owner |

6.    If you were prevented from working or from actively seeking employment at any point, please state the reason(s) why and identify the time period involved.

**OBJECTION:**

In addition to his General Objections, the defendant objects to this interrogatory on the ground that it is overly broad and unduly burdensome in that it is not limited to any specific time period. The defendant further objects to this interrogatory in that it seeks information that is irrelevant and immaterial to this litigation.

**ANSWER:**

Notwithstanding and without waiving the foregoing objections, Winslow has been on long term disability since July 7, 2003 for reasons unrelated to the claims made in this lawsuit.

7.    Identify each and every insurance, investment, financial services or management, or other company with which you had any type of agent, sales, or broker contract or agreement at any time during the time period January 1990 to the present and, for each, describe the nature of the contract or agreement and the time period of the contract or agreement.

W:\11000-11999\11437 B. BULAKITES\013 COMMERCIAL LITAGATION - SJE\DISCOVERY\2005\WINSLOW RESPONSES TO WASLEY DEFENDANTS 6-15-05 DISCOVERY.DOC

ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06508-1612
(203) 787-0275 • JURIS NO. 34678

Notwithstanding and without waiving the foregoing objections, the defendant was involved in a divorce proceeding in Middletown Court with his ex-wife Marianne Winslow in approximately 2001.

20.    For the time period from January 1990 to the present, describe in detail any investigations, complaints or actions taken against you in connection with any professional licenses, certifications, affiliations or approvals held by you.

**OBJECTION:**

In addition to his general objections, the defendant objects to this interrogatory on the grounds that this interrogatory is overly broad and unduly burdensome in that it is not limited to a specific time period. In addition, the information sought is irrelevant and immaterial to this litigation.

**ANSWER:**

Notwithstanding and without waiving the foregoing objections, the defendant was never involved in any investigations, complaints or actions with respect to his licenses, certifications, affiliations or approvals.

21.    Identify any and all banks, savings & loan companies, financial institutions, financial services companies, or investment brokerages with whom you, and/or your Business has had any type of account, including but not limited to checking, savings, certificates of deposit, loans, and/or investment accounts, during the time period January 1990 to the present,

ATTORNEYS AT LAW · P.O. BOX 1612 · NEW HAVEN, CT 06508-1612
(203) 787-0275 · JURIS NO. 34878

identify the account number and type of account at each, and describe the purpose of each such account.

## OBJECTION:

In addition to his general objections, the defendant objects to this interrogatory on the grounds that this interrogatory is overly broad and unduly burdensome. In addition, the information sought is irrelevant and immaterial to this litigation as it seeks personal information regarding accounts unrelated to Joshua Adams Corporation or any of the plaintiffs.

## ANSWER:

Notwithstanding and without waiving the foregoing objections, the defendant states that insofar as this interrogatory seeks information regarding accounts related to Joshua Adams Corporation, that information can be found in the Special Masters report.

22.    Identify any information you or your Business has concerning any bank, investment, or other accounts maintained by, for the benefit of, or in connection with, the Wasley 401(k) Plan, including but not limited to any accounts which you opened, closed, or made deposits, investments, or withdrawals of Wasley 401(k) Plan funds.

## OBJECTION:

In addition to his General Objections, the defendant objects on the grounds that this interrogatory is overly broad and unduly burdensome in that it asks for detailed information over an undefined time period. In addition, the terms "maintained", "for the benefit of" and "in connection with" are vague and ambiguous.

## ANSWER:

ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06508-1612
(203) 787-0275 • JURIS NO. 34878

Notwithstanding and without waiving the foregoing objection, Joshua Adams Corporation used the following accounts relative to the Wasley 401(k) plans:

(a)    Institution:    New Haven Savings Bank
       Account #:    571036437

(b)    Institution:    People's Bank
       Account #:    081-7002846

(c)    Institution:    Bank One
       Account #:    275000634640

23.    Identify all contributions made to Wasley 401(k) Plan, including: (i) date and amount of contribution and identification of account number, title and institution into which deposited; and (ii) amount, date and number of the Wasley check corresponding with each such contribution.

