# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WASLEY PRODUCTS, INC., ET AL. | : | MASTER CONSOLIDATED CASE |
| | | CIVIL NO. 3:03 CV-383(MRK) |
| *Plaintiffs,* | : | |
| | : | |
| V. | : | THIS PERTAINS TO: |
| | : | CIVIL NO. 3:03 CV 1790 (MRK) |
| BARRY LEONARD BULAKITES, | : | (Prentiss et al. v. Wasley Products, Inc., et al.) |
| ET AL. | : | |
| | : | |
| *Defendants.* | : | SEPTEMBER 15, 2005 |
| | : | |

## JOSHUA ADAMS CORPORATION'S RESPONSES
## TO WASLEY DEFENDANTS' FIRST SET OF
## INTERROGATORIES AND REQUESTS FOR PRODUCTION

Pursuant to Federal Rule of Civil Procedure 33, the defendant, Joshua Adams

Corporation ("JAC") hereby objects and responds to Wasley Products, Inc., Alan A.

Wasley, Andrew Brady, Sandi Dumas-Laferriere and Barry Connell, Defendants and

Third-Party Plaintiffs in Prentiss, et al v. Wasley Products, Inc., et al ("Wasley II" or "this

litigation") (collectively, "Wasley Defendants"), First Set of Interrogatories and Requests

for Production dated June 15, 2005.

LYNCH, TRAUB, KEEFE AND ERRANTE, P.C.
ATTORNEYS AT LAW - P.O. BOX 1612 - NEW HAVEN, CT 06506-1612
(203) 787-0275 - JURIS NO. 34878

## GENERAL OBJECTIONS

The following General Objections apply to and are incorporated into each

individual response, whether expressly incorporated by reference in the response or not.

1.    JAC objects to each and every interrogatory and request for production ("the

Requests") requested by defendants and third party plaintiffs, Wasley Products, Inc., Alan

Wasley, Andrew Brady, Sandi Dumas-Laferriere and Barry Connell (collectively, the

"Wasley Defendants") to the extent that they seek discovery of information protected

from disclosure by the attorney-client privilege doctrine or any other privilege or

immunity under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the

common law and/or applicable statutes.

2.    JAC objects to each and every Request to the extent that it seeks discovery of

information objected or prepared in anticipation of litigation or for trial.

3.    JAC objects to each and every Request to the extent that it seeks discovery of

attorney work product or any information containing or reflecting the mental

impressions, conclusions, opinions, or legal theories of an attorney or other representative

of JAC concerning this litigation.

4.    JAC objects to the Requests to the extent that they are vague, ambiguous and overbroad and therefore requires JAC, to the best of its ability, to make a subjective determination as to what documents are being sought.

5.    JAC objects to the Requests to the extent that they call for the production of documents that are not relevant to the issues of law and fact involved in the claims and defenses in this litigation.

6.    JAC objects to each Request, including the "General Definitions" and "Instructions" contained herein, to the extent that it exceeds the scope of permissible discovery as set forth in the Federal Rules of Civil Procedure, the Local Rules for the District Court for the District of Connecticut, or otherwise purport to impose upon JAC obligations that differ from or exceed the scope of its obligations under the Federal Rules of Civil Procedure or the Local Rules.

7.    JAC objects to each Request to the extent that it inquires about matters, the disclosure of which, is prohibited by statute, regulation, or other applicable laws.

8.    JAC objects to each and every Request to the extent that it purports to require JAC to disclose information that is not within JAC's possession, custody or control.

W:\11000-11999\11437 B. BULAKITES\013 COMMERCIAL LITAGATION - SJE\DISCOVERY\2005\JAC RESPONSES TO WASLEY DEFENDANTS 6-15-05 DISCOVERY.DOC

9.      JAC objects to each Request to the extent that it purports to require JAC to disclose information that is more readily in the possession of or more easily disclosed by another party to this litigation.

10.     JAC objects to the disclosure of any information falling within any of the foregoing General Objections or the specific objections set forth below, and in the event any information falling within one or more of such objections is disclosed in any of the response to the Requests, such disclosure is inadvertent and shall not constitute a waiver of the objections and/or any applicable privilege.

