## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WASLEY PRODUCTS, INC. et al | : : : | CIVIL ACTION NO. 3:03 CV 00383 (MRK) |
| Plaintiffs | : : | |
| v. | : : | |
| BULAKITES, et al | : : | NOVEMBER 28, 2005 |

## REPLY MEMORANDUM OF LAW IN SUPPORT OF
## PLAN PARTICIPANTS' MOTION FOR PERMISSION
## TO JOIN ADDITIONAL PARTIES, TO AMEND COMPLAINT,
## AND FOR CERTIFICATION OF
## DERIVATIVE ACTION UNDER RULE 23.1

## I.  ADDING NATIONWIDE AND LINCOLN AS DEFEEDANTS

It would not be futile for the Plan Participants to add Nationwide f/k/a Provident Mutual and Lincoln Financial as defendants to their First Amended Complaint.  The subpart of the ERISA statute of limitations in ERISA §413 which governs this breach of fiduciary duty claims runs from the date the Plan Participants *discovered* the breaches, not from the time the breaches were committed.  The applicable statute,  29 U.S.C. §1113 (hereinafter "ERISA §413), says:

> No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of –

> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or
>
> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;
>
> *except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.*[1]

The italicized section is known as the "fraud or concealment" exception. The Plan Participants' claims fit squarely within this exception.   Under the fraud or concealment exception, the Plan Participants may bring suit within six years of their "discovery of such breach or violation."   In the Second Circuit, "fraud or concealment" includes two types of cases -- fraud cases and concealment cases. As the Second Circuit explained in 2001 in *Caputo v. Pfizer*, plaintiffs have six years to sue from their discovery of the breach where the underlying action sounds in fraud or where the breaching fiduciary concealed their breaches of duty:

> the six-year statute of limitations should be applied to cases in which a fiduciary: (1) breached its duty by making a knowing misrepresentation or omission of a material fact to induce an employee/beneficiary to act to his detriment; or (2) engaged in acts to hinder the discovery of a breach of fiduciary duty. *In re Unisys Corp.,* 242 F.3d at 513-16 (Mansmann, J., concurring in part, and concurring in the result in part).[2]

---

[1] ERISA §413 (emphasis added).
[2] 267 F.3d 181, 190 (2d Cir. 2001).

The Plan Participants allege in paragraph 24 (e) of the First Amended Complaint that Bulakites, Winslow, and JAC made knowing misrepresentations of material fact, including: "intentional…misrepresentation of Plan assets to Plan participants." This, along with the larger fraudulent scheme alleged, means the Plan Participants would have six years from the date they discovered the breach to bring claims against Bulakites, Winslow and JAC. The Plan Participants will testify that they discovered Bulakites, Winslow, and JAC's misconduct, at the earliest, around the time Wasley Products brought its suit in 2003, just two years ago. But the issue here isn't the Plan Participants' discovery of breaches by Bulakites, Winslow and JAC; it's their discovery of Nationwide and Lincoln's responsibility for these breaches that's in question.[3] As the Plan Participants said in their opening brief, they only discovered sufficient information to bring an action against Nationwide and Lincoln, during recent discovery in this lawsuit. In any case, neither Nationwide nor Lincoln claim the plaintiffs *discovered* their roles in the alleged misconduct more than six years prior to filing their proposed amendment; they only claim the undiscovered misconduct itself occurred more than six years ago. Under the "fraud or concealment" exception, the limitations

---

[3] The Plan Participant's claim Nationwide and Lincoln are liable for Bulakites *et al*'s breaches of fiduciary duty; they aren't as Lincoln suggests bringing a claim against them for non-fiduciary liability. Bulakites and Winslow were, at times, agents of Nationwide and Lincoln, acting as fiduciaries of the Plan. Also, paragraph 38 alleges Bulakites and Winslow were "employees or agents" of Nationwide and Lincoln. It says nothing about "apparent authority" and the Plan Participants have only just begun discovery. It is thus premature for the Court to entertain Lincoln's disclaimers of actual agency or employment.

period runs from the discovery, not the misconduct. Accordingly, the Plan Participants sought their amendment well within ERISA's six year exception for fraud cases.

