# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------- x
WASLEY PRODUCTS, INC., ET AL.,      :
                                    :   MASTER CONSOLIDATED CASE CIVIL
              Plaintiff,            :   NO. 3:03 CV 383 (MRK)
                                    :
    v.                              :   THIS PERTAINS TO:
                                    :   3:03 CV 1790 (MRK)
BARRY BULAKITES, ET AL.,            :   Prentiss, et al. v. Wasley Products, Inc., et al.
                                    :
              Defendant.            :   December 8, 2005
                                    :
                                    :
------------------------------- x
```

### LINCOLN NATIONAL LIFE INSURANCE COMPANY'S SUR-REPLY IN OPPOSITION TO PLAN PARTICIPANTS' MOTION TO AMEND THEIR COMPLAINT

Defendant Lincoln National Life Insurance Company ("Lincoln National"), by and through its undersigned counsel, hereby submits this Sur-Reply in Opposition to Plan Participants' Motion for Permission to Join Additional Parties, to Amend Complaint, and Certification of Derivative Action Under Rule 23.1 ("Motion to Amend"). Here, the Court must deny the Plan Participants' Motion to Amend because although the Plan Participants' Reply Brief raises issues of fraud and concealment for the first time, they have not alleged any such conduct on Lincoln National's part in their proposed Amended Complaint. Because the Plan Participants have not pled fraud or concealment with specificity, as they must do, their breach of fiduciary duty claims against Lincoln National are not subject to ERISA § 413 extra six year limitation period. Thus, the Plan Participants' claims are untimely, and permitting their proposed amendment would be futile.

## ARGUMENT

1. **Plan Participants Have Not Alleged Fraud or Concealment**

    a.   Breach of Fiduciary Duty Claims

Plan Participants have not pled any fraud or concealment so as to invoke ERISA § 413(1)'s additional six year statute of limitations, which is applicable only in the presence of fraud or concealment.[1]

> When claiming fraud or concealment [under ERISA § 413] a plaintiff's complaint must specify the time, place, speaker, and content of the alleged misrepresentations. The complaint should explain how the misrepresentations were fraudulent and plead those events which give rise to a strong inference that the defendant had an intent to defraud, knowledge of the falsity, or a reckless disregard for the truth. Appellants failed to plead with the necessary particularity and thus, their claims do not fall within the exception.

Oechsner v. Connell Ltd. Pshp., 101 Fed. Appx. 849 (2nd Cir. 2004) (cites, quotes and brackets omitted); see also, Fed R. Civ. P. 9(b) ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.").[2] Simply arguing generally in the Reply Brief that an ERISA action "sounds in fraud" (Reply Brief at p.2) is insufficient to meet the demanding pleading requirements that each defendant be specifically informed of the fraudulent conduct for which it is accused. See Caputo v. Pfizer, Inc., 267 F.3d 181, 191 (2d Cir.

---

[1] Fraudulent concealment is recognized under Connecticut law to toll an applicable statute of limitations. However, the Second Circuit does not recognize a claim of "fraudulent concealment" under ERISA § 413 (29 U.S.C. § 1113). Rather, fraud and concealment must be viewed as separate, although often overlapping, claims. See Caputo v. Pfizer, Inc., 267 F.3d 181, 188-89 (2d Cir. 2001). The Second Circuit has interpreted ERISA's claim limitation provisions as providing a three year limit in the presence of actual knowledge of a claim; a six year limit absent actual knowledge, fraud or concealment; and a separate six year period from discovery where there was fraud or concealment of wrongful conduct. Caputo v. Pfizer, Inc., 267 F.3d 181, 188-89 (2d Cir. 2001). Although the effect of employing the separate six year fraud or concealment term is similar to tolling either of the applicable periods, the Second Circuit has specifically distinguished the two.

[2] "Fraud" is "a false representation of a matter of fact, whether by words or conduct, which deceives and is intended to deceive another so that he shall act upon it to his legal injury." McConnell v. Costigan, 2002 U.S. Dist. LEXIS 3279 (D. Conn. February 28, 2002). "Concealment of a cause of action is defined as 'to prevent running of a limitations, some trick or artifice is employed to prevent inquiry or elude investigation, or to mislead and hinder a party who has a cause of action from obtaining information." Id. at *23-24. To properly plead concealment under ERISA 413(1), the Plan Participants must allege in the complaint some "affirmative act or evidence of any trick or artifice to prevent inquiry or elude investigation". McConnell v. Costigan, 2002 U.S. Dist. LEXIS 3279 (D. Conn. February 28, 2002). The Plan Participants have not alleged facts sufficient to state a claim for fraud or concealment.

