UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WASLEY PRODUCTS, INC., ET AL., | MASTER CONSOLIDATED CASE<br>CIVIL NO. 3:03 CV 383 (MRK/WIG) |
| Plaintiffs, | |
| | THIS PERTAINS TO:<br>CIVIL NO. 3:03 CV 1790 (MRK/WIG) |
| V. | (Prentiss et al. v. Wasley Products, Inc. et al.) |
| BARRY BULAKITES, ET AL., | |
| Defendants. | DECEMBER 12, 2005 |

### AFFIDAVIT OF SANDI DUMAS-LAFERRIERE

I, Sandi Dumas-Laferriere, being duly sworn, do depose and state as follows:

1. I am over the age of eighteen and I believe in the obligations of an oath.

2. This affidavit is executed in connection with plaintiffs' proposed amendment to the complaint in the above-captioned case to add John Wiblyi as a plaintiff and to add claims concerning Mr. Wiblyi's pension from the Wasley Products, Inc. Retirement Plan.

3. I am currently employed as the Director Human Resources at Wasley Products, Inc. I have held this position since 1982. The position previously had the title of Personnel Manager; the title was changed in or around 1997.

4. John Wiblyi is a former employee of Wasley Products, Inc. He retired from Wasley Products effective July 24, 1987. At the time of his retirement, I held the position of Personnel Manager and was responsible for administering the Retirement Plan. I was personally involved with communications concerning Mr. Wiblyi's retirement from Wasley Products, Inc. and his pension benefits.

5. At the time of his retirement in 1987, Mr. Wiblyi was a participant in the Wasley Products, Inc. Retirement Plan and eligible to receive benefits from that plan. Mr. Wiblyi had copies of and/or access to the Retirement Plan document and other plan documents such as the plan's annual return.

6. Mr. Wiblyi indicated that he wished to receive his retirement benefits from the Retirement Plan in the form of a lump sum distribution. Upon review of the terms of the plan and after consultation with an attorney, it was my understanding that the plan called for a determination of the form of benefit to be made by the Plan Administrator. Further, as the pension plan was intended to provide a pre-determined flow of income to participants after their retirement, a lump-sum distribution was inconsistent with that goal since it conditioned future financial security on the success of an individual's investment strategy.

7. The position concerning the administrator's discretion and the decision not to permit a lump-sum distribution was communicated by me to Mr. Wiblyi verbally and also in correspondence to him in June and July of 1987. Among other things, I provided him with written correspondence from the attorney in explanation of the plan's position, including specific citations to the plan provisions upon which it was based. Further, Mr. Wiblyi was expressly advised that if he wished to pursue the matter outside of the company he should seek his own counsel.

8. On July 23, 1987, Mr. Wiblyi completed an election form for the Retirement Plan in which he elected to receive a monthly lifetime pension with a joint and survivor benefit of 100% if his wife were to survive him. It is my understanding that, to date, he has been paid each of his monthly benefit payments.

9. Mr. Wiblyi was never a participant in the Wasley Products, Inc. 401(k) Plan as the 401(k) Plan was not implemented until after he had retired.

I hereby certify that the foregoing statements are true to the best of my knowledge and belief.

_Sandi Dumas-Laferriere_
Sandi Dumas-Laferriere

Subscribed and sworn to this
10th day of December, 2005,
before me

_Joe E. Tomasco_
Commissioner of the Superior Court

3