UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WASLEY PRODUCTS, INC., ET AL., | MASTER CONSOLIDATED CASE<br>CIVIL NO. 3:03 CV 383 (MRK/WIG) |
| Plaintiffs, | |
| | THIS PERTAINS TO:<br>CIVIL NO. 3:03 CV 1790 (MRK/WIG) |
| V. | (<u>Prentiss et al. v. Wasley Products, Inc. et al.</u>) |
| BARRY BULAKITES, ET AL., | |
| Defendants. | DECEMBER 14, 2005 |

**WASLEY DEFENDANTS' SURREPLY MEMORANDUM IN RESPONSE TO PLAINTIFFS' REPLY BRIEF CONCERNING PLAINTIFFS' MOTION TO AMEND THEIR COMPLAINT AND SEEK DERIVATIVE STATUS UNDER RULE 23.1**

Defendants Wasley Products, Inc., Alan Wasley, Andrew Brady, Sandi Dumas-Laferriere and Barry Connell (the "Wasley Defendants") hereby submit this surreply memorandum in response to plaintiffs' Reply Memorandum, dated November 28, 2005,[1] concerning the plaintiffs' Motion to Amend their Complaint and Motion for Certification of Derivative Status under Rule 23.1 in the case of <u>Prentiss et al. v. Wasley Products, Inc. et al.</u>, Civ. No. 3:03 CV 1790 (MRK/WIG) ("<u>Prentiss</u>").

**I.   ARGUMENT**

**A.   Wiblyi Cannot Be Joined as a Plaintiff in the <u>Prentiss</u> Case as his Claims Are Entirely Different from Those of the Existing Plaintiffs.**

As set forth in their opposition brief, the Wasley Defendants object to the <u>Prentiss</u> plaintiffs' motion to amend their complaint to add John Wiblyi and the Wasley Products, Inc. Retirement Plan (the "Retirement Plan") as parties. Wiblyi's claims arise out of entirely different facts and circumstances than those of the existing plaintiffs in <u>Prentiss</u> and he does not

---

[1] Citations to pages of plaintiffs' Reply Memorandum will be abbreviated hereinafter as "Pltf. Reply."

meet the requirements for either mandatory or permissive joinder under the Federal Rules of Civil Procedure. As explained below, Wiblyi cannot be added as a party to the Prentiss action.

Plaintiffs' reply brief completely fails to address the requirements for joinder of parties under the federal rules or to refute any of the arguments made by the Wasley Defendants in their opposition brief. (*See* Wasley Defendants' Memorandum in Opposition to dated October 20, 2005 (" Wasley Opp Brief"), pp. 5-7, regarding joinder). Instead, plaintiffs make the general assertion that Wiblyi, like the other plaintiffs, was a victim of breaches of fiduciary duty growing out of the administration of pension plans at Wasley and was a victim of the mishandling of pension plan administration. (Pltf. Reply, p. 7). This vague, all-encompassing statement fails to meet the requirements for joinder. To the contrary, it is clear that Wiblyi's claims are unrelated to those of the other plaintiffs. The lack of any connection between the Wiblyi claim and the existing claims in the case cannot be overcome by broad-brush assertions of participation in some benefit plan and breach of some alleged fiduciary duty.

Wiblyi's claims are set apart in their own separate count in the proposed amended complaint for good reason. They are different claims. As set forth in detail in the Wasley Defendants' opposition brief, the claims of the existing Prentiss plaintiffs pertain solely to the 401(k) Plan and the calculation of assets transferred from the Retirement Plan to the 401(k) Plan. By contrast, Wiblyi never was a participant in the 401(k) Plan. His proposed claims pertain solely to the method and funding of his benefit under the Retirement Plan and have nothing to do with either the 401(k) Plan or the transfer of funds to the 401(k) Plan. (Wasley Opp Brief, pp. 5-7). Plaintiffs have not—and cannot—deny this. Because Wiblyi's claims have no relation to the existing complaint, he cannot be joined as a party and plaintiffs' proposed amendment must be denied.

**B.    Wiblyi's Claim of Misrepresentation is Time-Barred.**

In addition, plaintiffs' proposed amendment concerning Wiblyi also must be denied on grounds of futility. Wiblyi contends that the Defined Benefit Plan administrator misrepresented to him that she had the discretion to determine his form of benefit payment and that he was wrongfully forced to choose an annuity over a lump sum payment at the time he retired. As the Wasley Defendants have already established in their opposition brief, any such claim arose when Wiblyi's payment election was made in 1987 and is barred by ERISA's statute of limitations. (Wasley Opp. Brief, pp. 6-7). Thus, the proposed amendment is futile.

