```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

WASLEY PRODUCTS, INC., ET AL.,      :

    Plaintiffs,                     :

         vs.                        :   MASTER CONSOLIDATE CASE
                                        No. 3:03cv383(MRK)(WIG)
BARRY BULAKITES, ET AL.,            :   This motion pertains to:
                                        No. 3:03cv1790(MRK)(WIG)
    Defendants.                     :
-----------------------------------X
```

**RULING ON WASLEY DEFENDANTS' MOTION TO COMPEL [Doc. # 253]**

Wasley Products, Inc., Alan Wasley, Andrew Brady, Sandi Dumas-Laferriere, and Barry Connell, defendants and cross-claimants in the Prentiss et al. v. Wasley Products, Inc., et al., No. 3:03cv1790(MRK)(WIG) case, (hereinafter "Wasley Defendants"), have filed a motion to compel discovery addressed to defendants/cross-claimed defendants Barry Bulakites ("Bulakites"), James Winslow ("Winslow"), and Joshua Adams Corp. ("JAC"), collectively the "Bulakites Defendants."  The Bulakites Defendants have responded to the motion to compel.  After due consideration of the moving papers and the response, the Court hereby issues the following order:

1. Interrogatory No. 6 to Bulakites & No. 5 to Winslow

This interrogatory seeks detailed information regarding defendants' employment history, including the basis for their compensation, and whether they had a written employment agreement, agency relationship or contractor agreement.

1

Defendants respond that they have provided employment information dating back to 1977 but object to providing information regarding compensation or employment-related agreements.[1]  The Court agrees that the interrogatory as written is overbroad.  However, the Court finds that the Wasley Defendants are entitled to discovery on Bulakites and Winslow's compensation and their employment-related agreements for the period 1990 to present.  The cross-claim involves issues of mismanagement of plan assets, diversion and/or conversion.  The Bulakites Defendants' compensation and employment relationships are relevant to these issues or may lead to the discovery of admissible evidence.  Rule 26(b)(1), Fed. R. Civ. P.

    2.   <u>Interrogatory No. 21 to Bulakites</u>

This interrogatory inquires about investigations, complaints, or actions against Bulakites in connection with any professional licenses, certifications, affiliations or approvals held by him.  Over general objection, Bulakites identified two NASD investigations, but refused to provide any information about these investigations on the ground that the NASD had determined that no rules or procedures had been violated and that these

---

[1] The Bulakites Defendants have asserted 13 broad "General Objections" to every interrogatory.  Rule 33(b)(4), Fed. R. Civ. P., requires that "[a]ll grounds for an objection to an interrogatory shall be stated with specificity." These general objections do not comply with the requirements of the Federal Rules and, thus, have not been considered by the Court in ruling on this motion to compel.

issues could be explored further at his deposition. In preparation for Bulakites' deposition, the Wasley Defendants are entitled to a summary of the nature of the complaints and/or investigations, the dates of each, and the proceedings involved. This information should be provided in response to this interrogatory.

    3. <u>Interrogatory No. 22 to Bulakites & No. 21 to Winslow</u>

These interrogatories seek identification of any bank, financial institution, brokerage, or similar accounts maintained by Bulakites, his wife Debra Bulakites, Winslow, and/or any business of Bulakites or Winslow from 1990 to present. The Bulakites Defendants object to disclosure of their personal accounts without a showing of necessity, which they claim is lacking in this instance. The Court finds that this information is relevant in light of the claims that these defendants co-mingled their own funds with the pension funds, that they had access to the pension plan account and freely moved their funds in and out of the account and the alleged lack of an accounting. Therefore, Bulakites and Winslow are ordered to provide the requested information with respect to all accounts maintained by them individually, jointly with any other person or entity, or to which they had access as an employee, trustee, officer, partner, agent of a corporation, partnership, or other business entity. Accounts maintained by Debra Bulakites, to which Barry Bulakites

did not have access, need not be disclosed at this time.

   4.  <u>Interrogatory Nos. 24 to 27 to Bulakites & Nos. 23 to 26 to Winslow</u>

These interrogatories seek information concerning the Wasley 401(k) Plan, including contributions and deposits, payouts from the plan assets, deposits and withdrawals from institutional accounts maintained or used by the plan, and identification of all plan assets, including specific funds and accounts maintained by or for the benefit of the plan.  The Bulakites Defendants assert that this information has been provided to the Special Master.  The Wasley Defendants assert that the Bulakites Defendants refused to provide much of this information.

The relevance of this information appears obvious.  To the extent that it has already been produced to the Wasley Defendants in the course of this litigation, it does not need to be provided again.  However, the Bulakites Defendants are ordered to respond specifically to each interrogatory, identifying what was produced, to whom and when.  To the extent that any of the requested information was not produced, the Bulakites Defendants are ordered to respond to the interrogatory or produce the requested information.

