UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WASLEY PRODUCTS, INC. | : | CIVIL ACTION NO. |
| et al | : | 3:03 CV 00383 (MRK) |
| | : | LEAD |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| BULAKITES, et al | : | |
| | : | JANUARY 9, 2006 |

**REPLY MEMORANDUM IN SUPPORT OF MOTION
TO APPOINT SPECIAL MASTER**

**I.     The Defendants Misunderstand the Work Proposed.**

The Plan Participants ask the Court to appoint a second special master to calculate how much money should be in each of the plan participant's accounts today if the benefits in Wasley's defined benefit plan been correctly converted into individual opening account balances in the Wasley 401 (k) Plan and if the 401(k) money been invested instead of stolen.  The defendants wrongly suggest that this would duplicate the work of the first special master, but all he did was trace payments from Wasley to the various defendants and identify how much money is missing.  He didn't consider what amounts should be the starting or the ending balances of the 401(k) accounts.  Without these amounts the plan participants don't know how much money the defendants' malfeasance cost them, and they can't settle the case.

## II. The Claims Against Nationwide and Lincoln Won't Settle Without The Appointment.

Even if the Plan Participants could settle with some parties by taking all of their assets because they will never have enough money to cover the losses, the Plan Participants still can't settle with Nationwide and Lincoln without knowing how much money was lost; their assets, of course, will exceed the Plan Participants' losses. Still Nationwide and Lincoln object to the appointment of a special master. They claim they have been dragged into this lawsuit only because they are deep pockets and say the Plan Participants can't hold them responsible for any of the losses because nobody claims they are fiduciaries and they had nothing to do with the old defined benefit plan or the investment choices in the 401(k) Plan.

The companies substitute volume and repetition for logic. The Plan Participants' claim is simple. Their pension savings have been stolen. They claim it was stolen over time by parties who were acting on behalf of Nationwide and later Lincoln. The Plan Participants claim those same parties, Bulakites and Winslow, miscalculated the opening balances in their 401(k) accounts by understating what was owed to them from the old defined benefit plan. The parties who made the miscalculations and stole the money did it in Nationwide and Lincolns' names and this makes Nationwide and Lincoln fiduciaries. Being a fiduciary under ERISA §3 (21) is a matter of exercising control over the plan

2

assets or using discretion in plan administration, including when these things are done by a party's agents or employees. While discovery has just begun, the documents produced so far show that Nationwide specifically recognized its own role and that of its agents in administering the Wasley 401(k) Plan and that Lincoln, through its agents, took over this role later. Contrary to the companies' suggestions, it makes no difference that they weren't responsible for the defined benefit plan and didn't make the investment choices; what matters is that their agents incorrectly calculated the opening balances of the 401 (k) plans and stole the pension plan assets. Despite their protestations, Nationwide and Lincoln are up to their necks in this lawsuit and should be just as interested as the plan participants in figuring out how much the whole thing might cost.

### III.   Bifurcating Liability and Remedies is the Only Alternative.

If the Court agrees with the defendants and refuses to appoint a special master, the only reasonable alternative is for at least Nationwide and Lincoln to abandon settlement attempts and bifurcate the proceedings, leaving one half of the litigation to determine if the two companies are liable for their agents' wrongdoing and the other half to determine the Plan Participants' losses. This, of course, could cost them more in the long run and, if they are found liable, it will almost certainly leave them paying for the expense of reconstructing the Plan Participants' accounts without any contribution from the other defendants.

## IV.     The Plan Participants Should Bear No Expense.

In the meantime, all of the objecting defendants say the Plan Participants should bear some of the expense of a special master. The defendants could have at least suggested where the Plan Participants are supposed to get the money to do this given that some or all of the defendants are responsible for the theft of each of their life's savings. The Plan Participants ask for an accounting as part of their relief. They have neither the means nor the motive to pay for an accounting to facilitate a settlement. Rather than have the Court order them to pay for a special master themselves, the Plan Participants would rather one not be appointed at all.

## V.      Coty & Bruce Will Incur Little Travel Expense.

None of the defendants favor the special master the Plan Participants propose because she and her company are in California. The Plan Participants proposed Coty & Bruce because this firm has done precisely the work needed here in another case just like this one in this district, and that case was settled because of the company's good work. The work proposed is exclusively documentary and can easily be done without extensive travel to Connecticut. The Special Master would need information from Wasley on individual Plan Participants to reconstruct the accrued vested benefits of the defined benefit plan participants. She would need employee records showing age, years of service, and wages for each plan participant. Much of this might even be electronically mailed. While criticizing the

4

distance but not the credentials of Coty & Bruce, only Wasley makes even a weak suggestion of a substitute. The problem is the company can't make up its mind. Wasley acting as a plaintiff loosely suggests -- as a substitute for a firm with Fortune 500 clients -- someone from a one employee firm in Glastonbury whose resume lists no clients and features things like the consultant's membership in the Glastonbury Rotary Club instead of saying something about his ability to perform the job at hand. Wasley as a defendant contradicts the other Wasley, saying Alan Mandell, the first special master, should be chosen despite all of the parties' bitter complaints about the damage done to them by his delays. If anyone is appointed, it should be Nancy Klein of Coty & Bruce.

THE PLAINTIFFS

By/s/ Thomas G. Moukawsher
    Thomas G. Moukawsher ct08940
    Ian O. Smith ct24135
    Moukawsher & Walsh, LLC
    21 Oak Street
    Hartford, CT 06106
    (860) 278-7000
    tmoukawsher@mwlawgroup.com

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2006, a copy of foregoing REPLY MEMORANDUM IN SUPPORT OF MOTION TO APPOINT SPECIAL MASTER was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | | |
|---|---|---|
| Theodore J. Tucci<br>Jean Elizabeth Tomasco,<br>Robinson & Cole<br>280 Trumbull Street<br>Hartford, CT 06103<br><br>Joseph V. Meaney, Jr.<br>Cranmore, Fitzgerald & Meaney<br>49 Wethersfield Ave.<br>Hartford, CT. 06114<br><br>Marissa A. Bellair<br>Steven Errante<br>Eric P. Smith | Nancy Fitzpatrick Myers<br>Lynch, Traub, Keefe, and Errante, LLP<br>52 Trumbull Street<br>P.O. Box 1612<br>New Haven, CT. 06506<br><br>Sara Simeonidis<br>Deborah S. Freeman,<br>Bryan D. Short<br>Bringham McCutchen<br>1 State Street<br>Hartford, CT 06103 | Maurice T. Fitzmaurice<br>Reid & Riege, P.C.<br>One Financial Plaza<br>755 Main Street, 21st Floor<br>Hartford, CT 06103-3185<br><br>James J. Reardon, Jr.<br>Thomas G. Rohback<br>Doug Dubitsky<br>LeBoeuf, Lamb, Greene & MacRae<br>225 Asylum St.<br>Hartford, CT 06103 |

Dated this 9th day of January 2006.

                                          /s/ Thomas G. Moukawsher
                                        Thomas G. Moukawsher ct08940
                                        Ian O. Smith ct24135
                                        Moukawsher & Walsh, LLC
                                        21 Oak Street
                                        Hartford, CT 06106
                                        (860) 278-7000
                                        tmoukawsher@mwlawgroup.com