UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WASLEY PRODUCTS, INC., ET AL., | MASTER CONSOLIDATED CASE |
| | CIVIL NO. 3:03 CV 383 (MRK) |
| Plaintiffs, | |
| | THIS PERTAINS TO BOTH CASES: |
| | CIVIL NO. 3:03 CV 383 (MRK) |
| | (Wasley Products, Inc., et al. v. Barry L. Bulakites, et al.) |
| | |
| | CIVIL NO. 3:03 CV 1790 (MRK) |
| | <u>(Prentiss et at. v. Wasley Products, Inc. et al.)</u> |
| | |
| BARRY BULAKITES, ET AL., | |
| Defendants. | JANUARY 18, 2006 |

<u>**JOINT INTERIM STATUS REPORT**</u>

Wasley Products, Inc. ("Wasley"), Precision Molding Company ("Precision," collectively with Wasley, the "Wasley Plaintiffs"), Gregory Prentiss, John Rizzi, Richard Seich and Dorothy Brown (collectively, the "Plan Participant Plaintiffs"); Wasley Products, Inc., Alan Wasley, Andrew Brady, Sandi Dumas-LaFerriere and Barry Connell (collectively, the "Trustee Defendants"); Barry Bulakites, James Winslow and Joshua Adams Consulting, Inc. (collectively, the "Individual Defendants"); Nationwide Life Insurance Company of America f/k/a Provident Mutual Life Insurance Company ("Nationwide"); and Lincoln National Life Insurance Company ("Lincoln"), by and through their respective counsel undersigned, do hereby respectfully submit this Joint Status Report pursuant to this Court's Scheduling Order Regarding Case Management Plan, dated July 1, 2005 (the "Scheduling Order"), and Federal Rule of Civil Procedure ("Rule") 16(c).

I.   **PROCEDURAL POSTURE.**

   <u>**The Wasley I Action.**</u>

   On March 4, 2003, the Wasley Plaintiffs filed a Complaint against the Individual

Defendants, Nationwide and Lincoln (the "Wasley I Action") alleging, inter alia, breach of fiduciary duties owed to them under the Employee Retirement Income Security Act ("ERISA"), for various bad acts relating to their retirement plans. Specifically, the Wasley Plaintiffs allege that they reasonably relied on the expertise, services, data, and information provided by the Individual Defendants as well as Nationwide and Lincoln, both of whom allegedly provided administrative services and investment advice for the various Wasley pension plans (the "Plans"). The Wasley Plaintiffs claim : (1) the Individual Defendants acted within the scope of their employment and/or as agents of Nationwide and Lincoln; (2) while in control of the profile and direction of the Plans, the Defendants engaged in numerous acts of misconduct in the administration and management of these funds, breaching their fiduciary duty in violation of ERISA; and (3) all Defendants had been paid both commission and fees despite their misconduct in handling the various contribution and pension plans.

Upon the Wasley Plaintiffs termination of the Individual Defendants services, the Individual Defendants refused to turn over documents critical to the administration of the various plans. The Wasley Plaintiffs' efforts to obtain these documents from other sources resulted in an investigation which revealed the extensive misconduct in the administration and handling of the funds, including the alleged conversion of at least $755,000 from the Plans' investment accounts. The Wasley Plaintiffs pray for relief in the form of: restoration of all losses (both principle and interest) to all of the Plans for which the Defendants acted as third party administrators, all profits made through illegal use of these funds by the Defendants, all documents relating to the Plans, a judgment in the amount equal to all charges or penalties against the Wasley Plaintiffs due to Defendants' violations of reporting and disclosure provisions under ERISA, reasonable attorneys' fees, and any other relief the court deems proper.

- The Individual Defendants filed their Answer and Affirmative Defenses to the Wasley I Complaint denying that they breached any fiduciary duty or otherwise acted unlawfully or improperly with respect to the various parties and various Plans recited in the pleadings. The Individual Defendants also deny that any losses that may have been sustained by the Plaintiffs were caused by anything that the Individual Defendants did or may have failed to do. To the extent that the Plaintiffs suffered any losses, such losses were caused by acts and/or omission of individuals and entities other than the Individual Defendants. The Individual Defendants seek indemnification and contribution from the Wasley parties by way of cross claim.

- Lincoln filed its Answer and Affirmative Defenses to the Wasley I Complaint, denying any wrongdoing and maintaining that: (1) it is not an ERISA fiduciary; and (2) it did not render any services to the Wasley Plaintiffs, and had no involvement in or even knowledge of the plans at issue.

