UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WASLEY PRODUCTS, INC., ET AL., <br><br> Plaintiffs, <br><br> V. <br><br> BARRY BULAKITES, ET AL., <br><br> Defendants. | MASTER CONSOLIDATED CASE <br> CIVIL NO. 3:03 CV 383 (MRK/WIG) <br><br> THIS PERTAINS TO: <br> CIVIL NO. 3:03 CV 1790 (MRK/WIG) <br> (Prentiss et al. v. Wasley Products, Inc. et al.) <br><br><br><br> APRIL 5, 2006 |

### WASLEY DEFENDANTS' MOTION TO ADD EXHIBIT IN SUPPORT OF THEIR BRIEFS IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND THEIR COMPLAINT

In light of certain comments made by plaintiffs' counsel at the motions conference before the court on Thursday, March 30, 2006, defendants Wasley Products, Inc., Alan Wasley, Andrew Brady, Sandi Dumas-Laferriere and Barry Connell (the "Wasley Defendants") hereby seek the court's permission to add an additional exhibit to their briefs in support of their opposition to plaintiffs' motion to amend their complaint. The documents that the Wasley Defendants seek to add are attached hereto as exhibits.

In support of his claims for breach of fiduciary duty as set forth in Count III of the Proposed Amended Complaint, Wiblyi alleges that he was "wrongly forced to accept an annuity" in lieu of a lump sum payment when he retired in 1987 and claims that this was contrary to the terms of the Retirement Plan. (Proposed Amended Complaint, ¶¶ 47-48). At the conference, plaintiffs' counsel argued, among other things, that Wiblyi's claim of breach of fiduciary duty stemming from the alleged misrepresentation was not time-barred because of the "fraud and

concealment" exception to ERISA's limitation period for breach of fiduciary duty.[1] When the Wasley Defendants' counsel pointed out that Wiblyi had been fully informed in 1987 of the Retirement Plan trustee's decision on his pension distribution option and the reasons therefore (as expressly stated in the briefs and the affidavit of Sandi Dumas-Laferriere submitted with the Wasley Defendants' surreply), plaintiffs' counsel indicated that Wiblyi had been fraudulently misled, implying that the affidavit was incorrect and that the legal opinion sought by the trustees was illusory at best.

The Wasley Defendants have located the July 2, 1987 letter sent to Mr. Wiblyi concerning his pension election as well as the June 4, 1987 letter prepared by Wasley's counsel, Shipman & Goodwin, a copy of which was provided to Mr. Wiblyi in 1987.[2] These documents were referenced in the affidavit of Sandi Dumas-Laferriere, attached as Exhibit A to the Wasley Defendants' surreply. As plaintiffs' counsel has expressed doubt as to the accuracy of the affidavit and events described therein—albeit without any proof—the Wasley Defendants believe that these documents will be helpful to the court in rendering its decision on the plaintiffs' pending motion, particularly with respect to the proposed misrepresentation claim on behalf of Wiblyi. These documents establish that Wiblyi had ample information in 1987 concerning the Retirement Plan Administrator's decision to deny his request for a lump-sum distribution and the interpretation of the Retirement Plan's provisions concerning distribution options. These documents also establish that Wiblyi was provided with copies of plan

---

[1] As set forth in previous briefs, the statute of limitations for a breach of fiduciary duty claim under ERISA is (1) six years after the date of the last action which constitutes a part of the breach or violation or (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation, except in cases of fraud or concealment. 29 U.S.C. § 1133.

[2] The letter from counsel was disclosed to Wiblyi in 1987 so the Wasley Defendants are including it as one of the exhibits to this motion. Inclusion of the letter is not meant to be, and should not be construed as, a waiver of attorney-client privilege, work product, or any other claims of privilege or confidentiality as to any other documents or communications.

documents and information he had requested. They also confirm that Wiblyi was informed that, if he wished to pursue the matter further outside of Wasley Products, he should seek his own counsel.

If, as Wiblyi now contends, the decision concerning his pension distribution was contrary to the terms of the Retirement Plan, he had actual knowledge of the alleged breach in 1987. The relevant documents and information were made available to him and he should have challenged the decision at the time. Plaintiffs' counsel may now believe that the trustees' interpretation was incorrect; however, that does not change the fact that Wiblyi was fully aware in 1987 of the facts and circumstances giving rise to any claim of breach of fiduciary duty based upon the allegedly incorrect interpretation. Contrary to the assertions of his counsel, Wiblyi did not suddenly "discover" this potential claim when he learned of the lapse or surrender of the life insurance policy by the Bulakites Defendants/Nationwide, who were not even involved with the Wasley pension plans at the time of the claimed misrepresentation.

In short, there was no fraud or concealment on the part of the Retirement Plan Administrator or its trustees concerning the 1987 decision and their interpretation of the Retirement Plan. The correspondence firmly establishes this. For these reasons, the Wasley Defendants respectfully request the court's permission to supplement the record and add these documents as Exhibit B to the Wasley Defendants' memoranda in opposition to plaintiffs' Motion to Amend their complaint.

DEFENDANTS
WASLEY PRODUCTS, INC., ALAN A.
WASLEY, ANDREW BRADY, SANDI DUMAS-
LAFERRIERE, AND BARRY CONNELL


By: \_\_\_/s/_____
    Theodore J. Tucci (ct05249)
    ttucci@rc.com
    Jean E. Tomasco (ct09635)
    jtomasco@rc.com
    Robinson & Cole LLP
    280 Trumbull Street
    Hartford, CT 06103-3597
    Tel. No.: (860) 275-8200
    Fax: (860) 275-8299

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2006, a copy of the foregoing Wasley Defendants' Motion (with Exhibits) was filed electronically. Notice of this filing shall be sent by E-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ _____