FREDERICK U. CONARD, JR.
ROBERT EWING
ROBERT L. ROSENSWEIG
CHARLES B. MILLIKEN
H. MARTYN OWEN
ROBERT J. CATHCART
FRANCIS M. DOOLEY
THEODORE M. SPACE
STUYVESANT K. BEARNS
ALEX LLOYD
DANIEL P. BROWN, JR.*
JAMES T. BETTS
BRIAN CLEMOW
IRA H. GOLDMAN
SCOTT L. MURPHY*
COLEMAN H. CASEY*
BRENDA A. ECKERT
JOHN E. KREITLER
PETER W. BENNER
THOMAS B. MOONEY
THOMAS F. TRESSELT*
ROBERT L. WYLD
MARY M. ACKERLY
FRANK J. MARCO
DONALD K. CAWLEY*
CHARLES L. HOWARD
LISA B. BINGHAM
WILLIAM O. RIISKA
J. MICHAEL SCONYERS
JOHN H. LAWRENCE, JR.**
JAMES W. BERGENN
PAUL D. SANSON

# Shipman & Goodwin
## Counselors at law
### 799 Main Street
### Hartford, Connecticut 06103-2377

(203) 549-4770
TELECOPIER NO. (203) 724-5933
TELECOMMUNICATIONS (203) 727-9196

50 MILK STREET            THREE LANDMARK SQUARE        PORTER STREET
BOSTON, MA 02109          STAMFORD, CT 06901           LAKEVILLE, CT 06039
(617) 542-5465            (203) 359-4544               (203) 435-2539

MARK I. COHEN+
SPECIAL COUNSEL

G. CAMPBELL BECKET
COUNSEL

JOHN A. CVARCH
ALAN E. LIEBERMAN
SARANNE P. MURRAY
MARK P. ANDERSON
WILLIAM G. ROCK
MARK J. KEPPLER
LEAH COHEN CHATINOVER
DONNA L. BROOKS
DAVID L. HUNTOON
ELIZABETH A. BRAINARD
BRUCE J. CHARENDOFF
MUSLIMA GALETA
JAMES B. POMEROY
JOAN W. FELDMAN
LINDA L. YODER++

*ADMITTED IN CT & MA
**ADMITTED IN CT & PA
+ADMITTED IN NY, PA, MA & DC ONLY
++ADMITTED IN NJ & DC ONLY
ALL OTHERS ADMITTED IN CT ONLY

June 4, 1987

Alan Wasley, President
Wasley Products, Inc.
Plainville Industrial Park
Plainville, CT  06062

Dear Alan:

I am writing to respond to your inquiry about methods of benefit distribution under the retirement plan covering salaried employees of Wasley Products, Inc. I apologize for the delay in this reply. Unfortunately, while the adoption agreement you provided from your files was in order, the basic plan document provided by your pension consultant was not the correct one, and we had to obtain the proper document in order to interpret the benefit payment provisions.

Section 7.13A of the plan prescribes the method of payment of retirement benefits to an eligible individual. It provides that:

> any such benefit shall be distributed on the direction of the Plan Administrator in such manner as shall be determined to be in the best interest of the Participant or his Beneficiary, after consulting the same, in one or more of the following methods.

Five options are listed, including a lump sum cash payment, delivery to the retiree of insurance policies (or cash value

Alan Wasley, President
June 4, 1987
Page 2

thereof) sufficient to fund his or her benefit, purchase of an annuity yielding the equivalent of the retiree's monthly benefit under a straight life annunity or joint and survivor annunity, as the case may be, or "any other method selected by the Plan Administrator" which accomplishes essentially the same result, subject to certain restrictions.

Language such as this gives the Plan Administrator, who I understand is Sandi Dumas, fairly broad discretion to exercise her best judgment in each individual case, after discussing the matter with the affected individual(s). I understand, however, that your specific question is how the Plan Administrator should respond if during the course of that consultation the retiree expresses a preference for a lump sum form of benefit.

Our advice would be not to provide a lump sum form of benefit in a "defined benefit" plan such as yours, except under very unusual circumstances. The primary purpose of a defined benefit retirement plan is to provide a pre-determined flow of income for the life of the retiree and/or his or her spouse. Any benefit payment method which jeopardizes that goal is presumptively undesirable. The risk of loss through a variety of potential problems, including unexpected reverses in even prudent investments, makes payment of a lump sum benefit unwise for most retirees. The primary exceptions which come to mind are cases where (1) both retiree and spouse are independently wealthy, and the projected benefit from your plan would represent an insignificant portion of their retirement income, or (2) the projected benefit is so small that the value to the retiree does not justify the administrative cost associated with a monthly payment.

The pension experts in my office tell me that this topic has been the subject of frequent litigation, and that the courts generally uphold the right of a Plan Administrator to reject a request for a lump sum benefit, especially where a defined benefit plan is involved. We should have little difficulty defending a decision by your Plan Administrator to distribute a monthly benefit despite a retiree's preference for a lump sum, as long as such decision is made in good faith, with the best interests of the retiree and/or beneficiary in mind, and in accordance with principles applied on a consistent basis to all participants.

Alan Wasley, President
June 2, 1987
Page 3

In the unlikely event the decision is in favor of a lump sum, I understand there is also a question as to how to compute the benefit. The general rule is that the lump sum should be equivalent to the present value of the monthly life annuity to which the retiree would otherwise be entitled. Normally this value is based on the present market price of such an annuity.

However, in the event more than one quote is obtained and the prices differ (as may happen if different companies use different actuarial or interest assumptions), our advice is to select the lowest quote, since this is the only way the Plan Administrator can fulfill his or her duties to both the retiree and the plan. That is, he or she has a duty not to deplete the assets of the plan any more than absolutely necessary to pay the benefit in the method which had been decided upon.

I also understand you are interested in clarifying your plan so that misunderstandings about benefit payment methods do not arise in the future. Our pension experts tell me that new requirements promulgated under ERISA (as amended), which will become applicable to your plan in 1988, may well require elimination of the provision which allows discretion as to the form or timing of the retirement benefit. Our advice will probably be to delete the lump sum payment as a form of retirement benefit, and to limit the options to a straight life annuity or a joint and survivor annuity. This will avoid both the potential damage to the fiscal integrity of the plan which would result from a series of lump sum elections by retiring employees, and the risk of a human relations disaster in the event that fiscal mismanagement or misfortune were to leave a retiree and/or spouse destitute, with no retirement income from Wasley Products.

If in fact no salaried retirees have yet received a lump sum benefit, and if starting in 1988 no such option is likely to be available, its seems particularly inappropriate to permit this benefit payment method to apply to those who happen to retire this year.

One final point deserves mention. Your plan states that if no other method is decided upon, pension benefits shall be paid to those who are married at the time of their retirement in the form of a joint and survivor annuity. As you may know, federal requirements now dictate that a retiree election **not** to take a joint and survivor annuity must include his or her spouse's approval. I assume Sandi Dumas will make sure this point is covered.

Alan Wasley, President
June 4, 1987
Page 4


I hope this addresses your immediate questions about the form of retirement benefit available under your pension plan covering salaried employees. If further clarification is needed, I assume you will let me know.

                      Very truly yours,

                      Brian Clemow

BC/lh

Enclosure

P.S.    I have copied and retained the portions of your pension file which we needed in order to address the questions you raised, and I am returning to you herewith your entire file, plus the basic plan document we finally obtained from your consultant.