## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GREGORY T. PRENTISS, | : | CIVIL ACTION NO. |
| JOHN RIZZI, RICHARD SEICH, and | : | 3:03 CV 00383 (MRK) |
| DOROTHY BROWN each individually | : | |
| and on behalf of the Wasley Products, Inc. | : | |
| 401(K) Profit Sharing Plan, | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| WASLEY PRODUCTS, INC., | : | |
| ALAN A. WASLEY, ANDREW | : | |
| BRADY, SANDI DUMAS-LAFERRIERE | : | |
| BARRY CONNELL, BARRY L. | : | |
| BULAKITES, JAMES A. WINSLOW, | : | |
| JOSHUA ADAMS CORPORATION. | : | |
| NATIONWIDE LIFE INSURANCE CO., | : | |
| and LINCOLN NATIONAL LIFE | : | |
| INSURANCE CO., | : | June 1, 2007 |

### MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION TO ADD PARTIES, AMEND COMPLAINT, AND AMEND DERIVIATIVE ACTION CERTIFICATION

## I. INTRODUCTION

The parties have agreed on a proposed settlement; they have also agreed that the settlement should cover all the participants, so they have notice of the proposed settlement and an opportunity to be heard and so the defendants can settle with all the affected parties just once. Howard Achille and Diane Chudzik seek to make this possible by asking the Court to join them as plaintiffs to represent participants under the Wasley Products, Inc. U.A.W. Local 376 Retirement Plan (Achille) and the Precision Molding Company, Inc. 401(k) Profit Sharing Plan (Chudzik). Chudzik also seeks to make Precision Molding Company, Inc. a defendant because it is the plan sponsor of the Precision 401(k) Plan.

## II. ADDITION OF PARTIES

**1. Howard Y. Achille.**

Wasley Products sponsors a defined benefit retirement plan known as the Wasley Products, Inc. U.A.W. Local 376 Retirement Plan. Defendants Alan Wasley and Andrew Brady were trustees of the Retirement Plan. Howard Y. Achille is a Wasley Products employee who participates in the UAW Plan. Achille asks to join the lawsuit as a representative plaintiff to ensure the claims of UAW Plan participants are heard and their claims addressed as part of the settlement.

Achille claims Wasley Products and the other defendants are responsible for the UAW Plan being badly underfunded. Achille claims the Wasley Products and the trustees neglected their duties to fund the plan properly and that the remaining defendants or their agents breached their fiduciary duties regarding the funding and administration of the UAW Plan. Achille seeks from the proposed settlement or from a trial the return of money diverted from the UAW Plan, and that the court approve an independent trustee for the UAW Plan.

**2. Diane Chudzik.**

Diane Chudzik works for Precision Molding Company, Inc. She participates in Precision Molding Co. Inc. 401(k) Profit Sharing Plan. Wasley Products, Inc. is the plan administrator and plan sponsor and Precision Molding Company, Inc. is a plan sponsor. Alan Wasley is the sole trustee of the plan. Chudzik asks to join the lawsuit as a representative plaintiff to ensure the claims of UAW Plan participants are heard and addressed as part of any settlement or trial.

**3. Precision Molding Co., Inc.**

Precision Molding sponsors the Precision Molding 401(k) Plan. Chudzik asks to join Precision Molding Company, Inc. as a defendant because it is a plan sponsor.

Chudzik claims Precision Molding and the other defendants are responsible for money missing from the Precision 401(k).  Chudzik claims Alan Wasley neglected his duty to hire and monitor qualified third party administrators for the plan and that the remaining defendants or their agents breached their fiduciary duties regarding the administration of the Precision 401(k) Plan. Chudzik seeks from the proposed  settlement  or a trial the return of money diverted from the Precision 401(k) Plan, and an independent trustee for the Precision 401(k) Plan.

**4.  Applicable Law.**

Under Fed. R.Civ.P. 21, parties can be added at any stage of the action:

**Rule 21.  Misjoinder and Non-Joinder of Parties.**

Misjoinder of parties is not ground for dismissal of an action.  *Parties may be* dropped or *added* by order of the court on motion of any party or of its own initiative *at any stage of the action* and on such terms as are just [. . . .]

