# EXHIBIT A

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WASLEY PRODUCTS, INC., | : | CIVIL ACTION NO. |
| PRECISION MOLDING CO., INC, | : | 3:03 CV 00383 (MRK)(LEAD) |
| individually and on behalf of WASLEY | : | |
| PRODUCTS, INC. UAW LOCAL 376 | : | |
| RETIREMENT PLAN,  PRECISION | : | |
| MOLDING CO., INC., 401(k) PROFIT | : | |
| SHARING PLAN, and WASLEY | : | |
| PRODUCTS, INC. 401(k) PROFIT | : | |
| SHARING PLAN, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| BARRY L. BULAKITES, JAMES A. | : | |
| WINSLOW, JOSHUA ADAMS CORP. | : | |
| NATIONWIDE LIFE INSURANCE CO. | : | |
| OF AMERICA, LINCOLN NATIONAL | : | |
| LIFE  INSURANCE CO., | : | |
| | : | |
| Defendants. | : | OCTOBER 5, 2007 |
| | : | |
| GREGORY T. PRENTISS, | : | CIVIL ACTION NO. |
| JOHN RIZZI, RICHARD SEICH, | : | 3:03 CV 00383 (MRK)(LEAD) |
| and DOROTHY BROWN each | : | (3:03 CV1790 (MRK)) |
| individually and on behalf of the Wasley | : | |
| Products, Inc. 401(k) Profit Sharing Plan, | : | |
| and the Wasley Products, Inc. Retirement | : | |
| Plan; DIANE CHUDZIK, individually | : | |
| and on behalf of the Precision Molding | : | |
| Company, Inc. 401(k) Profit Sharing Plan, | : | |
| and HOWARD Y. ACHILLE, individually | : | |
| and on behalf of the Wasley Products, Inc. | : | |
| UAW Local 376 Retirement Plan, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |

|  |  |  |
|---|---|---|
| v. | : | |
| | : | |
| WASLEY PRODUCTS, INC., | : | |
| ALAN A. WASLEY, ANDREW | : | |
| BRADY, SANDI DUMAS-LAFERRIERE, | : | |
| BARRY CONNELL, BARRY L. | : | |
| BULAKITES, JAMES A. WINSLOW, | : | |
| JOSHUA ADAMS CORPORATION, | : | |
| PRECISION MOLDING CO.,INC., | : | |
| NATIONWIDE LIFE INSURANCE | : | |
| CO. OF AMERICA and LINCOLN | : | |
| NATIONAL LIFE INSURANCE CO., | : | |
| | : | |
| Defendants. | : | OCTOBER 5, 2007 |
| | : | |
| JOHN M. WIBLYI, individually and on | : | CIVIL ACTION NO. |
| behalf of the Wasley Products, Inc., | : | 3:03 CV 00383 (MRK)(LEAD) |
| Retirement Plan, | : | (No. 3:06cv1435 (MRK)) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| WASLEY PRODUCTS, INC., | : | |
| ALAN A. WASLEY, SANDI | : | |
| DUMAS-LAFERRIERE, BARRY L. | : | |
| BULAKITES, JAMES A. WINSLOW, | : | |
| NATIONWIDE LIFE INSURANCE | : | |
| CO. OF AMERICA and LINCOLN | : | |
| NATIONAL LIFE INSURANCE CO. | : | |
| | : | |
| Defendants. | : | OCTOBER 5, 2007 |

# Settlement Agreement

## I.    INTRODUCTION

This Settlement Agreement is made and entered into by each of the Plaintiffs in

the above-captioned lawsuits (on behalf of themselves and, as applicable, in their

representative capacity on behalf of the affected Plans and Plan Participants), by and

through their counsel of record in each of the Lawsuits, and the Defendants,

including those Defendants that are acting as third party plaintiffs, cross-claim

plaintiffs, or both.  This Settlement Agreement is intended by the Parties to resolve,

discharge, and settle the claims and liabilities in the three Lawsuits fully, finally and

forever according to the terms and conditions set forth in this Settlement Agreement.

## II.    THE PARTIES, LAWSUITS, AND PLANS COVERED

There are 21 Parties to this Settlement Agreement:

- Wasley Products, Inc., plan sponsor and fiduciary of the Wasley Products, Inc. 401(k) Profit Sharing Plan and the Wasley Products, Inc. – U.A.W. Local 376 Retirement Plan and a predecessor plan, the Wasley Products, Inc. Retirement Plan

- Precision Molding Company, Inc., plan sponsor and fiduciary of the Precision Molding Company, Inc. 401(k) Profit Sharing Plan

- Barry L. Bulakites

- James A. Winslow

- Joshua Adams Corp.

- Nationwide Life Insurance Company of America (f/k/a/ Provident Mutual Life Ins. Co.) ("Nationwide")

- Lincoln National Life Ins. Co. ("Lincoln National")

- Gregory T. Prentiss as an individual participant and as a participant suing on behalf of the Wasley Products, Inc. 401(k) Profit Sharing Plan

- John Rizzi as an individual participant and as a participant suing on behalf of the Wasley Products, Inc. 401(k) Profit Sharing Plan

- Richard Seich as an individual participant and as a participant suing on behalf of the Wasley Products, Inc. 401(k) Profit Sharing Plan

- Dorothy Brown as an individual participant and as a participant suing on behalf of the Wasley Products, Inc. 401(k) Profit Sharing Plan

- Wasley Products, Inc. 401(k) Profit Sharing Plan

- Diane Chudzik as an individual participant and as a participant suing on behalf of the Precision Molding Company, Inc. 401(k) Profit Sharing Plan

- Precision Molding Company, Inc. 401(k) Profit Sharing Plan

- Howard Y. Achille as an individual participant and as a participant suing on behalf of the Wasley Products, Inc.—U.A.W. Local 376 Retirement Plan

- Wasley Products, Inc.-U.A.W. Local 376 Retirement Plan

- Alan A. Wasley, a trustee, at certain times, of the Wasley Products, Inc. 401(k) Profit Sharing Plan, Precision Molding Company, Inc., 401(k) Profit Sharing Plan, and the Wasley Products, Inc. – U.A.W. Local 376 Retirement Plan and its predecessor, the Wasley Products, Inc. Retirement Plan

- Andrew Brady, a trustee, at certain times, of the Wasley Products, Inc. 401(k) Plan and the Wasley Products, Inc. – U.A.W. Local 376 Retirement Plan

- Sandi Dumas-Laferriere, a trustee, at certain times, of the Wasley Products, Inc. 401(k) Profit Sharing Plan and the Wasley Products, Inc. – U.A.W. Local 376 Retirement Plan

- Barry Connell, a trustee, at certain times, of the Wasley Products, Inc. 401(k) Profit Sharing Plan and the Wasley Products, Inc. – U.A.W. Local 376 Retirement Plan

- John M. Wiblyi

All of these parties, collectively, will hereinafter be referred to where appropriate as the "Parties."

For the reasons described in this agreement, the Parties consent to settle three Lawsuits pending in the United States District Court for the District of Connecticut which involve certain common facts, issues and parties and which were consolidated for purposes of discovery and pretrial proceedings. These Lawsuits, captioned above, are as follows:

(1) *Wasley Products, Inc. et al. v. Bulakites et al.*, No. 3:03 CV 00383 (MRK)(LEAD) (the "Wasley Case").

