# EXHIBIT 3c

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WASLEY PRODUCTS, INC., PRECISION MOLDING CO., INC, individually and on behalf of WASLEY PRODUCTS, INC. UAW LOCAL 376 RETIREMENT PLAN,  PRECISION MOLDING CO., INC., 401(k) PROFIT SHARING PLAN, and WASLEY PRODUCTS, INC. 401(k) PROFIT SHARING PLAN, | : : : : : : : : : : | CIVIL ACTION NO. 3:03 CV 00383 (MRK)(LEAD) |
| Plaintiffs, | : : | |
| v. | : : | |
| BARRY L. BULAKITES, JAMES A. WINSLOW, JOSHUA ADAMS CORP. NATIONWIDE LIFE INSURANCE CO. OF AMERICA, LINCOLN NATIONAL LIFE  INSURANCE CO., | : : : : : : | |
| Defendants. | : : | OCTOBER     , 2007 |
| GREGORY T. PRENTISS, JOHN RIZZI, RICHARD SEICH, and DOROTHY BROWN each individually and on behalf of the Wasley Products, Inc. 401(k) Profit Sharing Plan, and the Wasley Products, Inc. Retirement Plan; DIANE CHUDZIK, individually and on behalf of the Precision Molding Company, Inc. 401(k) Profit Sharing Plan, and HOWARD Y. ACHILLE, individually and on behalf of the Wasley Products, Inc. UAW Local 376 Retirement Plan, | : : : : : : : : : : : : : | CIVIL ACTION NO. 3:03 CV 00383 (MRK)(LEAD) (3:03 CV1790 (MRK)) |
| Plaintiffs, | : : | |
| v. | : | |

|  |  |  |
|---|---|---|
| WASLEY PRODUCTS, INC., ALAN A. WASLEY, ANDREW BRADY, SANDI DUMAS-LAFERRIERE, BARRY CONNELL, BARRY L. BULAKITES, JAMES A. WINSLOW, JOSHUA ADAMS CORPORATION, PRECISION MOLDING CO.,INC., NATIONWIDE LIFE INSURANCE CO. OF AMERICA and LINCOLN NATIONAL LIFE INSURANCE CO., | : : : : : : : : : : : : |  |
| Defendants. | : : | OCTOBER  , 2007 |
| JOHN M. WIBLYI, individually and on behalf of the Wasley Products, Inc., Retirement Plan, | : : : : | CIVIL ACTION NO. 3:03 CV 00383 (MRK)(LEAD) (No. 3:06cv1435 (MRK)) |
| Plaintiffs, | : : |  |
| v. | : : |  |
| WASLEY PRODUCTS, INC., ALAN A. WASLEY, SANDI DUMAS-LAFERRIERE, BARRY L. BULAKITES, JAMES A. WINSLOW, NATIONWIDE LIFE INSURANCE CO. OF AMERICA and LINCOLN NATIONAL LIFE INSURANCE CO. | : : : : : : : : : |  |
| Defendants. | : | OCTOBER  , 2007 |

# The Wasley Products, Inc. U.A.W. Local 376 Retirement Plan Could Get Additional Money to Support its Obligations from a Proposed Lawsuit Settlement.

*A court authorized notice. This is not a solicitation from a lawyer. This notice affects your rights. Please read it carefully*

2

**Moukawsher & Walsh, LLC (860) 278-7000     DATE:  , 2007**

This Notice is provided to you pursuant to the Federal Rules of Civil Procedure and by Order of the United States District Court for the District of Connecticut (the "Court").

- UAW member and plan participant Howard Achille has sued Wasley Products and the other Defendants listed on page 1 alleging they violated federal law when managing the Wasley Products, Inc. U.A.W. Local 376 Retirement Plan ("WP-UAW Local 376 Plan"), leaving the plan without enough money to pay promised benefits. Wasley Products earlier filed a similar lawsuit against certain Defendants.

