# EXHIBIT B

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WASLEY PRODUCTS, INC., PRECISION MOLDING CO., INC, individually and on behalf of WASLEY PRODUCTS, INC.-UAW LOCAL 376 RETIREMENT PLAN, PRECISION MOLDING CO., INC., 401(k) PROFIT SHARING PLAN, and WASLEY PRODUCTS, INC. 401(k) PROFIT SHARING PLAN, | : : : : : : : : : | CIVIL ACTION NO. 3:03 CV 00383 (MRK)(LEAD) |
| Plaintiffs, | : : | |
| v. | : : | |
| BARRY L. BULAKITES, JAMES A. WINSLOW, JOSHUA ADAMS CORP. NATIONWIDE LIFE INSURANCE CO. OF AMERICA, LINCOLN NATIONAL LIFE INSURANCE CO., | : : : : : : | |
| Defendants. | : : | OCTOBER 9, 2007 |
| GREGORY T. PRENTISS, JOHN RIZZI, RICHARD SEICH, and DOROTHY BROWN each individually and on behalf of the Wasley Products, Inc. 401(k) Profit Sharing Plan, and the Wasley Products, Inc. Retirement Plan; DIANE CHUDZIK, individually and on behalf of the Precision Molding Company, Inc. 401(k) Profit Sharing Plan, and HOWARD Y. ACHILLE, individually and on behalf of the WASLEY PRODUCTS -UAW LOCAL 376 RETIREMENT PLAN, | : : : : : : : : : : : : : : | CIVIL ACTION NO. 3:03 CV 00383 (MRK)(LEAD) (3:03 CV1790 (MRK)) |
| Plaintiffs, | : : | |
| v. | : | |

| | |
|---|---|
| WASLEY PRODUCTS, INC., : | |
| ALAN A. WASLEY, ANDREW : | |
| BRADY, SANDI DUMAS-LAFERRIERE, : | |
| BARRY CONNELL, BARRY L. : | |
| BULAKITES, JAMES A. WINSLOW, : | |
| JOSHUA ADAMS CORPORATION, : | |
| PRECISION MOLDING CO.,INC., : | |
| NATIONWIDE LIFE INSURANCE : | |
| CO. OF AMERICA and LINCOLN : | |
| NATIONAL LIFE INSURANCE CO., : | |
| : | |
| Defendants. : | OCTOBER 9, 2007 |
| : | |
| JOHN M. WIBLYI, individually and on : | CIVIL ACTION NO. |
| behalf of the Wasley Products, Inc., : | 3:03 CV 00383 (MRK)(LEAD) |
| Retirement Plan, : | (No. 3:06cv1435 (MRK)) |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | |
| : | |
| WASLEY PRODUCTS, INC., : | |
| ALAN A. WASLEY, SANDI : | |
| DUMAS-LAFERRIERE, BARRY L. : | |
| BULAKITES, JAMES A. WINSLOW, : | |
| NATIONWIDE LIFE INSURANCE : | |
| CO. OF AMERICA and LINCOLN : | |
| NATIONAL LIFE INSURANCE CO. : | |
| : | |
| Defendants. : | OCTOBER 9, 2007 |

# Declaration of Thomas G. Moukawsher

I, Thomas G. Moukawsher, state and declare as follows, and would testify to the same under oath if called as a witness:

1.     I am an attorney licensed to practice in the State of Connecticut. I was admitted to the Connecticut bar in 1986. I am a shareholder in Moukawsher & Walsh, L.L.C., 21 Oak Street, Suite 209, Hartford, Connecticut. Since 1995, I have practiced almost exclusively in the field of employee benefits and litigation under the Employee Retirement Income Security Act ("ERISA"). I have successfully litigated several hundred ERISA cases involving hundreds of millions of dollars.

