## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WASLEY PRODUCTS, INC., PRECISION MOLDING CO., INC, individually and on behalf of WASLEY PRODUCTS, INC. UAW LOCAL 376 RETIREMENT PLAN, PRECISION MOLDING CO., INC., 401(k) PROFIT SHARING PLAN, and WASLEY PRODUCTS, INC. 401(k) PROFIT SHARING PLAN, | : : : : : : : : : | CIVIL ACTION NO. 3:03 CV 00383 (MRK)(LEAD) |
| Plaintiffs, | : : | |
| v. | : : | |
| BARRY L. BULAKITES, JAMES A. WINSLOW, JOSHUA ADAMS CORP. NATIONWIDE LIFE INSURANCE CO. OF AMERICA, LINCOLN NATIONAL LIFE INSURANCE CO., | : : : : : : : | |
| Defendants. | : : | OCTOBER 19, 2007 |
| GREGORY T. PRENTISS, JOHN RIZZI, RICHARD SEICH, and DOROTHY BROWN each individually and on behalf of the Wasley Products, Inc. 401(k) Profit Sharing Plan, and the Wasley Products, Inc. Retirement Plan; DIANE CHUDZIK, individually and on behalf of the Precision Molding Company, Inc. 401(k) Profit Sharing Plan, and HOWARD Y. ACHILLE, individually and on behalf of the Wasley Products, Inc. UAW Local 376 Retirement Plan, | : : : : : : : : : : : : : : | CIVIL ACTION NO. 3:03 CV 00383 (MRK)(LEAD) (3:03 CV1790 (MRK)) |
| Plaintiffs, | : : | |

|  |  |
|---|---|
| v. | : |
| WASLEY PRODUCTS, INC., ALAN A. WASLEY, ANDREW BRADY, SANDI DUMAS-LAFERRIERE, BARRY CONNELL, BARRY L. BULAKITES, JAMES A. WINSLOW, JOSHUA ADAMS CORPORATION, PRECISION MOLDING CO.,INC., NATIONWIDE LIFE INSURANCE CO. OF AMERICA and LINCOLN NATIONAL LIFE INSURANCE CO., | : |
| Defendants. | OCTOBER 19, 2007 |
| JOHN M. WIBLYI, individually and on behalf of the Wasley Products, Inc., Retirement Plan, | CIVIL ACTION NO. 3:03 CV 00383 (MRK)(LEAD) (No. 3:06cv1435 (MRK)) |
| Plaintiffs, | |
| v. | |
| WASLEY PRODUCTS, INC., ALAN A. WASLEY, SANDI DUMAS-LAFERRIERE, BARRY L. BULAKITES, JAMES A. WINSLOW, NATIONWIDE LIFE INSURANCE CO. OF AMERICA and LINCOLN NATIONAL LIFE INSURANCE CO. | |
| Defendants. | OCTOBER 19, 2007 |

## Order of Preliminary Approval

This matter is before the Court on the parties' Joint Motion for Preliminary Approval of Settlement. This Order pertains to all three of the member cases included within the Master Consolidated Case: <u>Wasley Products, Inc., et al. v . Barry</u>

2

Bulakites, et al., Civil No. 3:03 CV 383 (MRK/WIG); Prentiss et al. v. Wasley Products, Inc., et al., Civil No. 3:03 CV 1790 (MRK/WIG); and Wiblyi v. Wasley Products, Inc., et al., Civil No. 3:06 CV 01435 (MRK/WIG) (collectively referred to as the "Lawsuits").

The Court has reviewed the proposed Settlement Agreement together with all exhibits thereto (all of which are incorporated by reference therein). The Court has also reviewed the Joint Motion for Preliminary Approval of Settlement and supporting memoranda and exhibits attached. In determining whether the terms of the proposed settlement are within the range of possible approval under the requirements of both the Employee Retirement Income Security Act ("ERISA") and Federal Rule of Civil Procedure 23.1 and whether such terms are sufficient to warrant notice and a fairness hearing, the Court has fully considered the comprehensive terms of the Settlement Agreement, the submissions of counsel, and all other matters of record brought to the Court's attention.

In light of the foregoing, it is hereby ORDERED as follows:

1. To the extent they are not otherwise defined in this Order, capitalized terms used herein shall have the definitions ascribed to them in the Settlement Agreement.

2. The Settlement Agreement (attached to the Joint Motion for Preliminary Approval of Settlement) is properly before this Court for preliminary approval under

Federal Rule of Civil Procedure 23.1. The Court concludes that the proposed settlement falls within the range of possible approval and that there is, therefore, good reason to notify the Plan Participants of the proposed Settlement and proceed with a full Fairness Hearing.

