# EXHIBIT 4

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WASLEY PRODUCTS, INC., PRECISION MOLDING CO., INC, individually and on behalf of WASLEY PRODUCTS, INC. UAW LOCAL 376 RETIREMENT PLAN, PRECISION MOLDING CO., INC., 401(k) PROFIT SHARING PLAN, and WASLEY PRODUCTS, INC. 401(k) PROFIT SHARING PLAN, | : : : : : : : : : | CIVIL ACTION NO. 3:03 CV 00383 (MRK)(LEAD) |
| Plaintiffs, | : : | |
| v. | : : | |
| BARRY L. BULAKITES, JAMES A. WINSLOW, JOSHUA ADAMS CORP. NATIONWIDE LIFE INSURANCE CO. OF AMERICA, LINCOLN NATIONAL LIFE INSURANCE CO., | : : : : : : | |
| Defendants. | : : | OCTOBER    , 2007 |
| GREGORY T. PRENTISS, JOHN RIZZI, RICHARD SEICH, and DOROTHY BROWN each individually and on behalf of the Wasley Products, Inc. 401(k) Profit Sharing Plan, and the Wasley Products, Inc. Retirement Plan; DIANE CHUDZIK, individually and on behalf of the Precision Molding Company, Inc. 401(k) Profit Sharing Plan, and HOWARD Y. ACHILLE, individually and on behalf of the Wasley Products, Inc. UAW Local 376 Retirement Plan, | : : : : : : : : : : : : : : | CIVIL ACTION NO. 3:03 CV 00383 (MRK)(LEAD) (3:03 CV1790 (MRK)) |
| Plaintiffs, | : : | |
| v. | : | |

| | |
|---|---|
| WASLEY PRODUCTS, INC., ALAN A. WASLEY, ANDREW BRADY, SANDI DUMAS-LAFERRIERE, BARRY CONNELL, BARRY L. BULAKITES, JAMES A. WINSLOW, JOSHUA ADAMS CORPORATION, PRECISION MOLDING CO.,INC., NATIONWIDE LIFE INSURANCE CO. OF AMERICA and LINCOLN NATIONAL LIFE INSURANCE CO., : Defendants. | : OCTOBER  , 2007 |
| JOHN M. WIBLYI, individually and on behalf of the Wasley Products, Inc., Retirement Plan, : Plaintiffs, v. | CIVIL ACTION NO. 3:03 CV 00383 (MRK)(LEAD) (No. 3:06cv1435 (MRK)) |
| WASLEY PRODUCTS, INC., ALAN A. WASLEY, SANDI DUMAS-LAFERRIERE, BARRY L. BULAKITES, JAMES A. WINSLOW, NATIONWIDE LIFE INSURANCE CO. OF AMERICA and LINCOLN NATIONAL LIFE INSURANCE CO. : Defendants. | OCTOBER  , 2007 |

# [Proposed] Order of Final Approval

The motion for an Order of Final Approval of the Settlement Agreement (attached hereto as Exhibit A) jointly filed by the parties in the above-captioned consolidated cases, was heard by the Court on _____, 2007.

After full consideration of the memorandum submitted in support of the motion for Order of Final Approval, as well as the proceedings at the Fairness Hearing, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. This Order pertains to all three of the member cases included within the Master Consolidated Case: <u>Wasley Products, Inc., et al. v. Barry Bulakites, et al.</u>, Civil No. 3:03CV383 (MRK/WIG)(LEAD); <u>Prentiss, et al. v. Wasley Products, Inc., et al.</u>, Civil No. 3:03CV1790 (MRK/WIG); and <u>Wiblyi v. Wasley Products, Inc., et al.</u>, Civil No. 3:06CV01435 (MRK/WIG) (collectively referred to as the "Lawsuits"),

2. The Court has jurisdiction over the subject matter of the Lawsuits described in the Settlement Agreement (the recitals and definitions of which are incorporated by reference herein), as well as the Parties, the Plans and the Plan Participants as those terms are defined and described in the Settlement Agreement.

3. On May 31, 2006, the Court certified this case as a representative action brought on behalf of the Wasley Products 401(k) Plan under ERISA §502(a)(2) and covering all participants in that plan. On June 5, 2007, the Court broadened the certification to include the Precision Molding 401(k) Plan and the WP-UAW Local 376 Plan (collectively referred to as the "Plans").

4. By a Settlement Agreement attached as Exhibit A, the Parties agreed upon a proposed settlement to submit to the Court for preliminary approval. On October XX, 2007 the Court issued an order preliminarily approving the Settlement Agreement and the Parties' proposed notice to the Plans' Participants reporting the proposed settlement and the scheduling of a November XX, 2007 Fairness Hearing thereon (the "Notice").

5. The Court finds that Participants' Counsel has: (1) caused the Notice to be mailed by first-class mail, postage prepaid, to each person known or believed to be a Plan Participant; (2) taken customary and reasonable steps to obtain new addresses and forward the Notice to all persons with respect to whom the Notice was returned as undeliverable as recited in the Declaration of Melissa Martineau filed with the Court on October XX, 2007; and [if any participants can't be found] (3) caused notice of the proposed settlement to be published three times over two consecutive weeks in *The Hartford Courant*. The Court finds that the foregoing procedures fully and accurately informed all Plan Participants of all material elements of the Lawsuits, the proposed Settlement Agreement, and the binding nature of the proposed Settlement Agreement if approved by the Court. The Court finds further that the Notice constituted the best notice practicable under the circumstances,

constituted valid, due, and sufficient notice to all Plan Participants and complied fully with the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.

