UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WASLEY PRODUCTS, INC., PRECISION MOLDING CO., INC, individually and on behalf of WASLEY PRODUCTS, INC. UAW LOCAL 376 RETIREMENT PLAN, PRECISION MOLDING CO., INC., 401(k) PROFIT SHARING PLAN, and WASLEY PRODUCTS, INC. 401(k) PROFIT SHARING PLAN, | : : : : : : : : : | CIVIL ACTION NO. 3:03 CV 00383 (MRK)(LEAD) |
| Plaintiffs, | : : | |
| v. | : : | |
| BARRY L. BULAKITES, JAMES A. WINSLOW, JOSHUA ADAMS CORP. NATIONWIDE LIFE INSURANCE CO. OF AMERICA, LINCOLN NATIONAL LIFE INSURANCE CO., | : : : : : : | |
| Defendants. | : : | MAY 7, 2008 |
| GREGORY T. PRENTISS, JOHN RIZZI, RICHARD SEICH, and DOROTHY BROWN each individually and on behalf of the Wasley Products, Inc. 401(k) Profit Sharing Plan, and the Wasley Products, Inc. Retirement Plan; DIANE CHUDZIK, individually and on behalf of the Precision Molding Company, Inc. 401(k) Profit Sharing Plan, and HOWARD Y. ACHILLE, individually and on behalf of the Wasley Products, Inc. UAW Local 376 Retirement Plan, | : : : : : : : : : : : : : | CIVIL ACTION NO. 3:03 CV 00383 (MRK)(LEAD) (3:03 CV1790 (MRK)) |
| Plaintiffs, | : : | |
| v. | : | |

|  |  |  |
|---|---|---|
| WASLEY PRODUCTS, INC., ALAN A. WASLEY, ANDREW BRADY, SANDI DUMAS-LAFERRIERE, BARRY CONNELL, BARRY L. BULAKITES, JAMES A. WINSLOW, JOSHUA ADAMS CORPORATION, PRECISION MOLDING CO.,INC., NATIONWIDE LIFE INSURANCE CO. OF AMERICA and LINCOLN NATIONAL LIFE INSURANCE CO., | : : : : : : : : : : : : : | |
| Defendants. | : : | MAY 7, 2008 |

# Motion for Immediate Enforcement
# of Settlement Agreement

The plaintiffs respectfully request the Court for an order immediately enforcing the settlement agreement in the above-captioned matter.[1] The plaintiffs request the order because the defendant Wasley 401(k) Plan and the defendant Precision 401(k) Plan, together with their trustees, have breached the settlement agreement in the following ways:

---

[1] The Court retained jurisdiction over this action under paragraph 17 of its Final Approval Order:

> Without in any way affecting the finality of this Order, this Court reserves exclusive and continuing jurisdiction over this action and the claims released here for the purpose of (i) supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement, the Releases, Preliminary Approval Order, and this Order; (ii) enforcing the compliance of any party with the terms of the Settlement Agreement, the Releases, and this Order.

## 1.    The Trustees refuse to allow the Plaintiffs' to take any part of their 401(k) Benefits.

The Settlement Agreement (Exhibit 1) requires the Plans subject to legal requirements to distribute the settlement proceeds to Plan Participants:

**4.01 Plan Action to Effectuate Settlement.**

The Plans will adopt appropriate plan amendments apportioning the amounts shown in Exhibit 1 among the Plans and Plan Participant accounts, and shall amend the Plans in any other ways as may be necessary to implement the Settlement. Distribution to Plan Participants of amounts in Plan Participant accounts shall be subject to Plan terms, laws, and regulations regarding plan distributions, including but not limited to the Employee Retirement Income Security Act ("ERISA") and the Internal Revenue Code.

Like all other provisions of the Agreement the Agreement requires the Parties to interpret the language subjecting distribution rights to the requirements of law in good faith and for the purpose effectuating the purposes of the settlement—to benefit plan participants.[2]

Participants' Counsel has repeatedly requested the Plans and the Trustees to make provision for and allow the fixed sums paid into the 401(k) Plans as settlement proceeds for the benefit of the plan participants to be rolled out or otherwise distributed to plan participants while the trustees seek to determine the precise

---

[2] Under Section VI. A. of the October 5, 2007 Settlement Agreement:

> The Parties acknowledge that it is in their best interests to consummate this Settlement Agreement and all of the terms and conditions contained herein and agree to cooperate fully with each other to effectuate and implement all of the terms and conditions herein. The Parties will use their best efforts to accomplish consummation of this Settlement Agreement in accordance with its terms and obtain Court approval of this Agreement and all of its terms.

amounts of the remaining account balances and seek IRS approval for termination of the plan.

