# Exhibit A

SINGLE EMPLOYER
QUALIFIED PLAN VCP SUBMISSION

Plan Sponsor's Name: **Wasley Products, Inc.**

Plan Sponsor's I.D. Number: **06-0664472**

Plan Sponsor's Address: **87 Spring Lane, Plainville, CT 06062**

Plan Name and Number: **Wasley Products, Inc. 401(k) Profit Sharing Plan**

Plan Sponsor's Representative's Name: **Thomas Forese, Jr.**

Plan Sponsor's Representative's Address: **Northeast Retirement Services, Inc.
4A Gill Street
Woburn, MA 01801**

## IDENTIFICATION OF FAILURES

1. **Description of Failures:**

   Wasley Products, Inc. ("Wasley") established the Wasley Products, Inc. 401(k) Profit Sharing Plan ("Plan") effective January 1, 1991 using what appears to be a custom plan document. Wasley has been unable to locate any amendments to this document and is unsure as to whether any such amendments exist. Additionally, Wasley has been unable to locate a determination letter for the original Plan, and has not been able to locate a GUST I or GUST II determination letter. The Plan should have filed for a new determination letter during Cycle B, but no such filing was made. As a result of these issues, it is impossible to determine whether the Plan has been timely amended for required changes, including GUST and EGTRRA, since its adoption in 1991.

   It is important to note that Wasley was under the mistaken impression that the Plan was being updated as necessary by its former third party administrator. This Plan, and the actions of the former third party administrator, have been the subject of litigation that was recently resolved under a settlement agreement (the "Settlement Agreement"). Among other allegations, Wasley claimed that the Plan's third party administrator failed to properly update the Plan and failed to notify Wasley of its obligations concerning the Plan. Enclosed is a summary of the two court cases involving the Plan prepared by Robinson & Cole LLP, who represented Wasley's insurance carrier, a copy of the Settlement Agreement, and the order of final approval issued by the court.

   Wasley makes this application in hopes of obtaining a compliance statement for these plan document failures.

2. **Years in which the failure occurred:**

   It is not clear during which years the plan document failures described above occurred. However, it is possible that the failures occurred as long ago as 1991, and have continued to the present.

3. **Number of Participants Affected**

   There are currently 20 participants entitled to benefits under the Plan. There are 5 active participants in the Plan with new monies being paid into the Plan and there are certain settlement payments required under the Settlement Agreement that have not been allocated.

4. **A description of the administrative procedures in effect at the time the failures occurred.**

HARTI-1463895-2

Wasley hired a third party administrator who it believed was meeting all requirements to keep the Plan in compliance with law and regulation. Wasley delegated the authority to administer the plan and maintain the plan document, among other functions, to such third party administrator.

5. **Explanation of how and why the failures occurred:**

As described above, Wasley believed the Plan's third party administrator was keeping the Plan up-to-date and in compliance with all requirements. The third party administrator never notified Wasley that he would not be responsible for updating the Plan with respect to any such changes. Wasley was unaware of the need to amend the Plan from time to time for required changes and relied on the representations of the third party administrator.

As described in greater depth in the enclosed memo and Settlement Agreement, the third party administrator purported to undertake a number of actions with respect to the Plan that were never actually taken, or were not taken as described.

## DESCRIPTION OF PROPOSED METHOD OF CORRECTION

6. **Proposed method of correction:**

Wasley has taken many steps, including pursuing the litigation described in the enclosed memo and Settlement Agreement, to protect the interests of Plan participants. Wasley is eager to remedy the past failures that have occurred with respect to the Plan.

Wasley proposes to adopt an up-to-date prototype plan document to replace the current deficient document. Upon adoption of that document, Wasley intends to hire an independent fiduciary and pursue the termination of the Plan.

7. **Number of employees affected:**

As reported above, there are presently 20 participants in the Plan.

8. **Expected cost of correction:**

There is no cost associated with these failures as the failures do not require correction through distributions, contributions or other allocations of funds to or within the Plan.

