## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WASLEY PRODUCTS, INC., et al., | : | CIVIL ACTION NO. |
| | : | 3:03 CV 00383 (MRK)(LEAD) |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| BARRY L. BULAKITES, et al., | : | |
| | : | |
| Defendants. | : | AUGUST 22, 2008 |
| | : | |
| GREGORY T. PRENTISS, et al., | : | CIVIL ACTION NO. |
| | : | 3:03 CV 00383 (MRK)(LEAD) |
| Plaintiffs, | : | (3:03 CV1790 (MRK)) |
| | : | |
| v. | : | |
| | : | |
| WASLEY PRODUCTS, INC., et al. | : | |
| | : | |
| Defendants. | : | AUGUST 22, 2008 |

## Reply Memo Supporting Immediate Enforcement
## of Settlement Agreement

The Settlement Agreement in this case is a Court order. One of the things the Court ordered was that by February 2, 2008, new trustees were to be appointed for the mismanaged plans that are the subject of this case.  Once the defendants complied with this order, plan trustee Alan Wasley was to be banned as serving as a trustee of any of the company's employee benefit plans.[1]  Today, nearly seven months after new trustees should have been appointed, not only have they not been appointed, not only is Alan Wasley still one of the trustees, but Alan Wasley is the sole trustee of the

---

[1] Settlement Agreement at 4.03.

Plans, and solely on his own judgment he has refused to release any of the settlement proceeds the plan participants have waited for over five years to get.

Wasley says the plans are not qualified and that, in the participants' interest he will not release any money until the IRS agrees the plans are in compliance with the law because it has caught up on plan amendments that should have been adopted to reflect changes in the law. But while the new trustees' appointment was a Court order, there is nothing in any order of the Court or in the Settlement Agreement that calls for IRS approval prior to giving participants access to their money. There is no good reason for this delay.

Wasley says he has consulted with a potential trustee, Northeast Retirement Services, Inc., but he has not interviewed any other potential replacement trustees or hired NRS. In his brief, Wasley also ignores NRS's advice as well as the informal views of the DOL. Participants' Counsel offers to present evidence:

- NRS believes Wasley may safely release the settlement proceeds to those who want to withdraw the money and will accept the caveat that the tax qualified status of the plans has not been determined.

- The Department of Labor believes that the risk of the plan being disqualified is *de minimis* and does not justify Wasley's refusal to distribute the settlement proceeds.

No doubt the consequences of disqualification are severe, but the Plan Participants are willing to assume the slight risk of these serious consequences to gain access to their vital retirement funds. Wasley points to nothing but his own opinion to stop

distribution of the settlement proceeds.  And Plan Participants hardly consider him a credible source for such an important opinion.  Wasley is to be banned from being a trustee of the Plans for good reason.  His incompetent management of the Plan, his choice of crooked third party trustees, and his decision to use money that should have fully funded company pension plans for his own corporate and personal use suggest he should be removed as quickly as possible from his position controlling the Plans. Indeed, that was a vital purpose of the settlement and a particular goal of the DOL.

Alan Wasley is frustrating the ultimate purposes of the settlement and defying the Court's order to speedily appoint a successor.  Wasley may be right that the Court does not have the power to declare any distributions to be qualified distributions, but the Court certainly has the power to do three things required to enforce the settlement:

- Order the Plan Sponsors and Alan Wasley to name a successor within 30 days or face sanctions in the amount of $500 per day payable jointly and severally by the Plan Sponsors and Trustee.

- Order the Plan Sponsors and Trustee to amend the Plans to permit a distribution of the settlement proceeds and to require distribution of the settlement proceeds to those who will accept it with the caveat that the Plans' qualification has not been confirmed within 30 days or face sanctions in the amount of $500 per day payable jointly and severally by the Plan Sponsors and Trustees.

- Order that the Plan Sponsors and Trustees be required to pay the reasonable costs of this motion under ERISA §502(g).

Respectfully submitted,
THE PLAN PARTICIPANTS
Gregory T. Prentiss, John Rizzi, Richard
Seich, Dorothy Brown, Diane Chudzik, and
Howard Y. Achille,


By: /s/ Thomas G. Moukawsher
Thomas G. Moukawsher (ct08940)
Moukawsher & Walsh, LLC
Capitol Place, 21 Oak Street, Ste. 209
Hartford, CT 06106
(860) 278-7000
(860) 548-1740 (fax)

Counsel for Plan Participants

## CERTIFICATE OF SERVICE

I certify that on August 22, 2008 a copy of this motion was filed electronically.

Notice will be sent by e-mail to all parties by the Court's electronic filing system.

Parties may access this through the Court's system.

Theodore J. Tucci
Jean Elizabeth Tomasco,
Robinson & Cole
280 Trumbull Street
Hartford, CT 06103

Joseph V. Meaney, Jr.
Cranmore, Fitzgerald & Meaney
49 Wethersfield Ave.
Hartford, CT. 06114

Marissa A. Bellair
Steven Errante
Eric P. Smith
Nancy Fitzpatrick Myers
Lynch, Traub, Keefe, and Errante, LLP

52 Trumbull Street
P.O. Box 1612
New Haven, CT. 06506

Sara Simeonidis
Deborah S. Freeman,
Bringham McCutchen
1 State Street
Hartford, CT 06103

Thomas G. Rohback
James J. Reardon, Jr.
Dewey & LeBoeuf LLP
125 West 55th Street
New York, NY 10019


 /s/ Thomas G. Moukawsher
Thomas G. Moukawsher
Moukawsher & Walsh, LLC
21 Oak Street, Suite 209
Hartford, CT 06106
(860) 278-7000
(860) 548-1740 (fax)