### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WASLEY PRODUCTS, INC., et al., | : | CIVIL ACTION NO. |
| | : | 3:03 CV 00383 (MRK)(LEAD) |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| BARRY L. BULAKITES, et al., | : | |
| | : | |
| Defendants. | : | AUGUST 28, 2008 |
| | : | |
| GREGORY T. PRENTISS, et al., | : | CIVIL ACTION NO. |
| | : | 3:03 CV 00383 (MRK)(LEAD) |
| Plaintiffs, | : | (3:03 CV1790 (MRK)) |
| | : | |
| v. | : | |
| | : | |
| WASLEY PRODUCTS, INC., et al. | : | |
| | : | |
| Defendants. | : | AUGUST 28, 2008 |

# Motion for Temporary Restraining Order

The Plan Participants move under Fed.R.Civ.P. 65 (b) for a temporary restraining order against the defendant Nationwide restraining Nationwide from transferring any assets of the Plans[1] it possesses or controls to Plan Participants, to the Plan Trustee or to any third party other than for purposes of making routine investment transfers in accordance with the terms of the Plans.

---

[1] The Plans are: The Wasley Products, Inc. 401(k) Profit Sharing Plan (the "Wasley 401(k) Plan"); The Precision Molding Company, Inc. 401(k) Plan (the "Precision 401(k) Plan"); and The Wasley Products, Inc.-U.A.W. Local 376 Retirement Plan (the "WP-UAW Local 376 Plan").

As stated in the accompanying affidavit of Plan Participants' Counsel the order is needed for the following reasons:

- This ERISA lawsuit was filed on October 17, 2003 to recover diverted pension funds.

- On June 13, 2006 undersigned counsel was appointed by the Court Participants' Counsel to protect the interest of plan participants.

- This case was settled and the settlement was finally approved by the Court after a hearing on December 12, 2007.

- Following approval of the settlement and the entry of judgment, the Court retained jurisdiction over this action and the parties under paragraph 17 of its Final Approval Order. [2]

- Under Section 4.02 (a) of the October 5, 2007 Settlement Agreement: "[w]ithin 30 days [2/08/08] after the expiration of the appeal period [1/09/08] applicable to the Court's order of Final Approval [12/10/07], the Plans will submit for the Court's approval the names of new plan trustees for the Wasley 401(k) Plan, the Precision 401(k) Plan, and the WP-UAW Local 376 Plan… Nothing in this Agreement shall preclude the current trustees of the Plans from continuing to serve in that capacity until such time as new trustees are appointed."

- The Plans have not submitted the names of new trustees, claiming that the concerns of the potential trustee that had been identified (Northeast Retirement Services ("NRS")) about the terms of its engagement have prevented them from appointing a trustee.

- Upon appointment of new trustees, trustee Alan Wasley was to be banned as serving as a trustee of any of the company's employee

---

[2] Paragraph 17 provides: "Without in any way affecting the finality of this Order, this Court reserves exclusive and continuing jurisdiction over this action and the claims released here for the purpose of (i) supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement, the Releases, Preliminary Approval Order, and this Order; (ii) enforcing the compliance of any party with the terms of the Settlement Agreement, the Releases, and this Order."

benefit plans.[3]  It was alleged in the litigation that Wasley was responsible for underfunding plan assets, diverting plan assets for corporate use, and failing to monitor his chosen third party trustee, a man who went on to loot the Plans' assets.

- On August 22, 2008, Participants' Counsel learned that two of the three plan trustees had resigned, leaving Alan Wasley sole trustee of the plans and in full financial control of the assets of the Plans which to Counsel's latest knowledge the plan trustees had invested through the defendant Nationwide.

- On August 27, 2008, Participants' Counsel spoke with Tom Ferese an officer of NRS.  Ferese informed Counsel that his company only wanted a stipulation from the parties that they would not be accused of responsibility for past practices of the Plans.

- From this information Participants' Counsel concluded that the delay in appointing a new trustee was unquestionably Alan Wasley's responsibility and not the responsibility of NRS.