**OBJECTION:**

In addition to his General Objections, the defendant objects on the grounds that this interrogatory is overly broad and unduly burdensome in that it asks for detailed information over an undefined time period, and also because this information was previously requested by and supplied to the special master, as well as the parties to this litigation.

**ANSWER:**

ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06506-1612
(203) 787-0275 • JURIS NO. 34878

Notwithstanding and without waiving the foregoing objection, please see the Special Master's reports and corresponding objections filed by the Bulakites' defendants.

24.    Identify all payouts from assets of Wasley 401(k) Plan, including: (i) identification of payouts by amount, payee and purpose (such as annuity purchase, distribution of benefits to participants, transfer to other identified accounts, rollovers and any other use); and (ii) identification of institution and account number into which any such funds were transferred.

## OBJECTION:

In addition to his General Objections, the defendant objects on the grounds that this interrogatory is overly broad and unduly burdensome in that it asks for detailed information over an undefined time period, and also because this information was previously requested by and supplied to the Special Master, as well as the parties to this litigation.

## ANSWER:

Notwithstanding and without waiving the foregoing objection, please see the Special Master's reports and corresponding objections filed by the Bulakites' defendants.

25.    Identify deposits to and withdrawals from all accounts maintained by, or for the benefit of, or for use in connection with, the Wasley 401(k) Plan at any institution, including without limitation, Union Trust, Travelers, New Haven Savings Bank and People's Bank.

## OBJECTION:

ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06506-1612
(203) 787-0275 – JURIS NO. 34878

In addition to his General Objections, the defendant objects on the grounds that this interrogatory is overly broad and unduly burdensome in that it asks for detailed information over an undefined time period, and also because this information was previously requested by and supplied to the Special Master, as well as the parties to this litigation.

**ANSWER:**

Notwithstanding and without waiving the foregoing objection, please see the Special Master's reports and corresponding objections filed by the Bulakites' defendants.

26. Identify all Wasley 401(k) Plan assets, including specific identification of all individual funds and accounts maintained by, or for the benefit of, the Wasley 401(k) Plan.

**OBJECTION:**

In addition to his General Objections, the defendant objects on the grounds that this interrogatory is not limited to any specific time period. In addition, this interrogatory is unduly burdensome as it requests information regarding assets that the defendant has no access to or control over.

28. Identify the location where any documents or records, including but not limited to, electronic records, computers, or databases, concerning the Wasley Benefit Plans may be stored or kept and the identity of any individual(s) who control or can access such documents or records.

**ANSWER:**

ATTORNEYS AT LAW · P.O. BOX 1612 · NEW HAVEN, CT 06506-1612
(203) 787-0275 · JURIS NO. 34878

## IV.    REQUESTS FOR PRODUCTION

### General Objections

In addition to the objections set forth herein, the following general objections (""General Objections"") apply to each and every production request contained in the Requests for Production.  No response to any production request is, or shall be deemed to be, a waiver of Winslow's General Objections.

a)    Winslow objects to the Requests for Production to the extent information sought was prepared in anticipation of litigation, constitutes attorney work product, discloses the mental impressions, conclusions, opinions or legal theories of any attorneys for the defendant, contains privileged attorney-client communications, or is otherwise protected from disclosure under applicable privileges, laws or rules.

b)    Winslow objects to the production requests to the extent they seek to impose a burden beyond that permitted under the Federal Rules of Civil Procedure or other applicable rules.

1.    Any and all documents referenced or identified in your responses to the foregoing Interrogatories.

**OBJECTION:**

ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06506-1612<br>(203) 787-0275 • JURIS NO. 34678

available for viewing, inspection and copying at the law office of Lynch, Traub, Keefe & Errante.

10. Any and all documents concerning Adams Consulting and its involvement with the Wasley Benefit Plans.

**OBJECTION:**

In addition to his General Objections, the defendant objects to this Request on the grounds that this request is unduly burdensome in that it asks for detailed information over an undefined time period.

**ANSWER:**

Notwithstanding and without waiving the foregoing objection, documents responsive to this request are available for viewing, inspection and copying at the law offices of Lynch, Traub, Keefe & Errante.