11.     JAC's responses and objections to the Requests are not intended to be and shall not be deemed an admission of the matters stated, implied or assumed by any or all of the Requests.  In responding to the Requests, JAC neither waives nor intends to waive, but expressly reserves, any and all objections to the relevance, competence, materiality or admissibility of any information provided.

12.     The absence of an objection shall not be deemed to be an acknowledgement that information exists or that the subject matter of the Request is relevant to this litigation.

ATTORNEYS AT LAW - P.O. BOX 1612 - NEW HAVEN, CT  06506-1612
(203) 787-0275 - JURIS NO. 34878

13.    JAC reserves the right to supplement or modify its responses and objections to the Requests if and when it discovers any additional responsive information.

## JOSHUA ADAMS CORPORATION'S OBJECTIONS AND RESPONSES TO INTERROGATORIES

1.    State the date on which Joshua Adams Corporation was established or organized, the state in which the business was organized or incorporated, the nature of its business, the type of business structure (i.e., sole proprietorship, partnership, corporation), its dates of operation, any name(s) under which the business was known or operated, and any and all addresses from which the business operated.

**OBJECTION:**

JAC incorporates the aforesaid General Objections as though fully set forth herein.

**ANSWER:**

Notwithstanding and without waiving the foregoing General Objections, JAC states:

| | |
|---|---|
| Date of Incorporation: | December of 1993 |
| State of Incorporation: | Connecticut |
| Nature of Business: | JAC's business involved the sale of insurance, pension administration and consulting work. |
| Business Structure: | Corporation |
| Dates of Operations: | 1993 – 2003 |
| AKA: | Adams Consulting, JAC Corporation, and Joshua Adams. |
| Addresses: | December 1993 – 1996:  149 Durham Road, Madison, CT. |
| | 1996-2002: 175 North Main Street, Branford, CT. |
| | 2002-2003: 645 Breton SE, Grand Rapids, MI. |

Wasley Products, Inc. in the administration of the pension funds in regards to distributions, and corresponded with UAW. Barry Bulakites was consulted on pension issues and handled correspondence and communications with Wasley Products, Inc.'s management.

8.      Identify the types of accounting or financial records maintained by JAC or its principals (i.e., whether such records were kept by hand or on computer, the accounting method utilized, any software utilized) and identify any person or entity retained or employed by JAC at any time to perform accounting, financial, or investment services.

**OBJECTION:**

In addition to its General Objections, the Defendant objects to this interrogatory on the grounds that it is overly broad and unduly burdensome in that it asks for detailed information over an undefined time period.

**ANSWER:**

Notwithstanding and without waiving the foregoing objections, JAC responds that it used a cash accounting method, which was set up by JAC's accounting firm (Edward Pratesi & Company). Edward Pratesi was the person hired as JAC's accountant. The records were maintained by hand. At one point, JAC started to convert to Quick Books but the project was never completed.

9.      Identify the person or person(s) responsible for maintaining and keeping the records of JAC, including any computer or electronic databases, and identify any and all place(s) where such records presently are kept or stored. If any records have been destroyed

W:\11000-11999\11437 B. BULAKITES\013 COMMERCIAL LITAGATION - SJE\DISCOVERY\2005\JAC RESPONSES TO WASLEY DEFENDANTS 6-15-05 DISCOVERY.DOC

ATTORNEYS AT LAW - P.O. BOX 1612 - NEW HAVEN, CT 06506-1612
(203) 787-0275 - JURIS NO. 34878

or are otherwise unavailable, state the nature of such records, the reason(s) why such records

have been destroyed or are unavailable, the date on which they were destroyed or became

unavailable, and the person responsible for their destruction or loss.

## OBJECTIONS:

In addition to its General Objections, the Defendant objects to the interrogatory on the grounds that it is overly broad and unduly burdensome in that it asks for detailed information concerning various individuals and/or entities over an undefined time period.