The Plan Participants' claim also comes within the concealment exception. As the *Caputo* Court explained, there are two types of concealment cases: (1) cases where the nature of the misconduct conceals itself, and (2) cases where the defendant has taken specific steps to cover up the misconduct:

> The concealment rule, established by the Supreme Court in *Bailey v. Glover*, 88 U.S. 342, 22 L. Ed. 636 (1874), grew from the soil of equitable estoppel. It provides that when a defendant's wrongdoing "has been concealed, or is of such character as to conceal itself, the statute [of limitations] does not begin to run until the [wrongdoing] is discovered" by the plaintiff. Id. at 349-50; see also Black's Law Dictionary 282 (7th ed. 1999). Therefore, to be entitled to the six-year "fraud or concealment" limitations period, these courts require that, in addition to alleging a breach of fiduciary duty (be it fraud or any other act or omission), the plaintiff must also allege that the defendant committed either: (1) a "self-concealing act" - an act committed during the course of the breach that has the effect of concealing the breach from the plaintiff; or (2) "active concealment" - an act distinct from and subsequent to the breach intended to conceal it. See, e.g., *In re Unisys Corp. Retiree Med. Benefit* "ERISA" Litig., 242 F.3d 497, 503 (3d Cir. 2001).[4]

Here the nature of the breach conceals itself. Bulakites, Winslow, and JAC managed the Wasley pension funds, at times under Nationwide and Lincoln, for nearly ten years. Because of the fraudulent nature of their misconduct, secrecy was essential to their success as they gradually siphoned off Plan assets, which,

---

[4] 267 F.3d 181, 189 (2d Cir. 2001).

according to the Special Master, over time amounted to in excess of $700,000. The Plan Participants will show, as they allege, that all during this time, misrepresentations about the amount of Plan assets and the amounts due shielded their misconduct from discovery and that, consequently, the Plan Participants only discovered the misconduct around the time Wasley brought its suit against Bulakites, et al. Thus, both types of concealment were at work, and, accordingly, the concealment exception to the ERISA statute of limitations applies as well.

The Plan Participants' claims are covered by the ERISA statute of limitations exception for fraud or concealment, a statutory subpart neither Nationwide nor Lincoln address in its brief. Accordingly, the Plan Participants' proposed amendment isn't futile, and the Court should allow the Plan Participants to add Nationwide and Lincoln as defendants.[5]

## II. ADDITION OF JOHN WIBLYI AS A PARTY PLAINTIFF

### a. Wiblyi's Standing.

The Court should permit John Wiblyi to join this suit as a plaintiff. Wiblyi claims he is harmed by at least two serious ERISA violations: (1) the Plan's misrepresentations about his entitlement to a lump sum pension, and (2) the Plan's ongoing failure to fulfill its basic obligation under ERISA §302 to maintain assets in trust to pay benefits owed under the plan terms. ERISA explicitly gives Wiblyi

---

[5] If additional details in the complaint as to how the fraud or concealment exceptions apply would be useful or necessary, the Plan Participants ask for an opportunity to add them.

standing to sue for both violations even though, as Nationwide and Lincoln point out, the Plan has not yet skipped a payment to him. ERISA §502 establishes standing under ERISA as follows:

> Persons empowered to bring a civil action. A civil action may be brought—
>
> > (1) *by a participant* or beneficiary—
> >
> > (A) for the relief provided for in subsection (c) of this section, or (B) to recover benefits due to him under the terms of his plan, or enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
> >
> > (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 409 [29 USCS § 1109]; (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or *(B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan;*[6]

According to the Second Circuit in 1994, in *Mullins v. Pfizer*, the courts should construe ERISA's standing provisions broadly in favor of ERISA plaintiffs:

> Congress intended the statutory scheme, in conjunction with state law, to afford broad protection:
>
> The intent of the [Senate Labor and Public Welfare] Committee is to provide the full range of legal and equitable remedies available in both state and federal courts and to remove jurisdictional and procedural obstacles which in the past appear to have hampered effective enforcement of fiduciary responsibilities under state law or recovery of benefits due to participants.
>
> S. Rep. No. 127, 93d Cong., 2d Sess. (1974), reprinted in 1974 U.S.C.C.A.N. 4838, 4871.

---

[6] *Id.* (emphasis added).

…

> the basic standing issue is whether the plaintiff ] is "within the zone of interests ERISA was intended to protect." 14 F.3d at 701 (citations and internal quotations omitted) (emphasis in original).[7]

As alleged in paragraphs 47-48 of the First Amended Complaint, Wiblyi, a current plan participant, brings suit for relief from the misrepresentations that deprived him of a lump sum pension and, as alleged in paragraph 55, to enforce ERISA's requirement that the assets necessary to pay plan benefits due to him and to his spouse be contained in a separate trust and not be dependent, as they apparently are now, on his employer's financial health.  While Wiblyi could claim standing under several subsections of ERISA §502, subsection 502 (a)(3) specifically grants plan participants standing to seek equitable relief against fiduciary misconduct that violates ERISA and to enforce subsections of the statute, including ERISA §302. Accordingly, Wiblyi has standing to bring his claims.