2001) ("It is not dispositive that plaintiffs' claims fall under the 'fraud or concealment' exception. To get the advantage of the six-year statute of limitations, the plaintiffs must plead fraud with the requisite particularity."); Gruby v. Brady, 838 F. Supp. 820, 831 (S.D.N.Y. 1993) ("[W]here multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud."). Plan Participants Amended Complaint makes no fraud allegations at all against Lincoln National, much less specifically stating the "time, place, speaker, and content of the alleged misrepresentations." Oechsner v. Connell Ltd. Pshp., 101 Fed. Appx. 849 (2nd Cir. 2004).

The Plan Participants totally misconstrue the analysis and holding of Caputo v. Pfizer, Inc., the case upon which their entire statute of limitations argument hangs. Caputo does not hold that the six year statute of limitations for fraud may be applied to claims against all defendants in a given action, as the Plan Participants would have the Court believe. Rather, Caputo holds that the fraud and concealment limitation period may be applied only to claims against a specific defendant that is alleged in the complaint to be a fiduciary and whom either: made a "knowing misrepresentation or omission of a material fact to induce an employee/beneficiary to act to his detriment," or "engaged in acts to hinder the discovery of a breach of fiduciary duty." Caputo at 190. Whether or not the Amended Complaint makes such specific allegations against Defendants Bulakites, Winslow, and/or JAC, it does not and cannot make any such allegations against Lincoln National. In fact, the Amended Complaint makes no allegations of wrongdoing whatsoever against Lincoln National, but simply claims Lincoln National is vicariously liable for alleged misconduct of others.[3]

---

[3] Plan Participant's Rely Brief seeks to invoke ERISA's fraud and concealment exceptions, in part, because it claims "both types of concealment were at work." Reply Brief at p. 5. However, simply because concealment was at work, does not mean Lincoln National knowingly participated in any such conduct. Plan Participant's Amended

The Plan Participants cannot invoke ERISA's fraud and concealment limitation period simply because the they failed to timely discover what they claim is "Lincoln's responsibility" for the alleged wrongdoing of others. Reply Brief at p.3. ERISA § 413's fraud and concealment exception cannot be invoked to apportion responsibility to a defendant against which there are no claims of wrongdoing, much less specifically pled allegations of fraud or concealment. Thus, without regard to claims against any other Defendants, Plan Participants' claims against Lincoln National are not subject to ERISA's fraud and concealment exception, and are thus, untimely.

        b.    Equitable Claims Under ERISA § 502 (29 U.S.C. §1132).

Plan Participants have not pled fraudulent concealment on Lincoln National's part which might toll the applicable Connecticut statute of limitations.

> To establish that the defendants had fraudulently concealed the existence of their cause of action and so had tolled the statute of limitations, the plaintiffs had the burden of proving that the defendants were aware of the facts necessary to establish this cause of action; and that they had intentionally concealed those facts from the plaintiffs. The defendants' actions must have been directed to the very point of obtaining the delay in filing the action of which they afterward seek to take advantage by pleading the statute. To meet this burden, it was not sufficient for the plaintiffs to prove merely that it was more likely than not that the defendants had concealed the cause of action. Instead, the plaintiffs had to prove fraudulent concealment by the more exacting standard of "'clear, precise, and unequivocal'" evidence.

Bound Brook Associates v. Norwalk, 198 Conn. 660 (1986); see also, DeCorso v. Watchtower Bible & Tract Soc'y, 46 Conn. Supp. 386 (Conn. Super. Ct. 2000) ("the plaintiff has failed sufficiently to allege fraudulent concealment to toll the statute because the allegations do not demonstrate that facts were intentionally concealed by the defendants for the purpose of obtaining delay on the plaintiff's part in filing a complaint against them.") (citing, Lambert v. Stovell, 205 Conn. 1, 4 (1987).

---

Complaint does not allege any such participation, much less to the high degree of specificity the Second Circuit requires to invoke the exception. See Oechsner v. Connell Ltd. Pshp., 101 Fed. Appx. 849 (2nd Cir. 2004).

Any claim that Bulakites, Winslow or JAC fraudulently concealed Plan Participants' cause of action cannot toll the statute of limitations on claims asserted against Lincoln National.