Plaintiffs' attempt to avoid futility is supported only by the conclusory statement that Wiblyi's misrepresentation claim "is within the six year exception for fraud or concealment in the same way as the other Plan Participants." (Pltf. Reply, p. 8). However, plaintiffs do not— and cannot—offer a single statement to establish any acts of fraud or concealment as to the alleged misrepresentation. To the contrary, Wiblyi was well aware of the plan administrator's decision and the underlying reasons for the decision at the time of his retirement in mid-1987, over eighteen years ago. At that time, Wiblyi had access to the plan document as well as a copy of the plan's annual return. He was provided with a detailed explanation of the plan administrator's position on lump sum payments, including written correspondence from an attorney that the plan had consulted on the issue. He was informed of the specific plan provision upon which the decision and assertion of discretion was based. He was also expressly told that, if he wished to pursue the matter outside of the company, he should seek his own counsel. (See Affidavit of Sandi Dumas-Laferriere, attached hereto as Ex. A). Thus, by July 1987 at the latest, Wiblyi had actual knowledge of the alleged representations in connection with the facts and

3

transactions that are the subject of his misrepresentation claim in the proposed amended complaint. His claim is clearly time-barred.

Further, to the extent plaintiffs argue that the fraud and concealment exception applies to Wiblyi "in the same way as to the other Plan Participants," that argument is without merit. Plaintiffs' fraud or concealment claims as to the other Plan Participants involve alleged acts of fraud or concealment by the Bulakites Defendants, Provident Mutual, and Lincoln National. (Pltf. Reply, pp. 2-4). These allegations have no application to Wiblyi, given that the alleged misrepresentation concerning his benefit payment options occurred in mid-1987, over three years before any of these defendants were involved in the administration of the Wasley pension plans. For all of these reasons, Wiblyi's misrepresentation claim is barred by the statute of limitations and the proposed amendment therefore should be denied.

C.     **Wiblyi Has Not Suffered Any Loss of Benefits**

The proposed amendment to add Wiblyi's claims is also futile in that Wiblyi has not suffered any loss of benefits; indeed, plaintiffs admit that the plan has not skipped a payment to him. (Pltf. Reply, p. 6). As explained in the Wasley Defendants' Opposition Brief, Wiblyi's own pension benefits are fully funded through a single-premium life annuity contract purchased in his name with Provident Mutual (now Nationwide). This annuity was paid for in full in 1991 and remains in force; future payments to Wiblyi remain an obligation of Nationwide. (Was. Opp. Brief, pp. 8-9). Contrary to the assertions on pages 7-8 of plaintiffs' reply brief, Wiblyi's future pension benefits are not dependent upon the financial health of Wasley Products nor has the annuity been surrendered.[2] As he has suffered no actual or imminent harm, his claims are unripe for adjudication and plaintiffs' proposed amendment must be denied.

---

[2] As explained in the Wasley Defendants' Opposition Brief, Wasley Products had purchased a separate life insurance policy from Provident Mutual as a funding mechanism within the plan for the potential future joint and

### D.    Plaintiffs' Motion for Certification of Derivative Status Should be Denied.

The Wasley Defendants also object to the plaintiffs' motion for certification of derivative status under Rule 23.1 of the Federal Rules of Civil Procedure. First, for the reasons set forth in the Wasley Defendants' opposition brief, the proposed addition of Wiblyi and his claims defeats the motion for certification on its face, as Wiblyi's claims are entirely different from those of the other plaintiffs and there are defenses unique and specific to his claims. (Was. Opp. Brief, pp. 11-12). Plaintiffs do not dispute this point but instead appear to argue for two separate certifications under Rule 23.1, one certification for Wiblyi on behalf of all participants in the former Retirement Plan and one certification for the other plaintiffs on behalf of all participants in the 401(k) Plan. (Pltf. Reply, pp. 10-11). Plaintiffs fail to offer any support for an argument that two separate certifications can be granted on a single complaint. Indeed, their argument only serves to underscore that point that Wiblyi's claims are entirely unique from those of the existing plaintiffs and that certification is inappropriate.