   5.  <u>Requests for Production Nos. 12 through 14</u>

These requests for production seek documents concerning any income that Bulakites and Winslow received from any source from 1990 to the present, including W-2's, 1099's, payroll records,

commission statements, federal and state income tax returns, including partnership returns.  Bulakites and Winslow have agreed to produce copies of IRS filings but only to the extent that they relate to JAC d/b/a Adams Consulting.  They claim not to have state income tax returns.  They further object to producing anything relating to their personal finances.

These defendants have been named individually. Given the allegations against them, information concerning their income is relevant.  The Court orders Bulakites and Winslow to produce complete copies of their federal and state income tax returns for 1990 to the present.  To the extent that they do not have copies of the returns in their possession, they should be requested from the appropriate governmental entities (or from their accountants) and provided to the Wasley Defendant as soon as they are received.

6.   Request for Production No. 20 to Bulakites

This request for production seeks all diaries, appointment books, calendars or similar documents maintained by Bulakites from 1990 to the present.  Bulakites has objected again on the ground that this seeks personal information.  This objection is unavailing. These documents are relevant and must be produced. However, to the extent that they contain personal information that is unrelated to this lawsuit, they may be produced in a redacted format or produced for *in camera* inspection by the Court

5

with objectionable entries specifically identified.

    7.   <u>Requests for Production Nos. 25 to 28, 31, 33, 34</u>

These production requests seek all plan documents and summary plan descriptions for the Wasley 401(k) Plan for 1990 to 2002, annual valuation reports, payments for retired employees, quarterly statements, communications with any Wasley Defendant concerning the plan. The Bulakites Defendants have responded in rather evasive fashion that most of the documents have been destroyed but some are available for inspection and copying at counsel's office. This response is insufficient. To the extent that documents have been destroyed, defendants must identify them as specifically as possible, state when, where, why and by whom they were destroyed, whether copies exist, and what attempts if any that were made to preserve the documents once any of the Bulakites Defendants were made aware of the claims asserted in this litigation. To the extent that the documents have not been destroyed, they must be produced for inspection and copying in the manner in which they are kept in the usual course of business or organized and labeled to correspond with the categories in each request. Rule 34(b), Fed. R. Civ. P.

    8.   <u>Interrogatory No. 9 to JAC</u>

This interrogatory asks for the identity of the person(s) responsible for maintaining the records of JAC, identification of where the records are presently stored, and the details of any

destruction of records.  This interrogatory must be answered in full for the entire period 1990 to present.

    9.   <u>Interrogatory No. 10 to JAC</u>

This interrogatory asks for the identity of each and every client/customer of JAC, including the nature of the service provided by JAC for each client.  A limited amount of this information is contained on Bulakites' resume.  JAC argues that this information is confidential and that much of this information has been destroyed.  The Wasley Defendants claim that this information is necessary to understand the size, scope, and expertise of JAC, as well as JAC's relationship to Bulakites, Winslow, and the insurance company defendants.

The Court sustains JAC's objections to producing the detailed client information requested.  The Wasley Defendants can obtain general information about the nature, scope, and size of JAC's business without an identification of each and every client and the nature of the business JAC performed for those clients.

JAC should respond to this interrogatory as written to the extent that the client is a party to this lawsuit.  With respect to all  other clients, JAC should provide a detailed description of the nature of the services it provided to clients generally, without naming specific clients, and then provide a detailed description of the nature, size, and scope of its business and its expertise, again without naming clients individually.

10. <u>Interrogatory No. 15 to JAC</u>

This interrogatory asks JAC to identify any and all property that it owned, as well as its location. JAC responded that it owned office equipment and computers, but these were sold or disposed of in 1995. The Wasley Defendants ask the Court to order JAC to supplements this response with details concerning the sales, especially of the computers, since the location of computer records is essential to the issues in this case.

The Court questions whether any computer files that were on a computer sold more than 10 years ago would still be available. JAC is ordered to supplement this request only to the extent of stating whether it is aware of the existence of any computer files or records of any nature that are still available and, if so, where they are located.

9. <u>Requests for Production Nos. 4,5,8, & 9 to JAC</u>

These requests seek documents submitted to the Secretary of State's Office or any other state agency concerning JAC, its owners, employees, consultants or contractors; documents submitted to or received from the SEC, IRS, or other federal agency concerning JAC, its owners, employees, consultants or contractors; and complete signed tax returns, State and federal.

The Bulakites Defendants have agreed to produce the tax returns once received from the State and IRS. These should be produced as soon as they are received. If copies have not been

requested, counsel should do so immediately.  JAC should also produce copies of any documents filed with the SEC and any documents filed with any state or federal agency relating to any named defendant in this litigation or having any relevancy to any issue in this litigation.  Otherwise, the Court sustains defendants' objection to this request as overbroad.

## Conclusion

Accordingly, to the extent set forth above, the Wasley Defendants' Motion to Compel is granted.  In all other respects, it is denied without prejudice.  The Bulakites Defendants are ordered to comply with this Order within twenty (20) days.

SO ORDERED, this __22nd__ day of December, 2005, at Bridgeport, Connecticut.

> _/s/ William I. Garfinkel_
> WILLIAM I. GARFINKEL,
> United States Magistrate Judge