- Nationwide filed its Answer and Affirmative Defenses denying any wrong-doing because: (1) Nationwide is not an ERISA fiduciary; (2) the Complaint is time-barred, barred by the doctrine of laches and barred by the statue of Frauds and (3) the Wasley Plaintiffs' damages, if any, were caused by their own acts or omissions or the acts or omissions of third parties over which Nationwide had no control.

**The Wasley II Action.**

On October 16, 2003, the Plan Participant Plaintiffs, all employees of Wasley and participants in the Wasley Products, Inc. 401(k) Profit Sharing Plan (the "401(k) Plan"), filed a Complaint against Wasley, Precision, the Individual Defendants and the Trustee Defendants (the "Wasley II Action"), alleging, <u>inter alia</u>, breach of fiduciary duties owed to them under ERISA in

administering and overseeing the administration of the 401(k) Plan that resulted in substantial losses through conversion and mismanagement of plan assets.

- The Trustee Defendants answered the Complaint, stating that they reasonably relied on the expertise, services, data, and information provided by the Individual Defendants as well as Nationwide and Lincoln, who, the Trustee Defendants claim, provided administration services and investment advice for the various Wasley pension plans, including the 401(k) Plan. The Trustee Defendants allege that Individual Defendants acted within the scope of their employment and/or as the agents of Nationwide and Lincoln and engaged in extensive misconduct concerning the administration and management of the Plans, including the 401(k) Plan. Any alleged damages or losses to the 401(k) Plan and/or its participants are due to the wrongdoing of the Individual Defendants and other entities, and for which the Trustee Defendants are not liable. The Trustee Defendants also raised various other defenses to the claims against them, including that the claims are barred in whole or in part by the statute of limitations and the doctrine of laches. The Trustee Defendants also filed cross-claims against the Individual Defendants, alleging various claims pertaining to the Individual Defendants' misconduct and mismanagement of the 401(k) Plan. The cross-claims include claims for contribution and indemnification under ERISA, as well as state law claims for common law breach of fiduciary duty, professional negligence/malpractice, misrepresentation, unfair trade practices, and breach of implied-in-fact contract.

- The Individual Defendants answered the Complaint and deny that they breached any fiduciary duty or otherwise acted unlawfully or improperly with respect to the various pension plans recited in the pleadings. The Individual Defendants also deny that any

losses that may have been sustained by the plaintiffs were caused by anything that the Individual Defendants did or may have failed to do. To the extent that the plaintiffs suffered any losses, such losses were caused by an act and/or omission of individuals or entities other than the Individual Defendants. The Individual Defendants seek indemnification and contribution from the Trustee Defendants by way of crossclaim.

<u>The Third Party Complaint in Wasley II:</u>

On March 3, 2004, The Trustee Defendants filed a third-party complaint against Nationwide and Lincoln in the Wasley II action. The third-party complaint alleges that Nationwide and Lincoln, through their employees and agents, performed third party administration and investment services on behalf of Wasley and the 401(k) Plan and rendered investment advice with respect to the assets of the 401(k) Plan. The third-party complaint includes claims under ERISA for indemnification and contribution for breach of fiduciary duty as well as common-law claims, in the alternative, for common-law breach of fiduciary duty, professional malpractice/negligence, misrepresentation, unfair trade practices, and breach of implied-in-fact contract.

- On April 19, 2005, Lincoln filed its Answer and Affirmative Defenses to the third-party complaint in the Wasley II Action, denying any wrongdoing and maintaining that: (1) it is not an ERISA fiduciary as alleged; and (2) it did not render any services to the plaintiffs and had no involvement in or even knowledge of the Plans at issue.

- Nationwide filed its answer and Affirmative Defenses to the third-party complaint in the Wasley II Action, denying any wrongdoing because: (1) Nationwide is not an ERISA fiduciary as alleged; (2) Nationwide is not responsible for any of the acts or omissions complained of; (3) the Complaint is time-barred, barred by the doctrine of

laches and barred, in part, by the Statute of Frauds; and (4) the Complaint is pre-empted in part by ERISA.

This Court, Squatrito, J., consolidated the Wasley I and II Actions for all purposes by Order dated January 16, 2004.