(emphasis added).  As the Southern District of New York said in *Kaminsky v. Abrams* in 1966, "the liberal standards upon which amendments are to be granted when leave of the Court is required under Rule 15(a) should guide the Court on motions to add parties under Rule 21."[1] These liberal standards were explained by the Supreme Court as early as 1962 in *Foman v. Davis*:

In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-- the leave should, as the rules require, 'be freely given.'[2]

The Southern District of New York echoed this in *Eickhorst v. E.F. Hutton Group* in 1990 when it observed, "[U]nless there is good reason to deny a motion to amend, failure to grant it is an

---

[1]  41 F.R.D. 168, 170 (S.D.N.Y. 1966).
[2]  371 U.S. 178,182, 9 L.Ed. 2d 222, 83 S. Ct. 227 (1962).

abuse of discretion."[3]   In cases such as *State Teachers Retirement Bd. v. Fluor Corp.*[4] and

*MacDraw, Inc. v. CIT Equip. Fin., Inc.*,[5] the Second Circuit adopted the Supreme Court's liberal

*Foman* view allowing amendments absent bad faith or "*undue* prejudice to the opposing party."[6]

"Undue prejudice" means, according to the Second Circuit in its 1986 decision *Tokio Marine &*

*Fire Ins. Co. v. Employers Ins. of Wausau*,[7] forcing an opponent to spend time and money on

additional discovery.  Delay might also cause undue prejudice.  The Second Circuit held in 1998

in *Krumme v. WestPoint Stevens Inc.* that a delay in the "final disposition of the action" caused

by an amendment might be unduly prejudicial.[8]  So might a moving party's "unexplained delay"

in seeking to amend, as the Second Circuit held in *Evans v. Syracuse City Sch. Dist.*, in 1986.[9]

But the Court also pointed out in *Fluor* that a movant's "delay [alone] absent a showing of bad

faith" is not enough for a Court to deny the right to amend.[10]

The Court should let Achille and Chudzik join the litigation as plaintiffs.  Without them,

participants from the UAW Plan and the Precision 401(k) Plan will not be heard, they will not be

paid for their claims, and their claims will be left unresolved.   Because they claim the same

breaches as the current plaintiffs, new discovery will not be needed, and their claims can be paid

as part of a comprehensive settlement or considered at trial.  The Court should add Precision

Molding Company, Inc. as a defendant because it is plan sponsor of the Precision 401(k) Plan.

The Court should add them as parties and allow an amended complaint to be filed reflecting

Achille and Chudzik's claims.

---

[3]  763 F. Supp. 1196, 1203-1204 (S.D.N.Y. 1990).
[4]  654 F.2d 843, 856 (2d Cir. 1981).
[5]  157 F.3d 956, 962 (2d Cir. 1998).
[6]  *Foman* at 182 (emphasis added).
[7]  786 F.2d 101, 103 (2d Cir. 1986).
[8]  143 F.3d 71, 88 (2d Cir. 1998).
[9]  704 F.2d 44, 47 (2d Cir. 1983).
[10]  654 F.2d 843, 856 (2d Cir. 1981).

## III. AMENDMENT OF CERTIFICATION
## OF DERIVATIVE ACTION

The Court should also amend its prior certification of a derivative action to certify Achille's claim and Chudzik's claim as derivative claims.  The Court has authority to do this under Fed. R.Civ. P. Rule 23.1 as explained in this Court's 2004 decision in *Coan v. Kaufman.*[11] In *Coan* the Court held that to protect absent plan participants in an ERISA derivative action brought under ERISA 502(a)(2) a plaintiff must either comply with Fed. R.Civ. P. Rule 23.1 or take other steps such as joining all plan participants or seeking class action certification.

The Court can use Rule 23.1's derivative action procedures in an ERISA case by analogy:

> In a derivative action brought by one or more shareholders or members to enforce a right of a corporation or of an unincorporated association, the corporation or association having failed to enforce a right which may properly be asserted by it, the complaint shall be verified and shall allege (1) that the plaintiff was a shareholder or member at the time of the transaction of which the plaintiff complains or that the plaintiff's share or membership thereafter devolved on the plaintiff by operation of law, and (2) that the action is not a collusive one to confer jurisdiction on a court of the United States which it would not otherwise have. The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for the plaintiff's failure to obtain the action or for not making the effort. The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association. The action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to shareholders or members in such manner as the court directs.