(2) *Prentiss et al. v. Wasley Products, Inc. et al.*, No. 3:03 CV 00383 (MRK) (LEAD) (No. 3:03 CV1790 (MRK) (the "Prentiss Case").

(3) *Wiblyi v. Wasley Products, Inc. et al.*, No. 3:03 CV 00383 (MRK) (LEAD) (No. 3:06cv1435 (MRK) (the "Wiblyi Case").

These three lawsuits will be referred to collectively as the "Lawsuits." Where appropriate, plaintiffs in the Lawsuits will be referred to collectively as "Plaintiffs," and defendants in the Lawsuits will be referred to collectively as "Defendants."

The Lawsuits allege various claims by and among the Parties concerning the management and administration of three employee retirement benefit plans that were sponsored and maintained by Wasley Products, Inc. or Precision Molding Company, Inc.  The plans are as follows:

1.      The Wasley Products, Inc. 401(k) Profit Sharing Plan (the "Wasley 401(k) Plan");

2.      The Precision Molding Company, Inc. 401(k) Plan (the "Precision 401(k) Plan"); and

3.      The Wasley Products, Inc.-U.A.W. Local 376 Retirement Plan (the "WP-UAW Local 376 Plan").

Where appropriate, these three retirement plans will be referred to collectively as the "Plans."

## III.  SUMMARY OF LAWSUITS AND PROCEDURAL BACKGROUND

To provide the necessary background to and context of the subject matter covered by the Settlement, a brief summary of the nature of the Lawsuits and their procedural history is set forth in this Settlement Agreement.

The first lawsuit, the Wasley case, was brought by Wasley Products, Inc. and Precision Molding Company, Inc., employers and plan sponsors of the Plans, individually and on behalf of the Plans.  These plaintiffs in the Wasley case will be referred to as the "Plan Plaintiffs", and they are represented by the law firm of Cranmore, FitzGerald and Meaney ("Plan Plaintiffs' Counsel").  The Plan Plaintiffs

brought suit against the following defendants: Barry L. Bulakites, James A. Winslow, and Joshua Adams Corp. (collectively, the "Bulakites Defendants") as well as Nationwide Life Insurance Co. of America ("Nationwide") and Lincoln National Life Insurance Co. ("Lincoln National"). In brief, the Plan Plaintiffs claim that these defendants or their agents mismanaged the Plans, wrongfully diverted funds from the Plans, and breached duties owed to the Plans. The claims were denied by the Bulakites Defendants, Nationwide and Lincoln National. At an early stage in the Wasley case a Special Master (from an independent accounting firm) was appointed by the Court to perform an extensive forensic accounting investigation regarding the Plans.

The second lawsuit, the Prentiss Case, was initially brought by four participants in the Wasley 401(k) Plan (individually and on behalf of the plan) against the Bulakites Defendants as well as Wasley Products, Inc., the plan sponsor, and Alan A. Wasley, Andrew Brady, Sandi Dumas-Laferriere, and Barry Connell, who at various times served as trustees of the Wasley 401(k) plan. (collectively, the "Trustee Defendants"). Wasley Products, Inc., joined by the Trustee Defendants, filed cross-claims against the Bulakites Defendants (The "Trustee Cross-Claims"). The Bulakites Defendants then filed cross-claims against Wasley Products, Inc. and the Trustee Defendants (the "Bulakites Cross-Claims"). Wasley Products, Inc. and the Trustee Defendants also filed a third-party complaint against Nationwide and Lincoln National. (the "Wasley Third Party Complaint") The Prentiss case was consolidated with the Wasley case.

Subsequently, the plaintiffs in the <u>Prentiss</u> case eventually amended their complaint as follows: to name Nationwide and Lincoln National as defendants and bring claims directly against them; to add plaintiff Diane Chudzik as representative participant on behalf of the Precision 401(k) Plan and add the plan sponsor, Precision Molding Co., as a defendant; and to add plaintiff Howard Achille as a representative participant on behalf of the WP-UAW Local 376 Plan.  Under ERISA §502(a)(2) (29 U.S.C. § 1132(a)(2)) and Federal Rule of Civil Procedure 23.1, the Court certified the <u>Prentiss</u> case as a representative action brought on behalf of the Plans and covering all participants in all three Plans (collectively, the "Plan Participants").  As approved by the Court, Moukawsher & Walsh, LLC ("Participants' Counsel") is acting as counsel for the Plan Participants.

The plaintiffs in the <u>Prentiss</u> case claim the Defendants or their agents mismanaged the Plans, wrongfully diverted funds from the Plans, and breached duties owed to the Plans.  The Plaintiffs also claim that the Defendants failed to properly calculate certain participants' vested benefit from the predecessor defined benefit plan and that the amounts transferred from the defined benefit plan to the Wasley 401(k) Plan for each of these participants was less than it should have been.  The Defendants in the Prentiss case have denied all of the claims alleged against them.

The third lawsuit, the Wiblyi case, was brought by John Wiblyi ("Wiblyi"), a former employee of Wasley Products, Inc. as an individual and on behalf of participant in the Wasley Products, Inc. Retirement Plan, the defined benefit plan that

preceded the establishment of the Wasley 401(k) Plan.   Wiblyi sued the Bulakites
Defendants, Nationwide, Lincoln National, Wasley Products, Inc., Alan Wasley, and
Sandi Dumas-Laferriere.   Wiblyi claims that, at the time he retired in 1987, he was
wrongfully denied the opportunity to take his benefit as a lump sum payment.   Wiblyi
also claims that these Defendants mismanaged his retirement benefit by surrendering
or forfeiting an insurance policy intended to fund his wife's survivor annuity in the
event he should predecease her.  The Defendants in the <u>Wiblyi</u> case have denied all of
the claims alleged against them.  By order of the Court, the <u>Wiblyi</u> case was
consolidated with the <u>Wasley</u> and <u>Prentiss</u> cases.  Wiblyi is also represented by
Moukawsher & Walsh, LLC.

## IV.   RECITALS

Counsel for the Parties in the Lawsuits have conducted substantial discovery
and analysis of their respective claims.  With the assistance of the Court, they have
engaged in lengthy and complex negotiations regarding the settlement of the Lawsuits.
In reaching this Settlement Agreement, the Parties have taken into consideration the
risks of litigation, the expense and delay of further proceedings, including trial and
possible appeal, the strengths and weaknesses of their respective positions, the factual
and legal complexity of the claims and defenses, the financial status of the Parties, and
such other factors as are appropriate in evaluating the appropriateness of the
settlement of the Lawsuits.  Plan Plaintiffs' Counsel and Participants' Counsel have

also considered the impact of this Settlement Agreement on the Plans and all of the

Plan Participants. After such consideration, the Parties have concluded that the terms

and conditions of this Settlement Agreement are fair, reasonable, and adequate and it

is in their respective best interests to enter into this Settlement Agreement. Nothing

in this Settlement Agreement, taken in whole or in part, represents in any way an

admission of liability or responsibility by the Defendants regarding any of the claims

advanced by the Plaintiffs, or such claims advanced in the Trustee Cross-Claims, the