- While the federal government stands behind the plan's promise to pay benefits, plan benefits are supposed to be funded by the plan sponsor.

- This settlement will neither decrease nor increase the amount of money owed to you as a pension benefit.

- It will make the Plan more financially sound, and lessen the chance that you will have to rely on federal insurance to pay your benefits.

- The Court has allowed the lawsuit relating to the alleged misappropriation of funds and lack of adequate funding to be certified as being brought on behalf of the plan and covering all plan participants as well as two other Wasley plans and their participants.

- The Court has not decided whether Wasley Products and the other Defendants did anything wrong.

- Instead, the court-appointed Participants' Counsel, the participants' representative, and the Defendants have agreed to a Settlement of

3

**Moukawsher & Walsh, LLC (860) 278-7000    DATE:  , 2007**

$1.8 million to be allocated among all three Wasley plans and their participants.

- This notice explains your legal rights and options.

## *Basic Information*

### Why am I getting this notice?

You are being sent this notice because WP-UAW Local 376 Plan records list you as a Plan Participant.

### What's the lawsuit about?

The Lawsuit claims that the Defendants violated the Federal Employee Retirement Income Security Act of 1974 (the law known as "ERISA") by failing to safeguard plan assets and failing to adequately fund the WP-UAW Local 376 Plan. The Lawsuit seeks to recover from the Defendants plan contributions owed to the WP-UAW Local 376 Plan and benefits owed to participants in the 401(k) plans sponsored by Wasley Products, Inc. and Precision Molding, Inc. In addition to this Lawsuit, there are two other lawsuits that have been included as part of the Proposed Settlement. One of the lawsuits was brought by Wasley Products, Inc., the Wasley Products 401(k) Plan Sponsor, and others alleging that certain of the Defendants were responsible for mismanagement of the Wasley Products 401(k) Plan, the WP-UAW Local 376 Plan and certain other employee retirement plans sponsored and maintained by Wasley Products, Inc. and Precision Molding Company, Inc. That lawsuit is called <u>Wasley Products, Inc. v. Bulakites, et al.</u>, Civil Action No. 3:03 CV 0383 (MRK). The other lawsuit was brought by John Wiblyi, a participant in a previous defined benefit plan sponsored by Wasley Products, Inc. alleging that certain defendants wrongfully managed his benefits, including the survivor benefit for his spouse. That lawsuit is called <u>John Wiblyi v. Wasley Products, Inc., et al.</u>, Civil Action No. 3:06 CV 1435 (MRK).

## What does the Court's certifying the action mean and who is involved?

This Lawsuit was filed by Plan Participant Howard Achille on behalf of the WP-UAW Local 376 Plan. He is called the "Participants Representative". He participates on behalf of the plan and represents all the other Plan Participants in the lawsuit. The Plan Participants are called "the Plaintiffs." They sued four companies and six people:

- Barry L. Bulakites
- James A. Winslow
- Joshua Adams Corp.
- Wasley Products, Inc.
- Nationwide Life Ins. Co. of America
- Lincoln National Life Ins. Co.
- Alan A. Wasley
- Sandi Dumas-Laferriere
- Andrew Brady
- Barry Connell

These people are called "the Defendants." By certifying the case, one court resolves certain issues for all Plan Participants regardless whether they might wish to opt in or out of the Lawsuit.

## Why was this case certified?

The Court decided that this Lawsuit should be certified because, like in a class action lawsuit, the Court determined that the Plan Participants' interests could best be served by resolving all possible claims in one case. Specifically, the Court found that:

5

- There are legal questions and facts that are common to each plan participant.

- The Participants Representative's claims are typical of the claims of other plan participants.

- The Participants Representative and the court-appointed Participants' Counsel represent the plan participants fairly and adequately.

- The common legal questions and facts are more important than questions that affect only individuals.

- Certifying the action will be more efficient than having many individual lawsuits.