2.     I graduated *cum laude* from the University of Connecticut School of Law in 1986. I was admitted to practice in 1986. In addition to my Connecticut bar membership, I am admitted to practice before the United States Supreme Court; the First, Second, Third, Sixth, Seventh and Ninth Circuit Courts of Appeals; the Southern District of New York; the Eastern District of New York; the Northern District of New York; the District of Connecticut, and the District of Arizona. In addition, I have been admitted *pro hac vice* in many federal district courts throughout the country.

3.     During 1998-2000, in the wake of a 13-year fraudulent scheme involving a 401(k) plan, I represented pension plan participants in *Briere v. Emergi-Lite, Inc.*, No. 398CV01558 (SRU) and *Briere v. Moore, No.*, 398CV00983 (WWE) (D.Conn.). During this ERISA breach of fiduciary duty litigation, I was able to secure by agreement the return millions of dollars of stolen pension funds, interest, expenses and all attorneys' fees, despite the fact that the third party administrator who embezzled the funds was uninsured and judgment proof and despite the fact that the fund was not covered by

the Pension Benefit Guarantee Fund or trustee insurance. The case received repeated national recognition including on the CBS and ABC Evening News, a <u>Money</u> magazine cover story, and several features on television in Japan where 401k's were being examined for the first time.

4. From 1997 to 1999, I was counsel to the plaintiffs in *Adamczyk v. Lever Bros.*, 991 F. Supp. 931(N.D. Ill. 1997), where I represented plaintiffs in the Northern District of Illinois at Chicago, a case involving disclosure duties under ERISA. Following legal rulings by the Court, the case was resolved by agreement on behalf of all plaintiffs. The case resulted in the first published opinions on several important questions related to this species of breach of fiduciary duty in the Illinois district courts and the Seventh Circuit generally.

5. I was counsel to the plaintiff in *Mullins v. Pfizer*, 23 F.3d 663 (2d Cir. 1994), a case involving disclosure duties under ERISA. *Mullins*, overturning a district court decision, became one of the first decisions in the nation to recognize that employer/fiduciaries can be held liable for failing to disclose information in response to questions about benefit enhancements considered but not yet adopted. *Mullins* has been the subject of numerous scholarly and journalistic works about ERISA law. In 2001, the case ended after 11 years following a bench decision in favor of the plaintiff. *Mullins v. Pfizer*, 147 F. Supp. 2d 95 (D.Conn. 2001).

6. From 1996-2001, I was counsel to the plaintiff in *Bins v. Exxon*, 220 F.3d 1042 (9th Cir. 2000)(en banc). The *Bins* case was the first case in which the Ninth

Circuit Court of Appeals, via an eleven-judge en banc panel, recognized a breach of fiduciary duty claim similar to the one at issue in *Mullins*. The decisions in the case were reported in media across the country as major new precedents, and the en banc argument during which I represented Mr. Bins was broadcast on C-SPAN. During 2001, the *Bins* case was among the topics at a number of ERISA litigation conferences, including the American Bar Association's June 2001 ERISA conference at which I participated as a member of the faculty.

7. From 1996 to 2001, I was counsel to 89 plaintiffs in an ERISA disclosure case, *Hudson v. General Dynamics*, 118 F. Supp. 2d 226 (D.Conn. Oct. 16, 2000). This case was the nation's first reported recovery by plaintiffs who were misled concerning pending retirement plan changes prior to the onset of "serious consideration."

8. I was counsel to the plaintiffs in *Caputo v. Pfizer, Inc.*, 26 F.3d 181 (2d Cir. 2001), a case involving ERISA disclosure. The plaintiffs' successful appeal in this case resulted in an important Second Circuit ruling on the ERISA statute of limitations and the so-called "serious consideration" test. In the decision, the Court of Appeals rejected the views of the majority of other circuits and, at the plaintiffs' urging, took an expansive view of the statute of limitations and reinforced the Court's prior rejection of the "serious consideration" test.