3. A Fairness Hearing shall be held in the United States District Court for the District of Connecticut, at **Bridgeport,** 915 Lafayette Blvd., Courtroom 435, Connecticut before the Court on **December 10**, 2007, at 1:30 p.m. to determine: (1) whether the proposed settlement, on the terms and conditions provided for in the Settlement Agreement on file with the Court, should be finally approved by the Court as fair, reasonable and adequate; and (2) whether the Lawsuits, including all cross-claims, counterclaims, and third-party actions included as part of the Lawsuits, should be dismissed on the merits and with prejudice under the terms of the Settlement Agreement. Following the Fairness Hearing, the Court may grant final approval of the proposed settlement with any modifications agreed to by the Parties and without further notice to the Plan Participants.

4. The proposed Notices to Plan Participants for each of the Plans, substantially in the form of Exhibit 3 to the Settlement Agreement, are hereby approved.

5. Costs of providing Notice to Plan Participants shall be paid as set forth in the Settlement Agreement.

6.    Participants' Counsel shall cause the Notices, substantially in the form attached as Exhibit 3 to the Settlement Agreement, to be made available to the Plan Participants in the following manner:

    a.    The appropriate Notice shall be mailed by first-class mail, postage prepaid, to each person known or believed to be a participant in the Plans. Participants' Counsel shall take customary and reasonable steps to obtain new addresses and forward the Notice to all persons with respect to whom the Notice is returned as undeliverable;

    b.    If any participants cannot be found, Notice shall be published three times over a period of two consecutive weeks in *The Hartford Courant*;

    c.    Notice shall be made available for public inspection during business hours between date of this Order and the date of the Fairness Hearing set forth in paragraph 3 above at the offices of Participants' Counsel and at the offices of the Clerk of the United States District Court in Hartford, New Haven and Bridgeport, Connecticut. Participants' Counsel shall provide the Clerk's office in each location with sufficient copies of the Notice within five business days of this Order.

7.    The Court finds that the Notices given in substantially the forms of Exhibit 3 to the Settlement Agreement and in the manner provided in paragraph 6 of this Order are the best practicable notice and are reasonably calculated, under the

circumstances, to apprise the Plan Participants (a) of the pendency of the Lawsuits, (b) of the proposed settlement, and (c) that the final order subsequent to the Fairness Hearing will bind all Plan Participants. The Court further finds that such notice is reasonable and that it constitutes valid, due, adequate, and sufficient notice to the Plan Participants, in compliance with Federal Rule of Civil Procedure 23.1.

8. As Exhibit 1 to the Settlement Agreement, regarding apportionment of the Settlement Proceeds, includes personal, confidential information regarding Plan Participants, it is hereby ordered that Exhibit 1 be filed under seal. Although each Plan Participant shall be apprised of the approximate amount of the Settlement Proceeds, if any, that is designated for his or her plan account, Exhibit 1 shall not be included in any copies of the Settlement Agreement available for public inspection or in copies provided to other Plan Participants.

9. On or before the date of the Fairness Hearing, Participants' Counsel shall provide written notice to the Court (with copies to all of other counsel) that the Notice requirements have been carried out in accordance with this Order.

10. Plan Participants who comply with the requirements of this paragraph may object to any aspect of the proposed settlement. Any Plan Participant who wishes to object to, or comment on, the proposed settlement by coming to the hearing and providing oral comments to the Court, must write to the Clerk of the Court at the United States District Court, _915 Lafayette Blvd Bridgeport, CT 06604_, at least ten days

6

prior to the date of the Fairness Hearing, giving the Plan Participant's name, address and, if available, a phone number. Alternatively, a Plan Participant may call or write Participants' Counsel with any objections to, or comments on, the proposed settlement at least 10 days prior to the hearing. Participants' Counsel shall provide copies of all written communications from Plan Participants containing comments on, or objections to, the proposed settlement to all other counsel within one (1) business day after such communication is received. Participants' Counsel shall also provide all other counsel with the names and addresses of all absent Plan Participants who call Participants' Counsel with comments or objections, together with a description of such objections or comments, within one (1) business day after such communication is received. Any Plan Participant who does not, without good and sufficient cause as determined by the Court, either call the Clerk of the Court or write or call Participants' Counsel with comments on, or objections to, the proposed settlement at least 10 days prior to the Fairness Hearing shall not be permitted to comment on, or object to, the proposed settlement.

11. Pending entry of an Order granting final approval of the settlement, all discovery and all proceedings in the Lawsuits are stayed, except for proceedings relating to the proposed settlement.

12. In the event that the proposed settlement (including any revisions, modifications or amendments as may be mutually agreed to by the Parties) does not

become effective or is disapproved, then the Settlement Agreement shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before the Court entered this Order.

**IT IS SO ORDERED.**

DATE: ___10/17/07___