6. On November XX, 2007 the Court held a Fairness Hearing as set forth in the Notice.

7. [If some participants cannot be located]. Attached to this Judgment and Order as Exhibit 2 is a list of all Plan Participants who, despite diligent effort, could not be located and whose claims the Parties ask the Court to dismiss with prejudice pursuant to the Settlement Agreement.

8. In assessing the reasonableness of the compromise proposed in the Amended Settlement Agreement, the Court has carefully considered and balanced a number of factors, including: (1) the complexity, expense and likely duration of the Lawsuits, (2) the reaction of the Plan Participants to the settlement, (3) the stage of the proceedings and the amount of discovery completed, (4) the risks of establishing liability, (5) the risks of establishing damages, (6) the risks of maintaining the representative action through the trial, (7) the ability of the Defendants to withstand a greater judgment, (8) the range of reasonableness of the settlement fund in light of the best possible recovery, (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant

risks of litigation. *See In re State Police Litig.*, 1999 U.S. Dist. LEXIS 21491, 3-5 (D. Conn. 1999).

9. Taking into consideration the factors set forth above, this Court finds that the terms of the settlement as set forth in the Settlement Agreement are fair, reasonable, and adequate to the Plans and Plan Participants and accordingly hereby enters an Order of Final Approval of the Settlement Agreement.

10. The Court finds that the portion of the Settlement Proceeds to be paid to Participants' Counsel and the Plans' Counsel is fair, reasonable, and adequate.

11. The Court approves the settlement distribution to the Plan Participants accounts in the amounts set forth in Exhibit 1 to the Settlement Agreement (filed under seal).

12. The Court orders the Parties to carry out the provisions of the Settlement Agreement.

13. The Court hereby dismisses the Lawsuits listed in the Settlement Agreement and all claims made therein on the merits with prejudice, including all claims of the named parties and the participants in the Plans and all crossclaims, counterclaims, and Third-Party Complaints.

14. Upon the effective date of this Order, the Plan Participants will have forever released and discharged all Defendants in the

Lawsuits in accordance with and as governed by the terms and conditions of the Settlement Agreement.

15. The following Defendants are enjoined from serving as fiduciaries of any ERISA-governed retirement plan:

- Barry L. Bulakites.

- James A. Winslow.

- Joshua Adams Corporation, Adams Consulting, or any other business entity in which either Barry L. Bulakites or James A. Winslow have any significant ownership interest or control.

Further, once new trustees are appointed for the Plans in accordance with the terms of the Settlement Agreement, Alan A. Wasley agrees not to serve as a trustee or named fiduciary of any of the Plans nor of any other group employee pension plan that may in the future be sponsored or maintained by Wasley Products, Inc. or Precision Molding Company, Inc. as a successor plan to any of the Plans.

16. Within 30 days after the expiration of the appeal period applicable to the Court's Order of Final Approval, the Plans will submit for the Court's approval the names of new plan trustees for the Wasley 401(k) Plan, the Precision 401(k) Plan, and the WP-UAW Local 376 Plan. None of the Defendants may be appointed as trustees, and the new plan

7

trustees must not be full-time employees of Defendants and must be unrelated to any of the individual Defendants by kinship or close personal relationship. If a new trustee is a business entity, the Defendants cannot have any significant ownership interest in or control over the entity. Along with their request for approval, the Plans must submit proof that the new trustees and all plan investment fiduciaries are covered by commercially reasonable liability insurance policies in amounts rationally related to the scope of their duties. Nothing in this Agreement shall preclude the current trustees of the Plans from continuing to serve in that capacity until such time as new trustees are appointed.

17. Without in any way affecting the finality of this Order, this Court reserves exclusive and continuing jurisdiction over this action and the claims released here for the purpose of (i) supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement, the Releases, Preliminary Approval Order, and this Order; (ii) enforcing the compliance of any party with the terms of the Settlement Agreement, the Releases, and this Order.

18. Neither this Order nor the Settlement Agreement shall constitute an admission by any of the Defendants of any liability or wrongdoing whatsoever, nor is this Order a finding of the validity or invalidity of any

claims in the Lawsuits or a finding of any wrongdoing by the Defendants. Neither this Order nor the Settlement Agreement, the fact of settlement, the settlement proceedings, the settlement negotiations, and any related document, shall be offered or received in evidence as an admission, concession, presumption or inference against any party in any proceeding other than (i) in such proceedings as may be necessary to enforce the Settlement Agreement, or (ii) in any subsequent action against or by any person released under the settlement to support a defense of *res judicata*, collateral estoppel, release, or other theory of claim preclusion, issue preclusion, or similar defense.

Accordingly, the Court hereby directs entry of this Order Approving Settlement and Dismissing Claims Against all Defendants and dismisses all claims and causes of action in the Lawsuits on the merits, with prejudice.

This is a recommended ruling. Within ten days after being served a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of the Court.

IT IS SO ORDERED

_____
William I. Garfinkel
United States Magistrate Judge