On April 29, 2008 counsel for the trustees told Participants' Counsel that the trustees refuse to allow any distributions from the 401(k) Plans until the plans are terminated with IRS approval. The Trustees claimed that: (1) the Plans do not allow partial distributions and, despite the Settlement Agreement, the Trustees refuse to amend the Plans to permit them, and (2) that the trustees would declare any distributions from the Plans to be not from a qualified plan because the "plan paperwork is a mess." Counsel for the Trustees said he had "no idea" how long the process would take.

An IRS-approved termination of the Plans could take years. Distributions from plans with "messy paperwork" and without an IRS approved termination take place every day. IRS approval is neither universal nor necessary for a plan to be qualified and for distributions to be entitled to the tax treatment of a payment from a qualified plan. In fact, one of the largest groups of ERISA-governed defined benefit pension plans in the country—cash balance plans—almost all operate without IRS letters determining that they are qualified plans. Yet these plans have operated for over a decade, rolling over lump sum benefits and paying annuities without any question from the IRS about whether they are qualified payments.

Here the trustees appear to have placed their interests in excessive protection for themselves above the interests of plan participants who have waited through five

4

years of litigation for the restoration of their missing funds.  Participants' Counsel respectfully requests the Court to order the trustees to make the necessary amendments to distribute the settlement portions of the participants' 401(K) benefits and to withdraw their threat to declare any distributions as being from a non-qualified plan.  Participants' Counsel also requests that the Court declare any such distributions to be made from a qualified cash or deferred arrangement under IRC 401(k).

**2.     New Trustees have still not been appointed.**

Under Section 4.02 (a) of the October 5, 2007 Settlement Agreement: "[w]ithin 30 days [2/08/08] after the expiration of the appeal period [1/09/08] applicable to the Court's order of Final Approval [12/10/07], the Plans will submit for the Court's approval the names of new plan trustees for the Wasley 401(k) Plan, the Precision 401(k) Plan, and the WP-UAW Local 376 Plan… Nothing in this Agreement shall preclude the current trustees of the Plans from continuing to serve in that capacity until such time as new trustees are appointed."

The Trustees' Counsel tells Participants' Counsel that it is negotiating with a firm to act as trustees, but these same representations have been made for months without new trustees being named.  Because of this delay and the defendants' apparent indifference to the interests of plan participants in speedy reforms in plan administration, Participants' Counsel asks the Court for an order setting a timetable for the 401(k) Plans, Plan Sponsors and Trustees to act on appointing trustees and

taking the steps necessary to terminate the Plans with appropriate sanctions for non compliance—Participants' Counsel proposes $500 per day payable jointly and severally by the Plan Sponsors and Trustees. Participants' Counsel also asks that the Plan Sponsors and Trustees be required to pay the reasonable costs of this motion under ERISA §502(g).

        Respectfully submitted,
        THE PLAN PARTICIPANTS
        Gregory T. Prentiss, John Rizzi, Richard Seich, Dorothy Brown, Diane Chudzik, and Howard Y. Achille,

        By: /s/ Thomas G. Moukawsher
        Thomas G. Moukawsher (ct08940)
        Ian O. Smith (ct24135)
        Moukawsher & Walsh, LLC
        Capitol Place, 21 Oak Street, Ste. 209
        Hartford, CT 06106
        (860) 278-7000
        (860) 548-1740 (fax)

        Counsel for Plan Participants

## CERTIFICATE OF SERVICE

I certify that on May 7, 2008 a copy of this motion was filed electronically. Notice will be sent by e-mail to all parties by the Court's electronic filing system. Parties may access this through the Court's system.

Theodore J. Tucci
Jean Elizabeth Tomasco,
Robinson & Cole
280 Trumbull Street
Hartford, CT 06103

Joseph V. Meaney, Jr.
Cranmore, Fitzgerald & Meaney
49 Wethersfield Ave.
Hartford, CT. 06114

Marissa A. Bellair
Steven Errante
Eric P. Smith
Nancy Fitzpatrick Myers
Lynch, Traub, Keefe, and Errante, LLP

52 Trumbull Street
P.O. Box 1612
New Haven, CT. 06506

Sara Simeonidis
Deborah S. Freeman,
Bringham McCutchen
1 State Street
Hartford, CT 06103

Thomas G. Rohback
James J. Reardon, Jr.
Dewey & LeBoeuf LLP
125 West 55th Street
New York, NY 10019

  /s/ Thomas G. Moukawsher
Thomas G. Moukawsher
Moukawsher & Walsh, LLC
21 Oak Street, Suite 209
Hartford, CT 06106
(860) 278-7000
(860) 548-1740 (fax)