9. **Years involved:**

As previously noted, Wasley is unsure of the years that must be included in this correction. However, Wasley believes it is fair to assume that correction is required from 1991 to the present.

10. **Calculations or assumptions used to correct and methodology:**

As previously noted, no corrective contributions or other financial adjustments are required as a result of the failures that are the subject of this application. Accordingly, no discussion of the calculation methodology for correction or specific calculations is necessary with respect to this application.

11. **Notice to former employees and beneficiaries:**

Given that the failures in question are document failures that will only have an impact on participants if this application is denied and the Plan is disqualified, no notice to former employees or beneficiaries should be required at this time.

## METHODS OF AVOIDING SIMILAR ERRORS IN FUTURE

2

Wasley intends to terminate the Plan once this application is approved and a new prototype plan document is adopted. Wasley will ensure that the prototype document is in compliance with all requirements at the time the Plan is terminated.

## STATEMENT REGARDING STATUS OF EXAMINATION

To the best of Wasley Products, Inc.'s knowledge (1) the subject plan is not currently under examination of either an Employee Plans Form 5500 series return or other Employee Plans examination, (2) the Plan Sponsor is not under an Exempt Organizations examination (that is an examination of a Form 990 series return or other Exempt Organizations examination), (3) neither the Employer nor any of its representatives have received verbal or written notification from the TEGE Division of an impending reexamination or of any impending referral for such examination, nor is the Plan in Appeals or litigation for any issues raised in such examination, and (4) the subject plan is not currently under investigation by the Criminal Investigation Division of the Internal Revenue Service.

There is no determination letter application pending with respect to this Plan.

Neither the Plan nor the Plan Sponsor has been a party to an abusive tax avoidance transaction as defined in Section 4.13(2) of Revenue Procedure 2006-27.

## PENALTY OF PERJURY STATEMENT

Under penalties of perjury, I declare that I have examined this submission, including accompanying documents and, to the best of my knowledge and belief, the facts and information presented in support of this submission are true, correct and complete.

Signed: _[signature]_

Name (printed): Alan A Wasley

Title: President _____, Wasley Products, Inc.

3

SINGLE EMPLOYER
QUALIFIED PLAN VCP SUBMISSION

Plan Sponsor's Name: **Precision Molding Company, Inc.**

Plan Sponsor's I.D. Number: **06-1129605**

Plan Sponsor's Address: **76 Spring Lane, Plainville, CT 06062**

Plan Name and Number: **Precision Molding Company, Inc. 401(k) Profit Sharing Plan**

Plan Sponsor's Representative's Name: **Thomas Forese, Jr.**

Plan Sponsor's Representative's Address: **Northeast Retirement Services, Inc.**
**4A Gill Street**
**Woburn, MA 01801**

## IDENTIFICATION OF FAILURES

1. **Description of Failures:**

    Precision Molding Company, Inc. ("Precision") established the Precision Molding Company, Inc. 401(k) Profit Sharing Plan ("Plan") effective January 1, 1991 using what is believed to be a custom plan document. Precision has been unable to locate this document or any amendments, and is unsure as to whether any such amendments exist. Additionally, Precision has been unable to locate a determination letter for the original Plan, and has not been able to locate a GUST I or GUST II determination letter. As a result of these issues, it is impossible to determine whether the Plan has been timely amended for required changes, including GUST and EGTRRA, since its adoption in 1991.

    It is important to note that Precision was under the mistaken impression that the Plan was being updated as necessary by its former third party administrator. This Plan, and the actions of the former third party administrator, have been the subject of litigation that was recently resolved under a settlement agreement (the "Settlement Agreement"). Among other allegations, Precision claimed that the Plan's third party administrator failed to properly update the Plan and failed to notify Precision of its obligations concerning the Plan. Enclosed is a summary of the two court cases involving the Plan prepared by Robinson & Cole LLP, who represented Precision's insurance carrier, a copy of the Settlement Agreement, and the order of final approval issued by the court.

    Precision makes this application in hopes of obtaining a compliance statement for these plan document failures.