- On August 27, 2008, Participants' Counsel spoke with counsel for the Trustees, Theodore Tucci and Counsel for Nationwide, Sara Simeonidis.  Participants Counsel asked both of them to verify if all of the assets of the Plans and especially the settlement proceeds were still in Nationwide's possession or under its control.  As of the time this motion was filed, neither counsel has provided counsel with any facts indicating the status of the assets of the Plans.

- On August 27, 2008, Participants' Counsel spoke to Department of Labor Attorney Marjorie Butler who has been monitoring this case for DOL.  Attorney Butler expressed concern about the circumstances and informed Counsel that it would be reasonable to take steps to further protect the assets of the Plans.

- From this information and from the evidence Counsel has reviewed of Alan Wasley's past mismanagement and malfeasance regarding the Plans, Participants' Counsel concluded that there is a substantial risk that the assets of the Plans, including the settlement proceeds added

---

[3] Settlement Agreement at 4.03.

to the Plans' assets may be in danger of conversion or mismanagement so long as Alan Wasley is sole trustee and can order Nationwide to transfer assets of the Plans.

- On August 27, 2008, Participants' Counsel proposed that the Parties stipulate to a temporary order restraining Nationwide from transferring any assets of the Plans it possesses or controls to Plan Participants, to the Plan Trustee or to any third party other than for purposes of making routine investment transfers in accordance with the plan terms.

- Through its counsel of record in this case, Sara Simeonidis, Nationwide refused to consent to the order citing contractual and liability concerns. Participants' Counsel certifies that Counsel for the Plans and the Trustees both consented to the proposed stipulated order, and that all parties will receive notice of this motion. The representations in this motion, which take the place of the stipulated proposal are solely those of Participants' Counsel and should not be attributed to other parties in the lawsuit.

- Participants' Counsel believes that, with a temporary restraining order in place, the parties could turn immediate attention to satisfying NRS's concerns about being appointed trustee and that this company could be quickly appointed as successor trustee and the temporary order lifted.

- In the meantime, Counsel believes that the Plan Participants will suffer immediate and irreparable harm by the exposure of the assets of the Plans to possible theft or mismanagement such as to warrant the entry of a temporary restraining order preventing the transfer of assets of the Plans without a hearing.

Therefore, Plan Participants' Counsel requests that the Court enter the attached

Proposed Temporary Restraining Order.

Respectfully submitted,
THE PLAN PARTICIPANTS
Gregory T. Prentiss, John Rizzi, Richard
Seich, Dorothy Brown, Diane Chudzik,
Howard Y. Achille, and John M. Wiblyi

By:  /s/ Thomas G. Moukawsher
Thomas G. Moukawsher (ct08940)
Moukawsher & Walsh, LLC
Capitol Place, 21 Oak Street, Ste. 209
Hartford, CT 06106
(860) 278-7000
(860) 548-1740 (fax)

Counsel for Plan Participants

## CERTIFICATE OF SERVICE

I certify that on August 28, 2008 a copy of this motion was filed electronically. Notice will be sent by e-mail to all parties by the Court's electronic filing system. Parties may access this through the Court's system.

Theodore J. Tucci
Jean Elizabeth Tomasco,
Robinson & Cole
280 Trumbull Street
Hartford, CT 06103

Joseph V. Meaney, Jr.
Cranmore, Fitzgerald & Meaney
49 Wethersfield Ave.
Hartford, CT. 06114

Marissa A. Bellair
Steven Errante
Eric P. Smith
Nancy Fitzpatrick Myers
Lynch, Traub, Keefe, and Errante,
LLP

52 Trumbull Street
P.O. Box 1612
New Haven, CT. 06506

Sara Simeonidis
Deborah S. Freeman,
Bringham McCutchen
1 State Street
Hartford, CT 06103

Thomas G. Rohback
James J. Reardon, Jr.
Dewey & LeBoeuf LLP
125 West 55th Street
New York, NY 10019

_____/s/ Thomas G. Moukawsher_____
Thomas G. Moukawsher
Moukawsher & Walsh, LLC
21 Oak Street, Suite 209
Hartford, CT 06106
(860) 278-7000
(860) 548-1740 (fax)