11. Any and all documents pertaining to the cessation, dissolution, or termination of JAC or any of its subsidiaries, affiliates or related companies.

**ANSWER:**

None.

12. Any and all documents concerning or evidencing any income which you received from any source during the time period January 1990 to the present, including but not limited to

ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06506-1612
(203) 787-0275 • JURIS NO. 34878

any W-2 forms, 1099 forms, payroll records, commission checks, shareholder distributions, and

retirement and benefit statements.

**OBJECTION:**

In addition to his General Objections, the defendant objects to this request on the grounds that it is overly broad and unduly burdensome in that it is not limited to income obtained from Joshua Adams Corporation. In addition, the defendant also objects to this request to the extent that it seeks to obtain irrelevant and personal information and filings which are unrelated to the pending lawsuits.

**ANSWER:**

Notwithstanding the foregoing objections, the defendant has no such documents in his possession.

13.    Complete signed copies of any state tax returns you filed with the Connecticut

Department of Revenue Services or with any other state or state agency for the years 1990 to the

present, including all attachments, worksheets, schedules and related documentation. This

includes but is not limited to individual income tax returns, whether filed jointly or otherwise,

and partnership returns.

**OBJECTION:**

In addition to his General Objections, the defendant objects to this request on the grounds that it is overly broad and unduly burdensome in that it is not limited to income obtained from Joshua Adams Corporation. In addition, the defendant also objects to this

ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06506-1612
(203) 787-0275 • JURIS NO. 34878

request to the extent that it seeks to obtain irrelevant and personal information and filings which are unrelated to the pending lawsuits.

**ANSWER:**

Notwithstanding the foregoing objections, the defendant has no such documents in his possession.

14.    Complete signed copies of any federal tax returns you filed with the Internal Revenue Service for the years 1990 to the present, including all attachments, worksheets, schedules and related documentation. This includes but is not limited to individual income tax returns, whether filed jointly or otherwise, and partnership returns.

**OBJECTION:**

In addition to his General Objections, the defendant objects to this request on the grounds that it is overly broad and unduly burdensome in that it is not limited to income obtained from Joshua Adams Corporation. In addition, the defendant also objects to this request to the extent that it seeks to obtain irrelevant and personal information and filings which are unrelated to the pending lawsuits.

**ANSWER:**

Notwithstanding the foregoing objections, the defendant has no such documents in his possession.

15.    Complete signed copies of any state and federal tax returns filed on behalf of JAC or any other Business with the Connecticut Department of Revenue Services or with any other

ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06509-1612
(203) 787-0275 • JURIS NO. 34878

◇

Notwithstanding and without waiving the foregoing objections, the defendant states that this information has been previously supplied to the special master. Duplicate copies of such information is available for viewing, inspection and copying at the law offices of Lynch, Traub, Keefe & Errante.

25.    All plan documents, amendments thereto, and summary plan descriptions for the

Wasley 401(k) Plan for each plan year from 1990 through 2002.

**OBJECTION:**

In addition to its General Objections, the defendant objects to the request on the grounds that it is overly broad and unduly burdensome. The defendant also objects to this request on the grounds that it seeks to obtain irrelevant and confidential information.

**ANSWER:**

Notwithstanding and without waiving the foregoing objection, the defendant states that a majority of his records have been destroyed. However, some documents responsive to this request are available for viewing, inspection and copying at the law offices of Lynch, Traub, Keefe & Errante.

26.    Annual valuation reports for the Wasley 401(k) Plan for each plan year, including

then current value for each employee with accrued benefits and then-deferred benefit value of

all terminated employees.

**OBJECTION:**

◇

ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06506-1612
(203) 787-0275 • JURIS NO. 34978

In addition to its General Objections, the defendant objects to the request on the grounds that it is overly broad and unduly burdensome. The defendant also objects to this request on the grounds that it seeks to obtain irrelevant information.

**ANSWER:**

Notwithstanding and without waiving the foregoing objection, the defendant states that a majority of his records have been destroyed. However, some documents responsive to this request are available for viewing, inspection and copying at the law offices of Lynch, Traub, Keefe & Errante.