## ANSWER:

Notwithstanding and without waiving the foregoing objections, JAC responds that Maxine Bruno and Sandra Ames Johnson were responsible for recordkeeping while JAC was in operation. Currently, some records are in the possession of JAC's attorneys, Lynch, Traub, Keefe, & Errante. The other records are unavailable and/or have been destroyed. Some of these records had been placed in a storage unit in Lansing, Michigan between 1997 through 2000. Unbeknownst to the defendant at the time, the storage unit was cleaned out by the storage unit facility sometime in 2001 and the records were never returned. Some other JAC records were maintained at James Winslow's home. During the time that Mr. Winslow was in the process of obtaining a divorce and unbeknownst to him, his former spouse and/or spouse's relative(s) removed items from his home during his absence, including the JAC records. Those records have never been returned. Lastly, prior to litigation, some records were destroyed in accordance with the ordinary course of business when the IRS holding period expired.

10.   Identify each and every client or customer of JAC, including the name, address, telephone number, and contact person, as well as the nature of services performed by JAC for each client or customer so identified.

## OBJECTIONS:

LYNCH, TRAUB, KEEFE AND ERRANTE, P.C.
ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06506-1612
(203) 787-0275 • JURIS NO. 34678

In addition to its General Objections, the Defendant objects to the interrogatory on the grounds that it is overly broad and unduly burdensome in that it asks for detailed information concerning various individuals and/or entities over an undefined time period. The Defendant also objects to this interrogatory on the grounds that it seeks to obtain irrelevant and confidential information.

**ANSWER:**

Notwithstanding and without waiving the foregoing objection, JAC responds that it is unable to identify such without access to all of JAC records (see response to Interrogatory No. 9).

11.    Did JAC ever maintain a website and/or E-mail account? If so, provide the

website address(es), E-mail addresses, and the time periods during which the websites and/or

E-mail accounts were operational.

**OBJECTIONS:**

In addition to its General Objections, the Defendant objects to the interrogatory on the ground that it is vague in that the term "account" is undefined. The Defendant further objects on the grounds that this interrogatory is overly broad and unduly burdensome in that it asks for detailed information concerning various individuals and/or entities over an undefined time period.

**ANSWER:**

Notwithstanding and without waiving the foregoing objections, JAC responds that it did not own a separate e-mail account nor did it have e-mail accounts for its employees. To the extent any e-mail was exchanged pertaining to JAC business, personal e-mail accounts were used. Those would include the following e-mail addresses:  ADAMSCO2000@aol.com and BBulakites@aol.com . Some correspondence may also have occurred from

commercial building, residence, undeveloped land), and the date(s) such property was owned by JAC.

**ANSWER:**

None.

15. Identify any and all other property owned, in whole or in part, by JAC, including a brief description of the property, the date(s) such property was owned by JAC, and for any property still owned by JAC, its location and approximate value.

**OBJECTION:**

In addition to its General Objections, the Defendant objects to the interrogatory on the grounds that it is unduly burdensome, overly broad and seeks irrelevant material.

**ANSWER:**

Notwithstanding and without waiving the foregoing objection, JAC identifies office equipment and computers. Location is unknown as property was disposed of or sold.

16.    Identify any and all insurance, financial, or other companies for which JAC or its owners or employees served as an agent, broker, or consultant in any capacity. Your response should include the names, address, and contact person(s) at each company so identified and the date(s) and nature of the relationship.

**OBJECTIONS:**

In addition to its General Objections, the Defendant objects to the interrogatory on the grounds that it is vague in that the terms "agent" and "other companies" are undefined.

## IV.   <u>REQUESTS FOR PRODUCTION</u>

### <u>General Objections</u>

In addition to the objections set forth herein, the following general objections (""General Objections"") apply to each and every production request contained in the Requests for Production. No response to any production request is, or shall be deemed to be, a waiver of JAC's General Objections.

a)    JAC objects to the Requests for Production to the extent information sought was prepared in anticipation of litigation, constitutes attorney work product, discloses the mental impressions, conclusions, opinions or legal theories of any attorneys for the defendant, contains privileged attorney-client communications, or is otherwise protected from disclosure under applicable privileges, laws or rules.

b)    JAC objects to the production requests to the extent they seek to impose a burden beyond that permitted under the Federal Rules of Civil Procedure or other applicable rules.

1.    Any and all documents referenced or identified in your responses to the foregoing Interrogatories.

<u>OBJECTION:</u>

JAC incorporates the aforesaid General Objections as though fully set forth herein.

JAC incorporates the aforesaid General Objections as though fully set forth herein.

**ANSWER:**

Notwithstanding and without waiving the foregoing objections, JAC states that it has no such documents. See response to Interrogatory No. 9.