Wiblyi's claims are also plainly sufficiently related to the existing lawsuit to merit inclusion here.  Like the other plaintiffs, Wiblyi is a victim of breaches of fiduciary duty growing out the administration of pension plans at Wasley.  Like the others, he was a victim of the mishandling of pension plan administration. It would make no sense for him to bring an entirely separate lawsuit.

## b.  Wiblyi and The Statute of Limitations.

---

[7] 23 F.3d 663, 668 (2d Cir. 1994)(emphasis added).

Wiblyi's misrepresentation claim is within the ERISA six year exception for fraud or concealment in the same way as the other Plan Participants. In paragraph 47 of the First Amended Complaint, Wiblyi claims the Defined Benefit Plan administrator misrepresented to him that she had the discretion to deprive him of a lump sum retirement. Consequently, Wiblyi claims he was deceived into taking his pension as an annuity when he could have had it as a lump sum and been free from his current worries about whether his pension and his wife's survivor pension will be paid. The other violations alleged, including the failure to maintain assets sufficient to pay the benefits as alleged in paragraphs 50-55, are clearly an ongoing violation of the defendants' ERISA duties to ensure that adequate plan assets exist to guarantee future payment of Wiblyi's benefits.  In addition, to the extent that any of the allegations relate to Bulakites *et al*'s breach of fiduciary duty in surrendering an annuity that guaranteed Wiblyi's benefits, paragraph 50 makes clear that this breach was concealed from Wiblyi until he discovered it in March, 2005, bringing it squarely under ERISA's exception for concealed misconduct. Wiblyi's claims are not futile; they are not barred by the statute of limitations.

## III.  THE DEFINED BENEFIT PLAN ALLEGATIONS.

The Plan Participants didn't have any idea that their rights under the defined benefit plan were violated until recently. As they said in their original memorandum, it became clear only several weeks before they filed their motion to

amend.  It happened when the plaintiff Rizzi compared his opening 401(k) Plan account balance with the annual annuity Wasley Products owes to a 1987 Retirement Plan retiree, John Wiblyi.  When Rizzi discovered how small his opening balance was when compared with Wiblyi's annuity, he came to believe for the first time that the company short changed employees when it converted the Retirement Plan benefits to 401(k) opening balances.  In light of the information Rizzi obtained and the belief he came to because of it, Rizzi and the other plaintiffs now wish to join a claim about the accrued benefit calculations to their other claims.  None of the parties objecting to the proposed amendment address the Plan Participants' explanation of why they brought their defined benefit plan allegations now and not before.  Nationwide claims, instead, that it will be prejudiced by the proposed amendment because the special master could have been tasked with investigating these claims.  Nationwide ignores, however, that the Plan Participants weren't even parties to this action when the Special Master's mandate issued, and that, once they became parties, at defendants' insistence, they were stayed from conducting discovery, depriving the Plan Participants of any chance to learn more information. Indeed, two years into the case, discovery is just starting to crawl forward.  The Plan Participants couldn't have done anything earlier to discover the defined benefit plan discrepancies. Indeed, it was mere happenstance that allowed them to discover them at this stage of the litigation.  Accordingly, the Plan

Participants have not unduly delayed bringing their defined benefit allegations, and, given that discovery is just beginning, defendants can't claim any undue prejudice from their being brought. The Court should allow the Plan Participants' amendment concerning the defined benefit plan.

## IV. CERTIFICATION UNDER RULE 23.1

As noted in the Plan Participants opening memorandum, certification is not defeated by "speculative" or "hypothetical" suggestions of potential conflicts; both the Second Circuit in *In re Visa Check/Mastermoney Antitrust Litig.* and the Southern District of New York in *Gruby v. Brady* emphasized this.[8]  Yet, the Wasley defendants try to defeat certification based solely on unsupported speculation related to the proposed plaintiff, Wiblyi, including the conflict between what he is trying to recover and what the other Plan Participants are trying to recover. Specifically, without pointing to anything in the First Amended Complaint that suggests this, the Wasley defendants say Wiblyi is wrongly included as a proposed representative regarding the allegations about the 401k Plan.  In fact, Wiblyi's allegations are entirely contained in a separate count, Count III of the Complaint, unambiguously labeled the claim of "John M. Wiblyi".   Not surprisingly, Wiblyi's claims are set forth only in Wiblyi's count of the complaint. As his allegations make clear, Wiblyi seeks ERISA §502 (a)(2) relief solely on