> The plaintiffs allege in a conclusory way that the statute of limitation should be tolled because of fraudulent concealment, not by this defendant, but by other entities. The purpose of tolling doctrines such as the doctrine of fraudulent concealment is to prevent a party from profiting from its own misconduct. While the plaintiffs have alleged that East Hill Woods and others fraudulently concealed from the plaintiffs the true state of the financial condition and other information about the facility, they make no claim that RCAI engaged in any such conduct. . . . It cannot, therefore, be found to have had any role in fraudulently concealing the facts giving rise to a cause of action.

Dudrow v. Ernst & Young, 1999 Conn. Super. LEXIS 100 (Conn. Super. Ct., J.D. Waterbury, January 12, 1999). As the Plan Participants have not pled that Lincoln National itself engaged in any conduct intentionally designed to fraudulently conceal facts giving rise to a cause of action, the Plan Participants may not rely on a fraudulent concealment argument to extend ERISA's statute of limitations.

### 2.     **Equitable Tolling is Not Available for Plan Participants' Claims**

Similarly, Plan Participants have not alleged, and cannot prove, facts sufficient to invoke the doctrine of equitable tolling under federal law:

> In order to obtain equitable tolling, the burden rests on the plaintiff to establish circumstances warranting an extension of time. Where, as here, equitable tolling is sought on the basis of fraudulent concealment by defendants, the plaintiff generally must establish the following three elements: (1) fraudulent or deceptive conduct by defendants designed to conceal facts underlying the plaintiffs' cause of action, (2) unawareness of those facts on the part of the plaintiff, and (3) exercise of due diligence by the plaintiff in his efforts to uncover his claim.

Miele v. Pension Plan of N.Y. State Teamsters Conf. Pension & Retirement Fund, 72 F. Supp. 2d 88, 103 (E.D.N.Y. 1999) (applying equitable tolling doctrine to ERISA claims). Here, Plan Participants have neither alleged, nor could they prove the first or third elements of the doctrine. Because the Plan Participants claims against Lincoln National are based on vicarious liability, they have not alleged any "fraudulent or deceptive conduct" by Lincoln National "designed to

conceal facts underlying the plaintiffs' cause of action" Id.[4]  Nor can the Plan Participants prove their own "exercise of due diligence" "in [their] efforts to uncover [their] claim."  Plan Participants did not make the precautionary inquiries into the actions of Bulakites and Winslow which an ordinary and prudent person would have made in similar circumstances.  Having not pled, and being unable to prove, facts sufficient to invoke the doctrine of equitable tolling, the statute of limitations cannot be equitably tolled on Plan Participants' claims against Lincoln National.[5]

---

[4] Nor have Plan Participants alleged facts sufficient to link the liability of any other defendant with that alleged of Lincoln National as required to state a claim under ERISA § 405 (29 U.S.C. § 1105) (Liability for breach by co-fiduciary).  See Gruby v. Brady, 838 F. Supp. 820, 831 (S.D.N.Y. 1993) ("co-fiduciary liability arises only in limited circumstances, namely where the fiduciary (1) . . . participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (2) if, by the fiduciary's failure to comply with section 404(a)(1) in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach."). Id. (quoting ERISA § 405 (29 U.S.C. § 1105).  Plan Participants have alleged no such facts regarding Lincoln National.

[5] For the same reason the Plan Participants' attempt to add Lincoln National as a Defendant to this action is futile as beyond the applicable statute of limitations, so too is their attempt to add claims related to the Wasley Products, Inc. Retirement Plan, and to add John Wiblyi as a plaintiff.  Without pleading specific facts sufficient to establish fraudulent or concealing conduct by Lincoln National, Plan Participants cannot invoke ERISA's fraud and concealment exception to bring new claims against it.

## CONCLUSION

For the reasons stated herein, the Court should deny the Plan Participants' leave to amend their Complaint to add Lincoln National as a defendant, to add Wiblyi as a plaintiff, and to add new claims relating to Wiblyi or the Wasley Products, Inc. Retirement Plan.

Dated: Hartford, CT  
December 8, 2005

LeBOEUF, LAMB, GREENE & MacRAE LLP

By:  /s/ Doug Dubitsky  
Thomas G. Rohback (Fed Bar No. CT01096)  
James J. Reardon, Jr. (Fed Bar No. CT13802)  
Doug Dubitsky (Fed Bar No. CT21558)  
LeBOEUF, LAMB, GREENE & MacRAE LLP  
225 Asylum Street  
Hartford, CT 06103  
(860) 293-3500  
(860) 293-3730 (fax)  
Counsel for Defendant  
Lincoln National Life Insurance Company