Even if the court were to deny the proposed amendment insofar as it purports to add Wiblyi and his claims, the court should not permit certification of derivative status without assessing the ability of the existing plaintiffs to represent the absent participants. There likely are different circumstances among the various 401(k) Plan participants, particularly with respect to the new proposed Count II concerning the calculation of accrued benefits transferred from the Retirement Plan to the 401(k) Plan. The transfer of benefit occurred in or around 1994; some 401(k) Plan participants were not participants at that time but joined the plan later. Further, even

---

survivor portion of Wiblyi's retirement benefit. The plan trustees discovered that this life insurance policy had been surrendered or allowed to lapse, apparently through the wrongful acts of the Bulakites Defendants and/or Provident Mutual. However, Wiblyi's wife may not survive him or the plan sponsor may be able to utilize other means to fund the survivor benefit if it ever becomes necessary to do so. Either way, it is clear that Wiblyi's claim is wholly speculative and therefore is unripe for adjudication. (Was. Opp., pp. 8-9).

for those that were participants at the time, there may be differences concerning their knowledge of the alleged facts pertaining to the transfer claim.[3]  As plaintiffs proposed this claim only recently, there has been no discovery as to the allegations.  Therefore, even if Wiblyi is not added to the complaint, it is premature for the court to grant certification of derivative status as to the 401(k) Plan participants.

## II.    CONCLUSION

For the reasons set forth above and in the Wasley Defendants' opposition brief, the Prentiss plaintiffs' motion to amend their complaint should be denied insofar as it pertains to the addition of Wiblyi and his claim for benefits under the Retirement Plan.  Further, plaintiffs' motion for derivative status under Rule 23.1 should also be denied.

```
                                    DEFENDANTS
                                    WASLEY PRODUCTS, INC., ALAN A.
                                    WASLEY, ANDREW BRADY, SANDI DUMAS-
                                    LAFERRIERE, AND BARRY CONNELL


                              By:   /s/  Jean E. Tomasco
                                    Theodore J. Tucci (ct05249)
                                    ttucci@rc.com
                                    Jean E. Tomasco (ct09635)
                                    jtomasco@rc.com
                                    Robinson & Cole LLP
                                    280 Trumbull Street
                                    Hartford, CT 06103-3597
                                    Tel. No.: (860) 275-8200
                                    Fax: (860) 275-8299
```

---

[3] Plaintiffs contend that they only recently learned of the potential claim pertaining to the transfer of funds when plaintiff Rizzi compared his opening 401(k) Plan account balance with the annual annuity for Wiblyi. (Pltf. Reply, p. 9). Given that the plaintiffs were informed of the amount transferred from the Retirement Plan to the 401(k) Plan on their behalf at the time of the transfer in 1994, they arguably knew or should have known of the issue at that time and their proposed claim of breach of fiduciary in Count II may well be barred by the statute of limitations. Nevertheless, other plan participants may have had knowledge of the potential claim long before plaintiff Rizzi purportedly found out about it. In addition, variables such as age, length of service, and date of retirement could account for the alleged difference between Wiblyi's benefit and those of other participants such as Rizzi. The named plaintiffs therefore may not share the same injuries as other plan participants and there may be defenses unique to their claims.

**CERTIFICATE OF SERVICE**

I hereby certify that on December 14, 2005, a copy of the foregoing Wasley Defendants' Motion for Permission to File a Surreply Memorandum In Response To Plaintiffs' Reply Brief, along with a copy of the proposed Surreply and Supporting Affidavit, was filed electronically. Notice of this filing shall be sent by E-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Eric P. Smith, Esq.
Steven J. Errante, Esq.
Nancy A. Fitzpatrick Myers, Esq.
Marisa A. Bellair, Esq.
Lynch, Traub, Keefe and Errante, P.C.
52 Trumbull Street
P. O. Box 1612
New Haven, CT  06506

Sara R. Simeonidis, Esq.
Deborah S. Freeman, Esq.
Bingham McCutchen
One State Street
Hartford, CT  06103-3178

Thomas G. Rohback, Esq.
Doug Dubistsky, Esq.
James J. Reardon, Jr., Esq.
LeBoeuf, Lamb, Greene & MacRae, LLP
225 Asylum Street
Hartford, CT  06103

Thomas G. Moukawsher, Esq.
Ian O. Smith, Esq.
Moukawsher & Walsh
21 Oak Street, Suite 209
Hartford, CT  06106

Joseph V. Meaney, Jr., Esq.
Cranmore, Fitzgerald & Meaney
49 Wethersfield Ave.
Hartford, CT  06114-1102

                                                  /s/
                                              Jean E. Tomasco