On June 6, 2005, counsel for the parties held a telephonic conference for the purpose of Federal Rules of Civil Procedure 26(f). On June 7, 2005, the parties filed a joint Rule 26(f) report with the Court[1] and on July 1, 2005, this Court, Kravitz, J. entered the Scheduling Order, setting the pretrial deadlines for the case.[2]

Between July 29, 2005 and August 26, 2005, the parties exchanged the disclosures required by Rule 26(a)(1). To date, none of the plaintiffs have provided any damages calculations.[3]

**Pending Motions.**

Currently, there are several pending motions, as follows:

<u>Plan Participant Plaintiffs' Motion to Amend the Complaint in Wasley II:</u>

The Plan Participant Plaintiffs moved to amend their complaint, to join additional parties and for certification of a derivative action under Rule 23.1 on September 16, 2005 (the "Motion

---

[1] Nationwide excepted in part and moved for phased discovery, which motion was denied.

[2] At a recent telephonic status conference dated November 28, 2005, this court, Garfinkel, J. requested the parties confer regarding dates previously set down in the Scheduling Order. This has not yet been done. Motions to amend the complaints in the two actions and to certify the Wasley II action as a derivative action are currently pending; the resolution of the motions could affect the scope of discovery and the existing deadlines in the litigation.

[3] This Court, Squatrito, J. previously appointed a Special Master, Alan Mandell, to undertake a forensic accounting of all monies into and out of the three pension plans at issue in the Wasley I and II Actions. In doing so, Mr. Mandell was able to calculate a dollar amount for the three pension plans that is unaccounted for according to existing records.

CTDOCS/1650210.2

to Amend"). Through the Motion to Amend, the Plan Participant Plaintiffs seek to: (1) add Nationwide and Lincoln as party defendants in the Wasley II action; (2) add John Wiblyi as a party plaintiff and join his claim relating to his joint and survivor annuity; (3) amend the Plan Participant Plaintiffs' claims to seek damages relating to the Defined Benefit Plan; and (4) certify their claim as a derivative action under Rule 23.1.

- On October 5, 2005, Nationwide opposed the Motion to Amend on the basis that amendment is futile because: (1) the statue of limitations has run on all claims the Plan Participant Plaintiffs now seek to now bring against Nationwide; and (2) Wiblyi lacks standing.

- On October 21, 2005, the Trustee Defendants opposed the Motion to Amend to the extent it added Wiblyi, claims relating to the Defined Benefit Plan, and opposed certifying Wasley II as a derivative action under Rule 23.1. The Trustee Defendants argue Wiblyi's claims do not arise from the same facts and circumstances, and also are untimely and/or not ripe, and that the required elements for certification of derivative status have not been met.

- On October 21, 2005, Lincoln also opposed the Motion to Amend as being time-barred and thus futile. Lincoln also argues that: (1) the Plan Participant Plaintiffs' claims against it are not cognizable under ERISA because it is not a fiduciary; (2) the Amended Complaint fails to state a claim under Connecticut agency law; and (3) Wiblyi's claims are futile because he cannot state a claim under ERISA §502(a)(2). The Plan Participant Plaintiffs' filed a Reply in support of the Motion to Amend on November 28, 2005 (the "Reply") arguing their amendment is not defeated by the futility doctrine because of the fraud or concealment limitations period.

CTDOCS/1650210.2

- Lincoln, Nationwide, and the Trustee Defendants all filed sur-replies to the Reply. Lincoln and Nationwide essentially argued that a claim of fraud or concealment necessarily sounds in fraud and the Amended Complaint is, therefore, subject to Rule 9(b)'s pleading requirements (which it does not meet) and that equitable tolling is not available. The Trustee Defendants argued that Wiblyi's claims do not meet the requirements for joinder and are also time-barred.

The Motion to Amend with all related filings were scheduled for argument before Judge Garfinkel on January 12, 2006 until the Judge, sua sponte, postponed the argument due to a family illness. Argument has been rescheduled for February 15, 2006.

<u>The Wasley Plaintiffs' Motion to Join Parties and Amend the Complaint in Wasley I</u>:

On September 23, 2005, the Wasley Plaintiffs filed a Motion to Join Additional Parties and Amend Complaint, which was subsequently replaced on September 29, 2005 by an Amended Motion for Permission to Join Additional Parties and Motion to Amend Complaint (the "Wasley Motion to Amend"). Through the Wasley Motion to Amend, the Wasley Plaintiffs seek to: (1) name Wasley and Precision as plaintiffs individually and on behalf of the retirement plans at issue in Wasley I; and (2) expand the factual allegations and claims for relief. This Court has not yet ruled on the Wasley Motion to Amend.[4/]