Here Achille and Chudzik conform to the rule.  The proposed Second Amended Complaint accompanying this motion is verified. It alleges that Achille and Chudzik were participants in their plans.  It alleges this is not a collusive action to confer jurisdiction the Court otherwise

---

[11] 349 F. Supp. 2d 271, 275-6 (D. Conn. 2004), as affirmed and explained by the Second Circuit in *Coan v. Kaufman,  457 F.3d 250* (2d Cir. 2006).

would not have.  The complaint explains with particularity why Chudzik and Achille have not made demand on the plan trustees before suing.

And Achille and Chudzik fairly and adequately represent the interests of absent plan participants.  In *In re Drexel Burnham Lambert Group* the Second Circuit in 1992, in the class certification context, said the adequacy of representation inquiry has two components: (1) whether there is a potential conflict between the named plaintiff and absent class members, and (2) whether class counsel is "qualified, experienced, and generally able to conduct the litigation."[12]

First, to meet the lack of conflicts test, the named representatives must be part of the class possessing the same interests and suffer the same injuries as the other class members, as the Supreme Court described in its 1977 decision in *East Texas Motor Freight, Inc. v. Rodriguez*.[13] Certification is not defeated by "speculative" or "hypothetical" suggestions of potential conflicts, which is emphasized by the Second Circuit in *In re Visa Check/Mastermoney Antitrust Litig.* and the Southern District of New York in *Gruby v. Brady*.[14]

The *Manual for Complex Litigation* explained this concept saying in addition to being free of conflict, the named representatives should understand their responsibility to vigorously pursue the litigation in the interest of the class.[15]  The same presumably should hold true for plaintiffs seeking derivative representation of plans with multiple participants. But plaintiffs have no need to be steeped in the intricacies of the litigation.

This view of plaintiffs' competence can be seen more than 30 years ago, in the Supreme Court case of *Surowitz v. Hilton Hotels*.  Hilton Hotels challenged whether a named

---

[12] *Drexel, supra*, 960 F.2d at 291; *General Telephone*, 457 U.S. 147, 157-58.
[13] 431 U.S. 395, 403 (1977).
[14] 280 F.3d 124, 145 (2d Cir. 2001);838 F. Supp. 820, 828 (S.D.N.Y. 1993).
[15] (3d ed. 1995), at 221.

representative in a shareholder derivative action could "fairly and adequately represent the interests" of all shareholders since she was a Polish immigrant with limited knowledge of English who relied on her son-in-law for explanations.[16] The Supreme Court ruled that the named representative was interested in her investment and reasonably relied on the investigation of others.[17]   And in 2000 in *Macarz v. Transworld Systems* this District ruled against the arguments that named plaintiffs are unfit because they happen to be more sophisticated in some respects than the average class member since the named plaintiff was an attorney.[18]   Here, neither Achille nor Chudzik have financial interests in conflict with other plan participants or face unique defenses, and they understand their duty to vigorously pursue the litigation in the interest of the plan and its participants.[19]

The second part to the adequacy of representation inquiry calls for the plaintiffs to have qualified counsel. Achille and Chudzik have hired undersigned counsel, Thomas G. Moukawsher of Moukawsher & Walsh, LLC, Hartford, Connecticut. Undersigned counsel has represented plaintiffs in a number of single and multi-party ERISA actions.  Including, among those ERISA cases published from this jurisdiction; *Stavola v. NU*,[20] *Mikrut v. UNUM*,[21] *Towner v. CIGNA*[22], *Broga v. NU*[23], *Leyda v. AlliedSigna,l*[24] *Caputo v. Pfizer*,[25] *Mullins v. Pfizer*,[26] and *Hudson v. General Dynamics*[27] and in the Ninth Circuit; *Bins v. Exxon*,[28] and *Mathews v. Chevron*,[29] and in

---

[16] 383 U.S. 363 (1966).
[17] Id. at 371-73. *See also Koch v. Dwyer*, 2001 WL 289972, 2001 U.S. Dist. LEXIS 4085 (S.D.N.Y. March 23, 2001) (rejecting defense contention that plaintiff had an "alarming unfamiliarity with the facts").
[18] 193 F.R.D. 46, 51 (D. Conn. 2000).
[19] Exhibits A and B (Plan Participants' Declarations).
[20]   453 F. Supp. 2d 584 (D. Conn. 2006).
[21] 2006 U.S. Dist. LEXIS 92265 (D. Conn. 2006).
[22] 419 F. Supp. 2d 172 (D. Conn. 2006).
[23] 315 F. Supp. 2d 212 (D. Conn. 2004).
[24] 322 F.3d 199 (2d Cir. 2003).
[25]   267 F.3d 181,188 (2d Cir. 2001).
[26] 23 F.3d 663 (2d Cir. 1994).
[27] 118 F.2d 226 (D.Conn 2000).
[28] 220 F.3d 1042 (9th Cir. 2000)(en banc).