Bulakites Cross-Claims and the Wasley Third Party Complaint.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**

by the Parties that, in consideration of the covenants, agreements, and releases set

forth in the Settlement Agreement, and subject to the approval of the Court and entry

of the Order Granting Final Approval after a Fairness Hearing, the Lawsuits shall be

fully and finally compromised and settled, and the Lawsuits shall be dismissed with

prejudice as to Plaintiffs and all Plan Participants and as to the Trustee Cross-Claims,

the Bulakites Cross-Claims and the Wasley Third Party Complaint and subject to the

following terms and conditions:

## V.    TERMS AND CONDITIONS OF THE SETTLEMENT

## SECTION 1:  DEFINITIONS.

As used in this Settlement Agreement and all exhibits to the Settlement

Agreement, the terms Parties, Plans, Lawsuits, Wasley case, Prentiss case, Wiblyi case,

Plaintiffs, Defendants, Plan Plaintiffs, Plan Plaintiffs' Counsel, Bulakites Defendants,

Trustee Defendants, Plan Participants, Participants' Counsel, Trustee Cross-Claims,

Bulakites Cross-Claims, and Wasley Third Party Complaint have the meanings defined

and explained in the preceding sections of this Settlement Agreement.  Further, the

following terms have the meanings specified below:

      **1.01**    **"Court"** means the United States District Court for the District of

Connecticut.

      **1.02**    **"Fairness Hearing"** means a hearing to be held by the Court in the

Lawsuits to determine whether the Settlement Agreement should be finally approved

as fair, reasonable, and adequate, and whether an order granting Final Approval

should be entered.

      **1.03**    **"Final Approval"** means an order of the Court, following the Fairness

Hearing, determining that the Settlement Agreement pertaining to the Lawsuits is

finally approved as fair, reasonable, and adequate.

      **1.04**    "**Notice"** means the form of notice, as appropriate for each of the

Plans, attached hereto as Exhibit 3.

      **1.05**    **"Settlement"** means the agreed-upon compromise of the Lawsuits

approved by the Court.

      **1.06**    **"Settlement Agreement" or "Agreement"** means this agreement,

inclusive of exhibits.

**1.07** **"Settlement Proceeds"** means the total amount paid by Defendants in Settlement of the Lawsuits, as set forth in Section 2.01.

## SECTION 2:  SETTLEMENT PAYMENTS AND APPORTIONMENT.

### 2.01  Settlement Payment Amounts (Settlement Proceeds).

In consideration of the promises and releases by Plaintiffs, including all Plan Participants and subject to any adjustment required under Section 2.03 or 2.05 of this Agreement, the Defendants agree to pay in trust to Participants' Counsel and Plan Plaintiffs' Counsel the following amounts:

- Barry L. Bulakites,
  Joshua Adams Corp.
  and James Winslow
  (the Bulakites Defendants,
  collectively)                    $500,000

- Wasley Products, Inc.           $525,000

- Nationwide Life Insurance Co
   of America                      $525,000

- Lincoln National Life Ins. Co.  $200,000

- Alan A. Wasley                   $50,000

                                       $1.8 million total

These payments shall be referred to in total as the "Settlement Proceeds."  Each of the Defendants shall be liable for the full and timely payment of their respective portion of the Settlement Proceeds, as set forth above, as a separate and distinct obligation.  Failure of one or more of the Defendants to pay their portion of the

Settlement Proceeds shall not subject any other Defendant to additional liability except as expressly set forth herein.

The payment by the Bulakites Defendants of the amount specified above ($500,000) on behalf of the Bulakites Defendants shall be made into the trust account of their counsel, Lynch, Traub, Keefe & Errante, PC., on or before 5 p.m. (Eastern time zone) October 23, 2007 and counsel for the Bulakites Defendants shall certify in writing to the Court and all other counsel that such payment has been made. Payment by the other Defendants specified above of the remaining amount of the Settlement Proceeds and distribution by Bulakites Defendants' counsel of the Bulakites Defendants' payment of their portion of the Settlement Proceeds shall be made in trust to Participants' Counsel and Plan Plaintiffs' Counsel no later than 10 days after the expiration of the appeal period applicable to the Court's order granting Final Approval. As stated in Section 2.01, each settlement payment by a Defendant is a separate and distinct obligation. The failure of one Defendant to make a required settlement payment does not subject any other Defendant to additional liability and does not void the Settlement Agreement as between and among the other contributing Defendants.

**2.02   Apportionment of Settlement Proceeds.**

Assuming no appeal is taken from the Court's order of Final Approval, and subject to any adjustments as may be made pursuant to Section 2.03 of this Agreement at the Fairness Hearing, the Parties agree that the Settlement Proceeds shall be apportioned as follows:  (1) An amount not to exceed 35% of the Settlement Proceeds shall be used to pay fees and costs to Participants' Counsel and Plan Plaintiffs' Counsel, divided between them as set forth in Section 2.03 and Exhibit 1, or as otherwise may be determined by the Court; and (2) the balance of the Settlement Proceeds (not less than 65% of the total) shall be used to satisfy the individual claim of Wiblyi as further explained in Section 2.05 and Exhibit 1, and also the claims of the Plans and Plan Participants.  The portion of the Settlement Proceeds designated for the Plans and Plan Participants shall be divided among the Plans and Plan Participants' respective plan accounts in the manner and amounts as shown in Exhibit 1.

**2.03 Payment of Attorneys' Fees and Costs.**

At the Fairness Hearing, Participants' Counsel will petition the District Court for an award of attorneys' fees and costs in the amounts of $422,000 for Participants' Counsel and $208,000 for Plan Plaintiffs' Counsel, Cranmore, FitzGerald & Meaney. Participants' Counsel and Plaintiff Plans' Counsel agree that this shall be in complete and final payment of any and all attorneys' fees and costs for the Lawsuits, including any fees and costs incurred in negotiating the Settlement, drafting this Agreement, and

obtaining Final Approval, and that Participants' Counsel and Plan Plaintiffs' Counsel shall not seek amounts any greater than those set forth above and shall not seek additional payment of costs and fees from any of the Defendants.  Each of the Defendants shall be responsible for payment of his/her/its own attorneys' fees and costs incurred in defense of the Lawsuits.  Other than as specifically required by this Agreement, none of the Defendants shall be responsible for any direct or incidental cost of administering this Agreement.

As set forth in Section 2.02, the Parties agree that the stated attorneys' fees and costs amounts, or any lesser sums approved by the Court, are to be paid from the Settlement Proceeds.  The Parties further agree that the difference between the attorney's fees and costs amounts specified in Sections 2.02 and 2.03 and any lesser sum ordered by the Court for fees and costs will be reallocated to the Plans receiving payments under this Settlement Agreement by multiplying this sum for each such Plan by a fraction, the numerator of which is the amount of the payment the Plan would get otherwise under this Agreement and the denominator is the amount to be otherwise paid to all Plans under this Agreement.