## Am I included in the lawsuit?

All participants in the WP-UAW Local 376 Plan are covered by the lawsuit. Based on plan records, we believe you are a Plan Participant and you will be bound by the result of this lawsuit whether it is settled or not.

## Am I represented by an attorney?

The Court has appointed Thomas G. Moukawsher, Esq. of Moukawsher & Walsh, LLC as attorney to represent you and other participants. This lawyer is called "Participants' Counsel". You will not be charged for this lawyer. More information about Participants' counsel can be found at www.mwlawgroup.com or by contacting him as indicated below.

## How do the Defendants answer?

The Defendants have denied the various claims made by the Plaintiffs in the Lawsuit. The court has not yet decided in favor of any party in the Lawsuit. A special master retained in the Wasley Products case determined that $715,332.44 in checks Wasley Products wrote relating to the WP-UAW Local 376 Plan and other employee benefit plans remain unaccounted for. There is disagreement between the Defendants about whether this amount determined by the Special Master is accurate. Also, some of the Defendants claim that other Defendants for whom they were not responsible diverted

the missing money and are otherwise solely responsible for losses or shortfalls in these employee benefits plans. The Defendants accused of taking the missing money deny wrongdoing and assert, in part, that the WP-UAW Local 376 Plan and certain other employee benefit plans were not properly funded. The case has been defended vigorously and, until now, the parties have agreed on little.

## Why is there a settlement?

The Court did not decide in favor of Plaintiffs or Defendants. Participants' Counsel believes that *if* the plaintiffs won a trial they could have won substantially more money than will be provided by the settlement. But the WP-UAW Local 376 Plan settlement is only a partial one, and the WP-UAW Local 376 Plan and its Participants are not releasing every possible claim they had or may have regarding the alleged underfunding of the WP-UAW Local 376 Plan, and there may be claims that can be brought in the future. The Defendants think the Plaintiffs would not have won anything from a trial. But there was no trial. Instead, with the Court's help, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will get compensation. The Participants Representative and the attorneys think the settlement is best for all Plan Participants.

## *The Settlement Benefits – What the Plan Will Get*

### How was the Plan's share of the settlement calculated?

The $1.8 million settlement includes three Wasley Products related pension plans—the Wasley Products 401(k) Plan, the Precision Molding 401(k) Plan and the WP-UAW Local 376 Plan. After being reduced for attorneys' fees and to resolve the Wiblyi case, the settlement proceeds are divided according to the special master's conclusions about how much money was diverted from each plan. Under the settlement, each plan is getting back a significant amount of the money lost represented by the missing checks. The amount of funds being restored to the WP-UAW Local 376 Plan is shown on the attachment to this Notice. Again, the settlement will not increase or decrease the benefits due to you under the Plan terms.

There is also a claim that each of the plans was underfunded—money that should have been earmarked for the plans was never contributed. The settlement gives participants in the Wasley 401(k) Plan and the Precision Molding 401(k) Plan a sum of money for this shortfall; in exchange they give up the right to ask for any more. A

certain amount of the alleged shortfall is attributable to these employees' own contributions.

But there is also a claim the 100% employer-funded WP-UAW Local 376 Plan was also underfunded. While reduced by the missing check proceeds, this alleged shortfall is not being eliminated by the settlement. In exchange for the return of a sum of money to the WP-UAW Local 376 Plan, Participants are giving up the right to seek further compensation based on or related to the alleged funding shortfall caused by the missing check proceeds. However, Participants still retain whatever rights they may have to bring claims relating to the alleged funding shortfall caused by factors independent of the missing check proceeds.