9. I was counsel to the plaintiffs in *Mathews v. Chevron Corp.*, 362 F.3d 1172 (9th Cir., 2004), a case involving the scope of "appropriate equitable relief" under

5

ERISA. Mathews reversed a strong trend in the Ninth Circuit of narrow views of equitable remedies in ERISA cases.

10. In 2004, after a two-week trial and an eight-year legal battle, I won a multi-million judgment in the District of Connecticut for benefits against Northeast Utilities in *Broga v. Northeast Utilities*, 315 F. Supp. 2d 212 (D.Conn. 2004).

11. In 2005, I won a summary judgment worth over $3 million in benefits in favor of Cingular workers in *Parry v. SBC*, 363 F. Supp. 2d 275 (D.Conn. 2005).

12. In 2006, I won a nationally-reported decision from the District of Connecticut effectively nullifying a billion-dollar cash balance pension plan in *Richards v. FleetBoston,* 427 F. Supp. 2d 150 (D.Conn. 2006).

13. In 2007, I won a hard-fought class action certification from the Northern District of New York concerning millions of dollars in disputed severance payments in *Thompson v. Linvatec*, 2007 U.S. Dist. LEXIS 37711 (N.D.N.Y. May 22, 2007) and a decision adopting a broad view of 401 (k) participant standing in *Champagnie v. Kaufman*, 2007 U.S. Dist. LEXIS 40033 (D. Conn., June 1, 2007).

14. For 2006 and 2007, by a survey of Connecticut lawyers, I was chosen among the top 5% of lawyers in the state. I was the only plaintiffs' employee-benefits lawyer chosen.

15. In addition to maintaining a full-time practice as described above, I regularly lecture on the subject of employee benefits law at seminars sponsored by the American Bar Association and others. I currently am co-chair of the ABA Benefit

Claims and Individual Rights Subcommittee. I served as co-editor of the ABA's ERISA newsletter and am a contributing author and editor of the ABA book on ERISA, *Employee Benefits Law*. For the second year in a row, I will give a guest lecture on ERISA law at Georgetown University Law Center.

16. This case included a number of complex legal issues including fiduciary status under ERISA, the ERISA statute of limitations, representative actions, and how *respondeat superior* applies under ERISA. The factual issues were equally complex, requiring counsel to sort through decades of plan accounting, banking, and recordkeeping documents as well as requiring counsel to sort out the relative losses and settlement proceeds for the participants in four different ERISA plans. It also involved a representative action like a class action.

17. My firm has worked on this case without pay for nearly four years. Discovery required us to sort through thousands of pages of documents stretching over many years. The three docket sheets in the lawsuits show 32 docket entrees by Moukawsher & Walsh, including 13 substantive briefs. My firm has worked on settlement negotiations for over a year and has already spent five months trying to implement the settlement.

18. My firm was engaged by the Representatives' Participants on a contingent fee basis. As is typical of our fee agreements the agreement in this case called for us to recover 33 1/3% of the total recovery. The proposed settlement gives

7

Moukawsher & Walsh, LLC 23% of the settlement fund, over 10% less than the applicable fee agreement.

19.   It is my firm's practice to only accept this type of litigation on a basis that ensures we recover no less than a percentage of the recovery. And, as a practical matter, litigants like the Participants' Representatives could not afford to sue so many well-represented Defendants on any other basis.

20.   Based on my experience and particularly my work with other ERISA litigators through the ABA, the market rate for lawyers in ERISA litigation across the country is 30-33% of any recovery plus costs. I believe this is the rate an experienced ERISA attorney would negotiate before suing. Therefore, the 23% fee we have requested is below market rate.

I declare under penalty of perjury that the foregoing is true and correct, except as to matters stated on information and belief, and as to those, I believe them to be true. Executed at Hartford, Connecticut on October 9, 2007.

                    /s/ Thomas G. Moukawsher
                    Thomas G. Moukawsher
                    Moukawsher & Walsh, LLC
                    21 Oak Street, Suite 209
                    Hartford, CT 06106