2. **Years in which the failure occurred:**

    It is not clear during which years the plan document failures described above occurred. However, it is possible that the failures occurred as long ago as 1991, and have continued to the present.

3. **Number of Participants Affected**

    There are currently 17 participants entitled to benefits under the Plan. There are 5 active participants in the Plan with new monies being paid into the Plan and there are certain settlement payments required under the Settlement Agreement that have not been allocated.

HART1-1463922-2

4. **A description of the administrative procedures in effect at the time the failures occurred.**

   Precision hired a third party administrator who it believed was meeting all requirements to keep the Plan in compliance with law and regulation. Precision delegated the authority to administer the plan and maintain the plan document, among other functions, to such third party administrator.

5. **Explanation of how and why the failures occurred:**

   As described above, Precision believed the Plan's third party administrator was keeping the Plan up-to-date and in compliance with all requirements. The third party administrator never notified Precision that he would not be responsible for updating the Plan with respect to any such changes. Precision was unaware of the need to amend the Plan from time to time for required changes and relied on the representations of the third party administrator.

   As described in greater depth in the enclosed memo and Settlement Agreement, the third party administrator purported to undertake a number of actions with respect to the Plan that were never actually taken, or were not taken as described.

## DESCRIPTION OF PROPOSED METHOD OF CORRECTION

6. **Proposed method of correction:**

   Precision has taken many steps, including pursuing the litigation described in the enclosed memo and Settlement Agreement, to protect the interests of Plan participants. Precision is eager to remedy the past failures that have occurred with respect to the Plan.

   Precision proposes to adopt an up-to-date prototype plan document to replace the current deficient document. Upon adoption of that document, Precision intends to hire an independent fiduciary and pursue the termination of the Plan.

7. **Number of employees affected:**

   As reported above, there are presently 17 participants in the Plan.

8. **Expected cost of correction:**

   There is no cost associated with these failures as the failures do not require correction through distributions, contributions or other allocations of funds to or within the Plan.

9. **Years involved:**

   As previously noted, Precision is unsure of the years that must be included in this correction. However, Precision believes it is fair to assume that correction is required from 1991 to the present.

10. **Calculations or assumptions used to correct and methodology:**

    As previously noted, no corrective contributions or other financial adjustments are required as a result of the failures that are the subject of this application. Accordingly, no discussion of the calculation methodology for correction or specific calculations is necessary with respect to this application.

11. **Notice to former employees and beneficiaries:**

    Given that the failures in question are document failures that will only have an impact on participants if this application is denied and the Plan is disqualified, no notice to former employees or beneficiaries should be required at this time.

2

## METHODS OF AVOIDING SIMILAR ERRORS IN FUTURE

Precision intends to terminate the Plan once this application is approved and a new prototype plan document is adopted. Precision will ensure that the prototype document is in compliance with all requirements at the time the Plan is terminated.

## STATEMENT REGARDING STATUS OF EXAMINATION

To the best of Precision Molding Company, Inc.'s knowledge (1) the subject plan is not currently under examination of either an Employee Plans Form 5500 series return or other Employee Plans examination, (2) the Plan Sponsor is not under an Exempt Organizations examination (that is an examination of a Form 990 series return or other Exempt Organizations examination), (3) neither the Employer nor any of its representatives have received verbal or written notification from the TEGE Division of an impending reexamination or of any impending referral for such examination, nor is the Plan in Appeals or litigation for any issues raised in such examination, and (4) the subject plan is not currently under investigation by the Criminal Investigation Division of the Internal Revenue Service.

There is no determination letter application pending with respect to this Plan.

Neither the Plan nor the Plan Sponsor has been a party to an abusive tax avoidance transaction as defined in Section 4.13(2) of Revenue Procedure 2006-27.

## PENALTY OF PERJURY STATEMENT

Under penalties of perjury, I declare that I have examined this submission, including accompanying documents and, to the best of my knowledge and belief, the facts and information presented in support of this submission are true, correct and complete.

Signed: _____

Name (printed): Alan A. Wasley

Title: President , Precision Molding Company, Inc.

3