27.    Documents concerning any retired employees who are or who have been at any time since 1994 in "in-pay" status (i.e., payout funded over time by Wasley 401(k) Plan), including for each such employee:

(i)    individual benefit calculations for each such "in-pay" status retired employee;

(ii)   illustration of gross and net (i.e. after income tax withholding) benefits for each such retired employee during each year;

(iii)  copies of tax withholding elections (W-4P) for each such retired employee;

(iv)   payment inception and, if applicable, termination dates for each such retired employee;

(v)    totals amounts paid by each retired employee, on an aggregate basis, through December, 2002;

(vi)   funding amount and source of funding for each retired employee;

ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06506-1612
(203) 787-0275 • JURIS NO. 34878

    (vii)    copies of Forms 1096 and 1099-R for years 1994-2001 (together
                with detailed descriptions of amount of federal and state income tax withholding
                for each retired employee);

    (viii)   copies of all election forms as to normal or early retirement; and type of election
                and detail as to how/why each 401(k) participant was deemed payable under a
                self-funding basis;

    (ix)    copies of all beneficiary election forms (designating payee of benefits upon death);
                and

    (x)     disclosure as to all accounts in which retired employee's funds were held.

## OBJECTION:

In addition to its General Objections, the defendant objects to the request on the grounds that it is overly broad and unduly burdensome. The defendant also objects to this request on the grounds that it seeks to obtain irrelevant information.

## ANSWER:

Notwithstanding and without waiving the foregoing objections, the defendant states that a majority of his records have been destroyed. However, some documents responsive to this request are available for viewing, inspection and copying at the law offices of Lynch, Traub, Keefe & Errante.

28. Wasley 401(k) Plan quarterly statements for all participants (active and inactive) for all quarters of all plan years since inception, showing both employer and employee contributions, any forfeitures and reconciliation thereof.

## OBJECTION:

ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06506-1612
(203) 787-0275 • JURIS NO. 34878

In addition to its General Objections, the defendant objects to the request on the grounds that it is overly broad and unduly burdensome.

**ANSWER:**

Notwithstanding and without waiving the foregoing objection, the defendant states that a majority of his records have been destroyed. However, some documents responsive to this request are available for viewing, inspection and copying at the law offices of Lynch, Traub, Keefe & Errante.

29.    Any and all documents submitted to, filed with, or received from the U.S. Department of Labor or any other government agency or department concerning the Wasley Benefit Plans.

**ANSWER:**

None.

30.    Any and all documents concerning Wasley Products, Inc. or Precision Molding Company, Inc., including but not limited to any and all correspondence to or from either company, any correspondence or documents concerning the employees of either company, and any service agreements or contracts.

**OBJECTION:**

In addition to its General Objections, the defendant objects to this request on the grounds that it is unduly burdensome in that it asks for detailed information over an undefined time period.

ATTORNEYS AT LAW - P.O. BOX 1612 - NEW HAVEN, CT 06506-1612
(203) 787-0275 - JURIS NO. 34876

**ANSWER:**

Notwithstanding and without waiving the foregoing objections, documents responsive to this request are available for viewing, inspection and copying at the law office of Lynch, Traub, Keefe & Errante.

31.    Any and all documents concerning communications with any of the Wasley

Defendants relating to the Wasley Benefit Plans.

**ANSWER:**

Documents responsive to this request are available for viewing, inspection and copying at the law office of Lynch, Traub, Keefe & Errante.

32.    Any and all documents concerning or supporting the allegations of your cross-

complaint against the Wasley Defendants.

**OBJECTION:**

Winslow incorporates the aforesaid General Objections as though fully set forth herein

**ANSWER:**

Notwithstanding and without waiving the foregoing objections, certain documents responsive to this request are available for viewing, inspection and copying at the law office of Lynch, Traub, Keefe & Errante.