4.      Any and all documents filed with, submitted to, or received from the Secretary of State's office, insurance department, or any other agency, department or division of any state concerning JAC or any of its owners, employees, consultants or contractors.

**OBJECTION:**

JAC incorporates the aforesaid General Objections as though fully set forth herein.

**ANSWER:**

Notwithstanding and without waiving the foregoing objections, JAC states that it has no such documents. See response to Interrogatory No. 8.

5.      Any and all documents filed with, submitted to, or received from the Securities and Exchange Commission, Internal Revenue Service, or any other federal agency, department, or division concerning JAC or any of its owners, employees, consultants or contractors.

**OBJECTION:**

In addition to its General Objections, the Defendant objects to this request on the grounds that it is vague in that the terms "contractors" and "other federal agency or department" are undefined. The Defendant further objects on the grounds that this request is

ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06506-1612
(203) 787-0275 • JURIS NO. 34878

overly broad and seeks irrelevant documents in that it appears to seek information about individuals unrelated to JAC. Also, the request is overly broad and unduly burdensome in that it asks for detailed information concerning various individuals and/or entities over an undefined time period.

**ANSWER:**

Notwithstanding and without waiving the foregoing objection, JAC states that no such documents are in its possession. See response to Interrogatory No. 9.

6.    All audited and unaudited documents and financial statements (including manual and computer-generated documents) prepared internally or externally, concerning the finances and operation of JAC, including but not limited to the following types of documents:

(a)    time and billing records, including reports showing time, dates of work, and billings or charges;

(b)    office manuals, brochures or other documents describing the structure of JAC and how it operates;

(c)    financial statements;

(d)    annual reports;

(e)    documents concerning accounts receivable and accounts payable;

(i)    bank statements, deposit slips, and canceled checks;

(g)    balance sheets and general ledger journals;

(h)    cash receipts journals;

ATTORNEYS AT LAW · P.O. BOX 1612 · NEW HAVEN, CT 06506-1612
(203) 787-0275 · JURIS NO. 34878

◇

Notwithstanding and without waiving the foregoing objection, documents responsive to this request are available for viewing, inspection and copying at the law office of Lynch, Traub, Keefe & Errante.

7.    Any and all documents concerning or evidencing any arrangements or agreements with insurance, financial, or other companies for which JAC or its employees served as an agent, broker, or consultant in any capacity, including but not limited to contracts and correspondence.

**OBJECTION:**

In addition to its General Objections, the Defendant objects to the request on the grounds that it is overly broad and unduly burdensome in that it asks for detailed information concerning various individuals and/or entities over an undefined time period. The Defendant also objects to this request on the grounds that it seeks to obtain irrelevant and confidential information.

**ANSWER:**

None. See response to Interrogatory No. 9.

8.    Complete signed copies of any state tax returns JAC filed with the Connecticut Department of Revenue Services or any other state or state agency, including all attachments, worksheets, schedules and related documentation.

**OBJECTION:**

ATTORNEYS AT LAW · P.O. BOX 1612 · NEW HAVEN, CT 08506-1612
(203) 787-4275 · JURIS NO. 34878

In addition to its General Objections, the Defendant objects to this request on the grounds that it is vague in that the term "any state agency" is undefined. The Defendant further objects on the grounds that this request is overly broad and unduly burdensome in that it asks for detailed information over an undefined time period. Lastly, it seeks irrelevant information and documents.

**ANSWER:**

Notwithstanding and without waiving the foregoing objection, JAC does not have any documents in its possession that are responsive to this request. See response to Interrogatory No. 9.

9.    Completed signed copies of any federal tax returns JAC filed with the Internal Revenue Services, including all attachments, worksheets, schedules and related documentation.

**OBJECTION:**

In addition to its General Objections, the Defendant objects to this request on the grounds that it asks for detailed information over an undefined time period. Lastly, the request seeks irrelevant information and documents.

**ANSWER:**

Notwithstanding and without waiving the foregoing objection, JAC does not have any documents in its possession that are responsive to this request. See response to Interrogatory No. 9.