---

[8] 280 F.3d 124, 145 (2d Cir. 2001);838 F. Supp. 820, 828 (S.D.N.Y. 1993).

behalf of the defined benefit plan to get it adequately funded.    He seeks
certification under Rule 23.1 solely on behalf of the defined benefit plan, and no
other.  Moreover, given that Wiblyi is either the sole remaining participant or one
of just two participants, it can hardly be argued that a better representative can be
found, and the Wasley defendants make no pretense that there is such a better
representative waiting in the wings.  Also, to the extent the Wasley defendants
claim Wiblyi fails to allege he made a demand, they are wrong. Paragraph 57 of
the First Amended Complaint alleges that Wiblyi met with Wasley president Alan
Wasley on February 16, 2005 and made demand, but Wasley refused to assure him
that any steps would be taken in response.

The Wasley defendants correctly point out that the Plan Participants here,
like the plaintiff in *Coan v. Kaufman* ask for relief on behalf of the plans. They
miss, however, that the Court in *Coan* dismissed her claim, not because she did
this, but because she didn't also move for certification under Rule 23.1 as the Plan
Participants do here.[9]    Accordingly, the Wasley defendants' suggestion that the
Plan Participants should be treated the same way as Coan is baseless.

Finally, the Wasley defendants shouldn't be allowed to delay certification
merely by suggesting that discovery on the fitness of the representatives might lead
to something.  Wasley suggests nothing that it wants to discover about anyone but

---

[9] 349 F. Supp. 2d 271, 275-6 (D. Conn. 2004).

Wiblyi, and given the absence of any other representative for his plan, it is hardly likely to discover anything that would make his appointment inappropriate. Moreover, if during the course of discovery, the Wasley defendants find anything that would merit a second look at certification, it would be free, at that time, to move to decertify the class. In the absence of real suspicions of unfitness, however, there is no reason to delay  preliminary certification, especially in light of the long-delay the parties in this action have already endured.

## CONCLUSION

The plaintiffs ask the Court to grant their motion to amend, allow them to join additional parties and certify this action as a derivative lawsuit.

THE PLAINTIFFS


By /s/ Thomas G. Moukawsher
       Thomas G. Moukawsher ct08940
       Ian O. Smith ct24135
       Moukawsher & Walsh, LLC
       21 Oak Street
       Hartford, CT 06106
       (860) 278-7000
       tmoukawsher@mwlawgroup.com

       ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2005, a copy of foregoing REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAN PARTICIPANTS' MOTION FOR PERMISSION TO JOIN ADDITIONAL PARTIES, TO AMEND COMPLAINT, AND FOR CERTIFICATION OF DERIVATIVE ACTION UNDER RULE 23.1 was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Theodore J. Tucci
Jean Elizabeth Tomasco,
Robinson & Cole
280 Trumbull Street
Hartford, CT 06103

Joseph V. Meaney, Jr.
Cranmore, Fitzgerald & Meaney
49 Wethersfield Ave.
Hartford, CT. 06114

Marissa A. Bellair
Steven Errante
Eric P. Smith
Nancy Fitzpatrick Myers
Lynch, Traub, Keefe, and Errante, LLP
52 Trumbull Street
P.O. Box 1612
New Haven, CT. 06506

Sara Simeonidis
Deborah S. Freeman,
Bryan D. Short

Bringham McCutchen
1 State Street
Hartford, CT 06103

Maurice T. Fitzmaurice
Reid & Riege, P.C.
One Financial Plaza
755 Main Street, 21st Floor
Hartford, CT 06103-3185

James J. Reardon, Jr.
Thomas G. Rohback
Doug Dubitsky
LeBoeuf, Lamb, Greene & MacRae
225 Asylum St.
Hartford, CT 06103

Dated this 28th day of November, 2005.

> /s/ Thomas G. Moukawsher
> Thomas G. Moukawsher ct08940
> Ian O. Smith ct24135
> Moukawsher & Walsh, LLC
> 21 Oak Street
> Hartford, CT 06106
> (860) 278-7000
> tmoukawsher@mwlawgroup.com