<u>The Plan Participants' Motion to Appoint a Special Master (Both Cases)</u>:

Finally, on November 28, 2005, the Plan Participant Plaintiffs filed a Motion to Appoint Expert Special Master ("Motion for Special Master"). The Motion for Special Master seeks a

---

[4/] None of the parties filed any formal opposition to the Wasley Motion to Amend (Nationwide withdrew its Opposition on October 7, 2005 after clarification from the Wasley Plaintiffs).

forensic accounting to determine any dollar amounts that should be in each individual plan participant's account of the 401(k) plan if: (1) all required contributions from the plan sponsor had been made; (2) all discretionary contributions from the plan sponsor and participants had been properly credited; (3) any amounts from the Defined Benefit Plan that the plan sponsor was to deposit as an opening balance in the 401(k) plan had been correctly calculated; and (4) the 401(k) plan assets had been invested as a reasonably prudent investor would have invested them.

- On December 8, 2005, Lincoln opposed the Motion for Special Master arguing that based on the findings of the first Special Master, Alan Mandell, Lincoln should be dismissed from the case and not required to "chip in" for the cost of a second Special Master.

- On December 12, 2005, Nationwide opposed the Motion for Special Master, because: (1) Nationwide was not liable for funding the Wasley 401(k) Plan and Nationwide had no discretion in investing the 401(k) Plan assets (therefore there is no basis to hold Nationwide is accountable to determine the Plan's losses); and (2) much of the work sought to be done by the Motion was previously performed by the first Special Master and Nationwide should not pay for the same effort twice.

- On December 19, 2005, the Trustee Defendants opposed the Motion for Special Master, arguing: (1) detailed work concerning contributions to and distributions from the 401(k) has already been completed, therefore a second Special Master would not be productive, and the Plan Participant Plaintiffs have not clearly explained what additional information would be needed; (2) appointment of a second Special Master based in California would be grossly inefficient; (3) the scope of the proposed Special Master's mandate is unclear insofar as it challenges the appropriateness of 401(k)

CTDOCS/1650210.2

investments; and (4) the suggested cost apportionments should be rejected as unfair.

- On January 9, 2006, the Plan Participant Plaintiffs replied to the Oppositions to the Motion for Special Master ("Special Master Reply"), arguing that without knowing what the starting and ending balances were in fact for each 401(k) participant they are unable to settle the case.

The Motion for Special Master with all related filings were scheduled for argument before Judge Garfinkel on January 12, 2006. As noted previously, that argument was rescheduled to February 15, 2006 by the Court.

## II.   DISCOVERY AND FACTUAL INVESTIGATION.

Counsel have made a good faith attempt to determine whether there are any material facts not in dispute and at this time are unable to determine any such facts. The parties' joint Rule 26(f) report contains a description of the subjects for which the parties anticipate that they will need discovery. The parties have identified potential witnesses in their respective initial disclosure statements.

In addition to the initial disclosures and information and documents provided through the Special Master proceedings, written discovery requests and responses have already been exchanged among the parties. On December 22, 2005, this Court, Garfinkel, J., granted in part the Trustee Defendants' Motion to Compel Discovery from the Individual Defendants (the "Motion to Compel"). The Individual Defendants' further responses to the Trustee Defendants' discovery requests was produced on January 12, 2006.

Much of the information the parties have exchanged or contemplate exchanging through discovery contains or reflects confidential personnel or financial information, trade secrets, proprietary, confidential or other commercially or personally sensitive information. The parties

have drafted a joint proposed Stipulated Confidentiality Order for the Court's consideration. If and when the Court should deem it appropriate to enter the Order, the parties will continue with written discovery by exchanging confidential information.

The depositions of each of the Trustee Defendants, Bulakites and Winslow as well as a Rule 30(b)(6) Deposition for Nationwide have all been noticed and postponed. No deposition dates are currently pending.

No party has disclosed an expert witness to date. At this early stage, the parties have not yet contemplated using requests for admission of facts and documents.

### III. DISPOSITIVE MOTIONS.

The scheduling Order requires that dispositive motions be filed by August 1, 2006. The parties have not yet discussed their plans for filing dispositive motions or the timing of such motions.