the Northern District of Illinois; *Adamczyk v. Lever Brothers*,[30] and *Beach v. Commonwealth Edison*.[31] He is currently class counsel in certified class actions pending or recently resolved before the District of Connecticut in *Richards v. FleetBoston*[32], *Amara v. CIGNA*,[33] *Parry v. SBC*,[34] *Cashman v. Dolce*.[35] In May 2007 he was certified as class counsel in an ERISA case by the Northern District of New York in *Thompson v. Linvatec*.[36] Counsel proposed for the derivative representative plaintiffs is adequate.

For these reasons, the Court should amend the certification of the derivative action brought by Prentiss, Rizzi, Seich, Brown, to certify Achille's claim as representative of plan participants and derivatively brought for the UAW Plan and Chudzik's claim as representative of plan participants and derivatively brought for the Precision 401(k) Plan.

## IV. CONCLUSION

The Court should allow the complaint to be amended to join Achille and to certify him to represent UAW plan participants and sue derivatively on behalf of the UAW Plan; it should allow the complaint to be amended to join Chudzik and to certify her to represent plan participants and sue on behalf of the Precision 401(k) Plan and to join Precision Molding Company, Inc. as a defendant because it is the plan's sponsor. It should appoint Thomas G. Moukawsher as plaintiffs' counsel for the expanded derivative action representing all plan participants in the UAW Plan and the Precision 401 (k) Plan.

---

[29] 773 U.S. Dist. Lexis (N.D. Cal. 2002).
[30] 991 F.Supp. 931 (N.D. Ill. 1997).
[31] 2002 U.S. District Lexis, 14663 (N.D. Ill. 2002).
[32] No. 3:04CV1638 (JCH).
[33] No. 3:01-CV-2361 (MRK).
[34] No. 3:04 CV 128 (JBA).
[35] No. 3:04CV00106(MRK).
[36] 2007 U.S. Dist. LEXIS 37711 (N.D.N.Y. 2007).

THE PLAINTIFFS


By /s/ Thomas G. Moukawsher

       Thomas G. Moukawsher ct08940
       Ian O. Smith ct24135
       Moukawsher & Walsh, LLC
       21 Oak Street
       Hartford, CT 06106
       (860) 278-7000
       tmoukawsher@mwlawgroup.com

       ATTORNEYS FOR PLAINTIFFS

## CERTIFICATION

I certify that on June 1, 2007 a copy of this memorandum was filed electronically. Notice will be sent by e-mail to all parties by the Court's electronic filing system. Parties may access this through the Court's system.

Theodore J. Tucci, Esq.
Jean Elizabeth Tomasco, Esq.
Robinson & Cole
280 Trumbull Street
Hartford, CT 06103-3597

Joseph V. Meaney, Jr., Esq.
Cranmore, Fitzgerald & Meaney
49 Wethersfield Ave.
Hartford, CT. 06114-1102

Steven Errante, Esq.
Eric P. Smith, Esq.
Nancy Fitzpatrick Myers
Lynch, Traub, Keefe, and Errante, LLP
52 Trumbull Street
P.O. Box 1612
New Haven, CT. 06506-1612

Sara Simeonidis, Esq.
Deborah S. Freeman, Esq.
Bryan D. Short, Esq.
Bringham McCutchen, LLP
1 State Street
Hartford, CT 06103-3178


James J. Reardon, Jr.
Thomas G. Rohback
Doug Dubitsky
LeBoeuf, Lamb, Greene & MacRae
225 Asylum St.
Hartford, CT 06103



/s/ Thomas G. Moukawsher
Thomas G. Moukawsher ct08940
Ian O. Smith ct24135
Moukawsher & Walsh, LLC
21 Oak Street
Hartford, CT 06106
(860) 278-7000
tmoukawsher@mwlawgroup.com