**2.04  Annuity Purchase for Wiblyi.**

Participants' Counsel will use up to the amount allocated for Wiblyi in Exhibit 1 to purchase an annuity product for Wiblyi and/or his wife, Patricia Wiblyi, on commercially reasonable terms that will guarantee that Wiblyi's wife, Patricia Wiblyi, should she survive Wiblyi, will receive $1,388.93 per month for the remainder of her

life.  Participants' Counsel shall cooperate in good faith with Plan Plaintiffs' Counsel and counsel for the Plans' trustees in finding an annuity product that achieves this goal.  In the event that the product purchased results in Wiblyi receiving an additional amount each month beyond his current single-life annuity of $1,388.93 per month, or results in Patricia Wiblyi receiving a monthly payment before Wiblyi should die, Wiblyi agrees for the remainder of his life to assign or pay, net of any applicable taxes, his existing $1,388.93 per month from his current single-life annuity to the WP-UAW Local 376 Plan and its successors. Wiblyi agrees to execute any contracts, assignment forms, or other documents as may be necessary to effectuate this arrangement. Wiblyi acknowledges that for his lifetime he is due only a single monthly payment of $1,388.93 from the Wasley defined benefit Plan and that his wife is due a monthly payment of $1,388.93 for the balance of her lifetime only upon Wiblyi's death. Within 30 days of the purchase of the annuity, Plaintiffs' Counsel shall provide written notice to Plan Plaintiff's counsel and to counsel for the Trustees of the insurer, terms, and cost of the annuity purchased.  In the event that the cost of the annuity is less than the amount set aside for this purpose as stated in Exhibit 1, the remainder shall be paid to the WP-UAW Local 376 Plan.

**2.05 Non-payment Contingency.**

If the Bulakites Defendants do not pay in trust to their counsel by 5 p.m. (Eastern time zone) on or before October 23, 2007 the sum they promised to pay as Settlement Proceeds as set forth in Section 2.01 of this Agreement, and as agreed to

16

before the Court, judgment shall enter (except in the <u>Wiblyi</u> case) against the Bulakites Defendants and in favor of Wasley Products, Inc. and Precision Molding Company, Inc., employers and plan sponsors of the Plans, on behalf of the Plans (and the participants in the Plans) in the amount of $1 million. Each of the Bulakites Defendants shall be jointly and severally liable for the judgment entered against them. None of the remaining Defendants shall have any liability for any unpaid portion of the Settlement Proceeds owed by the Bulakites Defendants.  Further, in the event of the Bulakites Defendants' failure to pay their portion of the Settlement Proceeds as specified in Section 2.01 of this Agreement, Plaintiffs agree that they shall seek further payments or damages only from the Bulakites Defendants and that the payment obligation of the remaining Defendants shall be limited to and not exceed the amounts specified in Section 2.01 of this Agreement.   Nothing in this Section 2.05 shall be construed in any way as precluding any of the Plaintiffs from seeking to enforce the judgment against any of the Bulakites Defendants, seeking attorneys' fees and costs from any of the Bulakites Defendants in enforcing the judgment, or seeking further damages or payment from any of the Bulakites Defendants.  No Defendant shall bring any claim, action, or seek indemnity or contribution from any other Defendant.

## SECTION 3:  RELEASES AND COVENANTS NOT TO SUE.

### 3.01 Releases.

Upon Final Approval, and except as specified in Sections 2.05 and 3.03, Wasley Products, Inc., plan sponsor of the Wasley Products, Inc. 401(k) Profit Sharing Plan and the Wasley Products, Inc. - U.A.W. Local 376 Retirement Plan and a predecessor plan, the Wasley Products, Inc. Retirement Plan; Precision Molding, Inc., plan sponsor of the Precision Molding, Inc. 401(k) Profit Sharing Plan; Wasley Products, Inc. (401) Profit Sharing Plan; Precision Molding, Inc. 401(k) Profit Sharing Plan; Wasley Products, Inc. - UAW Local 376 Retirement Plan; Gregory T. Prentiss; John Rizzi; Richard Seich; Dorothy Brown; Diane Chudzik; Howard Y. Achille; John M. Wiblyi; and Plan Participants do release and discharge and will have forever released, discharged and be barred as to all Defendants and Defendants' current and former parent corporations, their affiliates and related entities and each of their directors, officers, members, employees, agents, representatives, attorneys, successors and assigns, from:

> any and all actions, causes of action, claims, demands, liability, obligations, promises, rights and suits whatsoever, whether equitable, legal or administrative, whether arising under federal, state, local or foreign law, whether based on statute, ordinance, regulation, constitutional provision, common law, contract, the terms of any plan or any other source (including but not limited to claims under the Worker Adjustment and Retraining Notification Act, or claims under the Employee Retirement Income Security Act of 1974, whether past, present, or future, known or unknown, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, that were asserted in the Lawsuits, that could have been asserted in the Lawsuits, or that arise out of or relate to, in whole or in part, any of the facts, events, acts, omissions, transactions, or occurrences that were directly or indirectly alleged, asserted, or described in the Lawsuits.

**3.02 Covenant not to Sue.**

By operation of entry of the Final Approval, Wasley Products, Inc., plan sponsor of the Wasley Products, Inc. 401(k) Profit Sharing Plan and the Wasley Products, Inc. - U.A.W. Local 376 Retirement Plan and a predecessor plan, the Wasley Products, Inc. Retirement Plan; Precision Molding, Inc., plan sponsor of the Precision Molding, Inc. 401(k) Profit Sharing Plan; Wasley Products, Inc. (401) Profit Sharing Plan; Precision Molding, Inc. 401(k) Profit Sharing Plan; Wasley Products, Inc. - UAW Local 376 Retirement Plan; Gregory T. Prentiss; John Rizzi; Richard Seich; Dorothy Brown; Diane Chudzik; Howard Y. Achille; John M. Wiblyi; and Plan Participants expressly agree, except as specified in Section 3.03, that they, acting individually or in combination with others, will not institute, maintain, prosecute, sue or assert in any action or proceeding any claim released and barred as part of the Settlement nor will they accept the benefit of any action or proceeding brought by a third party.

**3.03    No Release or Covenant Regarding Certain Potential Future Claims of WP-UAW Local 376 Plan Underfunding Against Wasley Products, Inc.**

Nothing in this Agreement should be construed as releasing any rights or claims of the WP-UAW Local 376 Plan or the rights or claims of any of its participants and beneficiaries against the plan sponsor, Wasley Products, Inc., or its officers, directors, successors and assigns regarding unfunded liabilities of the WP-UAW Local 376 Plan. With this exception, it is expressly understood and agreed to

19

that participants in or beneficiaries of the WP-UAW Local 376 Plan shall have no right to make a claim and are forever barred from making any claims of liability alleged or that could have been alleged in the Lawsuits or for alleged underfunding arising out of actions or conduct related to the subject matter of the claims raised against the Defendants.

Wasley Products, Inc., including its officers, directors, successors, and assigns, expressly denies any wrongdoing or liability with respect to the funding of the WP-UAW Local 376 Plan and reserves all rights and defenses it now has or may have as to any claims, allegations, lawsuits, administrative proceedings, or other actions pertaining to the WP-UAW Local 376 Plan.

This Section shall not affect the Release and Covenant Not to Sue provided by the WP-UAW Local 376 Plans and its participants and beneficiaries to the Parties except for the Release and Covenant Not to Sue running to Wasley Products, Inc., its officers, directors, successors, and assigns.  This Section shall not affect the Releases and Covenants Not to Sue provided by Wasley Products, Inc. to any other Party.