## What is the plan giving up to get these payments?

Some of the defendants were in the case only because of the allegation that the proceeds of checks written for the Plans never made it to the Plans. And many of the allegations in the case have nothing to do with underfunding the plans. Those defendants and those claims are being released and a significant portion of the missing checks settlement money is being given to the WP-UAW Local 376 Plan. The defendants being completely released are

- Barry L. Bulakites
- James A. Winslow
- Joshua Adams Corp.
- Nationwide Life Ins. Co. of America
- Lincoln National Life Ins. Co.
- Sandi Dumas-Laferriere
- Andrew Brady
- Barry Connell

While, in exchange for the settlement proceeds, you are releasing claims against the Defendants about the missing checks, you are not giving up the right to bring a claim

8

relating to any other alleged causes of potential underfunding of or inability to pay benefits under the WP-UAW Local 376 Plan.

### Can I opt out of the settlement?

You may not opt out of the settlement, but you can object to the settlement and ask to the Court to reject it.

## *Objecting to the Settlement.*

You can tell the Court that you don't agree with the settlement or some part of it.

### How do I tell the Court that I don't like the settlement?

If you're a Participant, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the settlement proposed in *Prentiss v. Wasley Products, Inc.* 3:03 CV 00383 (MRK)(LEAD). Be sure to include your name, address, telephone number, your signature, and the reasons you object to the settlement. Mail the objection to each of the addresses listed below postmarked no later than **October   , 2007**:

| **Court** | **Participants' Counsel** |
|---|---|
| Clerk of the Court | Thomas G. Moukawsher |
| U.S.D.C. Connecticut | Moukawsher & Walsh, LLC |
| 141 Church Street | 21 Oak St.; Suite 209 |
| New Haven, CT 06510 | Hartford, CT 06106 |

## *The Court's Fairness Hearing.*

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

## When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at XX pm on XX, 2007 at the United States District Court for the District of Connecticut, XX, Connecticut. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The judge will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to the attorneys who represented the Plans involved in the lawsuits identified in this Notice and Plan Participants. After the hearing, the Court will decide whether to approve the settlement. We don't know how long these decisions will take.

## Do I have to come to the hearing?

No. Participants' Counsel will answer questions the judge may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

## May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Prentiss v. Wasley Products, Inc.* 3:03 CV 00383 (MRK)(LEAD). Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than **XX, 2007.** It should be mailed to each of the following:

| **Court** | **Participants' Counsel** |
|---|---|
| Clerk of the Court | Thomas G. Moukawsher |
| U.S.D.C. Connecticut | Moukawsher & Walsh, LLC |
| 141 Church Street | 21 Oak St.; Suite 209 |
| New Haven, CT 06510 | Hartford, CT 06106 |

**Moukawsher & Walsh, LLC (860) 278-7000     DATE:  , 2007**

## *If You Do Nothing.*

### What happens if I do nothing?

If you do nothing and the Court approves the settlement, the WP-UAW Local 376 Plan trust will be paid the settlement proceeds described on the sheet accompanying this notice.

### How will the lawyers be paid?

Participants' Counsel will ask the Court to approve payment of fees in the amount of $422,000 for his firm and $208,000 for the attorneys for the various plans affected by the Proposed Settlement, Cranmore, FitzGerald & Meaney. These fees would pay these attorneys for investigating the facts, litigating the case, and negotiating the settlement. The Court may award less than these amounts. These fees will be paid out of the Settlement Proceeds. Participants' Counsel has determined that after the payment of these fees Participants in all of the Plans involved in these lawsuits will receive no less than 65% of the total amount of the Settlement Proceeds.

## *Getting More Information*

### Are there more details about the settlement?

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement by writing to Thomas G. Moukawsher, Moukawsher & Walsh, LLC, 21 Oak Street, Suite 209, Hartford, CT 06106.

### How do I get more information?

You can call Melissa Martineau, at Moukawsher & Walsh, LLC at (860) 278-7000 to get answers to your questions about the settlement.

### How do I contact Participants' Counsel?

You can call or write Participants' Counsel Thomas G. Moukawsher at Moukawsher & Walsh, LLC, 21 Oak Street, Suite 209, Hartford, CT 06106, (860) 278-7000.

**Moukawsher & Walsh, LLC (860) 278-7000       DATE:   , 2007**