ATTORNEYS AT LAW - P.O. BOX 1612 - NEW HAVEN, CT 06508-1612
(203) 787-0275 - JURIS NO. 34878

33.    Any and all documents concerning the Wasley Benefit Plans, including but not limited to proposals, trust agreements, plan documents, summary plan descriptions, plan highlights brochures or summaries, Forms 5500, and communications with plan trustees, participants, beneficiaries, sponsors, or service providers or any of their representatives.

**OBJECTION:**

In addition to its General Objections, the defendant objects to the request on the grounds that it is overly broad and unduly burdensome in that it asks for detailed information concerning an undefined time period. The defendant also objects to this request on the grounds that it seeks to obtain irrelevant and confidential information.

**ANSWER:**

Notwithstanding and without waiving the foregoing objections, the states that a majority of his records have been destroyed. However, some documents responsive to this request are available for viewing, inspection and copying at the law offices of Lynch, Traub, Keefe & Errante.

34.    To the extent not otherwise covered by the preceding requests for production, any and all documents concerning the Wasley 401(k) Plan.

**OBJECTION:**

In addition to his General Objections, the defendant objects to the request on the grounds that it is overly broad and unduly burdensome in that it asks for detailed information concerning an undefined time period. The defendant also objects to this request on the grounds that it seeks to obtain irrelevant and confidential information.

ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06508-1612 (203) 787-0275 • JURIS NO. 34878

## ANSWER:

Notwithstanding and without waiving the foregoing objections, the defendant states that a majority of its records have been destroyed. However, some documents responsive to this request are available for viewing, inspection and copying at the law offices of Lynch, Traub, Keefe & Errante.

THE "BULAKITES DEFENDANTS"
Barry L. Bulakites, James A. Winslow, and Joshua Adams Corporation

BY: _____
     STEVEN J. ERRANTE, ESQ.
     ERIC P. SMITH, ESQ
     MARISA A. BELLAIR, ESQ.
     Fed. Bar No. ct04292
     Lynch, Traub, Keefe, & Errante
     52 Trumbull Street
     New Haven, CT 06510
     Telephone: 203-787-0275
     Facsimile: 203-782-0278

ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06506-1612
(203) 787-0275 • JURIS NO. 34878

## **VERIFICATION**

I, James Winslow, being duly sworn, depose and say that I have read the foregoing responses to the Interrogatories, and state that they are true, complete and accurate to the best of my knowledge.

_____
James Winslow

Subscribed and sworn to
before me  this 15ᵗʰ day of
September 2005

_____
Notary Public / Commissioner of the Superior Court
My commission expires

My Commission Expires Aug. 31, 2008

ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06508-1612
(203) 787-0275 • JURIS NO. 34878

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WASLEY PRODUCTS, INC., ET AL. | : | MASTER CONSOLIDATED CASE |
| | : | CIVIL NO. 3:03 CV-383(MRK) |
| *Plaintiffs,* | : | |
| | : | |
| V. | : | THIS PERTAINS TO: |
| | : | CIVIL NO. 3:03 CV 1790 (MRK) |
| BARRY LEONARD BULAKITES, | : | (Prentiss et al. v. Wasley Products, Inc., et al.) |
| ET AL. | : | |
| | : | |
| *Defendants.* | : | |
| | : | OCTOBER 25, 2005 |

### JAMES A. WINSLOW'S SUPPLEMENTAL RESPONSES TO WASLEY DEFENDANTS' FIRST SET OF INTERROGATORIES

The defendant, James A. Winslow ("Winslow") hereby supplements his

compliance dated September 15, 2005 to Wasley Products, Inc., Alan A. Wasley, Andrew

Brady, Sandi Dumas-Laferriere and Barry Connell, Defendants and Third-Party Plaintiffs

in Prentiss, et al v. Wasley Products, Inc., et al ("Wasley II" or "this litigation")

(collectively, "Wasley Defendants"), First Set of Interrogatories dated June 15, 2005.

LYNCH, TRAUB, KEEFE AND ERRANTE, P.C.
ATTORNEYS AT LAW - P.O. BOX 1612 - NEW HAVEN, CT 06506-1612
(203) 787-0275 - JURIS NO. 34878

## GENERAL OBJECTIONS

The following General Objections apply to and are incorporated into each individual response, whether expressly incorporated by reference in the response or not.