10.    Any and all documents concerning Wasley Products, Inc. or Precision Molding Company, Inc., including but not limited to any and all correspondence to or from either

ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06500-1612
(203) 787-0275 • JURIS NO. 34878

## VERIFICATION

I, *Barry L. Bulakites*                    , being duly sworn, depose and

state that I am the *Former V.P. Sales* of Joshua Adams Corporation and am

duly authorized to verify these interrogatories on its behalf, and that I have read the

foregoing responses to the interrogatories and state that they are true, complete and

accurate to the best of my knowledge.

Name: *Barry Bulakites*
Title: *Former VP Sales*

Subscribed and sworn to this
*15th* day of *September* 2005
before me

Commissioner of the Superior Court
Notary Public
My commission expires



YOUNG A. SHIN
Notary Public - Arizona
Maricopa County
My Comm. Expires Dec 3, 2007

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06508-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\LEE BULAKITES\MY DOCUMENTS\BULAKITESVERIFICATIONTODEFSREQUESTS\JAC'SVERIFICATION.DOC

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WASLEY PRODUCTS, INC., ET AL. : | MASTER CONSOLIDATED CASE |
| : | CIVIL NO. 3:03 CV-383(MRK) |
| *Plaintiffs,* : | |
| : | |
| V. : | THIS PERTAINS TO: |
| : | CIVIL NO. 3:03 CV 1790 (MRK) |
| BARRY LEONARD BULAKITES, : | (Prentiss et al. v. Wasley Products, Inc., et al.) |
| ET AL. : | |
| : | |
| *Defendants.* : | |
| : | OCTOBER 25, 2005 |

**JOSHUA ADAMS CORPORATION'S SUPPLEMENTAL
RESPONSES TO WASLEY DEFENDANTS'
FIRST SET OF INTERROGATORIES**

The defendant, Joshua Adams Corporation ("JAC") hereby supplements its

compliance dated September 15, 2005 to Wasley Products, Inc., Alan A. Wasley, Andrew

Brady, Sandi Dumas-Laferriere and Barry Connell, Defendants and Third-Party Plaintiffs

in Prentiss, et al v. Wasley Products, Inc., et al ("Wasley II" or "this litigation")

(collectively, "Wasley Defendants"), First Set of Interrogatories dated June 15, 2005.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.
ATTORNEYS AT LAW - P.O. BOX 1612 - NEW HAVEN, CT 06506-1612
(203) 787-0275 - JURIS NO. 34676

## GENERAL OBJECTIONS

The following General Objections apply to and are incorporated into each individual response, whether expressly incorporated by reference in the response or not.

1.      JAC objects to each and every interrogatory and request for production ("the Requests") requested by defendants and third party plaintiffs, Wasley Products, Inc., Alan Wasley, Andrew Brady, Sandi Dumas-Laferriere and Barry Connell (collectively, the "Wasley Defendants") to the extent that they seek discovery of information protected from disclosure by the attorney-client privilege doctrine or any other privilege or immunity under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the common law and/or applicable statutes.

2.      JAC objects to each and every Request to the extent that it seeks discovery of information objected or prepared in anticipation of litigation or for trial.

3.      JAC objects to each and every Request to the extent that it seeks discovery of attorney work product or any information containing or reflecting the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of JAC concerning this litigation.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.
ATTORNEYS AT LAW - P.O. BOX 1612 - NEW HAVEN, CT 06506-1612
(203) 787-0275 - JURIS NO. 34878

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.
ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06508-1612
(203) 787-0275 • JURIS NO. 34878

4.      JAC objects to the Requests to the extent that they are vague, ambiguous and overbroad and therefore requires JAC, to the best of its ability, to make a subjective determination as to what documents are being sought.

5.      JAC objects to the Requests to the extent that they call for the production of documents that are not relevant to the issues of law and fact involved in the claims and defenses in this litigation.

6.      JAC objects to each Request, including the "General Definitions" and "Instructions" contained herein, to the extent that it exceeds the scope of permissible discovery as set forth in the Federal Rules of Civil Procedure, the Local Rules for the District Court for the District of Connecticut, or otherwise purport to impose upon JAC obligations that differ from or exceed the scope of its obligations under the Federal Rules of Civil Procedure or the Local Rules.

7.      JAC objects to each Request to the extent that it inquires about matters, the disclosure of which, is prohibited by statute, regulation, or other applicable laws.