### IV. SETTLEMENT.

The parties have considered the desirability of attempting to settle these consolidated cases, Wasley I and II, before undertaking significant discovery or motions practice.[5/] The Plan Participant Plaintiffs state they are unable meaningfully to discuss settlement at this time without a damages analysis (by the appointment of a second Special Master) because they do not know the amounts of their damages. The Trustee Defendants have requested, and all parties have agreed to, ex parte talks with Judge Garfinkel as a means possibly to facilitate settlement discussions and reach a global settlement of all claims as long as the pending motions continue to be decided at the same time.

---

[5/] The parties previously had one settlement conference before Judge Garfinkel on September 20, 2005.

-12-

## V.   TRIAL READINESS.

The Scheduling Order requires the parties to file a Joint Trial Memorandum on September 1, 2006 and states that the case shall be trial ready as of September 6, 2006.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

**ROBINSON & COLE LLP**

By: *[signature: Jean E. Tomasco]*
Theodore J. Tucci, Esq.
Jean E. Tomasco, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Telephone: (860) 275-8200
Facsimile: (860) 275-8299
*Attorneys for*
Alan Wasley, Andrew Brady,
Sandi Dumas-LaFerriere, Barry Connell
and Wasley Products, Inc.

MOUKAWSHER & WALSH LLC

By: _____
Thomas G. Moukawsher, Esq.
Ian O. Smith, Esq.
Moukawsher & Walsh
21 Oak Street, Suite 209
Hartford, CT 06106
Telephone (860) 278-7003
Facsimile: (860) 446-8161
*Attorneys for*
Gregory Prentiss, John Rizzi,
Richard Seich and Dorothy Brown

LYNCH, TRAUB, KEEFE
& ERRANTE, P.C.

By: /s/ Marisa Bellair
Steven J. Errante, Esq.
Eric P. Smith, Esq.
Marisa A. Bellair, Esq.
Nancy Fitzpatrick Myers, Esq.
Lynch, Traub, Keefe & Errante, P.C.
52 Trumbull Street
P.O. Box 1612
New Haven, CT 06506-1612
Telephone: (203) 787-0275
Facsimile: (203) 782-0278
*Attorneys for*
Barry Bulakites, James Winslow and
Joshua Adams Consulting, Inc.

LEBOUEF, LAMB, GREENE & MACRAE

By: _____
James J. Reardon, Jr., Esq.
Thomas G. Rhoback, Esq.
Doug Dubitsky, Esq.
LeBouef, Lamb, Greene & MacRae
225 Asylum Street
Hartford, CT 06103
Telephone: (860) 293-3597
Facsimile: (860) 293-3730
*Attorneys for*
Lincoln National Life Insurance Corporation

CRANMORE, FITZGERALD AND
MEANEY

By: _____
Joseph V. Meaney, Jr.
Cranmore, Fitzgerald & Meany
49 Wethersfield Avenue
Hartford, CT 06114-1102
Telephone: (860) 522-9100
Facsimile: (860) 522-3379
*Attorneys for*
Wasley Products, Inc. and
Precision Molding Co.

-18-

BINGHAM MCCUTCHEN LLP

By: *Sarah Simeonidis*
Deborah S. Freeman
Sara R. Simeonidis
One State Street
Hartford, CT 06103
Telephone: (860) 240-2752
Facsimile: (860) 240-2818
*Attorneys for*
Nationwide Insurance Company of
America f/k/a Provident Mutual Insurance
Company

CTDOCS/1650210.2

## CERTIFICATION

      This is to certify that a copy of the foregoing Interim Joint Status Report has been filed electronically and served this 18th day of January, 2006, via first class mail, postage prepaid, or electronic mail to all counsel and pro se parties of record in these consolidated actions as follows:

Theodore J. Tucci, Esq.
Jean E. Tomasco, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

Thomas G. Moukawsher, Esq.
Ian O. Smith, Esq.
Moukawsher & Walsh
21 Oak Street, Suite 209
Hartford, CT 06106

Joseph V. Meaney, Jr.
Cranmore, Fitzgerald & Meaney
49 Wethersfield Avenue
Hartford, CT 06114-1102

Steven J. Errante, Esq.
Eric P. Smith, Esq.
Nancy Fitzpatrick Myers, Esq.
Marisa A. Bellair, Esq.
Lynch, Traub, Keefe & Errante, P.C.
52 Trumbull Street
P.O. Box 1612
New Haven, CT 06506-1612

James J. Reardon, Jr., Esq.
Thomas G. Rhoback, Esq.
LeBouef, Lamb, Greene & MacRae
225 Asylum Street
Hartford, CT 06103

                                                     *Sara R. Simeonidis*
                                                     Sara R. Simeonidis