### 3.04   Releases by Cross-Claim and Third Party Plaintiffs.

(a)      Upon Final Approval, and in recognition of the Releases provided in Section 3.01 and the Covenants Not to Sue provided in Section 3.02 of this Settlement Agreement, Wasley Products, Inc., Alan A. Wasley, Andrew Brady, Sandi Dumas-Laferriere and Barry Connell do release and discharge and will have forever released and discharged the Trustee Cross-Claims and the Wasley Third Party Complaint and be barred as to Barry Bulakites, James Winslow,

Joshua Adams Corp., Nationwide and Lincoln National and each of the aforementioned

Defendants' current and former parent corporations, their affiliates, and related entities and

each of their directors, officers, members, employees, agents, representatives, attorneys,

successors and assigns from:

> any and all actions, causes of action, claims, demands, liability,
> obligations, promises, rights and suits whatsoever, whether equitable,
> legal or administrative, whether arising under federal, state, local or
> foreign law, whether based on statute, ordinance, regulation,
> constitutional provision, common law, contract, the terms of any
> plan or any other source (including but not limited to claims under
> the Worker Adjustment and Retraining Notification Act, or claims
> under the Employee Retirement Security Act of 1974) whether past,
> present, or future, known or unknown, asserted or unasserted,
> foreseen or unforeseen, actual or contingent, liquidated or
> unliquidated, that were asserted in the Lawsuits, the Trustee Cross-
> Claims and the Wasley Third Party Complaint, or that arise out of or
> relate to, in whole or in part, any of the facts, events, acts, omissions,
> transactions, or occurrences that were directly or indirectly alleged,
> asserted, or described in the Lawsuits, the Trustee Cross-Claims and
> the Wasley Third Party Complaint.

(b)    Upon Final Approval, and in recognition of the Releases provided in Section 3.01

and the Covenants Not to Sue provided in Section 3.02 of this Settlement Agreement, Barry

Bulakites, James Winslow and Joshua Adams Corp. do release and discharge and will have

forever released and discharged the Bulakites Cross-Claim and be barred as to Wasley Products,

Inc., Alan A. Wasley, Andrew Brady, Sandi Dumas-Laferriere and Barry Connell and each of the

aforementioned Defendants' current and former parent corporations, their affiliates and related

entities and each of their directors, officers, members, employees, agents, representatives,

attorneys, successors and assigns, from:

any and all actions, causes of action, claims, demands, liability, obligations, promises, rights and suits whatsoever, whether equitable, legal or administrative, whether arising under federal, state, local or foreign law, whether based on statute, ordinance, regulation, constitutional provision, common law, contract, the terms of any plan or any other source (including but not limited to claims under the Worker Adjustment and Retraining Notification Act, or claims under the Employee Retirement Security Act of 1974) whether past, present, or future, known or unknown, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, that were asserted in the Lawsuits and the Bulakites Cross-Claims, or that arise out of or relate to, in whole or in part, any of the facts, events, acts, omissions, transactions, or occurrences that were directly or indirectly alleged, asserted, or described in the Lawsuits and the Bulakites Cross-Claims.

**3.05 Covenant Not to Sue by Cross-Claim and Third Party Plaintiffs.**

By operation of entry of the Final Approval, and in recognition of the Releases provided in § 3.01 and the Covenants Not to Sue provided in § 3.02 of this Settlement Agreement, Wasley Products, Inc., Alan A. Wasley, Andrew Brady, Sandi Dumas-Laferriere, Barry Connell, Barry Bulakites, James Winslow and Joshua Adams Corp. expressly agree that they, acting individually or in combination with others, will not institute, maintain, prosecute, sue or assert in any action or proceeding any claim released and barred as part of the Settlement.

**SECTION 4:  OTHER SETTLEMENT TERMS.**

**4.01 Plan Action to Effectuate Settlement.**

The Plans will adopt appropriate plan amendments apportioning the amounts shown in Exhibit 1 among the Plans and Plan Participant accounts, and shall amend the Plans in any other ways as may be necessary to implement the Settlement. Distribution to Plan Participants of amounts in Plan Participant accounts shall be

subject to Plan terms, laws, and regulations regarding plan distributions, including but not limited to the Employee Retirement Income Security Act ("ERISA") and the Internal Revenue Code.

### 4.02  Appointment of New Trustees.

(a) Within 30 days after the expiration of the appeal period applicable to the Court's order of Final Approval, the Plans will submit for the Court's approval the names of new plan trustees for the Wasley 401(k) Plan, the Precision 401(k) Plan, and the WP-UAW Local 376 Plan.  None of the Defendants may be appointed as trustees, and the new plan trustees must not be full-time employees of Defendants and must be unrelated to any of the individual Defendants by kinship or close personal relationship.  If a new trustee is a business entity, the Defendants cannot have any significant ownership interest in or control over the entity. Along with their request for approval, the Plans must submit proof that the new trustees and all plan investment fiduciaries are covered by commercially reasonable liability insurance policies in amounts rationally related to the scope of their duties.  Nothing in this Agreement shall preclude the current trustees of the Plans from continuing to serve in that capacity until such time as new trustees are appointed.

(b)    The Defendants will give any new trustees appointed under the terms of this Agreement full access to all data, information and calculations in Defendants' possession or under their control, including information contained in the records of the Plans' custodial trustees and other service providers, bearing on the distribution of

benefit payments, Participant account balances and current Plan assets, or otherwise reasonably necessary to the fulfillment of the trustee's duties.

(c) For a period of five years following the court's order of Final Approval, in the event that any of the new trustees' service is terminated for any reason, the affected Plan will notify the U.S. Department of Labor, in writing, within thirty (30) days of the termination, of the reason for the termination and of the identity and qualifications of its designee as successor, and shall inquire whether the Department of Labor has any objection to the selection of the replacement and the reason(s) for its objection if any.  The affected Plan shall submit to the Court a motion for approval of the successor trustee, including within its motion the identity and qualifications of the replacement, the Plan's efforts to contact the Department of Labor, and the Department of Labor's position if any.  If the Court does not rule upon the motion within 30 days of the date it is filed, the motion will be deemed granted and the successor trustee approved.  If the Court denies the motion,  the Plan will nominate another successor trustee under the procedure described in this paragraph.

**4.03 Prohibition on Certain Defendants Serving as Fiduciaries.**

As a condition of the Settlement, the following defendants agree not to serve as fiduciaries of any retirement plan governed by ERISA:

- Barry L. Bulakites

- James A. Winslow

- Joshua Adams Corporation, Adams Consulting, or any other business entity in which either Barry L. Bulakites or James A. Winslow have any significant ownership interest or control.

Further, once new trustees are appointed for the Plans in accordance with section 4.02 of this Agreement, Alan A. Wasley agrees not to serve as a trustee or named fiduciary of any of the Plans nor of any other group employee pension plan that may in the future be sponsored or maintained by Wasley Products, Inc. or Precision Molding Company, Inc. as a successor plan to any of the Plans.

## SECTION 5:  PROCEDURE.

### 5.01 Preliminary Approval of Settlement and Notice.

On or before October 9, 2007 the Parties shall jointly agree to submit this Settlement Agreement, together with the exhibits attached hereto, to the Court together with a motion asking the Court to preliminarily approve this Agreement and for the Court's determination that the Notice, as has been agreed upon by counsel for the Parties, and the plan of issuing the Notice are fair, reasonable, and adequate, and to set a date and time for a Fairness Hearing.  The Plaintiffs and Defendants in the Lawsuits shall jointly move the Court to enter the Order of Preliminary Approval attached hereto as Exhibit 2.