1.     Winslow objects to each and every interrogatory and request for production ("the Requests") requested by defendants and third party plaintiffs, Wasley Products, Inc., Alan Wasley, Andrew Brady, Sandi Dumas-Laferriere and Barry Connell (collectively, the "Wasley Defendants") to the extent that they seek discovery of information protected from disclosure by the attorney-client privilege doctrine or any other privilege or immunity under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the common law and/or applicable statutes.

2.     Winslow objects to each and every Request to the extent that it seeks discovery of information obtained or prepared in anticipation of litigation or for trial.

3.     Winslow objects to each and every Request to the extent that it seeks discovery of attorney work product or any information containing or reflecting the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative concerning this litigation.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.
ATTORNEYS AT LAW · P.O. BOX 1612 · NEW HAVEN, CT 06506-1612
(203) 787-0275 · JURIS NO. 34878

4.    Winslow objects to the Requests to the extent that they are vague, ambiguous and overbroad and therefore requires him, to the best of its ability, to make a subjective determination as to what documents are being sought.

5.    Winslow objects to the Requests to the extent that they call for the production of documents that are not relevant to the issues of law and fact involved in the claims and defenses in this litigation.

6.    Winslow objects to each Request, including the "General Definitions" and "Instructions" contained herein, to the extent that it exceeds the scope of permissible discovery as set forth in the Federal Rules of Civil Procedure, the Local Rules for the District Court for the District of Connecticut, or otherwise purports to impose upon Winslow obligations that differ from or exceed the scope of his obligations under the Federal Rules of Civil Procedure or the Local Rules.

7.    Winslow objects to each Request to the extent that it inquires about matters, the disclosure of which, is prohibited by statute, regulation, or other applicable laws.

8.    Winslow objects to each and every Request to the extent that it purports to require Winslow to disclose information that is not within his possession, custody or control.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.
ATTORNEYS AT LAW · P.O. BOX 1612 · NEW HAVEN, CT 06506-1612
(203) 787-0275 · JURIS NO. 34878

9.    Winslow objects to each Request to the extent that it purports to require Winslow to disclose information that is more readily in the possession of or more easily disclosed by another party to this litigation.

10.    Winslow objects to the disclosure of any information falling within any of the foregoing General Objections or the specific objections set forth below, and in the event any information falling within one or more of such objections is disclosed in any of the response to the Requests, such disclosure is inadvertent and shall not constitute a waiver of the objections and/or any applicable privilege.

11.    Winslow's responses and objections to the Requests are not intended to be and shall not be deemed an admission of the matters stated, implied or assumed by any or all of the Requests.  In responding to the Requests, Winslow neither waives nor intends to waive, but expressly reserves, any and all objections to the relevance, competence, materiality or admissibility of any information provided.

12.    The absence of an objection shall not be deemed to be an acknowledgement that information exists or that the subject matter of the Request is relevant to this litigation.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.
ATTORNEYS AT LAW - P.O. BOX 1612 - NEW HAVEN, CT 06506-1612
(203) 787-0275 - JURIS NO. 34878

13.    Winslow reserves the right to supplement or modify its responses and objections to the Requests if and when it discovers any additional responsive information.

## JAMES A. WINSLOW'S OBJECTIONS
## AND SUPPLEMENTAL RESPONSES TO INTERROGATORIES

5.    Describe in detail your entire employment history (including self-employment) to the present. Your description should include but not be limited to the following: identification of each employer (name, address, and phone number); your job title, duties, and responsibilities; the dates you were employed by or rendered services for that employer, whether you acted as an employee or as an agent or independent contractor; the name and job title of your supervisor(s); the basis and amount of your compensation; your licensure history with respect to any such employment; whether you had a written employment, agent, or contractor agreement; and the reason(s) why you left such employment or discontinued the relationship with the employer. If your position, responsibilities, or compensation changed over time, your response should include the date and description of any such changes.

**OBJECTION:**

In addition to his General Objections, the defendant objects to this interrogatory on the ground that it is overly broad and unduly burdensome in that it is not limited to any specific time period. The defendant further objects to this interrogatory in that it seeks information that is irrelevant and immaterial to this litigation.