8.      JAC objects to each and every Request to the extent that it purports to require JAC to disclose information that is not within JAC's possession, custody or control.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.
ATTORNEYS AT LAW · P.O. BOX 1612 · NEW HAVEN, CT 06506-1612
(203) 787-0275 · JURIS NO. 34878

9.    JAC objects to each Request to the extent that it purports to require JAC to disclose information that is more readily in the possession of or more easily disclosed by another party to this litigation.

10.    JAC objects to the disclosure of any information falling within any of the foregoing General Objections or the specific objections set forth below, and in the event any information falling within one or more of such objections is disclosed in any of the response to the Requests, such disclosure is inadvertent and shall not constitute a waiver of the objections and/or any applicable privilege.

11.    JAC's responses and objections to the Requests are not intended to be and shall not be deemed an admission of the matters stated, implied or assumed by any or all of the Requests.  In responding to the Requests, JAC neither waives nor intends to waive, but expressly reserves, any and all objections to the relevance, competence, materiality or admissibility of any information provided.

12.    The absence of an objection shall not be deemed to be an acknowledgement that information exists or that the subject matter of the Request is relevant to this litigation.

13.    JAC reserves the right to supplement or modify its responses and objections to the Requests if and when it discovers any additional responsive information.

## JOSHUA ADAMS CORPORATION'S OBJECTIONS AND SUPPLEMENTAL RESPONSES TO INTERROGATORIES

4.    Identify each and every person or entity who holds or held any ownership interest in JAC at any time, including their full name, current or last known address, current or last known telephone number(s), the nature and dates of their ownership interest, and any title or position they held with JAC.

## OBJECTION:

JAC incorporates the aforesaid General Objections as though fully set forth herein.

## ANSWER:

Notwithstanding and without waiving the foregoing General Objections, JAC states that James A. Winslow and Barry L. Bulakites were each 50% owners of JAC throughout the period the company was operational.

5.    Identify each and every person who was employed by JAC at any time, including not only their full name and current or last known address, but also the title, position, or role each held with JAC, their job responsibilities, the dates they were employed by JAC and, if they are no longer employed by JAC, their date of termination and reason(s) for termination.

## OBJECTION:

JAC incorporates the aforesaid General Objections as though fully set forth herein.  In addition to its General Objections, the defendant objects to this interrogatory on the grounds

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.
ATTORNEYS AT LAW - P.O. BOX 1612 - NEW HAVEN, CT 06506-1612
(203) 787-0275 - JURIS NO. 34878

◇ that this interrogatory is overly broad and unduly burdensome in that it asks for detailed information concerning various individuals and/or entities over an undefined time period.

**ANSWER:**

Notwithstanding and without waiving the foregoing objections, JAC identifies the following individuals:

(a)     James A. Winslow, President, 1993 to termination, Employment ended following cessation of company in 2003. Winslow was responsible for all aspects of company operations.

(b)     Barry L. Bulakites, Vice-President from 1993 through 1995 and thereafter was a consultant, Resigned to take a job with Lincoln National in 1995. Bulakites was responsible for the sales, marketing and insurance company relations. In addition, each month he oversaw the mailing of benefit checks to pension beneficiaries. Although from time to time he would perform other tasks depending on the business needs of the company, at no time did he make investment decisions as those decisions were left to the plan trustees.

(c)     Maxine Bruno, Administrative Assistant, approximately December 1993 through December 1996. Maxine tended to whatever tasks needed. Some of her duties included, but were not limited to, preparing benefit checks, participating with Wasley Products, Inc. in the administration of the pension funds in regards to distributions, and she also corresponded with UAW. Maxine resigned to take another position; and

(d)     Sandra Ames Johnson, Administrative Assistant, approximately December 1996 through December 1997. Some of her duties included, but were not limited to, preparing benefit checks, participating with Wasley Products, Inc. in the administration of the pension funds in regards to distributions, and she also corresponded with UAW. Sandra resigned to move to Georgia with her spouse; and

(e)     Kaye (last name unknown at this time), assistant to James Winslow, began in approximately 1993, end date unknown. Kaye performed administrative tasks for JAC. She prepared benefit checks, participated with Wasley Products, Inc. in

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.
ATTORNEYS AT LAW · P.O. BOX 1612 · NEW HAVEN, CT 06508-1612
(203) 787-0275 · JURIS NO. 34878

the administration of the pension funds in regards to distributions and corresponded with UAW.  Unsure of the reason for separation.