Any of the Parties may withdraw from this Settlement Agreement if the Court does not grant preliminary approval of a Settlement that includes substantially all of the terms and conditions of this Agreement.  Should any of the Parties elect to

withdraw from the Settlement pursuant to this section, the terms of section 5.06 shall take effect.

**5.02    Notice.**

Within 7 days of entry by the Court of an order of preliminary approval, and subject to approval by the Court, Participants' Counsel shall provide Notice substantially in the form set forth in Exhibit 3 to the Plan Participants in the manner approved by the Court.

**5.03    Cost of Notice.**

Participants' Counsel will pay 50% of the cost of locating and notifying Plan Participants for purposes of the Fairness Hearing on this Settlement and any other expenses necessary to achieve Final Approval and distribute the Settlement Proceeds and Plan Plaintiffs' Counsel, Cranmore, FitzGerald & Meaney, will pay the other 50%.

**5.04    Fairness Hearing.**

No fewer than thirty (30) days after issuance of the Notice to Plan Participants, a Fairness Hearing shall be held at the time and place specified by the Court.  The Parties shall appear at and participate in the Fairness Hearing as may be required to obtain Court approval of the Settlement Agreement as well as a determination that the Notice was issued as ordered.

 As part of the evaluation of the fairness of the terms and conditions of the Settlement Agreement pertaining to the <u>Wasley</u> and <u>Prentiss</u> cases, the Court at the

Fairness Hearing may also take into consideration the terms and conditions of the

Settlement Agreement pertaining to the <u>Wiblyi</u> case.

**5.05    Entry of Final Approval Order.**

At or shortly following the Fairness Hearing, the Plaintiffs and Defendants in

the Lawsuits shall jointly move the Court to enter an order granting Final Approval,

substantially in the form attached hereto as Exhibit 4.   The Plaintiffs and Defendants

shall request that the Court:

A.    enter Final Approval of the Settlement Agreement, subject to any

changes or amendments as may be mutually agreed to as a result of the

Fairness Hearing, and order dismissal of all of the Lawsuits, with

prejudice and;

B.    award attorneys' fees and costs for Participants' Counsel and Plan

Plaintiffs' Counsel consistent with the terms of this Agreement including

any adjustments that may be made pursuant to Sections 2.02 and 2.03.

Plaintiffs and Defendants shall execute any Stipulations of Dismissal or other

documents as may be required by the Court in order to dismiss of all of the Lawsuits.

**5.06    Effect of Failure to Grant Final Approval.**

If, after the Fairness Hearing, the Court refuses to grant Final Approval of the

Settlement, any Party shall have the right to declare this Settlement Agreement null

and void.  The terms and provisions of the Settlement Agreement shall have no

further force and effect with respect to the Parties and shall not be used for any other

purpose.  The Lawsuits will resume without prejudice to the rights of any of the Parties unless they renegotiate the settlement and obtain final approval of the renegotiated settlement.

**5.07 Changes.**

Although the Parties may agree to changes to the Settlement Agreement in order to resolve objections or otherwise to obtain the approval of the Court, nothing in this section or elsewhere in the Settlement Agreement shall be construed as requiring them to do so.

## VI.    MISCELLANEOUS

### A.    Cooperation.

The Parties acknowledge that it is in their best interests to consummate this Settlement Agreement and all of the terms and conditions contained herein and agree to cooperate fully with each other to effectuate and implement all of the terms and conditions herein.  The Parties will use their best efforts to accomplish consummation of this Settlement Agreement in accordance with its terms and obtain Court approval of this Agreement and all of its terms.

### B.    Entire Agreement.

Each party acknowledges and agrees that no representations or promises have been made to or relied upon by any of them or by any person acting for or on their behalf in connection with the subject matter of this Agreement which are not specifically set forth herein. All representations and promises made by any party to

another, whether in writing or orally, are understood by the parties to be merged in this Agreement.

### C.    Binding Effect.

This Agreement shall be binding upon and shall inure to the benefit of the Parties, their respective heirs, beneficiaries, personal representatives, successors and assigns.

### D.    Amendments.

This Agreement and all documents and instruments executed in connection herewith or in furtherance hereof may not be amended, modified or supplemented or any provision waived or discharged except by an instrument in writing signed by or on behalf of all Parties hereto (or their successors in interest). Any such instrument signed by corporate Parties shall be signed by an authorized agent. The instrument must contain an express reference as being such an amendment, modification, waiver or discharge. After issuance of an order granting Final Approval of this Settlement Agreement, any amendment, modification or supplement must also be approved by the Court.

### E.    Counterparts.

This Agreement may be signed in several counterparts, but all when taken together shall constitute but a single document when executed by all Parties. This Agreement shall not constitute the agreement of the Parties until such time as it has been executed by all Parties. Counsel for the Parties shall exchange among

themselves original signed counterparts and a complete set of original executed counterparts shall be filed with the Court.

**F.    Facsimile Signatures.**

Any Party may execute this Agreement by signing on the designated signature block below, and transmitting that signature page via facsimile to all counsel.  Any signature made and transmitted by facsimile for the purpose of executing this Agreement will be deemed an original signature for purposes of this Agreement, and will be binding upon the Party transmitting the signature by facsimile.

**G.    No Admission or Evidence of Liability.**

The Parties agree that neither this Settlement Agreement nor any act performed or document executed pursuant to or in furtherance of the Settlement:

      (1)    is or may be deemed to be or may be used as an admission or as evidence of the validity of any claims asserted in the Lawsuits, or of any wrongdoing or liability of the Defendants;

      (2)    is or may be deemed to be or may be used as an admission or evidence of any fault or omission of any Defendant in any civil, criminal, or administrative proceedings in any court, administrative agency, or other tribunal.

**H.    Costs and Fees.**

Except as otherwise expressly set forth herein, each party shall bear its own costs and fees with respect to every aspect of the Lawsuits, this Settlement Agreement, and all proceedings in relation to the entry of an order of Final Approval.

## I.    Exhibits.

All of the exhibits to this Settlement Agreement are material and integral part of the Agreement and are fully incorporated by reference.

## J.    Headings.

The descriptive headings contained in the Settlement Agreement are for convenience of reference only and shall not affect in any way the meaning or interpretation of the Settlement Agreement.

## K.    Governing Law.

The Settlement Agreement shall be construed under the Employee Retirement Income Security Act ("ERISA") as may be applicable and, to the extent not otherwise preempted by ERISA, the laws of the State of Connecticut, excluding its choice of law rules.

**THE NEXT PAGE IS THE SIGNATURE PAGE**

IN WITNESS HEREOF, the undersigned, Thomas G. Moukawsher, on behalf of the Wasley Products, Inc. 401(k) Profit Sharing Plan Participants, the Wasley Products, Inc. Retirement Plan Participants, the Precision Molding Company, Inc. 401(k) Profit Sharing Plan Participants, and the Wasley Products, Inc. UAW Local 376 Retirement Plan Participants, has caused this Settlement Agreement to be executed as of the date below:

Plan Participants

_____
Thomas G. Moukawsher
Their Attorney

State of Connecticut            SS: GROTON

County of NEW LONDON

On this 4th day of OCTOBER, 2007, before me, the undersigned officer, personally appeared Thomas Moukawsher known to me as the person whose name is subscribed to the foregoing Settlement Agreement, and he acknowledged that he was duly authorized to bind the Wasley Products, Inc. 401(k) Profit Sharing Plan Participants, the Wasley Products, Inc. Retirement Plan Participants, the Precision Molding Company, Inc. 401(k) Profit Sharing Plan Participants, and the Wasley Products, Inc. UAW Local 376 Retirement Plan Participants, and that he executed the foregoing Settlement Agreement for the purposes therein contained as his free act and deed, and the free act and deed of the Wasley Products, Inc. 401(k) Profit Sharing Plan Participants, the Wasley Products, Inc. Retirement Plan Participants, the Precision Molding Company, Inc. 401(k) Profit Sharing Plan Participants, and the Wasley Products, Inc. UAW Local 376 Retirement Plan Participants.