LYNCH, TRAUB, KEEFE AND ERRANTE, P.C.
ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06506-1612
(203) 787-0275 • JURIS NO. 34878

**ANSWER:**

    Notwithstanding and without waiving the foregoing objections, Winslow's employment history is as follows:

<div style="margin-left: 2em;">

(a)    Employer:    Prudential Life Insurance Company
    Dates of Employment:    Approximately 1981-1983
    Positions Held:    Life Insurance Agent
    Reason for leaving:    Resigned to pursue other opportunities

(b)    Employer:    White House Restaurant
    Dates of Employment:    1984-1985
    Positions Held:    Waiter/Bartender
    Supervisor:    Steve Hollisi
    Reason for leaving:    Resigned to pursue other opportunities

(c)    Employer:    American National Insurance Company (Essex, CT)
    Dates of Employment:    Approximately 1985-1987
    Positions Held:    Life and Health Insurance Agent
    Supervisor:    Ron Burgess
    Reason for leaving:    Resigned to pursue other opportunities

(d)    Employer:    Mutual Benefit Insurance Company
    Dates of Employment:    Approximately 1987-1988
    Positions Held:    Life and Health Insurance Agent
    Supervisor:    Ray Herz
    Reason for leaving:    Resigned to pursue other opportunities

(e)    Employer:    Travelers Insurance Company
    Dates of Employment:    Approximately 1988-1999
    Positions Held:    Independent Agent
    Supervisor:    Gerry Como
    Reason for leaving:    Resigned to pursue other opportunities

(f)    Employer:    Provident Mutual Insurance Company
    Dates of Employment:    Approximately 1989-1995
    Positions Held:    Life Insurance Agent, Approximately 1989-1995
    Registered Representative for
    NASD/Securities Sales, Approximately 1991-1995

</div>

<div style="writing-mode: vertical-rl;">

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.
ATTORNEYS AT LAW · P.O. BOX 1612 · NEW HAVEN, CT 06506-1612
(203) 787-0275 · JURIS NO. 34878

</div>

<div style="text-align: left; writing-mode: vertical">
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.
ATTORNEYS AT LAW - P.O. BOX 1612 - NEW HAVEN, CT 06506-1612
(203) 787-0275 - JURIS NO. 34878
</div>

|  |  |  |
|---|---|---|
| | Supervisor: | Barry Bulakites, Mike Rosenbloom |
| | Reason for leaving: | Contract terminated due to lack of production |
| (g) | Employer: | Joshua Adams Corporation, Madison, CT |
| | Dates of Employment: | Approximately 1993-until dissolution of corporation |
| | Positions Held: | President |
| | Reason for leaving: | Continued employment until business concluded |
| (h) | Employer: | Lincoln National Life, Darien, CT |
| | Dates of Employment: | Approximately 1995- September 1997 |
| | Positions Held: | Agent and Sales Manager |
| | Supervisor: | Barry Bulakites, Gary Katz |
| | Reason for leaving: | Resigned to pursue other opportunities |
| (i) | Employer: | Jackson National Life Insurance Company |
| | Dates of Employment: | Approximately September 1997- July 7, 2003 |
| | Positions Held: | Annuity Wholesaler for Jackson National Life of New York, 1997-2000 |
| | | Senior Sales Consultant, 2000-July 7, 2003 |
| | Supervisor: | Jay Elliott, Peter Radloff |
| | Reason for leaving: | Resigned from Annuity Wholesaler position. Was laid Off on July 7, 2003 from Senior Sales Consultant position. |
| (k) | Employer: | James A. Winslow Agency |
| | Dates of Employment: | Approximately 1985-Approximately 2001 |
| | Position: | Broker/Owner |
| | Reason for leaving: | Did not renew license |

12.    Identify any businesses in which you had or have any ownership interest during the time period January 1990 to the present, including but not limited to sole proprietorships and partnerships, and describe the nature and extent of your interest including any title or position held with the business.

**OBJECTION:**