8.    Identify the types of accounting or financial records maintained by JAC or its principals (i.e., whether such records were kept by hand or on computer, the accounting method utilized, any software utilized) and identify any person or entity retained or employed by JAC at any time to perform accounting, financial, or investment services.

**OBJECTION:**

In addition to its General Objections, the Defendant objects to this interrogatory on the grounds that it is overly broad and unduly burdensome in that it asks for detailed information over an undefined time period.

**ANSWER:**

Notwithstanding and without waiving the foregoing objections, JAC responds that it used a cash accounting method, which was set up by JAC's accounting firm (Edward Pratesi & Company).  Edward Pratesi was the person hired as JAC's accountant.  The records were maintained by hand.  At one point, JAC started to convert to Quick Books but the project was never completed.  The accounting records no longer exist.

9.    Identify the person or person(s) responsible for maintaining and keeping the records of JAC, including any computer or electronic databases, and identify any and all place(s) where such records presently are kept or stored.   If any records have been destroyed or are otherwise unavailable, state the nature of such records, the reason(s) why such records

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.
ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06506-1612
(203) 787-0275 • JURIS NO. 34876

◇ have been destroyed or are unavailable, the date on which they were destroyed or became

unavailable, and the person responsible for their destruction or loss.

**OBJECTIONS:**

      In addition to its General Objections, the Defendant objects to the interrogatory on the grounds that it is overly broad and unduly burdensome in that it asks for detailed information concerning various individuals and/or entities over an undefined time period.

**ANSWER:**

      Notwithstanding and without waiving the foregoing objections, JAC responds that Maxine Bruno and Sandra Ames Johnson were responsible for recordkeeping while JAC was in operation. Currently, some records are in the possession of JAC's attorneys, Lynch, Traub, Keefe, & Errante. The other records are unavailable and/or have been destroyed. Some of these records had been placed in a storage unit in Lansing, Michigan between 1997 through 2000. Unbeknownst to the defendant at the time, the storage unit was cleaned out by the storage unit facility sometime in 2001 and the records were never returned. Some other JAC records were maintained at James Winslow's home. During the time that Mr. Winslow was in the process of obtaining a divorce and unbeknownst to him, his former spouse, Maryann Winslow, and son's Joshua and Casey Winslow removed items from his home during his absence, including the JAC records. Those records have never been returned. Lastly, prior to litigation, some records were destroyed in accordance with the ordinary course of business when the IRS holding period expired.

      14.    Identify any and all real property owned, in whole or in part, at any time by JAC,

including but not limited to the address of such real property, the type of real property (i.e.,

commercial building, residence, undeveloped land), and the date(s) such property was owned

◇ by JAC.

LYNCH, TRAUB, KEEFE AND ERRANTE, P.C.
ATTORNEYS AT LAW - P.O. BOX 1612 - NEW HAVEN, CT 06506-1612
(203) 787-0275 - JURIS NO. 34878

◇ **ANSWER:**

> JAC owned some office furnishings that were disposed of sometime in 1995.

15.    Identify any and all other property owned, in whole or in part, by JAC, including a brief description of the property, the date(s) such property was owned by JAC, and for any property still owned by JAC, its location and approximate value.

**OBJECTION:**

In addition to its General Objections, the Defendant objects to the interrogatory on the grounds that it is unduly burdensome, overly broad and seeks irrelevant material.

**ANSWER:**

Notwithstanding and without waiving the foregoing objection, JAC identifies office equipment and computers. Location is unknown as property was sold in 1995.

19.    State the present status of JAC, including its current name, address, telephone number, and nature of its business. If JAC is not presently an active business, state whether or not it has been formally dissolved or otherwise terminated.

**ANSWER:**

JAC is no longer in operation. All operations ceased in December 2002. While JAC is not presently an active business, it has not been formally dissolved.

◇

LYNCH, TRAUB, KEEFE AND ERRANTE, P.C.
ATTORNEYS AT LAW · P.O. BOX 1612 · NEW HAVEN, CT 06506-1612
(203) 787-0275 · JURIS NO. 34878