_____
Commissioner of the Superior Court
Notary Public MELISSA R MARTINEAU
My Commission Expires: 8/31/08

32

IN WITNESS HEREOF, the undersigned, GREGORY T. PRENTISS, has caused this Settlement Agreement to be executed as of the date below:

_____
Gregory T. Prentiss

State of Connecticut          SS:    Hartford

County of  Hertford

On this 5 day of October, 2007, before me, the undersigned officer, personally appeared GREGORY T. PRENTISS, known to me as the person whose name is subscribed to the foregoing Settlement Agreement, and he acknowledged that he executed the foregoing Settlement Agreement for the purposes therein contained as his free act and deed.

_____
Commissioner of the Superior Court
Notary Public
My Commission Expires:

CINDY L. GAMARRA
Notary Public-Connecticut
My Commission Expires
August 31, 2012

33

IN WITNESS HEREOF, the undersigned, JOHN RIZZI, has caused this Settlement Agreement to be executed as of the date below:

_____

John Rizzi

State of Connecticut     SS:   Bristol

County of   HARTFORD

On this 4TH day of October, 2007, before me, the undersigned officer, personally appeared JOHN RIZZI, known to me as the person whose name is subscribed to the foregoing Settlement Agreement, and he acknowledged that he executed the foregoing Settlement Agreement for the purposes therein contained as his free act and deed.

_____

~~Commissioner of the Superior Court~~

Notary Public

My Commission Expires: 10-31-2008

34

IN WITNESS HEREOF, the undersigned, DOROTHY BROWN, has caused this Settlement Agreement to be executed as of the date below:

Dorothy Brown
Dorothy Brown

State of Connecticut          SS:   PLAINVILLE

County of   HARTFORD

On this 4TH day of OCTOBER, 2007, before me, the undersigned officer, personally appeared DOROTHY BROWN, known to me as the person whose name is subscribed to the foregoing Settlement Agreement, and she acknowledged that she executed the foregoing Settlement Agreement for the purposes therein contained as her free act and deed.

~~Commissioner of the Superior Court~~
Notary Public
My Commission Expires:  10-31-2008.

35

IN WITNESS HEREOF, the undersigned, DIANE CHUDZIK, has caused this Settlement Agreement to be executed as of the date below:

_Diane Chudzik_
Diane Chudzik

State of Connecticut      SS:    _PLAINVILLE_

County of   _HARTFORD_

On this _4TH_ day of _OCTOBER_, 2007, before me, the undersigned officer, personally appeared DIANE CHUDZIK, known to me as the person whose name is subscribed to the foregoing Settlement Agreement, and she acknowledged that she executed the foregoing Settlement Agreement for the purposes therein contained as her free act and deed.

Commissioner of the Superior Court
Notary Public
My Commission Expires: _10-31-2008_

IN WITNESS HEREOF, the undersigned, HOWARD Y. ACHILLE, has caused this Settlement Agreement to be executed as of the date below:

_Howard Y. Achille_

Howard Y. Achille

State of Connecticut          SS:   _PLAINVILLE_

County of  _HARTFORD_

On this _4TH_ day of _OCTOBER_, 2007, before me, the undersigned officer, personally appeared HOWARD Y. ACHILLE, known to me as the person whose name is subscribed to the foregoing Settlement Agreement, and he acknowledged that he executed the foregoing Settlement Agreement for the purposes therein contained as his free act and deed.

Commissioner of the Superior Court
Notary Public
My Commission Expires:  _10-31-2008_

37

IN WITNESS HEREOF, the undersigned, JOHN M. WIBLYI, has caused this Settlement Agreement to be executed as of the date below:

_John Wiblyi_

John M. Wiblyi

State of Connecticut          SS:    *BRISTOL*

County of   *HARTFORD*

On this _4TH_ day of _OCTOBER_, 2007, before me, the undersigned officer, personally appeared JOHN M. WIBLYI, known to me as the person whose name is subscribed to the foregoing Settlement Agreement, and he acknowledged that he executed the foregoing Settlement Agreement for the purposes therein contained as his free act and deed.

Commissioner of the Superior Court
Notary Public
My Commission Expires: _10-31-2008_

38

IN WITNESS HEREOF, the undersigned, WASLEY PRODUCTS, INC., acting herein by_____, duly authorized, has caused this Settlement Agreement to be executed as of the date below:

Wasley Products, Inc.

Its: _President_____

State of Connecticut          SS:

County of Hartford

On this _4_ day of _October_, 2007, before me, the undersigned officer, personally appeared _Alan Wasley_, known to me as the person whose name is subscribed to the foregoing Settlement Agreement, and he/she acknowledged that he/she was duly authorized to bind WASLEY PRODUCTS, INC. and that he/she executed the foregoing Settlement Agreement for the purposes therein contained as his/her free act and deed, and the free act and deed of WASLEY PRODUCTS, INC.

Commissioner of the Superior Court
Notary Public
My Commission Expires: _7-31-08_

39

IN WITNESS HEREOF, the undersigned, PRECISION MOLDING CO., INC., acting herein by _____, duly authorized, has caused this Settlement Agreement to be executed as of the date below:

Precision Molding Co., Inc.

Its: _President_

State of Connecticut        SS:

County of Hartford

On this 4 day of October, 2007, before me, the undersigned officer, personally appeared Alan Wasley, known to me as the person whose name is subscribed to the foregoing Settlement Agreement, and he/she acknowledged that he/she was duly authorized to bind PRECISION MOLDING CO., INC. and that he/she executed the foregoing Settlement Agreement for the purposes therein contained as his/her free act and deed, and the free act and deed of PRECISION MOLDING CO., INC.

Commissioner of the Superior Court
Notary Public
My Commission Expires: 7·31·08

40

IN WITNESS HEREOF, the undersigned, ALAN A. WASLEY, has caused this Settlement Agreement to be executed as of the date below:

_____
Alan A. Wasley

State of Connecticut                    SS:

County of  Hartford

On this  4  day of  October , 2007, before me, the undersigned officer, personally appeared ALAN A. WASLEY, known to me as the person whose name is subscribed to the foregoing Settlement Agreement, and he acknowledged that he executed the foregoing Settlement Agreement for the purposes therein contained as his free act and deed.

_____
Commissioner of the Superior Court
Notary Public
My Commission Expires:  7-31-08

41

IN WITNESS HEREOF, the undersigned, ANDREW BRADY, has caused this Settlement Agreement to be executed as of the date below:

_____
Andrew Brady

State of Connecticut                    SS:

County of *Litchfield*

On this _4_ day of *October*, 2007, before me, the undersigned officer, personally appeared ANDREW BRADY, known to me as the person whose name is subscribed to the foregoing Settlement Agreement, and he acknowledged that he executed the foregoing Settlement Agreement for the purposes therein contained as his free act and deed.

_____
Commissioner of the Superior Court
Notary Public
My Commission Expires: *7-31-2010*

42

IN WITNESS HEREOF, the undersigned, SANDI DUMAS-LAFERRIERE, has caused this Settlement Agreement to be executed as of the date below:

_Sandi Dumas-Laferriere_
Sandi Dumas-LaFerriere

State of Connecticut          SS: Uncasville

County of New London

On this 4 day of October, 2007, before me, the undersigned officer, personally appeared SANDI DUMAS-LAFERRIERE, known to me as the person whose name is subscribed to the foregoing Settlement Agreement, and she acknowledged that she executed the foregoing Settlement Agreement for the purposes therein contained as her free act and deed.

_Ericka J. Winstead_
Commissioner of the Superior Court
Notary Public
My Commission Expires: 10/31/2008

ERICKA J. WINSTEAD
NOTARY PUBLIC
MY COMMISSION EXPIRES 10-31-2008

43

IN WITNESS HEREOF, the undersigned, BARRY CONNELL, has caused this Settlement Agreement to be executed as of the date below:

_Barry Connell_
Barry Connell

State of Connecticut          SS: Sagadahoc

County of

On this 5 day of October , 2007, before me, the undersigned officer, personally appeared BARRY CONNELL, known to me as the person whose name is subscribed to the foregoing Settlement Agreement, and he acknowledged that he executed the foregoing Settlement Agreement for the purposes therein contained as his free act and deed.

_April L. Patterson_
~~Commissioner of the Superior Court~~
Notary Public
My Commission Expires:

April L. Patterson
Notary Public, Maine
My Commission Expires March 29, 2013

44

IN WITNESS HEREOF, the undersigned, BARRY L. BULAKITES, has caused this Settlement Agreement to be executed as of the date below:

_____

Barry L. Bulakites

State of Connecticut                    SS:

County of

On this 4th day of October, 2007, before me, the undersigned officer, personally appeared BARRY L. BULAKITES, known to me as the person whose name is subscribed to the foregoing Settlement Agreement, and he acknowledged that he executed the foregoing Settlement Agreement for the purposes therein contained as his free act and deed.

_____

Commissioner of the Superior Court
Notary Public
My Commission Expires:

45

IN WITNESS HEREOF, the undersigned, JAMES A. WINSLOW, has caused this Settlement Agreement to be executed as of the date below:

_____
James A. Winslow

State of Connecticut          SS: New Haven .

County of  New Haven

On this 5th day of October , 2007, before me, the undersigned officer, personally appeared JAMES A. WINSLOW, known to me as the person whose name is subscribed to the foregoing Settlement Agreement, and he acknowledged that he executed the foregoing Settlement Agreement for the purposes therein contained as his free act and deed.

_____          ERIC P. SMITH
Commissioner of the Superior Court
~~Notary Public~~
~~My Commission Expires:~~

46

IN WITNESS HEREOF, the undersigned, JOSHUA ADAMS CORPORATION, acting herein by_____, duly authorized, has caused this Settlement Agreement to be executed as of the date below:

Joshua Adams Corporation

Its: _____President_____

State of Connecticut          SS: New Haven

County of New Haven

On this 5th day of October, 2007, before me, the undersigned officer, personally appeared James Winslow, known to me as the person whose name is subscribed to the foregoing Settlement Agreement, and he/she acknowledged that he/she was duly authorized to bind JOSHUA ADAMS CORPORATION and that he/she executed the foregoing Settlement Agreement for the purposes therein contained as his/her free act and deed, and the free act and deed of JOSHUA ADAMS CORPORATION.

Eric P Smith

_____
Commissioner of the Superior Court
Notary Public
My Commission Expires:

47

IN WITNESS HEREOF, the undersigned, NATIONWIDE LIFE INSURANCE CO. OF AMERICA, acting herein by *Edward J. Zapisek* duly authorized, has caused this Settlement Agreement to be executed as of the date below:

Nationwide Life Insurance Co. of America

_____
*Edward J. Zapisek*

Its: *Vice President & Actuary*
_____

*Commonwealth of Pennsylvania*
~~State of Connecticut~~                SS:

County of *Chester*

On this *4* day of *October*, 2007, before me, the undersigned officer, personally appeared *Edward Zapisek*, known to me as the person whose name is subscribed to the foregoing Settlement Agreement, and he/she acknowledged that he/she was duly authorized to bind NATIONWIDE LIFE INSURANCE CO. OF AMERICA and that he/she executed the foregoing Settlement Agreement for the purposes therein contained as his/her free act and deed, and the free act and deed of NATIONWIDE LIFE INSURANCE CO. OF AMERICA.

_____
*Valerie E. Osiecki*
~~Commissioner of the Superior Court~~
Notary Public
My Commission Expires:

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
VALERIE E. OSIECKI, Notary Public
Tredyffrin-Easttown, Chester County
My Commission Expires January 10, 2011

48

IN WITNESS HEREOF, the undersigned, LINCOLN NATIONAL LIFE INSURANCE CO., acting herein by ___Joyce E. Line___, duly authorized, has caused this Settlement Agreement to be executed as of the date below:

Lincoln National Life Insurance Co.

Its: ___Assistant Vice President___

State of ~~Connecticut~~ Indiana    SS:

County of    Allen

On this _4th_ day of _October_, 2007, before me, the undersigned officer, personally appeared _Joyce E. Line_, known to me as the person whose name is subscribed to the foregoing Settlement Agreement, and he/she acknowledged that he/she was duly authorized to bind LINCOLN NATIONAL LIFE INSURANCE CO., and that he/she executed the foregoing Settlement Agreement for the purposes therein contained as his/her free act and deed, and the free act and deed of LINCOLN NATIONAL LIFE INSURANCE CO.

Commissioner of the Superior Court
Notary Public
My Commission Expires:

CONNIE M COLE
NOTARY PUBLIC STATE OF INDIANA
ALLEN COUNTY
MY COMMISSION EXP. APR. 7, 2009

49

IN WITNESS HEREOF, the undersigned, RICHARD SEICH has caused this Settlement Agreement to be executed as of the date below:

_Richard Seich_ (signature)

Richard Seich

State of Connecticut                SS:    *BERLIN*

County of    *HARTFORD*

    On this *5TH* day of *OCTOBER*, 2007, before me, the undersigned officer, personally appeared RICHARD SEICH, known to me as the person whose name is subscribed to the foregoing Settlement Agreement, and he acknowledged that he executed the foregoing Settlement Agreement for the purposes therein contained as his free act and deed.

_____

~~Commissioner of the Superior Court~~

Notary Public

My Commission Expires:  *12-31-2008*

# EXHIBITS

1.    Apportionment of Settlement Proceeds (to be filed under seal)

2.    Proposed Order of Preliminary Approval

3.    Notice

       a.    Notice to Plan Participants in the Wasley Products, Inc. 401(k) Profit Sharing Plan;

       b.    Notice to Plan Participants in the Precision Molding Company, Inc. 401(k) Plan;

       c.    Notice to Plan Participants in the Wasley Products, Inc.-U.A.W. Local 376 Retirement Plan.

4.    Proposed Order of Final Approval